IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| § | | |
| vs. § | | 3:17-cv-02278-B |
| § | | |
| TRANSPORT WORKERS UNION OF § | | JURY DEMANDED |
| AMERICA, LOCAL 556, § | | |
| § | | |
| Defendant. § | | |

## DEFENDANT'S BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS

Defendant TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556 ("TWU 556", "Local 556" or "Defendant") asserts that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), F.R.C.P., as more clearly stated in its Motion to Dismiss and Brief in Support thereof.

### I. INTRODUCTION

Plaintiff has alleged two distinct claims in this matter: (1) the Union retaliated against Plaintiff for exercising her protected rights under the First and Fifth Amendment, and (2) the Union breached their duty of fair representation on behalf of Plaintiff after Southwest Airlines notified Plaintiff of her pending termination.

Plaintiff's first cause of action is fatally flawed because it does not, and cannot, allege that Local 556 took any adverse employment action against her, as required under well established retaliation case law. Simply put, the Union cannot take any adverse employment action against Plaintiff, including the termination of Plaintiff's employment because it is not her employer. Only Plaintiff's employer, Southwest Airlines, has that authority.

Plaintiff's second cause of action fails to meet the pleading requirements, as it asks the

Court to accept as true a "bare-thread legal conclusion" couched as a factual allegation. Specifically, Plaintiff has failed to plead any facts demonstrating how the Union failed to fulfill its duty of fair representation.

## II. LEGAL STANDARD

Rule 12(b)(6) motions seek to foreclose judicial review without reaching the merits of the case. The motion should be granted if the pleadings show that the non-moving party is unable to prevail as a matter of law.[1]

To survive a motion to dismiss, the complaint must contain direct factual allegations on every material point necessary to sustain recovery, or facts from which an inference may be drawn that evidence on these material points will be introduced at trial.[2] This standard requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[3] Factual allegations must be sufficient to "raise a right to relief above the speculative level."[4]

The standards set forth under *Twombly* and *Iqbal* clarify the analysis by requiring facial plausibility, and are clear that the plaintiff is obligated to provide the grounds of entitlement to the relief sought. In *Iqbal*, the Supreme Court clarified that, "a claim has facial plausibility the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] This "plausibility" standard asks, "for when more than a sheer possibility that a defendant has acted unlawfully." Most significantly, *Iqbal* states that courts "are not bound to accept as true a legal conclusion couched as a factual

---

[1] *Clontz v. Life Insurance Co. of North America*, 2009 WL 1491203 *1, (N.D. Tex. May 28, 2009)(Slip Copy); *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973).
[2] *See Campbell v. City of San Antonio,* 43 F.3d 973,975 (5th Cir. 1995).
[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007).
[4] *Id.*
[5] *Id.*

allegation."[6] Only "When there are well pleaded factual allegations" should a court "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[7] As shown below, Plaintiff has failed to meet their burden and her claims should be dismissed.

### III. ARGUMENTS AND AUTHORITY

**A. PLAINTIFF IS NOT AN EMPLOYEE OF THE UNION AND THUS CANNOT ASSERT RETALIATION CLAIMS—RETALIATION CLAIMS REQUIRE AN ADVERSE EMPLOYMENT ACTION BY THE EMPLOYER—SOUTHWEST AIRLINES.**

Plaintiff has failed to name a party necessary for relief, namely, Southwest Airlines, thus her retaliation claims should be dismissed. An essential element of a First Amendment retaliation claim is that an "*employee* must suffer an adverse employment decision … and [] the employee's speech must have motivated the *employer's* adverse action."[8] (emphasis added). Plaintiff is not an employee of the Union. Further, Plaintiff's Complaint, if taken as true, repeatedly asserts that Southwest, not the Union, took steps to terminate her employment:

<u>"Southwest Terminates Carter</u>" (p.12—14)"

"42. … Southwest manager Megan Jones left Carter a voicemail saying they needed to talk to her as soon as possible."

"43. … Southwest Inflight Base Manager Ed Schneider left Carter a voicemail saying that he wanted to set up a mandatory meeting…"

"49. At the March 7 "fact finding" meeting, Southwest questioned Carter…"

"51. One week later, on March 14, 2017, Southwest sent Carter a letter informing her that it was terminating her employment… Southwest's letter also stated that [] she was identifiable as a Southwest Airlines Employee and represented the company in a manner that is disparaging to Southwest Flight Attendants as well as to all Southwest Employees. Southwest characterized Carter's Facebook posts as "highly offensive in nature" and the private messages sent to Local 556 president Audrey Stone as "harassing and inappropriate."

---

[6] *Iqbal* at 1949-50.
[7] *Id*.
[8] Oscar Renda Contracting, Inc. v. City of Lubbock, 463 F.3d 378, 382 (5th Cir. 2006) (citing *Kinney v. Weaver*, 367 F. 3d 337, 356 (5th Cir. 2004)).

"52. Southwest informed Carter that it was terminating her employment …"

"53. Southwest terminated Carter…"

As Plaintiff has failed to name the proper party, and cannot as a matter of law establish a retaliation claim against the Union, Plaintiff's retaliation claim should be dismissed.

B. **PLAINTIFF FAILS TO PLEAD ANY FACTS SUGGESTING THAT LOCAL 556 FAILED TO MEET ITS DUTY OF FAIR REPRESENTATION**

Plaintiff's second cause of action fails to meet the pleading requirements as it improperly asks the court to accept as true a legal conclusion couched as a factual allegation.[9] Plaintiff's specific shortcoming is that she has failed to plead how the Union failed to fulfill its duty of fair representation to her. A breach of a union's duty of fair representation occurs only when the union's conduct toward a member of the collective bargaining unit is "arbitrary, discriminatory, or in bad faith."[10]

Plaintiff asserts that the Union and its agents owe a duty of fair representation to all of those employees that it represents, members and nonmembers alike. Defendant does not dispute this point. Defendant further does not dispute that Union President Stone made complaints to Southwest regarding Plaintiff's harassment and verbal abuse from a co-worker via Facebook. For example, Plaintiff's Complaint acknowledges that on February 14, 2017, Plaintiff sent Stone four harassing private messages including, in her own words, "GRAFIC" material showing images of an aborted fetus. Certainly, Stone's position as Union President does not strip her right as an employee of Southwest to file complaints of bullying and harassment from a co-worker.

Paragraph 45 of Plaintiff's Complaint sets forth that after being summoned by Southwest for a "fact finding" meeting, she was promptly notified of her right to union representation. Plaintiff took advantage of this right—despite her status as a union objector—and was

---

[9] *Iqbal* at 1949-50.
[10] *Vaca v. Sipes*, 386 U.S. 171, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967).

represented by Chris Sullivan at her "fact-finding". Local 556 successfully negotiated with Southwest to reduce its discipline of Plaintiff from termination to a thirty "30" day suspension with a guaranteed return to work. Plaintiff rejected the negotiated terms and was subsequently terminated. Plaintiff's complaint makes no allegation Sullivan's representation was "arbitrary, discriminatory, or in bad faith."

After rejecting the return to work agreement negotiated by the Union, Plaintiff has appealed her termination and is represented by the same counsel that she has chosen to represent her in the case at bar. Significantly, this appeal renders her termination "pending," rather than "final," thus making her claims in this case premature. Because her termination is not "final," Plaintiff has not yet suffered an "adverse employment action" under the law.

## IV. CONCLUSION

Wherefore, for the above and foregoing reasons, under the requirements of *Iqbal* and *Twombly*, Plaintiffs have failed to plead sufficient facts to withstand Defendant's Motion.

      /s/ Edward B. Cloutman, IV_____
Edward B. Cloutman, IV
State Bar No. 24074045
Email: edwardcloutman@gmail.com
Adam S. Greenfield
State Bar No. 24075494
Email: agreenfield@candglegal.com

**LAW OFFICE OF CLOUTMAN
& GREENFIELD, P.L.L.C.**

3301 Elm Street
Dallas, TX 75226-1637
Phone 214.939.9222
Fascimile 214.939.9229

OF COUNSEL:

Edward B. Cloutman, III
State Bar No. 04411000
Email:  ecloutman@lawoffices.email
**Cloutman & Cloutman, L.L.P.**
3301 Elm Street
Dallas, Texas  75226-1637
214.939.9222
214.939.9229 Fascimile

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiff via the U.S. District Court, Northern District's CM/ECF system on September 15, 2017:

        Mr. Jason E. Winford (via e-mail:  jwinford@jenkinswatkins.com)
        Mr. David E. Watkins (via e-mail:  dwatkins@jenkinswatkins.com)
        Jenkins & Watkins, P.C.
        4300 MacArthur Avenue, Suite 165
        Dallas, Texas  75209

        Mr. Matthew B. Gilliam (via e-mail:  mbg@nrtw.org)
        Mr. Jeffrey D. Jennings (via e-mail:  jdj@nrtw.org)
        National Right to Work Legal Defense Foundation, Inc.
        8001 Braddock Road, Suite 600
        Springfield, Virginia  22160

        /s/ Adam S. Greenfield_____
        Edward B. Cloutman, IV
        Adam S. Greenfield