UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>        Defendant. | Civil Case No. 3:17-cv-02278-B<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS** |

Plaintiff Carter ("Carter") hereby files her Response to Defendant Southwest Airlines Co.'s ("Southwest") Motion to Dismiss (ECF Nos. 28-30). The Court should deny Southwest's Motion in its entirety.

The Court should deny Southwest's Motion pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1), because as stated in Carter's Brief in Support of her Response to Southwest's Motion, this Court has subject matter jurisdiction. Carter's well-pleaded Complaint demonstrates that her causes of action arise under the U.S. Constitution and Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("the RLA"), and are thus separate and independent from any claim under the collective bargaining agreement ("the CBA"). Furthermore, this Court has subject matter jurisdiction because Carter's cause of action is predicated on well-pleaded allegations of the Defendants' retaliatory and discriminatory animus for her exercise of protected rights. As such, Carter's claims are not subject to the RLA's arbitration provisions.

The Court should also deny Southwest's Rule 12(b)(6) Motion because Carter's Complaint sets forth well-pleaded allegations demonstrating that (1) her exercise of protected rights was the substantial and motivating factor behind Southwest's decision to terminate her (i.e., "the requisite causal nexus" for her retaliation claims); (2) Local 556 breached its duty of fair representation in causing her termination (2) her messages to Transport Workers Union of America, Local 556 President Audrey Stone did not lose their protection under federal labor law; and (4) Southwest, even as a private employer, is considered a government actor under the RLA.

In summary, Southwest has failed to offer any valid arguments to support its Motion. Southwest's Motion pursuant to Rules 12(b)(1) and 12(b)(6) must be denied in its entirety.

Dated: November 14, 2017                         Respectfully submitted,


                                                    s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680


s/ Matthew B. Gilliam
Mathew B. Gilliam (*pro hac vice filed*)
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings (*pro hac vice filed*)
Virginia Bar No. 87667
*jdj@nrtw.org*

2

                c/o National Right to Work Legal Defense
                Foundation, Inc.
                8001 Braddock Road, Suite 600
                Springfield, Virginia 22160
                Tel: 703-321-8510
                Fax: 703-321-9319

                *Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

On the 14th day of November, 2017, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case files system ("ECF") of the Court, in compliance with this Court's Standing Order Designating Case for Enrollment in the Electronic Case Filing System "CM/ECF." Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(D) on each party who is a registered user of ECF. Local Rule 5.1(d). I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                            s/ Matthew B. Gilliam