UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| TRANSPORT WORKERS UNION OF AMERICA LOCAL 556, *et al*, | ) | 3:17-cv-02278-B |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and 12(b)(6)**

Defendant Southwest Airlines Co. ("Southwest") brings this Motion to Dismiss Plaintiff Charlene Carter's ("Plaintiff" or "Carter") Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds set forth herein and as set forth in detail in Southwest's supporting Brief:

**GROUNDS FOR DISMISSAL**

1. Plaintiff's claims against Southwest (Counts I, II, IV, and V) are subject to dismissal with prejudice based on Plaintiff's failure to state a claim due to the preclusive effect of the arbitrator's findings under the doctrine of issue preclusion.

2. This Court lacks subject matter jurisdiction over Plaintiff's claims against Southwest (Counts I, II, IV, and V) because they constitute post-certification minor disputes under the Railway Labor Act ("RLA").

3. Plaintiff's RLA claims against Southwest (Counts I, II, and IV) fail because Carter has not alleged sufficient facts to state a claim.

---

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**   Page 1

4. Plaintiff's RLA claims against Southwest (Counts I, II, and IV) fail because Carter has not alleged a "protected activity."

5. Plaintiff's claims against Southwest predicated on interference with alleged free speech rights under the RLA (Counts I, II, and IV) fail because the nature of Carter's communications resulted in the loss of those alleged protections.

6. Plaintiff's claims against Southwest predicated on Southwest's alleged violations of the First and Fifth Amendments to the United States Constitution (Count IV) fails because Carter has not adequately alleged that Southwest is a state actor and or that Carter has protected rights under said amendments vis-à-vis Southwest.

7. Plaintiff's Title VII claim against Southwest (Count V) fails because Carter has not alleged sufficient facts to state a cause of action.

8. Plaintiff's Title VII claim against Southwest (Count V) fails because Carter has not alleged facts suggesting that she requested a religious accommodation, that her accommodation was reasonable, and/or that she was discriminated against based on her religion.

Dated: July 9, 2018

Respectfully submitted,

By: */s/ Tom E. Reddin*
Thomas E. Reddin
Texas Bar No. 1660950
treddin@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: 214.397.0030
Facsimile: 214.397.0033

Michele Haydel Gehrke *Admitted Pro Hac Vice*
California State Bar No. 215647
mgehrke@polsinelli.com
Three Embarcadero, Suite 2400
San Francisco, CA 94111

Telephone: 415-248.2100
Facsimile: 415.248.2101

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiff via the U.S. District Court, Northern District's CM/ECF system on July 9, 2018.

By: */s/ Tom E. Reddin*
Tom Reddin