UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>        Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>        Defendant. | Civil Case No. 3:17-cv-02278-S<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT SOUTHWEST AIRLINES CO.'S SECOND MOTION TO DISMISS** |

    Plaintiff Carter ("Carter") hereby files her Response to Defendant Southwest Airlines Co.'s ("Southwest") Second Motion to Dismiss (ECF Nos. 48-50). The Court should deny Southwest's Motion in its entirety for the reasons herein and those set forth in Carter's supporting Brief filed contemporaneously herewith.

    The Court should deny Southwest's Rule 12(b)(1) motion to dismiss because Carter's constitutional and statutory claims are separate and independent from any claim under the collective bargaining agreement ("CBA"), and are predicated on allegations of the Defendants' retaliatory and discriminatory animus for her exercise of protected rights.

    The Court should also deny Southwest's Rule 12(b)(6) motion because (1) Carter states a claim for religious discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"); (2) Carter's speech and association rights under the Railway Labor Act, 45 U.S.C. § 152, Third and Fourth, were violated by Southwest, and her speech did not lose its protection; (3) Carter alleged that her exercise of protected rights was the substantial and motivating factor behind Southwest's decision

1

to terminate her employment (i.e., "the requisite causal nexus" for her retaliation claims); (4) Southwest, even as a private employer, is considered a government actor under the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA"); and (5) the arbitrator's finding that Southwest had "just cause" under the CBA to terminate Carter has no preclusive effect whatsoever to her claims here.

Finally, Carter objects to the Court's considering Southwest's attachment of extra-pleading materials to support its Rule 12(b)(6) motion and issue preclusion defense. *See* ECF No. 50. The Court should ignore the appended documents, treat the motion as a motion to dismiss, and evaluate the allegations in the complaint according to the Rule 12(b)(6) legal standards. If the Court decides to convert the motion to dismiss, Carter asks the Court for reasonable notice of its intent to do so and an opportunity to conduct discovery and present evidence to oppose a summary judgment motion. *See* Fed. Rule Civ. P. 12(d).

In summary, Southwest has failed to offer any valid arguments to support its Motion. The Court should deny Southwest's Motion in its entirety.

Dated: July 30, 2018                  Respectfully submitted,

s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

    On the 30th day of July, 2018, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case files system ("ECF") of the Court, in compliance with this Court's Standing Order Designating Case for Enrollment in the Electronic Case Filing System "CM/ECF." Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(D) on each party who is a registered user of ECF. Local Rule 5.1(d). I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                                             s/ Matthew B. Gilliam