UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>        Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>        Defendant. | Civil Case No. 3:17-cv-02278-S<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT LOCAL 556'S SECOND MOTION TO DISMISS** |

Plaintiff Carter ("Carter") hereby files her Response to Defendant Local 556's ("Local 556") Second Motion to Dismiss (ECF Nos. 51-52). The Court should deny Local 556's Motion in its entirety for the reasons herein and those set forth in Carter's supporting Brief filed contemporaneously herewith.

Local 556 moves to dismiss Carter's claims on two grounds: (1) that Carter cannot assert a retaliation claim against the union because it is not her employer; and (2) that Carter fails to plead facts supporting her allegation that Local 556 breached its duty of fair representation. Union Mot. 2.

Local 556's motion is misguided. Carter sets forth detailed factual allegations showing that Local 556 retaliated against Carter for exercising her protected rights under the U.S. Constitution and the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA"), by initiating and causing Carter's termination from her employment with Southwest Airlines. Carter also sets forth detailed factual allegations sufficient to state a claim that Local 556, by and through its agents (namely, President Audrey Stone), breached its duty

1

of fair representation by invidiously discriminated against Carter by causing her termination. As these are the only grounds upon which Local 556 seeks to dismiss Carter's Complaint, its Motion must be denied.

Local 556 makes the puzzling statement that Carter's religious discrimination claims under Title VII of the Civil Rights Act of 1964, "are not asserted against Local 556." Union Mot. 1. However, Carter's Second Amended Complaint, including the Prayer for Relief and Exhibits B-C, make it perfectly clear that her religious discrimination claims are asserted against Local 556. ECF No. 47, 47-3, and 47-4. Local 556 waived any right to argue these claims in a Rule 12(b)(6) motion to dismiss, having failed to raise them in its instant motion. Finally, Carter objects to Local 556's Motion to Dismiss on the grounds that it was untimely filed.

In summary, Local 556 has failed to offer any valid arguments or legal analysis to support its Motion. The Court should deny Local 556's Motion in its entirety.

Dated: August 1, 2018                           Respectfully submitted,


                                                s/ Jason E. Winford (*with permission*)
                                                David E. Watkins
                                                Texas Bar No. 20922000
                                                *dwatkins@jenkinswatkins.com*
                                                Jason E. Winford
                                                Texas Bar No. 00788693
                                                *jwinford@jenkinswatkins.com*
                                                JENKINS & WATKINS, P.C.
                                                4300 MacArthur Avenue, Suite 165
                                                 Dallas, Texas 75209
                                                Tel: 214-378-6675
                                                Fax: 214-378-6680


                                                s/ Matthew B. Gilliam
                                                Mathew B. Gilliam (*admitted pro hac vice*)
                                                New York Bar No. 5005996

2

*mbg@nrtw.org*
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

    On the 1st day of August, 2018, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case files system ("ECF") of the Court, in compliance with this Court's Standing Order Designating Case for Enrollment in the Electronic Case Filing System "CM/ECF." Delivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(D) on each party who is a registered user of ECF. Local Rule 5.1(d). I hereby certify that I have served all counsel electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                     s/ Matthew B. Gilliam