IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF JOINT MOTION TO STRIKE/FOR A MORE DEFINITE STATEMENT
PURSUANT TO FRCP 12(e) AND 12(f)**

TO THE HONORABLE JUDGE KAREN GREN SCHOLER:

Defendants Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("TWU")[1] file this Joint Motion to Strike/Seek a More Definite Statement pertaining to Plaintiff Charlene Carter's ("Carter") Third Amended Complaint (doc. 70).

**I.   INTRODUCTION/PROCEDURAL BACKGROUND**

On June 25, 2018, Plaintiff filed her Second Amended Complaint (doc. 46). In the Second Amended Complaint, Plaintiff asserts five causes of action: (1) Southwest illegally terminated Plaintiff for engaging in speech protected by the Railway Labor Act ("RLA") in violation of 45 U.S.C. § 152, Third and Fourth; (2) Southwest maintained and enforced overbroad and vague policies that chill and restrict employees in the exercise of protected rights in violation of 45 U.S.C. § 152, Third and Fourth; (3) TWU breached its duty of fair representation; (4) Southwest and TWU retaliated against Plaintiff for exercising her protected rights under the RLA and U.S. Constitution;

---

[1] Southwest and TWU are collectively referred to herein as "Defendants."

and (5) Southwest and TWU violated Title VII by discriminating against her because of her religious beliefs and practices.

On July 9, 2018 and July 11, 2018, Defendants filed their respective Motion to Dismiss (doc. 48 and 52). On February 1, 2019, this Court entered a Memorandum Opinion and Order ("Order") (doc. 69) dismissing Counts (1), (2), and (4 – in part) against Southwest and Counts (3) and (4 – in part) against TWU.

In regard to Southwest, the Court specifically found as follows: (1) "The Court grants Southwest's Rule 12(b)(6) Motion to Dismiss as to Counts I and II, and dismisses with prejudice Plaintiff's RLA claims." (doc. 69 at p. 19); and (2) "the Court … dismisses with prejudice Plaintiff's retaliation claims [Count IV] against Southwest based on the exercise of her rights under the First and Fifth Amendments." (doc. 69 at p. 25).

In regard to TWU, the Court specifically found as follows: (1) "the Court grants the Union's Motion to Dismiss as to Count III and dismisses the claim without prejudice. The Court also *sua sponte* grants Plaintiff leave to amend her pleading concerning the Union's alleged breach of the duty of fair representation." (doc. 69 at p. 31); and (2) "the Court dismisses with prejudice Plaintiff's retaliation claims based on constitutional violations asserted against the Union." (doc. 69 at p. 33-34)

On March 1, 2019, Plaintiff filed her Third Amended Complaint. (doc. 70). Despite the Court's Order dismissing the above causes of action, Plaintiff still includes them in her Third Amended Complaint. Defendants requested that Plaintiff remove the dismissed causes of action from the Third Amended Complaint.  Plaintiff refused to do so, necessitating the instant motion. (*See* Declaration of Michele Haydel Gehrke, Exhs. A-B).

Thus, Defendants hereby move to strike/seek a more definite statement under Federal Rule of Civil Procedure ("FRCP") 12 (e) and (f).

### III.   ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure ("FRCP") 12(e) and (f) allow parties to move for a more definite statement if the complaint is so vague or ambiguous that a defendant cannot reasonably prepare a response. *See* Fed. R. Civ. P. 12(e). Parties may also move to strike portions of the complaint that are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). These motions must be made before filing an answer to clarify the defects in the complaint and the details necessary for the defendants to respond. *Id.*

Plaintiff's Third Amended Complaint fails to remove causes of action that have already been dismissed by this Court with prejudice, making it vague and unclear as to the factual allegations to which Defendants must respond and the scope of future discovery. Additionally, it includes impertinent and immaterial allegations and/or causes of action. Accordingly, Defendants request that the Court strike the entire Third Amended Complaint and require Plaintiff to refile without including dismissed claims and immaterial allegations in accordance with the Court's Memorandum and Opinion Order (doc. 69).

### III.   CONCLUSION AND PRAYER

Defendants respectfully request this court to strike and/or require Plaintiff to file a more definitive statement regarding her claims against Defendants.

Respectfully submitted,

*/s/ Brian K. Morris*
Michele Haydel Gehrke, *Admitted Pro Hac Vice*
California State Bar No. 16660950
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Phone:  415-659-4798
Fax:  415-391-8269
mgehrke@reedsmith.com

Brian K. Morris
Texas Stat Bar No. 24108707
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Phone:  713-469-3815
Fax:  713-469-3899
bmorris@reedsmith.com

**COUNSEL FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

*/s/ Adam S. Greenfield*
Adam S. Greenfield
Texas Bar No. 24075494
**CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas  75226
Phone:  214-939-9222
agreenfield@candglegal.com

**COUNSEL FOR DEFENDANT
TRANSPORT WORKERS UNION
OF AMERICA LOCAL 556**

**CERTIFICATE OF CONFERENCE**

I certify that I, conferred with the parties via phone and email. Plaintiff's Counsel agreed that the above causes of action had been dismissed but sought to include them in their Third Amended Complaint for appeal purposes. Defendants disagreed, expressing that as an improper procedural mechanism for appeal. Defendants file this motion jointly.

/s/ Adam S. Greenfield
Adam S. Greenfield

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel of record via the U.S. District Court, Northern District's CM/ECF system on this the 15th day of March, 2019.

/s/ Brian K. Morris
Brian K. Morris