UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-S<br><br><br>**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE/FOR A MORE DEFINITE STATEMENT** |

  Pursuant to Federal Rules of Civil Procedure, Rules 12(e) and 12(f), and the Local Rules for United States District Court for the Northern District of Texas, Local Rule 7.1, Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby submits her Response to the Joint Motion to Strike/For a More Definite Statement filed by Defendant Southwest Airlines Co. ("Southwest"), and Defendant Transport Workers Union of America, Local 556 ("Local 556") (Dkt. Nos. 72-73).

**CARTER'S OBJECTIONS TO MOTION TO STRIKE/FOR A MORE DEFINITE STATEMENT**

  1. The Defendants' Motion to Strike should be denied because Defendants have failed to show that they are prejudiced in any way by the inclusion of dismissed claims under these circumstances. Such motions are disfavored, and federal courts regularly allow dismissed claims to remain in amended pleadings. Here, it was clear from the Court's Memorandum Opinion and Order (Dkt. No. 69) ("the Court's Order), Carter's Notice Regarding Her Third Amended Complaint (Dkt. No. 71) ("Carter's Notice"), and the parties' communications, which

1

claims were dismissed. It was also uncontroverted which allegations require a response, and which allegations do not. The Court's Order and Carter's Notice had already resolved Defendants' concerns with "confusion". Thus, requiring Carter to re-file an amended complaint would be a purely mechanical exercise in which Carter merely deletes those allegations already identified by her Notice as not requiring a response. Meanwhile, re-filing prejudices Carter by unnecessarily delaying case proceedings, such as by extending Defendants' time to file Answers and/or other motions. Plaintiff's Counsel also complied with the Court's Order, leaving the dismissed claims unchanged in the Third Amended Complaint (Dkt. No. 70) because the Court's Order only granted Plaintiff "leave to amend her pleadings as to Count III". Court's Order at 36.

2. The Motion for More Definite Statement should also be denied because Defendants fail to identify any specific allegations that are vague or ambiguous, and they are unable to show that any such allegations prevent them from preparing a response.

DATED: March 18, 2019            Respectfully submitted,

> s/ Jason E. Winford *(with permission)*
> David E. Watkins
> Texas Bar No. 20922000
> *dwatkins@jenkinswatkins.com*
> Jason E. Winford
> Texas Bar No. 00788693
> *jwinford@jenkinswatkins.com*
> JENKINS & WATKINS, P.C.
> 4300 MacArthur Avenue, Suite 165
> Dallas, Texas 75209
> Tel: 214-378-6675
> Fax: 214-378-6680
>
> s/ Matthew B. Gilliam
> Mathew B. Gilliam *(admitted pro hac vice)*
> New York Bar No. 5005996
> *mbg@nrtw.org*
> Jeffrey D. Jennings *(admitted pro hac vice)*
> Virginia Bar No. 87667
> *jdj@nrtw.org*

             c/o National Right to Work Legal Defense
             Foundation, Inc.
             8001 Braddock Road, Suite 600
             Springfield, Virginia 22160
             Tel: 703-321-8510
             Fax: 703-321-9319

             *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By**: /s/ Matthew B. Gilliam**