UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>               Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>               Defendants. | Civil Case No. 3:17-cv-02278-S<br><br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF HER RESPONSE TO MOTION TO STRIKE/FOR A MORE DEFINITE STATEMENT** |

Pursuant to Federal Rules of Civil Procedure, Rules 12(e) and 12(f), and the Local Rules for United States District Court for the Northern District of Texas, Local Rule 7.1, Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby submits her brief in support of her Response to the Joint Motion to Strike/For a More Definite Statement filed by Defendant Southwest Airlines Co. ("Southwest"), and Defendant Transport Workers Union of America, Local 556 ("Local 556") (Dkt. Nos. 72-73).

**ARGUMENT**

"[B]ecause striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). The Defendants' Motion to Strike here is nothing but dilatory, and should be denied.

When making a motion to strike under Rule 12(f), "[i]t is the movant's burden to show the challenged allegations (1) 'are so unrelated to plaintiff's claims as to be unworthy of any

1

consideration'; and (2) that 'their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Southwest Insulation, Inc. v. General Insulation Co.*, No. 4:15-cv-601-O, 2016 WL 9244825, at *2 (N.D. Tex. June 29, 2016) (quoting *Niblo*, 821 F. Supp. at 449). "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *Southwest Insulation*, 2016 WL 9244825, at *2 (quoting *David v. Signal Int'l, LLC*, No. 08–1220, 2013 WL 2181293, at *2 (E.D. La. May 20, 2013)).

> **I.   The Motion to Strike should be denied because the Third Amended Complaint's inclusion of dismissed claims does not cause "confusion" here and results in no other prejudice to Defendants. Requiring Carter to re-file would, however, prejudice her.**

The Court's Memorandum Opinion and Order (Dkt. No. 69) ("the Court's Order") granted Plaintiff "leave to amend her pleadings as to Count III." Court's Order at 36; *see also id.* at 31 (granting leave "to amend her pleading concerning the Union's alleged breach of the duty of fair representation"). Plaintiff's Counsel followed the Court's instructions by leaving the dismissed claims unchanged as the Order only addressed amending the pleading's duty of fair representation allegations. Contrary to Defendants' assertions, Carter's Third Amended Complaint (Dkt. No. 70) complied with the Court's Order.

It was perfectly clear from the Court's Order, Carter's Notice Regarding Her Third Amended Complaint (Dkt. No. 71) ("Carter's Notice"), and the parties' communications, which claims were dismissed and which allegations required a response. *See e.g., Performance Sales & Marketing LLC v. Lowe's Companies, Inc.*, 2012 WL 4061680 at *5 (W.D. N.C. 2012) (denying a motion to strike noting that the court's prior order dismissing claims "was clear with respect to which claims have been dismissed"). Carter's Notice stated that Defendants need not respond to the following allegations in their Answers to the Third Amended Complaint (Dkt. No. 70): ¶1,

2

¶¶78-85 (Count I), ¶¶86-92 (Count II), or to Part A (1) and (3) in the Prayer for Relief. Further, Carter's Notice provided that Defendants' Answers need not not respond to the allegations in ¶3, ¶5, ¶¶108-118 (Count IV), or Part A (2), (5) in the Prayer for Relief insofar as they plead unconstitutional retaliation based on U.S. Constitutional rights. Carter's Notice also stated that Defendants' Answers should respond to all other allegations in the Third Amended Complaint, and to ¶3, ¶5, ¶¶108-118 (Count IV), and Part A (2), (5) in the Prayer for Relief insofar as those allegations plead Carter's statutory retaliation claims related to the exercise of RLA-protected rights. *See* Carter's Notice ¶¶ 3-4.

Dismissed claims are often allowed to remain in amended pleadings. *See e.g., Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (advising defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense and stating, "extraneous allegations … are extremely ignorable"); *Verfuerth v. Orion Energy Systems, Inc.*, 2015 WL 2372971 at *1-2 (E.D. Wis. 2015) (denying motion to strike dismissed claims from plaintiff's amended complaint "with the understanding that the Defendant need not respond to the material already deemed immaterial by this court"); *Performance Sales & Marketing LLC v. Lowe's Companies, Inc.*, 2012 WL 4061680 at *4-5 (W.D. N.C. 2012) (denying a motion to strike where plaintiff noted which claims were dismissed and which required a response because the court's prior order dismissing claims "was clear with respect to which claims have been dismissed," and where court found "the gains from striking the dismissed claims [would not] merit any additional delay"); *Alexander v. Northeastern Ill. Univ.*, 586 F. Supp. 2d 905, 916 (N.D. Ill. 2008) (stating that motions to strike extraneous matter that is not actually prejudicial to the defense are "what give 'motion practice' a deservedly bad name"); *LabMD, Inc. v. Tiversa Holding Corp.*, 2017 WL 9532618 at *1 (W.D. Pa. 2017) (finding no

3

reason to exercise court discretion to strike immaterial paragraphs despite failure to strike allegations that became superfluous because there was "no possible prejudice"); *Masters v. Wilhelmina Modeling Agency*, 2003 WL 1990262 at *4 (S.D.N.Y. 2003).

In *Southwest Insulation*, the Northern District of Texas denied Defendant's motion to strike, which argued that the Court should strike allegations in an amended complaint that "clearly track the elements for a cause of action of [claims long since dismissed by the court]." The Northern District concluded that Defendant "has not met its burden to show how this information will be prejudicial to its case." There, the Defendants argued that the inclusion of the allegations would have "the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." The Court found "that the prejudice Defendant vaguely alludes to is not enough to overcome the drastic remedy to strike parts of Plaintiffs' pleading." *Southwest Insulation*, 2016 WL 9244825, at *2.

As in *Southwest Insulation*, the Defendants cannot show any prejudicial effect under these circumstances. The Defendants argue that the Third Amended Complaint "is confusing as to the dismissed claims." *See* Declaration of Michele Haydel Gehrke, Dkt. No. 72-1, Ex. A, p4 (Gehrke March 7, 2019 email at 12:33 p.m.). Not so. Prior to their filing the Motion to Strike, it was perfectly clear from the Court's Order and Carter's Notice that Counts I and II, and the unconstitutional retaliation claim in Count IV were dismissed with prejudice. It was also undisputed that Defendants need not respond to those claims. *See e.g.*, Carter's Notice ¶¶ 3-4.

Here, Defendants refuse—in their correspondence and their memorandum—to explain what "unnecessary confusion" might ensue from the Third Amended Complaint's inclusion of dismissed allegations besides "having to respond paragraph by paragraph" when Defendants file their Answer. *See* Declaration of Michele Haydel Gehrke, Dkt. No. 72-1, Ex. A, p5 (Gehrke

March 7, 2019 email at 12:43 p.m.). Plaintiff's draft stipulation would have resolved that concern. As with Carter's Notice, the draft stipulation identified the specific allegations Defendants could exclude from their Answers. *See e.g.*, Carter's Notice ¶¶ 3-4; Declaration of Michele Haydel Gehrke, Dkt. No. 72-1, Ex. B, p7 (Gilliam March 13, 2019 email at 6:44 a.m.).[1] Yet Defendants rejected Plaintiff's draft stipulation, without discussing why it did not adequately address their concerns. *See* Declaration of Michele Haydel Gehrke, Dkt. No. 72-1, Ex. A, p5 (Gehrke March 7, 2019 email at 12:43 p.m.). Instead, Defendants insisted that Carter file a new complaint, but refused to explain why such a burdensome and inefficient measure was necessary. Defendants' only stated reason for demanding that Carter file a Fourth Amended Complaint was "to avoid unnecessary confusion and to comply with the Court's order." Declaration of Michele Haydel Gehrke, Ex. B, Dkt. No. 72-1, p 7. Rather than explaining their specific concerns or suggesting how the stipulation could be changed to resolve their concerns (or why such clarifications would be futile), Defendants ended discussions and asserted they "remain concerned about Carter continuing to include dismissed claims/allegations in the amended complaint," and "they intend to file a Motion to Strike by the deadline." *See* Declaration of Michele Haydel Gehrke, Dkt. No. 72-1, Ex. B, p7 (Gehrke March 13, 2019 email at 4:56 p.m.).

Even if the dismissed claims are "immaterial" or "impertinent," the Defendants completely fail to meet the second requirement of showing how it is prejudicial to them. Indeed, Defendants' Counsel are clearly informed of which allegations require their response. And they have never been willing to give specific information as to which allegations cause "confusion,"

---

[1] Rather than respond to Plaintiff Counsel's offer to draft a stipulation the very same day Defendants raised their objections, Defendants' Counsel waited until the following week to discuss the issue with Plaintiff's Counsel. *See* Declaration of Michele Haydel Gehrke, Dkt. 72-1, Ex. A, p4 (Gilliam March 7, 2019 email at 2:50 p.m.); Ex. B, p7 (Gilliam March 13, 2019 email at 6:44 a.m. referencing prior day's conversation with Michele Gehrke about preparing a draft stipulation and offer to make it clear that Defendants need not respond to dismissed claims).

either in the parties' communications or in the Motion to Strike. Nor have they explained how any confusion can remain given all of Plaintiff's stipulations.

Defendants' broad assertion that the Third Amended Complaint "includes impertinent and immaterial allegations and/or causes of action" is conclusory. *See* Defendants' Memorandum in Support of Joint Motion to Strike, Dkt. No. 73, at 3.[2] To the extent such "impertinent and immaterial allegations" refers to the dismissed claims in ¶¶ 78-85 (Count I), ¶¶ 86-92 (Count II), and ¶¶ 108-118 (Count IV unconstitutional retaliation only), Plaintiff's Counsel already concedes there is no need for Defendants to respond. But, having failed to identify how or why any other particular allegation is impertinent and immaterial, Defendants make it impossible for Carter to respond to their motion to strike.

Defendants do not dispute any other specific allegations besides the dismissed claims. Thus, they have failed to meet their burden to show that any other allegations "are so unrelated to plaintiff's claims as to be unworthy of any consideration" or that "their presence in the pleading throughout the proceeding will be prejudicial." *See Niblo*, 821 F. Supp. at 449. Outside of the allegations identified in the Notice as exclusive to the dismissed claims, Carter's remaining factual allegations are all relevant to the dismissed claims. A motion to strike should not be granted where the remaining allegations are relevant to surviving claims. *See Southwest Insulation*, 2016 WL 9244825, at *2.

**II.     Carter's Third Amended Complaint is not vague or ambiguous under Rule 12(e), and Defendants do not meet their burden of demonstrating how any specific allegation is so vague or ambiguous that they cannot respond.**

Defendants also fail to meet their burden under the Federal Rules of Civil Procedure, Rule 12(e), which allows parties to move for a more definite statement if the complaint is so

---

[2] Hereinafter, Defendants' Memorandum in Support of Joint Motion to Strike, Dkt. No. 73, shall be cited to as "Mem. ___".

6

vague or ambiguous that a defendant cannot reasonably prepare a response. That is because nothing about the Third Amended Complaint is vague or ambiguous in light of Carter's Notice and the Court's Memorandum Opinion and Order, which specifically identify for Defendants the claims that are dismissed and the allegations that require a response.

The Third Amended Complaint's inclusion of dismissed claims does not make it "vague and unclear" as to which factual allegations the Defendants must respond. *See* Mem. 3. Defendants do not and cannot identify any allegation in the Third Amended Complaint that is so vague or ambiguous that they cannot reasonably respond.[3]

In addition to being misguided for all of the reasons stated herein, Defendants' request that the Court "strike the entire Third Amended Complaint" is extremely overbroad. As Carter's Notice makes clear, the only allegations in the Third Amended Complaint implicated by the dismissed claims are ¶1, ¶¶ 78-85 (Count I), ¶¶ 86-92 (Count II), or to Part A (1) and (3) in the Prayer for Relief. Further, Answers filed by Southwest and Local 556 need not respond to the allegations in ¶ 3, ¶ 5, ¶¶ 108-118 (Count IV), or Part A (2), (5) in the Prayer for Relief insofar as they plead unconstitutional retaliation based on U.S. Constitutional rights. All other allegations in the Third Amended Complaint relate to Carter's statutory retaliation claims related to RLA-protected rights, to her Duty of Fair Representation claim, and to her Title VII Religious Discrimination claims.

---

[3] Prior to Defendants' filing a Motion to Strike, Plaintiff's Counsel presented for Defendants' review all of the allegations to which Defendants must respond. Rather than discuss those allegations with Plaintiff's Counsel or suggest other allegations that might be unclear, Defendants stated that they would file a Motion to Strike. Despite Plaintiff Counsel's efforts to discuss with Defendants their concerns about "confusion," they have never indicated which specific allegations are confusing or offered any explanation or reason as to what confusion remains after Plaintiff's stipulations. *See e.g.*, Carter's Notice ¶¶ 3-4.

### III. Requiring Carter to re-file an amended complaint is a purely mechanical exercise causing uneccesary burdens and delays where the Court's Order and Carter's Notice already address all of Defendants' concerns.

Requiring Carter to engage in the purely mechanical exercise of re-filing an amended Complaint is a dilatory demand when Plaintiff's Counsel followed the Court's instructions in its Memorandum Opinion and Order, and when new pleadings would not change anything but deleting the allegations identified in Carter's Notice as not requiring a response. This would only prejudice Carter. This course of action would be unnecessarily burdensome for the Court and the litigants, almost inevitably requiring changes in the case schedule, and, thus, causing unnecessary delay in case proceedings and other confusion, all when a simple stipulation would have resolved all stated concerns. [4]

Nothing "necessitated" Defendants' Motion to Strike. Plaintiff's Counsel made every effort to immediately negotiate a joint stipulation with Defendants, but such discussions were rejected without any clear reason or explanation, or any effort to identify specific concerns. Plaintiff's Counsel readily acknowledged the dismissed claims and that Defendants need not respond to them in their answers. Indeed, Plaintiff Counsel's draft stipulation (and Carter's Notice) specifically identified for Defendants which allegations are dismissed and require no response. By contrast, the parties' communications in Exhibits A and B to the Gehrke Declaration suggested to Plaintiff's Counsel that Defendants were determined to refuse any joint stipulation even though it would have addressed all of their purported concerns.

Given the Defendants' inexplicable refusal to communicate any specific objections or resolve disputes over the stipulation's clarity, Plaintiff's Counsel can only conclude that the

---

[4] Filing a Fourth Amended Complaint in which the dismissed claims are stricken would actually create *more* confusion in the event claims are appealed. It is likely that a court of appeals would be reviewing—and the parties would be citing to—claims scattered throughout a Third Amended Complaint and a Fourth Amended complaint.

Defendants' Motion to Strike and insistence on filing a new complaint are calculated to extend the time to Answer and file dispositive motions. Simply put, these are not proper reasons or justifications for filing a Motion to Strike.

For all of these reasons, and because this Court's Order *had already* effectively removed dismissed claims, Plaintiff's Counsel was not inclined to the Defendants' demand for the more burdensome course of seeking leave from the Court to amend and file a Fourth Amended Complaint, and thereby causing unnecessary delay, when filing a joint stipulation affirming that such claims were dismissed and need not be addressed in Defendants' Answers, would have best served the efficient interests of judicial economy.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Strike should be DENIED in its entirety. Defendants are not prejudiced by the inclusion of dismissed claims. Meanwhile, Carter would be prejudiced by an order requiring her to file a new complaint because it would unnecessarily delay case proceedings. Furthermore, the Defendants' drastic measure of filing this unnecessary and dilatory Motion to Strike should not be the basis for granting them an extension of the time required to file their answers or other responsive motions to Carter's Third Amended Complaint.

DATED: March 18, 2019                    Respectfully submitted,

<div style="margin-left: 3em;">
s/ Jason E. Winford *(with permission)*
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
</div>

Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam *(admitted pro hac vice)*
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings *(admitted pro hac vice)*
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By**: /s/ Matthew B. Gilliam**