IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT
OF JOINT MOTION TO STRIKE/FOR A MORE DEFINITE STATEMENT
PURSUANT TO FRCP 12(e) AND 12(f)**

## I.      INTRODUCTION

Charlene Carter ("Plaintiff" or "Carter") refuses to file a complaint that does not include counts against Southwest Airlines Co. ("Southwest") and Transport Workers Union of America Local 556 ("Local 556")[1] that this Court has dismissed with prejudice.   Carter appears to understand the confusion her Third Amended Complaint ("TAC") caused.   That is why she filed a procedurally-improper "Notice Regarding Her Third Amended Complaint" (dkt. no. 71) ("Notice") purporting to excuse Defendants from responding to certain paragraphs (some in whole, others in part).

Despite recognizing the confusion the TAC causes, Carter refuses the straightforward and standard approach of filing a complaint that only contains live counts.   Carter insists that instead of following the Federal Rules of Civil Procedure (which require a response to each paragraph), Defendants and the Court must parse her Notice and paragraphs in the TAC to determine which portions necessitate a response.   But the Notice, filed pursuant to no articulated procedure and without an accompanying court order, does displace the federal rules.   Defendants cannot rely on Carter's Notice to define which paragraphs of the TAC require a response, nor can the Notice resolve the confusion and prejudice that the TAC will cause as the litigation proceeds.   Thus, the sole function of Carter's preemptive Notice is to improperly subvert standard motion practice by going first (the moving party is the first to file) and going twice (the non-moving party receives a single response).

Procedural irregularity aside, Carter's stated reason for filing a defective complaint – the preservation of issues for appeal – is meritless.   The Fifth Circuit has repeatedly held that a party need not include dismissed claims in an amended complaint to appeal the dismissal order.   *See,*

---

[1] Southwest and Local 556 are collectively referred to herein as "Defendants."

*e.g.*, *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc.*, 787 F.3d 716, 724 (5th Cir. 2015) (If a district court dismisses a "claim on the merits or with prejudice, the plaintiff may appeal that ruling without needing to include the claim in a later amended complaint.").  Moreover, courts have granted motions to strike based on a plaintiff's inclusion of dismissed claims in an amended complaint.  *See, e.g.*, *Guzman v. City of Hialeah*, 2017 WL 9440579, *1 (S.D. Fl. Aug. 18, 2017) (granting motion to strike "because the Court previously dismissed th[e] same count with prejudice").  The Court should do the same here.

Proceeding with the TAC as written creates confusion regarding Defendants' answers and the issues still pending in this lawsuit.  The TAC is prejudicial to Defendants insofar as it becomes an exhibit used with witnesses or shown to a jury.  The TAC will create needless motion practice when Defendants file dispositive motions or prepare for trial (*i.e.* motions in limine).  In contrast, using a complaint that contains multiple dismissed counts and irrelevant factual assertions serves no articulable purpose.  The Court should grant Defendants' motion and require Carter to file a complaint that contains allegations and counts that are appropriately before it.

## II.  ADDITIONAL FACTS[2]

Rather than follow the standard practice of removing dismissed counts from an amended complaint, Carter included them in her TAC.  By doing so, Carter required Defendants to waste time and money clarifying with counsel the scope of live claims, the material allegations, and the matters to which responses are necessary.  In an attempt to avoid confusion and preserve resources, Defendants' counsel requested removal of the dismissed counts from the TAC by amendment, stipulation, or errata.  Carter's counsel refused.  (Gehrke Dec., ¶¶ 3-5, Exhs. A-B).

---

[2] Carter's response to Defendants' motion omits critical facts regarding the parties' pre-filing meet and confer efforts. Thus, Defendants provide important context for the filing of the instant motion.

Instead of removing irrelevant and confusing material from the TAC, Plaintiff's counsel prepared a stipulation that acknowledged the Court's dismissals, and purported to excuse Defendants from responding to certain allegations.  (*See* Reply Declaration of Michele Haydel Gehrke ["Reply Dec."], Exh. A).[3]  However, the stipulation did not excuse Defendants from responding to multiple allegations related to claims this Court dismissed with prejudice.  For example, Carter's draft stipulation required responses to the following:

- "Southwest terminated Carter's employment for speech and activity protected by the … United States Constitution."  (TAC ¶ 1).

- "Defendants retaliated against Carter for her exercise of rights under the First and Fifth Amendment to the United States Constitution[.]"  (TAC ¶ 3).

- "Carter's claims arise under the … First and Fifth Amendments to the U.S. Constitution."  (TAC ¶ 5).

- "In making the communications on Facebook, Carter was attempting to protect her own constitutional … rights."  (TAC ¶ 63).

Additionally, Carter incorporated these immaterial allegations and ***the entirety of the dismissed counts*** into each remaining cause of action.  (*See, e.g.*, TAC ¶ 119 [incorporating the entirety of the dismissed counts and related allegations into count for violation of Title VII]).

The stipulation also required Southwest to address claims for relief that are now immaterial due the Court's dismissal of Count I (termination for RLA-protected speech), Count II (maintenance of overbroad and vague policies), and Count IV (retaliation for RLA-protected rights).  For example:

---

[3] The draft stipulation provided, in relevant part:  "Answers filed by [Defendants] … need not respond to allegations set forth in ¶¶ 78-81 (Count I) and ¶¶ 86-92 (Count II) of the Third Amended Complaint.  Further, Answers filed by [Defendants] need not respond to the allegations set forth in ¶¶ 108-118 (Count IV) of the Third Amended Complaint insofar as they plead unconstitutional retaliation based on rights claimed under the U.S. Constitution.  Those Answers shall only respond to Carter's allegations in ¶¶ 108-118 (Count IV) insofar as they concern Carter's statutory retaliation claims related to the exercise of RLA-protected rights."  (Reply Dec., Exh. A).

- "[A] judgment declaring that Defendant Southwest violated Carter's rights under the … U.S. Constitution by terminating her employment in retaliation for her exercise of protected rights."  (TAC, Prayer for Relief (A)(2)).

- "[A] judgment declaring that Defendant Southwest's maintenance and enforcement of the Workplace Bullying and Hazing Policy, Social Media Policy, and Policy Concerning Harassment, Sexual Harassment, Discrimination, and Retaliation, and the Southwest Airlines Mission Statement, are vague, overbroad, and chill and restrict employees in their exercise of protected rights; and that Southwest's maintenance and enforcement of such overbroad policies, including its termination of Carter's employment pursuant to the relevant policies, violated Carter's rights under the RLA and U.S. Constitution."  (TAC, Prayer for Relief (A)(3)).

- "[A] judgment declaring that Defendant Local 556 violated Carter's rights under the … U.S. Constitution by retaliating against her for her exercise of protected rights."  (TAC, Prayer for Relief (A)(5)).

Due to the confusion that lingered despite Carter's proposed stipulation, Defendants elected to file the instant motion.  On March 20, 2019, Southwest informed Carter's counsel that it intended to move to strike the TAC.  Carter's counsel did not respond, but instead filed a preemptive and procedurally improper Notice.  (*See* Gehrke Dec., ¶¶ 4-5).

## II.    ARGUMENT

### A.    Including Dismissed Counts in the Amended Complaint Was Unnecessary to Preserve Carter's Rights on Appeal

Carter claims that she "left dismissed claims unchanged in order to … preserve … rights on appeal." (Dkt. No. 71, ¶ 5).  Counsel provided no authority supporting the alleged appeal-based need to retain dismissed counts in the TAC.  Appropriately so, the Fifth Circuit has repeatedly held that a plaintiff does "not waive his right to appeal [an] order dismissing his claim … by filing an amended complaint which fail[s] to make reference to that alleged cause of action."  *Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237-38 (5th Cir. 1978).  If a district court dismisses a "claim on the merits or with prejudice, the plaintiff may appeal that ruling without needing to include the claim in a later amended complaint."  *Lincoln Gen. Ins. Co.*, 787 F.3d at 724; *see also*

*Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008) ("[T]he appellant did not waive his Title VII claim by filing an amended complaint that failed to replead the claim already rejected by the district court.").

In fact, the Fifth Circuit has indicated that including dismissed claims in an amended complaint is a waste of resources that can result in sanctions.  In *Lincoln Gen. Ins. Co.*, the court noted that the "reassert[ion] [of] rejected claims in an amended complaint … require[s] the court to take the perfunctory step of issuing another dismissal order" and may "lead to sanctions being imposed on counsel for ignoring the court's earlier ruling."  *Lincoln Gen. Ins. Co.*, 787 F.3d at 724.  The Fifth Circuit stated similar sentiments in *Johnson v. Dowd*, 345 Fed. Appx. 26 (5th Cir. 2009):

> "[T]he court expressly dismissed the plaintiffs' claims against the judicial defendants with prejudice …. [Plaintiff] … ignored the order of the district court and re-filed the plaintiffs' claims against the judicial defendants …. The judicial defendants were forced to incur costs and fees to respond to the amended complaint, after having already been dismissed from the suit.  The court was well within its discretion in awarding sanctions against Arrington under these circumstances."

*Id.* at 30.

Stated simply, Carter has no viable appellate-based reason for reciting dismissed counts in the TAC.

**B.      Carter's Preemptively-Filed "Notice" Does Not Support Her Insistence on Including Dismissed Counts in the Live Pleading**

On March 15, 2019 – the deadline for Defendants to respond to the TAC – Carter unilaterally filed the Notice purporting to excuse Defendants from responding to certain allegations in the TAC.  Carter suggests that this Notice – which was unaccompanied by a proposed order – obviates the need for Defendants' motion.  It does no such thing.

"Federal Rule of Civil Procedure 8(b)(1)(B) requires a party to admit or deny the allegations in a complaint.  Defendant must fairly respond to the substance of each allegation." *Scott v. E.I. DuPont De Nemours & Co.*, 2016 WL 1464565, *2 (M.D. La. Apr. 13, 2016). Defendants are not aware of any authority holding that a unilaterally-filed stipulation excuses a party from compliance with the Federal Rules of Civil Procedure.  Indeed, Plaintiff does not identify any procedural basis for the preemptive and unprovoked filing stating her position on a matter (the propriety of Plaintiff's inclusion of dismissed claims) not yet before the Court.  It appears that Plaintiff filed this procedurally defective "Notice" to preempt a *potential* future motion.  By doing so, Plaintiff sought to – and did – circumvent standard rules of motion practice, which give the moving party (in this case, Defendants) the "first bite at the apple" and the non-moving party a single response.  Plaintiff inverted this process, effectively doubling her filings and seizing the "first mover" advantage.  Carter's procedurally-defective argumentative Notice does not supersede the federal rules, nor does it resolve the issues with the TAC.

Rather than resolving the confusion resulting from Plaintiff's inclusion of dismissed claims in the TAC, the Notice reflects that only an amendment or errata is capable of doing so.  The Notice provides, in relevant part:

> Plaintiff's Counsel also notifies the Court that it stipulates and agrees Answers filed by Southwest and Local 556 need not respond to the following allegations in the Third Amended Complaint: ¶ 1, ¶¶ 78-85 (Count I), ¶¶ 86-92 (Count II), or to Part A (1) and (3) in the Prayer for Relief.  Further, Answers filed by Southwest and Local 556 need not respond to the allegations in ¶ 3, ¶ 5, ¶¶ 108-118 (Count IV), or Part A (2), (5) in the Prayer for Relief insofar as they plead unconstitutional retaliation based on U.S. Constitutional rights.

> Plaintiff's Counsel submits that Southwest's and Local 556's Answers should respond to all other allegations in the Third Amended Complaint, and to ¶ 3, ¶ 5, ¶¶ 108-118 (Count IV), and Part A (2), (5) in the Prayer for Relief insofar as those allegations plead Carter's statutory retaliation claims related to the exercise of RLA-protected rights.

(Dkt. No. 71, ¶¶ 3-4).

Defendants note that Plaintiff never offered a stipulation to this effect to Defendants. Carter did offer Defendants a stipulation two days prior to filing the Notice.  However, unlike the Notice, the stipulation required Defendants to respond to Paragraphs 1, 3, 5, 82, 83, 84, 85, and Part A (2), (5) of the Prayer for Relief.  (*Compare* Reply Dec., Exh. A *with* dkt. no. 71, ¶¶ 3-4).

The following statement in Carter's Notice reflects the complication that the TAC creates: Defendants "need not respond to … ¶ 3, ¶ 5, ¶¶ 108-118 (Count IV), or Part A (2), (5) in the Prayer for Relief ***insofar as they plead unconstitutional retaliation*** based on U.S. Constitutional rights"; but they must respond to … ¶ 3, ¶ 5, ¶¶ 108-118 (Count IV), and Part A (2), (5) in the Prayer for Relief ***insofar as those allegations plead Carter's statutory retaliation claims*** related to the exercise of RLA-protected rights."  (Dkt. No. 71, ¶¶ 3-4 [emphasis added]).  Many of the cited paragraphs are lengthy and contain allegations and legal argument related to dismissed and non-dismissed counts in a single paragraph.

Plaintiff appears to envision that Defendants will interpret these paragraphs to determine whether they relate to her dismissed Constitution-based retaliation claim (in which case, Defendants need not respond) or her remaining RLA-based retaliation claim (in which case, Defendants must respond).  And when a paragraph contains material and immaterial allegations, Carter would like Defendants to identify and respond to only that portion they deem material.

If Plaintiff disagrees with Defendants' determination of which paragraphs (or portions thereof) are material, the parties will be back to square one, attempting to adjudicate the adequacy of Defendants' answers.  It is not Defendants' obligation to determine which allegations necessitate a response and which do not.  Plaintiff should submit a standalone complaint that does

not require Defendants or the Court to interpret the scope of her improperly-filed Notice (*e.g.*, what did Plaintiff mean by "insofar as …") to determine which allegations remain at issue.

This is just the beginning of the confusion and prejudice resulting from Plaintiff's refusal to file a complaint that only includes counts at issue.  Discovery disputes may arise due to uncertainty regarding the material allegations.  A jury that views the complaint may be confused or prejudiced by the inclusion of claims and factual allegations that are not at issue in the trial.  This Court and the Fifth Circuit will have to review and interpret Plaintiff's Notice to determine what allegations remain "live."  Courts have struck previously-dismissed claims from an amended complaint precisely to avoid this kind of confusion.

*Carter v. City of Syracuse Sch. Dist.*, 2013 WL 1122453 (N.D.N.Y. Mar. 18, 2013) is directly on point in this regard.  In *Carter*, the court addressed precisely the same issue before this Court and summarized the proceedings and decision as follows:

> Defendants **move to strike** the amended complaint because ***it contains the causes of action that the Court dismissed with prejudice***. … Defendants argue that these previously-dismissed causes of action are ***immaterial*** to Plaintiff's action as it presently stands. … Defendants further assert that keeping these claims in the amended complaint **will confuse witnesses** as to which claims are at issue and ***lead to discovery disputes*** between the parties.  ***The Court grants Defendants' motion*** to strike the amended complaint because the twelve causes of action that the Court dismissed with prejudice are immaterial to the merits of Plaintiff's instant action as it stands after the Order.  Although Plaintiff denies reviving those causes of action dismissed with prejudice, the Court reaffirms its prior dismissal of those claims with prejudice for the reasons set forth in the Order.

*Id.* at *3 (emphasis added).

Other courts have similarly stricken complaints that include previously-dismissed causes of action.  *See, e.g.*, *Guzman*, 2017 WL 9440579, *1 (granting motion to strike "because the Court previously dismissed th[e] same count with prejudice"); *In re Zynga Privacy Litigation*, 2011 WL 13240366 (N.D. Cal. Nov. 22, 2011) ("[T]he Court explicitly dismissed the causes of action …

'with prejudice.' … Nonetheless, Plaintiffs replead these causes of action … Because these causes of action have been dismissed with prejudice in their entirety … the Court finds good cause to strike these causes of action.").  The cases Plaintiff cites do not compel a different result.

Plaintiff principally relies on this Court's ruling in *Sw. Insulation, Inc. v. Gen. Insulation Co.*, 2016 WL 9244825 (N.D. Tex. June 29, 2016).  However, *Sw. Insulation* is distinguishable in at least two key respects.  First, the complaint did not include previously-dismissed causes of action; it simply contained factual allegations to which the defendant objected.  *See id.* at *1 (plaintiff noting that the sentences at issue do not "plead a cause of action … but are relevant background statements in support of Plaintiff's breach of contract claim.").  Second, the court concluded that the allegations defendant sought to strike were "relevant to Plaintiffs' remaining breach of contract claim."  *Id.* at *1.  In contrast, Carter's TAC includes claims that this Court dismissed with prejudice.  Additionally, as Plaintiff concedes in her Notice, large portions of the TAC are wholly immaterial to any remaining count.  *Sw. Insulation, Inc.* does not support Carter's position.

Moreover, *Alexander v. Northeastern Ill. Univ.*, 586 F. Supp. 2d 905 (N.D. Ill. 2008), which Carter also cites, supports Defendants' argument.  *Alexander* does not contain the quote for which Plaintiff cites it, and the court granted the defendant's motion to strike based on the plaintiff's improper inclusion of "previously dismissed claims against the individual defendants." *Id.*  The remaining cases to which Carter makes reference do not advance her case.  *See LabMD, Inc. v. Tiversa Holding Corp.*, 2017 WL 9532618, *1 (W.D. Pa. May 26, 2017) (striking immaterial allegations is unnecessary "**because** [**defendant**] **has filed an Answer to the**

*Complaint*" and thus "the Court sees no benefit to striking the allegations at this point.") (emphasis added).[4]

## C.     Defendants are Prejudiced By Carter's Insistence on Including Dismissed Claims (and Related Allegations) that are Not Part of the Proceedings

Plaintiff refuses to file a complaint that only includes non-dismissed causes of action because doing so is a "purely mechanical exercise." (Dkt. No. 75). While the physical act of amending the TAC to exclude dismissed counts is "mechanical," the importance of doing so (*i.e.*, eliminating substantial confusion and prejudice) are significant.

Carter suggests without justification that filing a complaint that only contains live claims "would only prejudice Carter." This is false. Filing an appropriate complaint would have obviated the cost and delay she has caused. At most, an amended filing would have resulted in a delay of less than two weeks. Contrary to Carter's assertion, this would not have necessitated adjusting this Court's schedule as discovery, dispositive motion deadlines, and trial are many months away. There is no basis for Carter's assertion that a complaint that only includes live counts is prejudicial to her.

## III.     CONCLUSION

For the reasons set forth in Defendants' motion and above, the Court should strike the TAC and require Carter to file a Fourth Amended Complaint that only contains counts and allegations that this Court did not previously dismiss.

---

[4] Carter suggests that she included dismissed claims in the TAC in order to "follow[] the Court's instructions[.]" (Dkt. No. 75, p. 2). The implication of this argument is that because the Court dismissed her claims with prejudice but did not explicitly direct her to remove them from the TAC Carter could not or should not do so. That is absurd. "Although the Court did not explicitly direct Plaintiff to submit an amended complaint that excluded the claims dismissed with prejudice, such is implicit from the Court's ruling." *Carter*, 2013 WL 1122453, *3 n.3.

Respectfully submitted,

*/s/ Brian K. Morris*
Michele Haydel Gehrke, *Admitted Pro Hac Vice*
California State Bar No. 215647
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Phone:  415-659-4798
Fax:  415-391-8269
mgehrke@reedsmith.com

Brian K. Morris
Texas Stat Bar No. 24108707
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Phone:  713-469-3815
Fax:  713-469-3899
bmorris@reedsmith.com

**COUNSEL FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

*/s/ Adam S. Greenfield*
Adam S. Greenfield
Texas Bar No. 24075494
**CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas  75226
Phone:  214-939-9222
agreenfield@candglegal.com

**COUNSEL FOR DEFENDANT
TRANSPORT WORKERS UNION
OF AMERICA LOCAL 556**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel of record via the U.S. District Court, Northern District's CM/ECF system on this the 29th day of March, 2019.

/s/ Brian K. Morris
Brian K. Morris