IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

## SOUTHWEST AIRLINES CO.'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant Southwest Airlines Co. ("Southwest" or "Defendant") hereby responds and answers Plaintiff Charlene Carter's ("Carter" or "Plaintiff") Fourth Amended Complaint (dkt. no. 80) ("Complaint") against Southwest and Transport Workers Union of America Local 556 ("Local 556" or "Union") as follows[1]:

### INTRODUCTION

1.  Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.  To the extent the allegations in Paragraph 2 of the Complaint relate to Southwest, Southwest denies said allegations. To the extent the allegations in Paragraph 2 relate to Local 556, Southwest lacks sufficient knowledge or information to form a belief as to the truth of said allegations and therefore denies the same.

3.  Southwest denies each allegation in Paragraph 3 of the Complaint.

---

[1] Southwest has not completed its investigation of the facts of this case, engaged in discovery in this matter, or completed its preparation for trial. The responses asserted herein are based solely on knowledge available at this time. Southwest reserves the right to modify, amend, or supplement any response contained herein.

4. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 4 of the Complaint and therefore denies the same.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest avers that the Court lacks subject matter jurisdiction because Plaintiff's claims constitute a minor dispute subject to Railway Labor Act ("RLA") preemption.

6. The allegations in Paragraph 6 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest admits that it conducts business and maintains headquarters in the Northern District of Texas.

7. The allegation in Paragraph 7 that "Carter's Title VII religious discrimination claim[] [is] properly before this Court" is a legal conclusion to which no answer is required. To the extent an answer is required, Southwest avers that the Court lacks subject matter jurisdiction because Plaintiff's claims constitute a minor dispute subject to RLA preemption. Southwest admits that Exhibits A – C to the Complaint reflect Carter's allegations regarding her proceedings before the Equal Employment Opportunity Commission, but Southwest denies any allegations of wrongdoing contained in such exhibits.

## PARTIES

8. The allegations in Paragraph 8 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest admits that Carter was a Southwest Airlines flight attendant.

9. The allegations in Paragraph 9 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest admits the allegations in Paragraph 9.

10. The allegations in Paragraph 10 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest admits that Local 556 was Carter's exclusive bargaining representative during the time relevant to the Complaint.

### FACTUAL ALLEGATIONS

11. Southwest admits the allegations in Paragraph 11 of the Complaint.

12. Southwest admits the allegations in Paragraph 12 of the Complaint.

13. Southwest admits the allegations in Paragraph 13 of the Complaint that Carter was a member of Local 556 and subsequently resigned her membership. The remaining allegations in Paragraph 13 state legal conclusions to which no answer is required.

<u>The labor dispute over the Local 556 Executive Board's legitimacy</u>

14. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Southwest admits that Audrey Stone ("Stone") became the President of Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 18 of the Complaint and therefore denies the same.

### The campaign of opposition against Local 556 and President Stone

19. Southwest admits that Carter published various statements on Facebook regarding Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Southwest admits the allegation in Paragraph 21 of the Complaint that Carter resigned her membership from Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 22 of the Complaint and therefore denies the same.

23. Southwest admits the allegation in Paragraph 23 of the Complaint that Carter published various statements on Facebook regarding Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. Southwest admits the allegation in Paragraph 24 of the Complaint that Carter published various statements on Facebook regarding Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore denies the same.

25. Southwest admits the allegation in Paragraph 25 of the Complaint that Carter published various statements on Facebook regarding Local 556. Southwest lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. Southwest admits the allegation in Paragraph 26 of the Complaint that Carter published various statements on Facebook regarding Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies the same.

27. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 27 of the Complaint and therefore denies the same.

28. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. Southwest admits the allegation in Paragraph 30 of the Complaint that Carter sent Facebook messages to Stone in 2015 criticizing her and Local 556. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint and therefore denies the same.

31. Southwest admits that Stone became the President of Local 556 after an election. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 33 of the Complaint and therefore denies the same.

34. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 34 of the Complaint and therefore denies the same.

35. Southwest admits the allegation in Paragraph 35 of the Complaint that the Union entered into a tentative collective bargaining agreement with Southwest in 2015 and unsuccessfully submitted that agreement for ratification. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 35 of the Complaint and therefore denies the same.

36. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 36 of the Complaint and therefore denies the same.

<u>Local 556 and President Stone participate in the Women's March</u>

37. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 37 of the Complaint and therefore denies the same.

38. Southwest admits that photographs of Local 556 members attending the Women's March were published on social media and elsewhere. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 38 of the Complaint and therefore denies the same.

39. Southwest admits that it was aware that some Local 556 members attended the Women's March. Southwest denies the remaining allegations in Paragraph 39 of the Complaint.

40. Southwest admits that it permitted flight attendants to give up work shifts in accordance with the CBA. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 41 of the Complaint and therefore denies the same.

42. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 42 of the Complaint and therefore denies the same.

43. Southwest admits that Carter published various statements and videos on Facebook regarding Local 556 and the Women's March.  Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 43 of the Complaint.

<u>President Stone asks Southwest to terminate Carter</u>

44. Southwest admits that Carter sent Stone private Facebook messages since 2015 criticizing her and Local 556.  Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint and therefore denies the same.

45. Southwest admits that Carter's Facebook page was open and accessible to the public during at least some portion of the relevant time period.  Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint and therefore denies the same.

46. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 46 of the Complaint and therefore denies the same.

47. Southwest admits that Carter posted the content described in Paragraph 47 on her Facebook page.

48. Southwest admits that Carter sent the Facebook messages descried in Paragraph 48 on or around the times described therein.  Southwest lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint and therefore denies the same.

49. Southwest admits that Carter posted the content described in Paragraph 49 on her Facebook page.

50. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 50 of the Complaint and therefore denies the same.

<u>Southwest terminates Carter</u>

51. Southwest admits that Meggan Jones attempted to contact Carter in or around late February 2017. Southwest denies the remaining allegations in Paragraph 51 of the Complaint.

52. Southwest admits that Ed Schneider attempted to contact Carter in or around late February 2017 to set up a meeting. Southwest denies the remaining allegations in Paragraph 51 of the Complaint.

53. Southwest admits that Schneider sent Carter an email substantially similar to that described in Paragraph 53 of the Complaint.

54. Southwest admits that it received an email from Carter substantially similar to that described in Paragraph 54 of the Complaint.

55. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 55 of the Complaint and therefore denies the same.

56. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 56 of the Complaint and therefore denies the same.

57. Southwest admits that Schneider sent Carter an email substantially similar to that described in Paragraph 57 of the Complaint.

58. Southwest admits the allegations in Paragraph 58 that its employees met with Carter on March 7, 2017 and discussed Carter's Facebook posts and messages to Stone. Southwest denies the remaining allegations in Paragraph 58 of the Complaint.

59. Southwest admits the allegations in Paragraph 59 of the Complaint.

60. Southwest admits the allegations in Paragraph 60 of the Complaint that Carter discussed her Facebook messages and her views on abortion at the fact-finding meeting. Southwest denies the remaining allegations in Paragraph 60 of the Complaint.

61. Southwest admits the allegations in Paragraph 61 of the Complaint that Carter explained to Southwest her purported reasons for sending the videos to Stone at the fact-finding meeting. Southwest denies the remaining allegations in Paragraph 61 of the Complaint.

62. Southwest admits the allegations in Paragraph 62 of the Complaint.

63. Southwest admits the allegations in Paragraph 63 of the Complaint that Carter explained to Southwest her purported reasons for sending the videos to Stone at the fact-finding meeting. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 63 of the Complaint and therefore denies the same.

64. Southwest admits the allegations in Paragraph 64 of the Complaint that Carter discussed an effort to recall the Local 556 board.

65. Southwest admits that Carter explained to Southwest her purported reasons for sending messages to Stone at the fact-finding meeting. Southwest denies the remaining allegations in Paragraph 65 of the Complaint.

66. Southwest denies the allegations in Paragraph 66 of the Complaint.

67. Southwest denies the allegations in Paragraph 67 of the Complaint.

68. Southwest admits that Carter expressed dissatisfaction with Local 556 at the fact-finding meeting but denies the remaining allegations in Paragraph 68 of the Complaint.

69. Southwest admits that management asked Carter why she sent specified Facebook messages to Stone. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 69 of the Complaint and therefore denies the same.

70. Southwest admits that on or about March 14, 2017, it sent Carter a termination letter explaining the reasons for her termination. Southwest denies the remaining allegations in Paragraph 70 of the Complaint.

71. Southwest admits the allegations in Paragraph 71 of the Complaint.

72. Southwest denies the allegations in Paragraph 72 of the Complaint.

73. Southwest admits that it has a progressive discipline policy that gives the Company discretion to terminate employees for various reasons without moving through each step of progressive discipline. Southwest denies the remaining allegations in Paragraph 73 of the Complaint.

### Southwest's treatment of other employees' social media activity

74. Southwest admits that other Southwest flight attendants were disciplined, up to and including termination of employment, for their violations of Company policy due to their social media posts. Southwest denies the remaining allegations in Paragraph 74 of the Complaint.

75. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 75 of the Complaint and therefore denies the same.

76. Southwest denies the allegations in Paragraph 76 of the Complaint.

77. Southwest denies the allegations in Paragraph 77 of the Complaint.

## COUNT III

### (Local 556 breached the duty of fair representation)

78. In response to Paragraph 78, Southwest restates and incorporates by reference its responses to Paragraphs 1-77.

79. The allegations in Paragraph 79 state legal conclusions to which no answer is required and Southwest therefore denies the same.

80. The allegations in Paragraph 80 state legal conclusions to which no answer is required and Southwest therefore denies the same.

81. The allegations in Paragraph 81 state legal conclusions to which no answer is required and Southwest therefore denies the same.

82. The allegations in Paragraph 82 state legal conclusions to which no answer is required and Southwest therefore denies the same.

83. The allegations in Paragraph 83 state legal conclusions to which no answer is required.  Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 83 of the Complaint and therefore denies the same.

84. The allegations in Paragraph 84 state legal conclusions to which no answer is required and Southwest therefore denies the same.

85. The allegations in Paragraph 85 state legal conclusions to which no answer is required.  To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 85 of the Complaint and therefore denies the same.

86. The allegations in Paragraph 85 state legal conclusions to which no answer is required and Southwest therefore denies the same.

87. The allegations in Paragraph 85 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 87 of the Complaint and therefore denies the same.

88. The allegations in Paragraph 88 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 88 of the Complaint and therefore denies the same.

89. The allegations in Paragraph 89 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 89 of the Complaint and therefore denies the same.

90. The allegations in Paragraph 90 state legal conclusions to which no answer is required and Southwest therefore denies the same.

91. The allegations in Paragraph 91 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 91 of the Complaint and therefore denies the same.

92. The allegations in Paragraph 92 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or

information to form a belief as to the truth of Plaintiff's allegations in Paragraph 92 of the Complaint and therefore denies the same.

## COUNT IV

**(Southwest and Local 556 retaliated against Carter for the exercise of her protected rights under the RLA)**

93. In response to Paragraph 93, Southwest restates and incorporates by reference its responses to Paragraphs 1-92.

94. The allegations in Paragraph 94 state legal conclusions to which no answer is required and Southwest therefore denies the same.

95. The allegations in Paragraph 95 state legal conclusions to which no answer is required and Southwest therefore denies the same.

96. The allegations in Paragraph 96 state legal conclusions to which no answer is required and Southwest therefore denies the same.

97. The allegations in Paragraph 97 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 state legal conclusions to which no answer is required and Southwest therefore denies the same.

99. The allegations in Paragraph 99 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 99 of the Complaint and therefore denies the same.

100. The allegations in Paragraph 100 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 100.

101. Southwest denies the allegations in Paragraph 101.

102. The allegations in Paragraph 102 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 102.

## COUNT V

**(Southwest and Local 556 violated Title VII by discriminating against Carter's religious beliefs and practices)**

103. In response to Paragraph 103, Southwest restates and incorporates by reference its responses to Paragraphs 1-102.

104. The allegations in Paragraph 104 state legal conclusions to which no answer is required and Southwest therefore denies the same.

105. The allegations in Paragraph 105 state legal conclusions to which no answer is required and Southwest therefore denies the same.

106. The allegations in Paragraph 106 state legal conclusions to which no answer is required and Southwest therefore denies the same.

107. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 107 of the Complaint and Southwest therefore denies the same.

108. Southwest lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 108 of the Complaint and Southwest therefore denies the same.

109. Southwest admits that Carter posted abortion-related content on Facebook. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109 of the Complaint and Southwest therefore denies the same.

110. Southwest admits that Stone complained to Southwest regarding private Facebook messages she received from Carter. Southwest denies the remaining allegations in Paragraph 110 of the Complaint.

111. Southwest lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and therefore denies the same.

112. Southwest denies the allegations in Paragraph 112 of the Complaint.

113. Southwest denies the allegations in Paragraph 113 of the Complaint.

114. Southwest admits the allegations in Paragraph 114 of the Complaint.

115. Southwest denies the allegations in Paragraph 115 of the Complaint.

116. Southwest denies the allegations in Paragraph 116 of the Complaint.

117. Southwest denies the allegations in Paragraph 117 of the Complaint.

118. The allegations in Paragraph 118 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore denies the same.

119. The allegations in Paragraph 119 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 119.

120. The allegations in Paragraph 120 state legal conclusions to which no answer is required .To the extent an answer is required, Southwest denies the allegations in Paragraph 120.

121. The allegations in Paragraph 121 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 121.

122. The allegations in Paragraph 122 state legal conclusions to which no answer is required. To the extent an answer is required, Southwest denies the allegations in Paragraph 122.

## DEMAND FOR JURY TRIAL

123. Southwest admits that Carters requests a jury trial but denies that Plaintiff is entitled to a jury trial on any issues not triable by a jury.

## COSTS AND ATTORNEYS' FEES

124. Southwest denies that Plaintiff is entitled recover costs and/or attorneys' fees.

## PRAYER FOR RELIEF

Southwest denies that Plaintiff is entitled any relief, including the relief requested herein.

## AFFIRMATIVE DEFENSES

Southwest has not completed its investigation of the facts of this case, engaged discovery in this matter, or completed its preparation for trial. The defenses asserted herein are based solely on knowledge available at this time. Southwest reserves the right to modify, amend, or supplement any defense contained herein. By setting forth these defenses, Southwest does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Without admitting any of the facts alleged in the Complaint, Southwest asserts and alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each purported cause of action alleged therein is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Acts / Omissions)

Plaintiff's claims are barred, in whole or in part, because any alleged legal violation resulted from Plaintiff's own acts or omissions and was not due to any act or omission on the part of Southwest.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred from any recovery by reason of her unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own conduct, acts, or omissions, and therefore, she is estopped from recovering on any claim.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part to the extent Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (RLA Preemption)

Plaintiff's claims are barred, in whole or in part, because they are preempted by the Railway Labor Act.

## NINTH AFFIRMATIVE DEFENSE

### (Preclusion / Res Judicata)

Plaintiff's claims are barred, in whole or in part, by the doctrines of issue and/or claim preclusion based on the findings of a neutral arbitrator.

## TENTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

Plaintiff's claims are barred because the Court lacks subject matter jurisdiction over Plaintiff's claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

Plaintiff's claims fails because she failed to exhaust her administrative remedies.

## ADDITIONAL DEFENSES

Southwest presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses. Southwest reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## SOUTHWEST'S PRAYER FOR RELIEF

Southwest requests that the Court enter a judgment that Plaintiff take nothing by this suit, that it dismiss Plaintiff's claims with prejudice, and that it award Southwest attorneys' fees and costs, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Brian K. Morris*
Michele Haydel Gehrke, *Admitted Pro Hac Vice*
California State Bar No. 215647
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Phone: 415-659-4798
Fax: 415-391-8269
mgehrke@reedsmith.com

Brian K. Morris
Texas State Bar No. 24108707
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Phone: 713-469-3815
Fax: 713-469-3899
bmorris@reedsmith.com

**COUNSEL FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

- 20 -

## CERTIFICATE OF SERVICE

I certify that on April 24, 2019, Southwest Airlines Co.'s Answer to Plaintiff's Fourth Amended Complaint was served by electronic mail to Plaintiff's counsel of record.

                                          */s/ Brian K. Morris*
                                          Brian K. Morris