IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § § | Civil Action No. 03:17-cv-02278-S |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA LOCAL 556, | § § § § § | |
| Defendants. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Comes now, Defendant Transport Workers Union of America, Local 556 ("TWU" or "TWU 556") and files this Answer to Plaintiff's Fourth Amended Complaint and states as follows:

**ANSWER**

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's Fourth Amended Complaint.

2. Defendant denies the allegations contained in paragraph 2 of Plaintiff's Fourth Amended Complaint, with regard to Defendant 556.

3. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Fourth Amended Complaint.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiff's Fourth Amended Complaint.

5. Defendant admits that this court has jurisdiction over action but deny that they engaged in unlawful conduct and/or that Plaintiff is entitled to any of the relief she seeks.

6. Defendant admits that the venue is proper in this District and Division, and that Defendant conducts business and maintains their headquarters in this judicial district, but deny that they engaged in unlawful conduct and/or that Plaintiff is entitled to any of the relief she seeks.

7. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Fourth Amended Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Fourth Amended Complaint.

9. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Fourth Amended Complaint.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Fourth Amended Complaint.

11. Defendant lacks sufficient information to admit or deny the specific dates of the allegations contained in paragraph 11 of Plaintiff's Fourth Amended Complaint, but admits that President Audrey Stone complained to Defendant SWA for Plaintiff's harassment.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's Fourth Amended Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Fourth Amended Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Fourth Amended Complaint, but currently lacks the information to admit or deny Plaintiff's allegations regarding her voting record.

15. Defendant denies as to the "Lauck" group. Defendant admits that Audrey Stone became First Vice President, John Parrott became Financial Secretary-Treasurer, per union bylaws, and that Brett Nevarez became Second Vice President, and Cuyler Thompson became Recording Secretary as set forth in paragraph 15 of Plaintiffs' Second Amended Complaint. Plaintiff admits that Dawn Wann and Jannah Dalak resigned from the board. The remaining allegations set forth in paragraph 15 of Plaintiff's Fourth Amended Complaint are denied.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Fourth Amended Complaint.

17. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Fourth Amended Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Fourth Amended Complaint.

19. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Fourth Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Fourth Amended Complaint.

21. Defendant admits that Carter resigned and objected, but deny the remaining allegations contained in paragraph 21 of Plaintiff's Fourth Amended Complaint.

22. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Fourth Amended Complaint.

23. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Fourth Amended Complaint.

24. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Fourth Amended Complaint.

25. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Fourth Amended Complaint.

26. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's Fourth Amended Complaint.

27. Defendant admits that President campaigned and ran in the Board elections, but denies the remaining allegations contained in paragraph 27 of Plaintiff's Fourth Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Fourth Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Fourth Amended Complaint.

30. Defendant admits that President Carter received Facebook messages from Plaintiff, but lacks sufficient knowledge to admit or deny the remaining allegations contained in paragraph 30 of Plaintiff's Fourth Amended Complaint.

31. Defendant admits that President Stone won an election to a board seat, lack sufficient information to admit or deny as to Plaintiff's or other flight attendants mental states, admit that Jeanna Jackson filed a DOL complaint, but deny the remaining allegations contained in paragraph 31 of Plaintiff's Fourth Amended Complaint.

32. Defendant admits to sending an email regarding Defendant SWA's disciplining social media conduct, but deny the remaining allegations in paragraph 32 of Plaintiff's Fourth Amended Complaint.

33. Defendant admits to sending an April 20 message regarding Defendant SWA's disciplining social media conduct, but deny the remaining allegations in paragraph 33 of Plaintiff's Fourth Amended Complaint.

34. Defendant admits the allegations contained in paragraph 34 of Plaintiff's Fourth Amended Complaint.

35. Defendant admits that a proposed collective bargaining agreement was presented but not ratified by the membership, but denies the remaining allegations contained in paragraph 35 of Plaintiff's Fourth Amended Complaint.

36. Defendant admits to receiving and rejecting a recall petition, but denies the remaining allegations contained in paragraph 36 of Plaintiff's Fourth Amended Complaint.

37. Defendant lacks sufficient information to admit or deny Plaintiff's state of mind, but deny the remaining allegations contained in paragraph 37 of Plaintiff's Fourth Amended Complaint.

38. Defendant admits that some of its members participated in the Women's March in support of women's rights, and that it was included in the newsletter, but denies the remaining allegations contained in paragraph 38 of Plaintiff's Fourth Amended Complaint.

39. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 39 of Plaintiff's Fourth Amended Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Fourth Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Fourth Amended Complaint.

42. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 42 of Plaintiff's Fourth Amended Complaint.

43. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 43 of Plaintiff's Fourth Amended Complaint.

44. Defendant admits that President Carter received numerous Facebook messages from Plaintiff, that she did not respond, block, or ask Plaintiff to stop sending messages, but Defendant denies the remaining allegations contained in paragraph 44 of Plaintiff's Fourth Amended Complaint.

45. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 45 of Plaintiff's Fourth Amended Complaint.

46. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 46 of Plaintiff's Fourth Amended Complaint.

47. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiff's Fourth Amended Complaint.

48. Defendant admits that Plaintiff sent President Carter numerous harassing Facebook messages and did not respond to Plaintiff, but deny the remaining allegations contained in paragraph 48 of Plaintiff's Fourth Amended Complaint.

49. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 49 of Plaintiff's Fourth Amended Complaint.

50. Defendant admits President Stone sent out an email to Local 556 regarding legislation, and that she received a response from Plaintiff, but deny the remaining allegations contained in paragraph 50 of Plaintiff's Fourth Amended Complaint.

51. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 51 of Plaintiff's Fourth Amended Complaint.

52. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 52 of Plaintiff's Fourth Amended Complaint.

53. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 53 of Plaintiff's Fourth Amended Complaint.

54. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 54 of Plaintiff's Fourth Amended Complaint.

55. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 55 of Plaintiff's Fourth Amended Complaint.

56.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 56 of Plaintiff's Fourth Amended Complaint.

57.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 57 of Plaintiff's Fourth Amended Complaint.

58.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 58 of Plaintiff's Fourth Amended Complaint.

59.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 59 of Plaintiff's Fourth Amended Complaint.

60.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 60 of Plaintiff's Fourth Amended Complaint.

61.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 61 of Plaintiff's Fourth Amended Complaint.

62.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 62 of Plaintiff's Fourth Amended Complaint.

63.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 63 of Plaintiff's Fourth Amended Complaint.

64.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 64 of Plaintiff's Fourth Amended Complaint.

65.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 65 of Plaintiff's Fourth Amended Complaint.

66. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 66 of Plaintiff's Fourth Amended Complaint.

67. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 67 of Plaintiff's Fourth Amended Complaint.

68. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 68 of Plaintiff's Fourth Amended Complaint.

69. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 69 of Plaintiff's Fourth Amended Complaint.

70. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 70 regarding Defendant SWA and Plaintiff's conduct, but deny the remaining allegations contained in paragraph 70 of Plaintiff's Fourth Amended Complaint.

71. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 71 of Plaintiff's Fourth Amended Complaint.

72. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 72 of Plaintiff's Fourth Amended Complaint.

73. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 73 of Plaintiff's Fourth Amended Complaint.

74. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 74 of Plaintiff's Fourth Amended Complaint.

75. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 75 of Plaintiff's Fourth Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Fourth Amended Complaint.

77. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 77 of Plaintiff's Fourth Amended Complaint.

78. Regarding the allegations in Paragraph 78 of the Amended Complaint, Defendants incorporate by reference their answers to Paragraphs 1-77, above.

79. Defendant states that the allegations in Paragraph 79 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

80. Defendant states that the allegations in Paragraph 80 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

81. Defendant states that the allegations in Paragraph 81 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

82. Defendant states that the allegations in Paragraph 82 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

83. Defendant denies that they arbitrarily singled out Plaintiff and other nonmember, agency fee objectors, and recall supporters based on the union's animosity towards their beliefs and activities.

84. Defendant states that the allegations in Paragraph 84 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

85. Defendant denies breaching its duty of fair representation to Plaintiff based on her speech and activity opposing the union, her nonmember, agency fee objector status, and her support for the recall effort.

86. Defendant states that the allegations in Paragraph 86 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

87. Defendant denies breaching its duty of fair representation to Plaintiff based on her speech and activity opposing the union, her nonmember, agency fee objector status, and her support for the recall effort.

88. Defendant denies breaching its duty of fair representation to Plaintiff based on the allegations.

89. Defendant denies breaching its duty of fair representation to Plaintiff and the remaining allegations contained in paragraph 89.

90. Defendant states that the allegations in Paragraph 90 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

91. Defendant denies breaching its duty of fair representation to Plaintiff. The remaining allegations in Paragraph 91 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

92. Defendant denies breaching its duty of fair representation to Plaintiff and deny that Plaintiff is entitled to recover any amount in damages or any kind of the relief he seeks in this lawsuit.

93. Regarding the allegations in Paragraph 93 of the Amended Complaint, Defendants incorporate by reference their answers to Paragraphs 1-92, above.

94. Defendant states that the allegations in Paragraph 94 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

95. Defendant states that the allegations in Paragraph 95 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

96. Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA.

98. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA.

99. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA.

100. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA.

101. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA.

102. Defendant denies retaliating against Plaintiff for the exercise of her alleged protected right under the RLA, and deny that Plaintiff is entitled to recover any amount in damages or any kind of the relief he seeks in this lawsuit.

103. Regarding the allegations in Paragraph 103 of the Amended Complaint, Defendant incorporates by reference their answers to Paragraphs 1-102, above.

104. Defendant states that the allegations in Paragraph 104 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

105. Defendant states that the allegations in Paragraph 105 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

106. Defendant states that the allegations in Paragraph 81 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

107. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 107.

108. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 108.

109. Defendant admits that some of its members participated in the Women's March, and that Plaintiff sent numerous messages to President stone, but denies the remaining allegations as set forth in paragraph 109.

110. Defendant denies the allegations contained in paragraph 110.

111. Defendant denies the allegations contained in paragraph 111.

112. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 112.

113. Defendant states that the allegations in Paragraph 113 of the Amended Complaint are legal contentions to which no response is required. To the extent a further response is required, denied.

114. Defendant admits the allegations in Paragraph 114.

115. Defendant denies the allegations contained in paragraph 110.

116. Defendant denies the allegations contained in paragraph 116.

117. Defendant denies the allegations contained in paragraph 117.

118. Defendant denies discriminating or retaliating against Plaintiff based on the allegations.

119. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 119.

120. Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 120.

121. Defendant lacks sufficient information to admit or deny the allegations against Defendant SWA, but deny discriminating or retaliating against Plaintiff based on the allegations contained in paragraph 121.

122. Defendant denies discriminating or retaliating against Plaintiff and deny that Plaintiff is entitled to recover any amount in damages or any kind of the relief she seeks in this lawsuit.

123. Defendant admits that Plaintiff has requested a jury trial.

124. Defendant denies that Plaintiff is entitled to recover any amount in damages or any kind of the relief she seeks in this lawsuit.

125. Defendant denies that Plaintiff is entitled to any of the relief sought in the final unnumbered paragraphs of their Amended Complaint.

## DEFENSES

126. Some or all of Plaintiff's claims are barred in whole or in part for failure to exhaust administrative remedies.

127. To the extent Plaintiff's allegations exceed the reasonable scope and investigation of the underlying Equal Opportunity Commission or Texas Workforce Commission — Civil Rights Division Charge of Discrimination, they are barred.

128. If any improper, illegal, or discriminatory acts were taken by any employee of either Defendant against Plaintiff, it was outside the course and scope of that employee's employment,

contrary to Defendants' policies, and was not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

129. Any improper, illegal, or discriminatory actions by any employee of either Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendants and thus cannot be attributed or imputed to Defendants.

130. Defendant acted with none of the requisite intent to support any of Plaintiff's claims for punitive damages.

131. Plaintiff's claims for damages are subject to a statutory damage cap.

132. Without conceding Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

133. Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions, and/or failure to act, and not of Defendants conduct, actions, or failure to act.

134. Defendant engaged in good faith efforts to comply with civil rights and RLA laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive damages.

135. Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

136. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean

hands, waiver, and/or estoppel.

137. Defendants reserve the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses become known during the course of this litigation.

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendant respectfully request that upon final hearing, the Court enter judgment in favor of Defendant and against Plaintiff on all of her claims, causes of action, and requests for relief, dismissing the same with prejudice; award Defendants their attorneys' fees and costs of Court; and grant all other relief, general or special, at law or in equity, to which Defendants may be justly entitled.


Respectfully submitted,                          Date: April 24, 2019


 */s/ Edward B. Cloutman, III*                    */s/ Adam S. Greenfield*
Edward B. Cloutman, III                          Edward B. Cloutman, IV
State Bar No. 04411000                           State Bar No. 240 740 45
ecloutman@lawoffices.email                       ecloutman@candglegal.com
Law Offices of Ed Cloutman, L.L.C.               Adam S. Greenfield
3301 Elm Street                                  State Bar No. 240 754 94
Dallas, TX  75226-1637                           agreenfield@candglegal.com
Phone 214.939.9222                               Cloutman & Greenfield, PLLC
Facsimile 214.939.9229                           3301 Elm Street
                                                 Dallas, TX  75226-1637
                                                 Phone 214.939.9222
                                                 Facsimile 214.939.9229

                                                 **ATTORNEYS FOR DEFENDANT**
                                                 **TWU LOCAL 556**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiff's via email on April 24, 2019:

      Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*)
      Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*)
      Jenkins & Watkins, P.C.
      2626 Cole Avenue, Suite 200
      Dallas, Texas  75204-0817

      Mr. Jeffrey D. Jenningsappell (via email:  *jdj@nrtw.org*)
      Mr. Matthew B. Gilliam (via email:  mbg@nrtw.org)
      National Right to Work Legal Defense Foundation, Inc.
      8001 Braddock Road, Suite 600
      Springfield, Virginia  22160

      **ATTORNEYS FOR PLAINTIFF**

      Michele Haydel Gehrke, *Admitted Pro Hac Vice*
      California State Bar No. 215647
      **REED SMITH LLP**
      101 Second Street, Suite 1800
      San Francisco, California 94105-3659
      Phone:  415-659-4798
      Fax:  415-391-8269
      mgehrke@reedsmith.com
      Brian K. Morris
      Texas Stat Bar No. 24108707
      **REED SMITH LLP**
      811 Main Street, Suite 1700
      Houston, Texas 77002-6110
      Phone:  713-469-3815
      Fax:  713-469-3899
      bmorris@reedsmith.com

      **COUNSEL FOR DEFENDANT**
      **SOUTHWEST AIRLINES CO.**

       */s/     Adam S. Greenfield*
             Adam S. Greenfield