IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 03:17-cv-02278-X |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| *Defendants.* | § | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties, the Court enters the following Protective Order ("Order").

## Proceedings and Information Governed

1.      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under this Stipulated Protective Order. This Order protects information designated by a party as "Confidential Information" in accordance with the terms of

this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such Confidential Information.

**Definitions**

2.      "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (*e.g.*, emails, computer files, other electronic data, paper files, etc.), that is produced or generated in disclosures or responses to discovery in this matter. The information includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; responses to subpoenas and other discovery requests from parties and non-parties; testimony, transcripts, and tangible things; deposition exhibits; and other writings or things produced, given or filed in this action.

3.      "In-house Counsel" means attorneys who are employees of a party to this action. In-house Counsel does not include Outside Counsel.

4.      "Outside Counsel" means attorneys who are not employees of a party to this action but are or previously were retained to represent or advise a party to this action or are affiliated with a law firm which has represented or advised a party to this action.

5.      "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2

6.     "Producing Party" means a party that produces Discovery Material in this action.

7.     "Receiving Party" means a party that receives Discovery Material from a Producing Party.

8.     "Third-Party Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Designation and Maintenance of Information**

9.     For purposes of this Order, the "Confidential Information" designation means that the document contains trade secrets, sensitive information related to confidential commercial research and development; commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ.   P. 26(c)(7); proprietary software information; information related to employee discipline; employee medical history or information; employee disability status or information; employees' leave of absence history or information; employee personnel files; employee religious beliefs and practices; employee political beliefs and practices; employee compensation; employee grievances (including the settlement or resolution or such grievances); records and notes reflecting or related to deliberations and meetings between Southwest and Local 556 related to grievance adjustment or resolution; records and notes reflecting or related to Southwest's investigations of employee complaints; and information

required by law or agreement to be kept confidential. Confidential Information does not include, and this Order does not apply to: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; information that is already in the knowledge or possession of the Party to whom disclosure is made unless that Party is already bound by agreement not to disclose such information; or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

10.     Documents and things produced during the course of this litigation within the scope of Paragraph 9 may be designated by the Producing Party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

11.     A Party may designate information within the scope of Paragraph 9 disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any Party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other Parties and to the court reporter, whether the transcript is to be designated

as Confidential Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Information, unless the Disclosing Party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Order. It is the responsibility of counsel for each Party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

**Inadvertent Failure to Designate**

12.    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The information must be treated by the Receiving Party as confidential from the time the Receiving Party is notified in writing of the change in the designation.

**Challenge to Designations**

13.     A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have ten (10) business days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the Receiving Party may at any time thereafter seek an order altering the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Order.

**Disclosure and Use of Confidential Information**

14.     Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action.

15.     Subject to paragraph 16 below, Confidential Information may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Order: (a) employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) In-House Counsel for the Receiving Party; (c) Outside Counsel for the Receiving Party; (d) supporting personnel for or employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or

consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, and (g) potential witnesses that a Party may depose or call at trial.

16.     Further, prior to disclosing Confidential Information to a Receiving Party's proposed expert or consultant, the Receiving Party must provide to the Producing Party a signed Confidentiality Agreement in the form attached as Exhibit A.

17.     Counsel is responsible for the adherence by Third-Party Vendors to the terms and conditions of this Order. Counsel may completely fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

18.     Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the Designating Party is the person or is a Party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the Party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Filing Documents With the Court**

19.    If any Party wishes to file any document containing Confidential Information with the court, such document must be filed in a motion to file under seal in accordance with the local rules for the U.S. District Court for the Northern District of Texas, and with the word "Sealed" in the title or caption of the document intended for filing under seal.

20.    Producing or receiving Confidential Information, or otherwise complying with the terms of this Order, will not (a) operate as an admission by any Party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a Party to apply to the presiding judge for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

21.    The Court generally discourages requests for filing motions and exhibits under seal.  The parties may agree between themselves to designate documents "confidential" during discovery.  The typical standard there involves the parties assessing whether they want that material in the public domain.  But filing that material with the Court under seal is a different matter altogether.  Court proceedings are, by and large, public matters (and rightfully so given that tax dollars fund the courts and we have this wonderful protection called the First Amendment).[1]

22.    Here, the parties' agreement takes the form of this protective order. Federal Rule of Civil Procedure 26(c) permits the Court to issue a protective order "for good cause."  To assist the parties in showing good cause here, the Court adds the following requirements that complement the sealing practices of the Fifth Circuit.  A party seeking to file a specific document under seal must move for leave to do so and: (1) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know, and (2) explain that no other viable alternative to sealing exists.[2]

---

[1] *See United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1998))). *See also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (the First Amendment and the common law limit the court's discretion to seal records).

[2] *See Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman*, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017) ("This court disfavors the sealing of briefs or portions of the record where the parties on appeal have not articulated a legal basis for the sealing.").  The Fifth Circuit has "repeatedly required parties to justify keeping materials under seal."  *Id.*; *see, e.g., Claimant ID 100236236 v. BP Exploration & Prod'n, Inc.*, No. 16-30521 (5th Cir. Jan. 31, 2017) (requesting letter briefs *sua sponte* as to whether appeal should remain under seal and entering order unsealing appeal); *United States v. Quintanilla*, No.16-50677 (5th Cir. Nov. 16, 2016) (order authorizing briefs and record excerpts to be filed under seal on condition that the parties filed

9

Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny.[3]

## Conclusion of Litigation

23.    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each Party or other person subject to the terms of this Order is under an obligation to destroy or return to the Producing Party all materials and documents containing Confidential Information, and to certify to the  Producing Party that this destruction or return has been done. However, Outside Counsel for any Party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Order.

## Other Proceedings

24.    By entering this Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who may be subject to a motion to disclose another Party's

---

redacted briefs and record excerpts on the public docket).  Also, the parties should note that a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. *Brown*, 710 F.2d at 1179.

[3] *See United States v. Edwards*, 823 F.2d 111, 119 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings that substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

information designated Confidential pursuant to this Order must promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Miscellaneous**

25.    Nothing in this Order abridges the right of a Party to seek its modification by the court in the future following notice to the Parties.

26.    By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

27.    It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Order in contempt. All other remedies available to any person injured by a violation of this Order are fully reserved.

28.    Any Party may petition the presiding judge for good cause shown if the Party desires relief from a term or condition of this Order.

**The Court added paragraphs 21 and 22 to this order, and changed a reference to "filed under seal" to "filed in a motion to file under seal" in paragraph 19, after it was signed by counsel for the parties.  Because of these changes, the Court has not affixed the parties' signatures to this order. Even so, this order binds the parties in their dealings with each other, regardless of whether any contractual agreement exists between the parties.**

11

**IT IS SO ORDERED**

DATE: <u>November 5, 2019</u>

_____

**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**

**Exhibit A**

## CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT OF ANY PARTY

I hereby affirm that:

1.      Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Order.

3.      I am familiar with the terms of the Order and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of this Court for enforcement of the Order.

5.      I agree not to use any Confidential Information disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Order and of its binding effect on them and me.

6.      I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

Print: _____

Sign: _____

Date: _____

**Exhibit B**

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

1. Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of this Court for enforcement of the Order.

5. I agree not to use any Confidential Information disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Print: _____

Sign: _____

Date: _____