## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>                    Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br><br>                    Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**JOINT MOTION TO EXTEND SCHEDULING ORDER DEADLINES** |

Pursuant to Fed. R. Civ. P. Rules 6(b) and 16(b)(4), Plaintiff Charlene Carter ("Carter"), Defendant Southwest Airlines Co. ("Southwest"), and Defendant Transport Workers Union of America Local 556 ("Local 556") (collectively, "the Parties"), by and through their counsel of record, respectfully request that the Court extend the deadlines in the February 1, 2019 Scheduling Order (Dkt. No. 67). In support of this Motion, the Parties state as follows:

1.     This case was filed on August 25, 2017, and originally assigned to Judge Jane J. Boyle. The case was subsequently transferred to Judge Karen Gren Scholer. After ruling on preliminary motions, Judge Scholer entered a Scheduling Order (Dkt. No. 67) on February 1, 2019, which set various motion and discovery deadlines, as well as a jury trial setting for September 14, 2020. On September 3, 2019, the Court transferred the case from Judge Scholer to Judge Brantley Starr's Docket. (Dkt. No. 83).

2.     The Court's Scheduling Order states: "Unless otherwise indicated, the parties may by written agreement alter the deadlines in this paragraph without the need for court order." (Dkt. No. 67, ¶3). Pursuant to the Scheduling Order, the Parties have already stipulated to extending the

discovery deadline to March 1, 2020. However, the Parties agree that they will need more time beyond March 1, 2020 to complete discovery, which will require the entry of a new Scheduling Order and a new jury trial date on Judge Starr's docket.

3. Under Fed. R. Civ. P. 6, the Court may, for good cause, extend the time to act when an act may or must be done within a specified time. Under Fed. R. Civ. P. 16(b)(4), the Court may, for good cause, modify the schedule. There is good cause to modify the Scheduling Order in this case given the assignment of the case to a new Judge and the ongoing discovery issues discussed below.

4. The Parties have been working since early in the discovery period to resolve a number of different discovery issues that have arisen. On April 26, 2019, Carter served her First Set of Interrogatories and Requests for Production on both Southwest and Local 556. Due to concerns that arose with the discovery of sensitive employee and other information, the Parties had to develop and reach agreement on a protective order. Meanwhile, Southwest and Carter have been working together to resolve complex e-discovery issues, including development of an agreement on search terms and custodians. Resolving concerns with the protective order and other e-discovery issues has taken longer than the Parties anticipated. The Parties have also been continually working to resolve other discovery issues throughout this period, some of which remain unresolved. On September 24, 2019, Southwest served Interrogatories and Requests for Production on Carter.

5. On November 6, 2019, the Court entered the Parties' Stipulated Protective Order, in order to facilitate the exchange of discovery. With the entry of the Protective Order, the Parties anticipate that many more documents responsive to Carter's discovery requests can now be produced. However, the Parties are also still working to reach agreement on e-discovery matters,

search terms, custodians, and other issues. Once the Parties resolve these issues and produce documents, they still anticipate needing more time to schedule and take depositions. The Parties anticipate taking more than ten (10) depositions, and may seek stipulations or Court leave to take additional depositions.

6.      While the Parties agree that an extension of deadlines is necessary and supported by good cause, they disagree about the length of the appropriate extension. Thus, the Parties agreed to provide their separate views regarding the appropriate deadlines for the Court's consideration in establishing a schedule for this action. The respective Parties' views regarding the appropriate trial, motion, and related deadlines, and the basis therefore are as follows:

| Event | Current Deadline | Plaintiff's Proposal | Defendants' Proposal |
|-------|------------------|----------------------|----------------------|
| Deadline for fact and expert discovery | Nov. 29, 2019 | July 29, 2020 | Nov. 30, 2020 |
| Deadline for disclosure of experts | Dec. 30, 2019 | Aug. 31, 2020 | Jan. 4, 2021 |
| Deadline for rebuttal experts and rebuttal opinions | Jan. 31, 2020 | Sept. 30, 2020 | Feb. 4, 2021 |
| Deadline for all motions, including objections to expert testimony | April 1, 2020 | Dec. 1, 2020 | April 5, 2021 |
| Final pretrial conference | Sept. 3, 2020 | April 1, 2021 | Sept. 6, 2021 |
| Trial Setting (jury trial scheduled on the Court's three-week docket) | Sept. 14, 2020 | April 12, 2021 | Sept. 20, 2021 |

**Plaintiff-** Plaintiff's counsel intends to take at least ten depositions, and believes that substantial completion of written discovery and production of electronic documents is necessary in order to conduct depositions effectively and efficiently.

3

However, contrary to Defendants' position discussed below, Plaintiff believes that the parties can (and should) complete discovery in a shorter timeframe than what Defendants propose if all parties cooperate and work diligently to complete the process. Plaintiff and Defendant Southwest have made progress resolving e-discovery issues. With the entry of a protective order, Plaintiff believes there is no reason why the parties cannot complete document production within one to three months. Under Plaintiff's proposal, that would still give the parties from April 2020 through July 2020 to complete fact and expert discovery, and resolve any necessary discovery motions.

Plaintiff's counsel further believes that extending discovery deadlines by a full year unnecessarily delays proceedings, and discourages the parties from working diligently to complete discovery. Seeking to address Defendants' concerns and to explain why seeking a shorter extension is preferable, Plaintiff's counsel indicated to Defendants that *if* Plaintiff's proposal proves to be insufficient then the parties would still have the option of jointly requesting another extension.

If the Court would like to discuss the proposed deadlines or other issues with the parties, then Plaintiff believes that it would be appropriate to schedule a status conference with the Court.

**Defendants** – Plaintiff's counsel indicated that he intends to take *at least* ten depositions. Defendants may also take several depositions, as Plaintiff specifically identified 33 individuals in her initial disclosures.  Scheduling these depositions will be particularly complicated due to the involvement of multiple counsel (*i.e.*, counsel for Plaintiff, Local 556, and Southwest), and Southwest employees who may reside and routinely travel throughout the country.  To ensure depositions can be conducted efficiently and with the benefit of critical facts and documents, the

Parties have awaited the substantial completion of written discovery, including the identification and production of electronic records.

As indicated above, the Parties are still in the midst of discovery and have substantial remaining work on electronic discovery issues.  It is unclear when the Parties will complete this work, and whether any discovery motions will be necessary.  Given the uncertainty in this regard, Defendants believe it will likely not be until the early summer that they will make substantial progress on depositions.  Additionally, the Court has ordered the Parties to participate in mediation, which they intend to do well before the dispositive motion deadline.

Notably, based on counsel for Southwest's discussions with Plaintiff's counsel, it is Defendants' understanding that Plaintiff agrees that the extension she proposes will likely be insufficient, and that the deadlines proposed by Defendants are likely to be more appropriate. However, Plaintiff's counsel indicated that he prefers to obtain the shorter extension he currently proposes, and seek additional time in the future when it becomes necessary to do so.  Defendants believe that the deadlines they propose – the need for which Plaintiff does not dispute – are reasonable and will prevent the Parties from unnecessarily burdening the Court with future stipulations or motions.

If the Court would like to discuss the proposed deadlines or other issues, Defendants believe a status conference would be appropriate.

**WHEREFORE**, the Parties respectfully request that the Court extend the Scheduling Order deadlines.

Date: December 13, 2019                         Respectfully submitted,


By**:** s/ Jason E. Winford (*with permission*)    By: s/ Brian K. Morris (*with permission*)
David E. Watkins                                 Brian K. Morris
Texas Bar No. 20922000                           Texas Bar No. 24108707

dwatkins@jenkinswatkins.com
Jason E. Winford
Texas Bar No. 00788693
jwinford@jenkinswatkins.com
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Ste. 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

By: s/ Matthew B. Gilliam
Matthew B. Gilliam (*pro hac vice*)
New York Bar No. 5005996
mbg@nrtw.org
Jeffrey D. Jennings (*pro hac vice*)
Virginia Bar No. 87667
jdj@nrtw.org
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

***Attorneys for Plaintiff***

bmorris@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Tel: 713-469-3815
Fax: 713-469-3899

By: s/ Michele Haydel Gehrke (*with permission*)
Michele Haydel Gehrke (*pro hac vice*)
California Bar No. 215647
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Tel: 415-543-8700
Fax: 415-391-8269

***Attorneys for Defendant Southwest Airlines Co.***

By: s/ Adam S. Greenfield  (*with permission*)
Edward B. Cloutman, III
Texas Bar No. 04411000
ecloutman@lawoffices.email
Adam S. Greenfield
Texas Bar No. 24075494
agreenfield@candlegal.com
LAW OFFICE OF CLOUTMAN
& GREENFIELD, P.L.L.C.
3301 Elm Street
Dallas, Texas 75226-1637
Tel: 214-939-9222
Fax: 214-939-9229

***Attorneys for Defendant Transport Workers
Union of America, Local 556***

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for all parties regarding the Joint Motion to Extend Scheduling Order Deadlines, and that all Parties agree to the foregoing joint motion.

s/ Matthew B. Gilliam
***Attorney for Plaintiff Charlene Carter***

## CERTIFICATE OF SERVICE

I certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam
***Attorney for Plaintiff Charlene Carter***