UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>        Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**PLAINTIFF CHARLENE CARTER'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556** |

Pursuant to the Rule 37 of the Federal Rules of Civil Procedure, Rules Plaintiff Charlene Carter ("Carter"), by and through her counsel, hereby files this Motion to Compel Defendant Transport Workers Union of America Local 556 ("Local 556"), to comply with the Federal Rules by answering interrogatories and producing documents as requested herein and in her supporting Brief filed contemporaneously with this Motion.

The Court should order Local 556 to produce documents and respond to Carter's discovery requests in accordance with the Federal Rules. Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Specifically, the Court should rule that Local 556 waived the attorney-client, work product, and privacy/confidentiality privilege objections asserted in its responses to Carter's Requests for Production ("RFP") 1-13, 15, 18-22, 24, and Interrogatories Nos. 1-2, for failing to provide a privilege log to support those claims. Accordingly, the Court should order Local 556 to produce

1

documents responsive to Carter's discovery requests for which it failed to assert and support its privilege objections as required by the Federal Rules of Civil Procedure.

The Court should also overrule Local 556's "overbroad," "unduly burdensome," "vague and ambiguous," and "time" objections to RFPs 9-11, 13, 18, 19, 21-23, and Interrogatories 1-3, because these objections are meritless for the reasons Carter sets forth in her Brief. The Court should further rule that Local 556's pattern of responding "subject to and without waiving objections" to RFPs 1-13, 15, 18-20, 23-24, and Interrogatories 1-2, failed to preserve any objections not specifically set forth in its responses. Thus, the Court should also order Local 556 to produce documents withheld under those pretenses.

In addition, Local 556 failed to comply with Fed. R. Civ. P. 33 and 34, which require responding parties to "to point to specific documents, by name or bates number," when producing documents for a request. *See State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-cv-2255-L, 2018 WL 3548866, at *3 (N.D. Tex. July 24, 2018) (citation and internal punctuation omitted); *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016). Thus, the Court should also order Local 556 to supplement its responses, and identify by name or bates number which specific documents produced are responsive to each of Carter's requests.

Further, Local 556 failed to produce documents that it has admitted are in its possession and ready to produce, including those subject to the November 5, 2019 Protective Order (ECF 85), and failed to sign its interrogatory answers under oath as required by Fed. R. Civ. P. 33(b)(3). The Court should order Local 556 to produce these responsive documents and to sign its interrogatory answers under oath.

Finally, for the union's failure to comply with the Federal Rules in each of these respects and forcing Carter to bring this Motion, the Court should order Local 556 to pay Carter's reasonable expenses, including attorneys' fees, in accordance with Fed. R. Civ. P. 37 (a)(5)(A).

The Court should grant Carter's Motion to Compel Discovery from Local 556 as requested herein and in her accompanying Brief.

Dated: May 14, 2020               Respectfully submitted,

        s/ Jason E. Winford (*with permission*)
        David E. Watkins
        Texas Bar No. 20922000
        *dwatkins@jenkinswatkins.com*
        Jason E. Winford
        Texas Bar No. 00788693
        *jwinford@jenkinswatkins.com*
        JENKINS & WATKINS, P.C.
        4300 MacArthur Avenue, Suite 165
        Dallas, Texas 75209
        Tel: 214-378-6675
        Fax: 214-378-6680

        s/ Matthew B. Gilliam
        Mathew B. Gilliam (*admitted pro hac vice*)
        New York Bar No. 5005996
        *mbg@nrtw.org*
        Jeffrey D. Jennings (*admitted pro hac vice*)
        Virginia Bar No. 87667
        *jdj@nrtw.org*
        c/o National Right to Work Legal Defense Foundation, Inc.
        8001 Braddock Road, Suite 600
        Springfield, Virginia 22160
        Tel: 703-321-8510
        Fax: 703-321-9319

        *Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that Plaintiff's counsel, Matthew B. Gilliam, conferred with counsel for Defendant Transport Workers Union of America Local 556, Ed Cloutman on February 28, 2020, and Adam Greenfield on May 14, 2020, and with both attorneys on numerous prior occasions since June 2019. Due to the lack of timely response from counsel for Defendant Local 556, the issues raised herein could not be resolved. On May 14, 2020, Local 5556 counsel Adam Greenfield indicated that the motion to compel would be opposed.

s/ Matthew B. Gilliam

**Certificate of Service**

I hereby certify that on May 14, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam