# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>          Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br><br>          Defendants. | Civil Case No. 3:17-cv-02278-S |

**PLAINTIFF CHARLENE CARTER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter requests that Defendant Transport Workers Union of America, Local 556 ("Local 556") produce for inspection and copying, all documents designated below, within thirty (30) days after the date of service, and serve them on Matthew B. Gilliam, c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, mbg@nrtw.org.

**INSTRUCTIONS**

1.    The documents requested are those in Local 556's (see definition of "**LOCAL 556**" in Paragraph 7 in the Definitions section below) possession, custody, or control, wherever located.

2.    The documents produced are to be segregated and labeled by request number.

1

3.      The documents sought include all drafts of documents required to be produced and documents that are nearly identical to but that differ in a minor, or any, way from other documents required to be produced (*e.g.*, two documents are identical except one contains handwritten notes; both documents must be produced).

4.      All requests made herein shall be construed to include any documents responsive to these requests that are later prepared, created, or discovered.

5.      These document requests are continuing in nature and are to be timely supplemented.

6.      For each document to which any privilege is claimed, the party asserting the privilege shall identify the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed to, the type of document (e.g., letter, memorandum, etc.), the general subject matter of the document, and the nature of the alleged privilege.

## DEFINITIONS

1.      **"ALL," "ANY,"** and **"EACH"** shall be construed as encompassing "any and all" and "and/or."

2.      **"ANY"** means "each and every" as well as "any one."

3.      **"CARTER'S SOCIAL MEDIA ACTIVITY"** means any of Charlene Carter's messages or posts on Facebook, or any of her other communications and activities on social media.

4.      **"CARTER'S TERMINATION," "TERMINATE,"** or **"TERMINATION,"** means the incidents, events, actions, and decisions related to the March 16, 2017 termination of Charlene Carter's employment with **SOUTHWEST**.

2

5.     **"COMMUNICATIONS"** and **"COMMUNICATED"** are defined by way of illustration and not by way of limitation, as any written, oral, or electronic exchange of information, words, statements, expressions, discussions, thoughts, opinions, or ideas, and includes any memorialization of information, words, statements, expressions, discussions, meetings, thoughts, opinions, or ideas of any person, including the person creating the memorialization.

6.     **"DOCUMENT"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronically stored information and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, video tape, magnetic and optical discs, "floppy disks," "PowerPoint" and other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations and telephone calls, resolutions, interoffice memoranda and other inter and intra office communication and correspondence, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, teletype messages, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier and facsimile transmissions and printouts.

App.3

The term **"DOCUMENT"** also includes preliminary drafts, revisions, and copies of any such document if the copy is in any way different from the original, now in your possession, custody, or control or that of your advisors, agents, employees, servants, representatives, counsel, or other persons purported to act on your behalf.

7.      **"LOCAL 556"** means Transport Workers Union of America, Local 556, and any of its officers, stewards, employees, representatives, agents, intermediaries, and other persons acting on its behalf.

8.      **"MARCH 14, 2017 TERMINATION LETTER"** means the letter dated March 14, 2017, that **SOUTHWEST** sent Charlene Carter terminating her employment, and which is Exhibit A to Plaintiff Charlene Carter's Fourth Amended Complaint.

9.      **"RECALL EFFORT"** means any and all employee activities concerning the campaign and petition started by **SOUTHWEST** flight attendants around July 2015 to hold recall elections and remove from office certain **LOCAL 556** executive board officers, including President Audrey Stone.

10.     **"RELATING TO," "RELATING THERETO," "RELATE TO," "RELATED TO," "REFLECT," "REGARDING," "REPRESENT,"** or **"CONCERNING"** mean directly or indirectly constituting, mentioning, discussing, describing, or in any way pertaining to or being connected with a stated subject matter or the existence or nonexistence of a fact, alleged fact, misinformation, supposed information, topic, or subject matter, and require you to provide any and all documents that might possibly be relevant, or that might possibly lead to the discovery of relevant evidence related to the facts, information, knowledge, opinions and bases thereof, or documents that are in any way responsive to the document request in which such terms appear.

11.     **"SOCIAL MEDIA POLICIES"** means **SOUTHWEST**'s Workplace Bullying and Hazing Policy, Social Media Policy, Policy Concerning Harassment, Sexual Harassment, Discrimination, and Retaliation, Mission Statement, and any other company policies and rules related to employees' social media activities.

12.     **"SOUTHWEST"** means Southwest Airlines Co. and any of its current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

13.     **"YOU"** and **"YOUR"** each mean **LOCAL 556**, and includes every one of its officers, staff, stewards, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

14.     Any other words herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

15.     The use of the singular form of any word includes the plural and any plural includes the singular.

## DOCUMENT REQUESTS

1.     Produce in their original, un-redacted format, every **DOCUMENT** that was identified, disclosed, or referenced, by **YOU** in **YOUR** Rule 26(a)(1) of the Federal Rules of Civil Procedure disclosures including any amendments or supplements thereto.

2.     Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

(A) related to **CARTER'S SOCIAL MEDIA ACTIVITY**;

(B) related to Charlene Carter's religious beliefs, views, and practices;

(C) related to Carter's involvement in the **RECALL EFFORT**;

(D) related to Carter's membership or non-membership status, or her agency-fee payer status with **LOCAL 556**;

(E) related to **COMMUNICATIONS** between **SOUTHWEST** and **LOCAL 556** regarding Charlene Carter;

(F) related to **LOCAL 556**'s handling of Carter's grievance against **SOUTHWEST** concerning **CARTER's TERMINATION**;

(G) created, retained, or disseminated by Beth Ross or Becky Parker, concerning Carter, including those concerning their **COMMUNICATIONS** with **LOCAL 556**, and its officers and employees;

(H) related to **LOCAL 556** membership meetings conducted in June and July 2013;

(I) All other **DOCUMENTS** and **COMMUNICATIONS** related to Charlene Carter.

3.      Produce all of Audrey Stone's **DOCUMENTS** and **COMMUNICATIONS** related to **CARTER**'S **SOCIAL MEDIA ACTIVITY**.

4.      Produce all of Audrey Stone's **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, related to abortion, reproductive freedom, and Planned Parenthood, including those related to her financial contributions to Planned Parenthood.

5.      Produce all **DOCUMENTS** and **COMMUNICATIONS** between **SOUTHWEST** and Audrey Stone related to Charlene Carter since January 1, 2012.

6. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to social media messages that Audrey Stone sent and received related to the following **SOUTHWEST** employees/former employees:

   (A) Ricky Spand

   (B) Josh Rosenberg

   (C) Brian Talburt

   (D) Casey Rittner

   (E) Bill Holcomb

   (F) Kent Hand

7. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the **RECALL EFFORT** since January 1, 2012.

8. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to any employee's status as an agency-fee payer or nonmember of **LOCAL 556** since January 1, 2012.

9. Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

   (A) between **LOCAL 556** and **SOUTHWEST** concerning any **SOUTHWEST** employee's social media activities;

   (B) related to any report or complaint to **SOUTHWEST** regarding any **SOUTHWEST** employee's social media activities;

   (C) related to **SOUTHWEST**'s investigations of any employee's social media activities;

   (D) related to the disposition of any such investigation, report, or complaint;

7

(E) All other **DOCUMENTS** and **COMMUNICATIONS** concerning any **SOUTHWEST** employee's social media activities.

10. Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

(A) related to instances where a **SOUTHWEST** employee was terminated or otherwise disciplined in connection with the **SOCIAL MEDIA POLICIES**;

(B) related to **LOCAL 556**'s defense of employee grievances concerning **SOUTHWEST** discipline for violations of the **SOCIAL MEDIA POLICIES**.

(C) related to all instances where any **SOUTHWEST** employee terminated in connection with the **SOCIAL MEDIA POLICIES** was later reinstated;

(D) between **SOUTHWEST** and **LOCAL 556** related to the **SOCIAL MEDIA POLICIES**;

(E) related to the enforcement of the **SOCIAL MEDIA POLICIES**;

(F) All other **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, related to the **SOCIAL MEDIA POLICIES**.

11. Produce all **DOCUMENTS** and **COMMUNICATIONS**:

(A) related to **SOUTHWEST**'s investigation and review of **CARTER'S SOCIAL MEDIA ACTIVITY** in 2017;

(B) related to the March 7, 2017 fact finding meeting conducted by **SOUTHWEST**, including all notes and reports;

(C) related to every meeting or request for meeting regarding **CARTER'S TERMINATION**;

(D) related to **CARTER'S TERMINATION**.

12.     Produce all **DOCUMENTS** related to **YOUR** investigation and review of the claim that Charlene Carter violated the **SOCIAL MEDIA POLICIES**.

13.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **LOCAL 556**'s, or any of its member's or employee's, reports or complaints to **SOUTHWEST** about any **SOUTHWEST** employee's social media activities.

14.     Produce all **DOCUMENTS** related to Charlene Carter not already produced.

15.     Produce **YOUR** complete file related to the following individuals, including all **DOCUMENTS** related to their representation in discipline proceedings that **SOUTHWEST** brought against them for social media activities:

        (A)  Bill Holcomb

        (B)  Jeanna Jackson

        (C)  Kent Hand

        (D)  Holly Imamovic

        (E)  Crystal Reven

        (F)  Casey Rittner

        (G)  Josh Rosenberg

        (H)  Ricky Spand

        (I)  Brian Talburt

16.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **LOCAL 556**'s financial contributions to Planned Parenthood since January 1, 2012.

17.     Produce all **DOCUMENTS** related to **LOCAL 556**'s **COMMUNICATIONS** with Planned Parenthood since January 1, 2012.

18.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the "Women's March on Washington, D.C." that took place in January 2017, including those related to **LOCAL 556**'s and its members' involvement in the "Women's March."

19.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **LOCAL 556**'s financial expenditures or allocations funding **LOCAL 556**'s and its members' involvement in the "Women's March on Washington, D.C." that took place in January 2017.

20.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **LOCAL 556**'s and its members' requests for time off from **SOUTHWEST** or trading any shifts they had scheduled during the time period of January 15, 2017, through January 23, 2017.

21.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to every complaint made by current and former **SOUTHWEST** employees, since January 1, 2012, concerning religious beliefs, views, or practices, including all responses related thereto.

22.     Produce all **DOCUMENTS** and **COMMUNICATIONS** related to every request for religious accommodation made by current and former **SOUTHWEST** employees since January 1, 2012, including all responses related thereto.

23.     Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, related to abortion or reproductive freedom.

24.     Produce every **DOCUMENT** that was reviewed, relied upon, or used to formulate **LOCAL 556**'s answers to Plaintiff's First Set of Interrogatories to Defendant Transport Workers Union of America, Local 556.

25.     Produce all **DOCUMENTS** and **COMMUNICATIONS** supporting each affirmative defense asserted in **YOUR** Answer to Plaintiff's Fourth Amended Complaint or in any amendment or supplement thereto.

Date: April 26, 2019                    Respectfully submitted,

                                        s/ Jason E. Winford *(with permission)*
                                        David E. Watkins
                                        Texas Bar No. 20922000
                                        *dwatkins@jenkinswatkins.com*
                                        Jason E. Winford
                                        Texas Bar No. 00788693
                                        *jwinford@jenkinswatkins.com*
                                        JENKINS & WATKINS, P.C.
                                        4300 MacArthur Avenue, Suite 165
                                        Dallas, Texas 75209
                                        Tel: 214-378-6675
                                        Fax: 214-378-6680

                                        s/ Matthew B. Gilliam
                                        Mathew B. Gilliam *(admitted pro hac vice)*
                                        New York Bar No. 5005996

11

*mbg@nrtw.org*
Jeffrey D. Jennings *(admitted pro hac vice)*
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319


*Counsel for the Plaintiff*

App.12

## CERTIFICATE OF SERVICE

I certify that a true copy of **PLAINTIFF CHARLENE CARTER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556** was served by electronic mail on Defendants' counsel of record on April 26, 2019.


/s/ Matthew B. Gilliam