# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
**Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-S |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter ("Plaintiff") propounds the following interrogatories on Defendant Transport Workers Union of America, Local 556 ("Local 556"). The interrogatories are to be answered by Local 556 or an officer of Local 556, on the basis of the collective knowledge of Local 556, within thirty (30) days after the date of service, and served on Matthew B. Gilliam, c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, mbg@nrtw.org.

**INSTRUCTIONS**

1.  If you do not have full, specific, or certain information in response to an interrogatory or any part of an interrogatory, please provide the fullest, most specific, and most certain information that you have and designate it as such. Where applicable, give your best estimate, approximation, or summary of the requested information and designate it as such.

1

2. These interrogatories request all information possessed by you (see definition of "you" below in Paragraph 14 of the definitions section) whether it is known, unknown, confirmed, unconfirmed, believed, or disbelieved, regardless of your opinion as to the status, believability, or credibility of any of the information. If any answer or any portion of an answer to an interrogatory is not based on your personal knowledge or belief, or on documents or objects in your custody, possession, or control, the interrogatory requests a description of the information source, and included in its description must be the identification of the person or entity constituting the source and a description of any oral or written communications, documents, materials, or tangible objects relied on.

3. These interrogatories are continuing in nature and are to be timely supplemented with any responsive information.

**DEFINITIONS**

1. **"ALL," "ANY,"** and **"EACH"** shall be construed as encompassing "any and all" and "and/or."

2. **"ANY"** means "each and every" as well as "any one."

3. **"CARTER'S SOCIAL MEDIA ACTIVITY"** means any of Charlene Carter's messages or posts on Facebook, or any of her other communications and activities on social media.

4. **"CARTER'S TERMINATION," "TERMINATE,"** or **"TERMINATION,"** means the incidents, events, actions, and decisions related to the March 16, 2017 termination of Charlene Carter's employment with **SOUTHWEST**.

5. **"COMMUNICATIONS"** and **"COMMUNICATED"** are defined by way of illustration and not by way of limitation, as any written, oral, or electronic exchange of

2

information, words, statements, expressions, discussions, thoughts, opinions, or ideas, and include any memorialization of information, words, statements, expressions, discussions, meetings, thoughts, opinions, or ideas of any person, including the person creating the memorialization.

6. **"DOCUMENT"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, paper, electronic, or computerized data compilations, including electronic mail (e-mail).

7. **"IDENTIFY"** when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and shall include, without limitation, his or her: (a) full name; and (b) current or last known home address, telephone number, and email address (identifying if said information is current or last known).

8. **"IDENTIFY"** when referring to a communication means to provide: (a) the date and place of the communication; (b) the identity of each person who was present at, participated in, or has knowledge of the communication; and (c) the nature, subject, substance, and contents of the communication.

9. **"LOCAL 556"** means Transport Workers Union of America, Local 556, and any of its officers, stewards, employees, representatives, agents, intermediaries, and other persons acting on its behalf.

10. **"MARCH 14, 2017 TERMINATION LETTER"** means the letter dated March 14, 2017, that **SOUTHWEST** sent Charlene Carter terminating her employment, and which is Exhibit A to Plaintiff Charlene Carter's Fourth Amended Complaint.

3

11. **"RELATING TO," "RELATE TO," "RELATED TO," "REFLECT," "REGARDING," "REPRESENT,"** or **"CONCERNING"** mean directly or indirectly constituting, mentioning, discussing, describing, or in any way pertaining to or being connected with a stated subject matter or the existence or nonexistence of a fact, alleged fact, misinformation, supposed information, topic, or subject matter, and require you to fully discuss, fully describe, list, and provide any and all facts, information, opinions, bases of such opinions, and documents which might possibly be relevant, or which might possibly lead to the discovery of relevant evidence related to the facts, information, knowledge, opinions, and bases thereof, and documents which are in any way responsive to the specific interrogatory in which such terms appear.

12. **"SOCIAL MEDIA POLICIES"** means **SOUTHWEST**'s Workplace Bullying and Hazing Policy, Social Media Policy, Policy Concerning Harassment, Sexual Harassment, Discrimination, and Retaliation, Mission Statement, and any other company policies and rules related to employees' social media activities.

13. **"SOUTHWEST"** means Southwest Airlines Co. and any of its current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

14. **"YOU"** and **"YOUR"** mean **LOCAL 556** and includes every one of its officers, staff, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

15. Any other words herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

16. The use of the singular form of any word includes the plural and any plural includes the singular.

## INTERROGATORIES

1. **IDENTIFY** all **LOCAL 556 COMMUNICATIONS** regarding **CARTER'S SOCIAL MEDIA ACTIVITY**.

   **ANSWER:**

2. **IDENTIFY** all **LOCAL 556 COMMUNICATIONS** regarding **CARTER'S TERMINATION**.

   **ANSWER:**

3. **IDENTIFY** every **SOUTHWEST** employee whose social media activities were reported by **LOCAL 556** from January 1, 2012, through the present.

   **ANSWER:**

4. State the facts supporting each affirmative defense asserted in **YOUR** Answer to Plaintiff's Fourth Amended Complaint or in any amendment or supplement thereto.

**ANSWER:**

Date: April 26, 2019

Respectfully submitted,

s/ Jason E. Winford *(with permission)*
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam *(admitted pro hac vice)*
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings *(admitted pro hac vice)*
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true copy of **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556** was served by email, on Defendants' counsel of record on April 26, 2019.

/s/ Matthew B. Gilliam