# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Local 556s. | § | |

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

TO:   Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*), Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200, Dallas, Texas 75204-0817; AND Mr. Jeffrey D. Jenningsappell (via email: *jdj@nrtw.org*), Mr. Matthew B. Gilliam (via email: *mbg@nrtw.org*) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia 22160.

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Local 556 Transport Workers Union of America Local 556 ("Local 556") submits the following objections and responses to Plaintiff Charlene Carter's First Requests for Production to Local 556 Local 556 as follows:

## I.  PRELIMINARY STATEMENT

Plaintiff has not yet completed its investigation into this matter and discovery is ongoing. It makes the responses below in a good faith effort to supply information that is presently known, but their present answers should not prejudice their ability to conduct further discovery, research, or analysis. Accordingly, any response provided is given without prejudice to Plaintiff's right to revise, correct, add to, or clarify any of the information provided herein at any time, up to and including the time of trial. Local 556 assumes no obligation to amend or supplement these responses beyond the requirements of the Federal Rules of Civil Procedure.

## II.  GENERAL OBJECTIONS

The following general objections and objections to the instructions and definitions propounded by Plaintiff applies to each and every response/request and are incorporated into each and every response herein:

Local 556 generally objects to each and every interrogatory/request to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the trial-preparations exemption, Local 556's right to personal or associational privacy protected under federal, state, or any other applicable law, or any other legally cognizable privilege, right of confidentiality, right of privacy, or immunity from disclosure that may attach to the information requested in the interrogatory. Nothing contained herein should be construed as a waiver of any such privilege, and Plaintiff is withholding information containing counsel's mental impressions, opinions, conclusions, and/or legal theories.

Local 556 objects to these interrogatories to the extent that they seek information not within their possession, custody, or control. Local 556 is obligated to seek such information from a third party, and Plaintiff is under no duty to identify information not within her control or knowledge. Similarly, Local 556 objects to Plaintiff's requests to the extent that they seek information available to Plaintiff from sources that are more convenient, less burdensome, and/or less expensive.

Local 556 objects to each and every request to the extent that they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Local 556 provides any answer subject to and without in any way waiving or intending to waive, and, on the contrary, intending to reserve and reserving: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose; and (b) the right to object to other discovery related to the same subject matter.

Local 556 reserves the right to supplement or amend these objections and answers as necessary, including, without limitation, upon discovery of additional facts, documents, and materials; discovery of additional individuals with knowledge of relevant information; developments in this action or other proceedings; and the rebuttal of any Local 556's evidence at the trial of this matter.

Subject to and without waiving the foregoing general objections, Local 556 responds as follows:

## **REQUESTS FOR PRODUCTION**

**1. Answer:** Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work- product doctrine. Subject to and without waiving objections, Local 556 will produce certain non-privileged responsive documents

that exist and can be located after a reasonable search and after the entry of a protective order.

**2. Answer:** Local 556 objects that this request is vague, overbroad, and unduly burdensome as it seeks information controlled by third parties, including Plaintiff, matters not before the Court, such as the "irrelevant Recall Effort," "Local 556 membership meetings conducted between June and July 2013," and "all other documents and communications related to Charlene Carter."

Local 556 further objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that this request is vague and ambiguous with respect to the terms "religious beliefs, views, and practices." Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Finally, Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.

**3. Answer:** Local 556 objects that this request is vague in seeking "Audrey Stone's Documents and Communications related to Carter's Social Media Activity." The request is also unduly burdensome as it requests Local 556 to decipher what information is related to any and all of Ms. Carter's various Social Media Activity since its inception. Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**4. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556.

**5. Answer:** Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.

**6. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents without a temporal scope. Local 556 further objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.

**7. Answer:** Local 556 objects that this request is vague, overbroad, and unduly burdensome as it seeks information for irrelevant matters not before the Court, such as the "Recall Effort," from a date, 2012, that lacks proper temporal restraints.

**8. Answer:** Local 556 objects that this request is unduly burdensome as it seeks "all Documents and Communications" related to non-members since January 1, 2012, and would have Local 556 decipher what it is that Plaintiff actually wants produced. This request further lacks temporal scope as it seek documents dating back to 2012. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**9. Answer:** Local 556 objects that this request overbroad, unduly burdensome, and is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff in addition to wanting documents "concerning any Southwest employee's social media activity."

Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Specifically, it inappropriately seeks information not within Local 556 custody.

**10. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents without a temporal scope. Local 556 further objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.

Subject to and without waiving objections, Local 556 will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.

**11. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556.

**12. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556.

**13. Answer:** Plaintiff objects that the request is overly broad and unduly burdensome as it would seek private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents without a temporal scope. Local 556 further objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.

**14. Answer:** Local 556 objects to this request as seeking production of "all documents related to [Plaintiff]" is of the sweeping nature that this Court rejects.

**15. Answer:** Local 556 objects that this request is overbroad and unduly burdensome because it seeks documents and information related to employees who are not similarly situated to Plaintiff as well as seeking documents without providing a proper temporal scope. Further, Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Local 556 further objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**16. Answer:** Local 556 objects that this request is overbroad and unduly burdensome because it improperly seeks documents and information related to the Unions financial contributions dating back to 2012. Local 556 further objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**17. Answer:** Local 556 objects that this request is overbroad and unduly burdensome because it improperly seeks documents and information related to the Unions communications with Planned Parenthood dating back to 2012. As such, the request seeks information for irrelevant matters not before the Court. Local 556 further objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**18. Answer:** Local 556 objects that responding to this request is unduly burdensome as it seeks production of documents from **ALL** of its members "related to the "Women's March on Washington, D.C." As such, the request seeks Local 556 to produce private and confidential information related to non-parties and/or Local 556. Local 556 further objects that this request

Local 556's Objections and Answers to Plaintiff's First Requests for Production          Page 5

App.25

seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**Answer 19:** Local 556 objects that this request is overbroad and unduly burdensome because it improperly seeks Unions expenditures and its "members' involvement in the "Women's March on Wasdhington, D.C."" As such, the request seeks information for irrelevant matters not before the Court as well as seeking Local 556 to produce private and confidential information related to non-parties and/or Local 556. Local 556 further objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**Answer 20:** Local 556 objects that the request seeks Local 556 to produce private and confidential information related to non-parties and/or Local 556. The request is also unduly burdensome and overly broad as it would seek information pertaining to ALL employees, similarly situated or not" regarding it's members' requests for time off from Southwest or "trading any shifts." The request simply seeks information not relevant to Ms. Carter's termination.

**Answer 21:** Local 556 objects that the request seeks Local 556 to produce private and confidential information related to non-parties and/or Local 556. Local 556 further objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.

Local 556 objects that this request is vague and ambiguous with respect to the terms "complaint" and "religious beliefs, views, or practices." Local 556 objects that this request seeks private and confidential information related to non-parties and/or Southwest. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**Answer 22:** Local 556 objects that the request seeks Local 556 to produce private and confidential information related to non-parties and/or Local 556. Local 556 further objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.

Local 556 objects that this request is vague and ambiguous with respect to the terms "complaint" and "religious beliefs, views, or practices." Local 556 objects that this request seeks private and confidential information related to non-parties and/or Southwest. Local 556 objects

that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**Answer 23**: Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Local 556 objects that responding to this request is unduly burdensome as it seeks information simply not relevant to the matters before the Court. Local 556 objects that this request seeks private and confidential information related to non-parties and/or Local 556. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work- product doctrine.

**Answer 24:** Local 556 objects that responding to this request is unduly burdensome as it lacks specificity as to what information it seeks. Local 556 objects that this request seeks private and confidential information related to non-parties and/or Southwest. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**Answer 25:** Local 556 objects that responding to this request is unduly burdensome. Local 556 objects that this request seeks private and confidential information related to non-parties and/or Southwest. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.


Respectfully submitted,


 /s/ Edward B. Cloutman, III                                    /s/ Adam S. Greenfield
Edward B. Cloutman, III                                         Adam S. Greenfield
State Bar No. 04411000                                          State Bar No. 240 754 94
ecloutman@lawoffices.email                                      agreenfield@candglegal.com

Law Offices of Ed Cloutman, L.L.C.                              Cloutman & Greenfield, PLLC
3301 Elm Street                                                 3301 Elm Street
Dallas, TX  75226-1637                                          Dallas, TX  75226-1637
Phone 214.939.9222                                              Phone 214.939.9222

Facsimile 214.939.9229 Facsimile 214.939.9229

ATTORNEYS FOR LOCAL 556 – LOCAL 556

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiffs via email on June 17, 2019:

Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)
Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*)
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas  75204-0817

Mr. Jeffrey D. Jenningsappell (via email:  *jdj@nrtw.org*)
Mr. Matthew B. Gilliam (via email:  *mbg@nrtw.org*)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160

　　　　　　　　　　　　　　　　　　　　　　 /s/ Adam S. Greenfield
　　　　　　　　　　　　　　　　　　　　　　Adam S. Greenfield