# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER,  §<br>§<br>§<br>§<br>Plaintiff,  §<br>v.  §<br>§<br>§<br>SOUTHWEST AIRLINES CO., AND  §<br>TRANSPORT WORKERS UNION  §<br>OF AMERICA LOCAL 556,  §<br>§<br>§<br>Local 556s.  § | Civil Action No. 03:17-cv-02278-S |

**PLAINTIFF'S FIRST AMENDED OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

TO:   Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*), Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200, Dallas, Texas  75204-0817; AND Mr. Jeffrey D. Jenningsappell (via email: *jdj@nrtw.org*), Mr. Matthew B. Gilliam (via email: *mbg@nrtw.org*) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia  22160.

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Local 556 Transport Workers Union of America Local 556 ("Local 556") submits the following objections and responses to Plaintiff Charlene Carter's First Requests for Production to Local 556 Local 556 as follows:

## I.  PRELIMINARY STATEMENT

Plaintiff has not yet completed its investigation into this matter and discovery is ongoing. It makes the responses below in a good faith effort to supply information that is presently known, but their present answers should not prejudice their ability to conduct further discovery, research, or analysis. Accordingly, any response provided is given without prejudice to Plaintiff's right to revise, correct, add to, or clarify any of the information provided herein at any time, up to and including the time of trial. Local 556 assumes no obligation to amend or supplement these responses beyond the requirements of the Federal Rules of Civil Procedure.

## II.  GENERAL OBJECTIONS

The following general objections and objections to the instructions and definitions propounded by Plaintiff applies to each and every response/request and are incorporated into each and every response herein:

Local 556 generally objects to each and every interrogatory/request to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the trial-preparations exemption, Local 556's right to personal or associational privacy protected under federal, state, or any other applicable law, or any other legally cognizable privilege, right of confidentiality, right of privacy, or immunity from disclosure that may attach to the information requested in the interrogatory. Nothing contained herein should be construed as a waiver of any such privilege, and Plaintiff is withholding information containing counsel's mental impressions, opinions, conclusions, and/or legal theories.

Local 556 objects to these interrogatories to the extent that they seek information not within their possession, custody, or control. Local 556 is obligated to seek such information from a third party, and Plaintiff is under no duty to identify information not within her control or knowledge. Similarly, Local 556 objects to Plaintiff's requests to the extent that they seek information available to Plaintiff from sources that are more convenient, less burdensome, and/or less expensive.

Local 556 objects to each and every request to the extent that they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Local 556 provides any answer subject to and without in any way waiving or intending to waive, and, on the contrary, intending to reserve and reserving: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose; and (b) the right to object to other discovery related to the same subject matter.

Local 556 reserves the right to supplement or amend these objections and answers as necessary, including, without limitation, upon discovery of additional facts, documents, and materials; discovery of additional individuals with knowledge of relevant information; developments in this action or other proceedings; and the rebuttal of any Local 556's evidence at the trial of this matter.

Subject to and without waiving the foregoing general objections, Local 556 responds as follows:

### REQUESTS FOR PRODUCTION

**2. Answer:**   Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged

responsive documents that exist and can be located after a reasonable search. Some documents, in particular those pertaining to portions of subparts (c) "related to Carter's involvement in the RECALL EFFORT" and (d) "related to Carter's membership or non-membership status, or her agency-fee payer status with LOCAL 556" will be made available for on-site inspection at the Local 556 offices. Finally, additional documents will be produced after the entry of a protective order.

**3. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Local 556 further objects that this request seeks private and confidential information related to non-parties, namely Ms. Stone in her individual capacity.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**4. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Local 556 further objects that this request seeks private and confidential information related to non-parties, namely Ms. Stone in her individual capacity.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**5. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Local 556 further objects that this request seeks private and confidential information related to non-parties, namely Ms. Stone in her individual capacity.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**6. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Local 556 further objects that this request seeks private and confidential information related to non-parties, namely Ms. Stone in her individual capacity.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**7. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search. Some documents, will be made available for on-site inspection at the Local 556 offices.

**8. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search. Some documents, will be made available for on-site inspection at the Local 556 offices.

**9. Answer:**

(a) Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

(b) Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

(c) Local 556 objects to this request as unduly burdensome as it seeks documents that are not within Local 556's custody or control and accessible via Defendant Southwest Airlines.

**(d)** Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

**(e)** Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

**10. Answer:** Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search. In addition to "policy documents" Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. Finally, as this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

**11. Answer:** Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest's investigation which are not within Local 556's custody or control. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**12. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search. Some documents will be produced after the entry of a protective order.

**13. Answer:** Local 556 objects that this request is overbroad because it seeks documents and information related to Southwest employees that are not members of Local 556 and who are not similarly situated to Plaintiff. Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Local 556 objects that this request is not reasonably limited with respect to time insofar as it seeks documents without a temporal scope, and is thus limited to documentation from 2012 to the present.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to individuals identified in Request for Productions No. 15, who had grievance related hearings with Defendant Southwest Airlines pertaining to social media violations. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

**15. Answer:** Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents pertaining to these individuals. As this request seeks private information of non-parties, documents will be produced after the entry of a protective order.

**16. Answer:** After a reasonable search, no responsive documents exist.

**17. Answer:** After a reasonable search, no responsive documents exist.

**18. Answer:** Local 556 objects that responding to this request is unduly burdensome as it seeks production of documents from **ALL** of its members "related to the "Women's March on Washington, D.C." As such, the request seeks Local 556 to produce private and confidential information related to non-parties and members in their individual capacities.

Local 556's First Amended Objections and Answers to Plaintiff's First Requests for Production    Page 6

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**Answer 19:**   Local 556 objects that this request is overbroad and unduly burdensome because it improperly seeks Unions expenditures and its "members' involvement in the "Women's March on Wasdhington, D.C."" As such, the request seeks Local 556 to produce private and confidential information related to non-parties and members in their individual capacities.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**Answer 20:**   The request is unduly burdensome and overly broad as it would seek information pertaining to ALL employees, similarly situated or not" regarding members' requests for time off from Southwest or "trading any shifts." The request seeks Local 556 to produce private and confidential information related to non-parties and members in their individual capacities.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**Answer 23**:   The request is unduly burdensome and overly broad as it would seek information pertaining to ALL members of Local 556 and does so without any temporal limitations. As such, Plaintiff has limited production to those within the Local 556 executive office from 2012 to the present.

Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

**Answer 24:**   Local 556 objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving objections, Local 556 will produce non-privileged responsive documents that exist and can be located after a reasonable search.

Respectfully submitted,

| | |
|---|---|
| /s/ Edward B. Cloutman, III | /s/ Adam S. Greenfield |
| Edward B. Cloutman, III | Adam S. Greenfield |
| State Bar No. 04411000 | State Bar No. 240 754 94 |
| ecloutman@lawoffices.email | agreenfield@candglegal.com |

Local 556's First Amended Objections and Answers to Plaintiff's First Requests for Production        Page 7

| | |
|---|---|
| Law Offices of Ed Cloutman, L.L.C. | Cloutman & Greenfield, PLLC |
| 3301 Elm Street | 3301 Elm Street |
| Dallas, TX  75226-1637 | Dallas, TX  75226-1637 |
| Phone 214.939.9222 | Phone 214.939.9222 |
| Facsimile 214.939.9229 | Facsimile 214.939.9229 |

ATTORNEYS FOR LOCAL 556 – LOCAL 556

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiffs via email on July 31, 2019:

Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)
Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*)
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas  75204-0817

Mr. Jeffrey D. Jenningsappell (via email:  *jdj@nrtw.org*)
Mr. Matthew B. Gilliam (via email:  mbg@nrtw.org)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160

                                                            */s/ Adam S. Greenfield*
                                                            Adam S. Greenfield