# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLENE CARTER,** § § § § | | |
| Plaintiff, § | Civil Action No. 03:17-cv-02278-S | |
| v. § § | | |
| **SOUTHWEST AIRLINES CO., AND** § **TRANSPORT WORKERS UNION** § **OF AMERICA LOCAL 556,** § § | | |
| Defendants. § | | |

**PLAINTIFF'S FIRST AMENDED OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO: Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: dwatkins@jenkinswatkins.com), Mr. Jason E. Winford (via email: jwinford@jenkinswatkins.com), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200, Dallas, Texas 75204-0817; AND Mr. Jeffrey D. Jenningsappell (via email: jdj@nrtw.org), Mr. Matthew B. Gilliam (via email: mbg@nrtw.org) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia 22160.

Pursuant to Fed. R. Civ. P. 26, 33, and 34, Defendant Transport Workers Union of America Local 556 ("Local 556") submits the following objections and responses to Plaintiff Charlene Carter's First Interrogatories to Defendant Local 556 as follows:

## I.  PRELIMINARY STATEMENT

Plaintiff has not yet completed its investigation into this matter and discovery is ongoing. It makes the responses below in a good faith effort to supply information that is presently known, but their present answers should not prejudice their ability to conduct further discovery, research, or analysis. Accordingly, any response provided is given without prejudice to Plaintiff's right to revise, correct, add to, or clarify any of the information provided herein at any time, up to and including the time of trial. Local 556 assumes no obligation to amend or supplement these responses beyond the requirements of the Federal Rules of Civil Procedure.

## II.  GENERAL OBJECTIONS

The following general objections and objections to the instructions and definitions propounded by Plaintiff applies to each and every response/request and are incorporated into each and every response herein:

Local 556 generally objects to each and every interrogatory/request to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, the trial-preparations exemption, Local 556's right to personal or associational privacy protected under federal, state, or any other applicable law, or any other legally cognizable privilege, right of confidentiality, right of privacy, or immunity from disclosure that may attach to the information requested in the interrogatory. Nothing contained herein should be construed as a waiver of any such privilege, and Plaintiff is withholding information containing counsel's mental impressions, opinions, conclusions, and/or legal theories.

Local 556 objects to these interrogatories to the extent that they seek information not within their possession, custody, or control. Defendant is obligated to seek such information from a third party, and Plaintiff is under no duty to identify information not within her control or knowledge. Similarly, Local 556 objects to Plaintiff's requests to the extent that they seek information available to Plaintiff from sources that are more convenient, less burdensome, and/or less expensive.

Local 556 objects to each and every request to the extent that they exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Local 556 provides any answer subject to and without in any way waiving or intending to waive, and, on the contrary, intending to reserve and reserving: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose; and (b) the right to object to other discovery related to the same subject matter.

Local 556 reserves the right to supplement or amend these objections and answers as necessary, including, without limitation, upon discovery of additional facts, documents, and materials; discovery of additional individuals with knowledge of relevant information; developments in this action or other proceedings; and the rebuttal of any Defendant's evidence at the trial of this matter.

Subject to and without waiving the foregoing general objections, Local 556 responds as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all Local 556 Communications regarding Carter's Social Media Activity.

**ANSWER:**  Defendant objects that this interrogatory is unduly burdensome in that it seeks information including "communications regarding Carter's Social Media Activity" which potentially seeks any/and all social media communications with Ms. Carter by Local 556's entire

Union. Defendant further objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged communications regarding Carter's Social Media Activity that exist between and amongst individuals working within Local 556's executive office that can be located after a reasonable search.

**INTERROGATORY NO. 2:** Identify all Local 556 Communications regarding Carter's Termination.

**ANSWER:** Defendant objects that this interrogatory is unduly burdensome in that it seeks information including "communications regarding Carter's Social Media Activity" which potentially seeks any/and all social media communications with Ms. Carter by Local 556's entire Union. Defendant further objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged communications regarding Carter's Social Media Activity that exist between and amongst individuals working within Local 556's executive office that can be located after a reasonable search.

**INTERROGATORY NO. 3:** Identify every Southwest employee whose social media activities were reported by Local 556 from January 1, 2012, through the present.

**ANSWER:** Defendant objects that this request is overbroad as it seeks information pertaining to employees of Southwest Airlines which are not members of TWU Local 556. Furthermore, Defendant objects to the vagueness of the request as it appears to combine Southwest employees who are simply members of TWU Local 556 with the Union itself as a governing body. As such, Transportation Workers Union of America, Local 556, as an entity, has not reported any of its members to Defendant Southwest Airlines for any alleged violations of Defendant Southwest Airlines' social media policy.

Respectfully submitted,

| | |
|---|---|
| /s/ Edward B. Cloutman, III | /s/ Adam S. Greenfield |
| Edward B. Cloutman, III | Adam S. Greenfield |
| State Bar No. 04411000 | State Bar No. 240 754 94 |
| ecloutman@lawoffices.email | agreenfield@candglegal.com |
| | |
| Law Offices of Ed Cloutman, L.L.C. | Cloutman & Greenfield, PLLC |
| 3301 Elm Street | 3301 Elm Street |
| Dallas, TX 75226-1637 | Dallas, TX 75226-1637 |

Phone 214.939.9222  
Facsimile 214.939.9229

Phone 214.939.9222  
Facsimile 214.939.9229

ATTORNEYS FOR DEFENDANT – LOCAL 556

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiffs via email on July 31, 2019:

    Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)  
    Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*)  
    Jenkins & Watkins, P.C.  
    2626 Cole Avenue, Suite 200  
    Dallas, Texas  75204-0817

    Mr. Jeffrey D. Jenningsappell (via email:  *jdj@nrtw.org*)  
    Mr. Matthew B. Gilliam (via email:  *mbg@nrtw.org*)  
    National Right to Work Legal Defense Foundation, Inc.  
    8001 Braddock Road, Suite 600  
    Springfield, Virginia  22160

                                                   /s/ Adam S. Greenfield  
                                                                   Adam S. Greenfield