# EXHIBIT H

**Matthew B. Gilliam**

**From:** Adam Greenfield <agreenfield@candglegal.com>
**Sent:** Wednesday, May 22, 2019 11:55 AM
**To:** Matthew B. Gilliam
**Subject:** Carter v. 556 and SWA - Discovery Extension

Matthew,

Following up on a VM I just left for you-- 556 is looking for a 14 day extension as well on responding to discovery. It just doesn't look like we will have everything gathered before the Memorial Day weekend. We should have responses sooner, but this request is out of an abundance of caution.

Please let me know if this is an acceptable extension or if you have any questions or concerns!

-Adam


--
Thanks, Adam Greenfield

Law Offices of Cloutman & Greenfield, PLLC
3301 Elm Street
Dallas, TX 75226
Office: 214-939-9223
Cell: 214-642-7486

*Board Certified Specialist*
*in Labor & Employment Law,*
*Texas Board of Legal Specialization*

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Monday, June 17, 2019 7:09 PM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Ed Cloutman |
| **Subject:** | Carter v. SWa and 556 |
| **Attachments:** | Defendant Local 556s - ROG Responses - 6.17.19.pdf; Defendant Local 556s - RFP Responses - 6.17.19.pdf |

Mr. Gilliam-- Please find attached 556's responses to Plaintiff's First Discovery Requests. We have documents ready to produce, but like SWA, think a protective order would be prudent due to some of the private information (namely to Ms. Carter), that composes a large part of the document production.

I will be free to discuss the matter Wednesday and Friday afternoon of this week.

Thanks, Adam


--
Thanks, Adam Greenfield

Law Offices of Cloutman & Greenfield, PLLC
3301 Elm Street
Dallas, TX 75226
Office: 214-939-9223
Cell: 214-642-7486

***Board Certified Specialist
in Labor & Employment Law,
Texas Board of Legal Specialization***

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, June 28, 2019 3:27 PM |
| **To:** | Adam Greenfield |
| **Cc:** | Ed Cloutman; Jeff D. Jennings; Jason Winford |
| **Subject:** | RE: Carter v. SWa and 556 |

Hi Adam,

We've had the opportunity to review your objections and responses, and I want to make sure I understand those as we evaluate a possible stipulation to a protective order. Do I understand correctly that you're willing to produce documents responsive to Requests for Production 1, 2, 5, 10, 25, and Interrogatories 1 and 2 as long as there is a protective order in place; and that Local 556 will not produce documents for Requests 3, 4, 6-9, 11-24, and Interrogatory 3 irrespective of whether there is a protective order?

Also, for all of the instances where Local 556 is withholding documents based on attorney client privilege, confidentiality, privacy, or some other privilege, the union should have produced a privilege log. We would request that you provide us with the privilege log as soon as possible.

Thanks,
Matt

---

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Tuesday, July 2, 2019 1:07 PM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Ed Cloutman; Jeff D. Jennings; Jason Winford |
| **Subject:** | Re: Carter v. SWa and 556 |

Matt-- Sorry for the delayed response, I am currently on vacation.

Your summation doesn't fully capture our discovery stance. Magistrate Horan, who handles 99% of discovery issues in the Northern District, has a process for working through discovery which we can discuss. I believe that we can find some middle ground on some of the potential issues.

Do you have time to discuss near the end of the week or first thing next week?

Thanks, Adam

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, July 9, 2019 10:50 AM |
| **To:** | Adam Greenfield |
| **Cc:** | Ed Cloutman; Jeff D. Jennings; Jason Winford |
| **Subject:** | RE: Carter v. SWa and 556 |

Adam,

I have not received any other messages from you since I emailed a week ago. I tried to call you yesterday afternoon on your cell phone, and I left a voice mail. Can you give me some feedback to the questions I raised?

Thanks,
Matt

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, July 12, 2019 4:56 PM |
| **To:** | Adam Greenfield |
| **Cc:** | Jeff D. Jennings |
| **Subject:** | Follow-up from our 7/9 phone call |

Adam,

I am following up from our phone conversation this past Tuesday. We covered quite a bit of territory, and I want to make sure that we are on the same page moving forward. My understanding is that Local 556 is producing documents and/or amending responses to Requests for Production 4, 6, 13, 16-21, and 24. You had mentioned that you might be able to start producing documents as soon as this past Wednesday. Do you expect that you can begin producing these documents next week?

Also, am I right in understanding that Local 556 is willing to produce documents responsive to Requests for Production 9, 11, 12, and 15, with a protective order?

Next, I don't think we discussed Requests for Production 7 and 8, and Interrogatory 3. Your original responses indicated that you would not produce documents or information even with a protective order. Can you explain what your specific objections to these requests are and whether you are willing to produce responsive documents?

Finally, I do not remember our discussing the privilege log request again during our phone call. We would like Local 556 to provide us a privilege log for every claim of privilege.

I recognize we have additional issues to work through. I just wanted to follow up on these points for now.

Thanks,
Matt

_____

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, July 19, 2019 3:43 PM |
| **To:** | Adam Greenfield |
| **Cc:** | Jeff D. Jennings |
| **Subject:** | RE: Follow-up from our 7/9 phone call |

Adam,

Jeff and I called you yesterday and left you a voice mail. We want to discuss where we are at with the discovery process and production of documents. Can you respond to the email we sent last week and let us know when we can expect to see the documents being produced?

We also have some updates for you.

Thanks,
Matt

_____

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Tuesday, July 23, 2019 8:58 AM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Jeff D. Jennings |
| **Subject:** | Re: Follow-up from our 7/9 phone call |

Matthew— I will be at the union hall all day today and tomorrow preparing documents for production. Also, if you have a draft of the protective order to review we have documents ready to produce in conjunction with that filing.

I will have a substantive response regarding your discovery email by tonight. It generally encompasses the discussions we had on the phone.

I am flexible for a call tomorrow after 9:30am CST to cover any additional topics.

Thanks, Adam

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Thursday, July 25, 2019 4:40 PM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Jeff D. Jennings; Ed Cloutman |
| **Subject:** | Re: Follow-up from our 7/9 phone call |

Matthew, please find responses in red:

I am following up from our phone conversation this past Tuesday. We covered quite a bit of territory, and I want to make sure that we are on the same page moving forward. My understanding is that Local 556 is producing documents and/or amending responses to Requests for Production 4, 6, 13, 16-21, and 24. You had mentioned that you might be able to start producing documents as soon as this past Wednesday. Do you expect that you can begin producing these documents next week?

We will be amending the following RFP responses as we will be producing documents (subject to privilege objections) responsive to #'s 2-4, 6-8, 10(b)(d)(e), 11(b-d), 12, 13 (limited to individual identified in #15 as well as a few others identified in our search), 15-17 (though no responsive documents exist), 18-20, and 24. I can provide amended responses by Monday the 29th.

After spending the last few days reviewing documents at the Union Hall, it is going to be impossible to start producing documents without a broad protective order. Intertwined within these files is medical information, as well as internal communications which shouldn't be produced to SWA. We will produce a privilege log when documents are produced.

Also, am I right in understanding that Local 556 is willing to produce documents responsive to Requests for Production 9, 11, 12, and 15, with a protective order?

See above.

Next, I don't think we discussed Requests for Production 7 and 8, and Interrogatory 3. Your original responses indicated that you would not produce documents or information even with a protective order. Can you explain what your specific objections to these requests are and whether you are willing to produce responsive documents?

As seen above, we will be producing documents responsive to RFP #7 and #8 (subject to privilege objections). the document production, related to #7 in particular, is quite large. Most of it is digitized, but some documents will need to be inspected on premises. We will also be providing an amended response to ROG #3.

Finally, I do not remember our discussing the privilege log request again during our phone call. We would like Local 556 to provide us a privilege log for every claim of privilege.
See above.

I recognize we have additional issues to work through. I just wanted to follow up on these points for now.

Please let me know if you have any questions or concerns.

Thanks, Adam

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, July 26, 2019 3:53 PM |
| **To:** | Morris, Brian K.; Gehrke, Michele Haydel; Adam Greenfield; Ed Cloutman |
| **Cc:** | Jeff D. Jennings; Jason Winford |
| **Subject:** | Proposed Protective Order |
| **Attachments:** | Revision Daft Protective Order_Edits [CLEAN].docx; Revision Daft Protective Order_Edits.docx |

Good afternoon,

Please find attached our proposed draft for the parties' stipulated protective order. There are two versions attached, one showing our edits to the draft that Brian sent as well as a second clean version accepting all of those edits. We will be available all next week to discuss the protective order if necessary.

Thanks and have a good weekend,
Matt

---

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Wednesday, July 31, 2019 4:21 PM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Ed Cloutman |
| **Subject:** | Carter v. 556 |
| **Attachments:** | Defendant Local 556s - First Amended ROG Responses - 6.17.19.pdf; Defendant Local 556s - First Amended RFP Responses - 6.17.19.pdf |

Matthew-- Please find attached below Local 556's First Amended Interrogatory and Request for Production Responses.

Also, the first batch of documents is in the mail to you Certified Mail, RRR. Included are some bates labeled and non-bates labeled documents.

The documents that aren't Bates labeled are Microsoft Outlook Files (emails). I wanted to produce them to get the ball rolling, so please let me know how you would like to handle those documents as we only have them via digital files.

I also have Ms. Carter's Arbitration Case File ready for production. I did not include it in the original production as it essentially contains Ms. Carter's entire personnel file including medical and personal information throughout. If your end doesn't have concerns regarding the production we will get it out ASAP, but my thought was to produce that documentation pursuant to the APO. Im fine either way, just let me know.

As for the APO, do you have some time tomorrow afternoon to discuss?

Thanks, Adam


--
Thanks, Adam Greenfield

Law Offices of Cloutman & Greenfield, PLLC
3301 Elm Street
Dallas, TX 75226
Office: 214-939-9223
Cell: 214-642-7486

*Board Certified Specialist
in Labor & Employment Law,
Texas Board of Legal Specialization*

## Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, August 13, 2019 7:41 PM |
| **To:** | Adam Greenfield |
| **Cc:** | Ed Cloutman; Jeff D. Jennings |
| **Subject:** | RE: Carter v. 556 |

Adam,

I'm following up to discuss your amended responses and our other discovery issues. Are you free for a call tomorrow?

1. **Address and telephone number**- In your initial disclosures, you listed Cloutman & Greenfield's address and telephone number in place of Audrey Stone's and other union officials' addresses and information.  However, you indicated in a recent telephone call that Audrey Stone is not represented by your firm. Can you please send us Audrey Stone's (and others') actual address and contact information?

2. **Amended Responses**- Most of your responses say that "Local 556 will produce non-privileged responsive documents that exist and can be located," but you do not say whether the files sent on the flash drive and the arbitration file you have represent the only documents "that exist and could be located" for each request (apart from docs being withheld until the entry of a protective order), whether you are still searching, whether you have more responsive documents to be produced, and (apart from attorney-client privilege) whether you are actually withholding documents on the basis of some of your other objections.

   Apart from documents that Local 556 is withholding until a protective order is entered, the Carter arbitration documents, and documents for which you claim attorney client privilege, is Local 556 withholding any other documents? If so, for which requests and objections is it withholding those documents?

   Did you search your servers for any of the EB officers' emails and communications from their personal accounts? Those would be in Local 556's possession, custody, and control.

   Your responses do not say which bates stamped documents correspond with each request. Can you tell us, for each request, which bates-stamped documents correspond?

   For the outlook data files that do not have bates stamps, can you tell us which files apply to each request? Many of those outlook data files are corrupt or appear to have no contents. I will send you a separate email to discuss those.

3. **Protective Order**- Do you have any feedback regarding the protective order? I have not heard from you since August 1 regarding the protective order. During our call two weeks ago, it was my understanding that you were going to contact Brian at Southwest, and arrange a call for us to discuss it in more detail.

4. **Privilege Log**- When do you plan on having your privilege log?

Let's discuss as soon as possible.
Matt

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Adam Greenfield <agreenfield@candglegal.com> |
| **Sent:** | Tuesday, August 20, 2019 10:18 AM |
| **To:** | Matthew B. Gilliam |
| **Cc:** | Ed Cloutman; Jeff D. Jennings |
| **Subject:** | Re: Carter v. 556 |

Matthew-- Sorry for the delay, in depositions all week. Do you have any availability early next week to discuss?

-Adam

## Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, September 6, 2019 7:10 PM |
| **To:** | 'Adam Greenfield'; Jeff D. Jennings; Gehrke, Michele Haydel; Morris, Brian K.; Ed Cloutman; 'Jason Winford' |
| **Subject:** | RE: Carter - Protective Order |
| **Attachments:** | Carter Revisions to Proposed Protective Order_9 6 19.docx |

Good evening, everyone.

Here is our proposal for the protective order. We worked off of Southwest's last draft, accepted their changes, and incorporated our changes in redline (keeping most of their edits). If this will work, let me know early next week and I will take care of filing.

Thanks,
Matt

**From:** Adam Greenfield <agreenfield@candglegal.com>
**Sent:** Friday, September 6, 2019 2:45 PM
**To:** Jeff D. Jennings <jdj@nrtw.org>; Matthew B. Gilliam <mbg@nrtw.org>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>; Morris, Brian K. <BMorris@reedsmith.com>; Ed Cloutman <ecloutman@lawoffices.email>
**Subject:** Carter - Protective Order

To all-- Please find attached some of our initial edits (in red font) regarding the proposed protective order.


Thanks, Adam Greenfield

Law Offices of Cloutman & Greenfield, PLLC
3301 Elm Street
Dallas, TX 75226
Office: 214-939-9223
Cell: 214-642-7486

*Board Certified Specialist
in Labor & Employment Law,
Texas Board of Legal Specialization*

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Monday, September 9, 2019 3:46 PM |
| **To:** | 'Adam Greenfield'; Jeff D. Jennings; Ed Cloutman |
| **Subject:** | RE: Carter v. 556 et al - Discovery/Privilege Issues |

Hi Adam,

Based on our last phone conversation, my understanding was that you all were planning on producing additional documents. Is that the case? If so, when do you anticipate producing those?

Also, my understanding was that you were planning on getting us a preliminary version of the privilege log August 30. When do you plan on being able to provide us with the more detailed version?

Thanks,
Matt

**From:** Adam Greenfield <agreenfield@candglegal.com>
**Sent:** Friday, September 6, 2019 2:42 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>; Jeff D. Jennings <jdj@nrtw.org>; Ed Cloutman <ecloutman@lawoffices.email>
**Subject:** Carter v. 556 et al - Discovery/Privilege Issues

Matthew--

Per our last discussion, we are still putting together a more detailed privilege log, but we can share this as of today:

We currently have three groups of documents for production; (1) Un-objected documents, (2) Confidential Documents that will be produced pursuant to entry of the Protective Order, and (3) Privileged documents that will not be produced.

Regarding the privileged documents: Our search terms culled out most of the direct communications with legal counsel. We will run a search to get a more exact number on the larger attorney client privilege documents. After that, we were left with approximately 200 privileged documents that fall almost exclusively into the "work-product" privilege.

Of the "work-product" privileged documents, the vast majority fall within documents related to work-place grievances. The assertion of work product regarding grievance documents is limited to internal communications and memoranda revealing the union's deliberative processes. These processes have been developed over time through legal advice concerning the investigation and analysis of grievances with an eye to avoiding fair representation claims in litigation.

Hope this provides some insight, lets touch base next week. Have a great weekend!

Thanks, Adam Greenfield

Law Offices of Cloutman & Greenfield, PLLC
3301 Elm Street

## Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Wednesday, September 18, 2019 4:42 PM |
| **To:** | 'Adam Greenfield'; Jeff D. Jennings; 'Ed Cloutman' |
| **Cc:** | Jason Winford |
| **Subject:** | RE: Carter v. 556 et al - Discovery/Privilege Issues |

Adam,

We served our interrogatories and requests for production on Local 556 nearly 5 months ago (April 26), and, despite our efforts to work with you, the union's actions are needlessly prolonging the discovery process. Back on July 26, we expressed our willingness to enter a protective order and sent you a proposed draft appropriate to this case. Despite all of our attempts to contact you and discuss your demand for the protective order, we received no response and no written input from you on the proposed order until September 6. We immediately replied, and sent you a draft which addressed the major concerns that were raised by Southwest and Local 556. We asked you to provide us with feedback so that we could finally enter a stipulated order to move forward with discovery. Now another two weeks have gone by without any response from you.

These same delays have been recurring all summer. To this point we have accommodated all of your requests for extra time to respond to our questions and resolve internal issues based on your representations that responses were forthcoming. We had hoped that we could avoid the need to seek the court's intervention, but we are now 5 months down the road. Two weeks passed and we still have heard nothing from you regarding the protective order and the various other matters listed below that should have been addressed months ago:

- **Privilege log**- For months (since at least June 28) we have repeatedly asked you to provide us with a privilege log so that we can evaluate your numerous assertions of privilege. During our August 27 phone conversation, you finally indicated that you would give us a privilege log within a week. You still have not given us a privilege log or a timetable as to when you will provide one.

- **Work product privilege claim**- In your September 6 email, you assert the work product privilege for documents involving "communications and memoranda revealing the union's deliberative processes." Please cite us to any legal authority that supports your claim of privilege. We do not believe that these are adequate grounds for withholding documents under the work product privilege, and will seek to challenge it in a motion to compel. Not having any privilege log makes it all the more difficult to evaluate your claims.

- **Production of Additional Discovery**- During our August 27 phone call, you indicated that you would provide us with additional discovery responses within a week, but you never produced those documents. These responsive documents should be produced immediately.

- **Requests to Clarify Discovery Responses**- During our August 27 phone call, we explained that the documents you have produced do not identify which request number they are responsive to. We ask that you provide us with this information.

- **Failure to provide us with information under Rule 26(a)(1)(A)(i)**- Despite multiple requests on our part, you have failed to provide us with the address and telephone information of individuals who you indicated are likely to have discoverable information. For instance, for Audrey Stone, you indicated that she is not represented by Local 556, but you only provide Cloutman & Cloutman's address for her in your initial disclosures.

If we cannot reach agreement on a protective order and resolve these issues by the end of the week, we will file a motion to compel. Pursuant to the Local Rules' requirements, we ask that you confirm whether or not our motion to compel will be opposed.

Matt

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

## Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, September 24, 2019 4:56 PM |
| **To:** | 'Adam Greenfield' |
| **Cc:** | Jeff D. Jennings; Ed Cloutman; Jason Winford |
| **Subject:** | RE: Carter v. 556 et al - Discovery/Privilege Issues |

Hi Adam,

Are you available to talk tomorrow? My schedule will be pretty flexible tomorrow, so I should be available whenever you're free.

Thanks,
Matt

---

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**From:** Adam Greenfield <agreenfield@candglegal.com>
**Sent:** Monday, September 23, 2019 12:08 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>
**Cc:** Jeff D. Jennings <jdj@nrtw.org>; Ed Cloutman <ecloutman@lawoffices.email>; Jason Winford <jwinford@jenkinswatkins.com>
**Subject:** Re: Carter v. 556 et al - Discovery/Privilege Issues

Matthew-- First and foremost, thank you for you patience as I have been out of the office ill since last Thursday. Also, I understand your frustration, but the Union has been working diligently to review an extremely large amount of documents that resulted from searches relating to your requests for production. In addition, we have already produced two large batches of documents for your review.

Regarding the protective order, we provided edits on September 6th, to which you provided edits. There were then additional edits made by SWA. I have yet to see a version that has been finalized by the 3 parties. If I have missed a proposed finalized version, please send that over to me.

Regarding document production and privilege log, we will that to you by this Friday.

Regarding some of your summarization of events above, I believe they are not fully accurate, but I would be happy to discuss with you tomorrow. My calendar is open, so please let me know what works best for you.

Sincerely, Adam Greenfield

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Ed Cloutman <ecloutman@lawoffices.email> |
| **Sent:** | Friday, September 27, 2019 3:56 PM |
| **To:** | Matthew B. Gilliam; Adam Greenfield |
| **Cc:** | Ed Cloutman; Ed Cloutman |
| **Subject:** | FW: Carter v. TWU Local 556 |
| **Attachments:** | Privilege Log.doc |

Matt-

Here is a slightly more refined privilege log with a definition/explanation of our assertion of work product privilege.

Also, we just sent a Brian an approval for a draft of the Protective Order.

Ed

**From:** Kathy Patrick-Head <kpatrickhead@lawoffices.email>
**Sent:** Friday, September 27, 2019 2:49 PM
**To:** Ed Cloutman <ecloutman@lawoffices.email>
**Subject:** Carter v. TWU Local 556

**Matthew B. Gilliam**

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Friday, February 28, 2020 2:11 PM |
| **To:** | 'Ed Cloutman'; Adam Greenfield |
| **Cc:** | Jeff D. Jennings |
| **Subject:** | Carter-Local 556 Discovery Issues |

Ed and Adam,

Based on Jeff's and my phone call with Ed today, here is a list of the outstanding items we have to resolve:

1) Producing documents covered by the protective order- So far no documents have been produced, but you believe that they may be on a jump/flash drive, which you might be able to send on Monday, 3/2

2) Discovery responses identifying documents by name or bates number- Our request is that you amend responses to specify which documents by name or bates number are responsive to each request

3) Discovery responses made "subject to and without waiving objections"- Most of the discovery responses contain this language, and it's unclear whether you are withholding any documents on the basis of objections and whether you have more responsive documents to produce.

   Overbroad objection [RFPs 9(a)(b)(d)(e), 10, 11, 13; Interrogatory No. 3]- These arise in the context of requests for documents, communications, and other information regarding employees' social media activities. The union's objection is that the requests seek information pertaining to SWA employees who are not Local 556 members. Our argument is that employees' social media activities are relevant regardless of whether they are union members or not, and that all employees subjected to the social media policy are similarly situated. If the union is not withholding any information on the basis of these objections, we would request amended responses specifying that.

   Interrogatory 3 involves our concern with Local 556 withholding information pertaining to certain individuals based on the union's agency arguments. We contend that these individuals fall within the definition of Local 556, and that responsive information must be provided as to those individuals. We request complete responses including information pertaining to individuals who were officers, employees, stewards, etc. (see definition), wherever located (and not confined to documents in the union office).

4) Unduly burdensome objection [RFP 9(c) and Interrogatories 1-2]- For RFP 9(c), the union objects that we're seeking Southwest documents. For this RFP we're seeking the union's documents and communications regarding Southwest social media investigations. For Interrogatories 1 and 2, we're not seeking all union members' communications regarding Carter's activity. We're seeking Local 556's (as that term is defined) communications regarding her activity. If the union is not withholding any information on the basis of these objections, we would request amended responses specifying that.

5) Privilege log- We are still seeking a valid privilege log identifying the documents you're asserting a privilege claim for, with information such as the authors, recipients, dates, subject matter, and enough information to evaluate the privilege claims

6) Work produce privilege- We have a legal question as to whether the privilege applies to the documents you have identified, and I think we need to clarify details about the documents. A privilege log would also be helpful as to this issue.

7) Producing responsive documents not covered by the protective order- The union indicated in September that it had more documents to produce apart from the protective order. We request that you produce those documents as soon as possible.

As I mentioned, we have a firm deadline for 3 weeks from today to bring closure to these issues and move on with discovery. We are available to discuss questions and work through any potential ideas you have for resolving these.

Thanks,
Matt

---

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**