IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Local 556s. | § | |

**DEFENDANT TRANSPORT WORKERS UNION OF AMERICA LOCAL 556'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

TO THE HONORABLE DISTRICT COURT JUDGE DAVID COUNTS:

Defendant Transport Workers Union of America Local 556 ("TWU and/or Local 556") objects to Plaintiff Charlene Carter's ("Plaintiff and/or Carter") Motion to Compel Discovery, and respectfully states as follows:

### I.   INTRODUCTION AND BACKGROUND

Defendants' Motion to Compel ("Motion") is misleading to the Court[1], failed to comply with Local Rules governing the parties to conference prior to filing the Motion, and truly centers around one "agreement to disagree" pertaining to Plaintiff's Requests seeking attorney work product. Despite Plaintiff's inflammatory tone, Defendants objections are substantially justified, made in good faith, and TWU Local 556's actions were undertaken in a timely manner.

---

[1] TWU Local 556 counsel has represented on multiple occasions that Plaintiff's counsel misrepresents facts and conversations with Defense counsel, including the Local Rules' requirement for conference prior to filing Motion to Compel. *See* App. 67 and Def. Ex. 1.

It is undisputed that Plaintiff's served their first discovery requests on or about April 26, 2019. Over the following months, timely responses and objections were provided, along with the production of thousands of documents. The parties conducted numerous phone conferences in order to confer on various production issues. Ultimately, TWU Local 556 amended certain interrogatory and request for production requests on or about July 31, 2019. Nevertheless, issues persisted, namely the production of documents pursuant to the entering of a Protective Order and the creation of a Privilege Log, identifying documents being withheld from production.

On September 6, 2019, TWU Local 556 provided an initial privilege log, identifying the basis for withholding privileged documents. (Doc. 94, APP.63). On September 27, 2019, TWU Local 556 provided a more refined privilege log. (Doc. 94, APP.46-49).

At that time, many of the above discovery issues were curbed while the parties, along with Defendant Southwest Airlines, worked on entering a Protective Order. The Protective Order was eventually entered on November 5, 2019 (Doc. 85). The parties then shifted focus to amending the existing Scheduling Order, which was ultimately entered on February 21, 2020. (Doc. 88). It was not until February 28, 2020, that Plaintiff shifted the focus back to resolving remaining discovery disputes with Defendant TWU Local 556.

It is at this point that Plaintiff's counsel conveniently fails to address with the court that undersigned counsel was on paternity leave, as his second son was born Feb. 25, 2020, and counsel's office was closed due the global pandemic days later, with Governor Abbott issuing a disaster proclamation for all counties in the state on or about March 13, 2020.

Offices, including TWU Local 556's counsel, were only permitted to re-open by the Governor on or about May 18, 2020.

On May 13, 2020, Plaintiff's counsel made his first attempt to re-address his February 28, 2020, discovery email. (Def. Ex. 1). Counsel for TWU Local 556 immediately responded, while working remotely, and a conference call occurred the following day on May 14, 2020, with Defense counsel seeking to have a more concrete discussion the following Monday, May 18, 2020. Instead of conducting the call conferring on the basis of this Motion, as required by Local Rules, Plaintiff filed this Motion after concluding call with counsel on May 14, 2020. (Doc. 94). Notably, Plaintiff's Motion and briefing included pleas to this Court regarding Requests for Production ("RFP") Nos. 18, 19, 21, 22, and 23, which at no point were addressed in Plaintiff's February 28, 2020 email, nor during the May 14, 2020 phone conference.

Nevertheless, on May 21, 2020, the parties were able to confer and agree on numerous issues, making many issues in Plaintiff's Motion moot. As of the filing of this Response, TWU Local 556 has provided (1) amended Interrogatory Responses, with a sworn verification (Ex. 2); (2) amended Request for Production responses; (3) produced documents pursuant to the Protective Order; and (4) Amended Privilege Log.

While the parties have not again conferred, TWU Local 556 believes the following issues to still be ripe for consideration: (A) Waiver of Privilege; (B) Application of the work-product privilege; and (C) the "non-conferred" upon requests for production (18, 19, 21, 22, and 23; (D) application of the Federal Rules to document identification; and (E) attorneys' fees.

## II.  ARGUMENTS AND AUTHORITY

**A. TWU Local 556 has made good faith and timely attempts to provide Plaintiff with information to challenge privilege, thus privileges should not be waived.**

Privilege should be upheld unless there is a "[c]ontinual failure to adhere to Rule 26's prescription [resulting] in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith."[2]

### 1. Defendant's Privilege Identification Documents comply with Fed. R. Civ. P. 26(b)(5)(A).

Fed. R. Civ. P. 26(b)(5)(A) provides that when claiming privilege or protecting trial materials, a party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[3]

As of September 27, 2019, Plaintiff was provided the following information to enable them to assess Defendant's privilege claims (Doc. 94, APP.46-49):

1. <u>Attorney-Client Privilege</u>

   Asserted to withhold all documents/files because legal counsel was the sender or recipient of the document/file to Defendant TWU Local 556's officers/employees, or because legal counsel was one of the senders/recipient of such document/file.

   1,216 documents/files withheld because of attorney-client privilege.

2. <u>Work Product Privilege</u>

   Counsel for Defendant TWU Local 556 and its grievance team managers began in 2010 developing a systematic process for grievance handling/processing, requiring documentation of calls, meetings internally and with Southwest Airlines Company (SWA) (Fact Finding and Step Two

---

[2] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 n.3 (5th Cir. 2017), citing *United States v. Philip Morris Inc.,* 347 F.3d 951, 954 (D.C. Cir. 2003).
[3] See also, Id.

meetings). Notes were taken of such meetings and documented in the FA grievance file, pursuant to legal advice of counsel.

This system continued to be refined and now includes the compiling of a report to the Executive Board ("Board Packet") which summarizes the grievance team's investigation and the position of SWA regarding each grievance.

All of the above steps are and were taken pursuant to advice of counsel in an effort to insure grievances were handled in good faith, without discrimination non- arbitrary in nature, in order to explain, and if need be, defend TWU Local 556's actions on each grievance in potential litigation.

<u>Withheld</u>:    69 files (as follows):

No. 2.B.    Grievance Reports/Status Reports/Grievance Team notes for fact finding meetings and reports/Step Two notes/Board Packets from Grievance Team (51 files).

No. 15.A-I.    Grievance file notes/summaries/correspondence to/from grievant (14 files).

Nos. 18-20    Board Packets from Grievance Team/Grievance Team notes/Step Two exhibits (4 files).

In regard to documents addressed as Work-Product privilege, Defendant provided the information by Defendant on September 27, 2019, affording Plaintiff enough information to challenge Defendant's work-product privilege claims in this Motion. It is thus disingenuous to turn and claim that Defendant did not provide enough information for them to test those claims.

In regard to documents addressed as Attorney-Client Privilege, Plaintiff has listed the rather large number of documents, 1,216, out of an abundance of caution. The listed items are core attorney-client-privilege documents. While the Federal Rules of Civil Procedure do not require disclosure of these items, the above "Core" privileged items include, but are not limited to, communications directly between Defendant and his counsel of record in this litigation. Defense counsel does not provide traditional business advice,

and the protected communications were "generated for the purpose of obtaining or providing legal assistance ...."[4]

### 2. Unjustified delay, inexcusable conduct, nor bad faith exists to waive privilege.

As noted above, Defendant asserts that they have met the requirements of Fed. R. Civ. P. 26(b)(5)(A) by providing Plaintiff with the underlying basis for their privilege assertions within approximately one month of amending their first objections and responses to Plaintiff's First Requests for Production and Interrogatories. A more detailed privilege log was provided less than one month after that. In addition, Plaintiff fails to address the months where Defense counsel's offices were closed due to the global pandemic and unable to provide the requested information. Finally, as of the filing of this motion, a more robust privilege log has been provided to Plaintiff in order to satisfy and assuage any additional concerns.

### B. Defendant's Assertion of the Work-Product Privilege – "Board Packets from Grievance Team/Grievance Team notes/Step Two exhibits"

Defendant believes this to be the matter ripe for Court intervention, or in other words, the issue upon which the parties "agree to disagree."

In citing work product privilege, it must apply to documents or tangible things "prepared in anticipation of litigation," by or for a party's representative.[5] As described in Defendant's privilege log, "Counsel for Defendant TWU Local 556 and its grievance team managers began in 2010 developing a systematic process for grievance handling/processing, requiring documentation of calls, meetings internally and with

---

[4] Id, citing *In re Cty. of Erie,* 473 F.3d 413, 419 (2d Cir. 2007).
[5] *See e.g., Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 218 F.R.D. 125, 136 (E.D. Tex. 2003).[16]

Southwest Airlines Company (SWA) (Fact Finding and Step Two meetings). Notes were taken of such meetings and documented in the FA grievance file, pursuant to legal advice of counsel. This system continued to be refined and now includes the compiling of a report to the Executive Board ("Board Packet") which summarizes the grievance team's investigation and the position of SWA regarding each grievance. All of the above steps are and were taken pursuant to advice of counsel in an effort to insure grievances were handled in good faith, without discrimination non- arbitrary in nature, in order to explain, and if need be, defend TWU Local 556's actions on each grievance in potential litigation."

More explicitly, the documents sought by Plaintiff is information not only prepared in anticipation of future litigation of Duty of Fair Representation Claims, on advice of counsel, but more immediately for the pending internal grievance procedures, i.e. internal grievances and arbitration procedures as set forth by the Collective Bargaining Agreement between the two named Defendants, TWU Local 556 and Southwest Airlines. In addition, revoking Defendants work-product privilege for a single plaintiff would irreparably harm the relationship between the Defendants by opening the door of discovery to internal communications, notes, and efforts by the union in representing its constituency in efforts to represent their member's employment with Defendant Southwest Airlines.

**C. Plaintiff's Motion in regard to Requests for Production 18, 19, 21, 22, and 23 should be disregarded and struck as Plaintiff did not comply with Local Rule 7.1**

Pursuant to Local Rule 7.1(a) – Motion Practice, "Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." Plaintiff's simply did not comply with the Local Rules and as such should have this portion of their motion

disregarded as moot. Defendant however request opportunity to formally respond should Plaintiff ever comply with the above Local Rule.

### D. Plaintiff misapplies the Federal Rules and misleads the Court through its legal citations.

Plaintiff contends that Defendants discovery responses are deficient as they allegedly fail to identify by name or bates number which specific documents produced are responsive to each request. This response will focus on this argument as it applies to Requests for Production, as documents were identified by Bates number in their Second Amended Interrogatories.

Defendants are unaware of federal case law or a federal rule necessitating the specific identification of documents in response to Requests for Production. Plaintiff's misleadingly assert that this is required by FRCP 34 as well as through legal precedent under *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, No. 3:16-cv-2255-L, 2018 WL 3548866, at *3 (N.D. Tex. July 24, 2018). However, neither FRCP 34, nor the above case assert this principle. The caselaw cited by Plaintiffs specifically addresses FRCP 33, not 34, and that a party must identify documents in interrogatory responses if they are directing the opposing party to responsive documents as opposed to providing a written response to an interrogatory. As such, Plaintiff's Motion should be denied on this issue.

### E. Assuming, *arguendo*, that Plaintiff's Motion to Compel is granted, their request for attorney's fees should be denied.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

First and foremost, attorneys fees should be denied as the Motion did not comply with Local Rule 7.1. In addition, as noted above, Defendant has also shown substantial justification to assert their objections to the Request for Production in question, and should not be penalized for their differing legal opinion. Sometimes parties must simply agree to disagree on matters and request assistance and guidance from the Judge.

### III. CONCLUSION

Defendant requests that Plaintiff's Motion to Compel be denied as well as their request for attorneys' fees. Defendant also seeks a hearing on the above motion.

Respectfully submitted,

      /s/ Adam S. Greenfield_____
Adam S. Greenfield
Texas Bar No. 24075494
Email:  agreenfield@candglegal.com

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward Cloutman, III – Of Counsel
Texas Bar No. 04411000
Email:  ecloutman@lawoffices.email

**LAW OFFICE OF
CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9222

214.939.9229 FAX

<b>COUNSELS FOR PLAINTIFF</b>

<b><u>CERTIFICATE OF SERVICE</u></b>

  I undersigned hereby certifies that on June 4, 2020, a true and correct copy of the foregoing document was served via the ECF notification on Defendants' counsel of record as well as the Court.

/s/ Adam S. Greenfield<br>Adam S. Greenfield