IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 03:17-cv-02278-X |
| | § | |
| SOUTHWEST AIRLINES CO. AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| Defendants. | § | |

## ORDER SETTING HEARING

Before the Court is Plaintiff Charlene Carter's Motion to Compel Discovery from Defendant Transport Workers Union of America Local 556 (ECF No. 92). By her motion, Plaintiff contends that Local 556 waived its privilege claims after refusing her requests to provide a valid privilege log, withheld documents based on meritless objections, failed to identify responsive information with references to document names or bates numbers, and neglected to produce documents it admits are in its possession. Plaintiff contends the following specific discovery requests are in dispute: RFPs 1, 2-13, 15, and 18-24, as well as Interrogatories 1-3. Local 556 responds that Plaintiff's motion should be denied because Plaintiff's counsel failed to comply with the rules governing the parties' obligation to confer prior to filing an opposed discovery motion. Local 556 further contends that its objections are substantially justified, made in good faith, and were undertaken in a timely manner. Plaintiff's reply is due no later than **June 18, 2020.**

To facilitate the prompt and efficient disposition of Plaintiff's motion, the Court sets the motion for a hearing on the Court's discovery docket on **June 25, 2020, at 1:30 P.M.** Lead counsel for Plaintiff and Local 556 must participate in the hearing, and only lead counsel will be permitted to address the Court. Due to the exigent circumstances created by the COVID-19 pandemic, the hearing will be conducted by telephone. The parties are to set up a conference phone line and inform the Court by email at rutherford_chambers@txnd.uscourts.gov of the dial-in information for the conference on or before June 25, 2020 at 10:00 A.M.

The Court takes very seriously the parties' obligation to meaningfully confer prior to filing a discovery motion and invites counsel to make one final attempt to resolve this discovery dispute without court intervention prior to the June 25 hearing. *See* Fed. R. Civ. P. 37(a)(1) (providing that a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery to obtain it without court action"); N.D. Tex. L. Civ. R. 7.1(a), (b) (requiring that a movant certify with its motion that the parties conferred on the motion, explain when they conferred, which attorneys conferred, and why they could not reach an agreement). The Court will not award fees if it finds that counsel failed to meaningfully confer.

Any questions regarding this Order should be directed to the law clerk at (214) 753-2412.

**SO ORDERED.**

2

June 9, 2020.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE