**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>              Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>              Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**PLAINTIFF CHARLENE CARTER'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556** |

**INTRODUCTION**

While Defendant Transport Workers Union of America Local 556 ("Local 556") corrected some of its deficient Discovery Responses after Plaintiff Charlene Carter ("Carter") filed her Motion to Compel Discovery ("Motion"), the Court should order Local 556 to cure the remaining deficiencies. The Court should: (I) rule that Local 556 waived its asserted privileges by refusing to properly support them; (II) overrule Local 556's objections and arguments to withholding documents from RFPs 9, 10, 11, 13, 18, 19, 21-23, and Interrogatories 1-3; and (III) rule that Local 556 failed to identify information responsive to RFPs with references to bates numbers. The Court should order Local 556 to produce documents and respond to Carter's Discovery Requests accordingly, and award Carter attorneys' fees and expenses under Fed. R. Civ. P. 37(a)(5).

**REPLY STATEMENT OF FACTS**

Carter's and Local 556's statements of fact show that the February 28, 2020 teleconference was the culmination of Carter's efforts to resolve discovery issues with the union. Br. 3-6; Resp.

2.[1] Carter's counsel and Local 556's attorneys first conferred about the discovery issues in this Motion on July 9, 2019, and continued conferring for months by teleconference and email. Br. 3-6.[2] Despite knowing these issues by October 2019, Local 556 did not resolve them in the months before the pandemic or Mr. Greenfield's paternity leave in 2020. Scheduling deadlines were extended during this time because of Local 556's unresponsiveness, giving the union even more time to act. But nothing changed.

During the February 28, 2020 teleconference, Carter's counsel set a firm three-week deadline to bring closure to discovery issues, at which time Local 556's attorney remarked, "That's fair." (Apps. 69-70). While Local 556's attorneys could have contacted Carter's counsel regarding their concerns with the pandemic and Mr. Greenfield's paternity leave, they never did. Nor have they explained why another attorney from their firm could not assist with their agreed-to obligations. Having yet again received no response from Local 556's attorneys by the deadline, and given the union's dilatory pattern of making assurances, and failing to respond or follow through, Carter filed this Motion on May 14, 2020.

On May 29, 2020, Local 556 produced additional documents sought by the Motion, which the union had been withholding for the last 11 months.[3] On June 5, 2020, Local 556 served Second Amended Responses to Requests for Production (ECF 95-4) and Interrogatories (ECF 95-2) ("Second Amended Responses"), a signed verification in support of Interrogatory Responses (ECF

---

[1] Carter's Brief in Support of her Motion to Compel (ECF 93) shall be cited to as "Br. __". Local 556's Response Brief (ECF 95) shall be cited to as "Resp. __".

[2] Contrary to Local 556's representations, the union did not provide Carter with any type of privilege log until September 27, 2019, nearly two months after first producing documents, and weeks after promising to provide one. *See* Resp. 2; Br. 5; (Apps. 65-68). What was provided was its deficient "Draft Privilege Log." *See* Br. 5. Local 556 sent comments and edits to the proposed *protective order* on September 6, but it did not give Carter a privilege log that day. (App. 63).

[3] This included documents Local 556 withheld pending a protective order, which was entered on November 6, 2019. *See* Br. 6. Despite demanding a protective order and withholding these documents following the issuance of the protective order, Local 556 did not designate any documents as "confidential."

95-3), and an Amended Privilege Log (ECF 95-5). Local 556's Second Amended Responses:

- Re-asserted the same attorney-client and work product privilege claims to RFPs 1-13, 15, 21-22, 24, and Interrogatories 1-2; and re-asserted the same "private and confidential information" claims to RFPs 1, 3-6, 18-22, without providing new detail or support for any of its assertions

- Re-asserted the same contested objections, restrictions on production, and arguments to RFPs 9, 10, 11, 13, 18, 19, 21-23, and further limited the documents it would produce for RFPs 9(A), (B), (D), (E), 10, 13, and Interrogatories 1-2, to those in the possession, custody, and control of "Union Officers, Board Members, Union Stewards, Grievance Chairs, and Grievance Representatives"

- Withdrew its "unduly burdensome" objections to Interrogatories 1 and 2, but identified mostly un-responsive documents

- Withdrew "overbroad" and "vagueness" objections to Interrogatory 3, but continued to limiting its response based on those objections

- Deleted "subject to and without waiving objections" language from RFPs 1-13, 15, 18-20, 23-24, and Interrogatories 1-2

- Deleted all references to producing documents after the entry of a protective order

- Added citations to bates-stamped documents for Interrogatories 1-2, but not to any bates-stamped documents for Carter's RFPs

On May 25, 2020, June 12, 2020, and June 16, 2020, Carter's counsel and Local 556 conducted additional teleconferences regarding the issues in this Motion. One June 16, Carter's counsel again asked whether the union would add authors, senders, recipients, dates, and subject matter to its privilege log. Local 556's attorney indicated that it would not.

## ARGUMENT AND AUTHORITIES

### I. Local 556 waived all privilege claims for refusing to properly support them.

For nearly a year and counting, Local 556 has failed to provide evidence or support for its privilege claims. Not only did Local 556 waive its "private and confidential information" privilege claims, which it failed to defend in any way, but the union also waived its attorney-client and work product privilege claims because the union, through its own inexcusable neglect and unjustified

3

delay, refused to provide a proper privilege log with authors, senders, recipients, dates, and subject matter. Br. 5-6, 8, 12-14. Local 556's "Amended Privilege Log," which is merely a duplication of its "Draft Privilege Log," is equally defective. (Apps. 46-69); (ECF 95-5).

When a party withholds discoverable information by claiming that it is privileged the party must provide a privilege log that describes the nature of the documents not produced and do so in a manner that will enable other parties to assess the claim. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *See EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 n.3 (5th Cir. 2017); *Verret v. State Farm Fire and Cas. Co.*, C.A. No. 13-5596, 2014 WL 460933, at *3 (2014) ("[P]roper assertion of [attorney-client privilege and work product] objections … requires provision of a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)."). "Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *Mfrs. Collection Co., LLC v. Precision Airmotive, LLC*, No. 3:12-cv-853-L, 2014 WL 2558888, at *3 (N.D. Tex. June 6, 2014) (quoting *S.E.C. v. Thrasher*, C.A. No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996). These disclosures are necessary to establish that each document withheld satisfies the elements of the claimed privilege. *See Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 218 F.R.D. 125, 134, 136 (E.D. Tex. 2003).

### A. Waiver of attorney-client privilege claims

Local 556's "Draft Privilege Log" merely stated that attorney-client privilege is "asserted to withhold all documents/files because legal counsel was the sender or recipient of the document/file to [Local 556's] officers/employees, or because legal counsel was one of the senders/recipients of such document/file." (App. 46, ¶1); (ECF 95-5, p.2 ¶1). Thus, Local 556 failed to name specific authors, senders, or recipients, which prevents Carter from determining whether documents may have been disclosed to individuals whose access to documents or information precludes a privilege

claim. *See Precision*, 2014 WL 2558888, at *5.[4] Local 556 also failed to provide specific information regarding the subject matter, which is necessary to evaluate whether communications were confidential and made for the purpose of obtaining legal advice from an attorney.[5]

While Local 556 argues that the Federal Rules do not require a privilege log for core attorney-client privilege and work-product documents, the union cites no support for that proposition. Resp. 5. To be sure, when a discovery request "*on its face*, seeks wholesale production of documents that are ordinarily covered by work-product protection and the attorney client privilege," *and* producing such documents would be unduly burdensome, courts may allow responding parties to summarize documents by categories instead of listing them document-by-document; however, they must still provide dates, authors, senders, recipients, and subject matter. *Precision*, 2014 WL 2558888, at *3, 5 (emphasis added). Even if Local 556 had such core documents, the Federal Rules require Local 556 to provide dates, authors, senders, recipients, and subject matter. Local 556 omitted this crucial information, even after Carter's attorney specifically requested it.

### B. Waiver of work product privilege claims

Local 556 also waived its work product privilege assertions by refusing to support its claims with information regarding authors, senders, recipients, dates, in a proper privilege log. Local 556 also waived its work product claims to RFPs 1, 2(A) (C)-(H), 3-13, 21-22, 24, and Interrogatories

---

[4] Local 556 asserts attorney-client privilege for responsive documents and communications that "include, but are not limited to, communications directly between Defendant and his counsel of record in this litigation." Resp. 5 "[E]mploy[ing] the 'including but not limited to' device" fails the Federal Rules' standard. *Precision*, 2014 WL 2558888, at *5; *see also* (App. 46, ¶1); (ECF 95-5, p.2 ¶1).

[5] Local 556 asserts that the union is withholding documents "because of attorney-client privilege," and the union argues that the contested documents were "'generated for the purpose of obtaining or providing legal assistance….'" Resp. 5-6; (ECF 95-5, p.2 ¶1). "[S]imply describing a lawyer's advice as "legal," without more, is conclusory and insufficient to carry out the proponent's burden of establishing attorney-client privilege." *See United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996). *See also, Dickie Brennan & Co., Inc. v. Lexington Ins. Co.*, C.A. No. 09-3866, 2010 WL 11538482, at *3 (E.D. La. Mar. 12, 2010); *BDO USA*, 876 F.3d at 696 ("[T]he attorney-client privilege does not apply simply because documents were sent to an attorney.") (quoting *NLRB v. Interbake Foods, LLC*, 637 F.3d. 492, 502 (4th Cir. 2011).

1-2, because the union never addressed, raised, or supported those assertions in any of its Responses or Response Brief. *See* Br. 10. As with its prior Discovery Responses, Local 556's Second Amended Responses did not assert work product objections to RFPs 18-20, and it did not contest Carter's argument that it waived them. *See* Br. 10.

Carter's RFPs 15(A)-(I) seek Local 556 documents related to the union's representation of employees disciplined for social media activities. (App. 9). Local 556 fails to provide document dates, which are necessary to determine whether documents were prepared to assist in anticipated or pending litigation. Failing to name specific individuals who were authors, senders, or recipients prevents Carter from determining whether the documents were prepared by or for a party's representative, and whether documents might have been disclosed to individuals whose access to documents/ information might preclude the privilege. *See Precision*, 2014 WL 2558888, at *3, 5.

For Carter's RFP 2(B), Local 556's Response fails to show how protecting grievance information justifies withholding documents for this request, which seeks union information regarding Carter's religious beliefs, views, and practices. (Apps. 46-47, 35-36). Even if work product privilege applies to grievance documents, Local 556 cannot assert the privilege to prevent Carter from obtaining documents that the union created in the course of representing her during her grievance. "[T]he work product doctrine pertains to materials … sought by an adversary of the attorney's client … [it] does not apply to the situation in which a client seeks access to documents or other tangible things created or amassed by his attorney during the course of the representation." *Spivey v. Zant*, 683 F.2d 881, 885 (5th Cir. 1982).

Even if work product privilege applies, these materials should be produced because Carter has a substantial need for them to show disparate treatment in the union's representation of different employees for their social media policy violations. This is crucial to Carter's Religious

6

Discrimination, Duty of Fair Representation, and Retaliation Claims. *See* ECF 80, ¶¶82-91, 97-101, 104-118, 121. Carter could not obtain these documents by any other means apart from Local 556. *See Ferko*, 218 F.R.D. at 136. This material is protected by the Protective Order, and, if it contains information that should not be disclosed to Southwest, that should have been timely asserted as a separate privilege and properly logged. *See* Resp. at 7.

**II. Local 556 waived the contested objections by failing to support them.**

**A. Local 556 waived objections to RFPs 9(A)-(E), 10, 11, 13, and Interrogatories 1-3.**

The Court should rule that Local 556 waived objections to RFPs 9(A)-(E), 10, 11, and 13, and Interrogatories 1-3, because the union failed to support them in its Response. "[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 507 (N.D. Tex. 2016). Local 556 asserted the same objections to RFPs 9(A)-(E), 10, 11, and 13, and Interrogatories 1-3, in all its Responses, including those filed post-Motion. *See supra* at 3. Local 556 never supported or argued for any of its objections or restrictions in its Response. *See* Br. 14-15. Therefore, Local 5556 waived them.

The Court should order Local 556 to amend its Second Amended Response to Interrogatory 3, and respond to the Interrogatory as written: whether its "officers, employees, representatives, intermediaries, or agents" reported any union members *or nonmembers*.[6] Carter contested this in her Brief, but Local 556 failed to respond. Br. 20.[7]

---

[6] During a July 16, 2020 teleconference, Local 556 seemed agreeable to amending its response to Interrogatory 3 in accordance with this request, but the union has not done so prior to this filing.

[7] Local 556's Response to Interrogatory 1 also contains an error, saying that the union is providing documents regarding "Termination" instead of "Social Media Activity." (ECF 95-2, p.2). On June 16, 2020, Local 556's attorney indicated that he will correct this mistake, but did not give a timeframe and has not done so prior to this filing.

Local 556's Second Amended Responses further limited documents it would produce for RFPs 9(A), (B), (D), (E), 10, 13, and Interrogatories 1-2, to those in the possession, custody, and control of "Union Officers, Board Members, Union Stewards, Grievance Chairs, and Grievance Representatives." *See supra* at 3. This excludes documents in the possession, custody, or control of the union's employees and agents, and Local 556 made no argument for withholding them. *See* Br. at 17-18. The Federal Rules require Local 556 to produce them. Br. 17-18.

**B.  Local 556 waived objections to RFPs 18, 19, and 21-23.**

Local 556 also waived objections to RFPs 18, 19, and 21-23, for failing to support them in its Response. *See Orchestrate HR*, 178 F. Supp. 3d. at 507. Carter complied with L.R. 7.1(a) because she conferred with Local 556 regarding RFPs 18, 19, and 21-23, beginning as early as July 9, 2019. Local Rule 7.1(a) requires a party to confer and make good faith attempts to obtain discovery before filing a motion to compel. *See e.g., Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, No. 3:15-cv-2117-L, 2016 WL 1366269, at *8-9 (N.D. Tex. Apr. 6, 2016).

In *Holmes*, this Court decided that the movant complied with conference requirements because he raised discovery issues months before filing his motion, and gave the opposing party every opportunity to confer. Like here, the opposing party ignored the movant's complaints until the movant filed the motion. *Id*. at *9. The Court rejected the opposing party's argument that the movant failed to confer by refusing the opposing party's offer to continue discussing issues after the movant gave notice of the motion. *Id*. at *8.

Here, Carter's counsel also complied with conference requirements because they repeatedly conferred with Local 556's attorney—from July 9, 2019, through February 28, 2020—before filing this Motion. Local 556 does not dispute that, and acknowledges it "conducted numerous phone conferences in order to confer on various production issues" and that "issues persisted." Resp. 2.

Carter and Local 556 first conferred regarding RFPs 18, 19, and 23, on July 9, 2019. Despite those discussions, Local 556 re-asserted the same objections in its July 31, 2019 Amended Responses. Thus, the union did not intend to revise its position. *See supra* at 3. During the February 28, 2020 teleconference, Carter's counsel and Local 556's attorney, discussed the same issue in the context of Interrogatories 1 and 2. *See* Br. 5, 16-17; (Apps. 61, ¶2; 69, ¶3). Carter and Local 556 first conferred regarding RFPs 21 and 22 on July 9, 2019, and discussed all of the issues with Local 556's objections. Br. 3. Despite those communications, Local 556 re-asserted the same objections in its July 31, 2019 First Amended Responses.[8] *See supra* at 3. As in *Holmes*, counsel's decision to avoid further delay by declining Local 556's request to continue discussing these issues has no bearing on the fact that she satisfied the conference requirements months before.

### III. Local 556's discovery responses are deficient under Fed. R. Civ. P. Rule 34 because the union failed to identify responsive documents by name or bates number.

Contrary to Local 556's suggestions (*see* Resp. 8), Rule 34 requires the union to identify by bates number which specific documents produced are responsive to each request. Rule 34(b)(2)(E)(i) requires a party to either produce documents as they are "kept in the usual course of business," or "organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).[9] Carter's Discovery Requests asked Local 556 to segregate and label their documents by request number. (App. 1, p.1 ¶2). When Local 556 produced documents on July 31, 2019, it did not produce them as kept in the usual course of business.[10] Local 556 opted for the

---

[8] On June 16, 2020, Local 556's attorney took a position for the first time regarding which employees are similarly-situated to Carter, and agreed with Carter's position—which she first presented back on July 9, 2019—that Southwest flight attendants are similarly-situated. During the same June 16, 2020 meeting, Local 556 also agreed to withdraw the objection based on time. At the time of this filing, Local 556 had not amended its RFP responses.

[9] *See also McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 248-51 (N.D. Tex. 2016); *Echavarria v. Roach*, No. 16-cv-11118-ADB, 2018 WL 6788525, at *1 (D. Mass. Dec. 26, 2018); *Kwasniewski v. Sanofi-Aventis U.S. L.L.C.*, No. 2:12-cv-00515-GMN-NJK, 2013 WL 3297182 (D. Nev. June 28, 2013).

[10] The producing party has the burden to establish that it produced information as kept in the usual course of business. *See Echavarria*, 2018 WL 6788525, at *1 (citation omitted). Local 556 has failed to make that showing. *See Venture Corp. Ltd. v. Barrett*, No. 5:13-cv-03384-PSG, 2014 WL 5305575 (N.D. Cal. Oct. 16, 2014).

9

second approach under Rule 34(b)(2)(E)(i), and provided numerous PDF files containing bates-labeled documents, but without any other sort of discernible organizational scheme. Local 556 failed to comply with the rest of Fed. R. Civ. P. 34(b)(2)(E)(i), which requires it to identify how the documents correspond to each of Carter's requests.

**IV. Local 556 should pay attorneys' fees and expenses.**

The Court should award Carter attorneys' fees under Rule 37(a)(5) because Local 556's discovery responses and objections were not substantially justified. Local 556 made no effort to argue or support its objections to RFPs 9(A)-(E), 10, 11, 13, 18, 19, 21-23, and Interrogatories 1-3, with facts or law. While Local 556 claims that Carter did not confer as required by L.R. Civ. 7.1(a), the union failed to support that argument with facts or law because it knew the parties had conferred several times on these disputed issues. *See* Resp. 2, 7-8.

While Carter's Motion caused Local 556 to cure some deficiencies, its belated and limited compliance does not alter its liability for attorneys' fees. Withdrawing objections and correcting deficiencies after a motion to compel is filed does not render a Rule 37(a)(5) award of expenses inappropriate. *See Holmes*, 2016 WL 1366269, at *9; *see also Orchestrate HR*, 178 F. Supp. 3d at 510. The Court should require Local 556 to pay fees and expenses.

## CONCLUSION

For the foregoing reasons, Carter requests that the Court grant her Motion to Compel Discovery as requested herein and in her Motion and Brief.

Dated: June 18, 2020                              Respectfully submitted,

                s/ Matthew B. Gilliam
                Mathew B. Gilliam (*admitted pro hac vice*)
                New York Bar No. 5005996
                *mbg@nrtw.org*
                Jeffrey D. Jennings (*admitted pro hac vice*)
                Virginia Bar No. 87667
                *jdj@nrtw.org*

c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
 Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

*Attorneys for Plaintiff Charlene Carter*

## **Certificate of Service**

      I hereby certify that on June 18, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                    s/ Matthew B. Gilliam