IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, § | |
| §nbsp;Plaintiff, § | |
| § | |
| v. § | Civil Action No. 03:17-cv-02278-X |
| § | |
| SOUTHWEST AIRLINES CO. AND § | |
| TRANSPORT WORKERS UNION § | |
| OF AMERICA LOCAL 556, § | |
| §nbsp;Defendants. § | |

## **DISCOVERY ORDER**

Before the Court is Plaintiff Charlene Carter's Motion to Compel Discovery from Defendant Transport Workers Union of America, Local 556 (Local 556) (ECF No. 92). The Court previously invited counsel to meaningfully confer in an attempt to resolve this discovery dispute without court intervention. *See* Order 2 (ECF No. 97). Plaintiff's reply (ECF No. 98), filed on June 18, 2020, states that counsel conferred on June 12 and June 16, but the parties were unable to resolve all the issues raised by Plaintiff's motion. After considering the motion, Local 556's response, Plaintiff's reply, and the documents submitted in support of the parties' arguments, the Court finds that the motion should be GRANTED in part and DENIED in part, as set forth below. **The hearing scheduled for June 25, 2020 is CANCELLED.**

The gravamen of the dispute is whether Local 556 has waived any claim of privilege or work product protection as to more than 1,350 documents or files because it failed to provide a valid privilege log. The Court agrees with Plaintiff that Local 556's draft privilege log (ECF No. 94-7) is deficient because it does not set

1

forth sufficient information *as to each document withheld* to permit the court to test the merits of the privilege claim. *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) ("[A] privilege log's description *of each document* and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." (emphasis added) (internal quotation marks and alterations omitted)). Notwithstanding this deficiency, the Court finds Local 556 has not waived its claims that any documents responsive to the discovery requests at issue are protected from disclosure by the attorney-client privilege or work-product protection.[1] *Cashman Equip. Corp. v. Rozel Operating Co.*, 2009 WL 2487984, at *2 (M.D. La. Aug. 11, 2009) (recognizing waiver as a "drastic remedy" in response to a "technically deficient" privilege log); *see id.* n.4 ("Waiver of privilege objections is not required as a result of the production of a deficient privilege log.") (citing cases). *See also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2016.1 (3d ed. 2020) ("[F]inding waiver . . . is a sanction, not an automatic consequence of every failure to comply with Rule 34(b)'s time limit for responding to a discovery request with sufficient detail"). Accordingly, Local 556 will serve on Plaintiff an amended privilege log—in the following format set forth below—no later than **July 31, 2020**:

---

[1] These requests include Plaintiff's Request for Production Nos. 1-13, 15, 21-22, 24, and Interrogatories 1-2.

| Bates No. | Description | Date | Author | Recipient(s) | Claimed Privilege | Explanation |
|---|---|---|---|---|---|---|
| 00001 | *type of document (e.g. email) | 1/2/2020 | FN, LN, position | FN, LN, position | AC, WP | *general description of document's contents & other information necessary to enable parties and the Court to assess the applicability of the privilege or protection claimed |

To the extent Local 556 is withholding any documents responsive to Plaintiff's Requests for Production Nos. 1, 3-6, or 18-22 solely based on "privacy/confidentiality" objections, it must produce those documents to Plaintiff subject to the Stipulated Protective Order (ECF No. 85) no later than **July 24, 2020**. Plaintiff may renew her motion to compel challenging Local 556's claims of privilege as to specific documents listed on the amended privilege log no later than **August 14, 2020**, and the Court will set the renewed motion for a hearing during the week of August 17, 2020.

    The Court finds that counsel did not meaningfully confer regarding Plaintiff's Request for Production Nos. 9, 10, and 13 and Interrogatory No. 3. Counsel for Local 556 must explain to Plaintiff's counsel which employees Local 556 contends are similarly situated to Plaintiff and explain why it maintains that employees who are not members of Local 556 are not similarly situated to Plaintiff. If Plaintiff disputes Local 556's definition of "similarly situated" employees, it may present the dispute to the Court as part of its renewed motion.

With respect to Plaintiff's Request for Production No. 11 and Interrogatory Nos. 1-2, Plaintiff clarifies she is seeking only documents in Local 556's possession, custody, and control, and that these documents may exist in places other than Local 556's executive office. Local 556 will supplement its answer to either provide responsive documents in its possession, custody, and control—wherever they may be, or state that there are no such documents.

The Court finds that counsel did not meaningfully confer regarding Plaintiff's Request for Production Nos. 18, 19, 21, 22, and 23 prior to the filing of the motion to compel. If Plaintiff continues to seek documents in response to her Requests for Production Nos. 18, 19, 21, 22, and 23, lead counsel will confer *by telephone* regarding those requests and Local 556's specific objections before August 14, 2020. If Local 556 continues to object that any of these requests is overly broad or unduly burdensome, counsel for Local 556 will describe the burden with particularity and offer suggestions as to how the request can be revised to reduce that burden so that any production is proportionate to the needs of the case.

To the extent the parties continue to dispute that files responsive to Plaintiff's Request for Production Nos. 18-20 (the "Board Packets from Grievance Team/Grievance Team notes/Step Two exhibits") are protected by the work product doctrine, Local 556 will submit those documents to the Court for an *in camera* review no later than **July 31, 2020**.

Plaintiff also argues that Local 556's responses to her Rule 34 requests for production are deficient because the responses fail to identify specific documents by bates number. A party responding to requests for production must produce

4

documents either as they are kept in the usual course of business or the responding party must organize and label them corresponding to the categories in the discovery request. Fed. R. Civ. P. 34(b)(2)(E)(i). Local 556 does not argue, much less demonstrate, that it produced responsive documents as they are kept in the usual course of business. Therefore, Local 556 must satisfy Rule 34(b)(2)(E)(i) by organizing and labeling responsive documents to correspond to the categories in Plaintiff's discovery requests. As to the documents already produced, Local 556 will comply with Rule 34(b)(2)(E)(i) by serving amended discovery responses that identify by bates number the specific documents that are responsive to each Request for Production. *Chilly Dil Consulting, Inc. v. JetPay ISO Servs., LLC*, 2015 WL 13469921, at *3 (N.D. Tex. Dec. 21, 2015). The amended responses are due no later than **July 24, 2020**.

     Finally, the Court finds that Plaintiff is not entitled to recover her attorney's fees incurred in bringing her motion to compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R.

Civ. P. 37(a)(5)(A). Moreover, "[i]f the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). And "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, the Court found that Local 556 failed to provide an adequate privilege log and that Plaintiff's counsel failed to meaningfully confer with respect to certain discovery requests prior to filing the motion to compel. Therefore, the Court has granted the motion in part and denied it in part. In view of this ruling, the Court finds the parties should bear their own expenses.

**SO ORDERED**.

June 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE