# EXHIBIT A

## Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, August 13, 2019 7:41 PM |
| **To:** | Adam Greenfield |
| **Cc:** | Ed Cloutman; Jeff D. Jennings |
| **Subject:** | RE: Carter v. 556 |

Adam,

I'm following up to discuss your amended responses and our other discovery issues. Are you free for a call tomorrow?

1. **Address and telephone number**- In your initial disclosures, you listed Cloutman & Greenfield's address and telephone number in place of Audrey Stone's and other union officials' addresses and information. However, you indicated in a recent telephone call that Audrey Stone is not represented by your firm. Can you please send us Audrey Stone's (and others') actual address and contact information?

2. **Amended Responses**- Most of your responses say that "Local 556 will produce non-privileged responsive documents that exist and can be located," but you do not say whether the files sent on the flash drive and the arbitration file you have represent the only documents "that exist and could be located" for each request (apart from docs being withheld until the entry of a protective order), whether you are still searching, whether you have more responsive documents to be produced, and (apart from attorney-client privilege) whether you are actually withholding documents on the basis of some of your other objections.

   Apart from documents that Local 556 is withholding until a protective order is entered, the Carter arbitration documents, and documents for which you claim attorney client privilege, is Local 556 withholding any other documents? If so, for which requests and objections is it withholding those documents?

   Did you search your servers for any of the EB officers' emails and communications from their personal accounts? Those would be in Local 556's possession, custody, and control.

   Your responses do not say which bates stamped documents correspond with each request. Can you tell us, for each request, which bates-stamped documents correspond?

   For the outlook data files that do not have bates stamps, can you tell us which files apply to each request? Many of those outlook data files are corrupt or appear to have no contents. I will send you a separate email to discuss those.

3. **Protective Order**- Do you have any feedback regarding the protective order? I have not heard from you since August 1 regarding the protective order. During our call two weeks ago, it was my understanding that you were going to contact Brian at Southwest, and arrange a call for us to discuss it in more detail.

4. **Privilege Log**- When do you plan on having your privilege log?

Let's discuss as soon as possible.
Matt

## Matthew B. Gilliam

**From:** Matthew B. Gilliam
**Sent:** Thursday, August 29, 2019 2:59 PM
**To:** Morris, Brian K.; Gehrke, Michele Haydel
**Cc:** Jeff D. Jennings
**Subject:** RE: Search terms

Hi Brian and Michele,

Per our phone call this week, you all were going to send me your proposed edits to the protective order. Can you send those, so we can address your concerns?

Also, looking over your initial disclosures, one of the persons listed was Audrey Stone. Can you provide her address and phone information in accordance with Rule 26(a)(1)(A)(i) since she is not Southwest management?

Thanks,
Matt

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

App.2

# Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Wednesday, September 18, 2019 4:42 PM |
| **To:** | 'Adam Greenfield'; Jeff D. Jennings; 'Ed Cloutman' |
| **Cc:** | Jason Winford |
| **Subject:** | RE: Carter v. 556 et al - Discovery/Privilege Issues |

Adam,

We served our interrogatories and requests for production on Local 556 nearly 5 months ago (April 26), and, despite our efforts to work with you, the union's actions are needlessly prolonging the discovery process. Back on July 26, we expressed our willingness to enter a protective order and sent you a proposed draft appropriate to this case. Despite all of our attempts to contact you and discuss your demand for the protective order, we received no response and no written input from you on the proposed order until September 6. We immediately replied, and sent you a draft which addressed the major concerns that were raised by Southwest and Local 556. We asked you to provide us with feedback so that we could finally enter a stipulated order to move forward with discovery. Now another two weeks have gone by without any response from you.

These same delays have been recurring all summer. To this point we have accommodated all of your requests for extra time to respond to our questions and resolve internal issues based on your representations that responses were forthcoming. We had hoped that we could avoid the need to seek the court's intervention, but we are now 5 months down the road. Two weeks passed and we still have heard nothing from you regarding the protective order and the various other matters listed below that should have been addressed months ago:

- **Privilege log**- For months (since at least June 28) we have repeatedly asked you to provide us with a privilege log so that we can evaluate your numerous assertions of privilege. During our August 27 phone conversation, you finally indicated that you would give us a privilege log within a week. You still have not given us a privilege log or a timetable as to when you will provide one.

- **Work product privilege claim**- In your September 6 email, you assert the work product privilege for documents involving "communications and memoranda revealing the union's deliberative processes." Please cite us to any legal authority that supports your claim of privilege. We do not believe that these are adequate grounds for withholding documents under the work product privilege, and will seek to challenge it in a motion to compel. Not having any privilege log makes it all the more difficult to evaluate your claims.

- **Production of Additional Discovery**- During our August 27 phone call, you indicated that you would provide us with additional discovery responses within a week, but you never produced those documents. These responsive documents should be produced immediately.

- **Requests to Clarify Discovery Responses**- During our August 27 phone call, we explained that the documents you have produced do not identify which request number they are responsive to. We ask that you provide us with this information.

- **Failure to provide us with information under Rule 26(a)(1)(A)(i)**- Despite multiple requests on our part, you have failed to provide us with the address and telephone information of individuals who you indicated are likely to have discoverable information. For instance, for Audrey Stone, you indicated that she is not represented by Local 556, but you only provide Cloutman & Cloutman's address for her in your initial disclosures.