**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

| | |
|---|---|
| CHARLENE CARTER, <br><br>                 Plaintiff, <br><br> V. <br><br> SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, <br><br>                 Defendants. | Civil Case No. 3:17-cv-02278-X <br><br><br> **PLAINTIFF CHARLENE CARTER'S APPENDIX IN SUPPORT OF HER SUR-REPLY TO SOUTHWEST'S EMERGENCY MOTION AND REQUEST FOR SANCTIONS** |

**APPENDIX OF EXHIBITS**

A.     Supplemental Declaration of Charlene Carter ............................................................App. 1

B.     Supplemental Declaration of Matthew B. Gilliam .....................................................App. 3

C.     Audrey Stone's Responses and Objections to Plaintiff's Subpoena...........................App. 6

Dated: July 24, 2020                Respectfully submitted,

                                     s/ Jason E. Winford (*with permission*)
                                     David E. Watkins
                                     Texas Bar No. 20922000
                                     *dwatkins@jenkinswatkins.com*
                                     Jason E. Winford
                                     Texas Bar No. 00788693
                                     *jwinford@jenkinswatkins.com*
                                     JENKINS & WATKINS, P.C.
                                     4300 MacArthur Avenue, Suite 165
                                     Dallas, Texas 75209
                                     Tel: 214-378-6675
                                     Fax: 214-378-6680

                                     s/ Matthew B. Gilliam
                                     Mathew B. Gilliam (*admitted pro hac vice*)

New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Attorneys for Plaintiff Charlene Carter*

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>                         Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND<br>TRANSPORT WORKERS UNION OF AMERICA,<br>LOCAL 556,<br><br>                         Defendants. | Civil Case No. 3:17-cv-02278-X |

**SUPPLEMENTAL DECLARATION OF CHARLENE CARTER**

I, Charlene Carter, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the plaintiff in the above-captioned lawsuit.

2.      I am over the age of 21, of sound mind, and capable of making this declaration. The facts stated herein are true and correct and are within my personal knowledge.

3.      From on or about September 26, 1996 until to March 14, 2017, I was employed as a flight attendant for Southwest Airlines Co. ("Southwest"). Southwest terminated my employment following a complaint made by Transport Workers Union of America, Local 556's then president, Audrey Stone.

4.      Since the termination of my employment I never had any information regarding Stone's travel schedule or sick leave prior to June 25, 2020.

5.      After receiving Stone's trip information that lead to the service of the subpoena in Albuquerque, I have not received any new or additional information regarding Stone's schedule or whereabouts.

**App.1**

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 24, 2020

**CHARLENE CARTER**

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, <br><br> Defendants. | Civil Case No. 3:17-cv-02278-X |

SUPPLEMENTAL DECLARATION OF MATTHEW B. GILLIAM

I, Matthew B. Gilliam, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I am over the age of 21, of sound mind, and capable of making this declaration. The facts stated herein are true and correct and are within my personal knowledge.

2.     I am employed full-time as a staff attorney by the National Right to Work Legal Defense Foundation, Inc. ("Foundation"), 8001 Braddock Road, Suite 600, Springfield, Virginia, 22151, which is a nonprofit, charitable public interest organization that provides free legal aid to employees and is exempt from taxation under 26 U.S.C. § 501(c)(3). *Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. United States*, 487 F. Supp. 801 (E.D. N.C. 1979).

3.     I represent Plaintiff Charlene Carter ("Carter") in the above-captioned lawsuit.

4.     On June 12, 2020, I noticed a subpoena for the former president of Transport Workers Union of America, Local 556 ("Local 556"), Audrey Stone ("Stone"), to Defendants' counsel, Southwest Airlines Co. attorneys Michael Correll ("Correll") and Brian Morris and Local 556 attorneys Ed Cloutman and Adam Greenfield. The subpoena included Audrey Stone's address

**App.3**

at Monte Carlo Towers, 3301 Bayshore Boulevard, Unit 2102, Tampa, Florida 33629. I found Stone's address using a skip tracing service after Southwest and Local 556 refused to disclose her address and telephone information as required by Federal Rule 26(a)(1)(A)(i).

5.      I never had any information regarding Stone's travel schedule or sick leave prior to June 25, 2020.

6.      During the week of June 8, 2020, I completed all of the necessary paperwork related to the subpoena. On or about June 12, 2020, I hired S & W Process Service ("S & W") to serve Stone with a subpoena at her Tampa, Florida address that the skip tracing service provided. I told S & W that the subpoena must be served on or after June 19, 2020, which was the date on the subpoena.

7.      S & W decided when to attempt service at Stone's Tampa, Florida address. I did not give S & W any other instructions or suggestions for the dates of service.

8.      Apart from learning that S & W had failed to serve Stone on June 19, 2020, I did not know the other dates S & W attempted to serve Stone at her Tampa address until on or about June 24, 2020, the date when S & W informed me that it had unsuccessfully attempted to serve her there for the third time.

9.      After receiving Stone's trip information that lead to the service of the subpoena in Albuquerque, I have not received any new or additional information regarding Stone's schedule or whereabouts.

10.     Not only has Stone been served with the subpoena, but, on July 20, 2020, Stone responded and produced documents. Stone through her newfound counsel responded to the Subpoena on the merits, raising no objection to the manner of service, and seeking neither to quash the Subpoena nor a protective order.

**App.4**

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 24, 2020

_____

Matthew B. Gilliam

# EXHIBIT C



Gillespie Sanford LLP
Attorneys at Law

Hal K. Gillespie*
Joseph H. Gillespie*
James D. Sanford*
*Board Certified in Labor and Employment Law -
Texas Board of Legal Specialization

Monday, July 20, 2020

**Via Email** (via email: *SW@TampaServe.com*)
S&W Process Service
2801 N. Florida Ave.
Tampa, FL 33602

**Via Email**
Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)
Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*),
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas 75204-0817

**Via Email**
Mr. Jeffrey D. Jennings (via email:  *jdj@nrtw.org*),
Mr. Matthew B. Gilliam (via email:  *mbg@nrtw.org*)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160

> **Re:**   Charlene Carter v. Southwest Airlines and Transport Workers of America Union
> Local 556; Civil Action No. 03:17-cv-02278-X; **Objections and Response to
> Subpoena Regarding Ms. Audrey Stone**

Dear Sirs:

Greetings.  I represent Ms. Audrey Stone in her personal capacity as it relates to the pending litigation Charlene Carter v. Southwest Airlines and Transit Workers Union Local 556.  Please address any future communications in this matter regarding Ms. Stone in her personal capacity to my attention.  Also, please see the attached objections and responses to the subpoena which Plaintiff served on Ms. Stone in this matter.

Sincerely,
GILLESPIE SANFORD LLP

By:  */s/ Joseph Gillespie*

JHG
Enclosures

**App. 6**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLENE CARTER,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 03:17-cv-02278-X** |
| **v.** | § | |
| | § | |
| **SOUTHWEST AIRLINES CO., AND** | § | |
| **TRANSPORT WORKERS UNION** | § | |
| **OF AMERICA LOCAL 556,** | § | |
| | § | |
| **Defendants.** | § | |

---

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

---

TO:    S&W Process Service
       2801 N. Florida Ave.
       Tampa, FL 33602

Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*), Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200 , Dallas, Texas  75204-0817; AND Mr. Jeffrey D. Jenningsappell (via email: *jdj@nrtw.org*), Mr. Matthew B. Gilliam (via email: mbg@nrtw.org) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia 22160.

Pursuant to the Federal Rules of Civil Procedure, non-party Audrey Stone, who has been served with a subpoena by Plaintiff Charlene Carter, submits the following objections and answers to Plaintiff's subpoena.

---

**App. 7**

## I.      OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Because Plaintiff's proposed definitions and instructions impact each request posed by Plaintiff, Ms. Stone incorporates the following objections throughout the answers given to each request within the Subpoena.

1.      Ms. Stone objects to Instruction No. 1 as it is overly broad and seeks documents from third parties such as Ms. Stone's attorneys and/or TWU Local 556.  Ms. Stone will provide documents within her personal custody, possession, or control, but she will not seek out documents that may be exclusively in the possession of third parties.

2.      Ms. Stone objects to Instruction No. 3, as seeking the labeling of documents rather than mere production of documents as they are maintained.  Ms. Stone will produce any responsive documents which have not already been provided to Plaintiff's counsel through TWU Local 556 or Southwest Airlines as they are maintained in her normal records.

3.      Ms. Stone objects to Instruction Nos. 5 and 6, as they seek to create an ongoing perpetual subpoena for documents that seeks documents that are later prepared, created, or discovered.  Such an ongoing request is improper, overly broad, unbound in time, and overly burdensome.  Ms. Stone, a non-party to this litigation, is under no ongoing and continuing obligations to this subpoena for later created documents and none will be produced.

4.      Ms. Stone objects to Instruction No. 8, which seeks to require a privilege log from non-party Stone.  Ms. Stone will not prematurely produce a privilege log in response to this subpoena.  Furthermore, many of the subpoena requests seek privileged union work product and private union communications.   Ms. Stone has held a union position throughout the duration of the document request period.  To the extent the requests seek

**App. 8**

information and documents from Ms. Stone in her union capacity (as opposed to her individual capacity)  such requests seek core union communications between union members and their union representative regarding their personal union grievances and work-related questions.  Ms. Stone, as an individual with union representation authority and obligations, cannot divulge private union communications.

5.      Ms. Stone objects to Definition No. 9, which attempts to define, "relating to," "relating thereto," "related to," "reflect," "regarding," "represent," or "concerning."  The definitions are grossly overbroad and would render each request using these terms to be overly broad.  Ms. Stone will use the normal English language definition of these terms rather than the overly broad definitions provided by Plaintiff.

## II.      OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to:

(A) CARTER'S SOCIAL MEDIA ACTIVITY;

(B) Charlene Carter's religious believes, views, and practices;

(C) Carter's involvement in the RECALL EFFORT;

(D) Carter's membership or non-membership status, or her agency-fee payer status with LOCAL 556;

(E) the investigation and review of CARTER'S SOCIAL MEDIA ACTIVITY;

(F) CARTER'S TERMINATION;

(G) The grievance concerning CARTER'S TERMINATION.

**Response:**

A.  Please see the attached PDF document, which is a screenshot from a text message regarding a social media post by Ms. Carter.  In addition to this PDF document, Ms. Stone understands that all other responsive documents were already given to

**App. 9**

Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

B.  Please see the attached PDF document, which is a screenshot from a text message regarding a social media post by Ms. Carter.  In addition to this PDF document, Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

C.  In her personal capacity, Ms. Stone is not aware of any responsive documents.  Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

D.  In her personal capacity, Ms. Stone is not aware of any responsive documents.  Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

E.  In her personal capacity, Ms. Stone is not aware of any responsive documents.  Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

F.  In her personal capacity, Ms. Stone is not aware of any responsive documents.  Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

G.  In her personal capacity, Ms. Stone is not aware of any responsive documents.  Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously.  Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

**App. 10**

**Request No. 2.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to the SOCIAL MEDIA POLICIES.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 3.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to the RECALL EFFORT.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 4.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to any Southwest flight attendant's status as an agency-fee payer or nonmember of LOCAL 556.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 5.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to any report, complaint, or investigation of a Southwest flight attendant's social media activities in connection with the SOCIAL MEDIA POLICIES.

**Response:**

Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 6.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to:
- (A) instances where a Southwest flight attendant was terminated or otherwise disciplined in connection with the SOCIAL MEDIAL POLICIES;
- (B) grievances concerning discipline for violations of the SOCIAL MEDIA POLICIES; and
- (C) instances where any Southwest flight attendant terminated in connection with the SOCIAL MEDIA POLICIES was later reinstated.

**App. 11**

**Response:**

    A.  Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

    B.  Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

    C.  Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 7.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, involving your opinions regarding abortion or reproductive rights, or your responses to other persons' opinions regarding abortion or reproductive rights, limited to:

    (A) Those DOCUMENTS and COMMUNICATIONS exchanged between you and individuals who are or were LOCAL 556 employees, members, or officers through your respective personal email or social media accounts, personal cell phones, or other personal communication devices; and

    (B) Those DOCUMENTS and COMMUNICATIONS exchanged between you and individuals who are or were Southwest employees, through your respective personal email or social media accounts, personal cell phones, or other personal communication devices.

**Response:**

    A.  Other than the transcript of Plaintiff's arbitration hearing, wherein Ms. Stone was questioned about these issues, there are no responsive documents.  Ms. Stone does not have a copy of the arbitration transcript but believes Plaintiff's counsel likely already has a copy of her own arbitration hearing.

    B.  Other than the transcript of Plaintiff's arbitration hearing, wherein Ms. Stone was questioned about these issues, there are no responsive documents.  Ms. Stone does not have a copy of the arbitration transcript but believes Plaintiff's counsel likely already has a copy of her own arbitration hearing.

**Request No. 8.**  Produce your DOCUMENTS and COMMUNICATIONS since January

**App. 12**

1, 2014, in your personal possession, custody, or control, involving your opinions regarding Southwest employees' religious beliefs, views, or practices.

**Response:**

Ms. Stone is unaware of any responsive documents.

**Request No. 9.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, involving your responses to other persons' opinions regarding Southwest employees' religious beliefs, views, or practices.

**Response:**

Ms. Stone is unaware of any responsive documents.

DATED:  <u>Monday, July 20, 2020</u>                     Respectfully submitted,

                                                       GILLESPIE SANFORD, L.L.P.
                                                       4803 Gaston Ave.
                                                       Dallas, Texas  75246
                                                       Tel.:    (214) 800-5111
                                                       Fax:     (214) 838-0001

                                                       By  <u>/s/ Joseph H. Gillespie</u>
                                                              Joseph H. Gillespie
                                                              *Attorney-in-Charge*
                                                              Texas Bar No. 24036636
                                                              joe@gillespiesanford.com

                                                       **ATTORNEY   FOR   AUDREY STONE**

**App. 13**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing subpoena response has been served upon the following counsel for Plaintiffs via email on July 20, 2020:

Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)
Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*)
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas  75204-0817

Mr. Jeffrey D. Jennings (via email:  *jdj@nrtw.org*)
Mr. Matthew B. Gilliam (via email:  mbg@nrtw.org)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160

**App. 14**

**<u>Certificate of Service</u>**

I hereby certify that on July 24, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


s/ Matthew B. Gilliam