IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Southwest Airlines Co. ("Southwest") partially opposes Plaintiff Charlene Carter's ("Carter or Plaintiff") Motion for Leave to File a Sur-Reply. Carter and her counsel, Matthew Gilliam ("Gilliam") intentionally withheld all evidence concerning the Audrey Stone ("Stone") subpoena until filing their response to Southwest's Emergency Motion. Now, Carter seeks to add new evidence in a sur-reply because she claims it is unfair that Southwest responded to some her new evidence in Southwest's reply. Carter is wrong.

Nonetheless, Southwest has not opposed Carter's request to submit her and Gilliam's declarations regarding the three times they allegedly attempted service at Stone's home. These declarations merely dispute the claim that Carter and her counsel used Southwest systems to attempt to serve Stone on the exact three days reported in Southwest systems that Stone was on sick call. Southwest has no objection to the Court considering those declarations for exactly what they demonstrate—Carter and her counsel again asking this Court to believe that everything here is one very unlikely coincidence. However, Southwest *does dispute* Carter's

attempt to expand the sur-reply to express Carter's views regarding the prospect for future harassment and to discuss the contents of Stone's July 20, 2020 subpoena response. These matters have nothing to do with anything new raised in Southwest's reply.

Accordingly, consistent with the heavy presumption against sur-replies, the Court should deny Carter's motion in whole or in part as the Court deems appropriate.

### A.   Carter's sur-reply should be rejected.

Carter made a choice to refuse to provide information about the process that led to Stone's terrifying experience of being served at night by an armed man at her crew hotel in New Mexico. In fact, Carter's refusal to cooperate with Southwest counsel is the very reason Southwest had to bring its Emergency Motion. Carter now complains that it is unfair Southwest provided new clarification in its reply in response to the evidence Carter withheld and attempted to produce as a surprise. The Court should not validate Carter's gamesmanship, and it should reject her request for leave.

Sur-replies are "heavily disfavored." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 n.2 (5th Cir. 2014). As this Court has noted, such submissions are "a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001); *see also Ponder Research Group, LLP v. Aquatic Navigation, Inc.*, 2009 WL 2868456, *13 (N.D. Tex. Sept. 4, 2009) (denying motion for leave to file sur-reply because "[u]nder the local rules, the movant is generally entitled to file the last pleading."). Accordingly, courts only allow a party to file a sur-reply "in exceptional or extraordinary circumstances." *Lacher*, 147 F. Supp. 2d at 539. It is the moving party's burden to demonstrate the need for a surreply. *See My Fabric Designs, Inc. v. F+W Media, Inc.*, 2018 WL 1138436, *10 (N.D. Tex. Mar. 02, 2018). Courts will "deny a party leave to file a surreply when that party seeks only to respond to arguments – even new ones – relating to an issue the

party already addressed[.]" *Austin v. Kroger Tex. L.P.*, 2016 WL 1322248, *2 (N.D. Tex. Apr. 5, 2016) (*citing Warrior Energy Servs. Corp.*, 551 Fed. Appx. at 751 n.2)).

Here, Carter predicates her motion for leave to file a surreply on Southwest's alleged incorrect or "misleading portrayal of factual information." Dkt. No. 108 p. 1. Specifically, Carter objects to Southwest providing reply evidence showing that all three of Carter's attempts to serve Stone at her residence occurred on the only days in June on which Stone had reported to Southwest that she would be out on sick leave.[1] While Carter may disagree with Southwest regarding the import of this fact, there is nothing misleading or false about what Southwest has submitted. Once again, Carter and Gilliam ask the Court to disregard the evidence of their misuse of Southwest data by blaming unidentified third parties. This time they ask the Court to believe that a process server—with no guidance or direction from counsel—independently decided to make three service attempts on the dates in question. Of course, those three service attempts just happened to be on the days that Southwest's computer system would have led a reasonable observer to expect Stone to be home.

In reality, Carter's sur-reply is not about unfairness or anything misleading in Southwest's reply. Carter simply wishes to have the last word to explain away damning information that suggests misconduct by herself and counsel after she attempted to surprise Southwest with the home service information. Meanwhile, she seeks to introduce new arguments beyond the scope of that issue to gain a still further improper advantage. Such a basis is not sufficient to warrant inverting standard motion practice, which gives the moving party the final opportunity to present arguments to the Court. *See* L.R. 7-1. Carter has not demonstrated

---

[1] The reason Southwest first discussed this in its reply is because Gilliam declined to divulge information regarding his service attempts. Gilliam first provided the dates and location of attempted service in Carter's opposition to Southwest's motion.

the extraordinary circumstances required to justify filing a surreply. *See, e.g., H-W Tech., L.C. v. Overstock.com, Inc.*, 2014 WL 4378750, *2 (N.D. Tex. Aug. 15, 2014) (holding that claims a party mischaracterized evidence did not warrant allowing a sur-reply); *Pittman v. Seterus, Inc.*, 2019 WL 2425196, *2-3 (N.D. Tex. May 10, 2019) (same).

### B. At most, the Court should only consider Carter's factual submissions regarding her attempts to serve Stone at home.

Southwest expressly told Carter and Gilliam that it would not oppose their request to file a sur-reply addressing Carter's selection of the three specific dates for attempting service at Stone's home. However, Carter and Gilliam refused to limit their sur-reply accordingly. As a result, the Court should—at most—consider only the unopposed portions of the sur-reply.

As discussed above, courts rarely accept surreplies. Where courts do so, they only allow the party to address newly-asserted legal theories or evidence. *Pittman*, 2019 WL 2425196, *2-3. On the other hand, "[i]t is clear-cut that a court should not grant a motion for leave to file a surreply if the surreply does not contain new arguments or evidence that address the reply brief." *Domain Vault LLC v. Rightside Grp., Ltd.*, 2017 WL 4298133, *1 (N.D. Tex. Sept. 28, 2017). Similarly, courts do not accept surreplies that merely restate prior arguments. *See Austin v. Kroger Texas, LP*, 864 F.3d 326, 336 (5th Cir. 2017).

While Carter's supplemental submission briefly addresses service and Stone's scheduling, it also addresses: (a) Carter's and Gilliam's past and present access to Stone's scheduling information (*see* dkt. no. 108-1 pp. 1-2; dkt. no. 108-2 p. 4 ¶ 5; *id.* at p. 8 ¶¶ 5, 9); (b) Carter's views regarding potential harassment of Stone (*see* dkt. no. 108 p. 3; dkt. no. 108-1 p. 2)[2]; and (c) Stone's July 20, 2020 response to Carter's subpoena (*see* dkt. no. 108-1 p. 2; dkt. no.

---

[2] Not only are Carter and Gilliam restating their prior arguments, their arguments give away the truth of their misconduct. For example, Plaintiff asserts that they promise they have stopped illegally securing Stone's information and, as a result, Stone has no basis to still be afraid. Dkt.

4

108-2 p. 8 ¶ 10, pp. 11-20).

Importantly, Carter and Gilliam already discussed (or had the opportunity to discuss) their access (or their alleged lack thereof) to Stone's schedule, and issues regarding harassment of Stone in the opposition papers. *See* Dkt. No. 104 pp. 16-18, 23-24; dkt. no. 105-3 pp. 2-3 ¶¶ 4-5; dkt. no. 105-4 p. 3 ¶¶ 6-11. Additionally, the content of Stone's response to the subpoena is immaterial to the issues in Southwest's motion and non-responsive to any "new" facts Southwest raised in its reply. Accordingly, there is no basis for the Court to consider a surreply addressing these topics, which constitute the bulk of Carter's submission. *See Domain Vault LLC*, 2017 WL 4298133, *1. If the Court is inclined to accept Carter's surreply, it should only consider those portions that address Stone's sick time and attempts to serve her with a subpoena at her home.

*****

Even though Carter's own strategy of obstruction forced Southwest to submit evidence in its reply, Southwest was willing to agree to a sur-reply that solely addressed issues regarding attempts to serve Stone with a subpoena at her home. But Carter rejected that offer. She now remains unable to show that any sur-reply is appropriate. Accordingly, the Court should deny Carter's motion. To the extent the Court is inclined to accept Carter's sur-reply, it should only consider those portions that relate to attempts to serve Stone with a subpoena at her home.

---

No. 108 p. 2. This argument is a *non sequitur*. Carter has a long history of harassing Stone. Carter even admits she engaged in all of the prior harassment that led to her termination. Meanwhile, Gilliam refuses to accept any responsibility for the abuses he directed. Thus, the only way to prevent future intimidation and harassment here is to stop Carter and Gilliam's inappropriate access to Southwest systems.

5

...

Dated July 27, 2020  Respectfully submitted,

*/s/ Michael A. Correll*
Michael A. Correll
State Bar No. 24069537
**REED SMITH LLP**
2501 N. Harwood Street
Suite 1700
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
Email: mcorrell@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's ECF System on this 27th day of July 2020.

*/s/ Michael A. Correll*
Michael A. Correll

6

US_ACTIVE-154501271.3