UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X<br><br>**PLAINTIFF CHARLENE CARTER'S REPLY TO SOUTHWEST'S RESPONSE TO CARTER'S MOTION FOR LEAVE TO FILE A SUR-REPLY** |

The Court should grant Plaintiff Charlene Carter's Motion for Leave to File a Sur-reply (ECF 108, 108-1, 108-2) because she seeks to present evidence responding to Southwest's new factual allegations in its Reply (ECF 106) about why the Tampa process server attempted service on Stone's residence during the days Stone alleges she was on sick leave. SWA Reply 3-4. Carter also requests the Court's leave to present evidence showing the implausibility of Stone's new allegations in its Reply that she is "even more afraid now" than before, and that she will be "stalked" and "monitored" by Carter and Gilliam. (ECF 107, p.5 ¶ 24).

While generally disfavored,[1] sur-replies are appropriate when the movant's reply attempts to present new evidence or raise new legal theories. *See e.g., Murray v. TXU Corp.*, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005). It is within the sound discretion of the courts to grant leave to file a sur-reply. *See e.g., Donnelly v. Nissan Motor Co.*, No. 5:19-CV-0882-JKP, 2019 WL 6340153, at *2 (W.D. Text. Nov. 26, 2019) (citing *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014)).

---

[1] See SWA Resp. 4 (arguing and citing cases for the proposition that sur-replies are disfavored).

1

Southwest proffered these new allegations in its Reply and attached new supplemental declarations without seeking leave of Court. Southwest should not be allowed to lob new allegations and declarations in its Reply, and then try to keep Carter from being able to answer them. Courts "generally will not consider arguments raised for the first time in a reply brief … [but] [a]n exception may be made … and leave to file a surreply may be granted to allow the nonmovants … a chance to respond to the movant's newly-asserted theories or evidence." *Pittman v. Seterus, Inc.*, No. 3:18-CV-3076-M-BH, 2019 WL 2425196, at *2 (N.D. Tex. May 10, 2019) (internal punctuation and citations omitted); *see also Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."). The Court should permit Carter to respond to the evidence and theories Southwest raised for the first time in its Reply, and the Court should have all the available evidence before it.

### A. The Court should grant Carter's request to present evidence showing why service was attempted on Stone's residence during the days she alleges she was on sick leave.

The Court should grant Carter's request to present evidence regarding the timing of her process server's attempts to serve Stone at her Tampa residence, and Carter's and Gilliam's lack of knowledge regarding Stone's sick leave. (ECF 108-1, pp.1-2); (ECF 108-2, p.4, ¶ 4); (ECF 108-2, p.4, ¶¶ 7-8). In its Reply, Southwest introduced entirely new evidence that Stone was on sick leave during the dates when Carter's first process server unsuccessfully attempted to effectuate service on Stone at her Tampa residence. SWA Reply 3-4; (ECF 107, pp.4-5 ¶¶ 5-6, 8). Relying on that information, Southwest posits the false and misleading theory that the process server's unsuccessful attempts to serve Stone on those dates at her residence in Tampa "indicate[] that Gilliam and Carter had access to Stone's schedule" at that time. SWA Reply 3-4; (ECF 107, pp.4-5 ¶¶ 5-6, 8-9, 24). Carter's proposed sur-reply rebuts this with evidence demonstrating that Southwest's new theory and allegations are false. Southwest admits that it introduced new factual

allegations to support its Motion. SWA Reply 3 n.2. This admission warrants Carter's having the right to respond.

When Gilliam conferred with Correll regarding this motion, Southwest did not oppose Carter's request for leave to present this evidence. SWA Resp. 1; Carter Mot. 8 (certificate of conference). But, Southwest's Response to this Motion appears to do an about-face. While acknowledging that it "has not opposed" this specific request, Southwest then argues that the Court should reject her motion in its entirety based on false representations that Carter "intentionally withheld all evidence" concerning the Stone subpoena. SWA Resp. 1, 2. That argument is absurd.

Contrary to Southwest's representations, Carter gave Southwest and Local 556 notice on June 12 that she would attempt to serve Stone at her Tampa residence as early as June 19. (ECF 105-2). Carter's Response confirmed the dates when S & W Process Service made those attempts in Tampa. Carter Resp. 2. Contrary to Southwest's mischaracterizations, Gilliam did not "decline[] to divulge information regarding his service attempts." SWA Resp. 3 n.1.[2] Prior to filing Southwest's emergency motion, Correll and Gilliam discussed Southwest's demands that Gilliam identify who gave him information regarding Stone's whereabouts for the successful service of Stone by a different process server in Albuquerque. (ECF 102, pp.38-40 ¶¶ 9-19); (ECF 105-4, p.4 ¶¶ 15-16). But Correll and Gilliam never discussed S & W's service attempts in Tampa during these conversations, and those facts did not become relevant until Carter was forced to respond to Southwest's emergency motion concerning the Albuquerque service. Furthermore, Gilliam had no duty to participate in the collateral matter of Southwest's internal investigation of alleged employee misconduct, particularly where his participation would force him to breach his ethical duty to protect his client's evidentiary privileges.

---

[2] Notably, Southwest does not cite any support for this proposition.

Notwithstanding Southwest's contentions, Southwest ultimately does not oppose Carter's request to present information in response to Southwest's allegations and speculations regarding the unsuccessful service in Tampa. SWA Resp. 1. Therefore, the Court should grant Carter's motion for leave.

**B. The Court should also grant Carter's request to present evidence showing the implausibility of Stone's new allegations that she is "even more afraid now" than before that she will be subject to continued "stalking" and "monitoring" by Carter and Gilliam.**

The Court should also grant Carter's request because Stone's supplemental declaration raised new factual allegations that Stone is "even more afraid now than [she] was before" that "whoever is stalking me can continue to monitor my whereabouts, both in airports and my hotel overnights." (ECF 107 pp.7-8, ¶ 24). While Southwest maintains that Stone's response to the subpoena is immaterial, Carter's Sur-reply presents it as new evidence that Stone's representations of being afraid of continued "stalking" and "monitoring" are baseless, since Stone responded to the subpoena on July 20, 2020, raised no objections to the manner of service, and did not seek a protective order or motion to quash. (ECF 108-1, p.2); (ECF 108-2, p.8 ¶¶ 9-10); (ECF 108-2, pp. 11, 13-15). Thus, Stone's new allegations regarding her continued fear of returning to work are implausible, and the Court should have that rebuttal evidence before it decides Southwest's motion.

## CONCLUSION

For the foregoing reasons the Court should grant Carter's Motion for Leave to file her Sur-Reply and Supplemental Declarations.

Dated: July 29, 2020                    Respectfully submitted,

                                                  s/ Matthew B. Gilliam
                                                  Mathew B. Gilliam (*admitted pro hac vice*)
                                                  New York Bar No. 5005996
                                                  *mbg@nrtw.org*

Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
 Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

*Attorneys for Plaintiff Charlene Carter*

## **Certificate of Service**

I hereby certify that on July 29, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam