**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**PLAINTIFF CHARLENE CARTER'S RENEWED MOTION TO COMPEL DISCOVERY FROM DEFENDANT TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556** |

  Pursuant to this Court's June 23, 2020 Discovery Order (ECF 99), and Federal Rules of Civil Procedure, Rules 26 and 37, Plaintiff Charlene Carter ("Carter"), by and through her counsel, hereby files this Motion to Compel Defendant Transport Workers Union of America Local 556 ("Local 556"), to comply with the Federal Rules and Discovery Order as requested herein and in her supporting Brief filed contemporaneously with this Motion.

  Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). On May 14, 2020, Carter filed a Motion to Compel involving RFPs 9-11, 13, 18, 19, 21-23, and Interrogatories 1-3. On June 23, 2020, the Court entered a Discovery Order that required Local 556 to serve Carter with an amended privilege log by July 31, 2020, and allowed Carter to renew her Motion to Compel challenging Local 556's privilege claims as to specific documents by August 14, 2020. Order 3. The Court's Order also required Carter and Local 556 to meaningfully confer by August 14, 2020, regarding issues involving RFPs 9, 10, 13, 18, 19, 21-23, and Interrogatory 3. Order 3-4.

1

Following the Discovery Order, Carter and Local 556 conferred by telephone on July 1, July 28, and August 7, regarding RFPs 9-11, 13, 18, 19, 21-23, and Interrogatories 1-3, and other issues related to the Court's Order and Carter's Motion to Compel. While Carter and Local 556 resolved some of their discovery disputes, Local 556 still has not produced responsive information in its possession, custody, and control, or cured deficiencies with its amended privilege log.

First, the Court should order that Local 556 must produce responsive information in the union's possession, custody, or control, wherever located, including information kept by union executive board members, employees, and working women's committee members, on their personal email accounts and electronic devices. *See Harper v. City of Dallas*, No. 3:14-cv-2647-M, 2017 WL 3674830, at *17 (N.D. Tex. Aug. 25, 2017) (citation omitted); *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, Civ. No. 15-638, 2017 WL 2267149, at *3 (E.D. La. May 24, 2017).

Second, the Court should also order Local 556 to cure deficiencies with its August 3, 2020 privilege log, or rule that the union has waived its attorney-client and work product privilege claims for RFPs 1-13, 15, 21-22, 24, and Interrogatories 1-2, for failing to properly support of its claims. Local 556's amended privilege log does not comply with the Court's Discovery Order.

The Court should grant Carter's Renewed Motion to Compel as requested herein and in her accompanying Brief, and order the union to pay attorneys' fees and expenses in accordance with Fed. R. Civ. P. 37(a)(5)(A).

Dated: August 21, 2020                     Respectfully submitted,


        s/ Jason E. Winford (*with permission*)
        David E. Watkins
        Texas Bar No. 20922000
        *dwatkins@jenkinswatkins.com*
        Jason E. Winford
        Texas Bar No. 00788693
        *jwinford@jenkinswatkins.com*

JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
 Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that Plaintiff's counsel, Matthew B. Gilliam, conferred with counsel for Defendant Transport Workers Union of America Local 556, Adam Greenfield, by telephone on July 1, 2020, July 28, 2020, August 7, 2020, August 20, 2020, and August 21, 2020, regarding the Court's June 23, 2020 Discovery Order, Carter's Motion to Compel, and numerous related discovery issues. On July 1, July 28, August 7, and August 20, Greenfield and I discussed Local 556's objection to producing information in the union's possession, custody, or control, wherever located, including union information kept outside of the union office, by union officers, stewards, employees, representatives, and agents, from sources such as personal emails and personal electronic devices. Greenfield was opposed to producing such information until August 20, 2020, at which point he indicated that he had issued a formal request to Local 556 to start searching the personal devices and email accounts of past and present executive board members. But, at the time of this motion, Local 556 had not produced such information.

Greenfield and I also conferred by telephone on August 7, 2020, August 20, 2020, and August 21, 2020, regarding Local 556's amended privilege log and Carter's claims that the amended log is deficient. We discussed Carter's claim that Local 556's privilege log remains deficient because it does not provide information for each document withheld, does not identify specific authors and recipients, does not give an adequate explanation of each document's contents, and excludes entries for all of the documents for which the union asserted work product privilege. Greenfield did not agree that it was deficient in any of those respects.

Also during the August 21 call, I asked Greenfield whether Carter's Renewed Motion to Compel would be opposed, but Greenfield would not definitively state whether Local 556 would oppose the motion on every issue. Greenfield did not return my subsequent call on August 21, 2020, regarding the contents of the Renewed Motion. Based on our disagreement on these issues

in our numerous conversations, I presume that Local 556 opposes Carter's Renewed Motion to Compel.

s/ Matthew B. Gilliam

### Certificate of Service

I hereby certify that on August 21, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.



s/ Matthew B. Gilliam