# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLENE CARTER,** § § § | |
| **Plaintiff,** § | Civil Action No. 03:17-cv-02278-X |
| v. § § | |
| **SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA LOCAL 556,** § § § § § | |
| **Defendants.** § | |

### OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     S&W Process Service
2801 N. Florida Ave.
Tampa, FL 33602

Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*), Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200 , Dallas, Texas 75204-0817; AND Mr. Jeffrey D. Jenningsappell (via email: *jdj@nrtw.org*), Mr. Matthew B. Gilliam (via email: mbg@nrtw.org) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia 22160.

Pursuant to the Federal Rules of Civil Procedure, non-party Audrey Stone, who has been served with a subpoena by Plaintiff Charlene Carter, submits the following objections and answers to Plaintiff's subpoena.

## I. OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Because Plaintiff's proposed definitions and instructions impact each request posed by Plaintiff, Ms. Stone incorporates the following objections throughout the answers given to each request within the Subpoena.

1. Ms. Stone objects to Instruction No. 1 as it is overly broad and seeks documents from third parties such as Ms. Stone's attorneys and/or TWU Local 556. Ms. Stone will provide documents within her personal custody, possession, or control, but she will not seek out documents that may be exclusively in the possession of third parties.

2. Ms. Stone objects to Instruction No. 3, as seeking the labeling of documents rather than mere production of documents as they are maintained. Ms. Stone will produce any responsive documents which have not already been provided to Plaintiff's counsel through TWU Local 556 or Southwest Airlines as they are maintained in her normal records.

3. Ms. Stone objects to Instruction Nos. 5 and 6, as they seek to create an ongoing perpetual subpoena for documents that seeks documents that are later prepared, created, or discovered. Such an ongoing request is improper, overly broad, unbound in time, and overly burdensome. Ms. Stone, a non-party to this litigation, is under no ongoing and continuing obligations to this subpoena for later created documents and none will be produced.

4. Ms. Stone objects to Instruction No. 8, which seeks to require a privilege log from non-party Stone. Ms. Stone will not prematurely produce a privilege log in response to this subpoena. Furthermore, many of the subpoena requests seek privileged union work product and private union communications. Ms. Stone has held a union position throughout the duration of the document request period. To the extent the requests seek

information and documents from Ms. Stone in her union capacity (as opposed to her individual capacity) such requests seek core union communications between union members and their union representative regarding their personal union grievances and work-related questions. Ms. Stone, as an individual with union representation authority and obligations, cannot divulge private union communications.

5. Ms. Stone objects to Definition No. 9, which attempts to define, "relating to," "relating thereto," "related to," "reflect," "regarding," "represent," or "concerning." The definitions are grossly overbroad and would render each request using these terms to be overly broad. Ms. Stone will use the normal English language definition of these terms rather than the overly broad definitions provided by Plaintiff.

## II.  OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1.** Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to:

(A) CARTER'S SOCIAL MEDIA ACTIVITY;

(B) Charlene Carter's religious believes, views, and practices;

(C) Carter's involvement in the RECALL EFFORT;

(D) Carter's membership or non-membership status, or her agency-fee payer status with LOCAL 556;

(E) the investigation and review of CARTER'S SOCIAL MEDIA ACTIVITY;

(F) CARTER'S TERMINATION;

(G) The grievance concerning CARTER'S TERMINATION.

**Response:**

A. Please see the attached PDF document, which is a screenshot from a text message regarding a social media post by Ms. Carter. In addition to this PDF document, Ms. Stone understands that all other responsive documents were already given to

    Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

B. Please see the attached PDF document, which is a screenshot from a text message regarding a social media post by Ms. Carter. In addition to this PDF document, Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

C. In her personal capacity, Ms. Stone is not aware of any responsive documents. Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

D. In her personal capacity, Ms. Stone is not aware of any responsive documents. Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

E. In her personal capacity, Ms. Stone is not aware of any responsive documents. Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

F. In her personal capacity, Ms. Stone is not aware of any responsive documents. Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

G. In her personal capacity, Ms. Stone is not aware of any responsive documents. Ms. Stone understands that all other responsive documents were already given to Plaintiff's counsel through the Union and/or Southwest Airlines during the arbitration and/or litigation process previously. Ms. Stone objects to re-producing documents she has already helped provide to Plaintiff's counsel.

**Request No. 2.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to the SOCIAL MEDIA POLICIES.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 3.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to the RECALL EFFORT.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 4.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to any Southwest flight attendant's status as an agency-fee payer or nonmember of LOCAL 556.

**Response:**

In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 5.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to any report, complaint, or investigation of a Southwest flight attendant's social media activities in connection with the SOCIAL MEDIA POLICIES.

**Response:**

Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 6.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, related to:
   (A) instances where a Southwest flight attendant was terminated or otherwise disciplined in connection with the SOCIAL MEDIAL POLICIES;
   (B) grievances concerning discipline for violations of the SOCIAL MEDIA POLICIES; and
   (C) instances where any Southwest flight attendant terminated in connection with the SOCIAL MEDIA POLICIES was later reinstated.

**Response:**

A. Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

B. Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

C. Ms. Stone objects to the extent this request attempts to seek privileged and confidential internal union communications and/or union member communications.  Ms. Stone objects that this request is overly broad and unduly burdensome.  In her personal capacity, Ms. Stone is not aware of any responsive documents.

**Request No. 7.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, involving your opinions regarding abortion or reproductive rights, or your responses to other persons' opinions regarding abortion or reproductive rights, limited to:
 (A) Those DOCUMENTS and COMMUNICATIONS exchanged between you and individuals who are or were LOCAL 556 employees, members, or officers through your respective personal email or social media accounts, personal cell phones, or other personal communication devices; and
 (B) Those DOCUMENTS and COMMUNICATIONS exchanged between you and individuals who are or were Southwest employees, through your respective personal email or social media accounts, personal cell phones, or other personal communication devices.

**Response:**

A. Other than the transcript of Plaintiff's arbitration hearing, wherein Ms. Stone was questioned about these issues, there are no responsive documents.  Ms. Stone does not have a copy of the arbitration transcript but believes Plaintiff's counsel likely already has a copy of her own arbitration hearing.

B. Other than the transcript of Plaintiff's arbitration hearing, wherein Ms. Stone was questioned about these issues, there are no responsive documents.  Ms. Stone does not have a copy of the arbitration transcript but believes Plaintiff's counsel likely already has a copy of her own arbitration hearing.

**Request No. 8.**  Produce your DOCUMENTS and COMMUNICATIONS since January

1, 2014, in your personal possession, custody, or control, involving your opinions regarding Southwest employees' religious beliefs, views, or practices.

**Response:**

Ms. Stone is unaware of any responsive documents.

**Request No. 9.**  Produce your DOCUMENTS and COMMUNICATIONS since January 1, 2014, in your personal possession, custody, or control, involving your responses to other persons' opinions regarding Southwest employees' religious beliefs, views, or practices.

**Response:**

Ms. Stone is unaware of any responsive documents.

DATED:  Monday, July 20, 2020

Respectfully submitted,

**GILLESPIE SANFORD, L.L.P.**
4803 Gaston Ave.
Dallas, Texas  75246
Tel.:   (214) 800-5111
Fax:   (214) 838-0001

By  /s/ *Joseph H. Gillespie*
       Joseph H. Gillespie
       *Attorney-in-Charge*
       Texas Bar No. 24036636
       joe@gillespiesanford.com

**ATTORNEY FOR AUDREY STONE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing subpoena response has been served upon the following counsel for Plaintiffs via email on July 20, 2020:

Mr. David E. Watkins (via email: dwatkins@jenkinswatkins.com)
Mr. Jason E. Winford (via email: jwinford@jenkinswatkins.com)
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas  75204-0817

Mr. Jeffrey D. Jennings (via email: jdj@nrtw.org)
Mr. Matthew B. Gilliam (via email: mbg@nrtw.org)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160