# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLENE CARTER,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 03:17-cv-02278-S** |
| **v.** | § | |
| | § | |
| **SOUTHWEST AIRLINES CO., AND** | § | |
| **TRANSPORT WORKERS UNION** | § | |
| **OF AMERICA LOCAL 556,** | § | |
| | § | |
| **Local 556s.** | § | |

## DEFENDANT TRANSPORT WORKERS UNION OF AMERICA LOCAL 556'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO COMPEL

TO THE HONORABLE DISTRICT COURT JUDGE DAVID COUNTS:

Defendant Transport Workers Union of America Local 556 ("TWU and/or Local 556") objects to Plaintiff Charlene Carter's ("Plaintiff and/or Carter") Renewed Motion to Compel Discovery, and respectfully states as follows:

## I.        INTRODUCTION AND BACKGROUND

Despite Defendant Union's efforts, Plaintiff's counsels are intent on playing a game of cat and mouse regarding discovery in an effort to drive up attorneys' fees and costs. Indeed, Plaintiff's counsel spends nearly four misleading pages of briefing dedicated to the parties efforts to resolve remaining discovery issues.

The primary remaining discovery issue boils down to proportionality, something the Parties' counsels have discussed on numerous occasions. Plaintiff's monetary damages against the Union in this matter are relatively small, low five figures to be generous. Defendant Union cannot be sure as Plaintiff has not complied with **Fed. R. Civ. P.**

**26(a)(1)(A)(iii),** failing to provide "a computation of each category of damages claimed by the disclosing party". Plaintiff also consistently rebukes mediation overtures.

Despite the low damages, Plaintiff has increasingly demanding discovery needs, far exceeding the proportionality of the damages. Plaintiff believes their discovery demands are proportionate because Plaintiff wants her employment to be reinstated. Notably, reinstating Plaintiff's employment is not something the Union Defendant can remedy, as reinstatement is in the control of her former employer, Defendant Southwest Airlines, not Plaintiff's former Union. Also of note is that prior to Plaintiff's termination, Defendant Union was able to negotiate continued employment for Plaintiff, which she refused to accept.

Ultimately, Plaintiff's renewed Motion to Compel is two part: (1) a false allegation that the Union is refusing to produce documents - to date, the Union has produced over 8,000 documents; and (2) that Defendant's privilege log is inadequate – an issue not fully raised until the night before Plaintiff filed this Motion to Compel.

## II.  ARGUMENTS AND AUTHORITY

### A.  Production of Documents

The Union has produced over 8,000 documents in this matter, including the requested communications taking place on any and all Union emails and those documents kept internally on Union premises. Prior to the Parties conferring on production of documents, Plaintiff's counsel was unreasonably and disproportionately requesting Defendant Union produce communications taking place on any and all private email and devices for over 14,000 members of the Union.

Through conference, and prior to the filing of this Motion, the Union produced amended discovery responses regarding the requests in question, to produce "all [] responsive documents and communications in the possession, custody, or control from Executive Board Members, Union Committee members, Union employees, and Chris Sullivan, that were made in their capacities as union agents." e.g. Unions response to Plaintiff's Request for Production No. 11. Notably, an August 7 email from Plaintiff's counsel requested just this:

> "RFP 11; Interrogatories 1-2 (communications about Carter's social media activities and her termination):
> Executive Board members
> Union committee members (e.g., Working Women's Committee, Civil and Human Rights
> Committee, Health Committee, Education Committee, Committee on Political Education, Shop
> Steward Committee, Grievance Committee, Professional Standards Committee, Communications
> Committee members)
> Union employees
> Chris Sullivan"

Discovery is ongoing, and Defendant Union will continue to produce responsive documents if and/or when they are recovered from individuals personal email and/or devices in accordance with their amended discovery responses.

## B. TWU Local 556 has made good faith and timely attempts to provide Plaintiff with information to challenge privilege, thus privileges should not be waived.

Privilege should be upheld unless there is a "[c]ontinual failure to adhere to Rule 26's prescription [resulting] in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith."[1]

---

[1] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 n.3 (5th Cir. 2017), citing *United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003).

Further, Plaintiff, as with their first motion to compel, failed to comply with Local Rule 7.1(a) – Motion Practice, as they only informed Defendant Union of numerous alleged privilege log deficiencies the night before filing this Motion to Compel[2]. Nevertheless, the Union believes they have complied with the Court's Order.

Indeed, one of the entries in the privilege log, and raised by Plaintiff regarding Tammy Schaffer, was agreed to be included on the privilege log in error, but time was not afforded to the Union for correction prior to the filing of this motion.

### 1. Defendant's Privilege Identification Documents comply with Fed. R. Civ. P. 26(b)(5)(A).

Fed. R. Civ. P. 26(b)(5)(A) provides that when claiming privilege or protecting trial materials, a party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[3] Defendants believe they have fully complied with the above requirements.

### a. Documents v. Entries

On August 20/21, Defendant Union's counsel provided the following information to Plaintiff via email:

> "The information listed in the current privilege log is the accurate information regarding attorney client privilege documents. I believe there may have been some initial confusion regarding the number of pages withheld and actual documents."
>
> ….

[2] Plfs. Motion to Compel - Ex. C
[3] See also, Id.

"to clarify on the above, the updated privilege log lists all of the documents being withheld based on a privilege assertion. The total number 1216, represents pages that are incorporated with the 40 individual items listed."

Defendant Union does not understand Plaintiff's continued issues with this response. Ultimately, the items listed in Defendants privilege log are the documents being withheld under this privilege.

## C. Attorney Work Product Issues

All of Defendants work product claims involve issues and documents that are one and the same, and are documents that have been submitted to the Court for *in camera* inspection. Defendant Union simply does not understand the issues being presented by Plaintiff.

## D. Assuming, *arguendo*, that Plaintiff's Motion to Compel is granted, their request for attorney's fees should be denied.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

First and foremost, attorneys fees should be denied as the Motion did not comply with Local Rule 7.1. In addition, as noted above, Defendant has also shown substantial justification to assert their objections to the Request for Production in question, and should

not be penalized for their differing legal opinion. Sometimes parties must simply agree to disagree on matters and request assistance and guidance from the Judge.

### III.  CONCLUSION

Defendant requests that Plaintiff's Motion to Compel be denied as well as their request for attorneys' fees. Defendant also seeks a hearing on the above motion.

Respectfully submitted,

 /s/ Adam S. Greenfield_____
Adam S. Greenfield
Texas Bar No. 24075494
Email:  agreenfield@candglegal.com

*Board Certified in Labor & Employment*
*Law by the Texas Board of Legal*
*Specialization*

Edward Cloutman, III – Of Counsel
Texas Bar No. 04411000
Email:  ecloutman@lawoffices.email

**LAW OFFICE OF**
**CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9222
214.939.9229 FAX

**COUNSELS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I undersigned hereby certifies that on September 11, 2020, a true and correct copy of the foregoing document was served via the ECF notification on Defendants' counsel of record as well as the Court.

/s/ Adam S. Greenfield_____
Adam S. Greenfield