IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
|       Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 03:17-cv-2278-X |
| | § | |
| SOUTHWEST AIRLINES CO. and | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
|       Defendants. | § | |

# **DISCOVERY ORDER**

Before the Court is Plaintiff Charlene Carter's renewed Motion to Compel Discovery from Defendant Transport Workers Union of America, Local 556 (Local 556). (ECF No. 120). The Court previously ruled on discovery disputes in this case on June 23, 2020 ordering Local 556 to amend its privilege log and produce documents responsive to Plaintiff's requests for Production Nos. 1, 3–6, and 18–22. (ECF No. 99). Plaintiff renewed her motion to compel on August 14th, claiming (1) Local 556's privilege log remains deficient and (2) Local 556 has yet to produce all responsive information within its custody and control. (ECF No. 120). Local 556 contends that some of the requested documents are protected work product material. (ECF No. 127). After considering the motion, Local 556's response, the arguments made at a hearing held on September 21, and the applicable law, the Court determines that the motion should be GRANTED in part and DENIED in part, as set forth below.

1

I. <u>Local 556's privilege log is deficient and must be supplemented by October 5, 2020.</u>

Local 556's privilege log (ECF No. 94-7) is deficient because it does not set forth sufficient information *as to each document withheld* to permit Plaintiff to challenge the merits of the privilege claim. *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) ("[A] privilege log's description *of each document* and its contents must provide sufficient information to permit courts and other parties to test the merits of the privilege claim." (emphasis added) (internal quotation marks and alterations omitted)). Local 556 must supplement its privilege log to identify—by name and job title—the author(s) and recipient(s) for each entry. Additionally, documents in the privilege log must be bates labeled. Accordingly, Local 556 must supplement the privilege log and serve it on Carter no later than **October 5, 2020**.

II. <u>Local 556 must produce responsive information within its custody and control no later than dates set by the Court.</u>

Carter also requests disclosure of the letters authored by Local 556's Grievance Committee Chair, Becky Parker, and sent to Southwest's Director of Labor Relations, Tammy Schaffer, former Local 556 President Audrey Stone, and Local 556 Grievance Committee Chair, Brandon Hillhouse (Apps. 12–13). Local 556 does not dispute that it has possession of the letters or that the letters are responsive and not privileged. Indeed, defense counsel confirmed on August 20 that he would produce the letters. But he has failed to do so. The Court now orders Local 556 to produce these letters to Plaintiff by **September 25, 2020.**

2

To the extent Local 556 is withholding any documents responsive to Plaintiff's Requests for Production, it has thirty days to gather that information from current and/or former officers, employees of the union itself, and any individuals who may have relevant information. Local 556 must complete collection of this information by **October 16, 2020**. It will then have until **November 13, 2020** to deliver this information to Carter. Local 556 may, and is encouraged to, deliver relevant information as it becomes available.

    III.    <u>Local 556's "board packets" are not protected work product and must be produced to Carter no later than October 16.</u>

Finally, Carter seeks production of several "board packets," a compilation of Local 556 documents that "summarize[ ] the grievance team's investigation." (ECF No. 116). Local 556 argues that the documents comprising the board packets are protected by the work product doctrine and refuses to disclose them. (ECF. No. 127). It is well established in the Fifth Circuit that "[t]he burden of establishing that a document is work product is on the party who asserts the claim." *Hodges, Grant & Kaufmann v. U.S.*, 768 F.2d 719, 721 (5th Cir. 1985). This burden is satisfied if the party claiming the protection can show, *inter alia*, "the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *U.S. v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981). A document's primary purpose is not preparation for litigation if it was created "in the ordinary course of business." *U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

Here, Local 556 fails to show that the requested documents are protected work product. The Court conducted an *in camera* review of a sample of the board

packets and finds that few, if any, of the documents in the sample were created primarily to aid in possible future litigation. Rather, the documents included receipts, routine grievance forms, and discipline forms. (ECF No. 116). Additionally, Local 556 failed to provide further explanation or support for its assertion of work product protection. The Court finds that the board packets, therefore, are not protected under the work-product doctrine. To the extent that Local 556 can identify core work product within the packets, they may redact such information. In any event, the Court orders Local 556 to produce the board packets responsive to Plaintiff's discovery requests by **October 16, 2020**.

    **SO ORDERED**.

    September 23, 2020.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE