**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**PLAINTIFF CHARLENE CARTER'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT SOUTHWEST AIRLINES CO.** |

  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter hereby files this Motion to Compel Defendant Southwest Airlines Co. to search for and produce responsive information about discriminatory animus and disparate treatment that is essential to proving her retaliation claims under the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq.*, and her religious discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. (Fourth Amended Complaint, ECF 80 (FAC) ¶¶ 100, 116); (FAC ¶¶ 93-102) (RLA retaliation); (FAC ¶¶ 103-122) (religious discrimination).

  The Court should order Southwest to produce documents and respond to Carter's discovery requests in accordance with the Federal Rules. Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Specifically, the Court should order Southwest to search for and produce agreed-upon custodians' information for RFPs 6, 7, 17-19, 21, and Interrogatory 3, concerning any flight

1

attendant's social media activities, discipline under the social media policies, religious discrimination complaints, and "last chance agreements."

While Southwest will produce responsive information about flight attendants with the same Base Manager as Carter, it will not produce the agreed-upon custodians' information for other flight attendants in whose social media activity and religious discrimination issues they were involved, despite the fact that those custodians had input in Carter's termination. Employees can still be similarly situated when they work in different divisions and have different supervisors. *See Garcia v. Pro. Cont. Servs., Inc.*, 938 F.3d 236, 245 (5th Cir. 2019). Evidence of disparate treatment is valid evidence of pretext even when the employees are "less similarly situated" and have different supervisors. *See Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 580 (5th Cir. 2020).

The Court should also order Southwest to search for and produce information kept by its Accommodation & Career Transition (ACT) Team for RFP 19, which concerns the company's treatment of flight attendants' religious accommodation requests. Southwest's ACT Team investigates and decides flight attendants' religious accommodation issues, and its custodian selection must be designed to respond fully to document requests. *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 10 C 5711, 2012 WL 4498465, at *15 (N.D. Ill. Sept. 28, 2012). Carter seeks information about Southwest's more favorable treatment of secular or different religious views and its unfavorable treatment of other flight attendants' Christian views because both are relevant evidence for her Title VII claims. *See Alkawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 428 (5th Cir. 2017); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1135 (5th Cir. 1983).

The Court should grant Carter's Motion to Compel Discovery from Southwest as requested herein and in her accompanying Brief.

Dated: November 13, 2020          Respectfully submitted,

         s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that on numerous occasions from May 14, 2019, through October 29, 2020, Carter's Counsel, Matthew Gilliam and Jeffrey Jennings, and Southwest's attorneys, Michael Correll, Brian Morris, and Michele Gehrke, exchanged correspondence and conducted teleconference meetings to confer about various discovery disputes, including custodian and search terms issues, and disagreements over which employees were similarly situated. On July 7, 2020, August 31, 2020, September 18, 2020, and throughout October 2020, Gilliam, Jennings, Correll and Morris, exchanged additional correspondence regarding these issues. On or about September 29, 2020, they conducted a telephonic meeting regarding continued disputes over custodians, search terms, similarly situated employees, and searching for and producing religious accommodation information kept by Southwest's Accommodation and Career ("ACT") Team, which handles flight attendants' religious accommodation issues.

From October 5, 2020, to October 29, 2020, Carter and Southwest resolved numerous issues, and narrowed their disputes, but they could not reach agreement on the issues presented in this motion. Counsel discussed Southwest's objection to searching for and producing information kept by its ACT Team. They could not reach agreement about searching and producing the ACT Team's responsive information based on their dispute over the relevance of flight attendants' accommodation requests. On October 27, 2020, Southwest stated by email that it stands by its objection that it will not produce documents concerning religious accommodations for RFP 19.

As Carter and Southwest narrowed the issues during this period, counsel also discussed Southwest's objection to searching for and producing custodians' information for RFPs 6, 7, 17-19, 21, and Interrogatory 3, concerning flight attendants' social media activities, discipline under the social media policies, religious discrimination issues, and terminations in connection with "last chance agreements." But, on October 29, 2020, Southwest asserted that any social media discipline

not involving Carter's Base Manager Ed Schneider is not appropriately within the scope of discovery and that such flight attendants likely were not similarly-situated. Further, it maintained that the information Carter seeks with RFP 17 is irrelevant. Thus, Southwest is opposed to Carter's Motion to Compel on these issues.

s/ Matthew B. Gilliam

**Certificate of Service**

I hereby certify that on November 13, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam