# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

|  |  |  |
|---|---|---|
| Charlene Carter,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Airlines Co., and Transport Workers Union of America, Local 556,<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Case No. 3:17-cv-02278-S |

**DEFENDANT SOUTHWEST AIRLINE CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") serves its Objections and Responses to Plaintiffs Charlene Carter's ("Plaintiff" or "Carter") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

Southwest makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying in court, all of which are expressly reserved and may be interposed at the time of trial.

The information in each response is based only upon the information currently available to Defendant. Defendant's investigation and discovery in preparation for trial are ongoing and will continue throughout this action. Additional investigation may disclose further information relevant to these responses. Defendant's responses are made without prejudice to its right to

introduce any and all documents and other evidence or information of any kind in this action. Defendant is not making any incidental or implied admissions by its responses to Carter's interrogatories. The fact that Defendant has answered part or all of any interrogatory is not intended and shall not be construed as a waiver by Southwest of all or any part of any objection to any interrogatory. Defendant reserves the right to alter, amend, supplement or otherwise revise these responses if, for any reason, it deems revisions or supplements appropriate.

## GENERAL OBJECTIONS

The following general objections apply to all of Carter's interrogatories and are incorporated by reference into the objections to each interrogatory. Southwest's responses are made without waiver of, or prejudice to, the stated or other objections Southwest may make. All such objections are expressly preserved.

1. Southwest objects to Carter's Definitions and Instructions on the grounds that they purport to impose obligations and requirements beyond those required by the Federal Rules of Civil Procedure. Furthermore, Carter's Definitions cause the interrogatories to be overbroad; unduly burdensome; not relevant to the claims and defenses in this lawsuit; violations of the attorney-client privilege and the work product doctrine; and violations of constitutional, statutory, or common law rights to privacy.

2. Southwest objects to Carter's definition of "Document" because it is overbroad (*e.g.*, incorporating all electronically stored information) and thus renders each interrogatory incorporating the definition unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

3.     Southwest objects to Carter's definition of "Southwest," "you," and "your" because they include all of Southwest's "current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf." By using this overbroad definition, Carter renders each interrogatory unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

4.     Southwest objects to Carter's definition of "relating to," "relating thereto," "relate to," "related to," "reflect," "regarding," "represent," and "concerning" because they are overbroad. By using this overbroad definition, Carter renders each interrogatory unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

5.     Defendant objects to the definitions of "Communications" and "Communicated" because they are vague, ambiguous, overly broad, and unduly burdensome.

6.     Southwest objects that Carter's Definitions are vague and ambiguous insofar as they use the terms or phrases "advisors," "agents," "servants," "representatives," "intermediaries," "officers," "successors," or "other persons purported to act on your behalf." Southwest also objects to the foregoing definitions because they are overbroad and irrelevant to the extent they seek to include entities and individuals who are not involved in this lawsuit. Southwest further objects to the foregoing definitions to the extent they purport to include individuals subject to the attorney-client privilege and/or the work product doctrine.

7. Southwest objects to Carter's interrogatories because they are overbroad insofar as they seek information as far back as January 2012. Such interrogatories are overbroad with respect to time, unduly burdensome, and not relevant to the claims and defenses in this lawsuit.

8. Southwest objects to each interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality.

9. Southwest objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Such documents and information will not be produced.

10. Southwest objects to each interrogatory to the extent it seeks to obtain information not relevant to the claims and defenses asserted in this matter.

11. Southwest objects to each interrogatory to the extent it seeks to obtain discovery that is not proportional to the needs of the case.

12. Southwest objects to each interrogatory to the extent it seeks to obtain information publicly available from, for example, persons or entities subject to Freedom of Information Act requests, or other publicly available resources.

13. Southwest objects to each interrogatory to the extent it seeks to obtain information not in Southwest's possession, custody or control.

14. Southwest objects to each interrogatory to the extent: (a) the discovery sought by each interrogatory is unreasonably cumulative or duplicative, or seeks information obtainable from some other source that is more convenient, less burdensome, or less expensive; and/or (b) compliance with each interrogatory would be harassing, annoying, and oppressive.

15. Southwest objects to each interrogatory to the extent the burden or expense of providing the information sought by the interrogatory outweighs any likely benefit from such information.

In addition to the foregoing general objections, Southwest may also state specific objections to each interrogatory where appropriate. By setting forth such specific objections, Southwest does not intend to limit or restrict the General Objections set forth above.

## INTERROGATORIES

1. **IDENTIFY** all of **SOUTHWEST's COMMUNICATIONS** regarding **CARTER'S SOCIAL MEDIA ACTIVITY**.

**ANSWER:** Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that responding to this interrogatory is unduly burdensome. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce certain non-privileged communications regarding Carter's Social Media Activity that exist and can be located after a reasonable search and after the entry of a protective order. Additionally, Defendant will meet and confer with Plaintiff's counsel to agree upon search terms and record custodians to identify relevant communications, if any.

2. **IDENTIFY** all of **SOUTHWEST's COMMUNICATIONS** regarding **CARTER'S TERMINATION**.

**ANSWER:** Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that responding to this interrogatory is unduly burdensome. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce certain non-privileged communications regarding Carter's termination that exist and can be located after a reasonable search and after the entry of a protective order. Additionally, Defendant will meet and confer with Plaintiff's counsel to agree upon search terms and record custodians to identify relevant communications, if any.

3. **IDENTIFY** every **SOUTHWEST** employee whose social media activities were reported to **SOUTHWEST** from January 1, 2012, through the present.

**ANSWER:** Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this interrogatory is overbroad with respect to time and because it seeks information related to employees who are not similarly

situated to Plaintiff. *See, e.g.*, *Browning v. Southwest Airlines Co.*, 2019 WL 1778628, *4 (N.D. Tex. Apr. 23, 2019) (*citing Moore v. Univ. Miss. Med. Ctr.*, 719 Fed. Appx. 381, 385 (5th Cir. 2018) (comparators must be similarly situated, which requires plaintiff to establish "nearly identical circumstances")); *Vann v. Mattress Firm, Inc.*, 2014 WL 1365943, *4 (S.D. Tex. Apr. 07, 2014) ("The court agrees that the scope of the request is overbroad and is not limited to those employees who were similarly situated to plaintiff."). Defendant objects that responding to this interrogatory is unduly burdensome. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that this interrogatory is vague and ambiguous with respect to the term "reported." Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

4. Explain all ways **SOUTHWEST** knew that Charlene Carter "was identifiable as a Southwest Airlines employee" and "represented" the company when she "posted the graphic videos and pictures on Facebook," as stated by **SOUTHWEST** in the **MARCH 14, 2017 TERMINATION LETTER**.

**ANSWER**: Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all

7

**App.42**

Social Media Policy because, *inter alia*, they were harassing, obscene, bullying, intimidating, and defamatory, and could be harmful to Southwest's public perception.

(C)   Carter's posting images depicting female genitalia, abortion videos and images, and derogatory communications on her public Facebook page and in direct messages to Audrey Stone potentially created a hostile work environment based on sex, gender, and/or pregnancy and were consistent with examples of prohibited conduct set forth in Southwest Policy Concerning Harassment, Sexual Harassment, Discrimination, and Retaliation.

(D)   Carter's conduct was inconsistent with Southwest's goal of creating a "stable work environment with equal opportunity for leaning and personal growth … [and] improving the effectiveness of Southwest Airlines." Carter's conduct was also inconsistent with goal of providing all employees "the same concern, respect, and caring attitude within the organization that they are expected to share externally with every Southwest customer."

(E)   Carter's social media activity violated Southwest's Basic Work Rules and Expectations.

7.   State the facts supporting each affirmative defense asserted in **YOUR** Answer to Plaintiff's Fourth Amended Complaint or in any amendment or supplement thereto.

**ANSWER:**   Defendant objects that responding to this interrogatory is unduly burdensome. Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: The content of Carter's Fourth Amended Complaint; the content of the collective bargaining agreement applicable to Carter; the nature and content of Carter's social media postings and

10

messages; the findings made in the arbitration proceedings in connection with Carter's grievance; the nature of the arbitration proceedings (*e.g.*, Carter was represented by counsel, had the opportunity to cross examine witnesses, etc.); Carter's working flight history; Carter's refusal to accept a settlement that included an offer of reinstatement; and lack of information reflecting mitigation efforts on behalf of Carter. Discovery is ongoing and Defendant continues to search for documents and information supporting its affirmative defenses.

Date: June 11, 2019

Respectfully submitted,

*/s/ Michele Haydel Gehrke*
Michele Haydel Gehrke, *Admitted Pro Hac Vice*
California State Bar No. 215647
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Phone: 415-659-4798
Fax: 415-391-8269
mgehrke@reedsmith.com

Brian K. Morris
Texas State Bar No. 24108707
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Phone: 713-469-3815
Fax: 713-469-3899
bmorris@reedsmith.com
**COUNSEL FOR DEFENDANT SOUTHWEST AIRLINES CO.**

12

## CERTIFICATE OF SERVICE

I certify that on June 11, 2019, Defendant Southwest Airline Co.'s Objections and Responses to Plaintiff's First Set of Interrogatories was served by electronic mail to Plaintiff's counsel of record.

/s/ Brian K. Morris
Brian K. Morris
