IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

## SOUTHWEST AIRLINES CO.'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO COMPLETE FACT DISCOVERY

Charlene Carter ("Carter" or "Plaintiff") filed this lawsuit against Southwest Airlines, Co. ("Southwest") and the Transport Workers Union, Local 556 ("TWU")[1] more than three years ago. During that time, Plaintiff served a single set of written discovery approximately 19 months ago. Now, 43 minutes before the discovery cutoff (Carter filed her motion at 10:17 p.m. on the last day of the discovery period) and after a full year extension of the original fact discovery cutoff, Carter demands still more delay.  The Court should deny Carter's request.

Carter claims in her Motion for Extension of Time ("Motion") that discovery should be extended primarily because she expected the Court to compel additional productions in response to her now-19-month-old discovery requests.  However, the Court has assessed Carter's attempts to compel additional production from Southwest, rejected that request, and denied Carter's motion to compel.  Thus, all pending discovery has been completed and no outstanding requests warrant any form extension.  Meanwhile, Carter's two other bases for seeking a second extension of the fact

---

[1] Southwest and TWU are collectively referred to herein as "Defendants."

discovery deadline – need for time to conduct unspecified follow up discovery regarding Southwest's most recent productions and to meet and confer over "potential deficiencies" – also fall short. Not only are these grounds too general and lacking the requisite specificity required to support a good cause finding, Carter does not demonstrate why she could not have resolved these issues during the extended discovery deadline.

Plaintiff has had ample opportunity to obtain all necessary discovery in this case. Accordingly, additional fact discovery extensions are not warranted.

## I.   <u>CORRECTING THE RECORD</u>

Southwest will not burden the Court with a lengthy history of this case; it has been adequately summarized in recent submissions to the Court. However, Southwest does wish to correct or clarify specific errors and obfuscations in Plaintiff's motion.

Throughout her memorandum, Plaintiff states that until October 2020, Southwest insisted on the exclusive use e-discovery search terms to identify responsive documents and refused to engage in any self-collection.[2] *See* Dkt. No. 139 ("Brief") at 8, 10, 14, 17-18. This statement is false. Southwest did not refuse self-collection – it produced thousands of pages to Plaintiff in 2019 and early 2020, all of which it gathered through that very method. Southwest only raised the use of ESI search protocols[3] due to the nature of Plaintiff's requests, which purported to require Southwest to identify and produce numerous categories of documents created over a seven year

---

[2] As used by the parties in connection with the instant motion, "self-collection" refers to Southwest identifying all individuals from whom Plaintiff sought documents and other potential custodians of responsive materials and asking that they search their emails and records for documents and information responsive to any of Plaintiff's discovery requests.

[3] As used by the parties in connection with the instant motion, "ESI search protocols" refers to Southwest identifying all individuals from whom Plaintiff sought documents and other potential custodians of responsive materials, assembling all of their electronic records, applying agreed upon search terms to those materials, and Southwest's counsel reviewing the search results and producing responsive documents.

period in the possession, custody, or control of thousands of potential unknown custodians scattered throughout the country – *i.e.*, "any of [Southwest's] current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf."  Dkt. No. 134-1 at 6; dkt. no. 134-2 at 5.

When Southwest first suggested that Plaintiff limit the scope of these requests, counsel refused, stating that he did "not think it is necessary or appropriate" because the requests were "clear, straightforward, and defined by specific parameters."  Dkt. No. 140-2 at 60, App. 71.  Given the breadth of the requests, there was no conceivable way to collect and produce the requested material through purely self-collection.  Notably, Plaintiff's counsel *never* insisted on a self-collection, or suggested that self-collection would satisfy his requests.  Rather, it was Southwest that proposed self-collection from a limited set of custodians.  *See* Dkt. No. 140-2 at 16, App. 27.  Even then, Plaintiff only agreed to self-collection after Southwest presented evidence that: (1) Plaintiff's demand encompassed 7 million documents; (2) test searches only narrowed that figure to an expected total to hundreds of thousands of documents for review; and (3) the upload cost to begin review – exclusive of attorneys' fees and monthly recurring costs – could be as much as $100,000.  Thus, it was Plaintiff's own initial failure to confer in good faith and later intransigence that delayed production.  Once Plaintiff assented to self-collection, Southwest completed production in just a few weeks.

Plaintiff also suggests that Southwest is responsible for her inability to complete discovery in this case.  This suggestion is false.  Southwest formally objected to Plaintiff's written discovery in June 2019.  *See* Brief at 8.  While the parties met and conferred thereafter, that process was punctuated by prolonged delays and silence from Plaintiff's counsel.  Moreover, contrary to Plaintiff's contention, Southwest did not "use[] its superior knowledge of its organization" to

US_ACTIVE-156985160.2

thwart Carter's discovery efforts during this time. *Id.* at 17. Rather, early in discovery, Southwest provided Plaintiff with information regarding the structure of various critical aspects of the Company (*e.g.*, Employee Relations, Labor Relations, ACT Team, etc.), and offered to make a corporate representative available for deposition so that Plaintiff could identify key witnesses and document custodians, and acquaint himself with Southwest organizationally. *See, e.g.*, Dkt. No. 140-2 at 23, 28, 52-53, App. 34, 39, 63-64. However, Plaintiff repeatedly refused this offer and instead waited until the near-end of fact discovery take any depositions. Even then, Plaintiff did not raise a *single objection* to the preparedness or adequacy of the responses she elicited from Southwest's corporate representative on nearly two dozen topics.

Contrary to Plaintiff's contention, Southwest has not thwarted her attempts to obtain needed discovery. Indeed, Plaintiff spoke favorably of Southwest's efforts in the parties' December 2019 joint motion to modify the scheduling order. There, Plaintiff stated that "Southwest and Carter have been working together" and "have made progress" to "resolve complex e-discovery issues[.]" Dkt. No. 86 at 3-4. Plaintiff was so confident that the party's relationship had been and would continue to be productive that *she insisted* on a fact discovery deadline of July 29, 2020, three months earlier than the deadline Defendants proposed. *Id.*

Finally, Plaintiff has long known that Southwest would not agree to any additional extensions of the fact discovery cutoff date. From the moment Plaintiff's counsel stated that he would seek additional time, Southwest was emphatic that it would not agree to any extensions given the history of extension in this matter. Nevertheless, despite being aware of Southwest's opposition to additional extension and the status of discovery for many months, Plaintiff waited until 10:17 p.m. on the fact discovery cutoff date to file her motion requesting additional time.

## II.     ARGUMENT

### A.     Plaintiff Has Not Met Her Burden to Demonstrate Good Cause for

4

**Modification of the Scheduling Order**

Federal district courts are "obligat[ed] to manage civil cases to ensure … their speedy resolution." *Reynoso v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 55639, *4-5 (S.D. Tex. Sept. 26, 2005). Thus, courts do not grant relief from pre-trial orders as a matter of course.

To obtain an extension of the deadline to complete discovery, Carter must demonstrate "good cause." *See* Fed. R. Civ. P. 16(b)(4); *AMS Staff Leasing v. Starving Students*, 2004 U.S. Dist. LEXIS 26201, *2 (N.D. Cal. Jan. 7, 2004). The Court considers four factors in determining whether there is good cause for a modification: (1) the explanation for not meeting the deadline; (2) the importance of the discovery; (3) the potential prejudice in allowing the extension and (4) the availability of a continuance to cure such prejudice. *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

"A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause." *Frankl v. Netopia, Inc.*, 2007 U.S. Dist. LEXIS 101889, *3 (N.D. Tex. Sept. 25, 2007). Rather, "[t]he 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." *AMS Staff Leasing*, 2004 U.S. Dist. LEXIS 26201, *2. Accordingly, "the movant must show that 'despite his diligence, he could not have reasonably met the scheduling deadline.'" *Estate of Newton v. Grandstaff*, 2013 U.S. Dist. LEXIS 52808, *16-17 (N.D. Tex. Apr. 12, 2013); *see also Reynoso*, 2005 U.S. Dist. LEXIS 55639, *5 ("[T]he moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.").

**B.      Plaintiff's Stated Reasons for Failure to Timely Complete Fact Discovery Demonstrate a Lack of Diligence and Do Not Support Good Cause**

Critical to the good cause analysis is whether the moving party, acting diligently, would have been able to meet the discovery deadline. *See Estate of Newton*, 2013 U.S. Dist. LEXIS

52808, *16-17.  Reframed for this case, the critical question is whether Carter – who initiated this case in 2017 – could have complied with the November 30, 2020 fact discovery deadline if she proceeded diligently.  Southwest submits that she could.

To bolster her contrary assertion, Carter contends that the initial one-year extension of the fact discovery deadline was insufficient, and that a second extension is needed because Southwest made "unwarranted" objections to her discovery requests in June 2019.  Dkt. No. 139 p. 12.  Even if this were true, it would not support the required good cause showing.

"A diligent party attempts to compel discovery through the presiding court after opposing counsel unjustly refuses to provide responses."  *Smith v. BCE, Inc.*, 225 Fed. Appx. 212, 217 (5th Cir. 2007); *see also Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495-96 (S.D. Tex. 2009) ("While Plaintiffs allege difficulties in obtaining adequate responses to their discovery requests, they never sought the aid of the Court or filed a proper motion to compel.  Thus, Plaintiffs have failed to show sufficient efforts to compel Defendants to produce responsive documents.").  A diligent party does not, as Plaintiff did here, wait approximately 17 months after receipt of the allegedly unwarranted objections and then seek additional time on the eve of the discovery cutoff deadline.  Moreover, Plaintiff's contention that Southwest's objections were unwarranted is refuted by this Court's December 11 order denying Plaintiff's motion to compel. As this Court concluded, Southwest's objections were well founded.  *See* Dkt. No. 146.

Carter also contends that Southwest's meet and confer efforts regarding the search and production of ESI – which counsel previously praised before Court – unreasonably delayed discovery.  *See* Dkt. No. 139 at 16.  But Plaintiff has this backwards.  Southwest never insisted on an electronic discovery search in principle.  Rather, as discussed above, the meet and confer efforts regarding ESI were necessitated by Plaintiff's unjustified and overbroad requests.  *See supra* II.

US_ACTIVE-156985160.2

And while counsel now claims to have preferred self-collection all along, it is notable that he never proposed this to Southwest, nor did he raise it in the parties' prior request for a one-year extension of the fact discovery deadline.  On the contrary, Plaintiff spoke of it favorably.  Plaintiff cannot now claim, because it is convenient, that she supported self-collection all along.

But even if Plaintiff did advocate self-collection in lieu of search protocols, that would not support the relief she seeks.  If Plaintiff objected to Southwest's proposed method of identifying responsive documents, counsel should have sought judicial intervention rather than "negotiating" until the eve of the discovery deadline.  *See Smith*, 225 Fed. Appx. at 217.  Having declined to engage on the Court until now, Plaintiff cannot show that she acted diligently in pursuing discovery.  *See Hernandez*, 617 F. Supp. 2d at 469 ("The first factor, the explanation for the failure to complete discovery within the discovery deadline, heavily weighs against a continuance" where parties failed to complete discovery after obtaining three-month extension).

More broadly, Plaintiff's recent conduct is not suggestive of a diligent party.  Most notably, Southwest repeatedly informed Plaintiff months before the close of fact discovery that it would not agree to any additional extension.  Nevertheless, Plaintiff waited until the last day of fact discovery to seek modification of the scheduling order.  *See KB Home v. Antares Homes, Ltd.*, 2005 U.S. Dist. LEXIS 16665, *9 (N.D. Tex. Aug. 4, 2005) (finding the absence of good cause, and noting that "[t]he court is without explanation as to why Defendants waited to seek an extension until the very date that the deadline for completion of discovery expired").  Additionally, Plaintiff claims that she would like to propound additional written discovery, including requests for admission, based on the Southwest's most recent production.  *See* Brief at 4, 15-16.  But Plaintiff has had ample time to serve such discovery in advance of the cutoff but declined to do so.  Whatever inquiries Carter wishes to make via requests for admission could and should have been directed to

Southwest's corporate representative during deposition, who could have addressed any lingering items Plaintiff believes are unresolved.

"District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Carter has already received a second chance. Southwest request that the Court not grant her a third.

C. **Plaintiff Has Failed to Demonstrate that the Discovery She Intends to Take is Important to the Litigation**

In evaluating the presence of good cause, courts consider the importance of the discovery at issue. Note, however, that even if Carter demonstrates that the discovery she intends to seek is important to her case that would not warrant granting her motion as her lack of diligence remains. *See Mota v. Beacon Bay Asset Mgmt., LLC*, 2018 U.S. Dist. LEXIS 90581, *9-10 (N.D. Tex. May 31, 2018). Nevertheless, Southwest notes that Carter has not shown the import of the discovery she intends to seek.

Carter claims she needs additional time to: (a) conduct follow-up discovery based on any documents produced due to her motion to compel; (b) conduct follow-up discovery related to a recent document production; (c) confer with Southwest regarding "potential deficiencies" in its production. Dkt. No. 139 at 14. None of this purportedly needed discovery warrants a second modification of the scheduling order.

With respect to Carter's motion to compel, the Court denied it in its entirety. Dkt. No. 146. Thus, the alleged import of discovery that could have arose from a successful motion to compel cannot support a showing of good cause.

The remaining categories are vague and non-specific. Carter does not state to whom she intends to propound discovery, who she intends to depose, or the essential information she seeks to

US_ACTIVE-156985160.2

obtain from the exercise.  Moreover, Caret does not provide any information regarding the "potential deficiencies" in Southwest's discovery responses, the substance of which Carter has known for nearly 17 months.  Such generalized references to the desire for information does not support the required good cause showing.  *See, e.g.*, *Hernandez*, 617 F. Supp. 2d at 496 (no finding of good cause where "the parties do not even attempt to explain either the importance of his potential deposition or why they would be prejudiced if unable to conduct this deposition."); *Oglesby v. Masse Contr., Inc.*, 2020 U.S. Dist. LEXIS 100594, *5-6 (E.D. La. June 8, 2020) (moving party failed to show good cause even where "[t]he Court recognize[d] … that [the] outstanding discovery may be necessary for the parties to adequately pursue and defend this case" because plaintiff only made general statement regarding need); *Huffman v. Turner Indus. Group, LLC*, 2013 U.S. Dist. LEXIS 72617, *21 (E.D. Tex. May 22, 2013) ("the Court cannot evaluate the importance of Mr. Woods testimony, because Turner has not provided any explanation as to the substance of such testimony.").

Carter's attempt to show the importance of additional discovery amounts to a plea that she be granted more time to ask unspecified people to provide her with unspecified categories of documents and information related to matters Carter scantly seeks to identify.  This showing is insufficient.

### D.     Continued Discovery Will Unfairly Prejudice Southwest

The defects in Plaintiff's motion are not limited to her failure to demonstrate the requisite diligence or need for relief from the scheduling order.  Granting Carter's motion will be unfairly prejudicial to Southwest.

Most basically, Plaintiff should not have, as she requests, free reign to conduct fact discovery at this late juncture.  This would be unfair to Southwest, which completed its fact discovery on a timely basis, and it would impose significant unnecessary burdens and costs on the

US_ACTIVE-156985160.2

more diligent party in the form of depositions, document productions, and other discovery. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) ("regardless of plaintiff's intentions, or inattention, which led to the flouting of discovery deadlines, such delays are 'a particularly abhorrent feature of today's trial practice' because they increase the costs of litigation").

Southwest worked diligently to meet and confer with counsel and to review and produce information in accordance with the Court's scheduling order, and completed its fact discovery on time. This involved, among other things, the digestion and culling of approximately 7 million items, and the manual review of thousands emails and documents to identify relevant materials. This process was burdensome and costly to Southwest. To grant Plaintiff additional time would be render Southwest's diligent compliance with this Court's orders a nullity. *See Nguyen v. Versacom, LLC*, 2016 U.S. Dist. LEXIS 177851, *7 (N.D. Tex. Dec. 23, 2016) (noting that it is unfair to penalize the party who acted with "comparative diligence in litigating the case").

Plaintiff filed this action in 2017. She also unsuccessfully sought a remedy in the contractual arbitration process. By this time this case is heard in October 2021, it will have been pending for more than four years. To prolong discovery or other proceedings in this case at this late juncture is unwarranted, increases costs, and undermines the orderly and efficient processing of cases in accordance with the Court's orders. *See Hernandez*, 617 F. Supp. 2d at 493 ("Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner.").

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Plaintiff's motion, and fact discovery should remain closed.

US_ACTIVE-156985160.2

Dated:  December 21, 2020

Respectfully submitted,

*/s/ Michael A. Correll*
Michael A. Correll
State Bar No. 24069537
**REED SMITH LLP**
2501 N. Harwood Street
Suite 1700
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
Email: mcorrell@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served via the Court's ECF filing system on all parties on this 21st  day of December, 2020.

*/s/ Michael A. Correll*
Michael A. Correll

US_ACTIVE-156985160.2