IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Local 556s. | § | |

**DEFENDANT TRANSPORTATION WORKERS UNION OF AMERICA LOCAL 556'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

TO THE HONORABLE DISTRICT COURT JUDGE:

TO: Plaintiff Charlene Carter, by and through her attorney of record, Mr. David E. Watkins (via email: *dwatkins@jenkinswatkins.com*), Mr. Jason E. Winford (via email: *jwinford@jenkinswatkins.com*), Jenkins & Watkins, P.C., 2626 Cole Avenue, Suite 200 , Dallas, Texas  75204-0817; AND Mr. Jeffrey D. Jennings (via email: *jdj@nrtw.org*), Mr. Matthew B. Gilliam (via email:  mbg@nrtw.org) -- National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600 Springfield, Virginia  22160.

## I. Introduction

Plaintiff wants to extend the discovery period, on the last day of discovery, to further drive up attorney's fees and costs in order to conduct irrelevant and/or dilatory discovery.

Plaintiff's Motion to Extend, as opposed by Defendant Union, is two part: (1) to take conduct further discovery on documents produced by Defendant Union to Plaintiff on November 16, 2020, and Excel spreadsheets produced on November 23, 2020. Documents received prior to Plaintiff taking Union depositions on November 24 and 30, 2020; and (2) regarding Plaintiff's accommodation and religious discrimination complaints, which are now moot

and irrelevant, as Mrs. Carter's deposition testimony confirms that the Union did not discriminate or fail to accommodate her based on her religious beliefs.

Despite originally arguing to the Court that extending "discovery deadlines by a full year unnecessarily delays proceedings," Plaintiff's counsel is now requesting the Court extend the factual discovery period for a third time, from its Original deadline of **November 29, 2019 to March 5, 2021.** To echo Defendant Union's stance from September 11, 2020, "Plaintiff's counsels are intent on playing a game of cat and mouse regarding discovery in an effort to drive up attorneys' fees and costs." (Doc. 127), prejudicing Defendant Union. Plaintiff's continued efforts to financially prejudice Defendant Union can be seen in their own failure to comply with the basic tenants of **Fed. R. Civ. P. 26(a)(1)(A)(iii),** failing to provide "a computation of each category of damages claimed by the disclosing party," consistently rebuking mediation overtures, and even failing to provide their own document production under **Fed. R. Civ. P. 26(a)(1)(A)(ii)** until **November 30, 2020.**

## II. Statement of Facts and Relevant Timeline of Events

After originally being filed in 2017, and through Plaintiff's four (4) Amended Complaints (Doc. 80), the Court set its Original Scheduling Order (Doc. 67), closing **ALL** discovery on **November 29, 2019** with a **September 14, 2020** Trial date.

The Parties, pursuant to the Court's scheduling order, then stipulated to extend the discovery deadlines until **March 1, 2020.**

On December 13, 2019, the parties more formally proposed a Joint Motion to Extend Scheduling Order Deadlines. (Doc. 86). Plaintiff proposed a discovery extension of **July 29, 2020** whereas Defendants proposed **November 30, 2020.** Notably, this proposal includes Plaintiff's

objection for extending discovery, as "Plaintiff's counsel further believes that extending discovery deadlines by a full year unnecessarily delays proceedings." (Doc. 86)

After making this proposal, the Parties agreed on a Joint Status Report (Doc. 88), requesting the close of discovery be set for **November 30, 2020.** (Doc. 88). During the February 19, 2020 conference, Counsel's for all of the Defendant's expressed opposition to any additional discovery extensions.

On March 4, 2020, the Court set the above proposed deadlines. (Electronic Order No. 89).

On September 23, 2020, the Court denied and granted in part Plaintiff's Motion to Compel documents from the Union. The Union has fully complied with this Order and there is no Motion before the Court compelling further documentation.

On November 2, 2020, approximately one month before the close of discovery, Plaintiff's counsel made the tactical decision to take his first deposition. Plaintiff's counsel proceeded to take depositions of eleven (11) individuals throughout the month of November; with five (5) of those individuals providing testimony as Union corporate representatives on November 30, 2020, the deadline for the close of discovery.

Now, on the very last day discovery could be conducted, and despite extending the discovery period one year after the court's initial deadline, Plaintiff now seeks another extension to March 5, 2021.

### III. Argument and Authority

When deciding whether to extend discovery deadlines, the court considers the reasons for the extension, the importance of the requested relief, the prejudice to the other parties, and the availability of a continuance to cure any such prejudice. *See S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). The Discovery deadline should not be extended as

Plaintiff's motion does not give good reason for a fourth extension and doing so would financially prejudice Defendant Union.

**A. Plaintiff Lacks Good Reason for Extending Discovery**

Plaintiff's first basis for their Motion to Extend is to conduct further discovery on documents produced by Defendant Union to Plaintiff on November 16, 2020, and Excel spreadsheets produced on November 23, 2020.

The November 16, 2020 document production, as agreed by counsel and Court order, produced 30 documents, retrieved from over 100 Union Agent's private electronic devices. The November 23, 2020 document production consisting of twenty-five (25) Excel spreadsheets, previously marked attorney-client privilege, only contain information regarding Grievance Reports and Breakdowns of Union members.

After receiving those documents, Plaintiff was afforded the opportunity to depose former President Audrey Stone (in her individual capacity and as a corporate representative/former President of the Union), as well as four (4) additional Union Corporate Representatives. Plaintiff's original 30(b)(6) Deposition topics, which were not amended, were sent to the Union on Nov. 10, 2020 and ultimately set for Nov. 30, 2020. (Ex. 1). All of the information Plaintiff seeks further discovery on was made available to him for discovery on or before those depositions. **(Ex. 1).** At no point before or during the depositions did Plaintiff's counsel contend that he was being prejudiced.

Plaintiff's Second basis for seeking their extension is in regard to Plaintiff's accommodation and religious discrimination complaints, which are now moot and irrelevant, as Plaintiff's deposition testimony confirms that the Union did not discriminate or fail to accommodate her based on her religious beliefs.

Plaintiff's underlying legal theory is that the Union violated her rights when former President Audrey Stone turned her into the company for harassment and bullying. This however, was in no way tied to Mrs. Carter's religious beliefs or alleged requests for religious accommodations:

> "A. Yeah, [Audrey Stone] tried to get me fired and she did.
>
> Q. Okay. And why do you believe that, you think she did that?
>
> MR. GILLIAM: Objection. Calls for speculation but go ahead and answer.
>
> A. Because I was dissenting against what they were doing as the union and that I had issues with -- I was a recall person, I had also opted out. There was much hate for the people that had opted out and much hate for the people that were supporting the recall.
>
> Q. Okay. So you believe that Ms. Stone tried to get you fired from Southwest Airlines because you were an objector, you opted out of the union, and because you took a stance in the recall effort, is that correct?
>
> A. That is correct." **(Ex. 2 – Plaintiff's depo. p. 225:1—18.)**

Indeed, Plaintiff's testimony continues on to confirm that she **never** requested a religious accommodation from the Union and in no way received improper representation from the Union during her Grievance process:

> Q. Okay. Now are you claiming that the union didn't represent you properly because of your religious beliefs at the step 2 or fact-finding meeting?
>
> A. Neither on those two. **(Ex. 2 – Plaintiff's depo. p. 268:21—24.)**
>
> …
>
> Q: So the answer to my question is no, you did not request a religious accommodation from the union?
>
> A: Correct. **(Ex. 2 – Plaintiff's depo. p. 270:9—11.)**

As Plaintiff has now provided sworn deposition testimony that Audrey Stone's actions were not motivated by religiously discriminatory purposes nor did the Union fail to accommodate

Plaintiff's religious beliefs, ultimately giving her proper representation during the Grievance process, Plaintiff cannot establish good reason to extend the discovery window on the basis of religious discrimination and failure to accommodate theories. The information Plaintiff seeks from the Union is irrelevant.

**B.  Prejudice: Undue Delay and Financial**

Plaintiff's arguments change with the winds of convenience— currently presenting to the court that undue delay will not occur if the discovery period is extended, despite originally arguing to the Court that extending "discovery deadlines by a full year unnecessarily delays proceedings," (Doc. 86).

By extending discovery, Defendant Union will incur additional costs in defending suit related to. document production, responding to additional discovery requests such as Requests for Admission— specifically noted by Plaintiff, and the taking of additional depositions. Defendant Union cannot properly budget for defending lawsuits and or find paths towards resolution if the Plaintiff continues to drive of costs and fees by pushing out discovery for a fourth time.

### IV. Conclusion

For the foregoing reasons, Defendant Union requests that the Court deny Plaintiff's Motion to Extend Time to Complete Fact Discovery, as there is no good basis for doing so and because it would cause undue delay and financial prejudice to the Union.

Respectfully submitted,                           December 21, 2020

                                                   /s/ Adam S. Greenfield
                                                   Adam S. Greenfield
                                                   Texas Bar No. 24075494
                                                   Email: agreenfield@candglegal.com

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward Cloutman, III – Of Counsel
Texas Bar No. 04411000
Email:  ecloutman@lawoffices.email

**LAW OFFICE OF**
**CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9222
214.939.9229 FAX

**COUNSELS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon counsel for Plaintiffs via email on December 21, 2020:

Mr. David E. Watkins (via email:  *dwatkins@jenkinswatkins.com*)
Mr. Jason E. Winford (via email:  *jwinford@jenkinswatkins.com*)
Jenkins & Watkins, P.C.
2626 Cole Avenue, Suite 200
Dallas, Texas  75204-0817

Mr. Jeffrey D. Jennings (via email:  *jdj@nrtw.org*)
Mr. Matthew B. Gilliam (via email:  mbg@nrtw.org)
National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160