# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br><br>**UNOPPOSED MOTION OF ATTORNEY JEFFREY D. JENNINGS TO WITHDRAW AND SUPPORTING BRIEF** |

According to Local Rule 83.12, Attorney Jeffrey D. Jennings asks this Court to permit him to withdraw his appearance as one of Plaintiff Charlene Carter's counsel of record in this matter. Jennings is leaving the employment of the National Right to Work Legal Defense Foundation, which provides Carter free legal aid, to accept a new job with a different employer. Carter has consented to Jennings withdrawing and so have her other attorneys who will continue representing her. The defendants do not oppose this motion.

A court may permit an attorney to withdraw from a case "'upon leave of the court and a showing of good cause and reasonable notice to the client.'" *Franklin v. Offord*, No. 3:18-cv-1462-M, 2019 WL 7902962, at *1 (N.D. Tex. June 13, 2019) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). This Court looks to the Texas ethics rules in deciding whether there is good cause. *See White v. BAC Home Loans Servicing, LP*, No. 3:09–CV–2484–G, 2010 WL 2473833, at *2 (N.D. Tex. 2010); LR 83.8(e).

1

Here, Jennings's withdrawal complies with Texas Disciplinary Rules of Professional Conduct 1.15(b)(1) because it would not have any material adverse effect on Carter's interests.[1] Carter has given Jennings her express consent to his withdrawal from the case.

Furthermore, Jennings's withdrawal would not disrupt the prosecution of Carter's case. Mathew B. Gilliam, Jason E. Winford, and David E. Watkins have represented Carter from the outset and will continue to represent her. Additionally, almost all of the six factors that courts evaluate to determine if withdrawal will disrupt the case weigh in favor of permitting Jennings to withdraw:

- *First*, courts evaluate the "extent to which the attorney's withdrawal will delay or disrupt the case. *Franklin*, 2019 WL 7902962, at *3 (quoting *White*, 2010 WL 2473833, at *3). Here, withdrawal will not delay the case because Carter's three other attorneys will continue to prosecute the case.

- *Second*, courts evaluate the "length of time for which the case and any dispositive motions have been pending." *Id.* Here, the case has been pending since August 25, 2017, but Carter's other attorneys remaining on the case mitigates this second factor.

- *Third*, courts consider "the time it would take and the financial burden it would impose on the client to find new counsel." *Id.* Carter will not have any financial burden with finding new counsel because she will continue to be represented by her other attorneys. *Id.*

- *Fourth*, courts evaluate the "financial burden the attorney would suffer if not allowed to withdraw." *Id.* Here, Jennings would suffer substantial financial burden if he is not permitted to withdraw, because he will no longer be paid by the Foundation after his employment ends on February 26, 2021.

- *Fifth*, there is no "prejudice to the other parties" because the case will not be delayed, and Carter's other attorneys who have represented her from the start of this case will remain on the case. Indeed, none of the parties oppose this motion. *Id.*

---

[1] Jennings is admitted in Virginia and admitted *pro hac vice* in this case. Jennings withdrawing from the case also complies with Virginia State Bar Rule of Professional Conduct 1.16(b), which permits an attorney to withdraw "if withdrawal can be accomplished without material adverse effect on the interests of the client."

- *Sixth*, permitting Jennings to withdraw will have no impact on "the administration of justice" in this case. *Id.*

In sum, there is good cause to permit Jennings to withdraw, and his withdrawal will not disrupt this case. Therefore, the motion should be granted.[2]

Dated: February 23, 2021  Respectfully submitted,

s/ Jeffrey D. Jennings
Jeffrey D. Jennings (*admitted pro hac vice*)
Virginia Bar No. 87667
*jdj@nrtw.org*
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

s/ Jason E. Winford (*with permission*)
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

*Attorneys for Plaintiff Charlene Carter*

---

[2] LR 83.12 requires the withdrawing attorney to provide the name and address of the succeeding attorney, but here a succeeding attorney is not necessary because Gilliam, Winford, and Watkins will continue to represent Carter (their addresses are in the signature block).

**Certificate of Conference**

According to LR 7.1(a), I hereby certify that I conferred with counsel for Defendants Southwest Airlines Co. and TWU Local 556 and they stated that they do not oppose this motion.

s/ Jeffrey D. Jennings

**Certificate of Service**

I hereby certify that on February 23, 2021, I electronically filed the foregoing document and corresponding proposed order with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Jeffrey D. Jennings