UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:17-CV-02278-X |
| SOUTHWEST AIRLINES CO. and TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § | |
| *Defendants.* | § | |

## ORDER

The plaintiff petitions the Court to extend its fact-discovery deadline by just over three months. [Doc. No. 138]. Both defendants (Southwest and Local 556) separately oppose this request. Having reviewed the record, the Court **GRANTS** the plaintiff's request—in limited fashion.

In order to extend a discovery deadline, the plaintiff must show "good cause."[1] To determine whether the plaintiff made this showing, the Court considers (1) the plaintiff's explanation for not meeting the deadline; (2) the importance of the discovery; (3) the potential prejudice caused by allowing the extension, and (4) the availability of a continuance to cure any such prejudice.[2]

The plaintiff explains that she needs an extension because Local 556 failed to timely serve certain documents and served other documents essential to deposition

---

[1] Fed. R. Civ. P. 16(b)(4).

[2] *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

1

with only a month left before the discovery deadline. **Doc. No. 139 at 2–5.** This meant she could not conduct follow-up discovery. Additionally, the plaintiff and Southwest wrangled for a year over the structure of discovery. According to the plaintiff, Southwest agreed to self-collection (as opposed to ESI) for all responsive documents only two months before discovery ended. **Id. at 5–9.** This sudden change left the plaintiff with new questions about the scope of Southwest's self-collection efforts. So the plaintiff wants additional time to (1) conduct follow-up discovery with Local 556 after deposing them, (2) address Local 556's failure to conduct certain discovery searches, (3) conduct follow-up discovery with Southwest, and (4) confer with Southwest about potential deficiencies in their production.[3]

Local 556 argues in response that the plaintiff's motion is dilatory, the plaintiff caused any complained-of delay in discovery, and further factual discovery is unnecessary because the information the plaintiff seeks from Local 556 is irrelevant. **Doc. No. 148.** And Southwest argues that the plaintiff mischaracterized the facts and displayed a lack of diligence in discovery. **Doc. No. 147.**

Having reviewed the record, the Court finds the plaintiff's explanation for its delay sufficient and the defendants' objections unconvincing. The Court believes a continuance will alleviate any prejudice and will issue a revised scheduling order shortly. But while the Court finds some of the plaintiff's requested discovery

---

[3] Some of these discovery requests related to the plaintiff's then-pending motion to compel, which the Magistrate Judge recently denied. *See* Doc. No. 146.

important, the Court will not relitigate the issues that the Magistrate Judge already decided in the order on the plaintiff's motion to compel.

Therefore, the Court **GRANTS** the plaintiff's motion to extend time for fact discovery. The new deadline for fact discovery is August 5, 2021. During this extension the plaintiff's may only conduct (1) follow-up discovery regarding Local 556's November 30th deposition and (2) follow-up discovery and conferences with Southwest regarding their October 30–31 document production. Because the Court has granted several past extensions of the discovery deadline, future requests to extend time for discovery are highly disfavored.

**IT IS SO ORDERED** this 5th day of May, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

3