UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-CV-02278-X |
| SOUTHWEST AIRLINES CO. and | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA, LOCAL 556, | § | |
| | § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court is the plaintiff's motion for leave to file her motion to compel, and its attachments, under seal. [Doc. No. 158]. The existing protective order requires any party seeking to file documents under seal to "brief the legal authorities indicating the risks of disclosure outweigh the public's right to know, and . . . explain that no other viable alternative to sealing exists."[1] The protective order also requires the facts in this motion to be verified by an affidavit from someone with personal knowledge.[2] If a party moves to seal documents without personal knowledge, the parties must either move jointly for leave to file or file separately.[3] The plaintiff's motion for leave does not brief any legal authorities, explain why certain documents must be sealed, or include an affidavit indicating personal knowledge of the facts

---

[1] Doc. No. 85 at 9.

[2] *Id.* at 10.

[3] Doc. No. 154 at 2.

1

necessitating sealing.[4]  Presumably, the defendants have personal knowledge of these facts.  The Court therefore **ORDERS** the defendants to file within seven (7) days of this order a response to the motion to seal.  If they support any portion of the proposed documents to be filed under seal and have personal knowledge of the justification for sealing, the response should include an affidavit establishing the justification.

    **IT IS SO ORDERED** this 10th day of August, 2021.

                                                      _____
                                                      BRANTLEY STARR
                                                      UNITED STATES DISTRICT JUDGE

---

[4] In fact, the plaintiff specifically states that she has no personal knowledge to this end, "and cannot conclude that the risks of disclosure outweigh the public's right to know, or that no other viable alternative to sealing exists."  Doc. No. 158 at 3.  This amounts to a direct statement that the plaintiff will not meet the standard set out by the Court for filing under seal.