# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § | |
| Defendants. | § § | |

## DEFENDANT SOUTHWEST AIRLINES CO'S BRIEF IN RESPONSE TO CHARLENE CARTER'S MOTION FOR LEAVE TO FILE UNDER SEAL

1

## I. INTRODUCTION

Pursuant to the parties' protective order, Plaintiff Charlene Carter ("Carter") seeks to file documents under seal in order to prevent the disclosure of confidential information contained in certain deposition testimony and documents produced by Defendant Southwest Airlines Co. ("Southwest"). Southwest joins Carter's request. The documents and testimony at issue contain, among other things, private non-party personnel information and information on workplace disciplinary matters. Disclosure of these materials would undermine legitimate privacy interests without any corresponding public benefit. Additionally, there is no need to include the materials in the public record. Carter has filed the documents in connection with a non-dispositive motion that could be effectively presented to and decided by the Court without reference to confidential information. Thus, filing the documents at issue under seal will not thwart the public's ability to fully understand the Court's decision making.

## II. THE CONFIDENTIAL DOCUMENTS AND CARTER'S MOTION TO COMPEL

In connection with her motion to compel, Carter filed the following materials which necessitate the sealed filing:

- A spreadsheet containing names and locations of numerous non-party employees involved in social media complaints (sometimes related to legally-protected characteristics) and investigations over a 7 year period. The spreadsheet contains information regarding investigations and disciplinary actions. *See* App. 77-86.

- Email regarding social media complaints, investigation, report of potential retaliation, and discipline of non-party employee. *See* App. 58.

- Emails regarding alleged leak of confidential Local 556 vote and attempts to remove named officials. *See* App. 60-66.

- Information regarding non-party social media cases and disciplinary actions taken in response to the same. Also includes testimony regarding App. 60-66, discussed above. *See* App. 87-95.

- Non-party employee posts related to social media disputes and Local 556. *See* App. 67-76.

Notably, these confidential documents have little relevance to the legal arguments in Carter's motion to compel. Carter files them largely to identify specific documents and information that Southwest has produced and to suggest that additional materials may exist. *See* Dkt. No. 158-3 at *8, 12, 17, 20, 28-29.[1] Indeed, Carter could make all of the arguments in her motion by generally describing the documents and testimony without filing them and necessitating a sealed submission.

### III.  THE COURT SHOULD GRANT CARTER'S MOTION

The decision to seal records is committed to the Court's discretion. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Indeed, "[e]very court has supervisory power over its own records and files" and can deny public access to them if they may "become a vehicle for improper purposes." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In evaluating a request to seal documents, courts "balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan*, 913 F.3d at 450.

In assessing these competing objectives, "the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020). Thus, as a general matter, courts will seal personal information (name, date of birth, social security number, address, work history, telephone number) to protect third party privacy rights.

---

[1] For example, Carter files an April 4, 2017 email (App. 58) simply to note that Southwest produced an unredacted copy of it (she received a redacted version from Local 556 and used it as an exhibit in a prior deposition) in response to her specific request. *See* Dkt. No. 158-3 at *8. This fact is undisputed and including the document in the record is unnecessary for Carter to present and the Court to resolve the issues in the motion to compel.

3

*EEOC v. Faurecia Auto. Seating, LLC*, 2017 U.S. Dist. LEXIS 19222, *3-4 (N.D. Miss. Feb. 10, 2017) (privacy interest of third parties "far outweighs the public's interest" in document used in connection with deciding non-dispositive motion); *see also Benedict v. Hewlett-Packard Co.*, 2016 U.S. Dist. LEXIS 86250, *8 (N.D. Cal. July 1, 2016) (sealing information regarding employee performance and other personal information).

As discussed above, the materials at issue contain substantial private information regarding non-party employees (*e.g.*, names, disciplinary history, allegations of misconduct, etc.) and Southwest's handling of employee complaints. The documents also discuss non-party employee statements regarding union representation. *See, e.g.*, *Faurecia Auto. Seating, LLC*, 2017 U.S. Dist. LEXIS 19222, *3-4; *King v. Bumble Trading, Inc.*, 2020 U.S. Dist. LEXIS 24543, *19-20 (N.D. Cal. Feb. 11, 2020) (sealing documents that contain "information relating to Defendants' internal processes for decision making or employment terms"). Disclosing information regarding these matters will unnecessarily subject innocent non-parties to potential harassment and retaliation from co-workers for their views regarding Local 556, for reporting social-media-related wrongdoing, or based on allegations (whether factually supported or not) of wrongdoing. *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, *9-10 (N.D. Cal. Oct. 31, 2007) (protecting information of non-party witnesses because disclosure may subject them to retaliation and harassment); *Houston Mun. Emples. Pension Sys. v. Bofl Holding, Inc.*, 2017 U.S. Dist. LEXIS 42647, *3 (S.D. Cal. Mar. 22, 2017) (sealing documents regarding nonparty former employee who provided information to plaintiff's investigator based on fear of retaliation); *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011) (noting that witness has interest in preventing disclosure of name due to potential "retaliation in a current or future job"). In fact, allegations of harassing and

retaliatory social media conduct and reports of the same involving Flight Attendants and disputes over Local 556 are the very issues that give rise to this litigation. *See* FAC ¶¶ 32-33, 74-77, 83-85, 87, 89, 99, 121.

In contrast, there is scantly any public interest in revealing the limited materials at issue, and sealing not impede the public's ability to view the Court's decision making process.  As courts have recognized, "the public interest in nondispositive motions is relatively low." *Kestra Inv. Servs. v. Ohio Nat'l Life Ins. Co.*, 2020 U.S. Dist. LEXIS 145435, *5-6 (W.D. Tex. Apr. 6, 2020). That is particularly true where, as here, the motion in connection with which the parties seek to seal records is only tangentially related to the merits of the action. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (noting that because resolving discovery and related disputes is "ancillary to the court's core role in adjudicating a case … the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions").

 Moreover, the Court need not rely on the documents that necessitate the sealed filing – they are of limited relevance to the motion to compel. To the extent the Court wishes to discuss or otherwise rely on the materials at issue, it can do so by generally describing them (*e.g.*, spreadsheet regarding social media cases) without disclosing confidential information. Thus, the Court can seal the records at issue while still providing the public with all necessary insight into its decision making. *See United States v. Vilar*, 2021 U.S. Dist. LEXIS 21431, *3-4 (S.D.N.Y. Feb. 3, 2021) (sealing documents because "the information [defendant] hopes to seal is of limited relevance to the pending motion and does little to advance the public's role in monitoring the courts.").

Weighing these competing interest warrants granting Carter's motion to file under seal. There are significant interest in protecting confidential information and innocent third parties, and

sealing the material in connection with Carter's non-dispositive motion will impose next to impediment to the public interest.[2]

### IV. CONCLUSION

For the reasons stated above, the Court should grant Carter's motion to seal.

Dated: August 17, 2021                          Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

---

[2] If the Court is not inclined to grant the motion, Southwest requests that the Court either direct Carter to file her motion without reference to confidential portions of the documents at issue (*e.g.*, through declarations describing relevant non-confidential information that the records purportedly reveal) or that it allow partial redactions.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF filing system which served copies to all parties on this 17th day of August, 2021.

                                          */s/ Paulo B. McKeeby*
                                          Paulo B. McKeeby

US_ACTIVE-162010675.1