IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendant Southwest Airlines Co. ("Defendant") files this Motion for Summary Judgment and/or Partial Summary Judgment. This Motion is based on Defendant's Brief, which is being filed contemporaneously, the attached summary judgment evidence, and all pleadings and papers on file.

## SUMMARY

A.  **Railway Labor Act ("RLA") Retaliation (Count IV)**

   1.  **No Private Right of Action**

       a.  The Court presumes that Congress did not create a private right action.

       b.  Plaintiff can only overcome this presumption by satisfying a heavy burden to demonstrate Congress affirmatively contemplated private enforcement when it passed the relevant statute.

   2.  **Minor Dispute Preemption** – Courts do not have jurisdiction over RLA minor disputes. A dispute is minor if:

      a.    it involves the interpretation or application of a collective bargaining agreement; or

      b.    it implicates practices, procedures, implied authority, or codes of conduct that are part of the working relationship between the parties.

**3.** **<u>RLA Retaliation</u>** – To state a RLA retaliation claim, the plaintiff must show

      a.    she engaged in RLA protected activities;

      b.    the employer had knowledge of the protected activities;

      c.    the employer harbored anti-union animus; and

      d.    the animus was a substantial or motivating factor for termination.

      e.    If the plaintiff demonstrates anti-union animus was a substantial motivating factor in the termination, the employer still avoids liability by showing that the employee would have been discharged even if she had not engaged in protected activities.

**B.** **<u>Title VII (Count V)</u>**

    **1.**    **<u>Failure to Exhaust Administrative Remedies</u>**

      a.    To bring a Title VII claim, a plaintiff must demonstrate that she exhausted administrative remedies by filing a charge with the EEOC.

      b.    To assess the permissible scope of the judicial complaint, the court considers the charge and the investigation which can reasonably be expected to grow out of the charge.

    **2.**    **<u>Failure to Accommodate</u>** – Plaintiff must demonstrate that:

      a.    She had a *bona fide* religious belief that conflicted with an employment requirement;

      b.      The employer was informed of the belief; and

      c.      She was discharged for failing to comply with the conflicting employment requirement.

**3.**      <u>**Undue Hardship**</u> – If plaintiff demonstrates that she should have received a reasonable accommodation, the employer still prevails if it shows:

      a.      that is provided plaintiff with a reasonable accommodation; or

      b.      that it could not reasonable accommodate the employee without an undue hardship – *i.e.*, a hardship that imposes more than a *de minimis* burned on the employer or co-workers.

**4.**      <u>**Discrimination**</u> – To establish a *prima facie* case of religious discrimination, the plaintiff must demonstrate that:

      a.      she had a bona fide religious belief or was a member of an identifiable religion;

      b.      she was qualified for the position;

      c.      her beliefs or religion resulted in her termination; and

      d.      she was treated differently from members outside that class.

**C.**      <u>**Preclusion (Counts IV and V)**</u> – To determine whether to treat an arbitrator's decision as preclusive in subsequent litigation involving federal statutory claims, the court considers:

      1.      whether the findings are within the arbitrator's authority and expertise; and

      2.      whether the arbitration procedures adequately protected the rights of the parties.

Where the arbitration proceedings afforded basic adjudicatory procedure, such as an opportunity to present evidence, the Court should generally treat the arbitrator's findings as conclusive.

\* \* \* \*

The detailed legal and factual basis for Southwest's motion is set forth in its supporting briefs. The Court should grant summary judgment on all claims.

Dated:  February 11, 2022            Respectfully submitted,

*/s/ Paulo McKeeby*
Paulo McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street, 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com