UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　Plaintiff,<br><br>V.<br><br><br>SOUTHWEST AIRLINES CO., AND<br>TRANSPORT WORKERS UNION OF AMERICA,<br>LOCAL 556,<br><br>　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S RESPONSES AND OBJECTIONS
TO DEFENDANT SOUTHWEST AIRLINES CO.'S
FIRST SET OF INTERROGATORIES**

　　To: Defendant Southwest Airlines Co. ("Southwest"), through its attorneys of record, Michele Haydel Gehrke, Reed Smith LLP, 101 Second Street, Suite 1800, San Francisco, California, 94105-3659, and Brian K. Morris, Reed Smith LLP, 811 Main Street, Suite 1700, Houston, Texas 77002-6110.

　　Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter ("Carter") hereby responds to Defendant Southwest Airlines Co.'s ("Southwest") First Set of Interrogatories.

　　Carter has not yet completed discovery and related investigation in this case, and has not completed preparation for trial, including review of relevant material by expert witnesses, and preparation of expert witness reports. The following responses are based upon, and therefore are necessarily limited by, the records and information in existence, presently recollected, and thus far discovered in the course of preparing these responses. Moreover, those documents which have been retrieved in the discovery conducted thus far are being compiled, analyzed, and organized. Carter reserves the right to produce additional evidence, facts, documents, or information not yet

seeks telephone, addresses, and title/position/business information, for Southwest employees, which information is within Southwest's knowledge, possession, custody, and control, and at least as equally accessible to Southwest than to Carter. Accordingly, Carter does not provide such information in response to this Interrogatory. Carter otherwise identifies the following Southwest employees who were similarly situated to her, but who Southwest treated more favorably than her with respect to disciplinary actions alleged in the complaint:

- Ricky Spand
- Josh Rosenberg
- Brian Talburt
- Casey Rittner
- Bill Holcomb
- Sam Wilkins

4.  For each employee identified in response to Interrogatory Number 3, DESCRIBE in detail how each employee was treated more favorably than YOU.

RESPONSE: Carter objects to this Interrogatory insofar as it seeks documents, communications, and information protected by the attorney client privilege and work product doctrine, and Carter withholds all such privileged information. Carter objects to this Interrogatory as unduly burdensome insofar as it seeks telephone, addresses, and title/position/business information, for Southwest employees, which information is within Southwest's knowledge, possession, custody, and control, and more easily accessible to Southwest than to Carter, who does not have knowledge or possession, custody, and control, of the information. Accordingly, Carter does not provide such information. Carter otherwise provides the following information:

- **Ricky Spand**

    - On August 25, 2016, Southwest flight attendant Jeanna Jackson reported Southwest flight attendant Ricky Spand to Southwest management for making social media posts, suggesting that Ms. Jackson was having an illicit relationship with a member of Southwest management. Spand is a known supporter of Local 556 leadership,

5

App. 1354

- including President Audrey Stone. To the best of Carter's knowledge, Southwest did not discipline Spand for this incident. See Carter's **Response to Request for Production No. 25.**

- Around November 2016, Spand posted a video on his Facebook page directed at Recall supporters traveling to D.C. to turn in their petition of signatures to recall Local 556's Executive Board Officers. Spand, dressed in a costume as "death," says to recall supporters: "You're coming to D.C. to meet me … I'm death." On or about November 10, 2016, Jeanna Jackson, the flight attendant spearheading the recall effort, filed a complaint with Southwest over the video for making a death threat against her. Jackson emailed Southwest management about its video on November 17, 2016. To the best of Carter's knowledge, Southwest, however, did not terminate or otherwise discipline Spand over this incident. See Carter's **Response to Request for Production No. 25.**

- **Josh Rosenberg**

  - On February 14, 2017, flight attendant and Local 556 member Josh Rosenberg was reported to Southwest for posting a profile picture on Instagram, a social media website, of an individual holding a gun and the caption "#GarySignNow" (a reference to Southwest's CEO, Gary Kelly)." Rosenberg was reported to Southwest yet he was not fired over this posting. See Carter's **Response to Request for Production No. 25.**

- **Brian Talburt**

  - On August 25, 2016, Southwest flight attendant Jeanna Jackson reported Southwest flight attendant Brian Talburt to Southwest management for making social media posts implying that Jackson was having an illicit relationship with a member of Southwest management. Talburt is a known supporter of Local 556 leadership, including President Audrey Stone. To the best of Carter's knowledge, Southwest did not discipline Talburt for this incident. See Carter's **Response to Request for Production No. 25.**

  - On March 16, 2015, Southwest flight attendant Greg Hofer (a nonmember objector that supported the campaign to reorganize Local 556 through a recall election) reported Brian Talburt to Southwest management for a social media post where Talburt called Hofer a "fucktard" for turning him in to Southwest over his social media post where he called for a public execution of union opponents and referred to Hofer as a "puss[y]." Southwest terminated Talburt over this post, but later reinstated him. See Carter's **Response to Request for Production No. 25.**

6

- On October 10, 2014, Southwest terminated Talburt for making a Facebook post that called for the "public execution" of those opposed to Local 556's leadership. Talburt posted: "We NEED one public execution to stop [the Southwest flight attendants opposed to Local 556's leadership]. They are NOT warriors. They are pussies and certainly you have seen Hoffucker in action for example. ONE execution we will never hear from them again. This I truly believe." "Hoffucker" was a derogatory reference to Hofer. Southwest reinstated Talburt only two weeks after his termination. See Carter's **Response to Request for Production No. 25.**

- **Casey Rittner**

  - On March 22, 2016, Southwest terminated flight attendant and Local 556 member Casey Rittner for making a Facebook post that called for CEO Kelly to sign the tentative agreement. The post included a picture displaying a gun with the hashtag "#GarySignNow." Rittner is a known supporter of Local 556's leadership, including President Stone. Southwest terminated Rittner but he was later reinstated. See Carter's **Response to Request for Production No. 25.**

- **Bill Holcomb**

  - On or about February 18, 2015, Southwest flight attendant Bill Holcomb made a social media post in a thread talking about Southwest flight attendant Steven Hobbs. The comment stated: "He was in class with Boris Kurtz. they had a one night fling . . . I am sorry for the visual . . . he stalked Boris for YEARS. claimed he left his boyfriend for Boris. it got really ugly." Thus, Holcomb insinuated that Hobbs was having a sexual relationship with another Southwest flight attendant. Hobbs reported Holcomb to Southwest but Southwest did not terminate Holcomb over this post. Holcomb was a member of Local 556's negotiating team and known supporter of Local 556's leadership, including President Stone. See Carter's **Response to Request for Production No. 25.**

  - Around late 2013 or early 2014, Holcomb created a social media post where he made fun of a Southwest passenger for getting arrested for being drunk and belligerent on a Southwest flight. This passenger shaming was reported to Southwest but Holcomb remains employed with Southwest. See Carter's **Response to Request for Production No. 25.**

  - Around September 17, 2013, Holcomb posted a picture on social media of a Southwest passenger seated on a plane with an empty banana peel near her feet. The picture showed only her legs and a magazine over her legs. Holcomb added a comment to his post asking "Did she shove the banana up underneath that magazine on her lap ? …. Because that's where I would have placed it when I saw the peel …." This post was reported to Southwest management. To the best of Carter's

7

knowledge, Southwest did not terminate Holcomb over this incident. See Carter's **Response to Request for Production No. 25.**

- **Sam Wilkins**

    - Around 2012, Southwest flight attendant and TWU Local 556 officer Sam Wilkins sent a Facebook message, commenting that "Rick Riveria is prob giving CC head as we speak …. Oops . .." This referred to two other Southwest flight attendants, Rivera, and Chris Click. Click, a known opponent of Local 556's Executive Board and a Recall supporter, reported this comment to Southwest management. To the best of Carter's knowledge, Wilkins continues to work for Southwest. See Carter's **Response to Request for Production No. 25.**

    - Around 2012, Wilkins created a post on Facebook that said I have a ".38 and I can't stand Mitt Romney." This post was reported to Southwest as violating its social media policy in 2015 or 2016. To the best of Carter's knowledge, Wilkins continues to work for Southwest. See Carter's **Response to Request for Production No. 25.**

5.  IDENTIFY all PERSONS from whom YOU have received statements (oral or written) relating to the allegations set forth in the COMPLAINT.

**RESPONSE**: Carter objects to this Interrogatory as overbroad and unduly burdensome insofar as it fails to state a request for information with reasonable particularity. Carter further objects to providing information regarding such statements based on the attorney-client privilege and work product doctrine. Carter objects to this Interrogatory as unduly burdensome insofar as it seeks telephone, addresses, and title/position/business information, for Southwest employees, which information is within Southwest's knowledge, possession, custody, and control, was provided in Carter's Initial Disclosures, and is equally accessible to Southwest. Based on the foregoing objections, Carter states that she has received statements relating to the allegations set forth in the Complaint from:

- Chris Click
- Chris Sullivan
- Kent Hand
- Greg Hofer
- Holly Immamovic

8

App. 1357

## VERIFICATION

*Carter v. Southwest Airlines Co.,*
*and Transport Workers Union of America, Local 556,*
United States District Court for the Northern District of Texas
Civil Case No. 3:17-cv-02278

I, Charlene Carter, am the Plaintiff in the above-entitled matter. I have read the foregoing **PLAINTIFF CHARLENE CARTER'S RESPONSES AND OBJECTIONS TO DEFENDANT SOUTHWEST AIRLINES CO.'S FIRST SET OF INTERROGATORIES,** and know the contents thereof. I declare under penalty of perjury that the matters stated in the foregoing document are true of my own knowledge, except as to those matters that are stated on information and belief, and as to those matters I believe them to be true.

Dated: 28 November 2019

*/s/ Charlene Carter*
**Charlene Carter**

## CERTIFICATE OF SERVICE

I certify that, on this day, I served the foregoing by electronic mail on Counsel of Record for Southwest Airlines Co.

By**: /s/ Matthew B. Gilliam**