UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>        Defendants. | Civil Case No. 3:17-cv-02278-X<br><br>**PLAINTIFF CHARLENE CARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Pursuant to Federal Rules of Civil Procedure, Rule 56, and Local Rule 56.3(a), Plaintiff Charlene Carter ("Carter"), through her counsel of record, hereby moves for partial summary judgment against Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("Local 556"). Carter moves for partial summary judgment against Southwest on Counts IV and V of her Fourth Amended Complaint (ECF 80). Count IV alleges that Southwest fired Carter for her RLA-protected activity under 45 U.S.C. § 152 (Third) and (Fourth) in violation of the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA"). (ECF 80, pp.25-27, ¶¶ 93-102). Count V alleges that Southwest fired Carter for her religious beliefs and practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (ECF 80, pp.27-30, ¶¶ 103-122).

    Carter also moves for partial summary judgment against Local 556 on Counts III, IV, and V of her Fourth Amended Complaint (ECF 80). Count III alleges that Local 556 breached its duty of fair representation by causing Carter's termination. (ECF 80, pp.21-25, ¶¶ 78-92). Count IV alleges that Local 556 wrongfully caused Carter's discharge because of her protected activity under 45 U.S.C. § 152 (Third) and (Fourth) in violation of the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

("RLA"). (ECF 80, pp.25-27, ¶¶ 93-102). Count V alleges that Local 556 discriminated against Carter because of her religious beliefs and practices and caused Southwest to fire her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (ECF 80, pp.27-30, ¶¶ 103-122). Pursuant to Local Rule 56.3(a), Carter hereby sets forth the elements of each claim:

# I. Summary

## A. Count III: Local 556's breach of the duty of fair representation

To demonstrate that the union breached the duty of fair representation owed to an employee, the employee must show that its conduct towards a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith:

1. To be non-arbitrary, a decision must be:

    a. Based upon relevant, permissible union factors, which excludes the possibility of it being based upon personal animosity or political favoritism,

    b. A rational result of the consideration of those factors, and

    c. Inclusive of a fair and impartial consideration of the interests of all employees.

2. A union acts discriminatorily if it acts invidiously towards an employee in matters affecting her employment.

3. A union acts in bad faith when it acts without honest purpose and judgment or with hostility or discrimination towards an employee.

## B. Count IV: Wrongful Discharge for RLA-protected activity.

1. Claim against Southwest: To demonstrate that an employee was wrongfully discharged for her RLA-protected activity, the employee must show:

    a. She engaged in RLA-protected activity,

   b. The employer fired her,

   c. Her protected activity was a substantial or motivating factor for the adverse action, and

   d. Her activity did not lose its protection.

2. Claim against Local 556: To demonstrate that a union wrongfully caused an employee to be discharged for her RLA-protected activity, the employee must show:

   a. She engaged in RLA-protected activity,

   b. The union caused her to suffer an adverse employment action,

   c. Her protected activity was a substantial or motivating factor for the union's conduct, and

   d. Her activity did not lose its protection.

C. **Count V: Discharge for religious beliefs and practices in violation of Title VII.**

1. Claim against Southwest: To show that an employer discharged an employee in violation of Title VII, the employee must show:

   a. She is a member of a protected class under Title VII, which includes employees with bona fide religious beliefs, and

   b. The employer discharged her because of her religion, which includes all aspects of religious observance and practice, as well as belief; or the employer was motivated by the employee's religion.

2. Claim against Local 556: To show that a union discriminated against an employee or attempted to cause her discharge in violation of Title VII, the employee must show:

   a. She is a member of a protected class under Title VII, which includes employees with bona fide religious beliefs, and

    b. The union discriminated against her because of her religion, which includes all aspects of religious observance and practice, as well as belief; or the union caused or attempted to cause the employer to discriminate against her based on her religious beliefs and practices.

Carter has conclusively established each of the foregoing elements of her claims, and is therefore entitled to summary judgment.

## II. Legal and Factual Grounds in Support of Motion for Partial Summary Judgment

The legal and factual grounds on which Carter relies in support of her motion for partial summary judgment are set forth in her brief in support of her motion for partial summary judgment.

For the reasons set forth herein and in her brief in support of her motion for partial summary judgment, Carter requests that the Court grant her motion.

Dated: September 2, 2021          Respectfully submitted,

                                       s/ Matthew B. Gilliam
                                       Mathew B. Gilliam (*admitted pro hac vice*)
                                       New York Bar No. 5005996
                                       *mbg@nrtw.org*
                                       c/o National Right to Work Legal Defense Foundation, Inc.
                                       8001 Braddock Road, Suite 600
                                       Springfield, Virginia 22160
                                       Tel: 703-321-8510
                                       Fax: 703-321-9319

                                       s/ Jason E. Winford (*with permission*)
                                       David E. Watkins
                                       Texas Bar No. 20922000
                                       *dwatkins@jenkinswatkins.com*
                                       Jason E. Winford
                                       Texas Bar No. 00788693
                                       *jwinford@jenkinswatkins.com*
                                       JENKINS & WATKINS, P.C.
                                       4300 MacArthur Avenue, Suite 165
                                       Dallas, Texas 75209
                                       Tel: 214-378-6675
                                       Fax: 214-378-6680

*Attorneys for Plaintiff Charlene Carter*

Case 3:17-cv-02278-X   Document 169   Filed 09/02/21   Page 5 of 6   PageID 4071

**Certificate of Service**

I hereby certify that on September 2, 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam