UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X<br><br><br>**PLAINTIFF CHARLENE CARTER'S SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT SOUTHWEST AIRLINES CO.** |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter hereby files this Second Motion to Compel Defendant Southwest Airlines Co. to produce responsive information in accordance with Carter's Discovery Requests and the Federal Rules of Civil Procedure as set forth herein and in her contemporaneously-filed Supporting Brief and Appendix.

Under the Federal Rules of Civil Procedure, Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to respond. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Carter requests that the Court order Southwest to produce three categories of information and documents: (I) information identifying the Local 556 officials who reported flight attendants' social media activities and the names and social media activities they reported, and production of the union officials' reports, as requested in Carter's May 27, 2021 Second RFPs 1, 3, and Second Interrogatory 1; (II) privilege log entry documents 1-6 that Southwest withheld based on unsupported attorney-client privilege claims; and (III) actual documents that Southwest agreed to produce, as requested in Carter's April 26, 2019 First RFPs 6, 7, and First Interrogatory 3.

1

Carter's Second Discovery Requests from May 27, 2021 seek evidence that is relevant to Carter's Count III Duty of Fair Representation claims, and her Count IV retaliation claims under the Railway Labor Act (RLA), 45 U.S.C. § 151, *et seq.* (Fourth Amended Complaint, ECF 80 (FAC ¶¶ 78-92)) (duty of fair representation); (FAC ¶¶ 93-102) (retaliation against RLA-protected activities).

This information is relevant to those claims because it can establish Local 556's pattern of targeting recall supporters, nonmember objectors, and other union opponents for discipline, like President Stone did with Carter. Local 556's history of discriminating against these groups is relevant to showing that the union acted arbitrarily, discriminatorily, and in bad faith in breach of the duty of fair representation it owed Carter, and that, as with Carter, it had a pattern of discriminating against other flight attendants who exercised RLA-protected rights.

This discovery is proportional to the needs of the case given its importance to resolving Carter's Duty of Fair Representation and RLA claims, and the constitutional issues and statutory rights at stake. Southwest cannot assert that this discovery is unduly burdensome because it is narrowly-tailored and involves only a limited number of cases of union officials reporting flight attendants' social media activities. Indeed, Southwest searched its files for a related request and produced a document ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

2

███████ because that information is important to demonstrating how Local 556 breached its duty of fair representation and violated RLA-protected rights.

Southwest has failed to support attorney client privilege claims it asserts for document entries 1-6 in its privilege log because the company has failed to show that the communications at issue involved legal advice or proceedings. Southwest has also failed to produce social media disciplinary materials that it agreed to produce.

For the foregoing reasons, the Court should grant Carter's Second Motion to Compel Discovery from Southwest as requested herein and in her accompanying Brief.

Dated: September 8, 2021                     Respectfully submitted,


                                             s/ Matthew B. Gilliam
                                             Mathew B. Gilliam (*admitted pro hac vice*)
                                             New York Bar No. 5005996
                                             *mbg@nrtw.org*
                                             c/o National Right to Work Legal Defense
                                             Foundation, Inc.
                                             8001 Braddock Road, Suite 600
                                             Springfield, Virginia 22160
                                             Tel: 703-321-8510
                                             Fax: 703-321-9319

                                             s/ Jason E. Winford (*with permission*)
                                             David E. Watkins
                                             Texas Bar No. 20922000
                                             *dwatkins@jenkinswatkins.com*
                                             Jason E. Winford
                                             Texas Bar No. 00788693
                                             *jwinford@jenkinswatkins.com*
                                             JENKINS & WATKINS, P.C.
                                             4300 MacArthur Avenue, Suite 165
                                              Dallas, Texas 75209
                                             Tel: 214-378-6675
                                             Fax: 214-378-6680

                                             *Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that on May 17, 2021, May 24, 2021, July 13, 2021, July 15, 2021, July 21, 2021, and July 27, 2021, Carter's Counsel, Matthew Gilliam, and Southwest's attorneys, Paulo McKeeby, Michael Correll, and Brian Morris, exchanged correspondence discussing Carter's Discovery Requests and Southwest's objections to the requests.

Gilliam, McKeeby, and Morris also discussed these matters during a teleconference meeting on July 2, 2021. During the July 2 teleconference meeting, Counsel discussed Southwest's objections to Carter's RFP 1 and Interrogatory 1, which asked Southwest to identify Local 556 officials who reported flight attendants' social media activities, identify the names and social media activities of the flight attendants the union officials' reported, and produce the union officials' reports. Counsel discussed Southwest's unduly burdensome objections, and whether there were any options to manage those burdens. Carter and Southwest also discussed the possibility of providing a list of union officials for use in searching for responsive information.

Following the meeting, Southwest's counsel emailed on July 15, 2021, and reported that this would not significantly decrease the burden and scope of the requests, or the burden in trying to respond to them. Southwest's July 15, 2021 email re-asserted its belief that the requests seek "comparator employee" information "contrary to the magistrate's rulings" on Carter's First Motion to Compel. Southwest also asserted that the requests were beyond the scope of the Court's May 5, 2021 Discovery Order. Southwest then asserted that it "does not intend to supplement responses or production" for these requests.

Counsel's discussions regarding RFP 1 and Interrogatory 1 involve the same objections and issues Southwest raised with its responses to Carter's RFP 3. Southwest did not respond to RFP 3 until July 15, 2021, at which time it asserted the same relevance, similarly-situated, and unduly burdensome objections that Southwest had raised and discussed with Carter on July 2, 2021, in

connection with RFP 1 and Interrogatory 1. Southwest also asserted that RFP 3 was "outside the scope" of the Court's May 5 Order.

During their July 2 teleconference, Carter's counsel also explained that the privilege log did not give enough information to support the privilege claims for entries 1-6. Carter asked Southwest to provide more detail about its attorney-client privilege claims for log entries 1-6, because the subject matter descriptions and the context of partially-redacted emails that were provided (with redactions covered under log entry 6), did not demonstrate that the subject matter of the communications was legal, or that the communications were made for the purpose of giving or receiving legal advice. Southwest's July 15 follow-up email stated that it would not provide any additional information to support its attorney-client privilege claims, and that it believed the context of these communications are adequately set forth. On July 27, Counsel exchanged emails about these contentions again, but Southwest ultimately declined to provide any further information.

Following the Court's May 5, 2021 Order, Carter's counsel emailed Southwest's attorneys about Southwest's agreement to produce responsive documents regarding other flight attendant reports, complaints, investigations, and discipline involving the social media policy, bullying and hazing policy, and sexual harassment policy that involved Ed Schneider. On May 24, 2021, Southwest Attorney Michael Correll represented that he "will work with SWA to collect and produce the responsive materials involving Ed Schneider for matters involving social media, sexual harassment, or bulling involving online activities." On July 15, 2021, Southwest indicated that it would produce information the following week. On July 21, 2021, Southwest produced a spreadsheet containing information about social media cases involving Schneider.

On July 27, 2021, Carter emailed Southwest about filing this Motion to Compel. Later that day, Attorney McKeeby responded that he would consult with Southwest about producing the documents associated with the spreadsheet. But, on July 28, 2021, Southwest emailed and confirmed that it will oppose Carter's Second Motion to Compel.

s/ Matthew B. Gilliam

**Certificate of Service**

I hereby certify that on September 8, 2021, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Matthew B. Gilliam