# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-S |

**PLAINTIFF CHARLENE CARTER'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT SOUTHWEST AIRLINES CO.**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter requests that Defendant Southwest Airlines Co. ("Southwest") produce for inspection and copying, all documents designated below, within thirty (30) days after the date of service, and serve them on Matthew B. Gilliam, c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, mbg@nrtw.org.

**INSTRUCTIONS**

1. The documents requested are those in Southwest's (see definition of **"SOUTHWEST"** in Paragraph 12 in the Definitions section below) possession, custody, or control, wherever located.

2. The documents produced are to be segregated and labeled by request number.

3. The documents sought include all drafts of documents required to be produced and documents that are nearly identical to but that differ in a minor, or any, way from other

documents required to be produced (*e.g.*, two documents are identical except one contains handwritten notes; both documents must be produced).

4. All requests made herein shall be construed to include any documents responsive to these requests that are later prepared, created, or discovered.

5. These document requests are continuing in nature and are to be timely supplemented.

6. For each document to which any privilege is claimed, the party asserting the privilege shall identify the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed to, the type of document (e.g., letter, memorandum, etc.), the general subject matter of the document, and the nature of the alleged privilege.

## DEFINITIONS

1. **"ALL," "ANY,"** and **"EACH"** shall be construed as encompassing "any and all" and "and/or."

2. **"ANY"** means "each and every" as well as "any one."

3. **"CARTER'S SOCIAL MEDIA ACTIVITY"** means any of Charlene Carter's messages or posts on Facebook, or any of her other communications and activities on social media.

4. **"CARTER'S TERMINATION," "TERMINATE,"** or **"TERMINATION,"** means the incidents, events, actions, and decisions related to the March 16, 2017 termination of Charlene Carter's employment with **SOUTHWEST**.

5. **"COMMUNICATIONS"** and **"COMMUNICATED"** are defined by way of illustration and not by way of limitation, as any written, oral, or electronic exchange of information, words, statements, expressions, discussions, thoughts, opinions, or ideas, and

2

includes any memorialization of information, words, statements, expressions, discussions, meetings, thoughts, opinions, or ideas of any person, including the person creating the memorialization.

6.   **"DOCUMENT"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronically stored information and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, video tape, magnetic and optical discs, "floppy disks," "PowerPoint" and other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations and telephone calls, resolutions, interoffice memoranda and other inter and intra office communication and correspondence, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, teletype messages, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier and facsimile transmissions and printouts.

The term **"DOCUMENT"** also includes preliminary drafts, revisions, and copies of any such document if the copy is in any way different from the original, now in your possession,

custody, or control or that of your advisors, agents, employees, servants, representatives, counsel, or other persons purported to act on your behalf.

7. **"LOCAL 556"** means Transport Workers Union of America, Local 556, and any of its officers, stewards, employees, representatives, agents, intermediaries, and other persons acting on its behalf.

8. **"MARCH 14, 2017 TERMINATION LETTER"** means the letter dated March 14, 2017, that **SOUTHWEST** sent Charlene Carter terminating her employment, and which is Exhibit A to Plaintiff Charlene Carter's Fourth Amended Complaint.

9. **"RECALL EFFORT"** means any and all employee activities concerning the campaign and petition started by **SOUTHWEST** flight attendants around July 2015 to hold recall elections and remove from office certain **LOCAL 556** executive board officers, including President Audrey Stone.

10. **"RELATING TO," "RELATING THERETO," "RELATE TO," "RELATED TO," "REFLECT," "REGARDING," "REPRESENT,"** or **"CONCERNING"** mean directly or indirectly constituting, mentioning, discussing, describing, or in any way pertaining to or being connected with a stated subject matter or the existence or nonexistence of a fact, alleged fact, misinformation, supposed information, topic, or subject matter, and require you to provide any and all documents that might possibly be relevant, or that might possibly lead to the discovery of relevant evidence related to the facts, information, knowledge, opinions and bases thereof, or documents that are in any way responsive to the document request in which such terms appear.

11. **"SOCIAL MEDIA POLICIES"** means **SOUTHWEST**'s Workplace Bullying and Hazing Policy, Social Media Policy, Policy Concerning Harassment, Sexual Harassment,

4

App.4

Discrimination, and Retaliation, Mission Statement, and any other company policies and rules related to employees' social media activities.

12.  **"SOUTHWEST"** means Southwest Airlines Co. and any of its current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

13.  **"YOU"** and **"YOUR"** each mean **SOUTHWEST**, and includes every one of its officers, staff, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

14.  Any other words herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

15.  The use of the singular form of any word includes the plural and any plural includes the singular.

## DOCUMENT REQUESTS

1.  Produce in their original, un-redacted format, every **DOCUMENT** that was identified, disclosed, or referenced, by **YOU** in **YOUR** Rule 26(a)(1) of the Federal Rules of Civil Procedure disclosures, including any amendments or supplements thereto.

2.  Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:
    (A) related to **CARTER'S SOCIAL MEDIA ACTIVITY**;
    (B) related to Charlene Carter's religious beliefs, views, and practices;
    (C) related to Carter's involvement in the **RECALL EFFORT**;
    (D) related to Carter's membership or non-membership status, or her agency-fee payer status with **LOCAL 556**;

    (E) related to **COMMUNICATIONS** between **SOUTHWEST** and **LOCAL 556** regarding Charlene Carter;

    (F) all other **DOCUMENTS** and **COMMUNICATIONS** related to Charlene Carter.

3. Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, between **SOUTHWEST** and Audrey Stone related to Charlene Carter.

4. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the **RECALL EFFORT** since January 1, 2012.

5. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to any employee's status as an agency-fee payer or nonmember of **LOCAL 556** since January 1, 2012.

6. Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

    (A) between **LOCAL 556** and **SOUTHWEST** related to any **SOUTHWEST** employee's social media activities;

    (B) related to any report or complaint to **SOUTHWEST** regarding any **SOUTHWEST** employee's social media activities;

    (C) related to **SOUTHWEST**'s investigations of any employee's social media activities;

    (D) related to the disposition of any such report or investigation;

    (E) all other **DOCUMENTS** and **COMMUNICATIONS** related to any **SOUTHWEST** employee's social media activities.

7. Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

    (A) related to instances where a **SOUTHWEST** employee was terminated or otherwise disciplined in connection with the **SOCIAL MEDIA POLICIES**;

    (B) related to instances where any **SOUTHWEST** employee terminated in connection with the **SOCIAL MEDIA POLICIES** was later reinstated;

    (C) between **SOUTHWEST** and **LOCAL 556** related to the **SOCIAL MEDIA POLICIES**;

    (D) related to the enforcement of the **SOCIAL MEDIA POLICIES**;

    (E) all other **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, related to the **SOCIAL MEDIA POLICIES**.

8. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the "Women's March on Washington, D.C." that took place in January 2017.

9. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **SOUTHWEST**'s flight attendants requesting time off or a change in any time they were scheduled to work during the time period of January 15, 2017, through January 30, 2017.

10. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **SOUTHWEST** employees turning the cabin lights pink during **SOUTHWEST** flights to and from Washington D.C. during January 2017.

7

28. Produce **YOUR** complete personnel file related to the following individuals:

   (A) Bill Holcomb

   (B) Jeanna Jackson

   (C) Kent Hand

   (D) Holly Imamovic

   (E) Crystal Reven

   (F) Casey Rittner

   (G) Josh Rosenberg

   (H) Ricky Spand

   (I) Brian Talburt

29. Produce every **DOCUMENT** reviewed, relied upon, related to or used to formulate **SOUTHWEST**'s answers to Plaintiff's First Set of Interrogatories to Defendant Southwest Airlines Co.

30. Produce all **DOCUMENTS** and **COMMUNICATIONS** supporting each affirmative defense asserted in **YOUR** Answer to Plaintiff's Fourth Amended Complaint or in any amendment or supplement thereto.

Date: April 26, 2019                     Respectfully submitted,

                                         s/ Jason E. Winford *(with permission)*
                                         David E. Watkins
                                         Texas Bar No. 20922000

*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam *(admitted pro hac vice)*
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings *(admitted pro hac vice)*
Virginia Bar No. 87667
*jdj@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

*Counsel for the Plaintiff*

13

**App.9**

## CERTIFICATE OF SERVICE

I certify that a true copy of **PLAINTIFF CHARLENE CARTER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SOUTHWEST AIRLINES CO.** was served by electronic mail on Defendants' counsel of record on April 26, 2019.

/s/ Matthew B. Gilliam

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br><br>            Defendants. | Civil Case No. 3:17-cv-02278-S |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOUTHWEST AIRLINES CO.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Charlene Carter ("Plaintiff") propounds the following interrogatories on Defendant Southwest Airlines Co. ("Southwest"). The interrogatories are to be answered by Southwest or an officer of Southwest, based on Southwest's collective knowledge, within thirty (30) days after the date of service, and served on Matthew B. Gilliam, c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, mbg@nrtw.org.

**INSTRUCTIONS**

1.      If you do not have full, specific, or certain information in response to an interrogatory or any part of an interrogatory, please provide the fullest, most specific, and most certain information that you have and designate it as such. Where applicable, give your best estimate, approximation, or summary of the requested information and designate it as such.

1

2. These interrogatories request all information possessed by you (see definition of "you" below in Paragraph 14 of the definitions section) whether it is known, unknown, confirmed, unconfirmed, believed, or disbelieved, regardless of your opinion as to the status, believability, or credibility of any of the information. If any answer or any portion of an answer to an interrogatory is not based on your personal knowledge or belief, or on documents or objects in your custody, possession, or control, the interrogatory requests a description of the information source, and included in its description must be the identification of the person or entity constituting the source and a description of any oral or written communications, documents, materials, or tangible objects relied on.

3. These interrogatories are continuing in nature and are to be timely supplemented with any responsive information.

## DEFINITIONS

1. **"ALL," "ANY,"** and **"EACH"** shall be construed as encompassing "any and all" and "and/or."

2. **"ANY"** means "each and every" as well as "any one."

3. **"CARTER'S SOCIAL MEDIA ACTIVITY"** means any of Charlene Carter's messages or posts on Facebook, or any of her other communications and activities on social media.

4. **"CARTER'S TERMINATION," "TERMINATE,"** or **"TERMINATION,"** means the incidents, events, actions, and decisions related to the March 16, 2017 termination of Charlene Carter's employment with **SOUTHWEST**.

5. **"COMMUNICATIONS"** and **"COMMUNICATED"** are defined by way of illustration and not by way of limitation, as any written, oral, or electronic exchange of

2

information, words, statements, expressions, discussions, thoughts, opinions, or ideas, and include any memorialization of information, words, statements, expressions, discussions, meetings, thoughts, opinions, or ideas of any person, including the person creating the memorialization.

6. **"DOCUMENT"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, paper, electronic, or computerized data compilations, including electronic mail (e-mail).

7. **"IDENTIFY"** when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination and shall include, without limitation, his or her: (a) full name; and (b) current or last known home address, telephone number, and email address (identifying if said information is current or last known).

8. **"IDENTIFY"** when referring to a communication means to provide: (a) the date and place of the communication; (b) the identity of each person who was present at, participated in, or has knowledge of the communication; and (c) the nature, subject, substance, and contents of the communication.

9. **"LOCAL 556"** means Transport Workers Union of America, Local 556, and any of its officers, stewards, employees, representatives, agents, intermediaries, and other persons acting on its behalf.

10. **"MARCH 14, 2017 TERMINATION LETTER"** means the letter dated March 14, 2017, that **SOUTHWEST** sent Charlene Carter terminating her employment, and which is Exhibit A to Plaintiff Charlene Carter's Fourth Amended Complaint.

3

11. **"RELATING TO," "RELATE TO," "RELATED TO," "REFLECT," "REGARDING," "REPRESENT,"** or **"CONCERNING"** mean directly or indirectly constituting, mentioning, discussing, describing, or in any way pertaining to or being connected with a stated subject matter or the existence or nonexistence of a fact, alleged fact, misinformation, supposed information, topic, or subject matter, and require you to fully discuss, fully describe, list, and provide any and all facts, information, opinions, bases of such opinions, and documents which might possibly be relevant, or which might possibly lead to the discovery of relevant evidence related to the facts, information, knowledge, opinions, and bases thereof, and documents which are in any way responsive to the specific interrogatory in which such terms appear.

12. **"SOCIAL MEDIA POLICIES"** means **SOUTHWEST**'s Workplace Bullying and Hazing Policy, Social Media Policy, Policy Concerning Harassment, Sexual Harassment, Discrimination, and Retaliation, Mission Statement, and any other company policies and rules related to employees' social media activities.

13. **"SOUTHWEST"** means Southwest Airlines Co. and any of its current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

14. **"YOU"** and **"YOUR"** mean **SOUTHWEST** and includes every one of its officers, staff, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

15. Any other words herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

16. The use of the singular form of any word includes the plural and any plural includes the singular.

## INTERROGATORIES

1. **IDENTIFY** all of **SOUTHWEST**'s **COMMUNICATIONS** regarding **CARTER'S SOCIAL MEDIA ACTIVITY**.

    **ANSWER:**

2. **IDENTIFY** all of **SOUTHWEST**'s **COMMUNICATIONS** regarding **CARTER'S TERMINATION**.

    **ANSWER:**

3. **IDENTIFY** every **SOUTHWEST** employee whose social media activities were reported to **SOUTHWEST** from January 1, 2012, through the present.

    **ANSWER:**

(D) Southwest Airlines Mission Statement

(E) Any other **SOUTHWEST** policies

**ANSWER:**




7.	State the facts supporting each affirmative defense asserted in **YOUR** Answer to Plaintiff's Fourth Amended Complaint or in any amendment or supplement thereto.

**ANSWER:**



Date: April 26, 2019                                Respectfully submitted,


s/ Jason E. Winford *(with permission)*
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

s/ Matthew B. Gilliam
Mathew B. Gilliam *(admitted pro hac vice)*
New York Bar No. 5005996
*mbg@nrtw.org*
Jeffrey D. Jennings *(admitted pro hac vice)*

7

>Virginia Bar No. 87667
>*jdj@nrtw.org*
>c/o National Right to Work Legal Defense
>Foundation, Inc.
>8001 Braddock Road, Suite 600
>Springfield, Virginia 22160
>Tel: 703-321-8510
>Fax: 703-321-9319
>
>*Counsel for the Plaintiff*

CERTIFICATE OF SERVICE

I certify that a true copy of **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SOUTHWEST AIRLINES CO.** was served by email, on Defendants' counsel of record on April 26, 2019.

/s/ Matthew B. Gilliam

**App.18**