# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF'S REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT SOUTHWEST AIRLINES CO.**

Pursuant to Rule 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, and the Court's May 5, 2021 Order authorizing Plaintiff Charlene Carter ("Carter") to conduct follow-up discovery regarding Transport Worker Union of America, Local 556's November 30 deposition and follow-up discovery with Defendant Southwest Airlines Co. ("Southwest") regarding their October 30-31 document production, Carter propounds on Southwest the following Requests for Admission, Interrogatories, and Requests for Production.

Carter requests that Southwest produce for inspection and copying, all documents designated below, and that Southwest or an officer of Southwest, answer the Requests for Admission and Interrogatories on the basis of the collective knowledge of Southwest, within thirty (30) days after the date of service, and serve all of the foregoing on Matthew B. Gilliam, c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, mbg@nrtw.org.

1

**INSTRUCTIONS FOR REQUESTS FOR ADMISSION AND INTERROGATORIES**

1. If you do not have full, specific, or certain information in response to an interrogatory or any part of an interrogatory, please provide the fullest, most specific, and most certain information that you have and designate it as such. Where applicable, give your best estimate, approximation, or summary of the requested information and designate it as such.

2. These interrogatories request all information possessed by you (see definition of "you" below in Paragraph 10 of the definitions section) whether it is known, unknown, confirmed, unconfirmed, believed, or disbelieved, regardless of your opinion as to the status, believability, or credibility of any of the information. If any answer or any portion of an answer to an interrogatory is not based on your personal knowledge or belief, or on documents or objects in your custody, possession, or control, the interrogatory requests a description of the information source, and included in its description must be the identification of the person or entity constituting the source and a description of any oral or written communications, documents, materials, or tangible objects relied on.

3. These interrogatories are continuing in nature and are to be timely supplemented with any responsive information.

**DEFINITIONS**

1. **"ALL," "ANY,"** and **"EACH"** shall be construed as encompassing "any and all" and "and/or."

2. **"ANY"** means "each and every" as well as "any one."

3. **"COMMUNICATIONS"** and **"COMMUNICATED"** are defined by way of illustration and not by way of limitation, as any written, oral, or electronic exchange of information, words, statements, expressions, discussions, thoughts, opinions, or ideas, and include any memorialization

of information, words, statements, expressions, discussions, meetings, thoughts, opinions, or ideas of any person, including the person creating the memorialization.

    4. **"DOCUMENT"** is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronically stored information and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," compact discs, CD-ROM discs, magnetic tape, video tape, magnetic and optical discs, "floppy disks," "PowerPoint" and other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations and telephone calls, resolutions, interoffice memoranda and other inter and intra office communication and correspondence, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, teletype messages, financial statements, stenographers' notebooks, punch cards, computer printouts and data, telecopier and facsimile transmissions and printouts.

    The term **"DOCUMENT"** also includes preliminary drafts, revisions, and copies of any such document if the copy is in any way different from the original, now in your possession, custody, or control or that of your advisors, agents, employees, servants, representatives, counsel, or other persons purported to act on your behalf.

5. **"IDENTIFY"** when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place or examination.

6. **"IDENTIFY"** when referring to a communication means to provide: (a) the date and place of the communication; (b) the identity of each person who was present at, participated in, or has knowledge of the communication; and (c) the nature, subject, substance, and contents of the communication.

7. **"LOCAL 556"** means Transport Workers Union of America, Local 556, and any of its officers, stewards, employees, representatives, agents, intermediaries, and other persons acting on its behalf.

8. **"RELATING TO," "RELATE TO," "RELATED TO," "REFLECT," "REGARDING," "REPRESENT,"** or **"CONCERNING"** mean directly or indirectly constituting, mentioning, discussing, describing, or in any way pertaining to or being connected with a stated subject matter or the existence or nonexistence of a fact, alleged fact, misinformation, supposed information, topic, or subject matter, and require you to fully discuss, fully describe, list, and provide any and all facts, information, opinions, bases of such opinions, and documents which might possibly be relevant, or which might possibly lead to the discovery of relevant evidence related to the facts, information, knowledge, opinions, and bases thereof, and documents which are in any way responsive to the specific interrogatory in which such terms appear.

9. **"SOUTHWEST"** means Southwest Airlines Co. and any of its current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

10. **"YOU"** and **"YOUR"** mean **LOCAL 556** and includes every one of its officers, staff, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf.

11. Any other words herein shall be defined according to standard American usage, as shown in a dictionary of the English language.

12. The use of the singular form of any word includes the plural and any plural includes the singular.

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Carter requests that Southwest admit for the purposes of this action the truth of the following:

1. Admit that **LOCAL 556**'s testimony (Hillhouse Deposition Tr. 6:6-7:10) regarding the numbers of social media related cases between 2013 and 2020 represents the true number of Southwest Airlines flight attendants who were reported to **SOUTHWEST** for their social media activities:

    (a) 2013-2014: 18

    (b) 2015-2016: 32

    (c) 2017-2018: 39

    (d) 2019-2020: 100


2. Admit that **LOCAL 556**'s testimony (Hillhouse Deposition Tr. 8:2-15) regarding the numbers of Southwest flight attendants disciplined for social media related cases between 2013 and 2020 represents the true number of Southwest Airlines flight attendants who were disciplined by **SOUTHWEST** for their social media activities:

(a) 2013-2014: 7

(b) 2015-2016: 9

(c) 2017-2018: 23

(d) 2019-2020: 60

## INTERROGATORIES

1. Given **LOCAL 556**'s inability to identify which persons turned in Southwest flight attendants for their social media activities (Hillhouse Deposition Tr. 29:6-9), (a) **IDENTIFY** every person holding a position as a **LOCAL 556** officer, steward, employee, or representative, who reported a Southwest Airlines flight attendant's social media activities to **SOUTHWEST** between January 1, 2013, and the present; (b) **IDENTIFY** every Southwest Airlines flight attendant whose social media activities were reported to **SOUTHWEST** by each person identified in (a); and (c) **IDENTIFY** all the social media activities that were reported to **SOUTHWEST** by each person identified in (a).

**ANSWER:**

6

**App.24**

## INSTRUCTIONS FOR DOCUMENT REQUESTS

1. The documents requested are those in Southwest's (see definition of "**SOUTHWEST**" in Paragraph 9 in the Definitions section above) possession, custody, or control, wherever located.

2. The documents produced are to be segregated and labeled by request number.

3. The documents sought include all drafts of documents required to be produced and documents that are nearly identical to but that differ in a minor, or any, way from other documents required to be produced (*e.g.*, two documents are identical except one contains handwritten notes; both documents must be produced).

4. All requests made herein shall be construed to include any documents responsive to these requests that are later prepared, created, or discovered.

5. These document requests are continuing in nature and are to be timely supplemented.

6. For each document to which any privilege is claimed, the party asserting the privilege shall identify the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed to, the type of document (e.g., letter, memorandum, etc.), the general subject matter of the document, and the nature of the alleged privilege.

## DOCUMENT REQUESTS

1. Given **LOCAL 556**'s inability to identify which persons turned in Southwest flight attendants for their social media activities (Hillhouse Deposition Tr. 29:6-9), produce all reports or complaints made to **SOUTHWEST** from January 1, 2013, through the present, by any person holding a position as a **LOCAL 556** officer, steward, employee, or representative, regarding another Southwest Airlines flight attendant's social media activities.

2. Regarding **SOUTHWEST**'s October 30-31 document production, produce a complete, unredacted copy of the April 4-5, 2017 email chain in Gutierrez Deposition Exhibit 24, which was omitted from **SOUTHWEST**'s production but was responsive to Carter's Discovery Requests (e.g., Carter RFP 6(B) and (C)).

3. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the communications in the document discussed in Request for Production No. 2 above.

Date: May 27, 2021

Respectfully submitted,

s/ Matthew B. Gilliam
Mathew B. Gilliam *(admitted pro hac vice)*
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

s/ Jason E. Winford *(with permission)*
David E. Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
JENKINS & WATKINS, P.C.
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
Tel: 214-378-6675
Fax: 214-378-6680

*Counsel for the Plaintiff*

8

## CERTIFICATE OF SERVICE

I certify that a true copy of **PLAINTIFF'S REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT SOUTHWEST AIRLINES CO.** was served by email, on Defendant's counsel of record on May 27, 2021.

/s/ Matthew B. Gilliam

**App.27**