# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| CHARLENE CARTER, | § | Civil Case No. 3:17-cv-02278-S |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION OF AMERICA, | § | |
| LOCAL 556, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT SOUTHWEST AIRLINES CO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") serves its Objections and Responses to Plaintiffs Charlene Carter's ("Plaintiff" or "Carter") First Request for Production of Documents.

## PRELIMINARY STATEMENT

Southwest makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying in court, all of which are expressly reserved and may be interposed at the time of trial.

The information in each response is based only upon the information currently available to Defendant. Defendant's investigation and discovery in preparation for trial are ongoing and will continue throughout this action. Additional investigation may disclose further information relevant to these responses. Defendant's responses are made without prejudice to its right to

1

**App.28**

introduce any and all documents and other evidence or information of any kind in this action. Defendant is not making any incidental or implied admissions by its responses to Carter's requests. The fact that Defendant has responded to all or part of any request is not intended and shall not be construed as a waiver by Southwest of all or any part of any objection to any request. Defendant reserves the right to alter, amend, supplement or otherwise revise these responses if, for any reason, it deems revisions or supplements appropriate.

## GENERAL OBJECTIONS

The following general objections apply to all of Carter's requests and are incorporated by reference into the objections to each request. Southwest's responses are made without waiver of, or prejudice to, the stated or other objections Southwest may make. All such objections are expressly preserved.

1. Southwest objects to Carter's Definitions and Instructions because they impose obligations and requirements beyond those required by the Federal Rules of Civil Procedure. Furthermore, Carter's Definitions cause the requests to be overbroad; unduly burdensome; not relevant to the claims and defenses in this lawsuit; and violations of the attorney-client privilege and the work product doctrine.

2. Southwest objects to Carter's definition of "Document" because it is overbroad (*e.g.*, incorporating all electronically stored information) and thus renders each request incorporating the definition unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

3. Southwest objects to Carter's definition of "Southwest," "you," and "your" because they include all of Southwest's "current or former officers, employees, representatives, agents,

intermediaries, successors, and other persons acting on its behalf."   By using this overbroad definition, Carter renders each request unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

4.      Southwest objects to Carter's definition of "relating to," "relating thereto," "relate to," "related to," "reflect," "regarding," "represent," and "concerning" because they are overbroad. By using these overbroad definitions, Carter renders each request unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

5.      Defendant objects to the definition of "Communications" and "Communicated" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome.

6.      Southwest objects that Carter's Definitions are vague and ambiguous insofar as they use the terms or phrases "advisors," "agents," "servants," "representatives," "intermediaries," "officers," "successors," or "other persons purported to act on your behalf."   Southwest also objects to the foregoing definitions on the grounds that they are overbroad and irrelevant to the extent they seek to include entities and individuals who have no involvement in this lawsuit. Southwest further objects to the foregoing Definitions to the extent they purport to include individuals subject to the attorney-client privilege and/or the work product doctrine.

7.      Southwest objects to Carter's requests because they are overbroad insofar as they seek the production of documents as far back as January 2012, rendering them overbroad with respect to time, unduly burdensome, and not relevant to the claims and defenses in this lawsuit.

8.      Southwest objects to each request to the extent that it seeks documents and/or information pertaining to individuals, the disclosure of which would constitute an unwarranted

**App.30**

invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality.

9.      Southwest objects to each request to the extent it seeks documents and/or information subject to the attorney-client privilege and/or work product immunity.  Such documents and information are immune from discovery and will not be produced.

10.      Southwest objects to each request to the extent it seeks to obtain documents and/or information not relevant to the claims and defenses asserted in this matter.

11.      Southwest objects to each request to the extent it seeks to obtain discovery that is not proportional to the needs of the case.

12.      Southwest objects to each request to the extent it seeks to obtain documents and/or information publicly available from, for example, persons or entities subject to Freedom of Information Act requests, or other publicly available resources.

13.      Southwest objects to each request to the extent it seeks to obtain documents and/or information not in Southwest's possession, custody or control.

14.      Southwest objects to each request to the extent: (a) the discovery sought by each request is unreasonably cumulative or duplicative, or seeks documents and information obtainable from some other source that is more convenient, less burdensome, or less expensive; and/or (b) compliance with each request would be harassing, annoying, and oppressive.

15.      Southwest objects to each request to the extent the burden or expense of providing the information or documents sought by the request outweighs any likely benefit from such information.

**App.31**

In addition to the foregoing general objections, Southwest may also state specific objections to each request where appropriate.  By setting forth such specific objections, Southwest does not intend to limit or restrict the General Objections set forth above.

### DOCUMENT REQUESTS

1.     Produce in their original, un-redacted format, every **DOCUMENT** that was identified, disclosed, or referenced, by **YOU** in **YOUR** Rule 26(a)(1) of the Federal Rules of Civil Procedure disclosures, including any amendments or supplements thereto.

**Answer:**  Defendant objects that this request is overbroad and that responding to this request is excessively burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Defendant will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.  Defendant will also meet and confer with Plaintiff regarding custodians and search terms to identify documents responsive to this request.

2.     Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

(A)     related to **CARTER'S SOCIAL MEDIA ACTIVITY**;

(B)     related to Charlene Carter's religious beliefs, views, and practices;

(C)     related to Carter's involvement in the **RECALL EFFORT**;

(D)     related to Carter's membership or non-membership status, or her agency-fee payer status with **LOCAL 556**;

(E)     related to **COMMUNICATIONS** between **SOUTHWEST** and **LOCAL 556** regarding Charlene Carter;

5

**App.32**

(F)     all other **DOCUMENTS** and **COMMUNICATIONS** related to Charlene

Carter.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence because.   Defendant objects that this request is not reasonably

limited with respect to time insofar as it seeks documents dating from 2012.  Defendant objects

that this request is vague, ambiguous, and nonsensical, and that responding to this request is unduly

burdensome due to Plaintiff's definition of Southwest, which purports to include all current and

former Southwest employees and other non-employee affiliated individuals and entities.

Defendant objects that responding to this request is unduly burdensome.  Defendant objects that

this request is vague and ambiguous with respect to the terms "religious beliefs, views, and

practices."  Defendant objects that this request seeks private and confidential information related

to non-parties and/or Southwest.  Defendant objects that this request seeks information that is

protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Defendant will produce certain non-privileged

responsive documents that exist and can be located after a reasonable search and after the entry of

a protective order.   Defendant will also meet and confer with Plaintiff regarding custodians and

search terms to identify documents responsive to this request.

3.     Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012,

between **SOUTHWEST** and Audrey Stone related to Charlene Carter.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is

neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence.  Defendant objects that this request is not reasonably limited

6

**App.33**

with respect to time insofar as it seeks documents dating from 2012.  Defendant objects that this request is vague, ambiguous, and nonsensical, and that responding to this request is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Defendant will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.  Defendant will also meet and confer with Plaintiff regarding custodians and search terms to identify documents responsive to this request.

4.      Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the **RECALL EFFORT** since January 1, 2012.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012.  Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest.  Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

**App.34**

Subject to and without waiving objections, Defendant will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.

5.      Produce all **DOCUMENTS** and **COMMUNICATIONS** related to any employee's status as an agency-fee payer or nonmember of **LOCAL 556** since January 1, 2012.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012.  Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest.  Defendant objects that Plaintiff should obtain information regarding Southwest employees' union membership status from Local 556.  Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

6.      Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

(A)     between **LOCAL 556** and **SOUTHWEST** related to any **SOUTHWEST** employee's social media activities;

(B)     related to any report or complaint to **SOUTHWEST** regarding any **SOUTHWEST** employee's social media activities;

(C)     related to **SOUTHWEST**'s investigations of any employee's social media activities;

(D)     related to the disposition of any such report or investigation;

**App.35**

(E)    all other **DOCUMENTS** and **COMMUNICATIONS** related to any **SOUTHWEST** employee's social media activities.

**Answer:** Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012.  Defendant objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff.  *See, e.g.*, *Browning v. Southwest Airlines Co.*, 2019 WL 1778628, *4 (N.D. Tex. Apr. 23, 2019) (*citing Moore v. Univ. Miss. Med. Ctr.*, 719 Fed. Appx. 381, 385 (5th Cir. 2018) (comparators must be similarly situated, which requires plaintiff to establish "nearly identical circumstances")); *Vann v. Mattress Firm, Inc.*, 2014 WL 1365943, *4 (S.D. Tex. Apr. 07, 2014) ("The court agrees that the scope of the request is overbroad and is not limited to those employees who were similarly situated to plaintiff.").  Defendant objects that this request is vague, ambiguous, and nonsensical, and that responding to this request is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities.  Defendant objects that this request is vague and ambiguous with respect to the terms "report or complaint," "investigations," and "disposition."   Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest.  Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

7.    Produce all **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012:

**App.36**

(A)     related to instances where a **SOUTHWEST** employee was terminated or otherwise disciplined in connection with the **SOCIAL MEDIA POLICIES**;

(B)     related to instances where any **SOUTHWEST** employee terminated in connection with the **SOCIAL MEDIA POLICIES** was later reinstated;

(C)     between **SOUTHWEST** and **LOCAL 556** related to the **SOCIAL MEDIA POLICIES**;

(D)     related to the enforcement of the **SOCIAL MEDIA POLICIES**;

(E)     all other **DOCUMENTS** and **COMMUNICATIONS** since January 1, 2012, related to the **SOCIAL MEDIA POLICIES**.

**Answer:** Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this request is not reasonably limited with respect to time insofar as it seeks documents dating from 2012. Defendant objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff. *See, e.g.*, *Browning*, 2019 WL 1778628, *4; *Vann v. Mattress Firm, Inc.*, 2014 WL 1365943, *4. Defendant objects that this request is vague, ambiguous, and nonsensical, and that responding to this request is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that responding to this request is unduly burdensome. Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this request seeks

10

information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

8.      Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the "Women's March on Washington, D.C." that took place in January 2017.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request seeks private and confidential information related to non-parties and/or Southwest.  Defendant objects that this request seeks information that is protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving objections, Defendant will produce certain non-privileged responsive documents that exist and can be located after a reasonable search and after the entry of a protective order.  Defendant will also meet and confer with Plaintiff regarding custodians and search terms to identify documents responsive to this request.

9.      Produce all **DOCUMENTS** and **COMMUNICATIONS** related to **SOUTHWEST**'s flight attendants requesting time off or a change in any time they were scheduled to work during the time period of January 15, 2017, through January 30, 2017.

**Answer:**  Defendant objects that this request is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that responding to this request is unduly burdensome.  Defendant objects that this request is overbroad because it seeks documents and information related to employees who are not similarly situated to Plaintiff, and the time period for which Plaintiff requests information is not reasonably limited to 2017 Women's March.  *See,*

**App.38**

Date: June 11, 2019                              Respectfully submitted,


                                                 */s/ Michele Haydel Gehrke*
                                                 Michele Haydel Gehrke, *Admitted Pro Hac Vice*
                                                 California State Bar No. 215647
                                                 **REED SMITH LLP**
                                                 101 Second Street, Suite 1800
                                                 San Francisco, California 94105-3659
                                                 Phone:  415-659-4798
                                                 Fax:  415-391-8269
                                                 mgehrke@reedsmith.com

                                                 Brian K. Morris
                                                 Texas State Bar No. 24108707
                                                 **REED SMITH LLP**
                                                 811 Main Street, Suite 1700
                                                 Houston, Texas 77002-6110
                                                 Phone:  713-469-3815
                                                 Fax:  713-469-3899
                                                 bmorris@reedsmith.com
                                                 **COUNSEL FOR DEFENDANT**
                                                 **SOUTHWEST AIRLINES CO.**

**App.39**

## CERTIFICATE OF SERVICE

I certify that on June 11, 2019, Defendant Southwest Airlines Co's Objections and Responses to Plaintiff's First Request for Production of Documents was served by electronic mail to Plaintiff's counsel of record.

$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ */s/ Brian K. Morris*
$\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad\quad$ Brian K. Morris

**App.40**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

|                                                             |   |                              |
|-------------------------------------------------------------|---|------------------------------|
|                                                             | § |                              |
|                                                             | § |                              |
| CHARLENE CARTER,                                            | § | Civil Case No. 3:17-cv-02278-S |
|                                                             | § |                              |
| Plaintiff,                                                  | § |                              |
|                                                             | § |                              |
| v.                                                          | § |                              |
|                                                             | § |                              |
| SOUTHWEST AIRLINES CO., AND                                 | § |                              |
| TRANSPORT WORKERS UNION OF AMERICA,                         | § |                              |
| LOCAL 556,                                                  | § |                              |
|                                                             | § |                              |
|                                                             | § |                              |
| Defendants.                                                 | § |                              |

**DEFENDANT SOUTHWEST AIRLINE CO.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") serves its Objections and Responses to Plaintiffs Charlene Carter's ("Plaintiff" or "Carter") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

Southwest makes these responses solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections that would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying in court, all of which are expressly reserved and may be interposed at the time of trial.

The information in each response is based only upon the information currently available to Defendant. Defendant's investigation and discovery in preparation for trial are ongoing and will continue throughout this action. Additional investigation may disclose further information relevant to these responses. Defendant's responses are made without prejudice to its right to

**App.41**

introduce any and all documents and other evidence or information of any kind in this action. Defendant is not making any incidental or implied admissions by its responses to Carter's interrogatories.  The fact that Defendant has answered part or all of any interrogatory is not intended and shall not be construed as a waiver by Southwest of all or any part of any objection to any interrogatory.  Defendant reserves the right to alter, amend, supplement or otherwise revise these responses if, for any reason, it deems revisions or supplements appropriate.

## GENERAL OBJECTIONS

The following general objections apply to all of Carter's interrogatories and are incorporated by reference into the objections to each interrogatory.  Southwest's responses are made without waiver of, or prejudice to, the stated or other objections Southwest may make.  All such objections are expressly preserved.

1.      Southwest objects to Carter's Definitions and Instructions on the grounds that they purport to impose obligations and requirements beyond those required by the Federal Rules of Civil Procedure.  Furthermore, Carter's Definitions cause the interrogatories to be overbroad; unduly burdensome; not relevant to the claims and defenses in this lawsuit; violations of the attorney-client privilege and the work product doctrine; and violations of constitutional, statutory, or common law rights to privacy.

2.      Southwest objects to Carter's definition of "Document" because it is overbroad (*e.g.*, incorporating all electronically stored information) and thus renders each interrogatory incorporating the definition unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

**App.42**

3.      Southwest objects to Carter's definition of "Southwest," "you," and "your" because they include all of Southwest's "current or former officers, employees, representatives, agents, intermediaries, successors, and other persons acting on its behalf."   By using this overbroad definition, Carter renders each interrogatory unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

4.      Southwest objects to Carter's definition of "relating to," "relating thereto," "relate to," "related to," "reflect," "regarding," "represent," and "concerning" because they are overbroad.   By using this overbroad definition, Carter renders each interrogatory unduly burdensome; not relevant to the claims and defenses in this lawsuit; a violation of the attorney-client privilege and the work product doctrine; and a violation of constitutional, statutory, or common law rights to privacy.

5.      Defendant objects to the definitions of "Communications" and "Communicated" because they are vague, ambiguous, overly broad, and unduly burdensome.

6.      Southwest objects that Carter's Definitions are vague and ambiguous insofar as they use the terms or phrases "advisors," "agents," "servants," "representatives," "intermediaries," "officers," "successors," or "other persons purported to act on your behalf." Southwest also objects to the foregoing definitions because they are overbroad and irrelevant to the extent they seek to include entities and individuals who are not involved in this lawsuit. Southwest further objects to the foregoing definitions to the extent they purport to include individuals subject to the attorney-client privilege and/or the work product doctrine.

**App.43**

7.     Southwest objects to Carter's interrogatories because they are overbroad insofar as they seek information as far back as January 2012.  Such interrogatories are overbroad with respect to time, unduly burdensome, and not relevant to the claims and defenses in this lawsuit.

8.     Southwest objects to each interrogatory to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory, and/or common law rights to personal privacy and confidentiality.

9.     Southwest objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine.  Such documents and information will not be produced.

10.     Southwest objects to each interrogatory to the extent it seeks to obtain information not relevant to the claims and defenses asserted in this matter.

11.     Southwest objects to each interrogatory to the extent it seeks to obtain discovery that is not proportional to the needs of the case.

12.     Southwest objects to each interrogatory to the extent it seeks to obtain information publicly available from, for example, persons or entities subject to Freedom of Information Act requests, or other publicly available resources.

13.     Southwest objects to each interrogatory to the extent it seeks to obtain information not in Southwest's possession, custody or control.

14.     Southwest objects to each interrogatory to the extent: (a) the discovery sought by each interrogatory is unreasonably cumulative or duplicative, or seeks information obtainable from some other source that is more convenient, less burdensome, or less expensive; and/or (b) compliance with each interrogatory would be harassing, annoying, and oppressive.

4

**App.44**

15.     Southwest objects to each interrogatory to the extent the burden or expense of providing the information sought by the interrogatory outweighs any likely benefit from such information.

In addition to the foregoing general objections, Southwest may also state specific objections to each interrogatory where appropriate.  By setting forth such specific objections, Southwest does not intend to limit or restrict the General Objections set forth above.

## INTERROGATORIES

1.     **IDENTIFY** all of **SOUTHWEST's COMMUNICATIONS** regarding **CARTER'S SOCIAL MEDIA ACTIVITY**.

**ANSWER:**  Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that responding to this interrogatory is unduly burdensome.  Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities.  Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce certain non-privileged communications regarding Carter's Social Media Activity that exist and can be located after a reasonable search and after the entry of a protective order.  Additionally, Defendant will meet and confer with Plaintiff's counsel to agree upon search terms and record custodians to identify relevant communications, if any.

**App.45**

2.      **IDENTIFY** all of **SOUTHWEST's COMMUNICATIONS** regarding **CARTER'S TERMINATION**.

**ANSWER:** Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that responding to this interrogatory is unduly burdensome. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities. Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest. Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce certain non-privileged communications regarding Carter's termination that exist and can be located after a reasonable search and after the entry of a protective order. Additionally, Defendant will meet and confer with Plaintiff's counsel to agree upon search terms and record custodians to identify relevant communications, if any.

3.      **IDENTIFY** every **SOUTHWEST** employee whose social media activities were reported to **SOUTHWEST** from January 1, 2012, through the present.

**ANSWER:** Defendant objects that this interrogatory is overbroad and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this interrogatory is overbroad with respect to time and because it seeks information related to employees who are not similarly

6

situated to Plaintiff.  *See, e.g.*, *Browning v. Southwest Airlines Co.*, 2019 WL 1778628, *4 (N.D. Tex. Apr. 23, 2019) (*citing Moore v. Univ. Miss. Med. Ctr.*, 719 Fed. Appx. 381, 385 (5th Cir. 2018) (comparators must be similarly situated, which requires plaintiff to establish "nearly identical circumstances")); *Vann v. Mattress Firm, Inc.*, 2014 WL 1365943, *4 (S.D. Tex. Apr. 07, 2014) ("The court agrees that the scope of the request is overbroad and is not limited to those employees who were similarly situated to plaintiff.").  Defendant objects that responding to this interrogatory is unduly burdensome.  Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all current and former Southwest employees and other non-employee affiliated individuals and entities.  Defendant objects that this interrogatory is vague and ambiguous with respect to the term "reported."  Defendant objects that this interrogatory seeks private and confidential information related to non-parties and/or Southwest.  Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

4.      Explain all ways **SOUTHWEST** knew that Charlene Carter "was identifiable as a Southwest Airlines employee" and "represented" the company when she "posted the graphic videos and pictures on Facebook," as stated by **SOUTHWEST** in the **MARCH 14, 2017 TERMINATION LETTER**.

**ANSWER**:  Defendant objects that this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Defendant objects that this interrogatory is vague, ambiguous, and nonsensical, and that responding to this interrogatory is unduly burdensome due to Plaintiff's definition of Southwest, which purports to include all

messages; the findings made in the arbitration proceedings in connection with Carter's grievance; the nature of the arbitration proceedings (*e.g.*, Carter was represented by counsel, had the opportunity to cross examine witnesses, etc.); Carter's working flight history; Carter's refusal to accept a settlement that included an offer of reinstatement; and lack of information reflecting mitigation efforts on behalf of Carter.  Discovery is ongoing and Defendant continues to search for documents and information supporting its affirmative defenses.


Date: June 11, 2019                                        Respectfully submitted,


                                                          */s/ Michele Haydel Gehrke*
                                                          Michele Haydel Gehrke, *Admitted Pro Hac Vice*
                                                          California State Bar No. 215647
                                                          **REED SMITH LLP**
                                                          101 Second Street, Suite 1800
                                                          San Francisco, California 94105-3659
                                                          Phone:  415-659-4798
                                                          Fax:  415-391-8269
                                                          mgehrke@reedsmith.com

                                                          Brian K. Morris
                                                          Texas State Bar No. 24108707
                                                          **REED SMITH LLP**
                                                          811 Main Street, Suite 1700
                                                          Houston, Texas 77002-6110
                                                          Phone:  713-469-3815
                                                          Fax:  713-469-3899
                                                          bmorris@reedsmith.com
                                                          **COUNSEL FOR DEFENDANT
                                                          SOUTHWEST AIRLINES CO.**

**App.48**

## CERTIFICATE OF SERVICE

I certify that on June 11, 2019, Defendant Southwest Airline Co.'s Objections and Responses to Plaintiff's First Set of Interrogatories was served by electronic mail to Plaintiff's counsel of record.

*/s/ Brian K. Morris*
_____
Brian K. Morris

**App.49**