# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § | |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § | |
| Defendants. | § | |

**DEFENDANT SOUTHWEST AIRLINES CO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION AND SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") serves its Objections and Responses to Plaintiff Charlene Carter's ("Plaintiff" or "Carter") Requests for Admission and Second Set of Interrogatories and Requests for Production.

**REQUESTS FOR ADMISSION**

1. Admit that **LOCAL 556**'s testimony (Hillhouse Deposition Tr. 6:6-7:10) regarding the numbers of social media related cases between 2013 and 2020 represents the true number of Southwest Airlines flight attendants who were reported to **SOUTHWEST** for their social media activities:

   (a) 2013-2014: 18

   (b) 2015-2016: 32

   (c) 2017-2018: 39

   (d) 2019-2020: 100

**Answer:** Denied.

2. Admit that **LOCAL 556**'s testimony (Hillhouse Deposition Tr. 8:2-15) regarding the numbers of Southwest flight attendants disciplined for social media related cases between 2013 and 2020 represents the true number of Southwest Airlines flight attendants who were disciplined by **SOUTHWEST** for their social media activities:

(a) 2013-2014: 7

(b) 2015-2016: 9

(c) 2017-2018: 23

(d) 2019-2020: 60

**Answer:** Denied.

## INTERROGATORIES

1. Given **LOCAL 556**'s inability to identify which persons turned in Southwest flight attendants for their social media activities (Hillhouse Deposition Tr. 29:6-9), (a) **IDENTIFY** every person holding a position as a **LOCAL 556** officer, steward, employee, or representative, who reported a Southwest Airlines flight attendant's social media activities to **SOUTHWEST** between January 1, 2013, and the present; (b) **IDENTIFY** every Southwest Airlines flight attendant whose social media activities were reported to **SOUTHWEST** by each person identified in (a); and (c) **IDENTIFY** all the social media activities that were reported to **SOUTHWEST** by each person identified in (a).

**Answer:** Defendant objects that this interrogatory is overbroad, unduly burdensome and that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this discovery request is not proportional to the needs of the case considering that the burden and expense of the discovery outweighs its likely benefit. While Defendant tracks violations of its social media policies, it does

not track how those violations may have come to its attention or whether particular employees or representatives of Local 556 may have made complaints regarding those policies. Defendant further objects that this interrogatory seeks information regarding social media issues that have no relationship to Plaintiff's claims against Southwest, that may be materially dissimilar from the social media issues in this case, and that involve employees who are/were not similarly situated to Plaintiff. *See* Dkt. No. 146. Defendant further objects that this interrogatory is overbroad as it is not reasonably limited with respect to time insofar as it seeks information regarding social media issues that may have arisen long after the termination of Plaintiff's employment.

## REQUESTS FOR PRODUCTION

1.   Given **LOCAL 556**'s inability to identify which persons turned in Southwest flight attendants for their social media activities (Hillhouse Deposition Tr. 29:6-9), produce all reports or complaints made to **SOUTHWEST** from January 1, 2013, through the present, by any person holding a position as a **LOCAL 556** officer, steward, employee, or representative, regarding another Southwest Airlines flight attendant's social media activities.

**Answer:** Defendant objects that this request is overbroad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this discovery request is not proportional to the needs of the case considering that the burden and expense of the discovery outweighs its likely benefit as explained in the above response to Interrogatory No. 1. Defendant further objects that this request seeks documents regarding social media issues that have no relationship to Plaintiff's claims against Southwest, that may be materially dissimilar from the social media issues in this case, and that involve employees who are/were not similarly situated to Plaintiff. *See* Dkt. No. 146. Defendant further objects that this request is overbroad as it is not

reasonably limited with respect to time insofar as it seeks documents regarding social media issues that may have arisen long after the termination of Plaintiff's employment.

2. Regarding **SOUTHWEST**'s October 30-31 document production, produce a complete, un-redacted copy of the April 4-5, 2017 email chain in Gutierrez Deposition Exhibit 24, which was omitted from **SOUTHWEST**'s production but was responsive to Carter's Discovery Requests (e.g., Carter RFP 6(B) and (C)).

**Answer:** See un-redacted email attached hereto.

Dated:  June 25, 2021

Respectfully submitted,

*/s/ Brian K. Morris*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

**App.54**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic mail on all parties on this 25th day of June, 2021.

                                                  */s/ Brian K. Morris*
                                                  Brian K. Morris`

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

**DEFENDANT SOUTHWEST AIRLINES CO'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION, REQUEST NO. 3**

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") serves its Objections and Responses to Plaintiff Charlene Carter's ("Plaintiff" or "Carter") Second Set of Requests for Production, Request No. 3.

**REQUEST FOR PRODUCTION**

3. Produce all **DOCUMENTS** and **COMMUNICATIONS** related to the communications in the document discussed in Request for Production No. 2 above.

**Answer:** Defendant objects that this request is overbroad, unduly burdensome and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects that this request is not proportional to the needs of the case because the burden and expense of identifying documents responsive to the request outweighs its likely benefit. Defendant objects that this request seeks documents regarding social media issues that have no relationship to Plaintiff's claims against

1

Southwest, that may be materially dissimilar to the social media issues in this case, and that involve employees who are/were not similarly situated to Plaintiff. *See* Dkt. No. 146. Defendant objects that this request is outside the scope of the discovery the Court authorized in its May 5, 2021 order. *See* Dkt. No. 155.

The un-redacted email relates to reports of Audrey Stone, Ricky Spand, and Jeanna Jackson. Southwest notes that it has already produced documents "related to" such issues in this matter (*see, e.g.*, SWA 002309-2310, 2312, 2335-36, 2352, 3466, 7286-7288, 7462).

Dated:  July 15, 2021

Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing document has been served by electronic mail on all parties on this 15th day of July, 2021.

                                  */s/ Paulo B. McKeeby*
                                  Paulo B. Mckeeby