# EXHIBIT K

# Matthew B. Gilliam

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, July 27, 2021 4:39 PM |
| **To:** | 'Morris, Brian K.'; McKeeby, Paulo B. |
| **Cc:** | Jason E. Winford |
| **Subject:** | RE: Carter Discovery Requests |

Hi Brian,

The privilege issues are with entries #1-5 and entry #6. For entries 1-5, I do not see anything in the description showing that the subject matter of these communications involved legal advice. The current description just conveys that the nature of the correspondence is "regarding social media and related issues"/"Railway Labor Act issues."

For entry 6, I do not see anything in the context of SWA 007464-007470 that shows how these communications involved legal advice. I know there are attorneys included in these discussions, but that alone does not mean that the subject matter of the discussions involved an exchange of legal advice. My understanding of Southwest's position is that there is enough information in the context.

Hope that helps,
Matt

_____

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

---

**From:** Morris, Brian K. <BMorris@reedsmith.com>
**Sent:** Tuesday, July 27, 2021 4:07 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>; McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Cc:** Jason E. Winford <jwinford@jenkinswatkins.com>
**Subject:** RE: Carter Discovery Requests

Matthew:

As Paulo indicated, we are looking the items you raised below. I am also taking a second look at the privilege issues. Can you clarify which privilege designations that you continue to take issue with? Also, regarding the spreadsheet, that should be designated as confidential. We will take a look at it in connection with your request below but want it to designated it as confidential for the time being.  Thank you.

-Brian

**Brian K. Morris**

1

**App.98**

469.680.4226
BMorris@reedsmith.com

Reed Smith LLP
2501 N. Harwood St., Suite 1700
Dallas, TX 75201
+1 469 480 4200
Fax +1 469 680 4299

---

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Sent:** Tuesday, July 27, 2021 10:45 AM
**To:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Cc:** Morris, Brian K. <BMorris@reedsmith.com>; Jason E. Winford <jwinford@jenkinswatkins.com>
**Subject:** RE: Carter Discovery Requests

==EXTERNAL E-MAIL - From mbg@nrtw.org==

Good morning, Paulo and Brian.

Given the issues we discussed related to Southwest's responses and objections to RFP 1, RFP 3, and Interrogatory 1, and the attorney client privilege claims in the privilege log, we will be filing a motion to compel. We also assume that you produced the July 21 summary spreadsheet in lieu of producing actual documents, and that you do not intend to produce the actual responsive documents themselves. Southwest had previously indicated on May 24 that it would produce the responsive materials involving Ed Schneider for matters involving social media, sexual harassment, and bullying online activities, which Carter was seeking in response to her RFPs 6, 7, and Interrogatory 3. Southwest did not indicate that there would be any undue burden with producing the responsive documents themselves. Therefore, we will also seek production of those documents in the motion to compel.

As part of our motion to compel, we plan to file information that you designated as confidential, which would require it to be filed under seal. That information includes:

- Simms deposition testimony Tr. 106-108; Tr. 215-219. From prior correspondence, it looks like you did not designate 106-108 as confidential, but that you did designate pages on 215 and 217-219 as confidential.
- The unredacted April 4, 2017 ████████ email (marked as confidential in the file name)
- Redacted versions of SWA 7464- 7471, and SWA 7358-7367 (Ex. 10 to Simms deposition)
- SWA's social media information summary spreadsheet (which is not designated as confidential)

I wanted to know whether you all will waive designations for those materials or will require that we file them under seal. Based on the standard set forth by the Court in the protective order and revised scheduling order, I do not believe these documents contain information that would be approved for filing under seal. It seems to me that the Court would deny the motion and make the documents and related information public. If I do not hear from you by Thursday, then we will go ahead and file under seal.

Thanks,
Matt

---

**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**From:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Sent:** Thursday, July 15, 2021 6:38 AM
**To:** Matthew B. Gilliam <mbg@nrtw.org>
**Cc:** Morris, Brian K. <BMorris@reedsmith.com>
**Subject:** RE: Carter Discovery Requests

Matt:  See below our responses to your separately numbered issues regarding discovery in this matter:

1. As anticipated, it has been difficult to cull social media related complaints from other employee complaints.  We are still working with Southwest to identify the former and anticipate having additional responses regarding social media complaints involving Ed Schneider towards the end of next week.

2. As you know it is very difficult to provide additional information without revealing privileged information. We withheld very few documents and made limited redactions. These generally related to ongoing labor-related legal issues (*e.g.*, Nos. 4-5 concerning Railway Labor Act issues) with in-house counsel in their capacity as attorneys. With respect to SWA7464-7470, we made very minimal redactions and applied them only to communications with counsel. We believe the context of these communications are adequately set forth in the surrounding correspondence and the privilege log. We hope this resolves your concerns.

3.a. Identification of the union members does not significantly decrease the burden and scope of these requests or the burden in trying to respond to them.  The interrogatories and document requests contemplate nationwide discovery regarding Southwest flight attendants.  This scope of discovery is well beyond that required by the Court's order limiting discovery to two discrete topics.  Moreover, the request for information on comparator employees is contrary to the magistrate's rulings on Plaintiff's previously filed motion to compel.  As such, for all of the above reasons, beyond the supplementation of complaints involving Ed Schneider, which would include information responsive to this request, Southwest does not intend to supplement responses or production on these issues.

b. We provided an un-redacted copy of the email previously produced by the union to avoid additional discovery conflicts.  We do not agree with your suggestion that production of this email was in any way required in connection with specific discovery requests or, more importantly, that our willingness to produce an un-redacted copy of the email compels any duty to supplement any previous discovery responses or document production.

4. As we discussed, RFP no. 3 was inadvertently omitted from our version of the discovery when we converted your discovery requests to a word version.  We will provide a  response to RFP later today.

**Paulo B. McKeeby**
Partner
Labor & Employment

pmckeeby@reedsmith.com
469-680-4227

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299
www.reedsmith.com

---

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Sent:** Tuesday, July 13, 2021 3:28 PM
**To:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Morris, Brian K. <BMorris@reedsmith.com>
**Subject:** Carter Discovery Requests

EXTERNAL E-MAIL - From mbg@nrtw.org

Good afternoon, Paulo and Brian.

I wanted to check in on various discovery issues, most of which we covered at our 7/2 meeting.

1) Ed Schneider documents: Last I heard, SWA was still collecting responsive materials involving Ed Schneider for other matters involving social media, sexual harassment, and bullying. When will Southwest be producing that information?

2) Privilege Log
    a. Entry #6: I believe that you all were going to provide us with additional information as to why these emails (including SWA 007464-007470) are covered by attorney-client privilege.

    b. Entries #1-5: For these entries we are requesting additional description of the nature of the correspondence "regarding social media and related issues"/"Railway Labor Act issues" to support the attorney-client privilege claim.

3) RFP 1/Interrogatory 1
    a. I believe that SWA was going to review whether it could produce responsive documents for these requests, which concern instances where a particular union official/representative complained about another flight attendant's social media activities. My understanding is that there were about 314 total reports of social media violations between 2013 and 2020 to search. We could even provide the names of union officials to facilitate the search. For now, I think we would include Audrey Stone, Brett Nevarez, Cuyler Thompson, Todd Gage, John Parrott, Rickie Spand, Sam Wilkins, Jessica Parker, Jimmy West, Crystal Reven, and Thom McDaniel.

    b. The unredacted 4/4/17 ▮▮▮▮▮▮▮▮ email produced in SWA's last round of discovery responses indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That information is responsive to these requests and should be produced.

4

**App.101**

4) RFP 3: As we discussed, Southwest did not respond to this request. We wanted to make sure that a response was coming.

Please let us know when you all expect to respond with some information regarding these issues.

Thanks,
Matt

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# Matthew B. Gilliam

| | |
|---|---|
| **From:** | Correll, Michael A. <MCorrell@reedsmith.com> |
| **Sent:** | Monday, May 24, 2021 6:58 PM |
| **To:** | Matthew B. Gilliam; Morris, Brian K. |
| **Cc:** | Jason Winford; McKeeby, Paulo B.; Stanbery, Rhonda L. |
| **Subject:** | RE: Discovery follow-up |

I have reviewed your email below.

On the privilege log, we will get it over to you in the next couple of days. I believe it is ready or nearly ready.

On the Denver discipline, I do not recall agreeing to that broad of a production with respect to Schneider's assistant base managers, supervisors, and coordinators or with respect to dissimilar instances of sexual harassment or bullying. If you have something where SWA committed to that production, please let me know as I may just be forgetting given the long lapse of time. I will work with SWA to collect and produce the responsive materials involving Ed Schneider for matters involving social media, sexual harassment, or bullying involving online activities.

On the personal collection, I have already represented multiple times that we provided custodians with specific instruction to search their personal devices, they searched, and they either reported that they had nothing or we produced responsive materials. What is Plaintiff asking SWA to do at this stage? If you will provide me with copies of the specific Lacore documents at issue, I will revisit the issue with Ms. Lacore to confirm her prior report after I can assess whether the Union's production was responsive to anything propounded to SWA. Beyond that action, I am unaware of any obligation for SWA to provide a narrative response regarding materials that may have previously been on personal devices of other custodians (especially those custodians you deposed and could have asked yourself), so please direct me to authority on that point.

Sincerely,

**Michael A. Correll**
ReedSmith LLP | 2850 N. Harwood | Suite 1500 | Dallas, TX  75201
Tel: 469.680.4264 | mcorrell@reedsmith.com

*Pronouns*: He/Him/His

---

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Sent:** Monday, May 17, 2021 3:02 PM
**To:** Correll, Michael A. <MCorrell@reedsmith.com>; Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Jason Winford <jwinford@jenkinswatkins.com>
**Subject:** Discovery follow-up

EXTERNAL E-MAIL - From mbg@nrtw.org

Good afternoon, counsel.

Pursuant to the Court's decision granting our motion I am writing to resume discussions on several discovery items from last November:

1) **Denver FA investigations and discipline**- For RFPs 6, 7, and Interrogatory 3, SWA had agreed to produce responsive information regarding other flight attendant reports, complaints, investigations, and discipline involving the social media policy, bullying and hazing policy, and sexual harassment policy that involved Ed Schneider and his assistant base

managers, supervisors, and coordinators, at the Denver base. Mr. Schneider confirmed that SWA has responsive documents and information. (See Schneider Depo 14:21-18:17).

2) **Information on personal electronic devices**- You indicated that no custodians reported that they were still in possession of responsive information kept on personal electronic devices (e.g., text messages, personal email accounts, etc.). The union produced some documents that were sent to Sonya Lacore's personal email address that would have also been responsive to our requests of Southwest. So at some point, Sonya Lacore had responsive information. We asked for confirmation of whether the custodians still have any responsive information kept on personal electronic devices, and, if they do not, what they had that is no longer in their possession.

3) **Privilege Log**- SWA never provided its privilege log. I know that it included a redaction on what became Exhibit 10 to the Simms deposition. Also, Exhibit 24 to the Gutierrez deposition has redactions that we don't think are privileged. However, if SWA contends that they are, then we would ask that they be included on the privilege log too. I don't think that Southwest produced the unredacted version of the document that became Exhibit 24, but it was responsive to our requests and should have been included as part of the October 30 production.

If you have any questions, let me know.
Thanks,
Matt

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

# Matthew B. Gilliam

| | |
|---|---|
| **From:** | Correll, Michael A. <MCorrell@reedsmith.com> |
| **Sent:** | Friday, November 20, 2020 10:08 AM |
| **To:** | Matthew B. Gilliam |
| **Subject:** | FW: Follow up discovery questions |

Brian – See below.

**Michael A. Correll**
ReedSmith LLP | 2850 N. Harwood | Suite 1500 | Dallas, TX  75201
Tel: 469.680.4264 | mcorrell@reedsmith.com

*Pronouns*: He/Him/His

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Sent:** Friday, November 20, 2020 9:03 AM
**To:** Correll, Michael A. <MCorrell@reedsmith.com>; Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Jeff D. Jennings <jdj@nrtw.org>
**Subject:** Follow up discovery questions

EXTERNAL E-MAIL - From mbg@nrtw.org

Hope you all are well this morning. I know Michael will be busy with the deposition today, but I had some additional discovery questions to follow up on.

1) For RFPs 6, 7, and Interrogatory 3, I think that Southwest agreed to produce other flight attendant social media discipline involving Ed Schneider. However, I do not recall seeing documents about other flight attendants' complaints/discipline involving Ed Schneider (for the relevant timeframe while he was in either Denver or Phoenix) under the social media policy, the hazing and bullying policy, and the sexual harassment policy.
   - Does Ed Schneider or the other custodians have those documents?  **No such documents exist.  [CONFIRM].**
   - Also, did Southwest exclude that information when it involved the other assistant base managers, supervisors, or coordinators based in Denver?  **What are you asking us to produce here?  You deposed Mr. Schneider.  What materials that he touched can you specifically identify as wanting?**

2) For RFPs that involve questions about other flight attendants (e.g., RFP 4, 5, 10, 15-16, 18, and 21) did Southwest limit what it produced to the custodians' information about flight attendants based in Denver, excluding their information about flight attendants who worked under different base managers?  **I don't understand this question.**

3) One question that I think you all were going to check on was did Southwest withhold any documents for RFPs 1, 3, 11-14, 20, 22-25, and Interrogatories 1 and 2.  **No.**

4) Did the custodians search and produce responsive information kept on personal electronic devices (e.g., text messages, personal email accounts, etc.)? For instance, the union produced some documents that were sent to Sonya Lacore's personal email address that would have also been responsive to some of our requests to Southwest.  **Yes.  No custodian reported that they were still in possession of responsive information on a personal device.**

1

**App.105**

5) Were there any requests that Southwest's Custodians did not have any responsive information for? **Many. We are not required to itemize which custodians did not have responsive material—particularly where they were deposed. You could have asked them.**

6) Finally, following the last production, I wanted to check what Southwest is withholding, whether on the basis of privilege or some other objection (overbroad, unduly burdensome, etc.). For any privilege objections, will Southwest be preparing a privilege log? I believe you had indicated that one would be forthcoming for the redaction on what became Ex 10. **We are working on a log. It is very limited and only involves redactions.**

Thanks,
Matt

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01