# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § | |
| Defendants. | § § | |

**SOUTHWEST AIRLINES CO.'S RESPONSE IN SUPPORT OF CHARLENE CARTER'S MOTION FOR LEAVE TO FILE UNDER SEAL**

1

I.  **INTRODUCTION**

Pursuant to the parties' protective order, Plaintiff Charlene Carter ("Carter") seeks to file documents under seal in order to prevent the disclosure of confidential information contained in certain deposition testimony and documents produced by Defendant Southwest Airlines Co. ("Southwest"). Southwest joins Carter's request.

Importantly, **the Court has already ordered the majority of the documents at issue be filed under seal**. Appropriately so, as the documents and testimony at issue contain, among other things, non-party personnel information and information on workplace disciplinary matters. Disclosure of these materials would undermine legitimate privacy interests without any corresponding public benefit. Additionally, there is no need to include the materials in the public record. Carter's motion does not appear to even rely upon the confidential portions of the documents at issue. Thus, Carter can (and has) effectively presented her motion and the Court can effectively address it without specific reference to the protected material. Thus, filing the documents at issue under seal will not thwart the public's ability to fully understand the Court's decision making.

II. **THE CONFIDENTIAL DOCUMENTS AND CARTER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

In connection with her motion for partial summary judgment, Carter filed the following materials, which necessitate the sealed filing:

- Email regarding social media complaints, investigation, report of potential retaliation, and discipline of non-party employee. *See* App. 549.

- Emails regarding alleged leak of confidential Local 556 vote and attempts to remove named officials. *See* App. 532-538.

- Information regarding non-party social media cases and disciplinary actions taken in response to the same. *See* App. 377, 549.

- Non-party employee posts related to social media disputes and Local 556. *See* App. 539-548.

**The Court previously ordered Carter to file App. 532-549 under seal** in connection with her pending motion to compel. Dkt. Nos. 158, 163, 178-5, 178-7. There is no reason to disturb that ruling here.

The documents at issue have little relevance to the legal arguments in Carter's motion. Carter's motion scantly mentions the confidential portions of the documents and the limited references she makes are tangential to the substantive issues.

### III.    THE COURT SHOULD GRANT CARTER'S MOTION

The decision to seal records is committed to the Court's discretion. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019). Indeed, "[e]very court has supervisory power over its own records and files" and can deny public access to them if they may "become a vehicle for improper purposes." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In evaluating a request to seal documents, courts "balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan*, 913 F.3d at 450.

In assessing these competing objectives, "the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020). Thus, as a general matter, courts will seal personal information (name, work history, telephone number, etc.) to protect third party privacy rights. *EEOC v. Faurecia Auto. Seating, LLC*, 2017 U.S. Dist. LEXIS 19222, *3-4 (N.D. Miss. Feb. 10, 2017) (privacy interest of third parties "far outweighs the public's interest" in document); *see also Benedict v. Hewlett-Packard*

3

*Co.*, 2016 U.S. Dist. LEXIS 86250, *8 (N.D. Cal. July 1, 2016) (sealing information regarding employee performance and other personal information).

As discussed above, the materials at issue contain disciplinary information and allegations of misconduct related to non-party employees and Southwest's handling of employee complaints. The documents also discuss non-party employee statements regarding union representation. *See, e.g.*, *Faurecia Auto. Seating, LLC*, 2017 U.S. Dist. LEXIS 19222, *3-4; *King v. Bumble Trading, Inc.*, 2020 U.S. Dist. LEXIS 24543, *19-20 (N.D. Cal. Feb. 11, 2020) (sealing documents that contain "information relating to Defendants' internal processes for decision making or employment terms"). Disclosing information regarding these matters will unnecessarily subject innocent non-parties to potential harassment and retaliation from co-workers for their views regarding Local 556, for reporting social-media-related wrongdoing, or based on allegations (whether factually supported or not) of wrongdoing. *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, *9-10 (N.D. Cal. Oct. 31, 2007) (protecting information of non-party witnesses because disclosure may subject them to retaliation and harassment); *Houston Mun. Emples. Pension Sys. v. Bofl Holding, Inc.*, 2017 U.S. Dist. LEXIS 42647, *3 (S.D. Cal. Mar. 22, 2017) (sealing documents regarding nonparty former employee who provided information to plaintiff's investigator based on fear of retaliation); *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011) (noting that witness has interest in preventing disclosure of name due to potential "retaliation in a current or future job"). In fact, allegations of harassing and retaliatory social media conduct and reports of the same involving Flight Attendants and disputes over Local 556 are the very issues that give rise to this litigation. *See* FAC ¶¶ 32-33, 74-77, 83-85, 87, 89, 99, 121.

In contrast, there is scantly any public interest in revealing the limited materials at issue, and sealing will not impede the public's ability to view the Court's decision-making process. The Court need not rely on the documents that necessitate the sealed filing as they are of limited relevance (and indeed, they are barely mentioned in) to the underlying motion, which largely turns on legal questions (*i.e.*, the scope of RLA protected activities and Southwest's accommodation obligation), not the confidential factual information contained in the sealed documents. To the extent the Court wishes to discuss or otherwise rely on the materials at issue, it can do so by generally describing them without disclosing the specific third party information that necessitate a sealed filing. Thus, the Court can seal the records while still providing the public with all necessary insight into its decision making. *See United States v. Vilar*, 2021 U.S. Dist. LEXIS 21431, *3-4 (S.D.N.Y. Feb. 3, 2021) (sealing documents because "the information [defendant] hopes to seal is of limited relevance to the pending motion and does little to advance the public's role in monitoring the courts.").

Weighing these competing interest warrants granting Carter's motion to file under seal. There are significant interests in protecting confidential information and innocent third parties, and sealing the material in connection with Carter's motion will not impede the public interest in understanding the Court's decision making.[1]

## IV.   CONCLUSION

For the reasons stated above, the Court should grant Carter's motion to seal.

---

[1] If the Court is not inclined to grant the motion, Southwest requests that the Court either direct Carter to file her motion without reference to confidential portions of the documents at issue (*e.g.*, through declarations describing relevant non-confidential information that the records purportedly reveal) or that it allow partial redactions.

Dated: October 4, 2021

Respectfully submitted,

*/s/ Brian K. Morris*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF filing system which served copies to all parties on this 4th day of October, 2021.

*/s/ Brian K. Morris*
Brian K. Morris