IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF CRYSTAL GRAVES IN SUPPORT OF DEFENDANT SOUTHWEST AIRLINES CO.'S BRIEF IN RESPONSE TO CHARLENE CARTER'S MOTION FOR LEAVE TO FILE UNDER SEAL**

I, Crystal Graves, declare as follows:

1. I am at least 18 years old. I have personal knowledge of the facts stated in this declaration and if called as a witness, could competently testify thereto.

2. I have been a Southwest Airlines Co. ("Southwest" or "Company") employee since December 31, 2018. Throughout my employment with Southwest, I have been the Employee Relations Manager.

3. Given my experience as the leader of Southwest's Employee Relations Team, which investigates complaints involving protected categories and activity, I am generally familiar with Southwest's practices related to the handling and sharing of employee complaints, details of employment investigations, personal employee information (*e.g.*, personnel records / information, contact information, etc.), and disciplinary information and data.

4. Generally, in the absence of a legal or contractual requirement, Southwest does not disclose the information described in paragraph 3 above except to members of Southwest

management as appropriate to facilitate the performance of their duties.

5.  In certain circumstances, Southwest may disclose some of the above information to ensure it conducts an adequate investigation. For example, Southwest may have to describe an allegation to an employee-witness to determine the veracity of an employee's complaint. In those circumstances, Southwest's practice is to limit the disclosure to what is necessary to facilitate an effective investigation. Southwest does not disclose the information described in paragraph 3 above in order to, among other reasons, prevent retaliation and harassment, protect employee privacy, and to prevent the circulation of allegations that may ultimately be unfounded.

6.  I understand that on September 2, 2021, Charlene Carter ("Plaintiff") filed a Motion for Leave to File Under Seal Her Brief and Appendix Exhibits in Support of Her Motion for Partial Summary Judgment ("Motion") (dkt. no. 171).

7.  I have reviewed documents attached to the Motion that I understand Southwest designated as confidential, which are labelled as App. 377, App. 532-548 (Exh. NN), and App. 549 (Exh. OO). I previously submitted a declaration regarding the documents labelled App. 532-548 (Exh. NN) and App. 549 (Exh. OO) in this case and understand that the Court ordered that they be filed under seal.

8.  These above documents contain, among other things, information regarding social media complaints and investigations, reports of potential retaliation, employee discipline, and certain matters related to disputes within and regarding to Local 556. As discussed above, absent unusual circumstances, Southwest does not reveal such information to the public or non-management employees. I would be particularly disinclined to disclose such information in the context of the *Carter* action.

9.  Over the last several years, there have been disputes between Flight Attendants

regarding a variety of matters, including contract negotiations, Local 556, and national politics. Much of this has occurred over social media. Multiple Flight Attendants have reported one another to management for statements made in the course of these disputes.

10. Some employees (including Carter) have alleged that these reports were retaliatory or otherwise improper. Against this background, publicly disclosing the above documents would not only reveal personnel information regarding individuals who are not parties to the *Carter* case, it may also subject individuals to retaliation and harassment.

11. Finally, disclosing information regarding employees who report potential misconduct might discourage employees from making such reports or cooperating in investigations. This could undermine Southwest's ability to enforce its policies prohibiting discrimination, harassment, and retaliation; and the policies encouraging Flight Attendants to report other concerns (*e.g.*, safety-related matters, etc.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Dallas, Texas on September 30, 2021.

Crystal Graves