IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 03:17-cv-02278-X |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA LOCAL 556, | § | |
| Defendants. | § | |

# **DISCOVERY ORDER**

Plaintiff Charlene Carter has filed a Second Motion to Compel Discovery from Defendant Southwest Airlines Co. (ECF No. 176). By her Motion, Carter asks the Court to order Southwest to produce: (a) information identifying the Defendant Transport Workers Union of American Local 556 ("Local 556) officials who reported flight attendants' social media activities, the names and social media activities they reported, and the union officials' reports to Southwest, as requested in Carter's Second Requests for Production (RFPs) 1 and 3 and her Second Interrogatory 1; (b) privilege log entry documents 1-6; and (c) documents Southwest purportedly agreed to produce, as requested in Carter's First RFPs 6, 7, and First Interrogatory 3. For the following reasons, the Motion is DENIED.

First, the Court agrees with Southwest that Carter's motion to compel is untimely. A motion to compel must be filed sufficiently in advance of the Court's discovery deadline to permit the Court to hear the motion and, if granted, for discovery to be completed by the deadline. *Days Inn Worldwide, Inc. v. Sonia*

1

*Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006). Courts consider a number of factors when deciding whether a motion to compel is untimely, including: (1) the length of time since the expiration of the deadline; (2) the length of time that the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom late discovery is sought; and (8) disruption of the court's schedule. *Id.* Here, although Carter filed her motion shortly before the expiration of the discovery deadline, the majority of the relevant factors weigh in favor of finding her motion untimely.

Significantly, this case has been pending since 2017 (factor 6), and the Court has already extended the discovery deadline twice (factor 3). The most-recently-extended deadline for the completion of fact discovery expired on August 5, 2021. *See* Order 1 (ECF No. 154) ("All discovery procedures shall be initiated in time to complete discovery by August 5, 2021."). And the Order granting Carter's request to extend the deadline specifically admonished the parties: "Because the Court has granted several past extensions of the discovery deadline, future requests to extend time for discovery are highly disfavored." *Id.* at 3. But Carter filed her motion to compel on 9:18 p.m. on Friday, July 30—only five days (and just three full business days) before the deadline for completing discovery—leaving no possibility that the

2

motion could be briefed and heard before the discovery deadline expired.[1] Indeed, Carter's motion to compel was not fully briefed and ripe for determination until October 26. Further, Southwest filed a motion for summary judgment on September 2, which is now fully briefed and ripe for determination (factor 5). In fact, Local 556 and Plaintiff also filed their own summary judgment motions in September, and those motions are fully briefed and ripe for determination. Thus, both defendants would be prejudiced if the Court granted Carter's motion (factor 7). The Court recently extended the trial setting to April 2022. If any genuine fact issues remain after summary judgment, allowing more discovery would likely disrupt the Court's schedule (factor 8).

Carter also knew about the discovery sought well in advance of the discovery deadline (factor 2), and her explanations for the delay in filing her motion are unavailing (factor 4). Carter explains that she seeks the requested information about Local 556 officials who reported flight attendants' social media activities and the names and social media activities they reported to support her claims under the Railway Labor Act (RLA) against Local 556, as well as her retaliation claims against both Defendants under the RLA. And she admits that she previously requested this information directly from Local 556. But she fails to offer a satisfactory explanation for why she did not seek this information from Southwest

---

[1] The pending motion was actually filed on September 8 and referred to the undersigned on September 15. But on July 30, Carter filed a motion for leave to file the pending motion under seal. For purposes of the timeliness analysis, the Court uses the earlier date.

earlier. Instead, she admits that she previously made a "related request" to Southwest, to which Southwest responded and produced documents.

With regard to documents 1-6 on the privilege log, Carter contends that the log should have been produced in October 2020. Yet, Southwest failed to produce the log until June 2, 2021. In mid-July, Carter's counsel conferred with Southwest's attorneys regarding perceived deficiencies with the log, and on July 15, Southwest reiterated its position that the log was sufficient. Carter still waited two weeks—leaving just three business days before the discovery deadline—to bring the privilege log issue to the Court. Carter also waited until July 30 to raise with the Court that Southwest purportedly agreed to produce documents as requested in Carter's First RFPs 6, 7, and First Interrogatory 3. To be clear, the Court does not fault Carter's counsel for conferring with Southwest's counsel before seeking judicial intervention. But given the history of this litigation and considering the discovery disputes already presented and determined, as well as the numerous extensions previously granted, the Court declines to reward Carter for holding out on these matters, only to present them to the Court seriatim. In view of all the circumstances, the Court finds Carter's motion is not timely and should be denied for that reason. *See, e.g., Devoss v. Sw. Airlines Co.*, 2017 WL 5075110, at \*2 (N.D. Tex. Aug. 30, 2017) (finding motion to compel filed on discovery-completion deadline untimely where the plaintiff knew about the discovery sought in advance of the discovery deadline, provided no explanation for the untimely filing of her motion, and the defendant had already filed its summary judgment motion).

Even if the Court, in its discretion, determined that Carter timely filed her motion, Carter has not shown she is entitled to the documents and information she seeks. Carter's Second RFPs 1, 3, and Second Interrogatory 1 seek information encompassed by prior discovery requests, and the Court has previously denied a motion to compel that information. That Carter now seeks this information to support a different claim on a different legal theory is not sufficient reason to revisit the Court's prior order—especially when that claim existed at the time of the earlier motion to compel. In its prior order, the Court authorized limited follow-up discovery. The discovery that is at issue in the pending motion is not within the scope of the permissible follow-up discovery.

The Court also rejects Carter's argument that, because Southwest initially failed to respond to her Second RFP 3, it waived objections to that request. Southwest admits that it initially failed to respond to RFP 3. But it also explains that its failure was inadvertent and the result of an error in converting a PDF file into Word format. Southwest promptly corrected the error when Carter's counsel brought it to Southwest's attention. There is no waiver in these circumstances, where the failure to assert the objection was the result of a promptly-corrected, inadvertent error.

And, contrary to Carter's arguments, Southwest's privilege log is sufficient. Carter contends that Southwest failed to give adequate information showing that the communications identified in entries 1-6 involved legal subject matter and someone giving or seeking legal advice. To properly withhold otherwise

5

discoverable information under a claim of privilege, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim," Fed. R. Civ. P. 26(b)(5)(A). "Typically, a privilege log must identify each document and provide basic information, including the author, recipient, date and general nature of the document." *Jolivet v. Compass Grp. USA, Inc.*, 2021 WL 5176930, at *9 (N.D. Tex. Sept. 14, 2021) (quoting *S.E.C. v. Thrasher*, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)). Southwest's log includes this basic information.

Finally, to the extent Carter argues that Southwest's counsel informally agreed to produce any documents, she is not entitled to have the Court enforce that agreement. *Cardiovascular Specialty Care Ctr. of Baton Rouge, LLC v. United Healthcare of La., Inc.*, 2016 WL 5477999, at *1 (M.D. La. Sept. 27, 2016) (observing that the parties are free to agree to conduct unopposed discovery, but the court will not enforce those informal agreements). To the extent Carter was entitled to any discovery in response to her First RFPs 6, 7, and First Interrogatory 3, she was required to move to compel that discovery much earlier in this litigation.

**SO ORDERED.**

November 19, 2021.

_____
REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE