UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-cv-02278-X |
| | § | |
| SOUTHWEST AIRLINES CO., and | § | |
| TRANSPORT WORKERS UNION OF | § | |
| AMERICA, LOCAL 556, | § | |
| | § | |
| *Defendants*. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are three motions for leave to file under seal.[1]  The Court has

analyzed the proposed sealed documents line-by-line and page-by-page, weighing the

public's right of access against the interests favoring nondisclosure.  The Court

**ORDERS** the parties to follow the Court's instructions for filing, redacting, and

sealing the various documents and the information that they contain.[2]  The Court

denies the request to seal any documents outright.  However, the Court allows partial

redaction of some of the information.

---

[1] Plaintiff Charlene Carter's motion for leave to file under seal her brief and appendix exhibits in support of her motion for partial summary judgment [Doc. No. 171], plaintiff's motion for leave to file under seal her brief and appendix exhibits in support of her response to Southwest's motion for summary judgment [Doc. No. 196], and plaintiff's motion for leave to file under seal her brief and appendix exhibits in support of her response to Local 556's motion for summary judgment [Doc. No. 199].  Although it is technically the plaintiff moving to seal, none of the information is hers, she does not support sealing any of it, and she "knows no reason why the information she seeks to file cannot be made publicly available."  [Doc. No. 171 at 3.]  Instead, she moves to file under seal for the benefit of Southwest and Local 556, who designated the documents the information "confidential" during discovery.  That means that Southwest and Local 556 bear the burden of overcoming the Court's presumption against sealing judicial records.

[2] If and to the extent that the parties believe that this Order differs from a prior sealing order of the Court, the parties shall follow this Order.

## I.      Governing Law

The Court takes very seriously its duty to protect the public's access to judicial records.[3]  Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[4]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[5] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[6] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[7]  The presumption against

---

[3] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[4] *June Med. Servs.*, 22 F.4th 512, 2022 WL 72074, at *4 (5th Cir. 2022).

[5] *Id.* at *5.

[6] *Id.* at *6.

[7] *Id.* (cleaned up).

sealing is even greater where, as here, "the case involves matters of particularly public interest."[8]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[9]

## II.      Motion 171

The plaintiff moves for leave to file under seal her brief in support of and various exhibits attached to her motion for partial summary judgment.  The Court orders redactions and filing as follows.

### A. *The plaintiff's brief*[10]

The Court denies the request to seal and/or redact the plaintiff's brief in support of her motion for partial summary judgment.

### B. *Signature Verification Committee Timeline of Events*[11]

Local 556 designated these pages confidential during discovery but has failed to file anything in support of sealing these documents.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing it on the judicial record, so the Court denies the request to seal and/or redact this exhibit.

### C. *Travel Request Forms*[12]

Local 556 designated these pages confidential during discovery but has failed to file anything in support of sealing these documents.  Regardless, the Court finds

---

[8] *Id.* at *5 (cleaned up).

[9] *Binh Hoa Le*, 990 F.3d at 419.

[10] Doc. No. 171-1.

[11] Doc. No. 171-3, App. 16–18, Exhibit G.

[12] Doc. No. 171-4, App. 58–67, Exhibit L.

3

that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit.

However, the Court will allow Local 556 to redact non-party names, employee ID numbers, and dates of hire, and provide the redacted file to the plaintiff for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses non-party and private employment identification information, the plaintiff does not rely on the non-parties' identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

D. *Local 556 Profit and Loss Worksheet*[13]

Local 556 designated these pages confidential during discovery but has failed to file anything in support of sealing these documents. This exhibit is almost entirely unreadable. The Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to seal and/or redact this exhibit.

E. *Fact Finding Meeting Notes from interview with Audrey Stone*[14]

The Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court

---

[13] Doc. No. 171-5, App. 68–72, Exhibit M.
[14] Doc. No. 171-6, App. 114–116, Exhibit S.

4

denies the request to outright seal this exhibit. However, the Court will allow Southwest to redact: any employee numbers, the names of non-parties (*except* Jeanna Jackson) named on pages 114–16 and described as being subject to disciplinary proceedings, and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information describes non-party employee disciplinary proceedings and reasons for termination, the plaintiff does not rely on the non-party identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

### F. *Deposition of Ed Schneider*[15]

The Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to seal and/or redact this exhibit.

### G. *Deposition of Audrey Stone*[16]

Local 556 designated Audrey Stone's entire deposition confidential during discovery, but has failed to file anything in support of sealing it. Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit. However, the Court will allow Local 556 to redact the

---

[15] Doc. No. 171-7, App. 377, Exhibit DD.

[16] Doc. No. 171-8, App. 410–467, Exhibit FF.

names of non-party employees discussed in the deposition as having been disciplined, and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

H. *Rule 30(b)(6) testimony of Jessica Parker*[17]

Local 556 designated Jessica Parker's entire testimony confidential during discovery but has failed to file anything in support of sealing it. Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit. However, the Court will allow Local 556 to redact the names of non-party employees discussed in the deposition as having been disciplined; and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for partial summary

---

[17] Doc. No. 171-9, App. 468–482, Exhibit GG.

judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

I.  *Rule 30(b)(6) testimony of John Parrott*[18]

Local 556 designated John Parrott's entire testimony confidential during discovery but has failed to file anything in support of sealing it.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit.  However, the Court will allow Local 556 to redact the names of non-party employees discussed in the deposition as having been disciplined; and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

J.  *Rule 30(b)(6) testimony of Audrey Stone*[19]

Local 556 designated Audrey Stone's entire testimony confidential during the discovery process, but has failed to file anything in support of sealing it.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh

---

[18] Doc. No. 171-10, App. 483–501, Exhibit HH.
[19] Doc. No. 171-11, App. 502–511, Exhibit II.

7

the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit. However, the Court will allow Local 556 to redact the names of non-party employees discussed in the deposition as having been disciplined and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

> K.  *Emails about alleged leak of confidential Local 556 vote and attempts to remove named officials; social media posts*[20]

This exhibit provides factual background about the recall effort. The Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to outright seal this exhibit. However, the Court will allow Southwest to redact the contact information (phone numbers, email addresses, etc.) of non-parties in the exhibit, and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses non-party and private information, the plaintiff does not rely on the non-party's identity

---

[20] Doc. No. 171-12, App. 532–548, Exhibit NN.

in her motion for partial summary judgment, and the public's interest in knowing the contact information of the non-party employees does not outweigh the non-party employees' privacy interest.

L. *Email about disciplining non-party flight attendant*[21]

This exhibit is referenced in the plaintiff's motion for partial summary judgment as evidence of Local 556 and Southwest's alleged pattern of retaliation. The Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court does not allow sealing of this exhibit. However, the Court will allow Southwest to redact the contact information (phone numbers, email addresses, etc.) of non-parties in the exhibit, and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information discloses non-party and private information, the plaintiff does not rely on the contact information in her motion for partial summary judgment, and the public's interest in knowing the contact information of the non-party employees does not outweigh the non-party employees' privacy interest.

---

[21] Doc. No. 171-13, App. 549, Exhibit OO.

9

### III.   Motion 196

The plaintiff also moves for leave to file under seal her brief in support of and various exhibits attached to her response to defendant Southwest's motion for summary judgment.  The Court instructs the parties to file as follows.

#### A.  *The plaintiff's brief*[22]

The Court denies the request to seal and/or redact the plaintiff's brief in support of her response to Southwest's motion for summary judgment.

#### B.  *Excerpt from deposition of Audrey Stone*[23]

This exhibit is an excerpt from a deposition of Local 556 president Audrey Stone, in which Stone explains her view of why Local 556 members attended the Women's March, explains Stone's understanding of Local 556 members' views on whether they were advocating for abortion by attending and participating in the Women's March, and states Stone's views on abortion.  Local 556 designated these pages as confidential during discovery but has not filed anything in support of sealing these pages.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to seal and/or redact these pages.

#### C.  *Excerpt from Local 556 Magazine*[24]

Local 556's magazine, including the particular issue and the specific pages that Local 556 designated "confidential" during discovery, are publicly available on the

---

[22] Doc. No. 196-1.

[23] Doc. No. 196-2, App. 22–24, Exhibit B.

[24] Doc. No. 196-3, App. 25–27, Exhibit C.

internet.  The Fifth Circuit has recently, unequivocally held that "[p]ublicly available information cannot be sealed."[25]  So the Court denies the request to seal and/or redact these pages.

## IV.   Motion 199

The plaintiff also moves for leave to file under seal her brief in support of and various exhibits attached to her response to defendant Local 556's motion for summary judgment.  The Court orders redactions and filing as follows.

### A.  *The plaintiff's brief*[26]

The Court denies the request to seal and/or redact the plaintiff's brief in support of her response to Local 556's motion for summary judgment.

### B.  *Deposition testimony of Audrey Stone*[27]

The Court addresses pages 7 and 8 of this exhibit in section III.B above.  The other pages of this exhibit are Stone's deposition testimony explaining the structure and purpose of Local 556's "Contract Action Network" and non-party employee Brian Talburt's roles in Local 556.  Local 556 designated these pages as confidential during discovery but has not filed anything in support of sealing these pages.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to seal and/or redact these pages.

---

[25] *June Med. Servs.*, 2022 WL 72074, at *6.

[26] Doc. No. 199-1.

[27] Doc. No. 199-2, App. 22–28, Exhibit B.

C. *Excerpt from Local 556 magazine*[28]

The Court addresses this exhibit in section III.C above.

D. *Rule 30(b)(6) testimony of Audrey Stone*[29]

In this deposition excerpt, Audrey Stone discusses the plaintiff's request to stop her contributions to Local 556's "Committee on Political Education" and email responses by non-party employees to that request.  Local 556 designated these pages as confidential during discovery but has not filed anything in support of sealing these pages.  Regardless, the Court finds that any privacy interests implicated by this exhibit do not outweigh the public's interest in seeing them on the judicial record, so the Court denies the request to seal and/or redact these pages.

E. *Deposition of Maureen Emlet*[30]

In this deposition, Emlet describes disciplinary proceedings against non-party employees.  The Court denies the request to outright seal this exhibit.  However, the Court will allow Southwest to redact the names of non-parties who were disciplined and provide the redacted file to the plaintiff within 5 business days of the issuance of this Order for her to file as an exhibit to her motion for partial summary judgment. The Court allows the redaction because the information is sensitive and discloses non-party and private information, the plaintiff does not rely on or use the names in her motion for partial summary judgment, and the public's interest in knowing the

---

[28] Doc. No. 199-3, App. 29–31, Exhibit C.

[29] Doc. No. 199-4, App. 32–38, Exhibit D.

[30] Doc. No. 199-5, App. 39–51, Exhibit E.

12

names of the non-party employees does not outweigh the non-party employees' privacy interests.

    F.  *Emails and social media posts*[31]

This exhibit contains myriad documents, including a chart of social media posts by Southwest flight attendants, emails discussing disciplinary proceedings against various non-party employees, and many screenshots of social media posts that were relevant to disciplinary proceedings.  Both Southwest and Local 556 designated pages of this exhibit "confidential" during discovery, but neither has filed anything explaining to the Court why this exhibit should be sealed or directing the Court to what information is sensitive enough to warrant sealing.

Consistent with the Court's instructions on other exhibits in this order, the Court denies the request to outright seal this exhibit.  The Court will, however, allow Southwest and Local 556 to redact non-party contact information (phone numbers, email addresses, etc.) and the names of non-party employees discussed in the exhibit as having been disciplined—except that Audrey Stone's, Jeanna Jackson's, Brian Talburt's, and Ricky Spand's names shall not be redacted.  Local 556 and Southwest shall give the redacted version to the plaintiff within 5 business days of the issuance of this Order for her to file.  The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for

---

[31] Doc. No. 199-6, App. 52–87, Exhibit F.

partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

G. *Emails and social media posts*[32]

Like exhibit F, this exhibit contains myriad documents, including emails discussing disciplinary proceedings against various non-party employees and many screenshots of social media posts that were relevant to disciplinary proceedings. And like exhibit F, Local 556 designated pages of this exhibit "confidential" during discovery but failed to file anything explaining to the Court why this exhibit should be sealed or directing the Court to what information is sensitive enough to warrant sealing.

Consistent with the Court's instructions on other exhibits in this order, the Court denies the request to outright seal this exhibit. The Court will, however, allow Southwest and Local 556 to redact non-party contact information (phone numbers, email addresses, etc.) and the names of non-party employees discussed in the exhibit as having been disciplined—except that Audrey Stone's, Jeanna Jackson's, Brian Talburt's, and Ricky Spand's names shall not be redacted. Local 556 and Southwest shall give the redacted version to the plaintiff within 5 business days of the issuance of this Order for her to file. The Court allows the redaction because the information discloses private and sensitive information about non-party employee disciplinary proceedings, the plaintiff does not rely on the non-parties' identities in her motion for

---

[32] Doc. No. 199-7, App. 88–106, Exhibit G.

partial summary judgment, and the public's interest in knowing the names of the non-party employees does not outweigh the non-party employees' privacy interest.

## V.    Conclusion

The Court ORDERS the parties to comply with the Court's instructions contained herein. The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[33]

**IT IS SO ORDERED** this 31st day of January, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[33] *June Med. Servs.*, 2022 WL 72074, at *7.