# EXHIBIT D

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLENE CARTER              )
                             )
                             ) CIVIL ACTION NO.
VS.                          ) 3:17-CV-02278-X
                             )
SOUTHWEST AIRLINES CO., AND  )
TRANSPORT WORKERS UNION OF   )
AMERICA, LOCAL 556           )

---------------------------------

CONFIDENTIAL
TWU LOCAL 556 30(b)(6)
ORAL DEPOSITION OF
AUDREY STONE
NOVEMBER 30, 2020

---------------------------------

ANSWERS AND DEPOSITION OF AUDREY STONE, produced as a witness at the instance of the Plaintiff, taken in the above-styled and -numbered cause on NOVEMBER 30, 2020, at 9:00 a.m., before CHARIS M. HENDRICK, a Certified Shorthand Reporter in and for the State of Texas, witness located in Orting, Washington, pursuant to the Federal Rules of Civil Procedure, the current emergency order regarding the COVID-19 State of Disaster, and the provisions stated on the record or attached hereto.

1   any communications about Ms. Carter.
2       Q.  Okay.  Did anyone from the executive board
3   ever have any communications with Thom McDaniel
4   about Ms. Carter?
5       A.  Not that I'm aware of.  Not that I'm aware
6   of.  Yeah, not that I recall.
7       Q.  Okay.
8       A.  And I -- again, I don't recall any
9   communications with the executive board.  I believe
10  there was one communication from the treasurer
11  informing some of us that she had requested to stop
12  her COPE deduction.
13      Q.  Okay.  Did anybody from the executive
14  board ever have any communications with Don Shipman
15  about Carter prior to her termination?
16      A.  Not that I am aware of.
17      Q.  Okay. Let's see.  If I could direct you
18  to Document 26.  And I guess this will be marked as
19  Exhibit 22.
20              THE REPORTER:  Did you want to mark 17
21  as 22 when you talked about it earlier?
22              MR. GILLIAM:  No.
23              THE REPORTER:  Okay.
24              (Exhibit 22 marked.)
25      A.  Okay.

```
 1      Q.  (By Mr. Gilliam)  And do you recognize
 2   this?
 3      A.  Yes.
 4      Q.  And what is it?
 5      A.  It's the email I just spoke about where
 6   Ms. Carter was requesting of our treasurer to stop
 7   her contributions to Committee on Political
 8   Education.
 9      Q.  Okay.  And going, I guess, down to the
10   first response from John Parrott on November 16th,
11   2013; do you see where I am?
12      A.  Yes.
13      Q.  Okay.  And it says, she has been
14   supporting the thing she despises this entire time.
15          Did -- did the executive board know
16   what political causes she -- she despised?
17      A.  The executive board -- I don't know of any
18   knowledge the executive board had regarding her
19   political causes.
20      Q.  Okay.  And Cuyler Thompson responds, this
21   just made my morning.
22          Did -- so Cuyler Thompson knew who she
23   was prior to this email, correct?
24      A.  Yes.
25      Q.  Okay.  And how did Cuyler Thompson know
```

Page 76

1    A.  No, I wasn't.
2    Q.  Okay.  So that's not a euphemism of some
3  kind?
4    A.  No.  I had a queso dip I frequently made
5  and took up to the union office that people really
6  enjoyed eating.
7    Q.  Okay.  And Brett Nevarez says, yum to
8  queso dip.  So typical batshit/dipshit cannot read
9  her paycheck.
10        And did you know who batshit/dipshit
11  was?
12    A.  I -- no.  I -- I assumed that he was
13  speaking to -- speaking about Ms. Carter because I
14  believe she had already opted out of the union
15  itself at this point and didn't realize she was
16  still contributing to COPE.
17    Q.  And had -- have you heard Brett Nevarez
18  refer to her at any other time as batshit/dipshit?
19    A.  Batshit/dipshit, no.
20    Q.  Okay.  Have you ever heard Brett at any
21  other time refer to Ms. Carter as batshit?
22    A.  Yes.
23    Q.  Okay.  And when was that?
24    A.  I don't recall when it was.
25    Q.  Okay.  Was it on multiple other occasions?

```
 1       I, AUDREY STONE, have read the foregoing
    deposition and hereby affix my signature that same
 2  is true and correct, except as noted above.

 3

 4

 5                    _____
                      AUDREY STONE
 6

 7  THE STATE OF _____
    COUNTY OF _____
 8

 9  Before me, _____, on this day
    personally appeared AUDREY STONE, known to me (or
10  proved to me under oath or through _____) to
    be the person whose name is subscribed to the
11  foregoing instrument and acknowledged to me that
    they executed the same for the purposes and
12  consideration therein expressed.

13

14  Given under my hand and seal of office this _____
    day of _____, 2020.
15

16

17  _____
    NOTARY PUBLIC IN AND FOR THE
18  STATE OF _____

19

20  MY COMMISSION EXPIRES:_____

21

22

23

24

25
```

Page 91

1 REPORTER'S CERTIFICATION

2 IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
3 DALLAS DIVISION

4 CHARLENE CARTER )
 )
5 ) CIVIL ACTION NO.
VS. ) 3:17-CV-02278-X
6 )
SOUTHWEST AIRLINES CO., AND )
7 TRANSPORT WORKERS UNION OF )
AMERICA, LOCAL 556 )
8

9 ------------------------------------

10 CONFIDENTIAL
TWU LOCAL 556 30(b)(6)
11 DEPOSITION OF AUDREY STONE
NOVEMBER 30, 2020
12 (REPORTED REMOTELY)

13 ------------------------------------

14 I, CHARIS M. HENDRICK, Certified Shorthand

15 Reporter in and for the State of Texas, do hereby

16 certify to the following:

17 That the witness, AUDREY STONE, was by me

18 duly sworn and that the transcript of the oral

19 deposition is a true record of the testimony given

20 by the witness.

21 I further certify that pursuant to Federal

22 Rules of Civil Procedure, Rule 30(e)(1)(A) and (B)

23 as well as Rule 30(e)(2), that review of the

24 transcript and signature of the deponent:

25 __xx__ was requested by the deponent and/or a

Page 92

1  party before completion of the deposition.

2  _____ was not requested by the deponent and/or

3  a party before the completion of the deposition.

4  I further certify that I am neither

5  attorney  nor counsel for, nor related to or

6  employed by any of the parties to the action in

7  which this deposition is taken and further that I

8  am not a relative or employee of any attorney of

9  record in this cause, nor am I financially or

10 otherwise interested in the outcome of the action.

11 The amount of time used by each party at

12 the deposition is as follows:

13 Mr. Gilliam - 2:43 hours/minutes

14

15 Subscribed and sworn to on this 8th day of

16 December, 2020.

17

18

19 *Charis M. Hendrick*
CHARIS M. HENDRICK, CSR # 3469
20 Certification Expires: 10-31-21
Bradford Court Reporting, LLC
21 7015 Mumford Street
Dallas, Texas  75252
22 Telephone 972-931-2799
Facsimile 972-931-1199
23 Firm Registration No. 38

24

25