UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

**DEFENDANTS' PARTIALLY OPPOSED MOTION TO EXTEND CURRENT PRETRIAL DEADLINES AND TRIAL SETTING**

Southwest Airlines Co. ("Southwest") and the Transport Workers Union of America, Local 556 ("Local 556"),(hereinafter sometimes referred to herein jointly as "Defendants") file this Motion to Extend the Current Pretrial Deadlines and Trial Setting as set forth in the Court's Amended Scheduling Order dated February 24, 2022 (*see* dkt. no. 228). In support of this Motion, Defendants state as follows:

1. Plaintiff Charlene Carter ("Carter") originally filed this lawsuit on August 25, 2017 against Defendants Southwest and Local 556. Her complaint, as originally pled and amended (dkt. no. 80) thereafter, alleges claims for (a) breach of the duty of fair representation; (b) retaliation in violation of the Railway Labor Act ("RLA") (45 U.S.C. § 152 Third & Fourth); and (c) religious discrimination based on disparate treatment and failure to accommodate.

2. On February 24, 2022, the Court entered an amended Scheduling Order setting forth deadlines for the remainder of the case. The amended Scheduling Order set the case for trial

1

on the Court's two-week docket beginning June 18, 2022, provided for a pre-trial conference of June 8, 2022, and set forth other pre-trial deadlines associated with motions *in limine*, a Joint Pre-Trial Order, and witness and exhibit lists.

3.      Defendants recognize they have previously filed unopposed requests for extensions of previous trial settings in this case and they are mindful that the Court views with disfavor requests for extensions of its deadlines absent a showing of good cause.  As with regard to previously requested extensions, Defendants respectfully submit that "good cause" exists for the relief requested in this motion.

4.      Specifically, both Defendants and Plaintiff have filed separate summary judgment motions in which all three parties maintain there is no issue of material fact as to claims plead by Carter in this case.  The briefing on the parties' respective motions was complete as of October 18, 2021.

5.      Defendants' motions for summary judgment, if granted, would be case dispositive for the moving party. The Court's ruling on Defendants' motions could (a) obviate the need for a trial entirely; (b) result in the dismissal of one of the Defendants; or (c) eliminate the need to try one or more of Carter's claims or legal theories, which would impact the witnesses and evidence presented at trial.

6.      In the motions for summary judgment, the parties contest the standards governing Carter's claims and the defenses thereto.  Among other things, the summary judgment motions raise legal issues related to (a) the scope of speech protections the RLA provides; (b) the standard that governs post-certification RLA retaliation claims; and (c) the import of an employee's failure to disclose his or her need for an accommodation on a Title VII religious discrimination / failure to accommodate claim. Given the nature of these issues, even adverse summary judgment

decisions by the Court will provide necessary guidance to the parties regarding the substantive legal standards it will apply (and thus what evidence and witnesses are appropriate) and the questions that will be presented to the jury.

7. Defendants remain concerned that it appears unlikely that the Court will be able to reach a decision on the dispositive motions prior to the deadlines for pre-trial filings as set forth in the Court's amended Scheduling Order. As such, Defendants respectfully request that the Court continue the current pretrial deadlines and the current trial setting so that the Court has adequate time to rule on the parties' dispositive motions and so that the parties can avoid the contingency of having to prepare for trial, including preparation of pre-trial pleadings, while the dispositive motions remain pending. To avoid the expense and disruption of witness schedules necessitated by trial preparation in a case where all sides have argued that there is no material issue of disputed fact, Defendants hereby respectfully request that the Court stay the pre-trial deadlines and trial setting.

8. Defendants previously filed, and the Court granted, unopposed requests for two month extensions of the trial date for the same reasons set forth herein. At the time of those unopposed requests, Defendants preferred that the Court continue the trial date until some reasonable amount of time after it rules on the pending motions for summary judgment. However, Plaintiff's counsel would only agree to two month extensions. In an effort to avoid burdening the Court with unnecessary disputed motions, Defendants accepted Plaintiff's proffered two month extensions.

9. Defendants do not wish to further burden the Court with additional successive motions seeking two month extensions of the trial and related dates in this case. Defendants believe that filing successive motions is particularly unnecessary and inappropriate at this juncture given

that the Court appears to have accepted the basic premise of this motion with its prior orders – *i.e.*, that it is best for all parties if trial preparation begins *after* the Court provides critical guidance in its summary judgment decisions.

10. Absent a continuance, Defendants will be substantially prejudiced as they will have to incur the costs and burdens of intense trial preparation for a trial that may not occur at all, or that may occur but in substantially modified form based on the Court's summary judgment decisions. *See Harrison v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 125541, *13 (N.D. Tex. Sep. 21, 2015) ("T[]he court will need time to decide [] summary judgment [] after it is fully briefed, … [a]nd the parties should not be required to prepare for trial and make pretrial filings without the benefit of the court's summary judgment ruling."); *United States v. Marder*, 318 F.R.D. 186, 194-95 (S.D. Fla. 2016) ("[T]he Court finds it necessary to *sua sponte* continue and reset the dates for the final pretrial conference, calendar call, and jury trial of this matter … This will provide the Court ample time to … resolve the [] pending motion for summary judgment.").

11. Additionally, if the trial – which is set to commence in fewer than 60 days – were to proceed prior to the Court's ruling on the pending motions, the motions would be unfairly rendered moot. *See Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 397 (5th Cir. 1995) ("Once trial begins, summary judgment motions effectively become moot."). That would be unnecessarily prejudicial. *See Deaton v. Kroger Co.*, 2014 U.S. Dist. LEXIS 95834, *5 (E.D. Tex. July 15, 2014) (noting that it is prejudicial for a party to be "forced to go to trial without a ruling on the summary judgment motion"); *Graham v. HRchitect, Inc.*, 2017 U.S. Dist. LEXIS 118549, *6 (E.D. Tex. July 28, 2017) ("the possibility that trial could start without a summary judgment ruling … would [] prejudice Plaintiff").

12. In addition, lead counsel for Defendant Transportation Workers Union of America, Local 556, is expecting the birth of a child on or about May 13, 2022. Due to ongoing pregnancy complications, Attorney Greenfield anticipates being the primary caregiver for his other two children, both under 5 years old, into the month of June.

13. For the reasons set forth herein, Defendants request that the Court exercise its broad discretion to set new trial and pretrial deadlines that are at least 90 days after it has ruled on the parties' summary judgement motions. *See Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (court has broad discretion to continued trial dates); *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (same).

14. This Motion is not filed for the purposes of delay but rather so that justice might be served.

15. As reflected below, counsel for Southwest has conferred with counsel for Plaintiff. Counsel for Plaintiff is agreeable to another two month extension as requested in previous motions, but is opposed to an extension that is based on the date the Court rules on the summary judgment motions. As such, Defendants file this motion as "partially opposed."

16. If the Court is unwilling to move the trial and related deadlines in accordance with Defendants' request herein, Defendants alternatively support the two month extension proposed by Carter.

Defendants therefore hereby request that the Court enter the attached order and grant their partially unopposed motion to extend the current trial setting and pretrial deadlines consistent with this motion and the order and any other relief, at law or in equity, to which the Court finds Defendants justly entitled.

| | |
|---|---|
| Dated: April 22, 2022 | Respectfully submitted,<br><br>/s Paulo B. McKeeby<br>Paulo B. McKeeby<br>State Bar No. 00784571<br>Brian K. Morris<br>State Bar No. 24108707<br>**REED SMITH LLP**<br>2850 N. Harwood Street<br>Suite 1500<br>Dallas, Texas 75201<br>Phone: 469-680-4200<br>Facsimile: 469-680-4299<br>pmckeeby@reedsmith.com<br>bmorris@reedsmith.com<br><br>**ATTORNEYS FOR DEFENDANT**<br>**SOUTHWEST AIRLINES CO.**<br><br><br>/s/ Adam S. Greenfield<br>Adam S. Greenfield<br>State Bar No. 24075494<br>**CLOUTMAN & GREENFIELD, PLLC**<br>3301 Elm Street<br>Dallas, Texas 75226<br>Phone:  214.642.7486<br>Facsimile:  214.939.9229<br>agreenfield@candglegal.com<br><br>Edward B. Cloutman, III<br>State Bar No. 04411000<br>**LAW OFFICES OF EDWARD CLOUTMAN, III**<br>3301 Elm Street<br>Dallas, TX 75226<br>Phone:  214.939.9222<br>Facsimile:  214.939.9229<br><br>**ATTORNEYS FOR DEFENDANT**<br>**TWU LOCAL 556** |

6

US_ACTIVE-166690310.3

**CERTIFICATE OF CONFERENCE**

On the 20th and 22nd days of April, 2022, Paulo McKeeby, counsel for Defendant Southwest Airlines Co., conferred with Matthew Gilliam, counsel for Plaintiff, regarding the substance of this Motion. Mr. Gilliam stated that Plaintiff is opposed to the relief requested in this Motion because the nature of Defendants request is an indefinite extension, but that he would not be opposed to a two month extension of the current trial and pretrial deadlines.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 22nd day of April, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby