UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-X<br><br>**PLAINTIFF CHARLENE CARTER'S RESPONSE AND PARTIAL OBJECTION TO SOUTHWEST AIRLINES CO. AND TRANSPORT WORKERS UNION OF AMERICA'S THIRD MOTION TO EXTEND PRETRIAL DEADLINES AND TRIAL SETTING** |

 Plaintiff Charlene Carter ("Carter"), through her counsel of record, hereby responds to Defendant Southwest Airlines Co.'s ("Southwest") and Transport Workers Union of America, Local 556's ("Local 556") motion to extend the pretrial deadlines and trial setting set forth in the Court's February 24, 2022 Amended Scheduling Order ("Amended Scheduling Order"). (Dkt. No. 228).

 The Court should not grant more than a two-month extension unless a longer extension gives the Court time needed to rule on the pending cross-motions for summary judgment, or the Court anticipates the parties needing more time for trial preparation based on the current May 30, 2022 Joint Pretrial Order deadline, the June 20, 2022 trial setting, and other trial deadlines.

 The Court may have good cause to stay the trial deadlines or grant more than a two-month extension, but Carter submits that the parties, at present and by themselves, do not. The Court's February 24, 2022 Amended Order states it "will view with disfavor and will deny—absent a showing of good cause—requests for extensions of [the Amended Order's] deadlines." (Dkt. No. 228, p.5, ¶10); (Dkt. No. 212, p.6, ¶15) (same). Southwest and Local 556's extension request is

1

now their third request to postpone trial deadlines since concluding summary judgment briefing. (Dkt. No. 211) (Oct. 27, 2021);[1] (Dkt. No. 220) (Feb. 15, 2022); (Dkt. No. 230) (Apr. 22, 2022).

Taking into consideration the Court's disfavor for any extension of the Amended Scheduling Order's deadlines and the Court's possible grounds for good cause, Carter's counsel informed Southwest's counsel that he does not oppose a second two-month extension of the current trial deadlines.[2] Carter agrees there is good cause for extending trial deadlines if it gives the Court time needed to resolve dispositive motions, as this is a case where there are no disputes of material fact as to liability and the Court's decision will focus the issues for trial and avoid unnecessary expenditures of judicial and party resources. Carter also agrees that there could be good cause for extending the pre-trial deadlines if it will be necessary to give the parties an adequate time for trial preparation once the Court rules.

As Southwest and Local 556 concede, this case has been pending since August 25, 2017. (Dkt. No. 1). Carter still seeks redress for Defendants' wrongful termination of her employment for exercise of her rights under the Railway Labor Act, the union's breach of the duty of fair representation for causing her termination, and religious discrimination against her in violation of Title VII of the Civil Rights Act. Carter has previously addressed Southwest and Local 556's history of discovery delays (*see e.g.*, Dkt. No. 139, pp.5-12), and opposes Defendants' extension requests to the extent they unnecessarily delay or postpone the trial on damages she seeks in her partial summary judgment motion. For all of these reasons, Carter opposes extending the current trial deadlines more than two-months unless a longer extension gives the Court time needed to rule

---

[1] Carter joined Southwest and Local 556 in the parties' October 27, 2021 joint motion to extend trial deadlines. *Id*.

[2] Contrary to the Defendants' characterizations, they never advanced a preference for an unlimited continuance of the trial date in prior motions. (Dkt. No. 211, pp.2-3, ¶ 6); (Dkt. No. 220, p.2, ¶ 6).

on the pending cross-motions for summary judgment, or the Court anticipates the parties needing more time for trial preparation based on the current trial deadlines.

If the Court grants a stay pending its ruling on the parties' cross-motions for summary judgment, it should limit Southwest and Local 556's request to set new trial and pretrial deadlines "that are at least 90 days after [the Court] has ruled on parties' summary judgment motions." (Dkt. No. 230, p.5, ¶13). Southwest and Local 556 fail to show good cause for restarting pretrial deadlines 90 days from the time the Court decides summary judgment motions. Even if the Court has good cause for an extension pending its resolution of the parties' summary judgment motions, the parties do not need another 90 days from the time the Court decides those motions just to prepare their Joint Pre Trial Order. Indeed, Southwest and Local 556 have already demonstrated they could wait at least 40 days before the current May 30, 2022 Joint Pretrial Order deadline to seek this extension. (Dkt. No. 228 p.3, ¶4). If the Court grants a stay pending its ruling on the cross-motions for summary judgment, it should set new pre-trial deadlines that *start* no more than 60 days after the Court has ruled on the parties' summary judgment motions.

For the foregoing reasons, Carter partially objects to Southwest and Local 556's joint motion to extend the pretrial deadlines and trial setting. Carter respectfully requests that the Court grant a two-month extension unless a longer extension gives the Court needed time to resolve the parties' pending cross-motions for summary judgment or the Court anticipates the parties needing more time for trial preparation based on the current trial deadlines.

Dated: April 25, 2022                        Respectfully submitted,

                                                                       s/ Matthew B. Gilliam
                                                                       Mathew B. Gilliam (*admitted pro hac vice*)
                                                                        New York Bar No. 5005996
                                                                        *mbg@nrtw.org*
                                                                        c/o National Right to Work Legal Defense
                                                                        Foundation, Inc.

8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Jason E. Winford
Texas Bar No. 00788693
*jwinford@grsm.com*
Gordon Rees Scully Mansukhani, LLP
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214-231-4760
Fax: 214-461-4053

*Attorneys for Plaintiff Charlene Carter*

4

**Certificate of Service**

  I hereby certify that on April 25, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                   s/ Matthew B. Gilliam