UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:17-CV-2278-X |
| TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, and SOUTHWEST AIRLINES CO., | § § § § § § | |
| *Defendants.* | § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is defendant Southwest's *Motion for Partial Reconsideration* [Doc. No. 235] of the Court's Memorandum Opinion and Order denying three motions for summary judgment [Doc. No. 232]. The Court **DENIES** Southwest's motion in all respects.

The Court does wish to specifically address one argument in Southwest's motion: that the Court denied summary judgment on a ground that Judge Scholer had previously dismissed. The Court did no such thing.

In her order on Southwest's motion to dismiss and with respect to Carter's live Railway Labor Act retaliation claim (Count IV), Judge Scholer acknowledged Carter's allegation that she had exercised rights under the Railway Labor Act, including the rights to "resign from [union] membership," "object to the forced payment of political and other nonchargeable union expenses," "*advocat[e] against Local 556, President Stone, and the union's activities and expenditures,*" and "*oppose[] Local 556, President*

*Stone, and their political and ideological views*, and support[] the recall."[1]  Judge Scholer explained that Carter "alleges that . . . she was terminated after *expressing her opposition to the political leadership of the Union* and the Union's expenditures."[2] Judge Scholer denied Southwest's motion to dismiss this claim because she found that Carter had plausibly alleged retaliation under the Railway Labor Act for her protected speech and activities, including those described above.[3]

And this Court denied Southwest's motion for summary judgment on the same claim.  This Court noted Carter's allegation that she exercised her Act-protected rights to "oppose union leadership, resign from membership, support the recall effort, and object to union payment for political activity contrary to her religious beliefs."[4] Summary judgment was inappropriate because genuine disputes of material fact existed as to whether Southwest retaliated against Carter for exercising those rights. As the Court stated: "A reasonable jury could side with Carter or the defendants on the question of whether the defendants retaliated against Carter for exercising her Act-protected rights by messaging president Stone and expressing her disapproval with the union's activities and participation in the Women's March."[5]  By way of

---

[1] Doc. No. 69 at 20 (emphasis added) (quoting Carter's Second Amended Complaint at Doc. No. 47).  Carter makes the same allegations in her live complaint.  *See* Carter's Fourth Amended Complaint at Doc. No. 80 at 25–26.

[2] *Id.* (emphasis added).

[3] *Id.* at 21.

[4] Doc. No. 232 at 10–11.

[5] *Id.* at 12.

reminder, one of the messages from Carter to president Stone accompanied a video of an "aborted baby" and stated:

> This is what you supported during your Paid Leave with others at the Women's MARCH in DC….You truly are Despicable in so many ways…by the way the RECALL is going to Happen and you are limited in the days you will be living off of all the [Southwest Airlines Flight Attendants]..cant wait to see you back on line.[6]

Southwest argues that the Court erred and "embraced the very claim that [Judge Scholer] previously dismissed by concluding that Carter's private messages to Stone could constitute protected activity."[7] Southwest argues that Judge Scholer distinguished Carter's private messages from Carter's public complaints and found that only Carter's public complaints were protected activity.[8]

But that distinction is nowhere to be found in Judge Scholer's order. Judge Scholer simply did not find that Carter's Facebook messages to president Stone were *not* protected, but that Carter's public complaints *were* protected. Regardless, any such distinction would make little sense because, in those Facebook messages, Carter was plainly "object[ing] to forced payment of political . . . union expenses," "advocating against" and "opposing Local 556 [and] President Stone," and "expressing her opposition to the political leadership of the Union"—which Judge Scholer correctly identified as activities forming the basis for her allowing Carter's retaliation claim to proceed.[9] It was therefore entirely appropriate for this Court to include those

---

[6] Doc. No. 222-17 at 3.

[7] Doc. No. 235 at 6.

[8] *Id.* at 10.

[9] Doc. No. 69 at 20.

Facebook messages in the evidence that it considered in determining that genuine disputes of material fact precluded summary judgment on Carter's live Railway Labor Act retaliation claim (Count IV).

*   *   *

The Court **DENIES** Southwest's motion in all respects.

**IT IS SO ORDERED** this 25th day of May, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE