# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | |
| v. | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | |
| Defendants. | |

## SOUTHWEST AIRLINES CO.'S MOTION *IN LIMINE* AND BRIEF IN SUPPORT

I.  **INTRODUCTION**

Southwest Airlines Co. ("Southwest") moves *in limine* for an order precluding Charlene Carter ("Carter"), her counsel, and witnesses from, directly or indirectly, mentioning, referring to, or submitting evidence regarding the discipline (or lack thereof) of other Southwest employees unless: (a) Carter identified the individual in her response to Southwest's interrogatory seeking information regarding those she deemed similarly situated; ***and*** (b) Carter lays an adequate foundation outside the presence of the jury showing that the individual is "similarly situated." Southwest's treatment of non-similarly situated employees has no relevance to Carter's Railway Labor Act and Title VII claims.

Additionally, Southwest requests that the Court prohibit Carter, her counsel, and witnesses from (1) making reference to Southwest's financial condition; (2) making "golden rule" or "conscience of the community" statements and arguments; and (3) making statements regarding the nature of defense counsel's law firm. Such matters are not relevant to this action and would only serve to unfairly prejudice the jury.

II.  **SOUTHWEST'S MOTION SEEKS TO EXCLUDE IRRELEVANT AND PREJUDICIAL MATERIAL**

Only relevant evidence is admissible in trial. *See* FED. R. EVID. 401-402. Indeed, the Court's task is to "conduct a trial so that inadmissible evidence is not suggested to the jury by any means." FED. R. EVID. 103(d). Also, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

As set forth below, the Court should grant Southwest's motion *in limine* and preclude Carter or any witness from presenting any testimony, evidence, or argument on the matters

specified herein. *See Aperia Sols., Inc. v. Evance, Inc.*, 2021 U.S. Dist. LEXIS 59124, at *2 (N.D. Tex. Mar. 29, 2021) (motion *in limine* "allow[s] the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").

### A. The Court Should Limit Testimony and Evidence Related to Southwest's Treatment of Other Employees

Evidence regarding an employer's treatment of non-party employees is only relevant if the plaintiff and proffered comparator are "similarly situated." *See Cooper v. City of Dall.*, 2006 U.S. Dist. LEXIS 48444, at *5 (N.D. Tex. July 17, 2006). The Fifth Circuit "define[s] 'similarly situated' narrowly, requiring the employees' situations to be 'nearly identical.'" *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020); *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001). To satisfy this standard, a proffered comparator must, among other things, be outside of the plaintiff's protected class (in this case a union supporter and non-Christian) and have the same job responsibilities, same supervisors, same work location, and comparable violation histories. *Hinga v. MIC Grp., L.L.C.*, 609 F. App'x 823, 827 (5th Cir. 2015).

Individuals who were subject to employment actions by different decisions makers, worked at different locations, or whose disciplinary circumstances occurred remote in time are not similarly situated. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (employees not similarly situated where, "most importantly, the decision-makers who disciplined" the employees were different); *Warren v. Fannie Mae*, 733 F. App'x 753, 761 (5th Cir. 2018) ("Employees are not similarly situated if they … suffered adverse actions for dissimilar conduct; or [] suffered adverse actions too remote in time from each other."); *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 735-36 (S.D. Tex. 2014) ("Where different decision makers or supervisors are involved, their decisions are rarely 'similarly situated.'"). And, "most importantly, 'the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of

3

US_ACTIVE-167429276.6

the proffered comparator who allegedly drew dissimilar employment decisions.'" *Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 F. App'x 209, 213 (5th Cir. 2018).

There mere fact that a proposed comparator was disciplined by the same supervisor for violating the same policy as the plaintiff does not mean the conduct is sufficiently similar to make him or her "similarly situated." *See Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) (the termination of one employee who stole bat mitzvah gifts while retaining another employee who stole alcohol and party decorations was not competent comparator evidence because the thefts were of different severity). That is because the "nearly identical" standard requires the Court to consider the severity of the policy violation. *Brockie v. Ameripath, Inc.*, 2007 U.S. Dist. LEXIS 29672, at *40 n.9 (N.D. Tex. Apr. 23, 2007).

In interrogatories, Southwest asked Carter to identify every employee she believes was "similarly situated" to her that Southwest treated more favorably than her. In response, Carter identified six employees: (a) Ricky Spand; (b) Josh Rosenberg; (c) Brian Talburt; (d) Casey Rittner; (e) Bill Holcomb; and (f) Sam Wilkins.[1]  Because Carter only identified these six employees, the Court should not permit testimony purporting to show disparate treatment of Carter *vis-à-vis* individuals other than these six proffered comparators.

Moreover, it is clear from Carter's deposition testimony that she has no knowledge of the circumstances surrounding the disciplinary history of these employees.  For example, Carter testified that she believed that Casey Rittner and Josh Rosenberg made social media posts during collective bargaining negotiations that depicted guns and could have been perceived as threatening

---

[1] Pursuant to Pursuant to Northern District of Texas Local Rule CV-7.1(i), Southwest's Appendix of Exhibits is being filed contemporaneously with this Motion and, where necessary, this Motion references the exhibits contained therein.  Exhibit 1, Plaintiff Charlene Carter's Answers to Defendant Southwest's Interrogatories at Answer No. 3.

to Southwest's then CEO.[2] Bill Holcombe allegedly posted a derogatory message of a sexual nature about a Southwest passenger, and Carter testified: "I don't think he was terminated. I don't know what type of punishment he got."[3] Carter was not aware if these employees were reinstated subject to "last chance agreements" similar to the one offered her, or the circumstances as to how Southwest became aware of their social media posts.[4]

Plaintiff's interrogatory responses, and Southwest's records of social media complaints, show that the individuals identified by Carter are not similarly situated. As the following chart demonstrates, and as Carter at least partially acknowledged in her interrogatory responses, most of the other social media complaints were remote in time from Carter's 2017 complaint, involved different types of social media posts than Carter's abortion videos, and involved different Southwest geographic bases and decision makers:

| Employee Name (and Location) | Nature of Social Media Violation | Date of Violation / File Opened | Supervisor Who Investigated & Issued Discipline | Ultimate Discipline Decision |
|---|---|---|---|---|
| Casey Rittner (ATL) | Social media threat to Gary Kelly in connection with collective bargaining negotiations. | 3/7/2016 | Graham Vandergrift, Base Manager – ATL | Termination converted to 30-day suspension |
| Josh Rosenberg (OAK) | Social media threat to Gary Kelly in connection with collective bargaining negotiations. | 3/14/2017 | Carolene Goulbourne Base Manager – OAK | No violation found; Coach & Counsel |

---

[2] Exhibit 2, Deposition of Plaintiff Charlene Carter ("Carter Depo.") at 244:2-246:15.
[3] *Id.* at 246:3-9.
[4] *Id.* at 244:2-246:15.

| | | | | |
|---|---|---|---|---|
| Sam Wilkins (OAK) | Comments of a sexual nature regarding co-employee posted on social media | 3/26/2013 | Brett Salyer Assistant Base Manager – OAK | No formal discipline issued. |
| | Threatening social media post regarding firearms and a political candidate | 2012 post reported on 3/16/2017 | Carolene Goulbourne Base Manager – OAK | Coach and counsel |
| Brian Talburt (PHX) | Threatening social media post in which employee used the term "execution" | 9/30/2014 | Deborah Edwards Base Manager – PHX | Termination converted to 30-day suspension |
| | Derogatory and profane language in a social media post regarding a coworker. | 3/17/2015 | Ted Thornton Asst. Base Manager – PHX | Termination converted to Written Warning |
| | Social media post related to co-worker allegedly dating other co-workers | 8/19/2016 | Jeff Simpson Inflight Supervisor – DAL  Deborah Edwards Base Manager – PHX | Coach & Counsel |
| Bill Holcomb (OAK) | Derogatory comments of a sexual nature regarding Southwest passenger.  Comments on social media related to co-worker sexual orientation. | 4/10/2014  3/10/2015 | Brett Salyer Base Manager – OAK | 30-day suspension issued for two Social Media events - 7/30/14 and 3/10/15 |
| Ricky Spand (LAS) | Social media post related to co-worker | 8/19/2016 | Jeff Simpson Inflight Supervisor | Coach & Counsel |

| | | | | |
|---|---|---|---|---|
| | allegedly dating other co-workers | | – DAL (Jackson) Brandon Durbin Asst. Base Manger – LAS (Spand) | |
| | Threating social media post related to union affiliation issues. | 11/9/2016 | Brandon Durbin Asst. Base Manger – LAS (Spand) | No Discipline Issued |

Exhibit 1 at Answer No. 4; *see also* Exhibit 3, Declaration of Meggan Jones at ¶ 5.

To permit Carter to present testimony and evidence regarding non similarly situated comparators will "substantially prejudice the defendant because it w[ill] create several 'trials within a trial' and force the defendant to rebut each witness' claim of discrimination." *Cunio v. Tex. Dep't of Mental Health & Mental Retardation*, 2006 U.S. Dist. LEXIS 116961, at *3 (E.D. Tex. Aug. 25, 2006). Moreover, it would allow Carter to introduce evidence that is not relevant to this action and that would prejudice and confuse the jury. *See Maneaux v. Denson*, 2014 U.S. Dist. LEXIS 40362, at *9 (W.D. La. Mar. 25, 2014) (excluding evidence and testimony regarding comparators who are not similarly situated because such testimony "is irrelevant and would merely confuse the jury."); *Wyvill*, 212 F.3d at 302 ("[T]estimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge.").

  **B.** **The Court Should Prohibit Testimony and Evidence Related to Southwest's Financial Condition**

Information regarding Southwest's financial condition and the relative worth of the parties are not relevant to issues in this lawsuit (*i.e.*, what motivated the individual who terminated Carter's employment). Such testimony and information would only function to arouse prejudice against Southwest and would have no probative value. Accordingly, the Court should exclude

7

testimony and information related to Southwest's financial condition and the relative net worth of the parties. *See Mindrup v. Goodman Networks, Inc.*, 2015 U.S. Dist. LEXIS 179325, at *6 (E.D. Tex. Oct. 19, 2015) (financial testimony lacks relevance and its introduction would be "extremely prejudicial … and [] make it impossible for Defendant to receive a fair trial."); *Mayer v. Future Elecs. GP Corp.*, 2008 U.S. Dist. LEXIS 105582, at *3 (N.D. Miss. Oct. 29, 2008) (prohibiting reference to the "the financial condition, wealth, or net worth of the Plaintiff or Defendant produced solely to show the disparity in wealth or financial assets").

### C. The Court Should Prohibit "Golden Rule" and "Conscience-of-the-Community" Statements

A "conscience-of-the-community" argument or statement is a plea "intended to evoke a sense of community, loyalty, duty, and expectation" and based on the relative appeal of a party or a party's identity. *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). A "golden rule" argument asks the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Id.* Courts in the Fifth Circuit have repeatedly concluded that "conscience-of-the-community" and "golden rule" arguments and statements are impermissible and properly excluded. *See Whitehead v. Food Max*, 163 F.3d 265, 278 (5th Cir. 1998) ("This court has forbidden plaintiff's counsel to explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them."); *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985) (conscience-of-the-community argument has no proper purpose and can cause substantial prejudice).

Thus, the Court should prohibit Carter from making "golden rule" and "conscience-of-the-community" arguments and statements. *See Whitehead*, 163 F.3d at 278 (golden rule arguments "encourage the jury to 'decide the case on the basis of personal interest and bias rather than on the evidence.'"); *Walker v. Target Corp.*, 2017 U.S. Dist. LEXIS 107691, at *2-3 (S.D. Miss. July 12,

2017) ("Defendant seeks the exclusion of all 'golden rule' arguments. … Such arguments are improper, and the Court grants Defendant's motion *in limine* as to this issue."); *McElveen v. Wal-Mart Stores, Inc.*, 2019 U.S. Dist. LEXIS 23984, at *8-9 (S.D. Miss. Feb. 14, 2019) (granting motion *in limine* to exclude golden rule and conscience-of-the-community arguments and statements).

### D. The Court Should Prohibit Comments Regarding Defense Counsel's Law Firm

The Court should "prohibit any reference to the type or character of practice of [Southwest's] counsel's firm, its size, location, or typical clientele." *Williams v. McDermott Int'l Inc.*, 2022 U.S. Dist. LEXIS 94279, at *20 (W.D. La. May 25, 2022). Information regarding Southwest's counsel is irrelevant to the issues in this action and could only be offered for the purpose of prejudicing the jury. *See id.* at *20-21 ("The court agrees that any references by plaintiff or plaintiff's counsel to the above-mentioned topics as it relates to defense counsel and their firm are inappropriate, irrelevant, and unduly prejudicial, and therefore grants the motion [*in limine*]."); *Mindrup*, 2015 U.S. Dist. LEXIS 179325, at *6 (granting motion *in limine* to exclude "[r]eferences to the type or character of the legal practice of Jackson Lewis … or the size or location of the Jackson Lewis law firm[], [a]ny remarks or reference to the fact that Jackson Lewis typically represents corporations, corporate interests or the like … Such statements would be prejudicial, irrelevant, and would make it impossible for Defendant to receive a fair trial.").

### III. CONCLUSION

For the reasons set forth above, the Court should grant Southwest's motion *in limine* and prelude Carter from offering evidence, testimony, or statements: (1) regarding Southwest's treatment of non-party current or former employees subject to the terms set forth herein; (2)

9

regarding Southwest's financial condition; (3) constituting "golden rule" and "conscience-of-the-community" arguments; and (4) relating to Southwest's legal representatives.

Dated: June 9, 2022

Respectfully submitted,

/s/ Paulo B. McKeeby
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF CONFERENCE

On June 9, 2022, Paulo McKeeby, counsel for Defendant Southwest Airlines Co., conferred with Matthew Gilliam, counsel for Plaintiff Charlene Carter, regarding the substance of its Motion. Mr. Gilliam advises that Plaintiff is opposed to Southwest's motion except as statements regarding Southwest's law firm in this case.

/s/ Paulo B. McKeeby
Paulo B. McKeeby

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 9th day of June, 2022.

                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby