IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 03:17-cv-02278-S |
| SOUTHWEST AIRLINES CO., | § | |
| AND TRANSPORT WORKERS | § | |
| UNION OF AMERICA LOCAL | § | |
| 556, | § | |
| | § | |
| Defendants. | § | |

_____

REMOTE ORAL AND VIDEOTAPED DEPOSITION OF

CHARLENE CARTER

November 20, 2020

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PORTIONS OF TRANSCRIPT DESIGNATED CONFIDENTIAL:

PAGE 132:13 THROUGH 134:6
PAGE 134:19 THROUGH 135:10

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REMOTE ORAL AND VIDEOTAPED DEPOSITION OF CHARLENE
CARTER, located at her residence in Aurora, Colorado,
produced as a witness at the instance of the Defendant
Southwest Airlines Co., and duly sworn, taken in the
above-styled and numbered cause on November 20, 2020,
from 10:02 a.m. to 4:36 p.m., before Joseph D.
Hendrick, Certified Shorthand Reporter in and for the
State of Texas, reported by machine shorthand, pursuant
to Notice and the Federal Rules of Civil Procedure and
any provisions stated on the record or attached hereto.

Job No. 4341722

Page 244

1        A.        No, I didn't witness it.

2        Q.        Okay.  What about Josh Rosenberg, do you

3    know who turned in Mr. Rosenberg for violation of the

4    social media policy?

5        A.        No, I do not.

6        Q.        Okay.  And do you know what he was turned

7    in for?

8        A.        He had posted on his Facebook page, it was

9    during the contract negotiations, with a gun pointed

10   and underneath it saying, "Gary, sign now" or "Gary"

11   something or another.  So that's Gary Kelly, our CEO,

12   with a gun above it stating, "Gary, sign now."

13       Q.        Okay.  And was Mr. Rosenberg an objector?

14       A.        No, he was not.  But he I believe is still

15   working at Southwest Airlines.

16       Q.        Do you know if -- do you know what sort of

17   agreement Mr. Rosenberg was offered to retain his

18   employment?

19       A.        No, I do not.

20       Q.        Do you know if Mr. Rosenberg was offered a

21   last chance agreement?

22       A.        I do not.

23       Q.        Okay.  What about Mr. Talbert?  You

24   actually said Mr. Talbert was terminated at some point.

25       A.        Yes, he was.  Actually he's been terminated

1    a couple of times.  And I think all for social media.

2    The first time I do know that through testimony from

3    the past or stuff that we just did, what, two weeks

4    ago, that -- and even in my arbitration, the first

5    violation that he had with the post, he was brought

6    back within I believe two weeks and he did not have to

7    sign a nondisclosure.

8         Q.    How do you know that?

9         A.    It was in the testimony given.

10        Q.    Do you have any personal knowledge of what

11   Mr. Talbert signed?

12        A.    I don't have personal knowledge.

13        Q.    Okay.  Now, Mr. Talbert was ultimately

14   fired for social media violations, correct?

15        A.    He -- no, he's still with the company.

16        Q.    Okay.  And do you know if he's been offered

17   a last chance agreement?

18        A.    It was said no, he had not been offered a

19   last chance agreement.  He didn't have to sign anything

20   to come back.

21        Q.    Okay.  And what about Casey Rittner, do you

22   know who turned him in for violations of social media?

23        A.    That I do not know.

24        Q.    And do you know why, what's the basis --

25        A.    I believe it's the same thing, with a gun

Page 246

1    pointed to Gary Kelly or with Gary Kelly, I think it

2    was the same type of thing as Josh Rosenberg.

3          Q.      Okay.  And what about Bill Holcomb?

4          A.      Bill Holcomb was -- I don't think he was

5    terminated.  I don't know what kind of punishment he

6    got.  But he was the one who posted on his personal

7    Facebook page about a passenger, that there was a

8    banana peel that was on the floor and he made a very

9    sexual derogatory comment about the female passenger.

10         Q.      Okay.  And do you know if Mr. Holcomb was

11   terminated?

12         A.      No, he was not.

13         Q.      Do you know if he received a last chance

14   agreement?

15         A.      I don't believe he did.

16         Q.      Okay.  And why do you think Mr. Holcomb was

17   treated more favorably than you?

18         A.      Because he was on the negotiating team,

19   working with Audrey and Brett.

20         Q.      Okay.  Now, I believe your testimony

21   earlier today was that Ms. Stone was not permitted to

22   turn you in to Southwest Airlines because it violated

23   the union constitution and bylaws; is that correct?

24         A.      They take an oath, yes, to not harm a

25   member.

Page 278

1              I, CHARLENE CARTER, have read the foregoing

2    deposition and hereby affix my signature that same is

3    true and correct, except as noted above.

4

5                        _____
                         CHARLENE CARTER
6

7    STATE OF  _____)

8    COUNTY OF _____)

9

10             Before me _____ on this day

11   personally appeared CHARLENE CARTER, known to me (or

12   proved to me on the oath of _____ or

13   through _____ (description of identity card

14   or other document)) to be the person whose name is

15   subscribed to the foregoing instrument and acknowledged

16   to me that he executed the same for the purposes and

17   consideration therein expressed.

18             Given under my hand and seal of office this

19   _____ day of _____, _____.

20

21                        _____
                         Notary Public in and for the
22                       State of _____

23

24

25

Page 279

1                        REPORTER'S CERTIFICATION

2                    DEPOSITION OF CHARLENE CARTER

3                          November 20, 2020

4              I, Joseph D. Hendrick, Notary Public and

5     Certified Shorthand Reporter in the State of Texas,

6     hereby certify to the following:

7                    That the Witness, CHARLENE CARTER, was duly

8     sworn by the officer and that the transcript of the

9     oral deposition is a true record of the testimony given

10    by the witness;

11                   I further certify that pursuant to FRCP

12    Rule 30(f)(1) that the signature of the deponent:

13                        X     was requested by the deponent or

14    a party before the completion of the deposition and is

15    to be returned within 30 days from date of receipt of

16    the transcript;

17                   _____ was not requested by the

18    deponent or a party before the completion of the

19    deposition;

20                   I further certify that the amount of time

21    used by each party is as follows:

22        Mathew B. Gilliam - 00:00:00

23        Michael A. Correll - 04:54:50

24        Adam S. Greenfield - 01:08:13

25        Edward B. Cloutman III - 00:00:00

Page 280

1            I further certify that I am neither counsel

2      for, related to, nor employed by any of the parties or

3      attorneys in the action in which this proceeding was

4      taken;

5            Further, I am not a relative or employee of

6      any attorney of record, nor am I financially or

7      otherwise interested in the outcome of the action.

8            Subscribed and sworn to on this date:

9      December 8, 2020.

10

11

12

13

14

15

16

17                        <%12550,Signature%>
                          Joseph D. Hendrick, CSR #947
18                        Expiration Date: 04/30/2021
                          Notary Comm. Exp. 01/13/23
19                        Veritext Legal Solutions
                          Firm Registration No. 571
20                        300 Throckmorton Street, Ste. 1600
                          Fort Worth, TX  76102
21                        Telephone (800) 336-4000

22

23

24

25

1    Mbg@nrtw.org

2                        December 9, 2020

3    RE: Carter, Charlen v. Southwest Airline Co & Transport

4    DEPOSITION OF: Charlene Carter (# 4341722)

5         The above-referenced witness transcript is

6    available for read and sign.

7         Within the applicable timeframe, the witness

8    should read the testimony to verify its accuracy. If

9    there are any changes, the witness should note those

10   on the attached Errata Sheet.

11        The witness should sign and notarize the

12   attached Errata pages and return to Veritext at

13   errata-tx@veritext.com.

14        According to applicable rules or agreements, if

15   the witness fails to do so within the time allotted,

16   a certified copy of the transcript may be used as if

17   signed.

18                          Yours,

19                          Veritext Legal Solutions

20

21

22

23

24

25