UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § § § § § § § § § § § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | | |
| v. | | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | | |
| Defendants. | | |

**EXHIBIT 1: JOINT PROPOSED JURY CHARGE AND INTERROGATORIES**

The following contains the portions of the proposed jury charges where the parties could reach agreement.  Exhibits 2 and 3 contain the parties' separate positions on portions of the charge on which they could not reach agreement, along with objections to the other parties' proposed charge

**A.    Joint proposed jury charge**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case.[1] The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

---

[1] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.1 (2020).

1

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or either defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.[2]

---

[2] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.16 (2020).

**Preponderance of the Evidence**

Plaintiff Charlene Carter has the burden of proving her case by a preponderance of the evidence.[3] To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Charlene Carter has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.[4]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Stipulations**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[5]

**Witnesses**

---

[3] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.2 (2020).
[4] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.3 (2020).
[5] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.3 (2020).

You alone are to determine the questions of credibility or truthfulness of the witnesses.[6] In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Similar Acts[7]**

Evidence that an act was done at one time or on one occasion is not any evidence or proof.[8]

Then how may you consider evidence of similar acts?

---

[6] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.4 (2020).
[7] Defendants contend this instruction is only appropriate if the parties submit admissible and probative evidence of "similar acts." Modification of this instruction may be appropriate depending upon the individual or party who purportedly engaged in the "similar acts" at issue.
[8] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.10 (2020).

4

You may consider evidence of similar acts for the limited purpose of showing Carter's, Southwest's, Local 556's motive, intent, knowledge, or plan, which is at issue in this case.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect the character of Carter's, Southwest's, or Local 556's witnesses.

**Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.[9]

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Deposition Testimony**

Certain testimony has been presented to you through a deposition.[10] A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read [shown] to you. This deposition testimony is entitled to the same consideration and is to be judged by you

---

[9] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.11 (2020).
[10] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.13 (2020).

as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Limiting Instructions**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.[11]

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[12]

**Parties' Claims**

The parties were unable to agree on instructions regarding Plaintiff's claims. The parties' proposals and preliminary objections to the other parties' proposals are reflected on Exhibits 2 and 3.

**Damages**

The parties were able to agree on most of the instructions regarding the preliminary portion of the charge on damages, though Plaintiff and Defendants' differed in certain respects. Accordingly, the preliminary portions of the charge on damages proposed by each of the parties are reflected in Exhibits 2 and 3.

**Back Pay**

---

[11] Fifth Circuit Pattern Jury Instruction, Civil Cases, 2.6 (2020).
[12] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.6 (2020).

The parties were able to agree on most of the instructions regarding back pay, though each of Plaintiff and Defendants' version have minor differences. Accordingly, the back pay instructions proposed by each of the parties are reflected in Exhibits 2 and 3.

**Mitigation**

Defendant Southwest claims that Plaintiff Charlene Carter failed to mitigate her damages. Plaintiff Charlene Carter has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.

To succeed on this defense, Defendant Southwest must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Charlene Carter failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Charlene Carter's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job Charlene Carter lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Charlene Carter's diligence should be evaluated in light of her individual characteristics and the job market.

**Actual Damages**

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Charlene Carter for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

**Punitive Damages**

The parties were able to agree on most of the instructions regarding Plaintiff's claims for punitive damages, though each of Plaintiff and Defendants would include an instruction that the other would not. Accordingly, the punitive damages instructions proposed by each of the parties are reflected in Exhibits 2 and 3.

**Nominal Damages**[13]

If you find from a preponderance of the evidence that Plaintiff Charlene Carter sustained a technical violation of the Railway Labor Act, Title VII, or the Duty of Fair Representation, but that Plaintiff Charlene Carter has suffered no damages as a result, then you may award Plaintiff Charlene Carter nominal damages. Nominal damages are an inconsequential or trifling sum awarded to plaintiff when a technical violation of her rights has occurred but the plaintiff has suffered no actual loss or injury.

**Deliberations**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.[14] During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do

---

[13] Fifth Circuit Pattern Jury Instruction, Civil Cases, 15.6 (2020).
[14] Fifth Circuit Pattern Jury Instruction, Civil Cases, 3.7 (2020).

not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question on the verdict form.

You may now proceed to the jury room to begin your deliberations.

**B.      Proposed jury interrogatories**

The parties were unable to agree on any of the jury interrogatories.  The parties' proposals are reflected on Exhibits 2 and 3.

Dated: June 9, 2022                                  Respectfully submitted,

                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby
                                            State Bar No. 00784571
                                            Brian K. Morris
                                            State Bar No. 24108707
                                            **REED SMITH LLP**
                                            2850 N. Harwood Street
                                            Suite 1500
                                            Dallas, Texas 75201
                                            Phone: 469-680-4200
                                            Facsimile: 469-680-4299
                                            pmckeeby@reedsmith.com
                                            bmorris@reedsmith.com

                                            **ATTORNEYS FOR DEFENDANT**
                                            **SOUTHWEST AIRLINES CO.**


                                            */s/ Adam S. Greenfield*
                                            Adam S. Greenfield
                                            State Bar No. 24075494
                                            **CLOUTMAN & GREENFIELD, PLLC**
                                            3301 Elm Street
                                            Dallas, Texas 75226
                                            Phone: 214.642.7486
                                            Facsimile: 214.939.9229
                                            agreenfield@candglegal.com

                                            Edward B. Cloutman, III
                                            State Bar No. 04411000
                                            **LAW OFFICES OF EDWARD CLOUTMAN, III**
                                            3301 Elm Street
                                            Dallas, TX 75226
                                            Phone: 214.939.9222
                                            Facsimile: 214.939.9229

                                            **ATTORNEYS FOR DEFENDANT**
                                            **TWU LOCAL 556**

*/s/ Matthew B. Gilliam*
Matthew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Phone:  703.321.8510
Facsimile:  703.321.9319
mbg@nrtw.org

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

**ATTORNEYS FOR PLAINTIFF
CHARLENE CARTER**