UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § | CIVIL CASE NO. 3:17-CV-02278-X |
| Defendants. | § § § § | |

## LOCAL 556'S OBJECTIONS TO PLAINTIFF'S MOTION IN LIMINE

Defendant Transport Workers Union of America, Local 556 ("Local 556") files the following objections to Plaintiff Charlene Carter's ("Carter") Motion in Limine as follows:

### TWU LOCAL 556's RESPONSES AND OBJECTIONS

1. Defendants seek to preclude any "evidence, statement, or argument regarding the arbitration *proceedings* or findings," as irrelevant. Plaintiff attacks relevance and weight of the evidence. Regarding the relevance objection, the fact that Ms. Carter has been availed of an internal Arbitration exists itself as evidence of Local 556's efforts to offer Fair Representation and protections of members and non-members alike, through their CBA negotiations with SWA.

    The results of the Arbitration, specifically Plaintiff's termination not the Arbitrator's written decision, evidences Local 556's successful representation of Ms. Carter as the Union was able to negotiate a reduction in punishment from Plaintiff's ultimate termination rather

than the Arbitrator's decision to uphold SWA's legitimate, non-discriminatory reason for terminating Plaintiff, i.e. "just cause."

Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above.

2. Review of the Court's Orders (Doc. 69 and 237) offers that no determination has been made, as a matter of law, regarding whether or not all of Ms. Carters communications receive protection or not, under the RLA, or whether some of those communications fell outside of protection due to their graphic nature. Such an inquiry is a factually intense one, that should be decided on the entry of evidence of specific communications.

3. No Objection.

4. Plaintiff's true attack is on the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the information Plaintiff seeks to preclude is found as contents of the document that is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value. The contents of the aforementioned documents were sent by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

5. Plaintiff seeks to exclude evidence that is found in Audrey Stone's complaints to SWA. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.

6. Plaintiff seeks to exclude evidence that is found in her repeated and harassing communications to Audrey Stone. Plaintiff truly attacks the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as

the contents of some of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination. By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.

7. Plaintiff seeks to exclude evidence that Audrey Stone was and or communicated that she felt threatened by Plaintiff's Facebook communications. The characterization of the communications and the effect it had on Ms. Stone are directly relevant to evaluate the legality of Plaintiff's termination, establishing the probative value.

8. Plaintiff's true attack is on the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the information Plaintiff seeks to preclude is found as contents of the document that is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value. The contents of the aforementioned documents were sent by Plaintiff to Ms. Stone and make up the continued harassment of a co-worker that ultimately lead to her termination.

9. Plaintiff is seeking to preclude anti-bias evidence regarding the personal beliefs of SWA managers. Bias is always relevant. Plaintiff then attempts to preclude potential inferences made regarding Ms. Carter's belief about what she could say in the workplace. No rule precludes Defendant TWU nor SWA from making any inference to which the evidence may support, and no prohibition on such inferences would be appropriate before the evidence is considered.

10. No Objection.

11. Plaintiff attempts to preclude potential inferences made regarding evidence of Ms. Carter's own beliefs as to her allegations against Ms. Stone's motives for reporting Plaintiff's harassing and threatening messages to Ms. Stone. No rule precludes Defendant TWU nor SWA from

making any inference to which the evidence may support, and no prohibition on such inferences would be appropriate before the evidence is considered.

12. Plaintiff seeks to preclude any evidence that Defendant Local 556 represented Plaintiff, and did so effectively, at multiple hearings after SWA's decision to terminate Plaintiff. Evidence of the Union's efforts to help Ms. Carter get her job back is directly related to evidence that they Fairly Represented Ms. Carter.

13. No Objection.

14. Simply because Plaintiff did not have to do something to satisfy her claims does not mean that it is irrelevant that she did not in fact request an accommodation. In addition Local 556 must be able to question Carter as to any potential notice she gave to the Union and their knowledge of what would accommodate her religious beliefs. Any potential prejudice stemming from confusion can be cured by the court with an instruction on the law to the jury.

15. Plaintiffs interpretation of anti-discrimination law means that potentially no regulation of how Plaintiff may communicate with co-workers could be applied to her without violating her religious beliefs. No Rule precludes TWU nor SWA from making any inference to which the evidence may support, and no prohibition on such inferences would be appropriate before the evidence is considered.

16. Plaintiffs interpretation of anti-discrimination law means that no regulation of how Plaintiff may communicate with co-workers could be applied to her without violating her religious beliefs. No Rule precludes TWU nor SWA from making any inference to which the evidence may support, and no prohibition on such inferences would be appropriate before the evidence is considered.

17. No Objection.

18. No Objection.

19. Plaintiff attacks relevance and weight of the evidence. Regarding the relevance objection to the admission of the "Last Chance Agreement": The results of Local 556's successful representation of Ms. Carter in her grievance proceeding and the Last Chance Agreement that reduced her termination to a suspension are relevant to demonstrate that Local 556 did it's duty of fair representation of Ms. Carter. It is also relevant to Ms. Carter's motive in bringing this lawsuit, and motive is always relevant. Ms. Carter ultimately decided to sue the Parties after declining the Last Chance Agreement, but before any outcome of her Arbitration hearing. Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above.

20. Local 556 agrees that their should not be any testimony elicited during trial regarding specific candidates or political parties. However, Plaintiff's broad objection seeks to exclude evidence that is found in Plaintiff's repeated and harassing communications to Audrey Stone. Plaintiff truly attacks the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the repeated and harassing communications underlie Audrey Stone's complaints against Plaintiff to SWA.

21. No Objection.

22. Local 556 does not object to the extent that Plaintiff is referring to settlement negotiations between the parties in reference to this lawsuit and not referring to the "Last Chance Agreement." Local 556 incorporates its previous briefing on the "Last Chance Agreement."

23. No Objection.

24. No Objection.

25. No Rule supports the preclusion sought in this objection. Local 556 is confused by the

objection and seeks further clarification.

26. No Objection.

27. No Objection.

28. No Objection.

29. Plaintiff seeks to preclude evidence related to her mitigation of damages that are directly relevant to Defendant's Affirmative Defenses.

30. Plaintiff seeks to preclude evidence related to her mitigation of damages that are directly relevant to Defendant's Affirmative Defenses.

31. No Objection.

32. No Objection.

Dated: June 12, 2022                                  Respectfully submitted,

*/s/ Edward B. Cloutman, III*_____              */s/ Adam S. Greenfield*_____
Edward B. Cloutman, III                               Adam S. Greenfield
State Bar No. 04411000                                State Bar No. 240 754 94
ECLOUTMAN@LAWOFFICES.EMAIL            AGREENFIELD@CANDGLEGAL.COM

Law Offices of Ed Cloutman, L.L.C.                    Cloutman & Greenfield, PLLC
618 Largent Ave.,                                     6217 Bryan Parkway
Dallas, TX 75214                                      Dallas, TX 75214
Phone 214.232.9015                                    Phone 214.642.7486

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 12th day of June, 2022.

*/s/ Adam S. Greenfield*_____
Adam S. Greenfield