UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| CHARLENE CARTER,<br><br>PLAINTIFF,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>DEFENDANTS. | § § § § § § § § § § § § § § § § | CIVIL CASE NO. 3:17-CV-02278-X |

**PLAINTIFF CHARLENE CARTER'S OBJECTIONS TO WITNESSES, EXHIBITS, AND DEPOSITION DESIGNATIONS**

Pursuant to the Court's May 24, 2022 and June 2, 2022 Amended Scheduling Orders (Dkts. 236, 239), Plaintiff Charlene Carter ("Carter") files the following pretrial objections to the witnesses, exhibits, and depo designations of Defendant Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("Local 556") as follows:

### I. EXHIBITS

Carter objects to the following exhibits. Carter reserves the right to assert other objections, such as hearsay, depending on the Court's evidentiary rulings and other considerations.

| Ex. No. | Objection |
|---|---|
| 15 | Carter objects to the picture of a t-shirt that says, "Fucktard" and "I Voted Brett Nevarez Cause he Respects me" (SWA 602). Carter received the picture from another flight attendant prior to 2017, and forwarded the message to President Stone to object to unprofessional comments |

1

| Ex. No. | Objection |
|---|---|
|  | made by the union Executive Board. The t-shirt picture is irrelevant to the claims in this case, and the risk of the unfair prejudice creates outweighs its probative value. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 6-7, ¶4.<br>Carter objects to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 621). Thus, the image is irrelevant to Carter's claims, and its potential to inflame and prejudice the jury through a false and misleading depiction substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; Carter Motion in Limine, Dkt. No. 247, at 7-8, ¶6. |
| 20 | Carter objects that this document is irrelevant because it is unrelated to Southwest's social media policy or any other issue in this suit.  Fed. R. Evid. 402. |
| 40 | Carter objects that this document is irrelevant because Southwest offering or Carter declining reinstatement as part of Southwest's "Last Chance Agreement" does not constitute an unconditional offer of reinstatement that would serve to cut off back pay and instead constituted an inadmissible settlement offer introduced to unfairly prejudice the jury regarding Carter's refusal of that offer, which would have required her to release her claims. *See* Fed. R. Evid. 402, 403, 408; *see also* Carter Motion in Limine, Dkt. No. 247, at 11-12, ¶19. |
| 46 | Carter objects to the Exhibit's inclusion of the Facebook messages stating "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 596, 597). Carter did not write these statements, and Southwest did not discipline her for them. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. Carter also objects that this exhibit is cumulative of Exhibit 64 and 65. |
| 47 | Carter objects that this exhibit is cumulative of Exhibit 65. |
| 50 | Carter objects to including in the Exhibit the Facebook message stating "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion." (SWA 4646). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. Carter also objects that this exhibit is cumulative of Exhibit 64. |
| 51 | Carter re-asserts her same objection to Exhibit 46 for SWA 596, 597. Carter further objects to the picture of a t-shirt that says, "Fucktard" and "I Voted Brett Nevarez Cause he Respects me" (SWA 602). Carter received the picture from another flight attendant prior to 2017, and forwarded the message to President Stone to object to unprofessional comments made by the |

| Ex. No. | Objection |
|---|---|
|  | union Executive Board. The t-shirt picture is irrelevant to the claims in this case, and the risk of the unfair prejudice creates outweighs its probative value. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 6-7, ¶4.<br>Carter objects to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 621). Thus, the image is irrelevant to Carter's claims, and its potential to inflame and prejudice the jury through a false and misleading depiction substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; Carter Motion in Limine, Dkt. No. 247, at 7-8, ¶6.<br>Carter also objects that the references to Hillary Clinton and Donald Trump have the potential to inflame the jury such that the unfair prejudice to Carter substantially outweighs any probative value. Fed. R. Evid. 403. At a minimum, Carter requests that the Hillary Clinton and Donald Trump references, as well as the image of the "Fucktard" t-shirt be redacted to remove these prejudicial elements. |
| 61 | Carter objects to this exhibit as irrelevant given that this is a complaint about a separate employee that is unrelated to the messages complaining about union issues or religious beliefs. Fed. R. Evid. 402. The introduction of such complaints about other employees is an attempt by Defendants to paint Carter in a negative light, and the unfair prejudice from the exhibit substantially outweighs any probative value it may have. Fed. R. 403. |
| 64 | Carter objects to including in the Exhibit the Facebook message stating "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion." (App.78, 80). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. |
| 65 | Carter re-asserts her same objection from Exhibit 64 for (App.80). |
| 66 | Carter objects to including in evidence Stone's specific comment that she was "sent messages that reference her as a 'murderer'". Carter's Facebook message stated, "[TWU and 556] are supporting this Murder …" (SWA 4226). Given there is no factual basis for this statement and the potential to inflame and prejudice the jury through a false and misleading description, the unfair prejudice of the allegation substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 7, ¶5.<br>Carter objects to including in the Exhibit the Facebook message stating "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion." (SWA 4230, 4232). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment |

| Ex. No. | Objection |
|---|---|
|  | to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. |
| 67 | Carter re-asserts her same objection in Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4422). |
| 73 | Carter re-asserts her same objection in Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4240). |
| 74 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4451). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 4453, 4454). |
| 75 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4457). |
| 76 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4460). |
| 78 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4469). |
| 79 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4473). |
| 80 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4476). |
| 81 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4479). |
| 82 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 7160). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 7162, 7164). |
| 83 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5684). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). |
| 86 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was |

| Ex. No. | Objection |
|---|---|
|  | "sent messages that reference her as a 'murderer'" (SWA 5684). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). |
| 87 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5689). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5692, 5693). |
| 88 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5696). |
| 91 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5684). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). |
| 94 | Carter re-asserts her objection from Exhibit 15 to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 4252). |
| 95 | Carter objects to the Exhibit's inclusion of Stone's specific reference to "threats about 'when I return to the line'" (SWA 529). Carter's message to Stone stated, "by the way the RECALL is going to Happen and you are limited in the days you will be living off of all the [Southwest Airlines flight attendants]… cant wait to see you back on line." Stone and the union use the phrase themselves for going back to work on flights. Thus, there is not factual basis for characterizing Carter's comment as a threat, and the potential to inflame and prejudice the jury through a false and misleading description substantially outweighs any probative value such evidence may have." *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8, ¶7. |
| 97 | Carter re-asserts the same objection from Exhibit 95 to include Stone's specific reference to "threats about 'when I return to the line'" (SWA 529). |
| 99 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4646). |
| 100 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats -  This is what you support? If its your body your |

| Ex. No. | Objection |
|---|---|
|  | choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4646). |
| 105 | Carter re-asserts her objection from Exhibit 15 to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 4650).<br>Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4653, 4654, 4664, 4665, 4674). |
| 117 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and offered in connection with Southwest's attempt to offer evidence regarding its Last Chance Agreement and Local 556's arguments regarding how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403. |
| 118 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 785, 787). |
| 119 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and offered in connection with Southwest's attempt to offer evidence regarding its Last Chance Agreement and Local 556's arguments regarding how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403. |
| 121 | Carter re-asserts her objection to Exhibit 119 for Exhibit 121 because this Exhibit is offered in relation to events that took place during Step 2 proceedings, after Carter's termination. Carter further objects that this Exhibit is not even relevant to Step 2 proceedings, and is irrelevant to any defense or claim in this case. |
| 122 | Carter re-asserts her objection to Exhibit 119 for Exhibit 122 because this Exhibit is offered in relation to events that took place during Step 2 proceedings, after Carter's termination. Carter further objects that this Exhibit is not even relevant to Step 2 proceedings, and is irrelevant to any defense or claim in this case. |
| 123 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and evidence regarding Southwest's Last Chance Agreement and Local 556's arguments concerning how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, |

| Ex. No. | Objection |
|---|---|
|  | Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement).  Fed. R. Evid. 402, 403.  The unfair prejudice caused by the exhibit also substantially outweighs its probative value because the references to President Trump risk inflaming the jury against (or for) Carter because of the polarizing nature of his presidency.  Fed. R. Evid. 403. |
| 124 | Carter objects to this Exhibit 124 in its entirety as evidence from the December 2017 arbitration proceedings are irrelevant to the issues in this case as the issues before the arbitrator—solely whether the termination violated the collective bargaining agreement—are different from those presented to the jury, as the Court found in its order denying the motions for summary judgment. Referring to the arbitration or the arbitrator's findings would be prejudicial because it would mislead the jury and risk the jury making assumptions that certain issues had already been decided and substituting the arbitrator's judgment for its own. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 4-5, ¶1. |
| 133 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 7160).<br>Carter re-asserts her same objection from Exhibit 46<br>to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 7162, 7164). |
| 136 | Carter objects to this Exhibit because it is irrelevant to the issues in this suit. Neither Southwest nor Local 556 has pled an after-acquired evidence defense such that any alleged "harassment" by Carter after her termination would be relevant to any of the issues decided in this suit. Fed. R. Evid. 402. Further, the fact that Carter takes a position on airplane vaccine mandates in the text messages has a high risk of prejudicing the jury given the polarizing nature of that issue. Accordingly, the unfair prejudicial effect of the exhibit exceeds any probative value it may have. Fed. R. Evid. 403. |
| 137 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and evidence regarding Southwest's Last Chance Agreement and Local 556's arguments concerning how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403. |

## II.  WITNESSES

Carter partially objects to Southwest and Local 556's identification of Mike Sims, and partially objects to Local 556's identification of Charlene Carter.

### A. Mike Sims

Carter objects to Mike Sims' testimony regarding the "Last Chance Agreement" offered to Carter to reinstate her employment at Southwest and the arbitration hearing following the Step 2 grievance hearing, and the arbitration hearing following the Step 2 hearing. Testimony regarding Southwest offering or Carter declining reinstatement as part of Southwest's "Last Chance Agreement" is irrelevant because it does not constitute an unconditional offer of settlement, and constituted an inadmissible settlement offer. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 11-12, ¶19.

Carter objects that Sims's testimony regarding the December 2017 arbitration proceedings because those proceedings are irrelevant to the issues in this case. Referring to the arbitration or the arbitrator's findings would be prejudicial because it would mislead the jury and risk the jury making assumptions that certain issues had already been decided and substituting the arbitrator's judgment for its own. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 4-5, ¶1.

### B. Charlene Carter

Carter objects to testimony regarding the representation Carter received from the union during the grievance procedure. Testimony regarding Local 556's representation of Carter after President Audrey Stone reported Stone to Southwest is irrelevant to Carter's RLA, Title VII, and Duty of Fair Representation claims, and is unduly prejudicial because it would leave the jury with a misleading impression of Carter's claim. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 11

### III. WITNESSES

Carter objects to the following deposition designations identified by Southwest.

| Witness | Objectionable Testimony (Page and Line Number) | Objections |
|---|---|---|
| **Stone** | 243:5-7 | Carter objects to Stone's testimony that Carter's Facebook message—"[TWU and 556] are supporting this Murder …"—made her feel like she was being accused of being a murderer. Given there is no factual basis for this testimony and the potential to inflame and prejudice the jury through a false and misleading description, the unfair prejudice of the allegation substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 7, ¶5 |
|  | 243:8-11 | Carter objects to Stone's testimony (Stone 243:8-11) regarding Carter's message "by the way the RECALL is going to Happen and you are limited in the days you will be living off of all the [Southwest Airlines flight attendants]… cant wait to see you back on line" and Stone's comments interpreting it as a threat. Stone and the union use the phrase themselves for going back to work on flights. Thus, there is no factual basis for characterizing Carter's comment as a threat, and the potential to inflame and prejudice the jury through a false and misleading description substantially outweighs any probative value such evidence may have." *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8, ¶7. |

Dated: June 13, 2022                                Respectfully submitted,

                                                    s/ Matthew B. Gilliam
                                                    Mathew B. Gilliam (*admitted pro hac vice*)

New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

### **Certificate of Service**

I hereby certify that on June 13, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record

/s/ Matthew B. Gilliam
