UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | |
| § | | |
| SOUTHWEST AIRLINES CO., AND § | CIVIL CASE NO. 3:17-CV- | |
| TRANSPORT WORKERS UNION OF § | 02278-X | |
| AMERICA, LOCAL 556, § | | |
| § | | |
| § | | |
| Defendants. § | | |
| § | | |
| § | | |
| § | | |

**LOCAL 556'S OBJECTIONS TO PLAINTIFF'S
JURY INSTRUCTIONS AND INTERROGATORIES**

Defendant Transport Workers Union of America, Local 556 ("Local 556") files the following objections to Plaintiff Charlene Carter's ("Carter") Jury Instructions and Interrogatories as follows:

## I.     INTRODUCTION

Plaintiff's claims before the jury are that Defendant Union: (1) breached its duty of fair representation to Ms. Carter; (2) discriminated against Ms. Carter for her religious beliefs and practices, and failed to make accommodations for those beliefs and practices; and (3) retaliated against Ms. Carter for her exercise of alleged protected rights under the RLA, when Defendant 556 allegedly caused SWA to discipline and terminate Carter (by complaining to Southwest about her Facebook messages to President Stone), based on personal animosity towards Carter's speech

and activity opposing the union, her nonmember, agency fee objector status, and her support for a recall effort on Ms. Stone's Presidency.

Defendants proposed a unified Jury Charge and Interrogatories to the Court, varying greatly from that proposed by Plaintiff. Local 556 incorporates the citations and arguments set forth in their own proposed jury charge as their preferred language. Local 556 will assert below our legal objections to Plaintiff's proposed jury charge.

## II.     ARGUEMNT AND AUTHORITY

### A. Breach Of Duty of Fair Representation (DFR) and RLA Retaliation Claims.

Plaintiff brings this cause of action broadly under the Railway Labor Act, Section 152, which does not have specific language set forth regarding the elements of the causes of action recognized under the statue. The Parties are also not privy to the benefits of any Pattern Jury Instructions on this issue. As such, we must pattern our instruction off of circuit precedent and discussions of the legal requirements placed on an RLA Plaintiff. Plaintiff's instructions should be denied as they attempt to burden shift through never before recognized presumptions and restrict the jury from considering all the relevant evidence regarding Local 556's full efforts to represent and ultimately overturn Defendant SWA's decision to terminate Ms. Carter's employment.

The duty bestowed upon a Union is that they must serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.[1] The Duty of Fair Representation is violated if a union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the *grievance process*.[2]

---

[1] Vaca v. Sipes, 386 U.S. 171, 177 (1967). (emphasis added).
[2] Landry v. The Cooper/T. Smith Stevedoring Co., 880 F.2d 846, 852 (5th Cir. 1989).

First and foremost, Plaintiff attempts to preclude instructions addressing Local 556's representation of Carter throughout her grievance process. This is unprecedented, as all relevant caselaw supports the idea that a Union's meeting of its duty of fair representation should be evaluated in the context of their representation through the ***grievance process.*** Indeed, all of the caselaw cited by Plaintiff discusses various forms of a Unions representation throughout the grievance process. Notably, none of those cases discuss a multi-layered, two party conspiracy between the Union and Employer to terminate a member by one Union official acting in their individual capacity.

Plaintiff also attempts to burden shift by way of a never before recognized pair of presumptions. First, Plaintiff asks this court to create a presumption that all conduct undertaken by a union official, in any capacity, is presumed to bind the Union. No Court has ever recognized this presumption, and the authority relied upon by Plaintiff does not support this instruction. Piggybacking one presumption on another, Plaintiff then asks this Court to recognize another newly created presumption, one that would require that the duty of fair representation by a Union be presumed violated any time any Union official seeks to have an employer discipline a co-worker as redress for harassment against said Union official.

To set forth these presumptions, and bypass proving their own plead causes of action, Plaintiff's presents *Caravan Knight Facilities Mgmt., Inc.*, 362 N.L.R.B. 1802, 1804 (2015) (calling this rule "long-standing" precedent). No part of this case discusses a rebuttable presumption for Defendants.

**B.  Title VII and RLA Retaliation Claims**

Defendant Local 556 generally joins Defendant SWA in their objections to the proposed instructions and interrogatories on these claims through SWA's responses and the Defendant's Joint proposed instructions and interrogatories.

With regard to Plaintiff's claims under Title VII against Local 556, Local 556 continues to assert that Plaintiff has not come forth with legally sufficient evidence to prove that 556 had any authority whatsoever to offer or make a reasonable religious accommodation to Plaintiff on the job or that it could effect an adverse employment act against her.

### III.   CONCLUSION

After due consideration, Local 556 requests that Plaintiff's jury instructions and interrogatories be denied and the Union's be adopted in whole.

Dated: June 12, 2022

Respectfully submitted,

/s/ Edward B. Cloutman, III_____
Edward B. Cloutman, III
State Bar No. 04411000
ECLOUTMAN@LAWOFFICES.EMAIL

Law Offices of Ed Cloutman, L.L.C.
618 Largent Ave.,
Dallas, TX  75214
Phone 214.232.9015

/s/ Adam S. Greenfield_____
Adam S. Greenfield
State Bar No. 240 754 94
AGREENFIELD@CANDGLEGAL.COM

Cloutman & Greenfield, PLLC
6217 Bryan Parkway
Dallas, TX  75214
Phone 214.642.7486

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 12th day of June, 2022.

/s/ Adam S. Greenfield_____
Adam S. Greenfield