UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § § | |
| V. | § § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § | CIVIL CASE NO. 3:17-CV-02278-X |
| Defendants. | § § § § § | |

**SOUTHWEST AIRLINES CO.'S OBJECTIONS TO WITNESSES AND EXHIBITS**

Defendant Southwest Airlines Co. ("Southwest") files the following pretrial objections to the witnesses and exhibits of Plaintiff Charlene Carter ("Carter") as follows:

**I.   WITNESSES**

Southwest objects to the following witnesses identified in Carter's section of the Parties' Joint Pretrial Order on the grounds that such witnesses were not identified by Carter in her initial disclosures, or any other party in their initial disclosures:

- Linda Rutherford;

- Melissa Burdine;

- Brandon Conlon;

- Nancy Cleburne; and

- Naomi Hudson.

In addition, Southwest respectfully submits that the above witnesses, as well as the witnesses identified below, do not possess information relevant to the parties' claims and defenses and should not be subjected to the burden of appearing at trial:

- Sonya Lacore;
- Tammy Shaffer.

The above witnesses were copied on emails in connection with Southwest's investigation of complaints against Carter, and during the grievance procedure following that investigation, but did not participate in the investigation and were not involved or consulted with in connection with Carter's termination.

## II.  EXHIBITS

Southwest objects to the following exhibits identified by Carter on the grounds that they are not reasonably related or relevant to the claims and defenses of the parties. Southwest reserves the right to assert other objections, such as hearsay, depending on the Court's evidentiary rulings and other considerations.

| Exhibit Number(s) | Basis for Southwest's Objections |
|---|---|
| 21 | This exhibit relates to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. (Southwest would note that |

| | |
|---|---|
| | the documents that make up Exhibit 21 do contain some documents that relate to Carter, but these documents appear to be duplicative of other exhibits.) |
| 27, 31, 84, 85, 93, 132 | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. |
| 45 | Exhibit 45 is a declaration from Carter. The declaration serves no legitimate trial purpose and is duplicative, particularly given that Carter will testify at trial, and should not be admitted into evidence. |
| 63 | Exhibit 63 consists of email communications and articles relating to the actions by certain Southwest flight attendants, none of whom are relevant to this case, whereby pink lighting was used in the interior of a few Southwest planes to show support of women's rights. The practice was not sponsored or authorized in any way by Southwest and is wholly irrelevant to any issue in the case |

| | |
|---|---|
| 125 | This exhibit consists of what appears to be various social media posts and photos apparently from other Southwest employees. Southwest has no idea whether these images were ever brought to its attention or to whom they may have been sent. As such, Southwest cannot identify any legitimate purpose at trial for the introduction of these photos and posts and they should not be admitted as evidence. |

## III. DEPOSITION DESIGNATIONS

Southwest objects to the following deposition designations identified by Carter.

| Witness | Page Numbers of Objectionable Testimony | Basis for Southwest's Objection |
|---|---|---|
| Mike Simms | 14-17<br><br>107-113<br>113-121<br>222 | Page 14-17 relates to the above described actions by certain Southwest flight attendants whereby pink lighting was used in the interior of Southwest planes; as noted above such testimony is irrelevant to the issues in the case.<br><br>The remaining deposition designations concern testimony regarding social media complaints, and Southwest's handling of those complaints, of other employees who are not similarly situated to Plaintiff; Southwest objects to these pages on the basis set forth above and in |

|  |  |  | Southwest's motion in limine |
|---|---|---|---|
|  |  |  |  |
| Audrey Stone | 31-33<br>34-38<br>52-53<br>127-28<br>131<br>135-139<br>164-175<br>176-183<br>183-185<br>189-190<br>190<br>190-191 |  | These deposition designations concern testimony regarding social media complaints, and Southwest's handling of those complaints, of other employees who are not similarly situated to Plaintiff; Southwest objects to these pages on the basis set forth above and in Southwest's motion in limine |
| Jessica Parker |  |  |  |
| John Parrott |  |  |  |

Dated: June 13, 2022                                Respectfully submitted,

                                                        */s/ Paulo B. McKeeby*
                                                        Paulo B. McKeeby
                                                        State Bar No. 00784571
                                                        Brian K. Morris
                                                        State Bar No. 24108707
                                                        **REED SMITH LLP**
                                                        2850 N. Harwood Street
                                                        Suite 1500
                                                        Dallas, Texas 75201
                                                        Phone: 469-680-4200
                                                        Facsimile: 469-680-4299
                                                        pmckeeby@reedsmith.com
                                                        bmorris@reedsmith.com

                                                        **ATTORNEYS FOR DEFENDANTS**
                                                        **SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 13th day of June, 2022.

                                                        */s/ Paulo B. McKeeby*
                                                        Paulo B. McKeeby