## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| CHARLENE CARTER, | § § § § | |
| PLAINTIFF, | § § | |
| V. | § § | CIVIL CASE NO. 3:17-CV-02278-X |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § | |
| DEFENDANTS. | § § § | |

---

### JOINT STATUS REPORT

---

Plaintiff Charlene Carter ("Carter") and Defendants Southwest Airlines Co. and Transport Workers Union of America, Local 556 ("Local 556," and, together with Southwest, "Defendants") submit the following joint status report regarding their objections to exhibits, witnesses and designations, responses thereto, and counter-designations pursuant to Paragraph 8 of the Court's Amended Scheduling Order of May 24, 2022 (Dkt. 236)[1].

### I.   OBJECTIONS TO EXHIBITS

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| **1.** | Fourth Amended Complaint | Doc. No. 80 | | |

---

[1] As required by the Court's Amended Scheduling Order, attached hereto are the full deposition transcripts of the depositions referenced herein in connection with the parties' deposition designations.  The Exhibits are as follows:  1. Audrey Stone 30(b)(6); 2. Audrey Stone; 3. Charlene Carter; 4. Maureen Emlet; 5. Meggan Jones; 6. Jessica Parker; 7. J. Parrott 30(b)(6); 7. Ed Schneider; and 8. Michael Sims.

**Joint Status Report**

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| **2.** | EEOC Charge re: Southwest | Carter Depo. Exh. 8; Carter 1 | | |
| **3.** | EEOC Charge re: Local 556 | Exh. B to Complaint | | |
| **4.** | Notices of Right to Sue | Exh. C to Fourth Amended Complaint | | |
| **5.** | Carter – Response to First Set of Interrogatories | | Carter:  Carter objects that her interrogatory responses are not an appropriate exhibit for the jury because they contain irrelevant information and are filled with objections and extraneous issues that are likely to confuse the jury.  Accordingly, they should be excluded under Federal Rules of Evidence 402 and 403

. | Southwest intends to use Carter's interrogatory responses in rebuttal only and, as such, agrees to remove this exhibit subject to its right to offer it in rebuttal to Carter's testimony. |
| **6.** | Southwest Collective Bargaining Agreement | SWA000001-242 | | |
| **7.** | Southwest Policy Concerning Harassment, Sexual Harassment, Discrimination & Retaliation | SWA004125 | | |
| **8.** | Southwest 3.0.0 Basic Work Rules and Expectations | SWA000500-505 | | |

**Joint Status Report – Page 2**

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| 9. | Southwest Employee Social Media Policy | SWA000508 | | |
| 10. | Southwest Disability Discrimination & Workplace Accommodation Policy | SWA004124 | | |
| 11. | Southwest Mission Statement | SWA000506 | | |
| 12. | Southwest Basic Work Rules and Expectations | SWA000500-505 | | |
| 13. | Southwest Bullying and Hazing Policy | SWA000507 | | |
| 14. | Southwest Disability Discrimination and Workplace Accommodation Policy | SWA004123-4124 | | |
| 15. | Carter history of messaging Local 556 Pres. Stone | SWA000529-550; 000601-683 | Carter:  Carter objects to the picture of a t-shirt that says, "Fucktard" and "I Voted Brett Nevarez Cause he Respects me" (SWA 602). Carter received the picture from another flight attendant prior to 2017, and forwarded the message to President Stone to object to unprofessional comments made by the union Executive Board. The t-shirt picture is irrelevant to the claims | Local 556: Plaintiff's true attack is on the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, these messages were part of the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | in this case, and the risk of the unfair prejudice creates outweighs its probative value. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 6-7, ¶4. Carter objects to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 621). Thus, the image is irrelevant to Carter's claims, and its potential to inflame and prejudice the jury through a false and misleading depiction substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; Carter Motion in Limine, Dkt. No. 247, at 7-8, ¶6.  Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to Ms. Stone are not being offered for the truth of | communications contained in the grievance materials in connection with Carter's appeal of her termination.  As such, they are relevant to the grievance process and not prejudicial or likely to create confusion.  To the extent Carter did not author the messages in question, she can explain that to the jury.  Carter's assertions in her messages to Stone are offered as evidence that she communicated her objections and opposition to the union to Local 556 and its officials. Carter objects to including the proposed jury instruction as it causes confusion. The Jury Charges and Instructions shall set forth the proper instructions. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | the matter asserted but for the notice to the reader. | |
| 16. | Read Before Fly – Jan. 11, 2013 | SWA000415 | | |
| 17. | Carter communication re Union activities | Carter Depo. Exh. 12 | Local 556:  Rule 802 – Hearsay: If offered by the Plaintiff for the truth of the matter asserted, it is inadmissible. | Carter does not offer the Exhibit for the truth of the matter asserted. Instead, it is for the purpose of showing that Ms. Carter made complaints to the union. |
| 18. | Read Before Fly – Jan. 14, 2015 | SWA005525 | | |
| 19. | Pres. Stone April 20, 2015 social media statement | Carter 109-111 | | |
| 20. | Read Before Fly – May 16, 2015 | SWA000416 | Carter objects that this document is irrelevant because it is unrelated to Southwest's social media policy or any other issue in this suit. Fed. R. Evid. 402. | Southwest:  This document is relevant because it reflects Southwest's policies regarding treatment of co-workers.  The document references social medical and is most specifically relevant in its admonishment against making assumptions about or condemning fellow co-workers. |
| 21. | Southwest August 2015 emails re recall campaign | SWA004483-4484; 005680-5681; 006322; 006351-6354; 006522-6555; pg. 14-36 unmarked | Local 556:  This exhibit relates to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to | Carter:  This exhibit contains relevant evidence relating to Local 556 and its representatives'  knowledge of and involvement in efforts to discipline recall supporters, nonmember objectors, and other union opponents, which is directly relevant to Carter's RLA, Duty of Fair Representation, and Title VII claims against Local 556. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.  (Southwest and Local 556 would note that the documents that make up Exhibit 21 do contain some documents that relate to Carter, but these documents appear to be duplicative of other exhibits.)  Southwest:  Southwest objects to this exhibit as it relates to other employee's social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non- | Every instance when a Local 556 official or representative reports a recall supporter or other union opponent for discipline is relevant to Carter's claims against Local 556.  Southwest's argument for excluding evidence of employee discipline misses the point of why Carter seeks to introduce such evidence. Carter does not contend that Southwest's different treatment of comparator (i.e., "similarly-situated") employees is evidence that Southwest's stated reason for termination was a pretext for discrimination. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Thus, Southwest's objections characterizing this as evidence of non-similarly situated employees are all inapposite. *See* Carter's Response to Southwest's Motion in Limine.  Southwest's objections do not preclude Carter from presenting evidence related to employee discipline for a relevant purpose—proving her claims against Local 556.  Southwest would not be prejudiced by the admission of such evidence because it is not admitted to try the merits of the disciplinary cases, but to show the union's knowledge of and involvement in efforts to report recall supporters for discipline. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | similarly situated employees. (Southwest would note that the documents that make up Exhibit 21 do contain some documents that relate to Carter, but these documents appear to be duplicative of other exhibits.) | |
| 22. | Pres. Stone August 2015 emails re recall campaign | SWA007358-7367; 007464-7470 | Local 556: Rule 802 – Hearsay: If offered by the Plaintiff for the truth of the matter asserted, it is inadmissible. The exhibit also contains hearsay within hearsay, pertaining to the messages existing prior to the SWA communications. | Carter: Carter offers Southwest's communications (SWA 7368-7470) under the business records exception to hearsay for the truth of matters asserted in the communications. See Fed. R. Evid. 803(6). Carter has also named Naomi Hudson as a witness who can testify to the contents. Carter does not offer SWA 7358-7367 for the truth of the communications, but to show Southwest was circulating social media posts regarding the recall. |
| 23. | President Stone Statement regarding Membership's Vote to Reject Tentative Collective Bargaining Agreement | Doc. No. 222-5 | Local 556: Rule 402 – Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | Carter: This Exhibit contains statements made by Local 556's President related to employees' rejection of a collective bargaining agreement, including statements regarding RLA-protected activity and union opposition. It is evidence of motive. |
| 24. | Local 556 Executive Board November 2013 Emails re Carter | Doc. No. 226-7 | | |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| 25. | Local 556 Executive Board February 2014 Emails re Carter | Doc. No. 226-7 | Local 556: Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: We object to Plaintiff offering third party statements for the truth of the matter asserted. | Carter: Carter's Facebook comments on Resp. App. 83 are a statement of her then existing state of mind and emotion, and are an exception to hearsay. Carter's statement also conveys intent, plans, motive, design, and mental feeling. *See* Fed. R. Evid. 803(3). Further, the Facebook pages are introduced to show Mr. Nevarez's opinions toward them, which constitute a party admission. The Facebook pages themselves are not hearsay because they are introduced for their effect on Mr. Nevarez. |
| 26. | Stone Oct 2014 Email with Talburt re Social Media | Doc. No. 226-7 | Local 556: Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: We object to Plaintiff offering third party statements for the truth of the matter asserted. | Carter: The Exhibit is relevant evidence of Local 556 President Audrey Stone's assistance to flight attendant Brian Talburt with his grievance and Talburt's communications with Southwest managers Mike Van De Ven and Sonya Lacore about using social media as a tool. Local 556 fails to identify what comments it contends to be hearsay. Talburt's comments are statements of his then-existing state of mind and emotion, and are an exception to hearsay. His statement conveys intent, plans, motive, design, and mental feeling. *See* Fed. R. Evid. 803(3). Further, Ms. Stone's response, "Not relevant," indicates that there was some relevant information |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | she was seeking.  Accordingly, her statement is a party admission, and the other documents are admissible for their effect on the listener to show what information it was that she considered irrelevant, which is probative of what she considered relevant, and therefore her motive and plan. |
| 27. | Talburt Oct 2014 Email with Stone re Social Media | Doc. No. 226-7 | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. Rule 802 – Hearsay: This exhibit contains statements from a third party that are inadmissible if offered for the truth of the matter asserted against Local 556.  Southwest:  Southwest | Carter:  Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall.  Carter:  This exhibit shows how President Stone handled employee disciplinary issues for a union supporter who called for the public execution of recall supporters, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. This evidence is also relevant to the credibility of Stone's complaints against Carter. This exhibit also |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | objects to these exhibits as they relate to other employee's social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | contains relevant evidence relating to Local 556 and its representatives'  knowledge of and involvement in efforts to discipline recall supporters, nonmember objectors, and other union opponents, which is directly relevant to Carter's RLA, Duty of Fair Representation, and Title VII claims against Local 556. Every instance when a Local 556 official or representative reports a recall supporter or other union opponent for discipline is relevant to Carter's claims against Local 556. Southwest's argument for excluding evidence of employee discipline misses the point of why Carter seeks to introduce such evidence. Carter does not contend that Southwest's different treatment of comparator (i.e., "similarly-situated") employees is evidence that Southwest's stated reason for termination was a pretext for discrimination. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Thus, Southwest's objections characterizing this as evidence of non-similarly situated employees are all inapposite. *See* Carter's Response to Southwest's Motion in Limine. Southwest's objections do not preclude Carter from presenting evidence related to employee discipline for a relevant purpose—proving her claims against Local 556. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Local 556 fails to argue which specific statements in the document constitute hearsay. Having failed to make a specific objection, it has waived its hearsay objection. |
| 28. | Talburt Oct 2014 Email with Stone re Social Media | Doc. No. 226-7 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 802 – Hearsay: This exhibit contains statements from a third party that are inadmissible if offered for the truth of the matter asserted against Local 556. | Carter:  Carter re-asserts her response from Exhibit 27. |
| 29. | Stone Core Team Facebook Group Posts | Doc. No. 226-7 | Local 556:  Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or | Carter:  Carter re-asserts her response from Exhibit 27. Carter further states that it is relevant evidence of Local 556 Second Vice President Brett |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | Nevarez's intent to preserve social media posts to attempt to discipline union opponents. Nevarez's comments are statements of his then existing state of mind and emotion, and are an exception to hearsay. His statement conveys intent, plans, motive, design, and mental feeling. *See* Fed. R. Evid. 803(3). |
| 30. | Recall Petition Form | Doc. No. 222-6 | Local 556:  Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. | Carter:  This Exhibit is a sample recall petition and is evidence of the recall's objective. Local 556 fails to identify what statements it considers to be hearsay, and its objection should be overruled. The petition is not hearsay because it is not introduced for the truth of the allegations in the petition but for the mere existence of the petition and its effect on the listener, the union.  The petition is also a verbal act. |
| 31. | Jeanna Jackson Recall Information | Carter 2397-2399 | Southwest objects to these exhibits as they relate to other employee's social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to | Carter:  Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall.<br><br>Carter:  Carter re-asserts her response from Exhibit 27. This exhibit is also relevant evidence of the recall. Jackson's comments in the Exhibit are statements of her then-existing state of mind and emotion, and are an exception to hearsay. Her statement conveys intent, plans, motive, design, and mental feeling. *See* Fed. R. Evid. 803(3).<br><br>Further, the exhibit is not introduced for the truth of its contents but rather for its effect on the union in shaping its reaction to Ms. Jackson. |
| 32. | Carter Facebook Posts in Recall Group about Local 556's Participation in Women's March | Doc. No. 222-14 | Local 556:  Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | Carter:  This Exhibit is offered to demonstrate that Carter reported to a Facebook group of recall supporters about the Women's March and her objections to it. Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. Moreover, the Exhibit contains statements of posters then existing state of mind and emotion, and are an exception to hearsay. Several statements convey intent, plans, motive, design, and mental feeling. *See* |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Fed. R. Evid. 803(3). Further, the statements are verbal acts and are not introduced for the truth of the statements themselves but instead on the union, which affect the union's motive and its knowledge of protected activity. |
| 33. | Carter February 2017 Facebook Group Posts about Recall | Doc. No. 222-15 | Local 556: Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | Carter: The Exhibit demonstrates Carter's support for the recall effort. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. Further, the statements are verbal acts and are not introduced for the truth of the statements themselves but instead on the union, which affect the union's motive and its knowledge of protected activity. |
| 34. | TWU Local 556 Unity Magazine: State of the Union Message | TWU556 9515-9524 | Local 556: Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | Carter: The Exhibit shows President Audrey Stone's comment "Yippee Ki-Yay and I'll see you on line! This comment is relevant to Stone's credibility when she characterizes Carter's statement, "Can't wait to see you back online!", as a threat. |
| 35. | Inflight Info on the Go – Feb. 17, 2016 | SWA006560 | | |
| 36. | Read Before Fly – Oct. 12, 2016 | SWA000417 | | |
| 37. | Inflight Info on the Go – Jan. 20, 2017 | SWA401 | | |
| 38. | Read Before Fly – | SWA000413- | | |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | Feb. 22, 2017 | 414 | | |
| 39. | Pres. Stone Feb. 24, 2017 investigation interview | SWA004633-4638 | | |
| 40. | Carter Last Chance Agreement | Carter Depo. Exh. 6 | Carter objects that this document is irrelevant because Southwest offering or Carter declining reinstatement as part of Southwest's "Last Chance Agreement" does not constitute an unconditional offer of reinstatement that would serve to cut off back pay and instead constituted an inadmissible settlement offer introduced to unfairly prejudice the jury regarding Carter's refusal of that offer, which would have required her to release her claims. *See* Fed. R. Evid. 402, 403, 408; *see also* Carter Motion in Limine, Dkt. No. 247, at 11-12, ¶19. | Local 556: This document is relevant and crucial to Union's rebuttal of Plaintiff's claims that is violated their Duty of Fair Representation. Specifically, the Union's successful representation of Ms. Carter and overturning the company's termination of her employment. Southwest:  As set forth in Southwest's response to Carter's motion in limine, Southwest's offer to reinstate Carter is relevant to Southwest's motives, mitigation and Carter's duty of fair representation claims.  The jury should be allowed to assess whether Southwest's willingness to reinstate Carter mitigates against a finding of discrimination or retaliation and whether Carter was reasonable in declining Southwest's offer. |
| 41. | Carter Termination Letter | Carter Depo. Exh. 1 | | |
| 42. | Carter 2014-2017 W2 | SWA001082-1085 | | |
| 43. | Carter income documents | SWA001086-1168 | | |
| 44. | Carter Work Records | SWA000934-000959 | | |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| 45. | Carter Affidavit | Doc. No. 222-38 | Local 556:  Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556.<br><br>Furthermore, exhibit 45 is a declaration from Carter.  The declaration serves no legitimate trial purpose and is duplicative, particularly given that Carter will testify at trial, and should not be admitted into evidence.<br><br>Southwest:  Exhibit 45 is a declaration from Carter.  Southwest objects to the declaration serves no legitimate trial purpose and is duplicative, particularly given that Carter will testify at trial, and should not be admitted into evidence. | Carter:  Carter withdraws Exhibit 45. |
| 46. | Abortion Images | SWA000595-597 | Carter objects to the Exhibit's inclusion of the Facebook messages stating "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 596, 597). Carter did not write these statements, and Southwest did not discipline her for them. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. Carter also objects that this exhibit is cumulative of Exhibit 64 and 65. | forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, these messages were part of the communications contained in the grievance materials in connection with Carter's appeal of her termination.  As such, they are relevant to the grievance process and not prejudicial or likely to create confusion.  To the extent Carter did not author the messages in question, she can explain that to the jury. |
| 47. | Genitalia Depictions | Carter74 | Carter objects that this exhibit is cumulative of Exhibit 65. | Southwest:  Southwest does not object to the withdrawal of this exhibit. |
| 48. | Carter Circulated Abortion Video No. 1 | SWA000595 | | |
| 49. | Carter Circulated Abortion Video No. 2 | SWA000596 | | |
| 50. | Carter Public Facebook Abortion Posts | SWA004645-4646 | Carter objects to including in the Exhibit the Facebook message | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | stating "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion." (SWA 4646). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. Carter also objects that this exhibit is cumulative of Exhibit 64. | The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, these messages were part of the communications contained in connection with Carter's appeal of her termination.  As such, they are relevant to the grievance process and not prejudicial or likely to create confusion.  To the extent Carter did not author the messages in question, she can explain that to the jury. |
| 51. | Set of Messages to Stone | SWA000595-692 | Carter re-asserts her same objection to Exhibit 46 for SWA 596, 597. Carter further objects to the picture of a t-shirt that says, | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | "Fucktard" and "I Voted Brett Nevarez Cause he Respects me" (SWA 602). Carter received the picture from another flight attendant prior to 2017, and forwarded the message to President Stone to object to unprofessional comments made by the union Executive Board. The t-shirt picture is irrelevant to the claims in this case, and the risk of the unfair prejudice creates outweighs its probative value. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 6-7, ¶4. Carter objects to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 621). Thus, the image is irrelevant to Carter's claims, and its potential to inflame and prejudice the jury through a false and misleading depiction substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; Carter Motion in | than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.

Southwest:  As set forth in Southwest's response to Carter's motion in limine, these messages were part of the communications contained in the grievance materials in connection with Carter's appeal of her termination.  As such, they are relevant to the grievance process and not prejudicial or likely to create confusion.  To the extent Carter did not author the messages in question, she can explain that to the jury. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | Limine, Dkt. No. 247, at 7-8, ¶6. Carter also objects that the references to Hillary Clinton and Donald Trump have the potential to inflame the jury such that the unfair prejudice to Carter substantially outweighs any probative value. Fed. R. Evid. 403.  At a minimum, Carter requests that the Hillary Clinton and Donald Trump references, as well as the image of the "Fucktard" t-shirt be redacted to remove these prejudicial elements. | |
| 52. | Local 556 January 10-12, 2017 Executive Board Meeting Minutes | Doc. No. 222-9 | | |
| 53. | Women's March Planned Parenthood Newsletter | Doc. No. 222-8 | Local 556:  Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. The exhibit is intended to inflame the jury through association | The Exhibit is relevant because it establishes that Planned Parenthood was an exclusive premiere sponsor and partner of the Women's March and that Planned Parenthood advocates for abortion rights. This Exhibit is also relevant to showing that those who participated in the Women's March, like Local 556, knew what they were supporting. Thus, it is more probative than prejudicial. Local 556 also fails to specify which statement it contends are |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | to groups such as planned parenthood, and as such, should be excluded.<br><br>Rule 802 – Hearsay: This exhibit contains statements from a third party that is inadmissible if offered for the truth of the matter asserted against Local 556.<br><br>Rule 1002: Assuming, *arguendo*, that the document is excluded on the above grounds, it should be so based on the document being clearly not complete. | hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. Local 556 also fails to demonstrate why it believes the document is "clearly not complete" and why is should be excluded on those grounds. As to hearsay, Carter is permitted to ask witnesses if they were aware of the article or the sponsorship in order to determine their state of mind in attending the Women's March. It would then be non-hearsay because it would be introduced for its effect on the listener. |
| 54. | Women's March Expenditures | Carter 3268 | | |
| 55. | Local 556 travel forms re Women's March | TWU556-9476-9485 | | |
| 56. | Local 556 Women's March pictures | Carter 867, 1144, 1147, 1148, 1154, 1155, 1158,1159, 1161, 1163, 1167, 1173, 1174, 1176, 1178, 1180, 1182, 1346, 1449 | Local 556:  Rule 802 – Hearsay: We object to all statements of which Local 556 has not published to their Facebook Page, along with any and all commentary from third parties that is inadmissible if offered for the truth of the matter asserted against Local 556. | Carter:  The statements and commentary in the Exhibit are not hearsay, but admissions by a party-opponent. See Fed. R. Evid. 801(d)(2)(A)-(D).<br><br>The statements and commentary in the Exhibit are being offered against Local 556, and they are the union's own statements—statement being made by union members and officials at an official union event. Local 556 has also manifested an adoption and belief in its truth with Jessica Parker, the Local 556 Working Women's Committee |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Chair, posting "This is what we Marched for." |
| 57. | TWU article re Women's March | Parker Depo. Exh. 29 | Local 556:  Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.  Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. | Carter:  This Exhibit is relevant because it demonstrates (and celebrates) the union's participation in the Women's March on Washington D.C. This Exhibit is an excerpt from the union's official magazine and therefore constitutes a party admission. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |
| 58. | TWU Represented at the Women's March | Doc. No. 222-11 | Local 556:  Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.  Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. | Carter:  This Exhibit is relevant because it demonstrates (and celebrates) the union's participation in the Women's March on Washington D.C. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  It is also a statement made on the union's website, rendering it a party admission. |
| 59. | Facebook posts re Local 556 | Parker Depo. Exh. 30 | Local 556:  The document purports to be | Carter:  Carter asserts her same response from Exhibit 56. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | Women's March | | the same as Exhibit 56 and is thus duplicative. Rule 802 – Hearsay: We object to all statements of which Local 556 has not published to their Facebook Page, along with any and all commentary from third parties that is inadmissible if offered for the truth of the matter asserted against Local 556. | Carter also notes that Exhibit 56 contains additional pages (App.52-56) that Exhibit 59 does not, but is otherwise duplicative. Carter agrees to withdraw Exhibit 59. |
| 60. | Local 556 Women's March budget report | TWU556-9488-9492 | Local 556:  The document purports to be the same as Exhibit 54 and is thus duplicative. | Carter:  Exhibit withdrawn. |
| 61. | Oct. 6, 2014 Email – Carter Complaint | Carter2415-2416 | Carter objects to this exhibit as irrelevant given that this is a complaint about a separate employee that is unrelated to the messages complaining about union issues or religious beliefs. Fed. R. Evid. 402.  The introduction of such complaints about other employees is an attempt by Defendants to paint Carter in a negative light, and the unfair prejudice from the exhibit substantially outweighs any probative value it may have.  Fed. R. 403. | Local 556: This document is relevant in rebutting Plaintiff's claims that her harassment could not be sufficient to justify termination. Plaintiff's own words, with regard to what she found to be harassing behavior, deserving of company intervention is relevant to 556 and SWA's defense to these claims.

Regarding Plaintiff's 403 objection, the fact that Plaintiff sought to be protected from harassment does not paint her in a negative light, but shows to avail herself of the same SWA policies the protects their employees. Any prejudice would not be unfair as these |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | were Ms. Carter's own words and sentiment on workplace harassment.<br><br>Southwest:  This document is relevant because it is an email in which Carter complains about the social media posts of a co-employee.  Carter claims that the policies under which she was terminated were vague and used as a pretext for discrimination, yet she was comfortable enough with those policies to raise complaints about another empoloyee.  The email, and Carter's complaint, also rebut Carter's repeated contention in this case that Union members should never report the conduct of other members to the company. |
| 62. | Jan. 20, 2017 Email – Statement re: Pink Cabin Lights | SWA006807 | | |
| 63. | Communications re Pink Cabin Lights | SWA006808-6818 | Local 556:  Exhibit 63 consists of email communications and articles relating to the actions by certain Southwest flight attendants, none of whom are relevant to this case, whereby pink lighting was used in the interior of a few Southwest planes to show support of women's rights.  The practice was not sponsored or authorized | Carter:  This Exhibit is relevant to demonstrating how Southwest responded to and treated an incident where flight attendants turned the cabin lights pink to show support for the Women's March.<br><br>Carter:  Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | in any way by Southwest and is wholly irrelevant to any issue in the case.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556.<br><br>Southwest:  Exhibit 63 consists of email communications and articles relating to the actions by certain Southwest flight attendants, none of whom are relevant to this case, whereby pink lighting was used in the interior of a few Southwest plans to show support of women's rights.  The practice was _not_ sponsored or authorized in any way by Southwest and is wholly irrelevant to any issue in the case | The emails are also from a Southwest employee and representative, rendering it a party admission. |
| 64. | Carter's February 2017 Facebook Video Images and Messages Posted on Her Facebook Page | Doc. No. 222-16 | Carter:  Carter objects to including in the Exhibit the Facebook message stating "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | bowl? It doesn't looks like your body. #evil #murder #ownit #abortion." (App.78, 80). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8.<br><br>Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages are not being offered for the truth of the matter asserted but for the notice to the reader. | these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, these messages were part of the communications contained in the grievance materials in connection with Carter's appeal of her termination.  As such, they are relevant to the grievance process and not prejudicial or likely to create confusion.  To the extent Carter did not author the messages in question, she can explain that to the jury.<br><br>Carter:  Carter's assertions in her Facebook posts are offered as evidence of her beliefs, observances, and practices. Carter objects to including the proposed jury instruction as it causes confusion. The Jury Charges and Instructions shall set forth the proper instructions. These statements are not |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | hearsay because they are also introduced for their effects on the listener, Southwest and/or Ms. Stone. |
| **65.** | Carter's February 2017 Facebook Video Images and Messages sent to President Stone | Doc. No. 222-17 | Carter:  Carter re-asserts her same objection from Exhibit 64 for (App.80).

Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to are not being offered for the truth of the matter asserted but for the notice to the reader. | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.
Carter:  Carter's assertions in her messages to Stone are offered as evidence of her beliefs, observances, and practices, and that she communicated her objections and opposition to Local 556 and President Stone. Carter objects to including the proposed jury instruction as it causes confusion. The Jury Charges and Instructions shall set forth the proper instructions.  These statements are not hearsay because they are also |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | introduced for their effects on the listener, Southwest and/or Ms. Stone. |
| 66. | Feb. 22, 2017 Email – Stone Report Facebook Posts / Graphic Images | SWA004226-4233 | Carter objects to including in evidence Stone's specific comment that she was "sent messages that reference her as a 'murderer'". Carter's Facebook message stated, "[TWU and 556] are supporting this Murder …" (SWA 4226). Given there is no factual basis for this statement and the potential to inflame and prejudice the jury through a false and misleading description, the unfair prejudice of the allegation substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 7, ¶5. Carter objects to including in the Exhibit the Facebook message stating "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  As set forth in |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | bowl? It doesn't look like your body. #evil #murder #ownit #abortion." (SWA 4230, 4232). Carter did not write that statement, and Southwest did not discipline her for that statement. Given the inflammatory nature of the statement and the lack of factual basis for attributing the comment to Carter, the unfair prejudice of including the statement substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8-9, ¶8. | Southwest's response to Carter's motion in limine, Stone should be allowed to testify as to her interpretation of Carter's messages to her.  Carter is free to cross-examine Stone, or otherwise argue, in support of the distinction between calling Stone a "murderer" and accusing Local 556 of supporting murder, in a message to Stone, but there is no basis for the exclusion of evidence; *see also*, Southwest's response to Carter's objection to Exhibit 46 above. |
| 67. | Feb. 22, 2017 Email – Stone Follow Up Email re: Facebook Posts / Graphic Images | SWA004421-4422 | Carter re-asserts her same objection in Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4422). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.

Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| 68. | Feb. 22, 2017 Email – Brian to OGrady et al | SWA004487-4496 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. <br><br> Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. <br><br> Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | Carter:  Carter re-asserts her response from Exhibit 21. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  The emails are also not hearsay because they are introduced not for the truth of their contents but rather for the fact that they are being sent, which is probative of motive and of Southwest and the union's plan to target recall supporters. |
| 69. | Feb. 22, 2017 Email – Brian to OGrady et al | SWA004497-4523 | Local 556:  These exhibits relate to other employee social media violations as addressed | Carter:  Carter re-asserts her response from Exhibit 21. Local 556 also fails to specify which statement it contends are |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  The emails are also not hearsay because they are introduced not for the truth of their contents but rather for the fact that they are being sent, which is probative of motive and of Southwest and the union's plan to target recall supporters. |
| 70. | Feb. 22, 2017 Email – Brian to OGrady et al | SWA004524-4545 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees | Carter:  Carter re-asserts her response from Exhibit 21. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | union's objection.  The emails are also not hearsay because they are introduced not for the truth of their contents but rather for the fact that they are being sent, which is probative of motive and of Southwest and the union's plan to target recall supporters. |
| 71. | Feb. 22, 2017 Email – Brian to OGrady et al | SWA004546-4568 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would | Carter:  Carter re-asserts her response from Exhibit 21. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  The emails are also not hearsay because they are introduced not for the truth of their contents but rather |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | for the fact that they are being sent, which is probative of motive and of Southwest and the union's plan to target recall supporters. |
| | | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | |
| | | | Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 72. | Feb. 22, 2017 Email – Brian to OGrady et al | SWA004569-4591 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to | Carter:  Carter re-asserts her response from Exhibit 21. Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  The emails are also not hearsay because they are introduced not for the truth of their contents but rather for the fact that they are being sent, which is probative of motive and of Southwest and |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | the union's plan to target recall supporters. |
| 73. | Feb. 23, 2017 Email – Base Manager Follow Up Email re: Facebook Posts / Graphic Images | SWA004239-4240 | Carter re-asserts her same objection in Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4240). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 74. | Feb. 23, 2017 Email – E. | SWA004450-4455 | Carter re-asserts her same objection from | Local 556: Plaintiff's attack the weight, not the admissibility of |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | Schneider Email re: Stone Report | | Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4451). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 4453, 4454). | the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest: As set forth in Southwest's response to Carter's motion in limine, Stone should be allowed to testify as to her interpretation of Carter's messages to her. Carter is free to cross-examine Stone, or |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | otherwise argue, in support of the distinction between calling Stone a "murderer" and accusing Local 556 of supporting murder, in a message to Stone, but there is no basis for the exclusion of evidence; *see also*, Southwest's response to Carter's objection to Exhibit 46 above. |
| **75.** | Feb. 23, 2017 Email – Hudson to Stephenson | SWA004456-4458 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4457). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.  The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.  Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| **76.** | Feb. 23, 2017 Email – D. Gutierrez Response to E. Schneider re: Stone Report | SWA004459-4461 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4460). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.  The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 77. | Feb. 23, 2017 Email – Kissman to Sims | SWA004465 | | |
| 78. | Feb. 23, 2017 Email – Kissman to Hudson | SWA004468-4470 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4469). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 79. | Feb, 23, 2017 Email – Hudson to Kissman | SWA004471-4473 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4473). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 80. | Feb. 23, 2017 | SWA004474- | Carter re-asserts her | Local 556: Plaintiff's attack the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | Email – Kissman to Hudson | 4476 | same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4476). | weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 81. | Feb, 23, 2017 Email – Hudson to Kissman | SWA004477-4479 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 4479). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 82. | Feb. 23, 2017 Email – E. Schneider Email re: Stone Meeting | SWA007159-7166 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 7160). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 7162, 7164). | these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, Stone should be allowed to testify as to her interpretation of Carter's messages to her.  Carter is free to cross-examine Stone, or otherwise argue, in support of the distinction between calling Stone a "murderer" and accusing Local 556 of supporting murder, in a message to Stone, but there is |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | no basis for the exclusion of evidence; *see also*, Southwest's response to Carter's objection to Exhibit 46 above. |
| 83. | Feb. 23, 2017 Email – M. Emlet Email re: Stone Report Facebook Posts / Graphic Images | SWA005682-5687 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5684). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.

Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.

Southwest:  As set forth in |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | Southwest's response to Carter's motion in limine, Stone should be allowed to testify as to her interpretation of Carter's messages to her. Carter is free to cross-examine Stone, or otherwise argue, in support of the distinction between calling Stone a "murderer" and accusing Local 556 of supporting murder, in a message to Stone, but there is no basis for the exclusion of evidence; *see also*, Southwest's response to Carter's objection to Exhibit 46 above. |
| 84. | Feb. 24, 2017 Email – Emlet to Kissman et al | SWA004483-4484 | Local 556: These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | Carter: Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall.

Carter: Carter re-asserts her response from Exhibit 21. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
|  |  |  | Southwest:  Southwest objects to these exhibits as they relate to other employee's social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. |  |
| 85. | Feb. 24, 2017 Email – Emlet to Shaffer | SWA005681 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the | Carter:  Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall. Carter:  Carter re-asserts her response from Exhibit 21. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | circumstances associated with the discipline of non-similarly situated employees.<br><br>Southwest:  Southwest objects to these exhibits as they relate to other employee's social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | |
| 86. | Feb. 24, 2017 Email – Emlet to Shaffer | SWA005682-5687 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5684).<br>Carter re-asserts her same objection from Exhibit 46 | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | to including the comments, "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). | continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 87. | Feb. 24, 2017 Email – Emlet to Stephenson et al | SWA005688-5693 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5689). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5692, 5693). | her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest: *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 88. | Feb. 24, 2017 Email – Schneider to Emlet et al | SWA005694-5696 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5696). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest: *See* above, Southwest's response to |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Carter's objection to Exhibit 66. |
| 89. | Feb. 24, 2017 – A. Stone Fact Finding Meeting Notes | SWA004634-4638 | | |
| 90. | Feb. 24, 2017 Email – M. Emlet Email re: Nexus | SWA006504-6513 | | |
| 91. | Feb. 25, 2017 Email – M. Emlet Email re: Stone Complaint | SWA005682-005687 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 5684). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 5685, 5686). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.

Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | establishing the probative value. Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 92. | Feb. 26, 2017 Email – C. Carter Email re: Fact Finding Meeting | SWA004277-4279 | | |
| 93. | Feb. 27, 2017 Email – Barnett to Edwards | SWA004485-4486 | Local 556:  These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | Carter:  Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall.  Carter:  Carter re-asserts her response from Exhibit 21. |
| 94. | Feb. 27, 2017 Email and Attachments – A. Stone Screenshots | SWA004244-4267 | Carter re-asserts her objection from Exhibit 15 to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA | Local 556: Plaintiff's true attack is on the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | 4252). | Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest: *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 95. | Feb. 27, 2017 Email – Gutierrez to Stone | SWA000529-550 | Carter:  Carter objects to the Exhibit's inclusion of Stone's specific reference to "threats about 'when I return to the line'" (SWA 529). Carter's message to Stone stated, "by the way the RECALL is going to Happen and you are limited in the days you will be living off of all the [Southwest Airlines flight attendants]… cant wait to see you back on line." Stone and the union use the phrase themselves for going back to work on flights. Thus, there is not factual basis for characterizing Carter's comment as a threat, and the potential to inflame and prejudice the jury through a false and misleading description substantially outweighs any probative value such evidence may have." | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.<br><br>Southwest:  Again, and as set forth in Southwest's response to Carter's motion in limine, Stone should be permitted to testify to her interpretation of Carter's messages and their impact on Stone.  Carter is free to cross-examine Stone, or have Carter explain her intent behind the messages, but there is no basis to exclude evidence.<br><br>Carter:  Carter re-asserts her response from Exhibit 15. Local 556 also fails to specify which statement it contends are hearsay, making it impossible |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 8, ¶7.<br><br>Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to Ms. Stone are not being offered for the truth of the matter asserted but for the notice to the reader. | for Carter to respond. Thus, the Court should overrule the union's objection. |
| 96. | Feb. 28, 2017 Email – Schneider to Emlet et al | SWA004633-4638 | Local 556:  The document purports to be the same as previously offered and is thus duplicative. | Carter:  The fact that Ed Schneider forwards the notes to Ms. Gutierrez and Ms. Emlet is itself relevant because it is probative of Schneider's actions in the investigation and the knowledge of all three individuals. |
| 97. | Feb. 29, 2017 Email and Attachments – A. Stone Facebook Thread | SWA000529-550 | Carter re-asserts the same objection from Exhibit 95 to include Stone's specific reference to "threats about 'when I return to the line'" (SWA 529). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Southwest:  *See* Southwest's response to Carter's objections to Exhibit 95. |
| 98. | C. Carter Fact Finding Meeting Notes | SWA004676-4692 | | |
| 99. | Mar. 7 Email and Attachments – D. Gutierrez to E. Schneider re: Public Posts | SWA004643-4646 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4646). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 100. | Mar. 7, 2017 Carter investigation notes | SWA004675-4692 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats - This is what you support? If its your body your choice, who is this | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.<br><br>The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4646). | these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66.<br><br>Carter:  This Exhibit contains communications that Carter sent President Stone, Southwest emails regarding the Carter investigation, and Southwest's Fact Finding Notes from Carter's Fact Finding Meeting. Southwest's emails and the Fact Finding notes are business records that cannot be excluded by the hearsay rule. *See* Fed. R. Evid. 803(6). They are also party admissions.  Local 556 also fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.<br><br>Carter objects to including the proposed jury instruction as it causes confusion and some assertions from the Exhibit are offered for the truth of the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | matter asserted. The Jury Charges and Instructions shall set forth the proper instructions. |
| 101. | Southwest correspondence re Carter investigation | SWA004421, 004433, 004436, 004444, 004450, 004456, 004459, 004624, 004630, 004863, 005697, 005882, 006819, 007159 | | |
| 102. | Carter Facebook re purported nexus to Southwest | SWA006504-6512 | | |
| 103. | Mar. 9, 2017 Email and Attachments – Re: Carter Fact Finding Notes and Materials | SWA004675-4710 | | |
| 104. | Mar. 7, 2017 Fact Finding Meeting Notes and Schneider Email to Emlet et al | SWA004675-4692 | Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | This Exhibit contains Southwest emails regarding the Carter investigation, and Southwest's Fact Finding Notes from Carter's Fact Finding Meeting. Southwest's emails and the Fact Finding notes are business records that cannot be excluded by the hearsay rule. *See* Fed. R. Evid. 803(6).  Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Carter objects to including the proposed jury instruction as it causes confusion and some assertions in the Exhibit are offered for the truth of the matter asserted. The Jury Charges and Instructions shall set forth the proper instructions. The exhibit is also introduced for matters other than the truth of the matters asserted since the sending and receipt of the email shows the knowledge and participation of Mr. Schneider, Ms. Emlet, Ms. Gutierrez, and Ms. Jones. |
| 105. | Mar. 9, 2017 Email and Attachments – Re: Carter Fact Finding Meeting Presentation | SWA004647-4674 | Carter re-asserts her objection from Exhibit 15 to including a social media post stating, "it's criminal," which Carter forwarded from another flight attendant. (SWA 4650). Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 4653, 4654, 4664, 4665, 4674). | Local 556: Plaintiff's true attack is on the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value. Local 556: Plaintiff's attack the weight, not the admissibility of the evidence. The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | continued harassment of co-workers that ultimately lead to her termination.<br><br>By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.<br><br>Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 106. | Mar. 9, 2017 Email – Emlet to Shaffer | SWA005697-5758 | Local 556:  Carter re-asserts her response from Exhibit 105. Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection.  The email is also admissible to show the knowledge of and participation in the investigation by the sender and each of the recipients of the email and is therefore non-hearsay.Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter | |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | asserted but for the notice to the reader. Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 107. | Mar. 10, 2017 Email – E. Schneider Investigation Summary | SWA004711-4712 | | |
| 108. | Mar. 13, 2017 Email – Investigation and Images | SWA004713-4714 | | |
| 109. | Mar. 13, 2017 Email – Emlet to Schneider | SWA005759-5761 | | |
| 110. | Mar. 13, 2017 Email – Correspondence re: Investigation and Termination Letter | SWA005762-5763 | | |
| 111. | Mar. 13, 2015 Email – Schneider to Emlet | SWA005762-5764 | | |
| 112. | Mar. 27, 2017 Email – Sims to Shaffer | SWA005775-5777 | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | Carter re-asserts her response from Exhibit 105. The exhibit documents are relevant because they demonstrate Carter's protected activity and Southwest's response to her protected activity. It shows which Southwest employees |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader.<br><br>Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. | were aware of her protected activity and steps they took in forwarding the activity to others.  Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |
| 113. | Mar. 27, 2017 Email – Sims to Shaffer | SWA005778-5780 | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader.<br><br>Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. | Carter re-asserts her response from Exhibit 105. The exhibit documents are relevant because they demonstrate Carter's protected activity and Southwest's response to her protected activity. It shows which Southwest employees were aware of her protected activity and steps they took in forwarding the activity to others.  Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| 114. | Mar. 27, 2017 Email – Sims to Shaffer | SWA005781-5783 | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader.<br><br>Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. | Carter re-asserts her response from Exhibit 105. The exhibit documents are relevant because they demonstrate Carter's protected activity and Southwest's response to her protected activity. It shows which Southwest employees were aware of her protected activity and steps they took in forwarding the activity to others.  Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |
| 115. | Southwest's March 14, 2017 Termination Letter | SWA005796 | | |
| 116. | Mar. 29, 2017 Email – Additional C. Carter Posts | SWA005784-5788 | | |
| 117. | Apr. 3, 2017 Email – Chaffin to Inflight | SWA005789-5813 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and offered in connection with Southwest's attempt to | Local 556: Plaintiff attacks relevance and weight of the evidence.<br><br>Regarding the relevance objection to the admission of the "Last Chance Agreement": The results of Local 556's successful representation of Ms. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | offer evidence regarding its Last Chance Agreement and Local 556's arguments regarding how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403.<br><br>Local 556:  Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | Carter in her grievance proceeding and the Last Chance Agreement that reduced her termination to a suspension are relevant to demonstrate that Local 556 did it's duty of fair representation of Ms. Carter. It is also relevant to Ms. Carter's motive in bringing this lawsuit, and motive is always relevant. Ms. Carter ultimately decided to sue the Parties after declining the Last Chance Agreement, but before any outcome of her Arbitration hearing.<br><br>Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, Southwest's offer to reinstate Carter is relevant to Southwest's motives, mitigation and Carter's duty of fair representation claims.  The jury should be allowed to assess whether Southwest's willingness to reinstate Carter mitigates against a finding of discrimination or retaliation and whether Carter was reasonable in declining Southwest's offer. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | Carter:  Carter re-asserts her response from Exhibit 105. Local 556 fails to specify which statement it contends are hearsay, making it impossible for Carter to respond. Thus, the Court should overrule the union's objection. |
| | | | | The email is not hearsay since it shows which employees were made aware of the Step 2 hearing and what information they were provided about it. |
| 118. | Apr. 4, 2017 – Carter Step 2 Documents | SWA000785-933 | Carter re-asserts her same objection from Exhibit 46 to including the comment "#Democrats -  This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" (SWA 785, 787). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence. |
| | | | | The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination. |
| | | | | By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey. |
| | | | | Southwest:  *See* above, Southwest's response to Carter's objection to Exhibit 66. |
| 119. | Apr. 6, 2017 Email – Burdine to Sims | SWA005814-5831 | Carter objects to this Exhibit regarding Step 2 | Local 556: Plaintiff attacks relevance and weight of the |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
|  |  |  | proceedings following Southwest's termination of Carter because it is irrelevant to this case, and offered in connection with Southwest's attempt to offer evidence regarding its Last Chance Agreement and Local 556's arguments regarding how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403. | evidence.<br><br>Regarding the relevance objection to the admission of the "Last Chance Agreement": The results of Local 556's successful representation of Ms. Carter in her grievance proceeding and the Last Chance Agreement that reduced her termination to a suspension are relevant to demonstrate that Local 556 did it's duty of fair representation of Ms. Carter. It is also relevant to Ms. Carter's motive in bringing this lawsuit, and motive is always relevant. Ms. Carter ultimately decided to sue the Parties after declining the Last Chance Agreement, but before any outcome of her Arbitration hearing.<br><br>Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above.<br><br>Southwest:  As set forth in Southwest's response to Carter's motion in limine, Southwest's offer to reinstate Carter is relevant to Southwest's motives, mitigation and Carter's duty of fair representation claims.  The jury should be allowed to assess |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | whether Southwest's willingness to reinstate Carter mitigates against a finding of discrimination or retaliation and whether Carter was reasonable in declining Southwest's offer. |
| 120. | Apr. 17, 2017 Email – Carter Correspondence re: Fake Facebook Posts | SWA000523 | | |
| 121. | Apr. 17, 2017 Email – Additional Carter Correspondence re: Fake Facebook Posts | SWA000481-483 | Carter re-asserts her objection to Exhibit 119 for Exhibit 121 because this Exhibit is offered in relation to events that took place during Step 2 proceedings, after Carter's termination. Carter further objects that this Exhibit is not even relevant to Step 2 proceedings, and is irrelevant to any defense or claim in this case. | Local 556 reasserts its objection to Exhibit 119.  In addition, the document is relevant to Ms. Carter's credibility regarding her explanation for harassment generated by her online accounts. Credibility is always relevant.<br><br>Southwest:  This email is relevant to Carter's credibility and her attempt to distance herself from her messages to Stone. |
| 122. | Apr. 18, 2017 Email – Carter Correspondence to M. Sims | SWA006911-6913 | Carter re-asserts her objection to Exhibit 119 for Exhibit 122 because this Exhibit is offered in relation to events that took place during Step 2 proceedings, after Carter's termination. Carter further objects that this Exhibit is not even relevant to Step 2 proceedings, and is irrelevant to any defense or claim in this case. | Local 556 reasserts its objection to Exhibit 119.  In addition, the document is relevant to Ms. Carter's credibility regarding her explanation for harassment generated by her online accounts. Credibility is always relevant.<br><br>Southwest:  This email is relevant to Carter's credibility and her attempt to distance herself from her messages to Stone. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| **123.** | April 19, 2017 Text Message – Carter Message With Lynn Montgomery | Carter Depo. Exh. 7 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, and evidence regarding Southwest's Last Chance Agreement and Local 556's arguments concerning how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement).  Fed. R. Evid. 402, 403.  The unfair prejudice caused by the exhibit also substantially outweighs its probative value because the references to President Trump risk inflaming the jury against (or for) Carter because of the polarizing nature of his presidency.  Fed. R. Evid. 403. | Local 556: Plaintiff attacks relevance and weight of the evidence.

Regarding the relevance objection to the admission of the "Last Chance Agreement": The results of Local 556's successful representation of Ms. Carter in her grievance proceeding and the Last Chance Agreement that reduced her termination to a suspension are relevant to demonstrate that Local 556 did it's duty of fair representation of Ms. Carter. It is also relevant to Ms. Carter's motive in bringing this lawsuit, and motive is always relevant. Ms. Carter ultimately decided to sue the Parties after declining the Last Chance Agreement, but before any outcome of her Arbitration hearing.

Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above.

Southwest:  As set forth in Southwest's response to Carter's motion in limine, Southwest's offer to reinstate Carter is relevant to Southwest's motives, mitigation and Carter's duty of fair |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | representation claims.  The jury should be allowed to assess whether Southwest's willingness to reinstate Carter mitigates against a finding of discrimination or retaliation and whether Carter was reasonable in declining Southwest's offer. |
| 124. | Apr. 26, 2018 – Opinion and Award of the Arbitrator | SWA000707-725 | Carter objects to this Exhibit 124 in its entirety as evidence from the December 2017 arbitration proceedings are irrelevant to the issues in this case as the issues before the arbitrator— solely whether the termination violated the collective bargaining agreement—are different from those presented to the jury, as the Court found in its order denying the motions for summary judgment. Referring to the arbitration or the arbitrator's findings would be prejudicial because it would mislead the jury and risk the jury making assumptions that certain issues had already been decided and substituting the arbitrator's judgment for its own. *See* Fed. R. Evid. 402, 403; *see also* | Southwest:  A decision rendered in an arbitration conducted pursuant to a CBA may be relevant evidence in an action involving federal statutory rights. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974); *Graef v. Chem. Leaman Corp.*, 106 F.3d 112, 116-17 (5th Cir. 1997) ("whether binding … or not, an arbitrator's findings relating to an interpretation of the CBA or an application of the CBA to the facts should ordinarily be considered by the court." |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | Carter Motion in Limine, Dkt. No. 247, at 4-5, ¶1. | |
| 125. | Southwest Flight Attendant Social Media Pictures | Carter 4134-4167 | Local 556:  This exhibit consists of what appears to be various social media posts and photos apparently from other Southwest employees. Local 556 has no idea whether these images were ever brought to its attention or to whom they may have been sent.  As such, Local 556 cannot identify any legitimate purpose at trial for the introduction of these photos and posts and they should not be admitted as evidence. In addition: Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. Southwest:  This exhibit consists of what appears to be various social media posts and photos apparently from other Southwest employees. Southwest has no idea whether these images | Carter:  Carter produced and served these social media posts and photos on November 17, 2020, to supplement her responses to Southwest's First Requests for Production. These photos include social media posts made by Local 556 representatives and members. Carter is entitled to determine if Southwest witnesses were aware of the posts, and, if they were, how they responded to them. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | were ever brought to its attention or to whom they may have been sent. As such, Southwest cannot identify any legitimate purpose at trial for the introduction of these photos and posts and they should not be admitted as evidence. | |
| 126. | Counselor invoice | Carter 2417 | | |
| 127. | Counselor invoice | Carter Depo. Exh. 10 | | |
| 128. | Counselor expenses | Carter4489 | | |
| 129. | Medical bills | Carter2418 | | |
| 130. | Carter earnings | Carter2419-2424 | | |
| 131. | Carter employment efforts | Carter2213-2222 | | |
| 132. | Southwest April 4, 2017 Email regarding Local 556 President Stone and Shop Steward Spand reporting Recall Leader Jeanna Jackson and other Flight Attendants for Discipline | SWA007471 | Local 556: These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non- | Carter: Carter re-asserts her same objection from Exhibit 21 for Exhibits 27, 31, 84, 85, 93, and 132. Carter also seeks to introduce this evidence regarding how President Stone handled employee disciplinary issues, which is directly relevant to Carter's claims about Local 556 and President's Stone's treatment of Carter, and about President Stone's scope of official authority. Carter further seeks to produce this evidence to address the recall. |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | similarly situated employees. | |
| 133. | Feb. 23, 2017 Email – E. Schneider Email re: Stone Meeting | SWA007159-7166 | Carter re-asserts her same objection from Exhibit 66 to Stone's specific comment that she was "sent messages that reference her as a 'murderer'" (SWA 7160). Carter re-asserts her same objection from Exhibit 46 to including the comments, "#Democrats - This is what you support? If its your body your choice, who is this laying in the fucking bowl? It doesn't looks like your body. #evil #murder #ownit #abortion" and "Stop trying this dousche tried." (SWA 7162, 7164). | Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of these documents were forwarded by Plaintiff to Ms. Stone and make up the continued harassment of co-workers that ultimately lead to her termination.

By forwarding the posts, the fact that Ms. Carter is not the author of the posts does not negate the expression she intended to convey.

Local 556: Plaintiff's attack the weight, not the admissibility of the evidence.

The probative value of this evidence is substantially higher than the unfair prejudice to Plaintiff, as the contents of the document is the utmost underlying fact of Plaintiff's retaliation and DFR claims, establishing the probative value.

Southwest:  *See* above, Southwest's response to |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---|---|---|---|---|
| | | | | Carter's objection to Exhibit 66. |
| 134. | Recall Peition Findings and Process | TWU 7390-7398 | | |
| 135. | TWU Local 556 Bylaws | TWU 7373-7381 | | |
| 136. | Text to Lynn Montgomery | TWU 4176-4391 | Carter objects to this Exhibit because it is irrelevant to the issues in this suit. Neither Southwest nor Local 556 has pled an after-acquired evidence defense such that any alleged "harassment" by Carter after her termination would be relevant to any of the issues decided in this suit. Fed. R. Evid. 402. Further, the fact that Carter takes a position on airplane vaccine mandates in the text messages has a high risk of prejudicing the jury given the polarizing nature of that issue. Accordingly, the unfair prejudicial effect of the exhibit exceeds any probative value it may have. Fed. R. Evid. 403. | Local 556: Plaintiff attacks relevance and weight of the evidence.<br><br>This document is relevant as contextual evidence of Plaintiff's pattern of behavior regarding her targeted harassment of SWA employees.<br><br>Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above. |
| 137. | Emails concerning Carter's Step 2 hearing | TWU 4176-491 | Carter objects to this Exhibit regarding Step 2 proceedings following Southwest's termination of Carter because it is irrelevant to this case, | Local 556: Plaintiff attacks relevance and weight of the evidence.<br><br>Regarding the relevance objection to the admission of |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | and evidence regarding Southwest's Last Chance Agreement and Local 556's arguments concerning how it represented Carter after her termination, all of which Carter objects to and seeks to exclude as irrelevant, misleading, inadmissible, and unduly prejudicial in her Motion in Limine. *See* Carter Motion in Limine, Dkt. No. 247, at 11, ¶12 (union representation), and at 14, ¶19 (last chance agreement); Fed. R. Evid. 402, 403. | the "Last Chance Agreement": The results of Local 556's successful representation of Ms. Carter in her grievance proceeding and the Last Chance Agreement that reduced her termination to a suspension are relevant to demonstrate that Local 556 did it's duty of fair representation of Ms. Carter. It is also relevant to Ms. Carter's motive in bringing this lawsuit, and motive is always relevant. Ms. Carter ultimately decided to sue the Parties after declining the Last Chance Agreement, but before any outcome of her Arbitration hearing. Regarding Plaintiff's 403 objection: Any prejudice to Ms. Carter would not be unfair and is greatly outweighed by the probative value discussed above. Southwest:  As set forth in Southwest's response to Carter's motion in limine, Southwest's offer to reinstate Carter is relevant to Southwest's motives, mitigation and Carter's duty of fair representation claims.  The jury should be allowed to assess whether Southwest's willingness to reinstate Carter mitigates against a finding of discrimination or retaliation and |

| Ex. No. | Description of Exhibit | Identification | Objection | Response |
|---------|----------------------|----------------|-----------|----------|
| | | | | whether Carter was reasonable in declining Southwest's offer. |
| **138.** | Southwest Airlines Co. 2021 Annual Report | Carter 4503 | | |
| **139.** | Carter's Initial Disclosures | | Carter:  Carter objects to the admissibility of the initial disclosures because it is a preliminary assessment before any discovery has been conducted at a time when many facts and details remain unknown or undetermined. Carter requests that, if her initial disclosures are admitted, that Southwest's and Local 556's initial disclosures are admitted as well. | |

## II.     **OBJECTIONS TO WITNESSES**

## A. **SOUTHWEST AND LOCAL 556'S OBJECTIONS AND RESPONSES TO WITNESSES**

| Witness | Concise Non-Argumentative Summary of Witness and Connection to Facts | Concise Non-Argumentative Identification of What Aspect of the Witness' Testimony is Objected To | Objection with Concise Explanation and Authority | Response with Concise Explanation and Authority |
|---|---|---|---|---|
| Linda Rutherford | | | Southwest and Local 556: This witness was not identified in Plaintiff's initial disclosures, or any other party in their initial disclosures. | Carter:  While Carter did not identify the witness in her initial disclosures, Southwest's 30(b)(6) corporate representative, Mike Sims, named Rutherford as someone he consulted with in preparation for his November 2, 2020 deposition. Sims testified that he consulted with Rutherford regarding Southwest Airlines messaging and communications during the 2017 Women's March, including the cabin lights turning pink on flights to the Women's March . Southwest knew of the witness's |

| | | | | |
|---|---|---|---|---|
| | | | | connection to the case prior to November 2, 2020, and is not prejudiced by including her as a witness. Thus, Southwest knew of Rutherford's relevance to this case, and was not prejudiced by Carter not disclosing her. Instead, Southwest should have named her on its initial disclosures. |
| Melissa Burdine | | | Southwest and Local 556: This witness was not identified in Plaintiff's initial disclosures, or any other party in their initial disclosures. | Carter: While Carter did not identify Burdine in her initial disclosures, Southwest's 30(b)(6) corporate representative, Mike Sims, discussed Burdine during his deposition. Thus, Southwest was aware of Burdine, and was in no way prejudiced by Carter not disclosing her. |
| Brandon Conlon | | | This witness was not identified in Plaintiff's initial disclosures, or any other party in their initial disclosures. | Carter: While Carter did not identify Conlon in her initial disclosures, Southwest's 30(b)(6) corporate representative, Mike Sims, named Conlon |

| | | | | |
|---|---|---|---|---|
| | | | | during his deposition as someone he consulted with prior to his deposition. Thus, Southwest was aware of Conlon's relevance as a potential witness regarding his communications related to this case, and was in no way prejudiced by Carter not disclosing him. Rather, Southwest should have disclosed Conlon in its initial disclosures. |
| Nancy Cleburne | | | This witness was not identified in Plaintiff's initial disclosures, or any other party in their initial disclosures. | Carter:  While Carter did not identify Cleburne in her initial disclosures, Southwest's 30(b)(6) corporate representative, Mike Sims, named Cleburne during his deposition as someone he consulted with prior to his deposition regarding whether Carter sought a religious accommodation. Thus, Southwest was aware of Cleburne's relevance as a potential witness |

| | | | | |
|---|---|---|---|---|
| | | | | as an ACT (accommodations) team manager, and was in no way prejudiced by Carter not disclosing her. Rather, Southwest should have included Cleburne with its initial disclosures. |
| Naomi Hudson | | | This witness was not identified in Plaintiff's initial disclosures, or any other party in their initial disclosures. | While Carter did not identify Hudson in her initial disclosures, Hudson's involvement was repeatedly discussed in Southwest's 30(b)(6) deposition and Audrey Stone's deposition, and repeatedly named in documents Southwest produced. Thus, Southwest was aware of Hudson's relevance as a potential witness, and was in no way prejudiced by Carter not disclosing her. Rather, Southwest should have included Hudson with its initial disclosures. During Carter's investigation, Hudson directed managers to |

| | | | | forward the email to former Southwest Employee Relations Manager Toni Hamilton. Hudson also communicated with Manager Dave Kissman during the investigation of Carter's case. Hudson was also knowledgeable about the recall and emailed Southwest managers regarding the recall and issues Stone confronted with the recall. Local 556 President Audrey Stone included Hudson on her complaint that reported Carter's Facebook messages to Southwest. During Stone's tenure as Local 556 President, Stone negotiated employees social media discipline matters with Hudson. Thus, Hudson is knowledgeable about how Stone handled social media discipline issues. |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Sonya Lacore | | | Southwest: This witness, although identified in Plaintiff's initial disclosures, does not have knowledge of facts relevant to the claims and defenses of the parties and should not be required to appear at trial | Carter: Local 556 President Audrey Stone included Lacore on her complaint that reported Carter's Facebook messages to Southwest. During Stone's tenure as Local 556 President she also discussed employee social media discipline matters with Lacore. Thus, Lacore is knowledgeable about Stone's handling of social media discipline issues. Carter's termination letter also copied Lacore. |
| Tammy Shaffer | | | Southwest: This witness, although identified in Plaintiff's initial disclosures, does not have knowledge of facts relevant to the claims and defenses of the parties and should not be required to appear at trial | Carter: The Witness, Tammy Shaffer, was Maureen Emlet's direct leader and had instructed Emlet to include her on all social media policy violation allegations. Emlet communicated with Shaffer as part of the investigation, and had communications with her about the pictures Southwest relied upon to establish |

| | | | | a nexus between Carter's Facebook posts and Southwest. Emlet testified that she would have had to discuss the termination decision with Shaffer. Shaffer was also included on communications that managers forwarded to her from Recall leader Jeanna Jackson about her treatment by other employees. |
|---|---|---|---|---|
| | | | | |
| | | | | |

## B.  CARTER'S OBJECTIONS TO WITNESSES

| Name | Summary of Witness and Connection to Facts | Identification of what aspect of the Witness Testimony is Objected to | Objections | Response |
|---|---|---|---|---|
| Southwest Witnesses | | | | |
| Ed Schneider | Ed Schneider was the base manager of the Denver base to which Carter reported at the time of her termination from employment with Southwest; Mr. Schneider was the primary decision maker | | | |

| | | | | |
|---|---|---|---|---|
| | as to Carter's termination, and has knowledge of the investigation and fact finding leading up to that decision, as well as the Southwest policies that Carter violated. | | | |
| Meggan Jones | Meggan Jones was the assistant base manager of the Denver base at the time of Carter's termination; Ms. Jones participated in the investigation and fact-finding leading up to Carter's termination from employment. | | | |
| Denise Gutierrez | Denise Guiterrez was the Southwest human resources employee who supervised Ed Schneider in connection with the investigation and fact-finding leading up to the decision to terminate Carter's employment; Guiterrez also has knowledge of the Southwest policies Carter violated. | | | |
| Maureen Emlet | Maureen Emlet was the Southwest human resources employee who supervised Ed Schneider in connection with the investigation and fact-finding leading up to the decision to terminate Carter's | | | |

| | | | |
|---|---|---|---|
| | employment; Emlet also has knowledge of the Southwest policies Carter violated. | | |
| Audrey Stone | Audrey Stone is a current Southwest flight attendant and the former president of the local Southwest flight attendant union.  Stone has knowledge of the complaints to Southwest about Carter's conduct towards her, specifically Carter sending her videos and photographs including videos of aborted fetuses. | | |
| Mike Sims | Mike Sims was the director of inflight services for Southwest at the time of Carter's termination from employment' Sims presided over the step 2 grievance hearing and affirmed the decision to terminate Carter's employment.  Sims also has knowledge of the "last chance agreement" offered to Carter to reinstate her employment at Southwest and the arbitration hearing following the step 2 grievance hearing. | Carter objects to testimony regarding the "Last Chance Agreement" offered to Carter to reinstate her employment at Southwest, the Step 2 grievance hearing, and the arbitration hearing following the Step 2 hearing. | Testimony regarding Southwest offering or Carter declining reinstatement as part of Southwest's "Last Chance Agreement" is irrelevant because it does not constitute an unconditional offer of settlement, and constituted an inadmissible settlement offer. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 11-12, ¶19. Testimony regarding the December 2017 arbitration proceedings are irrelevant to the issues in this case. Referring to the | |

| | | | arbitration or the arbitrator's findings would be prejudicial because it would mislead the jury and risk the jury making assumptions that certain issues had already been decided and substituting the arbitrator's judgment for its own. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 4-5, ¶1. | |
| | | | | |
| | | | | |
| **Local 556 Witnesses** | | | | |
| Charlene Carter | Charlene Carter is the Plaintiff. She will testify about her correspondence and interactions with Audrey Stone, the representation she received from the Union during the grievance procedure, her AFO history, the recall petition, and her post Southwest work history and damages. | Carter objects to testimony regarding the representation Carter received from the union during the grievance procedure. | Testimony regarding Local 556's representation of Carter after President Audrey Stone reported Stone to Southwest is irrelevant to Carter's RLA, Title VII, and Duty of Fair Representation claims, and is unduly prejudicial because it would leave the jury with a misleading impression of Carter's claim. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 11. | |

| Audrey Stone | Audrey Stone is a current Southwest flight attendant and the former president of Local 556. Stone has knowledge of the complaints to Southwest about Carter's conduct towards her, specifically Carter sending her videos and photographs including videos of aborted fetuses | | | |
|---|---|---|---|---|
| Mike Sims | Mike Sims was the director of inflight services for Southwest at the time of Carter's termination from employment' Sims presided over the step 2 grievance hearing and affirmed the decision to terminate Carter's employment. Sims also has knowledge of the "last chance agreement" offered to Carter to reinstate her employment at Southwest and the arbitration hearing following the step 2 grievance hearing. Mike Sims also has knowledge pertaining to the Union's ability to impact Southwest's decision to terminate Plaintiff. | Carter objects to testimony regarding the "Last Chance Agreement" offered to Carter to reinstate her employment at Southwest and the arbitration hearing following the Step 2 hearing. | Testimony regarding Southwest offering or Carter declining reinstatement as part of Southwest's "Last Chance Agreement" is irrelevant because it does not constitute an unconditional offer of settlement, and constituted an inadmissible settlement offer. *See* Fed. R. Evid. 402; *see also* Carter Motion in Limine, Dkt. No. 247, at 11-12, ¶19.<br><br>Testimony regarding the December 2017 arbitration proceedings are irrelevant to the issues in this case. Referring to the arbitration or the arbitrator's findings would be prejudicial because it would | |

| | | | mislead the jury and risk the jury making assumptions that certain issues had already been decided and substituting the arbitrator's judgment for its own. *See* Fed. R. Evid. 402, 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 4-5, ¶1. | |
|---|---|---|---|---|

### III.   OBJECTIONS TO DEPO DESIGNATIONS

### A.   SOUTHWEST'S OBJECTIONS TO CARTER'S DEPOSITION DESIGNATION

| Deposition Designation with Page and Line Numbers | Counter-Designation (if applicable) with Page and Line Numbers | Excerpt Objected to with Page and Line Numbers | Objection with Concise Explanation and Authority | Response with Concise Explanation and Authority |
|---|---|---|---|---|
| Mike Sims deposition 14:19-17:9 | Not applicable | 16:6-17:9 | Testimony relates to the above described actions by certain Southwest flight attendants whereby pink lighting was used in the interior of Southwest planes; as noted above such testimony is irrelevant to the issues in the case | This testimony is relevant to demonstrating how Southwest responded to and treated an incident where flight attendants turned the cabin lights pink to show support for the Women's March. |
| Mike Sims deposition 107:14-113:7 | Not applicable | 110:2-112:24 | Testimony concerns testimony regarding social | Factual testimony should not be excluded based on Southwest's |

| 113:22-121:13 222:8-223:3 | | 113:22-121:13 222:8-223:3 | media complaints, and Southwest's handling of those complaints, of other employees who are not similarly situated to Plaintff; Southwest objects to these pages on the basis set forth above and in Southwest's motion in limine | "similarly-situated employee" arguments because Carter can offer this testimony for other purposes besides arguments about comparator employees. Testimony at 110:2-112:24 merely reports the names of employees who Southwest terminated, and the number of disciplinary reports and violations of the workplace bullying and hazing policy, one of the policies for which Southwest terminated Carter. Testimony at 113:22-121:13 regarding the employees who did and did not sign last-chance agreements is unrelated to proving Southwest's liability for discrimination by comparing Carter's termination decision with Southwest's termination of other employees. |
|---|---|---|---|---|

| | | | | Testimony regarding such data and information is not the same as substantive testimony regarding comparator evidence. Testimony at 222:8-223:3 relates to Brian Talburt targeting other Southwest recall supporters and other union opponents for discipline by reporting them to Southwest Airlines. This evidence is relevant to Carter's RLA, Title VII, and Duty of Fair Representation claims. *See* Carter's Response to Southwest's Motion in Limine. Every instance when a Local 556 official or representative reports a recall supporter or other union opponent for discipline is relevant to Carter's claims against Local 556, and Southwest's objections |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | | characterizing this as evidence of non-similarly situated employees are inapposite. |
| Audrey Stone Deposition 31:5-33:9 34:4-38:24 52:11-53:8 127:10-128:3 131:13-25 135:23-139: 13 164:15-175:21 176:12-183:7 183:18-185:21 189:5-190:2 190:7-17 190:25-191:3 | Not applicable | | 32:4-33:9 34:22-37:17 52:20-53:8 127:13-128:3 131:13-25 136:18-138: 14 166:14-168: 15 179:3-183:7 183:18-185:21 189:5-190:2 190:7-17 190:25-191:3 | Testimony concerns testimony regarding social media complaints, and Southwest's handling of those complaints, of other employees who are not similarly situated to Plaintff; Southwest objects to these pages on the basis set forth above and in Southwest's motion in limine | Testimony from Local 556 President Audrey Stone (who reported Carter for discipline) about the union's knowledge and opinions regarding employee discipline, her representation of union supporters such as Brian Talburt, her handling of employee grievances, negotiations and communications with Southwest management involving the grievants and their grievances, and complaints targeting recall supporters and union opponents for discipline, is all relevant to Carter's RLA, Title VII, and Duty of Fair Representation claims against Local 556. *See* Carter's Response to Southwest's |

| | | | | |
|---|---|---|---|---|
| | | | | Motion in Limine. Every instance when a Local 556 official or representative reports a recall supporter or other union opponent for discipline is relevant to Carter's claims against Local 556, and Southwest's objections characterizing this as evidence of non-similarly situated employees are inapposite to those claims. President Stone's handling of social media complaints and employee grievances is also relevant to Carter's claims because it establishes the scope of her official capacity. |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**B.  LOCAL 556'S OBJECTIONS TO DEPOSITION DESIGNATIONS**

| Deposition Designation w/ Page and Line Numbers | Counter Designation with Page and Line Numbers | Excerpt Objected to With Page and Line Numbers | Objection with Concise Explanation and Authority | Response with Concise Explanation and Authority |
|---|---|---|---|---|
| **Audrey Stone** | | | We anticipate Ms. Stone's live testimony thus we object to the use of her deposition testimony. | Deposition designations are prepared in the event that the witness is unavailable. A witness's deposition testimony may still be used to impeach a witness. Further, given this objection, Local 556 should be required to produce Ms. Stone at Carter's request during Carter's case in chief. |
| **John Parrott** | | | We anticipate Mr. Parrott's live testimony thus we object to the use of his deposition testimony. | Deposition designations are prepared in the event that the witness is unavailable. A witness's deposition testimony may still be used to impeach a witness.  Further, given this objection, Local |

| | | | | 556 should be required to produce Mr. Parrott at Carter's request during Carter's case in chief. |
|---|---|---|---|---|
| **Jessica Parker** | | | | |
| 12:10-15:2 | | 14:18-15:2 | Rule 403 – The prejudicial nature outweighs the probative value of the testimony. The testimony asks about sponsors of the Women's March, followed by who the witness remembers as sponsors. Plaintiff intends to inflame the jury by use of the limited sponsors that the witness does remember, i.e. planned parenthood. Plaintiff can simply introduce evidence as to who were the actual sponsors of the Women's March. | Local 556's knowledge of who sponsored the Women's March is probative, and the corporate witness's factual testimony that Planned Parenthood sponsored the event is not unduly prejudicial. This is, in part, a religious discrimination case, where the issue of abortion is unavoidable. The only reason Planned Parenthood might inflame a jury is its association with abortion. There is accordingly no unfair prejudice. |
| 12:10-15:2 AND 15:10-18 | Include 15:2-10 | No objection to the actual portions of testimony, seeking inclusion for completeness | Rule 106: Remainder of or Related Writings or Recorded Statements – The testimony asks about the witnesses knowledge of sponsors and people included in the Women's March. The testimony | None. |

| | | | excluded asks the witness about her knowledge of groups being excluded. | |
|---|---|---|---|---|
| 15:23-17:20 | | 16:7-17:20 | Rule 1002: "Best Evidence Rule" – The testimony elicits what the witness believes is on a video when the video itself is an available piece of evidence. | Local 556 never produced the video in discovery despite being served with requests to which it is responsive, so it is not available evidence. |
| 18:1-3 AND 19:5-21:20 | | Entire Portion. Alternatively, only introduce portion 20:23-21:10 | 1. Rule 801 – Hearsay: The testimony seeks the witness to introduce evidence by reading from an article she does not recognize, and offer the underlying evidence as a statement of truth.<br>2. Testimony outside of 30(b)(6) – As preserved by objection at the deposition, the testimony elicits the witnesses personal views when she has been called as a corporate representative.<br>3. Speculation (as preserved during the deposition) – The testimony seeks to elicit testimony as to why other individuals attended the Women's March.<br>4. Rule 403 – The prejudicial nature outweighs the probative value of the testimony. The testimony seeks to address the Pregnant Women Fairness Act, through the above mentioned article, | There is no hearsay because the testimony does not actually read any article into the record but instead asks for a reaction to the article's content by the union.  The Testimony from 19:8-17 and 20:23-21:20 does not elicit personal views, but seeks union testimony as to why Local 556 and its individual members, including Ms. Parker, attended the Women's March.<br>The testimony does not address the Pregnant Woman Fairness Act itself, but discusses issues Local 556 was supporting. |

| | | | without testimony discussing that Act | |
|---|---|---|---|---|
| 18:1-3 AND 19:5-21:20 | 17:21-21:20 | Alternatively to the above, seeking inclusion of testimony for completeness | Rule 106: Remainder of or Related Writings or Recorded Statements – If the above testimony as allowed to be introduced, we seek that the entire portion be included to show that the witness is being asked about an article that she is unfamiliar and published from an organization that is NOT Defendant Local 556 | None. |
| 23:5-25 | 23:5-23 | 23:24-25 | The last two lines simply ask a question without providing the response. | Carter withdraws her designation for 23:24-25. |
| 27:1—31:21 | | Entire Portion. | 1. Lacking Foundation – Defendant is seeking to introduce picture evidence, through the deposition designation, but did not lay a proper foundation for its admissibility in Court. At no point did Plaintiff address whether or not that photographs are a "fair," "accurate," "true," or "good depiction" of the object or scene at the time in question. 2. Rule 403 - The prejudicial nature outweighs the probative value of the testimony. The testimony and evidence is attempting to conflate discussion and nature of the Union's presence at the Women's March with the individual reasons why certain flight attendants participated in the Women's March. The testimony is ultimately trying to confuse the jury. | 1. There is proper foundation because the witness recognized the pictures during the deposition, and the testimony identifies those pictures. The pictures are submitted as Exhibit 59. 2. The probative value of the testimony together with the photographs outweighs any prejudice. The testimony and photographs demonstrate that Local 556 members participated in the Women's March Event and were supporting |

| | | | | |
|---|---|---|---|---|
| | | | | abortion rights at the event. |
| 28:16-31:25 | | Entire Portion. | This designation is duplicative of the above designation, only adding in 4 additional lines, which is a question without the answer. | Duplicative designation at 28:16-31:25 withdrawn. |

## C.  CARTER'S OBJECTIONS TO DEPO DESIGNATIONS

| Deposition Designation | Counter-designation (if applicable) | Excerpt Objected to | Objections | Response |
|---|---|---|---|---|
| CARTER'S OBJECTIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS | | | | |
| Stone | | | | |
| 9:19-25 to 10:1-19 | | | | |
| 23:8-25 to 24:1-22 | **Parker** 8:8-23, 9:3-11:25, 12:10-17:20, 19:5-21:20, 27:1-31:21; **Parrott** 16:4-25, 17:11-27:23, 32:16-33:2 | | | |
| 23-25 to 29:1-14 | | | | |
| 37:11-25 to 38:1-24 | | | | |
| 39:17-25 to 41:1-4 | | | | |
| 43:1-22 | | | | |
| 39:1-25 to 70:1-25 | | | | |

| | | | |
|---|---|---|---|
| 86:8-25 to 87:1-16 | | | |
| 117:1-9 | | | |
| 171:13-25 to 172:1-21 | | | |
| 176:3-8 | | | |
| 200:10-25 to 203:1-4 | **Parker** 8:8-23, 9:3-11:25, 12:10-17:20, 19:5-21:20, 27:1-31:21; **Parrott** 16:4-25, 17:11-27:23, 32:16-33:2 | | |
| 209:13-25 to 216:1-16 | | | |
| 217:13-25 to 220:1-3 | | | |
| 221:21-25 to 223:1-21 | | | |
| 225:20-25 to 227:1-25 | **Parker** 8:8-23, 9:3-11:25, 12:10-17:20, 19:5-21:20, 27:1-31:21; **Parrott** 16:4-25, 17:11-27:23, 32:16-33:2 | | |
| 228-1-25 to 229:1-12 | **Parker** 8:8-23, 9:3-11:25, 12:10-17:20, 19:5-21:20, 27:1-31:21; **Parrott** 16:4-25, 17:11-27:23, 32:16-33:2 | | |
| 230:4-25 | **Parker** 8:8-23, 9:3-11:25, 12:10-17:20, 19:5-21:20, 27:1-31:21; **Parrott** 16:4-25, 17:11-27:23, 32:16-33:2 | | |
| 231:7-19 | **Stone** 231:20-233:9 | | |
| 233:10-25 to 234-1-24 | **Stone** 235:25-237:7 | | |
| 234:25 to 235:1-14 | | | |

| | | | | |
|---|---|---|---|---|
| 237:8-25 to 238: 1-22 | | | | |

92

| | | | | |
|---|---|---|---|---|
| 240:8-25 to 243:1-22 | | | Carter objects to Stone's testimony (Stone 243:8-11) regarding Carter's message "by the way the RECALL is going to Happen and you are limited in the days you will be living off of all the [Southwest Airlines flight attendants]… cant wait to see you back on line" and Stone's comments interpreting it as a threat. Stone and the union use the phrase themselves for going back to work on flights. Thus, there is no factual basis for characterizing Carter's comment as a threat, and the potential to inflame and prejudice the jury through a false and misleading description substantially outweighs any probative value such evidence may have." *See* Fed. R. Evid. 403; *see also* | Southwest: As set forth in its response to Carter's Motion in Limine, the jury should be able to hear Stone's interpretation of Carter's messages and assess their impact on Stone. |

| | | | | Carter Motion in Limine, Dkt. No. 247, at 8, ¶7.<br><br>Carter objects to Stone's testimony (243:5-7) that Carter's Facebook message— "[TWU and 556] are supporting this Murder …"—made her feel like she was being accused of being a murderer. Given there is no factual basis for this testimony and the potential to inflame and prejudice the jury through a false and misleading description, the unfair prejudice of the allegation substantially outweighs any probative value it may have. *See* Fed. R. Evid. 403; *see also* Carter Motion in Limine, Dkt. No. 247, at 7, ¶5. | |

US_ACTIVE-167547334 06/13/2022 11:49 AM

| 244:9-28 to 245:1-14 | | | | |
|---|---|---|---|---|
| 248:15-25 to 249-1-7 | **Stone** 246:13-247:5 | | | |
| 249:25 to 250:1-22 | | | | |
| 252:7-15 | | | | |

Dated:  June 13, 2022                    Respectfully submitted,


                                         */s/ Paulo B. McKeeby*
                                         Paulo B. McKeeby
                                         State Bar No. 00784571
                                         Brian K. Morris
                                         State Bar No. 24108707
                                         **REED SMITH LLP**
                                         2850 N. Harwood Street
                                         Suite 1500
                                         Dallas, Texas 75201
                                         Phone: 469-680-4200
                                         Facsimile: 469-680-4299
                                         pmckeeby@reedsmith.com
                                         bmorris@reedsmith.com

                                         **ATTORNEYS FOR DEFENDANT
                                         SOUTHWEST AIRLINES CO.**


                                         */s/ Adam S. Greenfield*
                                         Adam S. Greenfield
                                         State Bar No. 24075494
                                         **CLOUTMAN & GREENFIELD, PLLC**
                                         3301 Elm Street
                                         Dallas, Texas 75226
                                         Phone:  214.642.7486
                                         Facsimile:  214.939.9229
                                         agreenfield@candglegal.com

                                         Edward B. Cloutman, III
                                         State Bar No. 04411000
                                         **LAW OFFICES OF EDWARD CLOUTMAN, III**
                                         3301 Elm Street
                                         Dallas, TX 75226
                                         Phone:  214.939.9222
                                         Facsimile:  214.939.9229

                                         **ATTORNEYS FOR DEFENDANT
                                         TWU LOCAL 556**

96

*/s/ Matthew B. Gilliam*
Matthew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Phone:  703.321.8510
Facsimile:  703.321.9319
mbg@nrtw.org


Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343


**ATTORNEYS FOR PLAINTIFF**
**CHARLENE CARTER**

US_ACTIVE-167547334 06/13/2022 11:49 AM