UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § | CIVIL CASE NO. 3:17-CV-02278-X |
| Defendants. | § § § § § | |

## LOCAL 556'S OBJECTIONS TO WITNESSES, EXHIBITS, AND DEPOSITION DESIGNATIONS

Defendant Transport Workers Union of America, Local 556 ("Local 556") files the following pretrial objections to the witnesses and exhibits of Plaintiff Charlene Carter ("Carter") as follows:

**I.     WITNESSES**

Local 556 objects to the following witnesses identified in Carter's section of the Parties' Joint Pretrial Order on the grounds that such witnesses were not identified by Carter in her initial disclosures, or any other party in their initial disclosures:

- Linda Rutherford;
- Melissa Burdine;
- Brandon Conlon;
- Nancy Cleburne; and

- Naomi Hudson.

## II.     DEPOSITION DESIGNATION OBJECTIONS

| Deposition Designation w/ Page and Line Numbers | Counter Designation with Page and Line Numbers | Excerpt Objected to With Page and Line Numbers | Objection with Concise Explanation and Authority | Response with Concise Explanation and Authority |
|---|---|---|---|---|
| **Audrey Stone** | | | We anticipate Ms. Stone's live testimony thus we object to the use of her deposition testimony. | |
| **John Parrott** | | | We anticipate Mr. Parrott's live testimony thus we object to the use of his deposition testimony. | |
| **Jessica Parker** | | | | |
| 12:10-15:2 | | 14:18-15:2 | Rule 403 – The prejudicial nature outweighs the probative value of the testimony. The testimony asks about sponsors of the Women's March, followed by who the witness remembers as sponsors. Plaintiff intends to inflame the jury by use of the limited sponsors that the witness does remember, i.e. planned parenthood. Plaintiff can simply introduce evidence as to who were the actual sponsors of the Women's March. | |
| 12:10-15:2 AND 15:10-18 | Include 15:2-10 | No objection to the actual portions of testimony, seeking inclusion for completeness | Rule 106: Remainder of or Related Writings or Recorded Statements – The testimony asks about the witnesses knowledge of sponsors and people included in the Women's March. The testimony excluded asks the witness | |

| | | | | |
|---|---|---|---|---|
| | | | about her knowledge of groups being excluded. | |
| 15:23-17:20 | | 16:7-17:20 | Rule 1002: "Best Evidence Rule" – The testimony elicits what the witness believes is on a video when the video itself is an available piece of evidence. | |
| 18:1-3 AND 19:5-21:20 | | Entire Portion. Alternatively, only introduce portion 20:23-21:10 | 1. Rule 801 – Hearsay: The testimony seeks the witness to introduce evidence by reading from an article she does not recognize, and offer the underlying evidence as a statement of truth.<br>2. Testimony outside of 30(b)(6) – As preserved by objection at the deposition, the testimony elicits the witnesses personal views when she has been called as a corporate representative.<br>3. Speculation (as preserved during the deposition) – The testimony seeks to elicit testimony as to why other individuals attended the Women's March.<br>4. Rule 403 – The prejudicial nature outweighs the probative value of the testimony. The testimony seeks to address the Pregnant Women Fairness Act, through the above mentioned article, without testimony discussing that Act | |
| 18:1-3 AND 19:5-21:20 | 17:21-21:20 | Alternatively to the above, | Rule 106: Remainder of or Related Writings or | |

| | | seeking inclusion of testimony for completeness | Recorded Statements – If the above testimony as allowed to be introduced, we seek that the entire portion be included to show that the witness is being asked about an article that she is unfamiliar and published from an organization that is NOT Defendant Local 556 | |
|---|---|---|---|---|
| 23:5-25 | 23:5-23 | 23:24-25 | The last two lines simply ask a question without providing the response. | |
| 27:1—31:21 | | Entire Portion. | 1. Lacking Foundation – Defendant is seeking to introduce picture evidence, through the deposition designation, but did not lay a proper foundation for its admissibility in Court. At no point did Plaintiff address whether or not that photographs are a "fair," "accurate," "true," or "good depiction" of the object or scene at the time in question.<br>2. Rule 403 - The prejudicial nature outweighs the probative value of the testimony. The testimony and evidence is attempting to conflate discussion and nature of the Union's presence at the Women's March with the individual reasons why certain flight attendants participated in the Women's March. The testimony is ultimately trying to confuse the jury. | |
| 28:16-31:25 | | Entire Portion. | This designation is duplicative of the above designation, only adding in | |

|  |  |  | 4 additional lines, which is a question without the answer. |  |

## III.   **EXHIBIT OBJECTIONS**

| Exhibit Number | Concise non-argumentative description of Exhibit | Objection with concise explanation and authority | Response with concise explanation and authority |
|---|---|---|---|
| 15 |  | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to Ms. Stone are not being offered for the truth of the matter asserted but for the notice to the reader. |  |
| 17 |  | Rule 802 – Hearsay: If offered by the Plaintiff for the truth of the matter asserted, it is inadmissible |  |
| 21 |  | This exhibit relates to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.  (Southwest and Local 556 would note that the documents that make up Exhibit 21 do contain some documents that relate to Carter, but these documents appear to be duplicative of other exhibits.) |  |
| 22 |  | Rule 802 – Hearsay: If offered by the Plaintiff for the truth of the matter asserted, it is inadmissible. The exhibit also contains hearsay within hearsay, pertaining to the messages existing prior to the SWA communications. |  |

| | | | |
|---|---|---|---|
| 23 | | Rule 402 – Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | |
| 25 | | Rule 802 – Hearsay: We object to Plaintiff offering her facebook statements for the truth of the matter asserted. | |
| 26 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: We object to Plaintiff offering third party statements for the truth of the matter asserted. | |
| 27 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 802 – Hearsay: This exhibit contains statements from a third party that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 28 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | |

| | | | |
|---|---|---|---|
| | | Rule 802 – Hearsay: This exhibit contains statements from a third party that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 29 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 30 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. | |
| 31 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |

| 32 | | Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 33 | | Rule 802 – Hearsay: This exhibit contains statements from multiple third parties that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 34 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | |
| 45 | | Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556.<br><br>Furthermore, exhibit 45 is a declaration from Carter. The declaration serves no legitimate trial purpose and is duplicative, particularly given that Carter will testify at trial, and should not be admitted into evidence. | |
| 53 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. The exhibit is intended to inflame the jury through association to groups such as planned parenthood, and as such, should be excluded.<br><br>Rule 802 – Hearsay: This exhibit contains statements from a third party that is inadmissible if offered for the truth of the matter asserted against Local 556.<br><br>Rule 1002: Assuming, *arguendo*, that the document is excluded on the above | |

|  |  |  |  |
|---|---|---|---|
|  |  | grounds, it should be so based on the document being clearly not complete. |  |
| 56 |  | Rule 802 – Hearsay: We object to all statements of which Local 556 has not published to their Facebook Page, along with any and all commentary from third parties that is inadmissible if offered for the truth of the matter asserted against Local 556. |  |
| 57 |  | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. |  |
| 58 |  | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. Furthermore, it lacks a declarant. |  |
| 59 |  | The document purports to be the same as Exhibit 56 and is thus duplicative.<br><br>Rule 802 – Hearsay: We object to all statements of which Local 556 has not published to their Facebook Page, along with any and all commentary from third parties that is inadmissible if offered for the truth of the matter asserted against Local 556. |  |
| 60 |  | The document purports to be the same as Exhibit 54 and is thus duplicative. |  |

| | | | |
|---|---|---|---|
| 63 | | Exhibit 63 consists of email communications and articles relating to the actions by certain Southwest flight attendants, none of whom are relevant to this case, whereby pink lighting was used in the interior of a few Southwest planes to show support of women's rights. The practice was not sponsored or authorized in any way by Southwest and is wholly irrelevant to any issue in the case.<br><br>Rule 802 – Hearsay: This exhibit contains statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 64 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| 65 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| 68-72 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees.<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of | |

| | | | |
|---|---|---|---|
| | | consequence more or less likely to be true than it would be without it.<br><br>Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 84-85, 93 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine.  Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | |
| 95 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages to Ms. Stone are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| 96 | | The document purports to be the same as previously offered and is thus duplicative. | |
| 100 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| 104 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | |

| 106 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| --- | --- | --- | --- |
| | | Rule 802 – Hearsay: This exhibit contains multiple third party statements that are inadmissible if offered for the truth of the matter asserted against Local 556. | |
| 112-114 | | Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | |
| | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| | | Rule 403 – The unfairly prejudicial nature of this document substantially outweighs the probative value. | |
| 117 | | Rule 802 – Hearsay: Local 556 objects to the extent that this exhibit be published and or sent to the jury without judicial instruction that Mrs. Carter's assertions within her messages or are not being offered for the truth of the matter asserted but for the notice to the reader. | |
| 125 | | This exhibit consists of what appears to be various social media posts and photos apparently from other Southwest employees. Local 556 has no idea whether these images were ever brought to its attention or to whom they may have been sent. As such, Local 556 cannot identify any legitimate purpose at trial for the introduction of these photos and posts and they should not be admitted as evidence. | |

| | | | |
|---|---|---|---|
| | | In addition:<br><br>Rule 402 -- Relevance: The document does not contain that tends to make any fact of consequence more or less likely to be true than it would be without it. | |
| 132 | | These exhibits relate to other employee social media violations as addressed in Southwest's motion in limine. Such evidence is irrelevant because the employees in question are not similarly situated to Carter and introduction of the evidence would be prejudicial to Southwest and Local 556 by requiring it to marshal evidence to address the circumstances associated with the discipline of non-similarly situated employees. | |

Dated: June 12, 2022                                                  Respectfully submitted,

*/s/ Edward B. Cloutman, III*_____                                    */s/ Adam S. Greenfield*_____
Edward B. Cloutman, III                                               Adam S. Greenfield
State Bar No. 04411000                                                State Bar No. 240 754 94
ECLOUTMAN@LAWOFFICES.EMAIL                                            AGREENFIELD@CANDGLEGAL.COM

Law Offices of Ed Cloutman, L.L.C.                                    Cloutman & Greenfield, PLLC
618 Largent Ave.,                                                     6217 Bryan Parkway
Dallas, TX  75214                                                     Dallas, TX  75214
Phone 214.232.9015                                                    Phone 214.642.7486


**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 12th day of June, 2022.

                                                                      */s/ Adam S. Greenfield*_____
                                                                      Adam S. Greenfield