# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>                    Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>                    Defendants. | Civil Case No. 3:17-cv-02278-X |

## PLAINTIFF CHARLENE CARTER'S
## NOTICE TO THE COURT REGARDING UNAVAILABLE WITNESSES

Pursuant to this Court's June 13, 2022 Order, Plaintiff Charlene Carter ("Carter") hereby notifies the Court as to the witnesses identified in her June 9, 2022 deposition designations (Dkt. No. 249) those who are unavailable for the purposes of Federal Rule of Civil Procedure 32(a)(4), and, in accordance with the Court's Order, provides additional details regarding the witnesses' unavailability.

Carter has designated deposition testimony for certain witnesses[1] out of an abundance of caution. Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires the parties to provide the name, address and phone number of each individual likely to have discoverable information.  For each Subpoenaed Witness, Defendant Southwest Airlines Co. ("Southwest") and Defendant Transport Workers Union of America, Local 556 ("Local 556"), as applicable, identified their counsel as being the "name, address and phone number."  See Exhibit 1, Southwest's Initial Disclosures, pp. 2-3 FRCP 26(a)(1)(A)(i) (Maureen Emlet and Ed Schneider); Exhibit 2, Local 556 Initial

---

[1] Maureen Emlet, Jessica Parker, and Ed Schneider (collectively, the "Subpoenaed Witnesses").

1

Disclosures, pp. 2-3 Fed. R. P. 26(a)(1)(i) (*sic*) (Jessica Parker).  Accordingly, Plaintiff has issued subpoenas to the attorneys for Southwest and Local 556, as applicable, for each of the Subpoenaed Witnesses in care of the attorneys listed in the disclosures.  However, should any such witness not respond to such subpoena (and without waiving any further relief Plaintiff might seek as a result of such failure), Plaintiff designated deposition testimony for each such witness.

Further, Carter designated testimony from John Parrott, Meggan Jones, Michael Sims, and Audrey Stone.  Since that time, Southwest and Local 556 have agreed, as applicable, to produce each such witness during Plaintiff's case-in-chief.

Further, and subject to the above, Carter states as to the Subpoenaed Witnesses and one other witness for whom designations were offered, the following as to their unavailability:

- **Maureen Emlet** – (i) counsel for Carter was informed by counsel for Southwest today that Ms. Emlet resides more than 100 miles from the courthouse; (ii) she is not under the control of Carter but is presumed to be under the control of Southwest (although she is retired)[2] and (iii) contact information for Ms. Emlet has not been provided to Carter by Southwest other than "Contact through Southwest's counsel."  See Exhibit 1.  Accordingly, Carter is unaware if Ms. Emlet would comply with a trial subpoena.

- **Denise Gutierrez** – (i) Carter has not been provided contact information for Ms. Gutierrez by Southwest and, accordingly, is unaware if she resides more than 100 miles from the courthouse; (ii) she is not under the control of Carter but is presumed to be under the control of Southwest[3] and (iii) Southwest has not provided contact

---

[2] See Exhibit 1.  In addition, counsel for Southwest accepted the subpoena for Ms. Emlet's deposition.  Further Southwest's counsel has said she intends to appear at trial.
[3] Counsel for Southwest accepted the subpoena for Ms. Gutierrez's deposition.

information for Ms. Gutierrez (although has indicated it will do so) and, accordingly, Carter is unaware if Ms. Gutierrez would comply with a trial subpoena.

- **Jessica Parker** – (Local 556 30(b)(6) witness) – (i) counsel for Carter was informed today by counsel for Local 556 that Ms. Parker resides more than 100 miles from the courthouse, (ii) she is not under the control of Carter but is presumed to be under the control of Local 556,[4] (iii) contact information for Ms. Parker has not been provided to Carter by Local 556 other than "c/o Cloutman & Greenfield, PLLC."  See Exhibit 2. Accordingly, Carter is unaware if Ms. Parker would comply with a trial subpoena, although counsel for Local 556 says she will not voluntarily attend trial.

- **Ed Schneider** – (i) counsel for Carter was informed by counsel for Southwest today that Mr. Schneider resides more than 100 miles from the courthouse; (ii) he is not under the control of Carter but is presumably under the control of Southwest,[5] and (iii) contact information for Mr. Schneider has not been provided to Carter by Southwest other than "Contact through Southwest's counsel."  See Exhibit 1.  Accordingly, Carter is unaware if Mr. Schneider would comply with a trial subpoena.

Dated: June 15, 2022                    Respectfully submitted,

/s/ *Bobby G. Pryor*
Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto

---

[4] See Exhibit 2.
[5] See Exhibit 1.

Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343


Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

4

**<u>Certificate of Service</u>**

I hereby certify that on June 15, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record

/s/ *Bobby G. Pryor*