IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § | Civil Action No. 03:17-cv-02278-S |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA LOCAL 556, | § § § § | |
| Defendants. | § § | |

### SOUTHWEST AIRLINES CO.'S INITIAL DISCLOSURES (FRCP 26(a))

Defendant Southwest Airlines Co. ("Southwest" or "Defendant") makes the following initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure:

### I.   PRELIMINARY STATEMENT

Southwest has not completed its investigation into the facts and circumstances related to Charlene Carter's ("Carter" or "Plaintiff") causes of action. Southwest's search for documents and information relevant to this litigation is ongoing, and Southwest reserves the right to supplement or amend these disclosures. The information provided herein is given without prejudice to Southwest's right to rely on subsequently-discovered evidence. The disclosures herein are based upon information and documents presently available and known to Defendant.

Southwest's initial disclosures are made without waiving: (1) the right to object on any basis permitted by law to the use of any such information, for any purpose, in this or any other action; (2) the right to object on any basis permitted by law to any discovery request(s) or proceeding(s) involving or relating to the subject matter of these disclosures; or (3) the right to

**EXHIBIT 1**

amend or supplement these disclosures with documents or witnesses that later become, or are determined to be, supportive of its defenses.

## II.     INITIAL DISCLOSURES

**A.     Individuals Likely To Have Discoverable Information (FRCP 26(a)(1)(A)(i))**

The following individuals are likely to have discoverable information that Southwest may use to support its claims and/or defenses in this matter:

| Witness | Subject(s) | Contact Information |
| --- | --- | --- |
| Charlene Carter | Information regarding all matters alleged in the complaint, including but not limited to: (a) Carter's religious beliefs and practices; (b) Carter's alleged damages, if any; (c) Carter's mitigation efforts, if any; (d) Carter's messages to Audrey Stone and circumstances related to the same; (e) Carter's Facebook postings and messages and circumstances related to the same; (f) Carter's dispute(s) with Local 556 leadership; (g) Carter's work history and performance; (h) Carter's termination; and (i) the grievance and arbitration proceedings. | Contact through Plaintiff's counsel |
| Maureen Emlet | Information regarding: (a) Southwest's workplace policies and practices; (b) Southwest's past practice; (c) Carter's Facebook posts; (d) Southwest's investigation regarding Carter's conduct; (e) the circumstances surrounding Carter's termination; and (f) the grievance and arbitration proceedings. | Contact through Southwest's counsel |
| Meggan Jones | Information regarding: (a) Southwest's workplace policies and practices; (b) Southwest's past practice; (c) Carter's Facebook posts; (d) Southwest's investigation regarding Carter's conduct; (e) the circumstances surrounding Carter's termination; and (f) the grievance and arbitration proceedings. | Contact through Southwest's counsel |
| Ed Schneider | Information regarding: (a) Southwest's workplace policies and practices; (b) Southwest's past practice; (c) Carter's Facebook posts; (d) Southwest's investigation regarding Carter's conduct; (e) the circumstances surrounding Carter's termination; and (f) the grievance and arbitration proceedings. | Contact through Southwest's counsel |
| Mike Sims | Information regarding: (a) Southwest's workplace policies and practices; (b) Southwest's past practice; (c) Carter's Facebook posts; (d) Southwest's investigation regarding Carter's | Contact through Southwest's counsel |

| Witness | Subject(s) | Contact Information |
|---|---|---|
|  | conduct; (e) the circumstances surrounding Carter's termination; and (f) the grievance and arbitration proceedings. |  |
| Audrey Stone | Information regarding: (a) Carter's email and Facebook messages; (b) Carter's issues with Local 556 leadership; and (c) internal complaints regarding Carter's conduct and Southwest's investigation into the same. | Contact through Local 556's counsel |

By making the above disclosures, Southwest does not waive any applicable privilege(s) or other objections to the use or production of information or knowledge held by the above individuals. Southwest reserves the right to supplement these disclosures as the litigation progresses.

**B.     Documents or Tangible Things (FRCP 26(a)(1)(A)(ii))**

Based upon information reasonably available at this time and subject to the limitations set forth herein, the following documents and tangible things (including electronic versions) in Southwest's possession, custody, or control may contain information that Southwest may use to support its claims or defenses (unless solely used for impeachment):

- Documents and correspondence related to Plaintiff's employment history, including Plaintiff's personnel records.

- The collective bargaining agreement applicable to Plaintiff and documents and correspondence related to application of the same.

- Documents and correspondence related to Southwest's workplace policies, including but not limited to those related to social media activity and equal employment opportunity.

- Documents and correspondence related to Southwest's investigation into Plaintiff's policy violations.

- Documents and correspondence related to Plaintiff's grievance and arbitration proceedings.

- Documents regarding Plaintiff's online activities, including but not limited to Facebook posts and messages.

- Documents regarding Plaintiff's mitigation efforts.

- Correspondence between Plaintiff and Southwest representatives and employees.

- Documents and correspondence related to Southwest's investigation into other flight attendants' policy violations similar to Plaintiff's.

- Documents and correspondence related to Southwest's discipline of other flight attendants for policy violations similar to Plaintiff's, and any grievance/arbitration documents related to the same.

Southwest reserves the right to identify and supplement additional documents that it may use to support its claims or defenses.

**C.    Computation of Damages (FRCP 26(a)(1)(A)(iii))**

Southwest does not seek damages at this time.  Southwest reserves the right to seek damages (including but not limited to its attorneys' fees and costs) against Plaintiff or other liable parties.

**D.    Liability Insurance (FRCP 26(a)(1)(A)(iv))**

Southwest is not aware of an insurance policy pursuant to which an insurance business may be liable to satisfy all or part of a possible judgment in this action, or to reimburse Southwest for payments made to satisfy judgment.

### III.    CERTIFICATION

The undersigned certifies that to the best of his knowledge, information and belief, upon a reasonable inquiry under the circumstances, Southwest's Rule 26(a) Initial Disclosures are complete and correct as of March 29, 2019.

4

Respectfully submitted,

*/s/ Michele Haydel Gehrke*
Michele Haydel Gehrke, *Admitted Pro Hac Vice*
California State Bar No. 215647
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Phone: 415-659-4798
Fax: 415-391-8269
mgehrke@reedsmith.com

Brian K. Morris
Texas State Bar No. 24108707
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Phone: 713-469-3815
Fax: 713-469-3899
bmorris@reedsmith.com

**COUNSEL FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I certify that on March 29, 2019, SOUTHWEST AIRLINES CO.'S INITIAL DISCLOSURES (FRCP 26(a)) were served by electronic mail to Plaintiff's counsel of record.

*/s/ Brian K. Morris*
Brian K. Morris

5