UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> SOUTHWEST AIRLINES CO., AND § <br> TRANSPORT WORKERS UNION OF § <br> AMERICA, LOCAL 556, § <br> § <br> § <br> Defendants. § <br> § <br> § <br> § | CIVIL CASE NO. 3:17-CV-02278-X |

**DEFENDANT TWU LOCAL 556'S
MOTION *IN LIMINE* AND BRIEF IN SUPPORT**

I.   INTRODUCTION

Defendant TWU Local 556 ("Local 556") Moves *in Limine* that Plaintiff be precluded from introducing evidence regarding the alleged experiences of other "Agency Fee Objectors" ("AFOs") and Union dissenters over the course of several years prior to Defendant Southwest ("SWA") terminating Plaintiff's employment and those afterwards as well. Plaintiff has stated the intent to use "comparator-type" evidence against Local 556 in attempting to satisfy the pretextual element of each of her pleaded causes of action. For the reasons stated below, the Court should not allow these avenues of proof as Plaintiff has produced legally insufficient evidence to satisfy the legal standards for their use. Fed. R. Evid. 104(a).

## II.     ARGUMENT AND AUTHORITY

### A. The Court Should Limit Testimony and Evidence Related to the Treatment of Other Employees

TWU Local 556 is a Union with a healthy membership. At the time of Plaintiff's termination from SWA, the membership was in excess of 14,000 flight attendants at approximately 11 different operating hubs across the country. According to Plaintiff, nearly 7,000 of those members signed a recall petition to remove Audrey Stone from office.[1] In addition, there were roughly 60 non-member Agency Fee Objectors.[2] Suffice to say, Plaintiff was not unique in her dissenting of the Union or Audrey Stone's presidency.

Opening the door to this manner of testimony and evidence would improperly create several trials within a trial to either justify the treatment of other AFO and/or dissenters, as well as the treatment of those that supported the Union and the Stone Presidency for rebuttal purposes.

### 1. Plaintiff Fails to Produce "Nearly Identical, Similarly Situated" Comparators

Comparator style evidence and testimony against the Union is in conjunction and parallel to the Motion *in Limine* briefing by SWA, to which we incorporate.[3] Similarly to evidence Plaintiff intends to use against SWA, Plaintiff cannot demonstrate that any alleged comparator was "similarly situated" to the Plaintiff but was treated more favorably because they did not share Plaintiff's anti-union sentiments and/or were members of the union. The standard is stringent, "[c]ritically, the plaintiff's conduct that drew the adverse employment decision must have been **'nearly identical'** to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the 'difference between the plaintiff's conduct and that of those alleged to be similarly

---

[1] Plaintiff's 4th Amended Complaint, ¶
[2] Parrot – 30(b)(6) Depo. 10:20-23
[3] Doc. 242 – SWA Motion *in Limine*, issue No. 1.

situated accounts for the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis."[4]

Because Plaintiff cannot show that any other SWA employee—no matter what their affiliation or feelings on the Union—engaged in conduct remotely close to *the physically threatening and intentionally traumatic* harassment of a co-worker that led to Plaintiff's termination, much less "nearly identical" conduct, Plaintiff's comparator evidence should be disallowed. Local 556 continues to assert that it was not Plaintiff's "employer" and as such could never have taken any action that would satisfy the elements of Plaintiff's wrongful termination claims under Title VII or the RLA. However, if Plaintiff is allowed to proceed with claims against Local 556 for wrongful termination, she should not be allowed to do so with evidence of comparators to which she and her conduct was not similarly situated.

## 2. Plaintiff has no Route to Admissibility for AFO/Union Member Co-Worker Hostilities

Though not directly analogous, the analytical framework for comparator evidence above should inform the analysis of whether Plaintiff should be allowed to introduce evidence of alleged hostility between various Local 556 members and various AFO's and/or Union dissenters over the course of several years prior to Plaintiff's termination as well as afterwards. To be clear, though Plaintiff seeks to introduce various AFO and/or dissenters stories of their years long disagreements with various members of Local 556, she does not assert that any of these AFO's have any specific

---

[4] Lee v. Kansas City Southern Ry. Co., 574 F. 3D 253 – Court of Appeals, 5th Cir. 2009 (emphasis added), citing Perez v. Tex. Dep't of Criminal Justice, 395 F.3d 206, 213 (5th Cir.2004); see, e.g., Bouie v. Equistar Chems. LP, 188 Fed.Appx. 233, 237 (5th Cir.2006) (unpublished) (per curiam) (plaintiff discharged for violating two safety protocols could not use comparator who only violated one safety protocol); Dodge v. Hertz Corp., 124 Fed.Appx. 242, 244 (5th Cir.2005) (unpublished) (per curiam) (that plaintiff's and proffered comparator's acts were both "dishonest" is insufficient to make misconduct nearly identical); Trotter v. BPB Am., Inc., 106 Fed.Appx. 272, 276-77 (5th Cir.2004) (unpublished) (per curiam) (misconduct of employees who fought with other employees was not nearly identical to plaintiff, who fought with union president). We note that unpublished cases are not precedential in this court except for the limited reasons stated in our 5th Cir. R. 47.5. We cite them here only to demonstrate the consistency of our jurisprudence.

knowledge regarding the circumstances surrounding Plaintiff's discharge. Likewise, Plaintiff does not assert that any of the Union members whose alleged AFO hostility she seeks to highlight had anything to do with her harassment of a co-worker at issue here, or SWA's disciplinary response to said harassment.

**a. Plaintiff's Evidence does not Meet FRCP 104(a) and/or 401/402.**

In the Title VII context, the "preliminary question" of whether a comparator is "similarly situated" is evaluated by the Court under 104(a) to determine the admissibility of the evidence surrounding the treatment of the proposed comparator. This prerequisite to admissibility guards against the potential for irrelevant or confusing comparator evidence being introduced in a suit where the Plaintiff is in a unique, factually specific scenario not previously dealt with by the employer. As discussed above and by way of SWA's brief on this issue, Plaintiff has produced legally insufficient evidence to satisfy the legal standards for the use of any comparator evidence. Fed. R. Evid. 104(a). Likewise, Local 556 urges this Court to take a similar doctrinal path in excluding Plaintiff's proffered evidence of Union members' alleged animosity towards AFO's and/or union dissetners.

By analogy, because there is nothing "similarly situated" about any of the various interpersonal conflicts or SWA employees involved in the never-ending political struggle within Local 556, this evidence is not relevant under the Rules of Evidence governing relevance because it has no tendency to make any fact of consequence more or less likely to be true than it would be without the evidence. Fed. R. Evid. 401, 402.

**b. Plaintiff's Evidence does not Meet FRCP 403 and/or 404(b).**

In the event the Court finds such evidence clears the low bar set for relevance, its slight probative value is substantially outweighed by the risks of unfair prejudice, confusing the issues,

and misleading the jury. Fed. R. Evid. 403. To permit Carter to present testimony and evidence regarding non similarly situated comparators will "substantially prejudice the defendant because it w[ill] create several 'trials within a trial' and force the defendant to rebut each witness' claim of discrimination."[5] Moreover, it would allow Carter to introduce evidence that is not relevant to this action and that would prejudice and confuse the jury.[6]

Interpersonal conflicts of all types are to be found constantly in a workforce as large as SWA flight attendants, for whom Local 556 is the collective bargaining representative. The proffered attempt to potentially delve into various co-worker disputes over the course of many years, involving multiple SWA employees—some AFO's and/or Union dissenters, some Union members and supporters of the Stone Presidency—has nothing to do with whether Plaintiff's federally protected rights were violated when she was fired for repeatedly harassing and threatening a co-worker, but does carry with it a substantial risk of unfair prejudice and confusion.

More specific than the general concerns protected by Rule 403, Plaintiff's proffered evidence—a random collection of "other wrongs or acts" allegedly undertaken by Local 556 members, to establish a general animosity held by Union members against AFOs and/or Union dissenters—should also be excluded under Rule 404(b). This rule prohibits the use of "other… wrong(s)… or act(s)" in order to establish a specific trait of character to demonstrate conduct in accordance with that trait in the present instance. Fed. R. Evid. 404 (b). Plaintiff seeks to introduce this type of evidence in the clear hopes that the Jury will view her discharge and the co-worker

---

[5] *Cunio v. Tex. Dep't of Mental Health & Mental Retardation*, 2006 U.S. Dist. LEXIS 116961, at *3 (E.D. Tex. Aug. 25, 2006).

[6] *See Maneaux v. Denson*, 2014 U.S. Dist. LEXIS 40362, at *9 (W.D. La. Mar. 25, 2014) (excluding evidence and testimony regarding comparators who are not similarly situated because such testimony "is irrelevant and would merely confuse the jury."); *Wyvill*, 212 F.3d at 302 ("[T]estimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether age was a determinative factor in the plaintiff's discharge.").

complaint filed against her by Ms. Stone as actions in conformity with the collective and alleged anti-AFO and/or Union dissenter animosity held by certain Union members.

As stated in the Advisory Committee Note to Rule 404 prohibiting "character" evidence: "Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

### III.   CONCLUSION

Local 556 requests that Plaintiff be precluded from introducing evidence regarding the alleged experiences of other "Agency Fee Objectors" ("AFOs") and Union dissenters over the course of several years prior to Defendant Southwest ("SWA") terminating Plaintiff's employment and those afterwards as well.

Dated: June 22, 2022                                    Respectfully submitted,

*/s/ Edward B. Cloutman, III*_____                    */s/ Adam S. Greenfield*_____
Edward B. Cloutman, III                                 Adam S. Greenfield
State Bar No. 04411000                                  State Bar No. 240 754 94
ECLOUTMAN@LAWOFFICES.EMAIL                              AGREENFIELD@CANDGLEGAL.COM

Law Offices of Ed Cloutman, L.L.C.                      Cloutman & Greenfield, PLLC
618 Largent Ave.,                                       6217 Bryan Parkway
Dallas, TX  75214                                       Dallas, TX  75214
Phone 214.232.9015                                      Phone 214.642.7486

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed via

the Court's ECF system and all counsel of record have been served on this 22nd day of June, 2022.

                                                                */s/ Adam S. Greenfield*_____
                                                                Adam S. Greenfield