UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLENE CARTER,** | § § § § | **CIVIL CASE NO. 3:17-CV-02278-X** |
| PLAINTIFF, | § § § | |
| V. | § § | |
| **SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,** | § § § § § § | |
| DEFENDANTS. | § | |

## SOUTHWEST AIRLINES CO.'S AND TWU LOCAL 556'S MOTION TO QUASH

Southwest Airlines Co. ("Southwest") and TWU Local 556 ("Local 556") moves to quash the trial subpoenas served on its counsels by Charlene Carter ("Carter") demanding that non-parties Ed Schneider, Audrey Stone, Jessica Parker, John Parrott, Maureen Emlet, Meggan Jones, Denise Gutierrez, Brett Nevarez, Brian Talburt, Edie Barnett, Brendan Conlon, Sonya Lacore, Naomi Hudson, Tammy Shaffer, Nancy Cleburn, and Mike Sims appear at trial beginning on July 5, 2022. As represented to the Court at the pretrial conference, these individuals are a combination of former employees (Emlet, Gutierrez, Hudson, Barnett and Shaffer), former Union Executive Board Members and flight attendants who live outside of Texas (Nevarez, Parker, Stone, and Parrot), individuals who are not available for trial and who are being deposed pursuant to the Court's order of June 16, 2022 (Cleburn and Lacore), and Southwest management employees who Southwest has represented it will make available during Carter's case in chief (Sims, Schneider, and Jones).

1

Pursuant to the Court's instructions, Southwest has provided addresses of the flight attendant and former employee witnesses to Carter's counsel to assist them in personally serving the trial subpoenas. Southwest has also provided the flight schedules of the flight attendant witnesses. Additionally, Southwest is working with counsel for the union and Carter's counsel to coordinate the timing of witness attendance at trial. Local 556 is also working with Carter's counsel to coordinate the timing of witness's attendance at trial, namely Stone and Parrot. Notwithstanding this background, on June 20, 2022, Carter's counsel stated that he considers the trial subpoenas served on Southwest's counsel to remain valid and effective. As such, although Southwest and the Union feel that this issue was adequately addressed at the pretrial conference and that this motion should not be necessary, in the abundance of caution, Southwest and the Union respectfully request that the Court enter an order quashing the above referenced trial subpoenas.

There are several defects with Carter's subpoenas. Federal Rule of Civil Procedure requires personal service of subpoenas. Fed. R. Civ. P. 45(b)(1); *Robertson v. Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("roper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance"); *Armendariz v. Chowaiki*, 2015 U.S. Dist. LEXIS 193071, *3 (W.D. Tex. June 11, 2015) ("personal delivery is the only method specified to serve a subpoena under Rule 45 and it must be personally delivered to the individual named"). Delivering the subpoenas on Southwest's counsel is not proper service. *Armendariz*, 2015 U.S. Dist. LEXIS 193071, *3 (*citing Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) ("service of subpoena on party's attorney instead of the party 'renders such service a nullity.'")). Additionally, several of the individuals Carter attempted to subpoena are not Southwest employees (*e.g.*, Emlet, Shaffer, and others) and/or work and reside more than 100 miles from the location of trial (*e.g.*, Schneider, Emlet, Nevarez, Talburt, and others) and thus are not subject to subpoena.

Fed. R. Civ. P. 45(c)(1), (d)(3)(A)(ii). As such, even apart from the Court's instruction at the pretrial conference and Southwest's and Local 556's efforts to provide information and otherwise cooperate with Carter's counsel regarding trial attendance, the subpoenas are technically deficient under Rule 45 and should be quashed.

Accordingly, for these reasons, Southwest and Local 556 respectfully request that the Court enter an order relieving Southwest and Local 556 of compliance with the above referenced subpoenas, and any further relief that the Court deems Southwest and Local 556 entitled.

Dated: June 23, 2022

Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR SOUTHWEST AIRLINES CO.**

*/s/ Edward B. Cloutman, III*
Edward B. Cloutman, III
State Bar No. 04411000
ECLOUTMAN@LAWOFFICES.EMAIL

Law Offices of Ed Cloutman, L.L.C.
618 Largent Ave.,
Dallas, TX 75214
Phone 214.232.9015

*/s/ Adam S. Greenfield*
Adam S. Greenfield
State Bar No. 240 754 94
AGREENFIELD@CANDGLEGAL.COM

Cloutman & Greenfield, PLLC
6217 Bryan Parkway
Dallas, TX 75214
Phone 214.642.7486

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

3

## CERTIFICATE OF CONFERENCE

As referenced above, on the 17th day of June, 2022, Paulo McKeeby, counsel for Defendant Southwest Airlines Co., conferred with counsel for Plaintiff regarding the trial subpoenas referenced herein. Counsel for Plaintiff advised that Plaintiff is opposed to the relief requested herein.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 23rd day of June, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
