UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

|  |  |
|---|---|
| CHARLENE CARTER,<br><br>                  Plaintiff,<br><br>V.<br><br>SOUTHWEST AIRLINES CO., AND<br>TRANSPORT WORKERS UNION OF AMERICA,<br>LOCAL 556,<br><br>                  Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S RESPONSE
TO SOUTHWEST AIRLINES CO.'S AND TRANSPORT WORKERS UNION OF
AMERICA LOCAL 556'S MOTION TO QUASH**

Plaintiff Charlene Carter ("Carter") hereby responds to Southwest Airlines Co. ("Southwest") and Transport Workers Union of America Local 556's ("Local 556") Motion to Quash. The Court should deny Southwest and Local 556's Motion to Quash. Pursuant to Carter's service of subpoenas on Southwest's and Local 556's counsel, Southwest and Local 556 have a continuing duty to make Carter's witnesses—all employees under the control of Southwest or the union—available for trial.

Prior to the pre-trial conference, Carter served Southwest and Local 556 with subpoenas for witnesses under their control, many of whom Southwest and Local 556 never disclosed in their initial disclosures and for the remainder of whom the company and the union provided no address or contact information pursuant to Federal Rules of Civil Procedure Rule 26(a)(i)'s requirements. Instead, Southwest and Local 556 indicated for Carter to contact these witnesses through counsel, which she has now done with her service.

1

Following the June 16, 2022 pretrial conference, Carter worked with Southwest and Local 556 to personally serve trial witnesses with subpoenas, in accordance with the Court's instructions (Tr. 144:11-14), including those out of state and outside of a 100-mile radius from the Court. Carter has now personally issued trial subpoenas to Gutierrez, Hudson, Barnett, Burdine, Lacore, Shaffer, Nevarez, Parker, Parrott, Stone and Talburt.[1] To date, Carter has received confirmation that Hudson, Nevarez, Shaffer, Parker, and Stone,[2] have been served with trial subpoenas, and the process servers have not, to Carter's knowledge as of this filing, yet been successful in serving the others.[3] While Carter has personally served or is personally serving trial subpoenas on these witnesses, Southwest and Local 556 have a continuing duty, pursuant to Carter's prior service of subpoenas on Southwest's and Local 556's counsel, and through the Court's inherent power, to make these witnesses—all Southwest employees under the control of Southwest and/or the union—available for trial.

During the pretrial conference, the Court explained that "even if [the plaintiff] serve[s] those subpoenas separately, I think Southwest would still have a continuing duty at that point with a duly-served subpoena to make that person available for trial." (Tr. 145:22-25). The Court added that, for witnesses who refuse to accept validly served trial subpoenas, Southwest and Local 556's "collective control should be able to get them here." (Tr. 146:9-22). Carter's trial subpoenas served on Southwest and Local 556 remain valid and effective as to the company's and the union's continuing duties to make witnesses available.

---

[1] Contrary to Defendants' suggestions in their Motion to Quash, Local 556 refused to agree to produce Parrott and Stone during Carter's case-in-chief, asserting their lack of control over the union's former Executive Board Members. As a result, Carter personally served trial subpoenas on Parrott and Stone.

[2] Stone's attorney, Joseph Gillespie, agreed to accept service for Stone on her behalf.

[3] Carter also served subpoenas on Southwest's counsel for Emlet and Schneider. Carter and Southwest have been attempting to reach agreement for presenting these witnesses for Carter's case-in-chief that would foreclose the necessity of personal service.

The Court should reject Southwest and Local 556's arguments for quashing these subpoenas, and has seemingly rejected these arguments[4] already. Southwest and Local 556 can hardly object to Carter serving counsel with these witness subpoenas when both the company and the union refused to disclose witnesses' personal addresses and contact information in their initial disclosures (or altogether failed to identify to identify them). It was Southwest and Local 556 who insisted that Carter reach witnesses through counsel. Southwest and Local 556 have indeed provided information to complete personal service, but there is no defect that precludes the company and union from making sure that witnesses under their control appear at trial for Carter's case-in-chief.

The Court has further explained: "Control stretches as far as the corporation does," and the employees must do "anything the corporation tells them lawfully to do." (Tr. 142:17-24). For those witnesses beyond 100 miles, the Court stated, "we are again relying on control of the corporation to get them here, the corporation being Southwest." (Tr. 144:11-14). This is consistent with courts holding that, apart from the subpoena power, courts have the inherent power to compel a party appear at trial.[5] While Emlet and others may no longer work for the company, Southwest at least exercises enough control over these individuals to obtain their appearance as witnesses for the company; thus, Southwest's objections about the company's control over these witnesses are equally unavailing. Southwest cannot produce a witness in its own case but then claim that it has no power to make the same witness available during the plaintiff's.

---

[4] *See* Defs. Mot. 2 (that Carter served the subpoenas on Southwest's and Local 556's counsel, that some individuals are no longer Southwest employees, and that several individuals reside more than 100 miles from Dallas).

[5] *Clark v. Wilkin*, No. 2 06 CV 693 TS DN, 2008 WL 648542, at *2 (D. Utah Mar. 10, 2008).

Accordingly, the Court should decline to quash Carter's subpoenas served on Southwest and Local 556 until such time that they have produced these witnesses for Carter's case-in-chief at trial.

## Conclusion

For the foregoing reasons, Carter respectfully requests that the Court deny Southwest and Local 556's motion to quash until employees under Southwest's and Local 556's control have appeared at trial.

Dated: June 28, 2022                                Respectfully submitted,


s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

**<u>Certificate of Service</u>**

I hereby certify that on June 28, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record

/s/ Matthew B. Gilliam