IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO. AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

JOINT STATUS REPORT REGARDING
WITNESSES WITH UNRESOLVED ISSUES

Pursuant to the Court's June 29, 2022 Electronic Order, Plaintiff Charlene Carter ("Carter"), Defendant Southwest Airlines Co. ("Southwest"), and Defendant Transport Workers Union of America, Local 556 ("Local 556") (collectively, "the Parties"), through their counsel of record, submit this Joint Status Report regarding witnesses with unresolved issues

| Witness Name | Mutual Agreement to Produce the Witness at All/Any Times that Any Party Wants the Witness Produced | Relief Sought by Carter | Other Information |
|---|---|---|---|
| Tammy Shaffer | No | None | Ms. Shaffer, a former Southwest employee, lives within 100 miles and has been served with a subpoena for trial. She has told Southwest she will be |

1

| | | | |
|---|---|---|---|
| | | | at trial. |
| Naomi Hudson | No | None | Ms. Hudson, a former Southwest employee, lives within 100 miles of the Court and has been served with a subpoena for trial. She has told Southwest she will be at trial. |
| Denise Gutierrez | No | None. | Ms. Gutierrez, a former Southwest employee, lives within 100 miles of the Court and has been served with a subpoena for trial. She has told Southwest she will be at trial. |
| Mike Sims | Yes | None | |
| Ed Schneider | Yes[1] | None | |
| Maureen Emlet | Yes[2] | None | |
| Audrey Stone | No | Ms. Stone has been subpoenaed for trial, is a current Southwest employee and Local 556 member, and both Southwest and Local 556 have listed her as a probable witness for trial. Local 556 has not definitively agreed to produce | Ms. Stone, a Florida resident, is a current Southwest employee and Local 556 member. Ms. Stone's private attorney entered into an agreement with Carter accepting service of a subpoena for trial but has not committed to |

---

[1] Carter has requested that Mr. Schneider be available on July 7 and 8. Southwest has agreed subject to Carter's counsel providing a more narrow timeframe as to his attendance as the trial proceeds.

[2] Carter has requested that Ms. Emlet be available on July 7 and 8. Southwest has agreed subject to Carter's counsel providing a more narrow timeframe as to his attendance as the trial proceeds.

2

| | | | |
|---|---|---|---|
| | | Stone for trial.[3] Between them, as Ms. Stone's employer and her union, Southwest and Local 556 have the power to secure Stone's attendance at trial. Carter requests that the Court require that Southwest and/or Local 556 commit to making Ms. Stone available at any time a party requests her testimony (subject to the Court's instructions on notice at the Pretrial Conference). | producing her at trial. Local 556 also would not definitively agree to produce Ms. Stone at trial.<br><br>**Local 556 response:** Defendant does not have custody or control of this witness as she is no longer a member of the Union's Executive Board and/or an Agent of the Union. The witness is outside of subpoena power, but has agreed to appear on July 7, 2022.<br><br>**Southwest's Response:** While Southwest does not have the authority to compel Ms. Stone's attendance at trial, Ms. Stone has indicated to Southwest that she intends to appear and has secured appropriate travel arrangements. |
| Brett Nevarez | No | For readability reasons, the positions of Southwest and Carter on Mr. Nevarez, Ms. Parker, Mr. Talburt, and Ms. Lacore are presented below this chart. | Mr. Nevarez, a current Southwest employee and Local 556 member, lives in New Mexico and was served with a subpoena for trial. Southwest has reached out to Mr. |

---

[3] *See* Email from Adam Greenfield to Bobby Pryor dated June 17, 2022, attached at APP 16.

| | | | |
|---|---|---|---|
| | | | Nevarez to coordinate travel to Dallas but has not received confirmation from Mr. Nevarez that he will attend trial.<br><br>**Local 556 response:** Defendant does not have custody or control of this witness as he is no longer a member of the Union's Executive Board and/or an Agent of the Union. The witness is outside of subpoena power and has not agreed to appear. |
| Jessica Parker | No | For readability reasons, the positions of Southwest and Carter on Mr. Nevarez, Ms. Parker, Mr. Talburt, and Ms. Lacore are presented below this chart. | Ms. Parker, a current Southwest employee and Local 556 member, lives in Colorado and was served with a trial subpoena on June 24, 2022.  Southwest has reached out to Ms. Parker to coordinate travel to Dallas but has not received confirmation from Ms. Parker that she will attend trial.<br><br>**Local 556 response:** Defendant does not have custody or control of this witness as she is no longer a member of the Union's Executive Board and/or an Agent of the Union. The |

4

|  |  |  | witness is outside of subpoena power and has not agreed to appear. Ms. Parker was previously deposed as a 30(b)(6) witness. |
| --- | --- | --- | --- |
| John Parrot | No | Mr. Parrot has been subpoenaed for trial and is a current Southwest employee and Local 556 member. Between them, as Mr. Parrot's employer and his union, Southwest and Local 556 have the power to secure his attendance at trial. Carter requests that the Court require that Southwest and/or Local 556 commit to making Mr. Parrot available at any time a party requests his testimony (subject to the Court's instructions on notice at the Pretrial Conference). In the alternative, Carter requests that the Court instruct Southwest to coordinate with Parker to arrange for Mr. Parrot to meet a process server to be served with his trial subpoena. | Mr. Parrot, a current Southwest employee and union member, lives within 100 miles of the Court. Carter has issued a subpoena, but service attempts have so far been unsuccessful.<br><br>**Local 556 response:** Defendant does not have custody or control of this witness as he is no longer a member of the Union's Executive Board and/or an Agent of the Union. The witness is outside of subpoena power, but has agreed to appear on July 6, 2022. |
| Brian Talburt | No | For readability reasons, the positions of Southwest and Carter on Mr. | Mr. Talburt, a current Southwest employee and union member, lives in Arizona. |

| | | | |
|---|---|---|---|
| | | Nevarez, Ms. Parker, Mr. Talburt, and Ms. Lacore are presented below this chart. | Carter has issued a trial subpoena, but service attempts have so far been unsuccessful. Attempts were made on June 24 and June 27, and the process server will continue to attempt to serve Mr. Talburt.<br><br>**Local 556 response:** Defendant does not have custody or control of this witness as he was never a part of the Union's Executive Board and/or an Agent of the Union. The witness is outside of subpoena power and has not agreed to appear. |
| Sonya Lacore | No | For readability reasons, the positions of Southwest and Carter on Mr. Nevarez, Ms. Parker, Mr. Talburt, and Ms. Lacore are presented below this chart. | Ms. Lacore, a current Southwest employee, lives within 100 miles of the Court. Carter has issued a trial subpoena, but service attempts have so far been unsuccessful. Attempts were made on June 24, 25, and 27.  In the attempt on June 25, Ms. Lacore's husband accepted the process server's card, but Ms. Lacore has not contacted the process server.  In the attempt on June 27, the process server reports |

6

| | | | there was television noise from inside the residence, but no one answered the door. |
|---|---|---|---|

**Sonya Lacore**

Carter's Position:

Ms. Lacore, a Southwest employee, has not been served with a trial subpoena and lives within 100 miles of the Court, but Southwest has taken the position she is unavailable for trial. Southwest counsel, Paulo McKeeby, represented to the Court at the Pretrial Conference that Ms. Lacore was unavailable for trial because of "out of town vacation" plans the first week of trial and out of town business the second week and suggested that, instead of her testifying at trial, Carter be permitted to take a one-hour deposition of Ms. Lacore.[4] This representation, which led to a one-hour deposition, was false. Ms. Lacore testified during her one-hour deposition that her "plans" are to be at home in the Dallas area the first week of trial for family time, including watching a nephew of a sick relative.[5] Ms. Lacore is a crucial witness at trial, and the one-hour deposition was wholly inadequate to, in any understandable manner, cover her highly relevant involvement, such as her communication from a union employee (Brian Talburt, one of President Stone's Core Team supporters and the union's Contract Action Network representative—a communicator for the contract negotiation team) about targeting persons viewed as anti-union,[6] a communication not on her Southwest employee email but on her private email account (and with the communication from the union employee stating that it was the final installment, although the other installments were not produced and Ms. Lacore said she never searched for all of her communications with such

---

[4] Pretrial Conference Tr., 161:22-162:4 (APP 13-14).
[5] Deposition of Sonya Lacore, 50:7-24 (APP 26).
[6] *Id.,* 25:11-26:16 and Exhibit 14 (APP 24, 30).

union employee[7]). This suggested targeting of anti-union employees using Southwest's social media policy is exactly what happened to Ms. Carter and, not by coincidence, Ms. Lacore was included on Ms. Stone's complaint about Ms. Carter which led to Ms. Carter's termination.[8]

Carter requests that the Court order Southwest to make Ms. Lacore available to testify at trial at any time a party requests her testimony (subject to the Court's instructions on notice at the Pretrial Conference).

**Southwest's Position:**

As the Court may recall, Ms. Carter served Mr. McKeeby with 15 trial subpoenas the afternoon prior to the pre-trial conference. Rather than ignore the subpoenas, which did not comply with Rule 45, Mr. McKeeby coordinated with his contact at Southwest to attempt to discern the status of each of the 15 subpoenaed witness. His representations to the Court the next day were based on those efforts. Mr. McKeeby was advised that Ms. Lacore was on vacation during the week of July 4, which he understood to be an out of town vacation. When she was deposed, Ms. Lacore testified that she was taking vacation time, but was remaining in Dallas to care for the children of her nephew, who is getting treatment for cancer during that week. As such, Southwest's position remains that she is unavailable for these reasons. Ms. Lacore sat for deposition as ordered by the Court and Carter is able to utilize her testimony at trial.

**Brian Talburt, Brett Nevarez, and Jessica Parker**

**Carter's Position:**

Brian Talburt, a current Southwest employee and union member and the employee who sent the emails discussed above to Ms. Lacore, making him, for among other reasons, a crucial witness

---

[7] *Id.,* 48:17-49:1 (APP 25).
[8] Trial Ex. 66 (APP 1).

for trial who has not been deposed. Mr. Talburt lives in Arizona, Mr. Nevarez in New Mexico, and Ms. Parker in Colorado.

Carter previously served Southwest's attorneys with a subpoena for each of them. At the pretrial conference, the Court explained as follows:

> Even if you serve those subpoenas separately, I think Southwest would still have a continuing duty at that point with a duly-served subpoena to make that person available for trial.
> . . .
> So, again, if we have the corporation -- I mean, you need to flag for me if there is an Union issue, right? Union, in my mind, and Southwest should both be telling the person, Hey, you are under the control collectively of Southwest and the Union, and Southwest and Union need you at trial because you were subpoenaed.[9]

Accordingly, Carter issued a subpoena addressed to Mr. Talburt, Mr. Nevarez, and Ms. Parker and hired a process server in their home states to attempt to serve them, paying rush fees, successfully serving Mr. Nevarez and Ms. Parker, but Carter's process server has not yet been successful in serving Mr. Talburt despite multiple attempts. The schedule information provided by Southwest shows on what days Mr. Talburt will be flying and what cities, but flight attendants deplane beyond TSA checkpoints that are unreachable by non-travelers, such as process servers.

Carter requests that the Court implement the course of action it suggested at the Pretrial Conference and require Southwest and Local 556 to coordinate to ensure Mr. Talburt, Mr. Nevarez, and Ms. Parker testify at trial at any time a party requests their testimony (subject to the Court's instructions on notice at the Pretrial Conference). If the Court is to require that Mr. Talburt be personally served before it issues such an order, Southwest and Local 556 should be instructed to cooperate with Carter to allow process servers to personally serve Mr. Talburt with his trial subpoena.

---

[9] Pretrial Conf. Tr., 145:22-25, 146:6-12, APP 11-14.

In the alternative, and it is not a good substitute, Carter requests that she be permitted to subpoena these witnesses to testify at trial from their homes in Arizona, New Mexico, and Colorado using Zoom or a similar platform. Such a procedure was permitted by at least one court in the Fifth Circuit given that the subpoena did not command the witness to testify outside the permissible subpoena range.[10] If such a procedure is used, Carter requests that Southwest and Local 556 be instructed to cooperate with Carter to allow process servers to personally serve each of these witnesses with subpoenas.

In the further alternative, and this is the least preferable option since the parties are preparing for trial, Carter should be permitted to take full depositions of Mr. Talburt, Mr. Nevarez, and Ms. Parker before trial by Zoom. Again, if such a procedure is used, Carter requests that Southwest and Local 556 be instructed to cooperate with Carter to allow process servers to personally serve each of these witnesses with subpoenas.

**Southwest's Position**

At the pre-trial conference, Southwest understood the Court to require Carter to effectuate service of proper Rule 45 subpoenas on the out of town witnesses. Consistent with that understanding, Carter's counsel has attempted to serve these witnesses. Southwest further understood that once the subpoenas were served, it should attempt to coordinate with the witnesses to schedule their travel arrangements to Dallas. After the pre-trial conference, Southwest provided Ms. Carter with the last known address and flight schedule for each of the four out of town Flight Attendant witnesses.

When Carter's counsel advised Southwest's counsel yesterday that Mr. Nevarez and Ms.

---

[10] *In re Xarelto (Rivaroxaban) Products Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017).

Parker were served, Southwest contacted them to confirm their attendance at trial and to assist them, if necessary, with travel arrangements. Southwest has not yet heard back from Mr. Nevarez or Ms. Parker as of the deadline for filing this report. While Southwest's position is that it does not have the ability to secure the attendance of these witnesses at trial, it will continue to coordinate with them to facilitate their travel to Dallas and appearance at trial.

With respect to Mr. Talburt, once he is served with a Rule 45 subpoena, Southwest will, as with the other Flight Attendant witnesses, will cooperate to coordinate his attendance at trial.

**TWU Local 556 Position:**

The Union objects to the above portions provided by Plaintiff as they have not provided adequate time for response to the numerous citations to records, deposition testimony, and exhibits. The Union provided its position to the Plaintiff on or about 2:45pm, but did not receive a response until 5:44pm, with actual receipt at 6:15 pm.

The Union further objects to Plaintiff's requests as an abuse of the rules of discovery. Mr. Navarez, Mr. Talburt, and Ms. Parker were either listed previously by the parties in their Rule 26 initial disclosures as potential witnesses in this case or have already been deposed. Plaintiff made the conscious decision to only depose Ms. Parker, and even then, only as a 30(b)(6) corporate representative. Plaintiff cannot show good cause for not taking depositions of these witnesses prior to the closing of discovery.

In regard to Brian Talburt, his testimony and email communications are part and parcel to the Unions motion in *limine* regarding "comparator-style" evidence. Mr. Talburt has never been nor is currently an Executive Board Member of the Union and/or an agent of the Union. Plaintiff is attempting to conflate someone who worked on a Union campaign with someone who has any actual ability to bind the union through an agency argument. Assigning agency to Mr. Talburt

would equate to assigning agency to anyone supporting Ms. Stone's Presidency. If this were the case, based on Plaintiff's argument to the court regarding shifting presumptions, the Union would be potentially liable any time a supporter of the party in power reported a political opponent to Southwest. Plaintiff's interpretation of the law would completely erode employees' federally protected rights to be free from harassment and discrimination.

Furthermore, Mr. Talburt's testimony is not crucial because it is irrelevant to any decision to terminate Charlene Carter's employment. Assuming, *arguendo*, that this Court agrees with Plaintiff to the potential relevance of his testimony, the testimony should be excluded as its probative value is substantially outweighed by the prejudice it may cause the jury. Any employee of Southwest airlines has the ability to "report" another employee to the company for perceived violations of Southwest's policies and procedures. The ball then falls to Southwest on proper discipline.

Pertaining to Ms. Parker and Mr. Navarez, the Union has consistently expressed to the Court and to opposing counsel that they do not have control over either individual as they are no longer Executive Board Members and/or Agents of the Union. Counsel for the Union is unaware of any mechanism to force their appearance and/or punish the individuals for their failure to appear at either trial or deposition.

| | |
|---|---|
| DATED: June 29, 2022 | Respectfully submitted, |
| By: s/ Matthew B. Gilliam<br>Matthew B. Gilliam (*pro hac vice*)<br>New York Bar No. 5005996<br>*mbg@nrtw.org*<br>c/o National Right to Work Legal Defense Foundation, Inc.<br>8001 Braddock Road, Suite 600<br>Springfield, Virginia 22160<br>Tel: 703-321-8510<br>Fax: 703-321-9319<br><br>Bobby G. Pryor<br>State Bar No. 16373720<br>bpryor@pryorandbruce.com<br>Matthew D. Hill, Of Counsel<br>State Bar No. 24032296<br>mhill@pryorandbruce.com<br>PRYOR & BRUCE<br>302 N. San Jacinto<br>Rockwall, TX 75087<br>Telephone: (972) 771-3933<br>Facsimile: (972) 771-8343<br><br>***Attorney for Plaintiff Charlene Carter*** | By: s/ Paulo B. McKeeby (*with permission*)<br>Paulo B. McKeeby<br>Texas Bar No. 00784571<br>*pmckeeby@reedsmith.com*<br>Brian K. Morris<br>Texas Bar No. 24108707<br>REED SMITH LLP<br>2850 N. Harwood Street, Suite 1500<br>Dallas, Texas 75201<br>Tel: 469-680-4200<br>Fax: 469-680-4299<br><br>***Attorneys for Defendant Southwest Airlines Co.***<br><br>By: s/ Adam S. Greenfield (*with permission*)<br>Edward B. Cloutman, III<br>Texas Bar No. 04411000<br>*ecloutman@lawoffices.email*<br>Adam S. Greenfield<br>Texas Bar No. 24075494<br>*agreenfield@candglegal.com*<br>LAW OFFICE OF CLOUTMAN<br>& GREENFIELD, P.L.L.C.<br>3301 Elm Street<br>Dallas, Texas 75226-1637<br>Tel: 214-939-9222<br>Fax: 214-939-9229<br><br>***Attorneys for Defendant Transport Workers Union of America, Loc 556*** |