UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>　　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

## DECLARATION OF BOBBY G. PRYOR

Pursuant to 28 U.S.C. § 1746, I, Bobby G. Pryor, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. My name is Bobby G. Pryor and if called to testify I could testify as follows:

2. I am an attorney licensed in Texas and represent Charlene Carter in this case. I have over 35 years of active experience as a trial attorney and have tried over 100 trials in my career, with cases ranging from slip-and-falls to employment discrimination cases to commercial disputes with tens of millions of dollars at stake.

3. I have the utmost respect for the experience of this Court and its conclusions as to jury time limits based on the information readily available to it.

4. However, in preparing this case for trial and considering all of the anticipated evidence and witnesses, as discussed in Plaintiff's Motion Regarding Time Limits and Brief in Support, I conclude that a twelve-hour jury time limitation on Plaintiff will not be reasonable given the Court's interests in conducting an efficient trial and presenting a comprehensible case to the jury.

1

5.  I grant that estimating trial time is necessarily inexact and I am unable to say it is not possible that the current twelve-hour limitation could protect Plaintiff's right to trial. However, I can say that such a limitation at the outset of trial will much more likely than not result in a disruption to Plaintiff's case that will require Plaintiff to truncate or eliminate crucial testimony or otherwise present information in a manner that will not be conducive to comprehension by the trier of fact. Further, the prospect of additional hours of jury time being granted at some point during trial after one or more witnesses have testified is unlikely to effectively cure this defect.

6.  I believe that while no jury time limit is more appropriate for a case like this with the Court exercising its inherent power to ensure an efficient proceeding that 26.25 hours would be a more reasonable time limit at the outset of the trial.

7.  The following statements as to witnesses, their titles and need for testimony at trial are based on my review of nonprivileged materials in this matter, including documents produced and depositions taken. Further, it assumes that all of the witnesses will be available to testify live at trial or by deposition, and, at this point, though Plaintiff has been diligent in attempting service, several witnesses have not yet been served personally with subpoenas, including Sonya Lacore, John Parrot, Melissa Burdine, and Brian Talburt:

   a. Carter's own testimony, with relevant activity including relevant portions of her life story that inform her heartfelt religious beliefs and actions she took which are at issue in the lawsuit, union and religious activities while at Southwest beginning in 1996 with particularly involved activity from 2013 to 2017 including her termination, and her damages, will likely require four or more hours of direct testimony, involving numerous documents and numerous social media posts that will require testimony, and 30 minutes or more on redirect.

b. Former Local 556 President, Audrey Stone, the union official who reported Ms. Carter for discipline, has testimony relevant to Carter's claims based on her activities from 2013 to 2017. Stone also testified as Local 556's Federal Rule of Civil Procedure Rule 30(b)(6) representative. Stone's testimony will likely involve three or more hours of direct testimony and 30 minutes or more on redirect.

c. In all likelihood, half or more of Carter's current twelve-hour allotment of jury time will have been expended on these two witnesses.

d. Carter's one-hour deposition of Sonya Lacore was inadequate to cover her highly relevant involvement in Carter's claims. Two or more hours of testimony from Ms. Lacore is likely necessary at a minimum to address this evidence in context and to cover relevant documents, with fifteen minutes or more on redirect.

e. Carter should also call Southwest management employees regarding the company's disciplinary investigation and termination of Carter under the company's social media policies (including its failure to initiate accommodation efforts), Southwest management's interactions with President Stone, the recall effort to remove union leadership, and union actors' attempts to discipline recall supporters.  These witnesses include: Mike Sims (Southwest's corporate representative at deposition and Director of Inflight Relations), Ed Schneider (Southwest's Denver Base Manager who conducted Carter's investigation), Maureen Emlet (Southwest's Labor Relations Manager, retired), Brendon Conlon (Southwest's Director of Labor Relations), Melissa Burdine (Southwest's Labor Relations Manager), Nancy Cleburn (Southwest's Accommodations and Career Transition Team Leader), and Naomi Hudson (Southwest's Senior Director Labor Relations).  These seven witnesses will likely involve six or more hours of testimony, even when carefully avoiding

duplicative testimony and focusing on the witness's involvement, and an additional one or more hours for redirect.

f. Similarly, there are recall leader Jeanna Jackson and former Local 556 officials to be called as witnesses for similar topics, such as John Parrott (former Local 556 Secretary-Treasurer), Jessica Parker (former Working Women's Committee Chair), Brian Talburt (Stone's Core Team member and Contract Action Network representative), and Brett Nevarez (former Local 556 Second Vice President)[1]. These witnesses' testimony will include topics regarding the union Women's March event (and the union's financial support for members' participation in the march), the recall effort to remove union leadership, union animus toward Carter, and union actors targeting their opponents on social media. Talburt's testimony alone is likely to involve two or more hours of direct testimony. I anticipate that these witnesses will collectively involve five or more hours of direct examination and one hour or more on redirect.

g. The opening and closing, as well as cross-examination of witnesses to be called by Defendants are still to be accounted for, and three or more hours is likely to be a minimum amount of jury time for Carter.

Executed on June 30, 2022.

/s/ Bobby G. Pryor_____
BOBBY G. PRYOR

---

[1] Mr. Nevarez has been served with a trial subpoena, but Local 556 has told the Court that he is outside the subpoena power and has not agreed to appear. Pursuant to the Court's order today, Carter continues to seek to present Mr. Nevarez's testimony either by deposition or live at trial.