Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLENE CARTER,            )
                            )
     Plaintiff,             )
                            )
VS.                         ) CIVIL ACTION
                            )
SOUTHWEST AIRLINES CO.,     ) NO.: 3:17-cv-02278-X
AND TRANSPORT WORKERS       )
UNION OF AMERICA, LOCAL     )
556,                        )
                            )
     Defendants.            )

-------------------------------

VIDEOCONFERENCE ORAL AND VIDEOTAPED DEPOSITION OF
NANCY CLEBURN
JUNE 29, 2022

-------------------------------

VIDEOCONFERENCE ORAL AND VIDEOTAPED DEPOSITION
OF NANCY CLEBURN, produced as a witness at the
instance of the Plaintiff, and duly sworn, was
taken in the above-styled and numbered cause on
June 29, 2022, from 10:59 a.m. to 11:20 a.m., via
Zoom Videoconference, before Melody A. Monk, CSR
in and for the State of Texas, reported by machine

Page 2

1   shorthand, with the witness located in Grand
2   Prairie, Texas, pursuant to the Federal Rules of
3   Civil Procedure, and the provisions stated on the
4   record or attached hereto.

Page 3

1          A P P E A R A N C E S
2   (All parties appearing via Zoom Videoconference)
3   FOR THE PLAINTIFF:
4
       MATTHEW D. HILL
5      Pryor & Bruce
       302 North San Jacinto
6      Rockwall, Texas 75087
       972.771.3933
7      Mhill@pryorandbruce.com
8      MATTHEW B. GILLIAM
       National Right to Work Legal Defense
9         Foundation, Inc.
       8001 Braddock Road, Suite 600
10     Springfield, Virginia 22160
       703.321.8510
11     Mbg@nrtw.org
12
   FOR THE DEFENDANT SOUTHWEST AIRLINES CO.:
13
       JOSEPH MAMMONE
14     PAULO B. MCKEEBY
       Reed Smith
15     2850 North Harwood Street
       Suite 1500
16     Dallas, Texas 75201
       Jmammone@reedsmith.com
17     Pmckeeby@reedsmith.com
18
   FOR THE DEFENDANT TRANSPORT WORKERS UNION OF
19 AMERICA:
20     EDWARD B. CLOUTMAN, III
       Law Offices of Edward Cloutman III
21     3301 Elm Street
       Dallas, Texas 75226
22     214.232.9015
       Ecloutman@lawoffices.email
23
24
25

Page 4

1      ADAM S. GREENFIELD
       Cloutman & Greenfield, PLLC
2      3301 Elm Street
       Dallas, Texas 75226
3      Agreenfield@candglegal.com
4
5   ALSO PRESENT:
       Lisa Block, Videographer
6      Charlene Carter
       Lauren Armstrong
7      Chris Maberry

1 (Pages 1 to 4)

Page 5

```
 1              INDEX
                              PAGE
 2   Appearances................... 2
 3
 4   NANCY CLEBURN
 5       EXAMINATION BY MR. HILL.............. 7
         EXAMINATION BY MR. GREENFIELD..........21
 6
     Witness's Signature Page............... 23
 7
     Reporter's Certificate Page............ 26
 8
 9
10            EXHIBITS
11   NO.  DESCRIPTION              PAGE
12   10 - Disability Discrimination & Workplace
          Accommodation Policy.........................11
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 6

```
 1        THE VIDEOGRAPHER:  We're going on the
 2   record June 29th, 2022 for the deposition of Nancy
 3   Cleburn in a case styled Charlene Carter versus
 4   Southwest Airlines Company and Transport Workers
 5   Union of America, Local 556, Civil Case
 6   3:17-cv-02278-X in the United States District
 7   Court for the Northern Dics -- District of Texas,
 8   Dallas Division.
 9        The time is approximately 10:59.  Will
10   counsel state their appearances, locations, and
11   stipulations or agreements for the record;
12   following, will the court reporter please swear in
13   the witness.
14        MR. HILL:  Matt Hill for plaintiff,
15   Charlene Carter, and Matt Gilliam is also for
16   Ms. Carter.  Mr. Gilliam is in Virginia, and I'm
17   in Rockwall, Texas.
18        MR. MAMMONE:  Joseph Mammone for
19   defendant Southwest Airlines Co.  I'm in Dallas,
20   Texas.
21        MR. GREENFIELD:  Adam Greenfield on
22   behalf of Transport Workers Union, Local 556.  I'm
23   in Dallas, Texas.  As well as Edward Cloutman,
24   III, also on behalf of the union, who is also in
25   Dallas, Texas.
```

Page 7

```
 1             NANCY CLEBURN,
 2   having been first duly sworn, testified as
 3   follows:
 4             EXAMINATION
 5   BY MR. HILL:
 6       Q.  Ms. Cleburn, can I get you to introduce
 7   yourself for the jury?
 8       A.  Certainly.  My name is Nancy Cleburn.
 9       Q.  And what, what is your job, Ms. Cleburn?
10       A.  I work for Southwest Airlines, and I am a
11   team leader of the accommodations team.
12       Q.  Are there multiple team leaders in the
13   accommodations team?
14       A.  No.
15       Q.  You're, you're the one that's in charge?
16       A.  Yes, I am the team leader, yes.
17       Q.  Okay.  How long have you been in that
18   role?
19       A.  I've been in this role for about three
20   years.
21       Q.  So you started it in 2019?
22       A.  Yes.
23       Q.  What did you do before then?
24       A.  Before then, I was a team leader of the
25   new hire and front lobby of Southwest Airlines for
```

Page 8

```
 1   the people department.
 2        THE REPORTER:  I'm sorry, I didn't
 3   understand that.  I was a team leader for the new
 4   hire and what?
 5       A.  Front lobby, so the welcome lobby for the
 6   people department.
 7       Q.  Did you have any role with the
 8   accommodations team in 2017?
 9       A.  No, I did not.
10       Q.  Okay.  What -- and, and your first role,
11   your -- the first time that you had a, a role with
12   the accommodations team was in 2019; is that
13   right?
14       A.  Correct.
15       Q.  Okay.  One of the accommodations that the
16   accommodation team handles is religious
17   accommodations, right?
18       A.  Yes, that's correct.
19       Q.  Can you give me an example of religious
20   accommodation that Southwest has provided to an
21   employee?
22       A.  One that I can think of is that we have
23   given accommodations to individuals that ask for
24   an accommodation to wear headdress along with
25   their uniform when they perform their jobs, and we
```

Page 9

1  have ap -- approved those accommodations.
2      Q. What do you consider the role of the
3  accommodation team to be?
4      A. The accommodation team is a, a team that
5  assists employees with accommodations that will
6  assist them to do their essential job duties or
7  function.
8      Q. Is it also known as the ACT team?
9      A. Yes, we have been known as the ACT team as
10 well.
11     Q. Tell me about your process for providing
12 accommodations.
13     A. Accommodations typically come in through
14 what we call the employee service center, so an
15 employee would go out and log a request; employees
16 also often e-mail us to our team mailbox; and we
17 get accommodation requests from leaders who are
18 letting us know that one of their employees may
19 need an accommodation. That's the, the --
20     Q. Okay.
21     A. -- the three normal ways that we get that.
22     Q. Okay. So two of those ways are the
23 employee is somehow requesting an accommodation,
24 and one is a leader sees an accommodation that's
25 needed by an employee and identifies that for you,

Page 10

1  right?
2      A. Yes. An accommodation they may need, they
3  may -- they think the employee may need.
4      Q. And who are these leaders?
5      A. It depends on the circumstances. It could
6  be their supervisor or above.
7      Q. Okay. So someone that, that the person
8  reports up to at some level, directly or
9  indirectly?
10     A. Yes, typically. Yes.
11     Q. Okay. So are you ever consulted before
12 someone is terminated for engaging in a religious
13 practice?
14     A. No.
15     Q. That's not something the accounta -- I'm
16 sorry, that's not something the accommodations
17 team does?
18     A. No, not in my experience.
19        (Mr. McKeeby joins the Zoom).
20     Q. Are you ever asked about a religious
21 accommodation in con -- connection with employee
22 terminations?
23     A. I don't know. Not that I'm aware of.
24     Q. You've never been asked?
25     A. No. Not that I have been, huh-uh.

Page 11

1      Q. In terms of acts of discrimination based
2  on religion, is that something that the
3  accommodations team has any role in addressing or
4  investigating?
5      A. Could you repeat the question?
6      Q. Acts of discrimination based on religion,
7  is that something that the accommodations team has
8  any role in investigating or addressing?
9      A. Not -- I don't know. Not that I'm aware
10 of.
11     Q. So, so the ACT team's sole role is to
12 investigate whether a accommoda -- is when a
13 leader or a -- or an employee raises the issue to
14 them, they investigate whether the accommodation
15 is a reasonable one, given Southwest policies?
16     A. Yes, and depending upon the circumstances.
17     Q. Okay. I'm going to show you an exhibit.
18 It is Trial Exhibit 10.
19        (Exhibit 10 marked).
20     Q. Do you see Trial Exhibit 10?
21     A. I, I see it now.
22     Q. Is that Southwest's disability
23 discrimination and accommodation policy?
24     A. It is.
25     Q. You're familiar with this policy?

Page 12

1      A. Yes, I am familiar with this policy.
2      Q. Has that policy been the same since 2017?
3      A. As far as I'm aware, yes.
4      Q. I've highlighted a couple of things in
5  this exhibit for you. One thing it says here is
6  that Southwest provides other reasonable work --
7  workplace accommodations as required by law or
8  otherwise approved by Southwest leadership.
9         Do you see that?
10     A. Yes, I do.
11     Q. So there are -- so the way I understand
12 that, there's two different ways that, that
13 Southwest might grant an accommodation; one is if
14 it's required to by law, and, two, if it's not
15 required by law, then it's up to the discretion of
16 leadership. Is that your understanding of that?
17     A. I -- that is what I -- what it -- what I
18 read, yes.
19     Q. That's -- and that's how you apply it in
20 terms of your role at the accommodations team,
21 right?
22     A. It depends on the circumstances that the
23 individual brings, but, but, yes, we do it as
24 required by law. As far as I know, yes.
25     Q. Okay. And, and I want to point to the

Page 13

1  second thing that I've highlighted there where
2  it -- you're, you're providing accommodations
3  because of employees' religious beliefs but also
4  because of their practices, right?
5         MR. MAMMONE: Objection, calls for a
6  hypothetical.
7     A. It, it could be a practice.
8     Q. That's part of the policy, right, is that
9  you're accommodating practices?
10    A. That is what I see.
11    Q. And that's how you apply it in terms of
12 your, your role at the ACT team?
13    A. Depending on the circumstances of, of the
14 case and of the situation, yes.
15    Q. Do you sometimes not apply that, that --
16 do you sometimes choose not to accommodate
17 religious practices?
18    A. We look at --
19        MR. MAMMONE: Objection, calls for a
20 hypothetical.
21        You can answer.
22    A. We look at every case based on its own
23 merits. So every case is dependent upon that
24 case. We don't apply it across the board. It
25 depends on that case.

Page 14

1     Q. But if there's a reasonable accommodation
2  available, you provide it; is that right?
3     A. Yes. We do everything we can, yes.
4     Q. Well, that wasn't a -- that, that you
5  qualified that. That's not a yes.
6        Are there times when you don't provide
7  a reasonable accommodation where there is one?
8        MR. MAMMONE: Objection, calls for a
9  hypothetical.
10       You may answer.
11    A. There are cases in which we are not able
12 to accommodate. That's occa -- occasionally.
13    Q. Even where a reasonable accommodation
14 exists?
15       MR. MAMMONE: Objection, calls for a
16 hypothetical.
17       You may answer.
18    A. If there is a reasonable accommodation to
19 be made, we, we make it.
20    Q. Okay. Do you know who Charlene Carter is?
21    A. I do not.
22    Q. Have you ever heard that name?
23    A. Not before I was asked about this case,
24 to, to -- for this case.
25    Q. When you say you were asked for this case,

Page 15

1  are you talking about by attorneys or are you
2  talking about previous to that?
3     A. No, attorneys.
4     Q. Okay. So when -- so, so when in time did
5  you learn -- did you first learn that, that, that
6  she was terminated?
7     A. At the time that I received that
8  information from the attorney, which was about a
9  week ago.
10    Q. Okay. Did you ever, did you ever learn
11 that it was contemplated that she might be
12 terminated before, before that time?
13    A. No.
14    Q. Okay. Mike Sims testified that he asked
15 you if Ms. Carter had ever sought an accommodation
16 for religious purposes with the ACT team. Is that
17 true?
18    A. Not that I recall.
19    Q. Do you recall ever having a conversation
20 with Mike Sims about in -- about, about Ms. Carter
21 at all?
22    A. Not that I recall.
23    Q. Is that something that happens sometimes
24 in the context of an employee termination, that
25 someone comes to you and asks whether, whether

Page 16

1  that employee has sought a rel -- a, a -- an
2  accommodation?
3        MR. MAMMONE: Objection, calls for a
4  hypothetical.
5        You may answer.
6     A. Not necessarily with a termination. I do
7  occasionally have leaders that ask me if an
8  individual has asked for an accommodation.
9     Q. Okay. Okay. So let me, let me, let me
10 make sure that I understand what would happen in
11 the context of a termination. Your team would not
12 evaluate whether -- so, so if an employ -- if, if
13 neither a leader nor an employee had requested an
14 accommodation, your team wouldn't have any role in
15 evaluating whether Southwest policy could
16 accommodate a religious practice, right?
17    A. That is correct.
18    Q. And if an employee or a leader had not
19 asked for -- had, had not requested an
20 accommodation from your team, you wouldn't
21 evaluate the reasonableness of any accommodation
22 that could be provided for that employee; is that
23 right?
24    A. That is correct.
25        MR. MAMMONE: Objection.

Page 17

1  Q. If an employee -- if neither an employee
2  nor a leader had requested an accommodation, you
3  wouldn't evaluate whether an employee had a bona
4  fide religious belief that conflicted with a
5  employment requirement?
6      MR. MAMMONE: Objection, calls for a
7  hypothetical.
8      You may answer.
9  A. We -- no, we would have to have the, the
10 circumstances of the, of the request.
11 Q. And without a request, your team doesn't
12 do anything?
13 A. Not that I'm aware of.
14 Q. Where, where there's no request from a --
15 from an employee or a leader, your team wouldn't
16 evaluate whether a religious belief conflicted
17 with a -- with an employment requirement, would
18 they?
19     MR. MAMMONE: Objection, calls for a
20 hypothetical.
21 A. Could you repeat the question?
22 Q. Without a request for an accommodation
23 from a leader or from an employee, you and your
24 department would not evaluate whether a religious
25 belief con -- conflicted with an employment

Page 18

1  requirement, would you?
2      MR. MAMMONE: Same objection.
3  A. Not that I'm aware of, no.
4  Q. Without a request from a leader or an
5  employee, your department wouldn't evaluate
6  whether an employee was being discharged for
7  failing to comfly -- comply with a conflicting
8  requirement, would they?
9      MR. MAMMONE: Objection, calls for a
10 hypothetical.
11 A. Not that I'm aware of.
12 Q. Your, your policy -- and, and let's take a
13 quick look at that again. Your policy on Trial
14 Exhibit 10 requires that where a leader is --
15 let's see, it, it, it talks about an interactive
16 process that you engage in with the employee,
17 doesn't it?
18 A. Yes.
19 Q. And that, that interactive process -- you
20 wouldn't engage in that interactive process to
21 determine whether an, whether an accommodation was
22 available without a, without a reque -- without a
23 specific request from an employee or a leader,
24 right?
25     MR. MAMMONE: Objection, calls for a

Page 19

1  hypothetical.
2  A. Yeah, not, not, not -- no, not that I know
3  of.
4  Q. Okay. What is your home address,
5  Ms. Cleburn?
6  A. 2002 Ola Lane in Grand Prairie, Texas
7  75050.
8  Q. Can you spell Ola?
9  A. O-L-A.
10 Q. What did you do to prepare for this
11 deposition?
12 A. I did a prep with the attorneys.
13 Q. And when was that?
14 A. That was Monday.
15 Q. Is that the only time you met with the
16 attorneys?
17 A. Yes.
18 Q. Did you do, did you do anything else to
19 prepare?
20 A. No.
21 Q. Did you review any documents in
22 preparation for this deposition?
23 A. I did look at the discrimination workplace
24 policy.
25 Q. The Exhibit 10 that I showed you?

Page 20

1  A. Yes.
2  Q. Is there anything else you looked at?
3  A. No.
4  Q. We may be close to done. Let me, let me
5  take a quick break, and we'll come back.
6  A. Thank you.
7      THE VIDEOGRAPHER: Going off the
8  record at 11:15.
9      (Recess).
10     THE VIDEOGRAPHER: We're back on the
11 record with Clip 2 at 11:19.
12 Q. Oh, Ms. Cleburn, where are you gonna be
13 next week?
14 A. I -- I'm -- I have an -- a vacation
15 scheduled for next week to go to my -- to see my
16 sister in Florida.
17 Q. And what about the following week? And
18 the next week is the week of July 4th --
19 A. 4th.
20 Q. -- right?
21 A. Yes.
22 Q. And, and what about the week of July 11th?
23 A. The following week I'm -- I have a
24 vacation plan to go and take care of my parents in
25 Oklahoma City.

5 (Pages 17 to 20)

MELODY MONK REPORTING
888.988.5317

Page 21

```
 1      Q.  Are there any days on either of the week
 2   of the 4th or the week of the 11th that you'll be
 3   in town?
 4      A.  No.  I will be out.
 5          MR. HILL:  Okay.  I don't have any
 6   further questions.
 7          MR. MAMMONE:  No, no questions.
 8          MR. GREENFIELD:  I have a few.  This
 9   is Adam Greenfield speaking.
10                  EXAMINATION
11   BY MR. GREENFIELD:
12      Q.  Good morning, Ms. Cleburn.  My name is
13   Adam Greenfield.  I'm one of the attorneys
14   representing TWU Local 556.
15          Do you understand I am and whom I
16   represent?
17      A.  Yes.
18      Q.  Okay.  I just have a, a couple of
19   questions for you.
20          In regard to workplace accommodations,
21   can the union dictate what a workplace
22   accommodation would be for a flight attendant?
23      A.  Not that I'm aware of, no.
24      Q.  Has the union ever dictated in your
25   experience what a workplace accommodation would be
```

Page 22

```
 1   for a flight attendant?
 2      A.  No.
 3          MR. GREENFIELD:  No more questions.
 4          MR. HILL:  Nothing further from me.
 5          THE VIDEOGRAPHER:  Anyone else?  Going
 6   off the record at 11:20.
 7          THE REPORTER:  Okay.  Signature?
 8          MR. MAMMONE:  Yes, reserve the right
 9   to read and sign.
10          THE REPORTER:  And does anyone want to
11   purchase a copy?
12          MR. GREENFIELD:  The union would.
13          MR. MAMMONE:  We'll -- Southwest will
14   take a condensed copy.
15          MR. GREENFIELD:  Same on the
16   condensed.  Thank you.
17          (Deposition concluded at 11:21 a.m.)
18
19
20
21
22
23
24
25
```

Page 23

```
 1              CHANGES AND SIGNATURE
 2   WITNESS NAME: NANCY CLEBURN
 3   DATE: JUNE 29, 2022
 4   PAGELINE     CHANGE        REASON
 5   _____
 6   _____
 7   _____
 8   _____
 9   _____
10   _____
11   _____
12   _____
13   _____
14   _____
15   _____
16   _____
17   _____
18   _____
19   _____
20   _____
21   _____
22   _____
23   _____
24   _____
25   _____
```

Page 24

```
 1   _____
 2   _____
 3   _____
 4       I, NANCY CLEBURN, have read the foregoing
 5   deposition and hereby affix my signature that same
 6   is true and correct, except as noted above.
 7
 8
 9
10
                    _____
11                  NANCY CLEBURN
12
13
14
15   THE STATE OF _____)
16   COUNTY OF _____)
17
18       Before me, _____, on
19   this day personally appeared NANCY CLEBURN, known
20   to me (or proved to me under oath or through
21   _____) (description of
22   identity card or other document)) to be the person
23   whose name is subscribed to the foregoing
24   instrument and acknowledged to me that they
25   executed the same for the purposes and
```

Page 25

```
 1   consideration therein expressed.
 2         Given under my hand and seal of office
 3   this _____ day of _____,
 4   _____.
 5
 6
 7         _____
             NOTARY PUBLIC IN AND FOR
 8           THE STATE OF _____
             COMMISSION EXPIRES: _____
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 26

```
 1         IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
 2                    DALLAS DIVISION
 3   CHARLENE CARTER,      )
                           )
 4      Plaintiff,         )
                           )
 5   VS.                   ) CIVIL ACTION
                           )
 6                         ) NO.: 3:17-cv-02278-X
     SOUTHWEST AIRLINES CO.,)
 7   and TRANSPORT WORKERS  )
     UNION OF AMERICA, LOCAL)
 8   556,                   )
                            )
 9      Defendants.      )
10
11         REPORTER'S CERTIFICATION
12         DEPOSITION OF NANCY CLEBURN
13              JUNE 29, 2022
14
15      I, Melody A. Monk, Certified Shorthand
16   Reporter in and for the State of Texas, hereby
17   certify to the following:
18      That the witness, NANCY CLEBURN, was duly
19   sworn by the officer and that the transcript of
20   the oral deposition is a true record of the
21   testimony given by the witness;
22      That the deposition transcript was submitted
23   on July 1, 2022 to the witness or to the attorney
24   for the witness for examination, signature and
25   return to me by August 1, 2022;
```

Page 27

```
 1      That the amount of time used by each party at
 2   the deposition is as follows:
 3   MATTHEW D. HILL.....00 HOUR(S):15 MINUTE(S)
     ADAM S. GREENFIELD.....00 HOUR(S):03 MINUTE(S)
 4
 5      That pursuant to information given to the
 6   deposition officer at the time said testimony was
 7   taken, the following includes counsel for all
 8   parties of record:
 9   FOR THE PLAINTIFF:
10      MATTHEW D. HILL
        Pryor & Bruce
11      302 North San Jacinto
        Rockwall, Texas 75087
12      972.771.3933
        Mhill@pryorandbruce.com
13
        MATTHEW B. GILLIAM
14      National Right to Work Legal Defense
          Foundation, Inc.
15      8001 Braddock Road, Suite 600
        Springfield, Virginia 22160
16      703.321.8510
        Mbg@nrtw.org
17
18   FOR THE DEFENDANT SOUTHWEST AIRLINES CO.:
19      JOSEPH MAMMONE
        PAULO B. MCKEEBY
20      Reed Smith
        2850 North Harwood Street
21      Suite 1500
        Dallas, Texas 75201
22      Jmammone@reedsmith.com
        Pmckeeby@reedsmith.com
23
24
25
```

Page 28

```
 1   FOR THE DEFENDANT TRANSPORT WORKERS UNION OF
     AMERICA:
 2
        EDWARD B. CLOUTMAN, III
 3      Law Offices of Edward Cloutman III
        3301 Elm Street
 4      Dallas, Texas 75226
        214.232.9015
 5      Ecloutman@lawoffices.email
 6
        ADAM S. GREENFIELD
 7      Cloutman & Greenfield, PLLC
        3301 Elm Street
 8      Dallas, Texas 75226
        Agreenfield@candglegal.com
 9
10      That $_____ is the deposition officer's
11   charges to the Plaintiff for preparing the
12   original deposition transcript and any copies of
13   exhibits;
14      I further certify that I am neither counsel
15   for, related to, nor employed by any of the
16   parties or attorneys in the action in which this
17   proceeding was taken, and further that I am not
18   financially or otherwise interested in the outcome
19   of the action.
20      Certified to by me this 30th day of June,
21   2022.
22
23
        _____
24      Melody A. Monk, RPR
        Texas CSR No. 3613
25      Expiration Date:  10/21/2022
```

7 (Pages 25 to 28)

```
                                            Page 29
 1      MELODY MONK REPORTING
        Firm Registration No. 10821
 2      1999 McKinney Avenue, No. 1404
        Dallas, Texas 75201
 3      888.988.5317 (phone and fax)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

### A

a.m 1:23,23 22:17
able 14:11
above-styled 1:22
accommoda 11:12
accommodate 13:16 14:12 16:16
accommodating 13:9
accommodation 5:12 8:16,20 8:24 9:3,4,17 9:19,23,24 10:2,21 11:14 11:23 12:13 14:1,7,13,18 15:15 16:2,8 16:14,20,21 17:2,22 18:21 21:22,25
accommodati... 7:11,13 8:8,12 8:15,17,23 9:1 9:5,12,13 10:16 11:3,7 12:7,20 13:2 21:20
accounta 10:15
acknowledged 24:24
ACT 9:8,9 11:11 13:12 15:16
action 1:5 26:5 28:16,19
acts 11:1,6
Adam 4:1 6:21 21:9,13 27:3 28:6
address 19:4
addressing 11:3 11:8

affix 24:5
ago 15:9
agreements 6:11
Agreenfield@ ... 4:3 28:8
Airlines 1:6 3:12 6:4,19 7:10,25 26:6 27:18
America 1:7 3:19 6:5 26:7 28:1
amount 27:1
answer 13:21 14:10,17 16:5 17:8
ap 9:1
appearances 5:2 6:10
appeared 24:19
appearing 3:2
apply 12:19 13:11,15,24
approved 9:1 12:8
approximately 6:9
Armstrong 4:6
asked 10:20,24 14:23,25 15:14 16:8,19
asks 15:25
assist 9:6
assists 9:5
attached 2:4
attendant 21:22 22:1
attorney 15:8 26:23
attorneys 15:1,3 19:12,16 21:13 28:16
August 26:25
available 14:2 18:22
Avenue 29:2

aware 10:23 11:9 12:3 17:13 18:3,11 21:23

### B

B 3:8,14,20 27:13,19 28:2
back 20:5,10
based 11:1,6 13:22
behalf 6:22,24
belief 17:4,16,25
beliefs 13:3
Block 4:5
board 13:24
bona 17:3
Braddock 3:9 27:15
break 20:5
brings 12:23
Bruce 3:5 27:10

### C

C 3:1
call 9:14
calls 13:5,19 14:8,15 16:3 17:6,19 18:9 18:25
card 24:22
care 20:24
Carter 1:3 4:6 6:3,15,16 14:20 15:15,20 26:3
case 6:3,5 13:14 13:22,23,24,25 14:23,24,25
cases 14:11
cause 1:22
center 9:14
Certainly 7:8
Certificate 5:7
CERTIFICA...

26:11
Certified 26:15 28:20
certify 26:17 28:14
CHANGE 23:4
CHANGES 23:1
charge 7:15
charges 28:11
Charlene 1:3 4:6 6:3,15 14:20 26:3
choose 13:16
Chris 4:7
circumstances 10:5 11:16 12:22 13:13 17:10
City 20:25
Civil 1:5 2:3 6:5 26:5
Cleburn 1:13,20 5:4 6:3 7:1,6,8 7:9 19:5 20:12 21:12 23:2 24:4,11,19 26:12,18
Clip 20:11
close 20:4
Cloutman 3:20 3:20 4:1 6:23 28:2,3,7
come 9:13 20:5
comes 15:25
comfly 18:7
COMMISSION 25:8
Company 6:4
comply 18:7
con 10:21 17:25
concluded 22:17
condensed 22:14 22:16
conflicted 17:4 17:16,25

conflicting 18:7
connection 10:21
consider 9:2
consideration 25:1
consulted 10:11
contemplated 15:11
context 15:24 16:11
conversation 15:19
copies 28:12
copy 22:11,14
correct 8:14,18 16:17,24 24:6
counsel 6:10 27:7 28:14
COUNTY 24:16
couple 12:4 21:18
court 1:1 6:7,12 26:1
CSR 1:24 28:24

### D

D 3:4 27:3,10
Dallas 1:2 3:16 3:21 4:2 6:8,19 6:23,25 26:2 27:21 28:4,8 29:2
Date 23:3 28:25
day 24:19 25:3 28:20
days 21:1
defendant 3:12 3:18 6:19 27:18 28:1
Defendants 1:8 26:9
Defense 3:8 27:14
department 8:1

8:6 17:24 18:5
**dependent** 13:23
**depending**
  11:16 13:13
**depends** 10:5
  12:22 13:25
**deposition** 1:12
  1:19 6:2 19:11
  19:22 22:17
  24:5 26:12,20
  26:22 27:2,6
  28:10,12
**description** 5:11
  24:21
**determine** 18:21
**Dics** 6:7
**dictate** 21:21
**dictated** 21:24
**different** 12:12
**directly** 10:8
**disability** 5:12
  11:22
**discharged** 18:6
**discretion** 12:15
**discrimination**
  5:12 11:1,6,23
  19:23
**District** 1:1,1
  6:6,7 26:1,1
**Division** 1:2 6:8
  26:2
**document** 24:22
**documents**
  19:21
**duly** 1:21 7:2
  26:18
**duties** 9:6

**E**

**E** 3:1,1
**e-mail** 9:16
**Ecloutman@l...**
  3:22 28:5
**Edward** 3:20,20
  6:23 28:2,3

**either** 21:1
**Elm** 3:21 4:2
  28:3,7
**employ** 16:12
**employed** 28:15
**employee** 8:21
  9:14,15,23,25
  10:3,21 11:13
  15:24 16:1,13
  16:18,22 17:1
  17:1,3,15,23
  18:5,6,16,23
**employees** 9:5
  9:15,18
**employees'** 13:3
**employment**
  17:5,17,25
**engage** 18:16,20
**engaging** 10:12
**essential** 9:6
**evaluate** 16:12
  16:21 17:3,16
  17:24 18:5
**evaluating** 16:15
**examination** 5:5
  5:5 7:4 21:10
  26:24
**example** 8:19
**executed** 24:25
**exhibit** 11:17,18
  11:19,20 12:5
  18:14 19:25
**exhibits** 5:10
  28:13
**exists** 14:14
**experience**
  10:18 21:25
**Expiration**
  28:25
**EXPIRES** 25:8
**expressed** 25:1

**F**

**failing** 18:7
**familiar** 11:25

12:1
**far** 12:3,24
**fax** 29:3
**Federal** 2:2
**fide** 17:4
**financially**
  28:18
**Firm** 29:1
**first** 7:2 8:10,11
  15:5
**flight** 21:22 22:1
**Florida** 20:16
**following** 6:12
  20:17,23 26:17
  27:7
**follows** 7:3 27:2
**foregoing** 24:4
  24:23
**Foundation** 3:9
  27:14
**front** 7:25 8:5
**function** 9:7
**further** 21:6
  22:4 28:14,17

**G**

**Gilliam** 3:8 6:15
  6:16 27:13
**give** 8:19
**given** 8:23 11:15
  25:2 26:21
  27:5
**go** 9:15 20:15,24
**going** 6:1 11:17
  20:7 22:5
**gonna** 20:12
**Good** 21:12
**Grand** 2:1 19:6
**grant** 12:13
**Greenfield** 4:1,1
  5:5 6:21,21
  21:8,9,11,13
  22:3,12,15
  27:3 28:6,7

**H**

**hand** 25:2
**handles** 8:16
**happen** 16:10
**happens** 15:23
**Harwood** 3:15
  27:20
**headdress** 8:24
**heard** 14:22
**hereto** 2:4
**highlighted** 12:4
  13:1
**Hill** 3:4 5:5 6:14
  6:14 7:5 21:5
  22:4 27:3,10
**hire** 7:25 8:4
**home** 19:4
**HOUR(S):03**
  27:3
**HOUR(S):15**
  27:3
**huh-uh** 10:25
**hypothetical**
  13:6,20 14:9
  14:16 16:4
  17:7,20 18:10
  19:1

**I**

**identifies** 9:25
**identity** 24:22
**III** 3:20,20 6:24
  28:2,3
**includes** 27:7
**INDEX** 5:1
**indirectly** 10:9
**individual** 12:23
  16:8
**individuals** 8:23
**information**
  15:8 27:5
**instance** 1:21
**instrument**
  24:24
**interactive**

  18:15,19,20
**interested** 28:18
**introduce** 7:6
**investigate**
  11:12,14
**investigating**
  11:4,8
**issue** 11:13

**J**

**Jacinto** 3:5
  27:11
**Jmammone@...**
  3:16 27:22
**job** 7:9 9:6
**jobs** 8:25
**joins** 10:19
**Joseph** 3:13
  6:18 27:19
**July** 20:18,22
  26:23
**June** 1:14,23 6:2
  23:3 26:13
  28:20
**jury** 7:7

**K**

**know** 9:18 10:23
  11:9 12:24
  14:20 19:2
**known** 9:8,9
  24:19

**L**

**Lane** 19:6
**Lauren** 4:6
**law** 3:20 12:7,14
  12:15,24 28:3
**leader** 7:11,16
  7:24 8:3 9:24
  11:13 16:13,18
  17:2,15,23
  18:4,14,23
**leaders** 7:12
  9:17 10:4 16:7
**leadership** 12:8

12:16
**learn** 15:5,5,10
**Legal** 3:8 27:14
**let's** 18:12,15
**letting** 9:18
**level** 10:8
**Lisa** 4:5
**lobby** 7:25 8:5,5
**Local** 1:7 6:5,22
  21:14 26:7
**located** 2:1
**locations** 6:10
**log** 9:15
**long** 7:17
**look** 13:18,22
  18:13 19:23
**looked** 20:2

___ M ___
**Maberry** 4:7
**machine** 1:25
**mailbox** 9:16
**Mammone** 3:13
  6:18,18 13:5
  13:19 14:8,15
  16:3,25 17:6
  17:19 18:2,9
  18:25 21:7
  22:8,13 27:19
**marked** 11:19
**Matt** 6:14,15
**MATTHEW** 3:4
  3:8 27:3,10,13
**Mbg@nrtw.org**
  3:11 27:16
**McKeeby** 3:14
  10:19 27:19
**McKinney** 29:2
**Melody** 1:24
  26:15 28:24
  29:1
**merits** 13:23
**met** 19:15
**Mhill@pryor...**
  3:7 27:12

**Mike** 15:14,20
**MINUTE(S)**
  27:3,3
**Monday** 19:14
**Monk** 1:24
  26:15 28:24
  29:1
**morning** 21:12
**multiple** 7:12

___ N ___
**N** 3:1
**name** 7:8 14:22
  21:12 23:2
  24:23
**Nancy** 1:13,20
  5:4 6:2 7:1,8
  23:2 24:4,11
  24:19 26:12,18
**National** 3:8
  27:14
**necessarily** 16:6
**need** 9:19 10:2,3
**needed** 9:25
**neither** 16:13
  17:1 28:14
**never** 10:24
**new** 7:25 8:3
**normal** 9:21
**North** 3:5,15
  27:11,20
**Northern** 1:1
  6:7 26:1
**NOTARY** 25:7
**noted** 24:6
**numbered** 1:22

___ O ___
**O-L-A** 19:9
**oath** 24:20
**objection** 13:5
  13:19 14:8,15
  16:3,25 17:6
  17:19 18:2,9
  18:25

**occa** 14:12
**occasionally**
  14:12 16:7
**office** 25:2
**officer** 26:19
  27:6
**officer's** 28:10
**Offices** 3:20
  28:3
**Oh** 20:12
**Okay** 7:17 8:10
  8:15 9:20,22
  10:7,11 11:17
  12:25 14:20
  15:4,10,14
  16:9,9 19:4
  21:5,18 22:7
**Oklahoma**
  20:25
**Ola** 19:6,8
**oral** 1:12,19
  26:20
**original** 28:12
**outcome** 28:18

___ P ___
**P** 3:1,1
**Page** 5:1,6,7,11
**PAGELINE**
  23:4
**parents** 20:24
**part** 13:8
**parties** 3:2 27:8
  28:16
**party** 27:1
**PAULO** 3:14
  27:19
**people** 8:1,6
**perform** 8:25
**person** 10:7
  24:22
**personally** 24:19
**phone** 29:3
**plaintiff** 1:4,21
  3:3 6:14 26:4

  27:9 28:11
**plan** 20:24
**please** 6:12
**PLLC** 4:1 28:7
**Pmckeeby@r...**
  3:17 27:22
**point** 12:25
**policies** 11:15
**policy** 5:12
  11:23,25 12:1
  12:2 13:8
  16:15 18:12,13
  19:24
**practice** 10:13
  13:7 16:16
**practices** 13:4,9
  13:17
**Prairie** 2:2 19:6
**prep** 19:12
**preparation**
  19:22
**prepare** 19:10
  19:19
**preparing** 28:11
**PRESENT** 4:5
**previous** 15:2
**Procedure** 2:3
**proceeding**
  28:17
**process** 9:11
  18:16,19,20
**produced** 1:20
**proved** 24:20
**provide** 14:2,6
**provided** 8:20
  16:22
**provides** 12:6
**providing** 9:11
  13:2
**provisions** 2:3
**Pryor** 3:5 27:10
**PUBLIC** 25:7
**purchase** 22:11
**purposes** 15:16
  24:25

**pursuant** 2:2
  27:5

___ Q ___
**qualified** 14:5
**question** 11:5
  17:21
**questions** 21:6,7
  21:19 22:3
**quick** 18:13 20:5

___ R ___
**R** 3:1
**raises** 11:13
**read** 12:18 22:9
  24:4
**REASON** 23:4
**reasonable**
  11:15 12:6
  14:1,7,13,18
**reasonableness**
  16:21
**recall** 15:18,19
  15:22
**received** 15:7
**Recess** 20:9
**record** 2:4 6:2
  6:11 20:8,11
  22:6 26:20
  27:8
**Reed** 3:14 27:20
**regard** 21:20
**Registration**
  29:1
**rel** 16:1
**related** 28:15
**religion** 11:2,6
**religious** 8:16,19
  10:12,20 13:3
  13:17 15:16
  16:16 17:4,16
  17:24
**repeat** 11:5
  17:21
**reported** 1:25

**reporter** 6:12
   8:2 22:7,10
   26:16
**Reporter's** 5:7
   26:11
**REPORTING**
   29:1
**reports** 10:8
**represent** 21:16
**representing**
   21:14
**reque** 18:22
**request** 9:15
   17:10,11,14,22
   18:4,23
**requested** 16:13
   16:19 17:2
**requesting** 9:23
**requests** 9:17
**required** 12:7
   12:14,15,24
**requirement**
   17:5,17 18:1,8
**requires** 18:14
**reserve** 22:8
**return** 26:25
**review** 19:21
**right** 3:8 8:13,17
   10:1 12:21
   13:4,8 14:2
   16:16,23 18:24
   20:20 22:8
   27:14
**Road** 3:9 27:15
**Rockwall** 3:6
   6:17 27:11
**role** 7:18,19 8:7
   8:10,11 9:2
   11:3,8,11
   12:20 13:12
   16:14
**RPR** 28:24
**Rules** 2:2

———————
       **S**
———————

**S** 3:1 4:1 27:3
   28:6
**San** 3:5 27:11
**says** 12:5
**scheduled** 20:15
**seal** 25:2
**second** 13:1
**see** 11:20,21
   12:9 13:10
   18:15 20:15
**sees** 9:24
**service** 9:14
**shorthand** 2:1
   26:15
**show** 11:17
**showed** 19:25
**sign** 22:9
**signature** 5:6
   22:7 23:1 24:5
   26:24
**Sims** 15:14,20
**sister** 20:16
**situation** 13:14
**Smith** 3:14
   27:20
**sole** 11:11
**sorry** 8:2 10:16
**sought** 15:15
   16:1
**Southwest** 1:6
   3:12 6:4,19
   7:10,25 8:20
   11:15 12:6,8
   12:13 16:15
   22:13 26:6
   27:18
**Southwest's**
   11:22
**speaking** 21:9
**specific** 18:23
**spell** 19:8
**Springfield** 3:10
   27:15
**started** 7:21
**state** 1:25 6:10

   24:15 25:8
   26:16
**stated** 2:3
**States** 1:1 6:6
   26:1
**stipulations**
   6:11
**Street** 3:15,21
   4:2 27:20 28:3
   28:7
**styled** 6:3
**submitted** 26:22
**subscribed**
   24:23
**Suite** 3:9,15
   27:15,21
**supervisor** 10:6
**sure** 16:10
**swear** 6:12
**sworn** 1:21 7:2
   26:19

———————
       **T**
———————

**take** 18:12 20:5
   20:24 22:14
**taken** 1:22 27:7
   28:17
**talking** 15:1,2
**talks** 18:15
**team** 7:11,11,12
   7:13,16,24 8:3
   8:8,12,16 9:3,4
   9:4,8,9,16
   10:17 11:3,7
   12:20 13:12
   15:16 16:11,14
   16:20 17:11,15
**team's** 11:11
**Tell** 9:11
**terminated**
   10:12 15:6,12
**termination**
   15:24 16:6,11
**terminations**
   10:22

**terms** 11:1 12:20
   13:11
**testified** 7:2
   15:14
**testimony** 26:21
   27:6
**Texas** 1:1,25 2:2
   3:6,16,21 4:2
   6:7,17,20,23
   6:25 19:6 26:1
   26:16 27:11,21
   28:4,8,24 29:2
**Thank** 20:6
   22:16
**thing** 12:5 13:1
**things** 12:4
**think** 8:22 10:3
**three** 7:19 9:21
**time** 6:9 8:11
   15:4,7,12
   19:15 27:1,6
**times** 14:6
**town** 21:3
**transcript** 26:19
   26:22 28:12
**Transport** 1:6
   3:18 6:4,22
   26:7 28:1
**Trial** 11:18,20
   18:13
**true** 15:17 24:6
   26:20
**two** 9:22 12:12
   12:14
**TWU** 21:14
**typically** 9:13
   10:10

———————
       **U**
———————

**understand** 8:3
   12:11 16:10
   21:15
**understanding**
   12:16
**uniform** 8:25

**union** 1:7 3:18
   6:5,22,24
   21:21,24 22:12
   26:7 28:1
**United** 1:1 6:6
   26:1

———————
       **V**
———————

**vacation** 20:14
   20:24
**versus** 6:3
**Videoconfere...**
   1:12,19,24 3:2
**Videographer**
   4:5 6:1 20:7,10
   22:5
**VIDEOTAPED**
   1:12,19
**Virginia** 3:10
   6:16 27:15
**VS** 1:5 26:5

———————
       **W**
———————

**want** 12:25
   22:10
**wasn't** 14:4
**way** 12:11
**ways** 9:21,22
   12:12
**we'll** 20:5 22:13
**We're** 6:1 20:10
**wear** 8:24
**week** 15:9 20:13
   20:15,17,18,18
   20:22,23 21:1
   21:2
**welcome** 8:5
**witness** 1:20 2:1
   6:13 23:2
   26:18,21,23,24
**Witness's** 5:6
**work** 3:8 7:10
   12:6 27:14
**Workers** 1:6
   3:18 6:4,22

| | | |
|---|---|---|
| 26:7 28:1<br>**workplace** 5:12<br>  12:7 19:23<br>  21:20,21,25<br>**wouldn't** 16:14<br>  16:20 17:3,15<br>  18:5,20 | 23:3 26:13,23<br>  26:25 28:21<br>**21** 5:5<br>**214.232.9015**<br>  3:22 28:4<br>**22160** 3:10<br>  27:15<br>**23** 5:6<br>**26** 5:7<br>**2850** 3:15 27:20<br>**29** 1:14,23 23:3<br>  26:13<br>**29th** 6:2 | **8001** 3:9 27:15<br>**888.988.5317**<br>  29:3 |
| **X** | | **9** |
| **Y** | | **972.771.3933**<br>  3:6 27:12 |
| **Yeah** 19:2<br>**years** 7:20 | | |
| **Z** | **3** | |
| **Zoom** 1:24 3:2<br>  10:19 | **3:17-cv-02278...**<br>  1:6 6:6 26:6<br>**302** 3:5 27:11<br>**30th** 28:20<br>**3301** 3:21 4:2<br>  28:3,7<br>**3613** 28:24 | |
| **0** | | |
| **00** 27:3,3 | | |
| **1** | **4** | |
| **1** 26:23,25<br>**10** 5:12 11:18,19<br>  11:20 18:14<br>  19:25<br>**10/21/2022**<br>  28:25<br>**10:59** 1:23 6:9<br>**10821** 29:1<br>**11** 5:12<br>**11:15** 20:8<br>**11:19** 20:11<br>**11:20** 1:23 22:6<br>**11:21** 22:17<br>**11th** 20:22 21:2<br>**1404** 29:2<br>**1500** 3:15 27:21<br>**1999** 29:2 | **4th** 20:18,19<br>  21:2 | |
| | **5** | |
| | **556** 1:7 6:5,22<br>  21:14 26:8 | |
| | **6** | |
| | **600** 3:9 27:15 | |
| | **7** | |
| | **7** 5:5<br>**703.321.8510**<br>  3:10 27:16<br>**75050** 19:7<br>**75087** 3:6 27:11<br>**75201** 3:16<br>  27:21 29:2<br>**75226** 3:21 4:2<br>  28:4,8 | |
| **2** | | |
| **2** 5:2 20:11<br>**2002** 19:6<br>**2017** 8:8 12:2<br>**2019** 7:21 8:12<br>**2022** 1:14,23 6:2 | **8** | |