**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>　　　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S STATUS REPORT**
**REGARDING THE COURT'S ORDER FOR THE PARTIES TO COOPERATE FOR**
**SERVICE AND SCHEDULING WITNESSES**

Pursuant to the Court's June 30, 2022 Order (Dkt. No. 287), Carter has been working with Southwest and Local 556 to secure the testimony of Brett Nevarez, Brian Talburt, and Jessica Parker. Local 556 has informed Carter that the witnesses will not appear voluntarily, either at trial or by a deposition. Thus, Carter is issuing deposition subpoenas to Talburt and Nevarez for depositions to be taken Sunday, July 3, and Monday, July 4, respectively, by remote means from the witnesses' homes. Southwest and Local 556 have stated their attorneys are available at those times.

To date, neither Southwest nor Local 556 has agreed to arrange for a place and time for these witnesses to be served, and in Local 556 counsel's email sent just before the filing of this status report, he reported that neither Talburt nor Nevarez would agree to meet a process server. While Local 556 intends to have an additional conversation with Talburt after 3:00 p.m. this afternoon, Carter is filing this status report now to obtain the Court's assistance in confirming to Southwest

1

and Local 556 that they must facilitate the service of these witnesses by arranging for a time for such service. Witnesses Nevarez and Talburt are both Southwest employees and union members,[1] such that, between them, requiring the employees to cooperate to receive service can be required.[2]

To give the Court more details on the status of negotiations, Carter has provided below a chronology of communications since the last order , supported by the attached email string.[3] Carter emailed Southwest's and Local 556 on June 30 at 2:43 p.m. CT inquiring whether Nevarez, Talburt, and Parker would appear live or remotely at trial, and if not, when they would be available for remote deposition. Carter further requested Southwest's and Local 556's assistance in ensuring appropriate service on these witnesses by arranging a time to meet with a process server and/or coordinating a specific time and location for service. Carter re-iterated that time is of the essence.

Southwest responded by email on June 30, stating that it had emailed Nevarez, Parker, and Talburt, "asking if they intend to come to Dallas for trial, if they prefer to appear at trial remotely, or if they prefer to appear for a remote deposition this weekend." Southwest further stated that when it heard back from these witnesses, it would let Carter know. Local 556 also responded by email on June 30, stating only that they "have begun making efforts to comply with the Court's Order" and to answer Carter's questions.

Having received no further response from Southwest or Local 556 on June 30, Carter attempted to reach Southwest and Local 556 by phone and email during the morning of July 1. Southwest returned Carter's call at 11:53 p.m. CT and reported that it had communications with Talburt, but had heard nothing from Nevarez or Parker. Southwest further indicated that it would provide

---

[1] Nevarez was Local 556's Second Vice President at the time of Carter's termination, and Talburt was formerly a union Contract Action Network representative.

[2] Carter is not seeking a deposition of Parker, as she has previously taken her deposition, and Parker is otherwise unwilling to appear at trial remotely or in person.

[3] *See* Exhibit 1.

information regarding Talburt's and Nevarez's schedules and locations so that Carter could serve them with a deposition subpoena. Shortly thereafter, at 12:04 p.m. CT, Local 556's counsel reported by email on July 1 that both Talburt and Nevarez returned the union's calls and expressed their unwillingness to testify at trial in any manner or sit for deposition. Local 556 further reported that Talburt intended to speak with union counsel, but would not be available until 3:00 p.m. as he was working on a flight.

Carter responded by email to Southwest and Local 556 at 12:52 p.m. that she intended to depose Talburt and Nevarez this weekend pursuant to the Court's order, and would issue notices and subpoenas for Talburt at 1:00 p.m. on Sunday, July 3, and for Nevarez at 1:00 p.m. on Monday, July 4. Given that time is of the essence, Carter asked Southwest and Local 556 to inform her within an hour as to whether her proposed times would work, or to propose alternative times. Carter again requested that Southwest and Local 556 provide information regarding where Talburt and Nevarez could meet Carter's process server to accept service of a deposition subpoena, and explained that Carter would arrange for the process server to deliver the subpoenas to them at that location.

Then, Local 556's counsel responded that neither Talburt nor Nevarez would agree to meet a process server for service. Local 556 insists that it previously provided Talburt's and Nevarez's addresses[4] and suggests that it has no further obligation to assist Carter with facilitating service, but this ignores the Court's order that the parties *cooperate* for service and scheduling purposes. Likewise, during Carter's call with Southwest during the morning of July 1, 2022, Southwest indicated its belief that it was the employee's option to appear for deposition. The Court issued its June 30 Order knowing that simply providing these witnesses' addresses had failed to achieve the

---

[4] Southwest previously provided these witnesses' addresses. *See* Dkt. No. 282, p.10.

objective of serving these witnesses with trial subpoenas and producing them for Carter's examination at trial.[5] In its most recent email, Southwest did not respond to the request for coordination but informed Carter that neither Parker nor Nevarez are flying today or tomorrow.

Accordingly, Carter seeks enforcement of the Court's June 30, 2022 Order such that Local 556 and Southwest be required to arrange Talburt's and Nevarez's meeting with Carter's process server (or accept the service at their homes, if that is where they are) so that she may serve deposition subpoenas to take those witnesses' depositions this weekend before trial. Given that trial starts Tuesday and the weekend is fast upon us, Carter files this status report with the Court now to obtain the assistance it needs to obtain the relief ordered by the Court yesterday.

Dated: July 1, 2022                                Respectfully submitted,


                                                  /s/ Matthew B. Gilliam
                                                  Matthew B. Gilliam (*admitted pro hac vice*)
                                                  New York Bar No. 5005996
                                                  *mbg@nrtw.org*
                                                  c/o National Right to Work Legal Defense
                                                  Foundation, Inc.
                                                  8001 Braddock Road, Suite 600
                                                  Springfield, Virginia 22160
                                                  Tel: 703-321-8510
                                                  Fax: 703-321-9319

                                                  Bobby G. Pryor
                                                  State Bar No. 16373720
                                                  bpryor@pryorandbruce.com
                                                  Matthew D. Hill, Of Counsel
                                                  State Bar No. 24032296
                                                  mhill@pryorandbruce.com
                                                  PRYOR & BRUCE
                                                  302 N. San Jacinto
                                                  Rockwall, TX 75087
                                                  Telephone: (972) 771-3933
                                                  Facsimile: (972) 771-8343

---

[5] *See* Dkt. No. 282, pp.8-12; *see also e.g.*, June 16, 2022 Pretrial Conference Transcript 151:22 (discussing the worst case scenario of breaking glass in case of emergency and hearing testimony by deposition).

## **Certificate of Service**

I hereby certify that on July 1, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record

/s/ Matthew B. Gilliam