UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:17-CV-2278-X |
| TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, and SOUTHWEST AIRLINES CO., | § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court is plaintiff Carter's motion to extend the trial time limits that the Court has set. The Court previously decided that it would give twelve hours of jury time to Carter and twelve hours of jury time to the defendants. Carter moves to increase her jury time to 26.25 hours. For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Carter's motion.

Like myriad courts across the country on both the federal and state levels, the Court is experiencing a significant backlog of trials because of the COVID-19 pandemic. The Court could hardly grant copious jury time in the pre-pandemic world; it certainly cannot do so in the post-pandemic backlog.

As the Court explained in its prior orders setting time limits, the Court has reviewed the parties' pretrial materials and is intimately familiar with the claims in this case. While there are nuances and distinctions between Carter's specific claims against the two defendants, there are also substantial similarities. Some courts give

larger amounts of time when a case's factual history spans many years.[1] But that isn't this case. While Carter resigned from Local 556 in 2013 and began general union-opposition activity then, the center of this case is January through March of 2017—when certain Southwest flight attendants who were members of Local 556 attended the Women's March, Carter made Facebook posts and sent Facebook messages about abortion and her views about Local 556's activities, and Southwest fired her. Finally, Carter chose not to depose several witnesses before trial and some witnesses not until shortly before trial, which will affect her ability to be efficient.

Although the Court denies Carter's motion today, any party may move for more time during trial. If the Court finds just cause, it will grant more time.

**IT IS SO ORDERED** this 1st day of July, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., McClain v. Lufkin Indus., Inc.*, 519, F.3d 264, 282 (5th Cir. 2008) (noting that the district court in that case gave the parties twenty hours of jury time where the claims involved facts that spanned almost a decade).