# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

### PLAINTIFF CHARLENE CARTER'S MOTION TO ADDRESS DEFENDANTS' NON-COMPLIANCE WITH COURT ORDER AND INCORPORATED BRIEF

Pursuant to the Federal Rules of Civil Procedure, Rule 37, Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby files this motion to address Southwest Airlines Co. ("Southwest") and Transport Workers Union of America Local 556's ("Local 556") non-compliance with the Court's July 1, 2022 Order[1] after Southwest and Local 556 failed to secure witness Brett Nevarez's attendance for his July 4, 2022 deposition.[2]

Despite this Court's July 1 Order, Southwest and Local 556 failed to produce witness Nevarez for his July 4, 2022 deposition. If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. (b)(2)(A). Specifically, "*For Not Obeying a Discovery Order*," Rule 37(b)(2)(A) provides, for "Sanctions in the District Where the Action Is Pending." Between Southwest and Local 556, the Defendants control Brett Nevarez based upon his status as

---

[1] Dkt. No. 297.
[2] Transcript of June 16, 2022 Pretrial Conference, Tr.164:19-165:18.

a former Second Vice President of Local 556, current Local 556 member, and current Southwest flight attendant. Carter successfully served Nevarez with a subpoena for a July 4, 2022 deposition at 1:00 p.m. CT, with Nevarez to testify via a Zoom link included on the subpoena from his home in New Mexico. Despite the Court's Order that Southwest and Local 556 "shall" make Nevarez available for deposition, Southwest and Local 556 failed to produce Nevarez for the July 4 Zoom deposition.[3]

Carter requests that the Court order that certain designated facts to which Mr. Nevarez would have testified shall be deemed as having been established in this action, and prohibit Southwest and Local 556 from opposing these facts. When a party fails to obey an order to provide or permit discovery, the court may issue further just orders, including: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, and up to rendering a default judgment. Fed. R. Civ. P. Rule 37(b)(2)(A)(i)-(ii).

Carter requests that the Court enforce Southwest's and Local 556's non-compliance with its July Order by directing that the following facts be taken as established for purposes of this action, all of which are matters that Nevarez's testimony would have shown:

- Local 556, by and through Executive Vice President Brett Nevarez, exhibited discriminatory animus towards Charlene Carter in 2013 for objecting to paying the union's political and ideological expenses.[4]

- Local 556, by and through Executive Vice President Brett Nevarez, took steps to retaliate against Charlene Carter in 2014 after she made social media posts about exercising her RLA-protected rights to decertify Local 556.[5]

---

[3] *See* Ex. 1, Certificate of Non-Appearance.
[4] Trial Exhibit 24.
[5] Trial Exhibit 25.

2

- Local 556, by and through Executive Vice President Brett Nevarez, asked President Stone's supporters in her private Core Team Facebook Group to save social media posts made by longtime President Stone-opponent and later recall supporter Chris Click, to use against him for discipline by Southwest.[6]

- Local 556, by and through Executive Vice President Brett Nevarez, threatened nonmember objector and President Stone-opponent Mike Casper with retaliation for his union opposition speech, saying, "Leg breaking time for Casper the ghost scab."[7]

- Local 556, by and through Executive Vice President Brett Nevarez, supported and condoned repeated efforts by union actor Brian Talburt to pressure Southwest management to retaliate against and discipline recall leader Jeanna Jackson. Talburt copied Vice President Nevarez on his February 23, 2017, May 15-16, 2017, July 2, 2017 emails demanding that the company discipline Jackson for her recall activities.[8]

- Local 556 Shop Steward Rickie Spand's attempted to retaliate against and discipline recall leader Jeanna Jackson for her recall activities.[9]

- Local 556 leaders engaged in a pattern of retaliatory acts against union opponents by collecting such opponents' social media posts and providing them to Southwest so that Southwest would discipline or terminate those union opponents.[10]

The Court should further disallow Southwest and Local 556 from making any arguments regarding the picture of the t-shirt that says, "Fucktard" and "I Voted Brett Nevarez Cause he Respects me."[11] Due to his failure to appear, Carter cannot inquire into the statement attributed to Local 556's Executive Vice President Nevarez, and whether he, like one of his supporters, also used the term.

Pursuant to Fed. R. Civ. P. 37(a)(5), Carter also requests that, for fees and expenses incurred after the Court's July 1, 2022 order, Southwest and Local 556 pay Carter's expenses in serving all

---

[6] Trial Exhibit 29.
[7] Trial Exhibit 27-28.
[8] Exhibit 21 (as amended and submitted to the Court at Starr_Orders@txnd.uscourts.gov on June 13, 2022), Resp. App. 66-67, 76-79, 80
[9] Exhibit 21 (as amended and submitted to the Court at Starr_Orders@txnd.uscourts.gov on June 13, 2022), Resp. App. 83-87
[10] Trial Exhibits 21, 25, 27-28, and 29.
[11] Trial Exhibit 15 (SWA 602).

subpoenas, witness fees, and court reporter and videographer fees and for reasonable attorney fees incurred in securing Nevarez's appearance and preparing for and attending Nevarez's deposition.

Southwest and Local 556 pay all Carter's expenses in serving all subpoenas and payment of witness fees for Nevarez and arranging his deposition, from July 1, 2022. Carter incurred expenses for serving Nevarez with a subpoena and payment of his witness fees, scheduling a Court Reporter and Videographer for which Nevarez never appeared, and preparing this motion to require Southwest's and Local 556's compliance with the Court's order.

Alternatively, Carter requests that the Court require Southwest and Local 556 to produce Nevarez for a deposition to be scheduled for July 9 or 10, with a warning to Southwest and Local 556 that another failure to secure the attendance of Mr. Nevarez could result in any of the sanctions listed in Rule 37(b)(2)(A), including, without limitation, the establishment of the above-listed facts.

Dated: July 5, 2022                                   Respectfully submitted,

/s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087


Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that on July 5, 2022, I emailed Counsel for Southwest and Local 556 regarding Carter's motion to address Southwest and Local 556's non-compliance with the Court's July 1, 2022 Order. Local 556 emailed on June 30, 2022 and indicated their opposition to Carter's request. Southwest did not respond to Carter's email, but presumes, based on discussions reported in the Certificate of Non-Appearance attached to this motion, that Southwest opposes Carter's request. Given the short timeframe to file this motion before trial starts, Carter now files this motion.

/s/ Matthew B. Gilliam

**Certificate of Service**

I hereby certify that on July 5, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam