UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § | |
| Defendants. | § § | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S OBJECTIONS TO CHARLENE CARTER'S DEPOSITION DESIGNATIONS FOR NANCY CLEBURN AND BRENDA CONLON**

Defendant Southwest Airlines Co. ("Southwest") hereby makes the following objections to Charlene Carter's ("Carter") deposition designations for Nancy Cleburn ("Cleburn") and Brenda Conlon ("Conlon"):

| Nancy Cleburn Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 8:15-10:18 | 8:15-10:18 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. The testimony is irrelevant and inadmissible based on the Court's motion in limine order excluding evidence related to Southwest's treatment of other employees. Dkt. No. 292 at 20-22. |

1

| **Nancy Cleburn Deposition Designations and Objections** |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 3. Cleburn did not begin working on the ACT team until 2019 and had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant and unsupported by a showing of personal knowledge of the events / processes during the relevant time period. FRE 401-403, 602.<br><br>4. The ACT team's process for considering accommodations generally is irrelevant as Carter did not request an accommodation and it is undisputed that the ACT team was not involved with Carter. In fact, Cleburn had never even heard of Carter until approximately 1 week ago (*see* 14:20-15:13). FRE 401-403, 602. |
| 10:20-25 | 10:20-25 | 1. Testimony that Cleburn has not been "asked about a religious accommodation in connection with employee terminations" is irrelevant to this case. FRE 401-403.<br><br>2. The testimony is irrelevant and inadmissible based on the Court's motion in limine order excluding evidence related to Southwest's treatment of other employees. . Dkt. No. 292 at 20-22.<br><br>3. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 11:6-13:4 | 11:6-13:4 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 13:7-14 | 13:7-14 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT |

2

| Nancy Cleburn Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 15:10-22 | 15:10-22 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 16:9-24 | 16:9-24 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602.<br><br>3. Counsel's question poses an incomplete hypothetical. |
| 17:1-5 | 17:1-5 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |

| Nancy Cleburn Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 3. Counsel's question poses an incomplete hypothetical. |
| 17:9-13 | 17:9-13 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 17:22-18:1 | 17:22-18:1 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Cleburn did not begin working on the ACT team until 2019 and she had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant because it does not concern the time period surrounding Carter's termination. FRE 401-403, 602. |
| 18:3-8 | 18:3-8 | 1. Cleburn did not begin working on the ACT teams until 2019 and had no role with the ACT team in 2017 (*see* 8:7-14). Thus, Cleburn's testimony is irrelevant and unsupported by a showing of personal knowledge of events / processes during the relevant time period. FRE 401-403, 602.<br><br>2. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>3. Counsel's question poses an incomplete hypothetical. |
| 18:11-24 | 18:11-24 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, accommodations that the ACT |

| Nancy Cleburn Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | team granted in other circumstances are irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's question poses an incomplete hypothetical. |
| 19:2-3 | 19:2-3 | 1. It is undisputed that Carter did not request an accommodation and that the ACT team did not assess the suitability of any accommodation for Carter. Thus, the ACT teams process in considering and granting accommodation is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's question poses an incomplete hypothetical. |

| Brendan Conlon Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 11:24-12:12 | 11:24-12:12 | 1. Testimony that Southwest attempts to have a "good working relationship" with the union and the manner in which it does so is irrelevant and its introduction would be prejudicial. FRE 401-403.<br><br>2. Conlon was not involved his Carter's termination and thus his opinions and conduct (in negotiating the CBA or otherwise) are irrelevant to the issues in this case. FRE 401-403.<br><br>3. Conlon did not begin working in Labor Relations until after Carter's termination (*see* 7:9-14). Thus, any testimony regarding the purpose and operation of the Labor Relations department is irrelevant to the issues in this case. FRE 401-403. |
| 12:19-13:3 | 12:19-13:3 | 1. Testimony that Southwest attempts to have a "good working relationship" with the union and the manner in which it does so is irrelevant and its introduction would be prejudicial. FRE 401-403.<br><br>2. Conlon was not involved his Carter's termination and thus his opinions and conduct (in negotiating the CBA or otherwise) are irrelevant to the issues in this case. FRE 401-403. |

| **Brendan Conlon Deposition Designations and Objections** |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
|  |  | 3. Conlon did not begin working in Labor Relations until after Carter's termination (*see* 7:9-14). Thus, any testimony regarding the purpose and operation of the Labor Relations department is irrelevant to the issues in this case. FRE 401-403, 602. |
| 13:8-15 | 13:8-15 | 1. Conlon's opinion that SWA is a "union friendly" company is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Conlon was not involved his Carter's termination and thus his opinions and conduct (in negotiating the CBA or otherwise) are irrelevant to the issues in this case. FRE 401-403.<br><br>3. Conlon did not begin working in Labor Relations until after Carter's termination (*see* 7:9-14). Thus, any testimony regarding the purpose and operation of the Labor Relations department is irrelevant to the issues in this case. FRE 401-403, 602. |
| 13:23-14:13 | 13:23-14:13 | 1. Conlon's personal opinion of Stone and whether she was "good at her job" is irrelevant to the issue in this case. FRE 401-403.<br><br>2. Conlon was not involved his Carter's termination and thus his opinions and conduct (in negotiating the CBA or otherwise) are irrelevant to the issues in this case. FRE 401-403. |
| 15:4-7 | 15:4-7 | 1. Testimony regarding the "primary purpose" of the Labor Relations Department is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Conlon did not begin working in Labor Relations until after Carter's termination (*see* 7:9-14). Thus, any testimony regarding the purpose and operation of the Labor Relations department is irrelevant to the issues in this case. FRE 401-403, 602. |
| 15:21-16:9<br>16:12-13<br>16:23-17:12<br>17:15-21<br>17:23-18:2 | 15:21-16:9<br>16:12-13<br>16:23-17:12<br>17:15-21<br>17:23-18:2 | 1. Conlon did not begin working in Labor Relations until after Carter's termination (*see* 7:9-14). Thus, any testimony regarding the purpose and operation of the Labor Relations department is irrelevant to the issues in this case. FRE 401-403, 602.<br><br>2. Counsel's question poses an incomplete hypothetical. |
| 18:6-25<br>19:3-9 | 18:6-25<br>19:3-9 | 1. The cited testimony recites language of the CBA and the document speaks for itself. |

| Brendan Conlon Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 19:12-20:20<br>20:23-21:14 | 19:12-20:20<br>20:23-21:14 | 1. Conlon's personal understanding of the meaning of specific CBA provisions is irrelevant as the document speaks for itself.<br><br>2. Counsel's questions call for a legal conclusion. |
| 21:16-22:25<br>23:4-13<br>23:17-24:19<br>24:23-25:2<br>25:4-29:25 | 21:16-22:25<br>23:4-13<br>23:17-24:19<br>24:23-25:2<br>25:4-29:25 | 1. Conlon's knowledge (or lack thereof) of the recall effort and his personal opinion regarding the attempted recall of Stone is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Conlon was not involved in Carter's termination and thus his personal opinions regarding Stone, the recall effort, and/or his other conduct is irrelevant to the issues in this case. FRE 401-403. |
| 23:17-24:19<br>24:23-25:2<br>25:4-29:25<br>30:4-6 | 23:17-24:19<br>24:23-25:2<br>25:4-29:25<br>30:4-6 | 1. The cited portions of the transcript are irrelevant, repetitive, littered with testimony and argument from counsel, and assume facts not in evidence.<br><br>2. The referenced designations omit pertinent testimony (*see* 30:7-12) that should be included. |
| 33:20-23<br>34:2-5<br>34:7-16<br>34:19-22<br>34:25 | 33:20-23<br>34:2-5<br>34:7-16<br>34:19-22<br>34:25 | 1. What Conlon would do if an unspecified employee reported to him that s/he was subject to an unspecified form of religious discrimination in an unspecified context is irrelevant to the issues in this case. Conlon was not involved in Carter's termination and thus his views on this issue are irrelevant to the reasons for Carter's termination. FRE 401-403.<br><br>2. Counsel's questions pose incomplete hypotheticals. |
| 38:4-13<br>38:17-20<br>38:24-39:4<br>39:7 | 38:4-13<br>38:17-20<br>38:24-39:4<br>39:7 | 1. Conlon's testimony regarding the absence of any adverse impact of the inter-union dispute (*e.g.*, picketing) on his job and the contract negotiations is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Conlon was not involved in Carter's termination and thus his views on the import of the inter-union dispute are irrelevant to the reasons for Carter's termination. FRE 401-403. |
| 40:9-12<br>40:14-17<br>40:19-41:7<br>41:10-13 | 40:9-12<br>40:14-17<br>40:19-41:7<br>41:10-13 | 1. Changes to the CBA after rejection of the tentative agreement and the subsequent ratification of the CBA is irrelevant to the issues in this case. FRE 401-403. |

| Brendan Conlon Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 41:15-19<br>41:21-42:10 | 41:15-19<br>41:21-42:10 | |

8

Dated:  July 5, 2022                                      Respectfully submitted,

                                                          */s/ Paulo B. McKeeby*
                                                          Paulo B. McKeeby
                                                          State Bar No. 00784571
                                                          Brian K. Morris
                                                          State Bar No. 24108707
                                                          **REED SMITH LLP**
                                                          2850 N. Harwood Street
                                                          Suite 1500
                                                          Dallas, Texas 75201
                                                          Phone: 469-680-4200
                                                          Facsimile: 469-680-4299
                                                          pmckeeby@reedsmith.com
                                                          bmorris@reedsmith.com

                                                          **ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 5th day of July, 2022.

                                                          */s/ Paulo B. McKeeby*
                                                          Paulo B. McKeeby