UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

|  |  |  |
|---|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | §§§§§§§§§§§§§§§ | Civil Case No. 3:17-cv-02278-X |

### DEFENDANT SOUTHWEST AIRLINES CO.'S OBJECTIONS TO CHARLENE CARTER'S DEPOSITION DESIGNATIONS FOR SONYA LACORE AND LINDA RUTHERFORD

Defendant Southwest Airlines Co. ("Southwest") hereby makes the following objections to Charlene Carter's ("Carter") deposition designations for Sonya Lacore ("Lacore") and Linda Rutherford ("Rutherford"):

| Sonya Lacore Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 7:6-20 | 7:17-20 | 1. Lacore's representation during deposition is irrelevant to the issues in this case. FRE 401-403. |
| 8:4-15 | 8:4-15 | 1. Lacore's representation during deposition and the individual or entity that compensated her deposition counsel is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Even if the Court considers Lacore's representation at deposition and counsel's compensation relevant, the risk of unfair |

1

| \ | \ | **Sonya Lacore Deposition Designations and Objections** |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | prejudice to Southwest that would result from introducing this testimony outweighs its probative value. FRE 403.<br><br>3. Counsel's questioning called for speculation regarding the entity that compensated counsel, a matter about which Lacore lacks personal knowledge. FRE 602. |
| 9:10-22 | 9:10-22 | 1. Lacore's current opinion as to how an unspecified Southwest employee holding an unspecified position should respond if s/he sees an unspecified employee who holds an unspecified position violating an unspecified Southwest policy in an unspecified manner is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's question proffered an incomplete hypothetical that would be confusing to the jury and has nothing to do with the issues in this case. FRE 401-403.<br><br>3. How and whether Lacore would respond to a hypothetical policy violation by a non-party employee should be excluded pursuant to the Court's motion in limine order excluding evidence related to Southwest's treatment of other employees. Dkt. No. 292 at 20-22.<br><br>4. Even if the Court considers Lacore's opinion on the topic relevant, the risk of unfair prejudice to Southwest that would result from introducing this testimony outweighs its probative value. FRE 403. |
| 9:23-11:4 | 10:3-11:4 | 1. Whether Lacore was a member or an "active" union member approximately 15 years prior to Carter's termination is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Lacore's personal opinion regarding what constitutes "active" union membership is irrelevant to the issues in this case. FRE 401-403.<br><br>3. The fact that Lacore was a Flight Attendant and Local 556 member approximately 15 years prior to Carter's termination is irrelevant to the issues in this case. FRE 401-403. |
| 11:5-18 | 11:5-18 | 1. Lacore's knowledge regarding union officer elections in 2013-2014 is irrelevant to the issues in this case and has no bearing on the motive of Southwest decision makers in terminating Carter's employment. FRE 401-403. |

| Sonya Lacore Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
|  |  | 2. The manner in which Stone became President of Local 556 is irrelevant to the issues in this case and has no bearing on the motive of Southwest decision makers in terminating Carter's employment. FRE 401-403.<br><br>3. Counsel's statement that Stone was "instated" is an incomplete and prejudicial statement of the manner in which she became Local 556 President and serves no probative value. The manner and reasons for Stone's presidency was the subject of unsuccessful litigation by the removed officials. *See Martin v. Local 556*, 2014 U.S. Dist. LEXIS 122755 (N.D. Tex. Sept. 3, 2014); *Martin v. Local 556*, 2016 U.S. Dist. LEXIS 66225 (N.D. Tex. May 19, 2016).<br><br>4. Testimony regarding the manner in which Stone became Local 556 President will falsely suggest to the jury that her tenure was illegitimate or improper when in fact it occurred in accordance with union rules, and challenges to her Presidency (both judicial and administrative) were unsuccessful. Introducing this testimony would be unfairly prejudicial to Defendants and its inclusion will necessitate prolonged testimony on the 2013-2014 elections, the impropriety of various Local 556 members who are not parties to this case, and the unsuccessful post-election judicial and administrative proceedings. FRE 403. |
| 12:4-16:18 | 12:25-16:18 | 1. The 2014 correspondence referenced in this testimony is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's questions relate to matters on which Lacore testified that she lacks personal knowledge. The cited testimony consists largely of counsel's representations regarding the content of a document that speaks for itself and thus the testimony has no probative value. FRE 403, 602.<br><br>3. Lacore was not involved in Carter's termination. Thus, her communication with Stone regarding union matters, other employees, and any action she took vis-à-vis Kent Hand (or other employees) is irrelevant to the issues in this case and should be excluded based on the Court's order on the motion in limine. Dkt. No. 292 at 20-22. |

| **Sonya Lacore Deposition Designations and Objections** | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 4. Much of counsel's questioning consists of recitation of a document that speaks for itself and calls for speculation on matters on which Lacore lacked personal knowledge. |
| 17:8-23 | 17:8-23 | 1. Lacore's testimony regarding this 2014 communication is irrelevant because she was not involved in the Carter's termination. FRE 401-403. Furthermore, evidence related to Kent Hand is irrelevant an inadmissible pursuant to the Court's motion in limine order excluding evidence regarding Southwest's treatment of employees other than Carter. Dkt. No. 292 at 20-22.<br><br>2. The cited testimony omits the majority of counsel's inquiry (*see* 17:3-7). Additionally, counsel's inquiry lacks context, is vague as to time period and subject matter, and is largely incomprehensible.<br><br>3. Lacore testified that she lacks knowledge regarding counsel's inquiry and her absence of knowledge is irrelevant to the issues in this case. FRE 401-403. |
| 17:15-23 | 17:15-23 | 1. Lacore's knowledge (or lack thereof) of the number of union "objectors" in 2014 is irrelevant to the issue in this case. FRE 401-403.<br><br>2. Lacore was not involved in the decision to terminate Carter's employment and thus testimony regarding her engagement with objecting and/or non-objecting union members 3-4 years prior to her termination has no relationship to the issues in this case. FRE 401-403.<br><br>3. Whether Lacore "reach[ed] out to the objectors" to offer them unspecified "assistance" is irrelevant to the issues in this case. This is particularly true here because Lacore was not involved in the decision to terminate Carter's employment and the Court ruled in its order on the motion in limine that evidence related to Southwest's treatment of other employees cannot be introduced at trial. Dkt. No. 292 at 20-22 |
| 19:5-20:11 | 19:5-20:11 | 1. Counsel's question is incoherent, confusing, compound, vague as to time period and subject matter, argumentative, misstates testimony, assumes facts no in evidence, constitutes an attempt by counsel to testify and argue, and is offered without context. In light counsel's confusing questioning, Lacore's response is confusing, irrelevant, and will not assist the jury. FRE 401-403. |

4

| Sonya Lacore Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 2. Lacore was not involved in the decision to terminate Carter's employment and thus testimony regarding her engagement with objecting and/or non-objecting union members 3-4 years prior to Carter's termination has no relationship to the issues in this case. FRE 401-403.<br><br>3. Lacore's communications with or regarding objectors and non-objectors are irrelevant to this case because Lacore was not involved in Carter's termination because it is properly excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22. |
| 20:12-23:19 | 20:12-23:19 | 1. The 2014 correspondence referenced in this testimony is irrelevant to the issues in this case. FRE 401-403.<br><br>2. The cited portions of the transcript contains improper testimony from counsel and should be excluded.<br><br>3. Lacore testified that she lacks knowledge / recollection regarding counsel's inquiry and her absence of knowledge is irrelevant to the issues in this case. FRE 401-403.<br><br>4. Lacore was not involved in Carter's termination. Thus, her communication with Stone and others regarding union matters, other employees, and any action she took vis-à-vis objectors or non-objectors is irrelevant to the issues in this case and should be excluded based on the Court's order on the motion in limine. Dkt. No. 292 at 20-22<br><br>5. Lacore's opinion as to whether it would be "appropriate" to comply with a request in an email (*see* 21:20-22:15) is irrelevant to the issues in this case. FRE 401-403. |
| 24:14-22 | 24:20-22 | 1. The number of people "under" Lacore's "purview" is irrelevant to the issues in this case. FRE 401-403. |
| 25:3-28:22 | 25:3-28:22 | 1. Counsel's "questions" constitute improper testimony and assume facts not in evidence. (25:3-6).<br><br>2. Lacore was not involved in Carter's termination. Thus, her handling and response to complaints about other employees (*see* 26:17-28:22) is irrelevant to the issues in this case and should be |

5

| **Sonya Lacore Deposition Designations and Objections** | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | excluded based on the Court's order on the motion in limine. Dkt. No. 292 at 20-22.<br><br>3. The cited testimony consists largely of counsel's representations regarding the content of a document that speaks for itself (*see* 26:17-28:5) and thus the testimony has no probative value.<br><br>4. Counsel's questions relate to matters on which Lacore lacks personal knowledge and call for speculation.<br>5. Counsel's remark regarding document production (*see* 28:18-21) constitutes improper testimony and falsely implies that Southwest withheld documents. The musings of Carter's new counsel – who was not even involved in the discovery in this case – are irrelevant, improper and prejudicial. FRE 401-403. |
| 28:23-30:8 | 28:23-30:8 | 1. Counsel's questions lacks context, are incoherent, and seek information that has no connection to the issues in this case. FRE 401-403.<br><br>2. The communication referenced in this testimony has nothing to do with the motive of decision makers in terminating Carter's employment three years after the fact. FRE 401-403.<br><br>3. Counsel's statements (*see* 29:14-16) constitute attempts to testify and mischaracterize prior testimony.<br><br>4. Counsel's decontextualized and partial reading of email correspondence (*see* 29:6-8, 17-21) renders the questioning and testimony confusing and unhelpful to the jury.<br><br>5. Lacore's opinion regarding whether a 2014 email is racist and/or reported (29:17-30:8) is vague and ambiguous, irrelevant to the issues in this case, and properly excluded pursuant to the Court's order on the motion in limine. FRE 401-403; Dkt. No. 292 at 20-22. |
| 30:11-20 | 30:11-20 | 1. The proffered testimony is from counsel rather than a witness and contains no question.<br><br>2. Lacore's opinion regarding whether a 2014 email is racist and/or reported (29:17-30:8) is vague and ambiguous, irrelevant to the issues in this case, and properly excluded pursuant to the |

| Sonya Lacore Deposition Designations and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | Court's order on the motion in limine. FRE 401-403; Dkt. No. 292 at 20-22.<br><br>3. How and whether Lacore responded to a particular communication that counsel characterizes as racist is irrelevant because Lacore was not involved in Carter's termination and the Court's motion in limine order excluding evidence related to Southwest's treatment of other employees. Dkt. No. 292 at 20-22. |
| 31:1-18 | 31:1-18 | 1. Lacore's opinion regarding whether a 2014 email is racist lack is vague and ambiguous, and irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's characterization of the email correspondence is irrelevant and improper. FRE 401-403.<br><br>3. How and whether Lacore responded to a particular communication that counsel characterizes as racist is irrelevant because Lacore was not involved in Carter's termination and the Court's motion in limine order excluding evidence related to Southwest's treatment of other employees. Dkt. No. 292 at 20-22. |
| 32:10-34:13 | 32:10-34:13 | 1. The 2014 correspondence referenced in this testimony is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Lacore was not involved in Carter's termination and thus the referenced communications are irrelevant to the issues in this case.<br>3. Counsel's questions relate to matters on which Lacore lacks personal knowledge and call for speculation.<br><br>Counsel's testimony regarding the provision of documents is improper testimony of counsel |
| 34:23-35:14 | 34:23-35:14 | 1. The cited deposition excerpt contains no substantive or relevant testimony. FRE 401-403.<br><br>2. Counsel's question is vague, compound, and seeks to elicit irrelevant testimony. FRE 401-403. |
| 35:18-36:22 | 35:18-36:22 | 1. Whether not Lacore regularly receives "message from Audrey Stone, as president of the union, to the flight attendants" (*see* 35:18-36:2) is irrelevant to the issues in this case. |

7

| | **Sonya Lacore Deposition Designations and Objections** | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 2. Whether Stone discussed keeping social media complaints "in house" with Lacore is irrelevant to the issue in this case. FRE 401-403.<br><br>3. Lacore's communications (with Stone or otherwise) regarding the social media policy are irrelevant to this case because Lacore was not involved in Carter's termination and such evidence should be excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22. |
| 38:11-25 | 38:11-25 | 1. Counsel's question is vague, ambiguous, lacking necessary context, incoherent, and compound.<br><br>2. Lacore's communications (with Stone or otherwise) regarding the social media policy are irrelevant to this case because Lacore was not involved in Carter's termination and such evidence should be excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22. |
| 39:10-18 | 39:10-18 | 1. The cited testimony is vague and ambiguous and has no relevance to the issues in this case. FRE 401-403. |
| 39:19-41:24 | 39:19-41:24 | 1. The 2014 correspondence referenced in this testimony is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Counsel's "questions" consist of improper testimony.<br><br>3. The testimony is unhelpful to the jury because the document speaks for itself.<br><br>4. The testimony is irrelevant because Lacore was not involved in Carter's termination.<br><br>5. Counsel's opinion on the propriety of objections and his "reservation of rights" is irrelevant to the issues in this case. |
| 41:25-48:16 | | 1. The correspondence referenced in this testimony is irrelevant to the issues in this case. FRE 401-403.<br><br>2. Lacore's testimony is irrelevant because she was not involved in Carter's termination and such evidence should be excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22. |

| Sonya Lacore Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 3. Counsel's questions relate to matters on which Lacore lacks personal knowledge.<br><br>4. Counsel's testimony regarding Lacore's provision and search for documents is improper testimony of counsel. |
| 48:17-25 | 48:17-25 | 1. Counsel's question attempts to suggest, without evidence, that documents were improperly withheld from Carter. That matter has been the subject of Carter's multiple failed motions to compel and it is not an issue for consideration by the jury.<br><br>2. The testimony is irrelevant to the issues in this case. |
| 49:2-51:8 | 49:2-51:8 | 1. Lacore's educational background is irrelevant to the issues in this case.<br><br>2. Counsel's insistence that Lacore – a person they never bothered to depose in more than 5 years of litigation – appear at trial rather than assist a family member procure treatment for cancer is irrelevant to the issue in this case and is not a matter for consideration by the jury. |
| 53:12-53:15 | 53:12-15 | 1. The identity of Southwest's COO is irrelevant to the issue in this case. |
| 53:16-54:18 | 53:16-54:18 | 1. Counsel's question improperly characterizes / testifies about the content of an exhibit and the conduct of Talburt (*i.e.*, he "tried to get Jackson fired I don't know how many times").<br><br>2. Lacore was not involved in Carter's termination. Thus, her communication with Talburt and her response to the same is irrelevant to the issues in this case and should be excluded based on the Court's order on the motion in limine. Dkt. No. 292 at 20-22.<br><br>3. Talburt's opinion / preference expressed in the correspondence discussed is irrelevant to the issues in this case. |
| 59:22-60:2 | 59:22-60:02 | 1. Lacore's personal opinion as to whether Southwest should, five years after Carter's termination "be involved" in disciplining employees for "union activities" is irrelevant to the issues in this case, particularly given that Lacore was not involved in Carter's termination decision. |

| Sonya Lacore Deposition Designations and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 2. The term "union activities" is vague and ambiguous and thus the testimony is unhelpful for the jury. |
| 60:3-13 | 60:3-13 | 1. Lacore's personal opinion as to what the jury should do is irrelevant and prejudicial. The jury's decision must be guided by the law and its own assessment of the evidence, not the personal preferences of witnesses.<br><br>2. Counsel's reference to "improperly interfered" is vague and ambiguous such that the response to this inquiry is irrelevant, confusing, and unhelpful to the jury.<br><br>3. Counsel's question is confusing, compound, and incoherent. For example, counsel's question includes "so that you will remember these things, so that Southwest's board will remember these things and stop doing it?" What things? Stop doing what? Is there a reason for it to stop doing anything if it believes its conduct was lawful?<br><br>4. Counsel's question calls for speculation. |

| Linda Rutherford Deposition Designation and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 12:7-10 | 12:7-10 | 1. The referenced exhibit relates to media commentary regarding the pink cabin lights. Carter indicated that Rutherford would testify about "her involvement in the Carter investigation, and her involvement in flight attendants' social media policy issues at Southwest, including those related to the Recall." This exhibit is outside the scope of the testimony Carter identified.<br><br>2. Any testimony regarding the pink cabin lights is irrelevant to this case as it does not relate to the reasons for Carter's termination. |
| 13:22-25 | 13:22-25 | 1. The cited testimony is vague and ambiguous with respect to time period and thus it has no relevance to this case. |

10

| Linda Rutherford Deposition Designation and Objections ||| 
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 2. The cited testimony lacks foundation and does not establish personal knowledge regarding the topic to which Rutherford testified. |
| 14:4-6 | 14:4-6 | 1. The cited testimony lacks foundation and does not establish personal knowledge regarding the topic to which Rutherford testified. |
| 16:6-17:2 | 16:6-17:2 | 1. The cited testimony is vague and ambiguous with respect to time period and thus it has no relevance to this case. |
| 19:25-22:15 | 19:25-22:15 | 1. The subjective of opinion of Rutherford or others on her team regarding the appropriateness of disciplining Carter is irrelevant to the issues in this case as they were not involved in Carter's termination.<br><br>2. Any testimony regarding the pink cabin lights is irrelevant to this case as it does not relate to the reasons for Carter's termination.<br><br>3. Carter indicated that Rutherford would testify about "her involvement in the Carter investigation, and her involvement in flight attendants' social media policy issues at Southwest, including those related to the Recall." The testimony is outside the scope of the subjects Carter identified. |
| 23:2-3 | 23:2-3 | 1. The referenced exhibit relates to media commentary regarding the pink cabin lights and Southwest's response to the same. Carter indicated that Rutherford would testify about "her involvement in the Carter investigation, and her involvement in flight attendants' social media policy issues at Southwest, including those related to the Recall." This exhibit is outside the scope of the testimony Carter identified. |
| 23:19-21 | 23:19-21 | 1. The referenced document relates to an irrelevant exhibit addressing cabin lighting and is irrelevant to the issues in this case.<br><br>2. The referenced document addresses matters outside the scope of testimony Carter identified. |

11

| Linda Rutherford Deposition Designation and Objections | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 24:5-17 | 24:5-17 | 1. The referenced document relates to an irrelevant exhibit addressing cabin lighting and is irrelevant to the issues in this case.<br><br>2. The referenced document addresses matters outside the scope of testimony Carter identified. |
| 25:11-17 | 25:11-17 | 1. The referenced document relates to an irrelevant exhibit addressing cabin lighting and is irrelevant to the issues in this case.<br><br>2. The referenced document addresses matters outside the scope of testimony Carter identified. |
| 28:6-15 | 28:6-15 | 1. The referenced document relates to an irrelevant exhibit addressing cabin lighting and related matters and is irrelevant to the issues in this case.<br><br>2. The referenced document addresses matters outside the scope of testimony Carter identified. |
| 28:22-29:3 | 28:22-29:3 | 1. The cited testimony consists of counsel's mere recitation of the words in an irrelevant exhibit that speaks for itself.<br><br>2. The alleged tweet from a Planned Parenthood twitter account is irrelevant to this case, is outside the scope of permissible testimony, is improper hearsay, and has nothing to do with the issues in this case. |
| 29:22-30:5 | 29:22-30:5 | 1. Rutherford's reaction to a tweet from Planned Parenthood is outside the scope of testimony Carter identified.<br><br>2. Rutherford's reaction to an alleged tweet from Planned Parenthood is irrelevant to the issues in this case. |
| 30:14-18, 30:22-31:5 | 30:14-18, 30:22-31:5 | 1. Counsel's question is vague and ambiguous with respect to time period.<br><br>2. Rutherford's was not involved in Carter's termination and did not work in the Labor Relations or Employees Relations departments. Thus, her personal opinion as to whether certain activity would violate Southwest policy is irrelevant to the issues in this case. |

12

| Linda Rutherford Deposition Designation and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
|  |  | 3. Counsel's question involves an incomplete hypothetical. |
| 32:11-16<br>32:20-24 | 32:11-16<br>32:20-24 | 1. Rutherford's knowledge (or lack thereof) of whether any of Southwest's thousands of employees were disciplined for using Southwest's logo at is not relevant to the issue in this case and should be excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22. |
| 33:25-34:4 | 33:25-34:4 | 1. Rutherford was not involved in Carter's termination. Thus, her personal opinion on whether a hypothetical activity violates the social media policy is irrelevant.<br><br>2. The question poses an incomplete hypothetical and the response is irrelevant to the issues in this case. |
| 35:3-5<br>35:11 | 35:3-5<br>35:11 | 1. Rutherford was not involved in Carter's termination. Thus, her personal opinion on whether a hypothetical activity violates the social media policy is irrelevant.<br><br>2. The question poses an incomplete hypothetical and the response is irrelevant to the issues in this case. |
| 35:23-36:4 | 35:23-36:4 | 1. Rutherford was not involved in Carter's termination. Thus, her personal opinion on whether a hypothetical activity violates the social media policy is irrelevant.<br><br>2. The question poses an incomplete hypothetical and the response is irrelevant to the issues in this case. |
| 36:16-37:19 | 36:16-37:19 | 1. The social media posts of Rutherford's Facebook friends in Southwest attire and Rutherford's opinion as to whether any of those posts violated the social medial policy is irrelevant to the issues in this case and should be excluded pursuant to the Court's motion in limine order. Dkt. No. 292 at 20-22.<br><br>2. Counsel's questioning poses an incomplete hypothetical and the response is irrelevant to the issues in this case |
| 37:25-38:16 | 37:25-38:16 | 1. Rutherford's knowledge with respect to whether Southwest has terminated any employee for identifying themselves as a Southwest employee is irrelevant to the issues in this case.<br><br>2. Rutherford was not involved in Carter's termination. Thus, her personal opinion on whether a hypothetical activity violates the social media policy is irrelevant. |
| 39:8-25 | 39:8-25 | 1. What Rutherford would do if a hypothetical employee reported to her an unspecified form of religious discrimination in an unspecified context is irrelevant to the issues in this case. |

| Linda Rutherford Deposition Designation and Objections |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
|  |  | 2. Counsel's question poses as incomplete hypothetical. |
| 40:22-41:3 | 40:22-41:3 | 1. What Rutherford would do if a hypothetical employee reported to her an unspecified form of religious discrimination in an unspecified context is irrelevant to the issues in this case.<br><br>2. Counsel's question poses as incomplete hypothetical. |
| 43:11-44:9 | 43:11-44:9 | 1. Rutherford's knowledge (or lack thereof) of employees who were disciplined for being identifiable as a Southwest employee and related misconduct on their Facebook feed is irrelevant to the issues in this case. Such testimony should be excluded based on the Court's motion in limine order excluding evidence related to the treatment of other employees. Dkt. No. 292 at 20-22. |
| 47:17-20 | 47:17-20 | 1. Any testimony regarding the pink cabin lights is irrelevant to this case as it does not relate to the reasons for Carter's termination.<br><br>2. Whether Rutherford discussed the pink lights with Stone or others is irrelevant to the issues in this case.<br><br>3. Carter indicated that Rutherford would testify about "her involvement in the Carter investigation, and her involvement in flight attendants' social media policy issues at Southwest, including those related to the Recall." The testimony is outside the scope of the subjects Carter identified. |
| 47:23-48:25 | 47:23-48:25 | 1. Any testimony regarding the pink cabin lights is irrelevant to this case as it does not relate to the reasons for Carter's termination.<br><br>2. Whether Rutherford discussed the pink lights with Stone or others is irrelevant to the issues in this case.<br><br>3. Carter indicated that Rutherford would testify about "her involvement in the Carter investigation, and her involvement in flight attendants' social media policy issues at Southwest, including those related to the Recall." The testimony is outside the scope of the subjects Carter identified. |

Dated:  July 5, 2022

Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 5th day of July, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

US_ACTIVE-167920479.1