UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § § | |
| Defendants. | § § | |

**JOINT RESPONSE TO PLAINTIFF'S MOTION RE: DEPOSITION OF BRETT NEVAREZ**

Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("Local 556") (collectively "Defendants") hereby submit this joint response to Charlene Carter's motion seeking sanctions based on Brett Nevarez's failure to appear for a full day deposition on July 4, 2022.

**I.    SUMMARY OF FACTS**

In light of the deadline the Court set for this joint submission, Defendants submit an abbreviated summary of events and argument related to Carter's motion. Additionally, the attached Exhibit A further describes Local 556's efforts to procure witness attendance at deposition in this case.

1.    Through its final scheduling order entered on February 24, 2022, the Court scheduled the pretrial conference in this case for June 16, 2022. On the afternoon of June 15, a

1

process server arrived at the offices of counsel for Southwest Airlines ("Southwest") and served 15 trial subpoenas for various witnesses. The witnesses fell within a variety of categories, some were former employees and some lived outside of Texas and well outside the subpoena power of the Court.

2. Prior to the pretrial conference, counsel Local 556 was served with additional trial subpoenas in the hall way of the courthouse. Two of those witnesses were current Southwest Flight Attendants Brian Talburt ("Talburt") and Brett Nevarez ("Nevarez").

3. Counsel for Defendants raised the trial subpoenas at the pretrial conference on June 16. The Court addressed the various categories of witnesses identified in the subpoenas. One category included Talburt and Nevarez, who live in Arizona and New Mexico. As to those witnesses, the Court directed counsel for Plaintiff to personally serve them with subpoenas and that Southwest assist in that process by providing home addresses and flight schedules for Talburt and Nevarez. Southwest provided the home addresses later that day and provided flight schedules the next day.

4. On June 16, 2022, the Court issued an order requiring the one hour depositions of six witnesses who were either unavailable for trial or who were former employees of Southwest. Those witnesses were all produced for deposition between June 23 and June 29.[1]

5. Meanwhile, given the Court's direction at the pretrial conference, counsel for Defendants operated under the understanding that the previously issued subpoenas served on counsel for the Defendants were not controlling. When counsel for Defendants tried to confirm that understanding with counsel for Plaintiff, the response was that counsel for Plaintiff believed

---

[1] Plaintiff elected not to depose one of the witnesses, Naomi Hudson, who she served with a trial subpoena.

that the subpoenas remained valid, notwithstanding the facts that the subpoenas did not comply with rule 45, counsel for Plaintiff was attempting to personally serve Talburt and Nevarez with trial subpoenas, and that the Court had ordered the depositions of six of the witnesses who were unavailable. As a result, Defendants were compelled to file a motion to quash, which they did on June 23, 2022. Plaintiff filed her response to that motion on June 28, 2022.

6. Also, by email of June 28, 2022, counsel for Plaintiff advised counsel for Defendants that they had successfully served Nevarez with a trial subpoena but had not been able to serve Talburt. Southwest then contacted Nevarez by email to see if he needed assistance making travel arrangements to Dallas.

7. On June 29, 2022, after Plaintiff filed her response to Defendants' motion to quash, the Court entered a minute order requiring the parties file a joint status report as to the status of service on each of the witnesses and the parties' respective positions as to each witness, including Talburt and Nevarez. The parties filed their "Joint Status Report Regarding Witnesses With Unresolved Issues" later that day and set forth their positions regarding Talburt and Nevarez.

8. The next day, on June 30, 2022, the Court entered a minute order directing that Talburt and Nevarez either appear for deposition or, in the alternative, appear remotely at trial if they voluntarily agreed to do so. Southwest and the Union then sent email communications to both Talburt and Nevarez advising them of the Court's order and requesting that each advise Defendants of their intention. Southwest also called Talburt and Nevarez and left messages asking that they confirm their intentions to either appear for deposition or attend trial remotely. While neither Talburt nor Nevarez responded to Southwest's emails or voice messages, they respond to messages from representatives of Local 556. Both indicated they were unwilling to either appear

3

for a deposition over the weekend or participate at trial. Counsel for Local 556 advised the parties of these communications by email at 12:05 on Friday, July 1, 2022.

9. On July 1, 2022, after being informed by counsel for Local 556 that Talburt and Nevarez had advised Local 556 that they would not appear voluntarily, counsel for Plaintiff filed a "Status Report Regarding the Court's Order For the Parties to Cooperate for Service and Scheduling of Witnesses." Counsel for Plaintiff also issued deposition notices for Talburt and Nevarez for July 3 and 4.

10. Later that day, the Court entered a minute order indicating that the dates proposed by counsel for Plaintiff were reasonable and ordered that the witnesses appear for depositions at the times noticed.

11. Thereafter, Southwest and the Union continued their efforts to contact the witnesses, both by email and telephone. Specifically, counsel for the Union and Southwest sent emails to Nevarez and Talburt on the evening of Friday, July 1 advising them that they should attend their depositions as directed by the Court. Shortly after counsel for Defendants sent those emails, counsel for Carter advised counsel for Defendants that Nevarez had been served with a deposition subpoena.

12. The next day, Saturday, July 2, 2022, Southwest's legal department sent Nevarez and Talburt emails instructing them to attend the depositions and advising them of the possibility that they could be held in contempt if they did not do so.

13. Later that evening, counsel for Carter advised counsel for Southwest by telephone that Talburt was apparently attempting to evade service. Counsel for Southwest was able to reach Talburt by telephone during the evening of July 2, 2022 and was able to convince him to attend

4

his deposition on July 3. That deposition proceeded at that time and counsel for Plaintiff questioned Talburt for over 3 hours.

14. Counsel for Southwest and the Union jointly called Nevarez the morning of July 4 to confirm that he intended to comply with the deposition subpoena for later that day. The call went directly to Nevarez' voice mail and counsel for Southwest and the Union asked that Nevarez call them back. He did not do so and did not attend his deposition on July 4, 2022.

## II.   THERE IS NO BASIS FOR GRANTING CARTER RELIEF

Carter has been well aware of Nevarez, his position with Local 556, and the fact that he resides outside the subpoena power of this Court since she commenced this litigation more than 5 years ago. Despite requesting and receiving, over Defendants' objection, an extension of the discovery deadline in this case, Carter did not identify her claimed need to depose Nevarez (or any other Southwest employee) as a basis for that extension. Moreover, during the extended discovery period, Carter made no attempt to depose Nevarez or any other employee. In fact, Carter did not seek to serve or depose Nevarez until approximately week before trial even though she repeatedly references him in her initial and each subsequent complaint in this action. *See* Dkt. No. 1, Compl. ¶¶ 10-11.

Having done nothing to depose Nevarez (or Brian Talburt) through more than half a decade of litigation, Carter then insisted that Nevarez and Talburt sit for a full deposition on July 3-4. As discussed above, Southwest and Local 556 made diligent and repeated efforts to facilitate Carter's service of subpoenas and attempted to procure Nevarez's and Talburt's appearance at trial. While Defendants did procure Talburt's appearance on Sunday, July 3, Nevarez did not appear for deposition on July 4.

5

Since the pre-trial conference, Defendants have diligently worked, in the midst of trial preparation, to assist Carter in taking the 7 depositions she declined to take in the first 5 years of litigation. Defendants procured the attendance of 6 witnesses. Only one witness declined to appear despite Defendants best efforts. That does not warrant the imposition of sanctions that Carter seeks.

Dated:  July 5, 2022                                Respectfully submitted,


                                                    */s/ Paulo B. McKeeby*
                                                    Paulo B. McKeeby
                                                    State Bar No. 00784571
                                                    Brian K. Morris
                                                    State Bar No. 24108707
                                                    **REED SMITH LLP**
                                                    2850 N. Harwood Street
                                                    Suite 1500
                                                    Dallas, Texas 75201
                                                    Phone: 469-680-4200
                                                    Facsimile: 469-680-4299
                                                    pmckeeby@reedsmith.com
                                                    bmorris@reedsmith.com


                                                    **ATTORNEYS FOR DEFENDANT
                                                    SOUTHWEST AIRLINES CO.**



                                                    */s/ Adam S. Greenfield*
                                                    Adam S. Greenfield
                                                    State Bar No. 24075494
                                                    **CLOUTMAN & GREENFIELD, PLLC**
                                                    3301 Elm Street
                                                    Dallas, Texas 75226
                                                    Phone:  214.642.7486
                                                    Facsimile:  214.939.9229
                                                    agreenfield@candglegal.com

                                                    Edward B. Cloutman, III
                                                    State Bar No. 04411000
                                                    **LAW OFFICES OF EDWARD CLOUTMAN, III**
                                                    3301 Elm Street
                                                    Dallas, TX 75226
                                                    Phone:  214.939.9222
                                                    Facsimile:  214.939.9229

                                                    **ATTORNEYS FOR DEFENDANT
                                                    TWU LOCAL 556**

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 5th day of July, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

8