UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | § | |
|---|---|---|
| **CHARLENE CARTER,** | § | Civil Case No. 3:17-cv-02278-X |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,** | § § § § § | |
| | § | |
| **Defendants.** | § | |

### SOUTHWEST AIRLINES CO.'S OBJECTIONS TO CHARLENE CARTER'S DEPOSITION DESIGNATIONS FOR BRIAN TALBURT

Southwest Airlines Co. ("Southwest") hereby makes the following objections to Charlene Carter's ("Carter") deposition designations for Brian Talburt ("Talburt"):

| Brian Talburt Deposition Designations and Objections[1] | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 8:20-13:6<br>13:10-15:1<br>15:6-12 | 8:20-13:6<br>13:10-15:1<br>15:6-12 | 1. Talburt's testimony regarding his receipt of Stone's deposition transcript – *i.e.*, that he received a copy years ago through a co-worker who sent him a link to the transcript and that the transcript is publicly available – is irrelevant to Carter's claims in this case.<br><br>2. Information regarding the individual who provided Talburt the link to Stone's deposition (*e.g.*, her support for Local 556 |

---

[1] To the extent testimony is irrelevant to claims against Southwest but is otherwise admissible, Southwest requests a limiting instruction be given to the jury at the time such testimony is offered and with the final instruction.

1

| Brian Talburt Deposition Designations and Objections[1] | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | or lack thereof; whether she has reported Local 556 opponents, etc.) is irrelevant to the issues in this case.<br><br>3. Counsel's inquiry improperly implies that Talburt's receipt and review of Stone's deposition transcript violated a confidentiality order in this case (*see* 10:16-11:3). |
| 17:23-18:5 | 17:23-18:5 | 1. Talburt's general support for Stone in her campaign and while she was Local 556 President is irrelevant to Carter's claims against Southwest. |
| 19:5-23 | 19:5-23 | 1. Talburt's 2013 participation in the contract action network is irrelevant to the issues in this case. |
| 21:12-26:10 | 21:12-26:10 | 1. Talburt's personal opinion regarding Southwest's social media policy and its application of the same (*see* 21:12-22:3) is irrelevant to the issues in this case.<br><br>2. Talburt's disciplinary record and history of disciplinary proceedings (*e.g.*, grievances, Step 2 meetings, etc.), including the results of those proceedings, are irrelevant to Carter's claims against Southwest and should be excluded based on the Court's motion in limine order. |
| 26:19-27:22 | 26:19-27:22 | 1. Talburt's testimony regarding his social media issues, disciplinary proceedings (including what Talburt or his representatives argued in his Step 2 meeting), and the results of those proceedings are irrelevant to the issues in this case. Additionally, this testimony is inadmissible under the Court's order on the motion in limine. |
| 27:25-32:1 | 27:25-32:1 | 1. Talburt's testimony regarding his social media issues, disciplinary proceedings (including what Talburt or his representatives argued in his Step 2 meeting), and the results of those proceedings are irrelevant to the issues in this case. Additionally, this testimony is inadmissible under the Court's order on the motion in limine. |
| 27:25-32:1<br>32:5-34:3<br>34:9-19<br>35:11-37:19 | 27:25-32:1<br>32:5-34:3<br>34:9-19<br>35:11-37:19 | 1. Talburt's testimony (and related documents) regarding his social media issues, disciplinary proceedings (including what Talburt or his representatives argued in his Step 2 meeting), and the results of those proceedings are irrelevant to the issues |

| Brian Talburt Deposition Designations and Objections[1] | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | in this case. Additionally, this testimony is inadmissible under the Court's order on the motion in limine. |
| 37:22-38:25<br>39:14-40:14<br>40:16-25<br>42:2-44:15 | 37:22-38:25<br>39:14-40:14<br>40:16-25<br>42:2-44:15 | 1. Any efforts by Talburt to "target" Flight Attendants and the reason for the alleged targeting is irrelevant to Carter's claims against Southwest (*i.e.*, it does not relate to the reasons for Carter's termination).<br><br>2. Carter's designation omits clarifying testimony by Talburt (*see* 39:1-23). |
| 44:16-20<br>44:22-24<br>44:25-45:3<br>45:5-13 | 44:16-20<br>44:22-24<br>44:25-45:3<br>45:5-13 | 1. Talburt's opinion regarding the reason Stone would have opposed his reports to Southwest regarding the conduct of other employees is speculative, not based on personal knowledge, and irrelevant to the issues in this case.<br><br>2. Carter's designation omits clarifying testimony by Talburt (*see* 45:14-23). |
| 47:7-9<br>47:13-50:8 | 47:7-9<br>47:13-50:8 | 1. Any efforts by Talburt to "target" Flight Attendants, the reason for the alleged targeting, and the manner of reporting those he targeted are irrelevant to Carter's claims against Southwest – *i.e.*, they do not relate to the reasons for Carter's termination. |
| 52:13-52:23<br>53:6-54:10 | 52:13-52:23<br>53:6-54:10 | 1. The regularity with which Talburt claims to have communicated with Lacore (who was not involved in Carter's termination) and the reasons for those communications are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for Carter's termination. |
| 54:24-55:3<br>55:15-24<br>57:6-60:6 | 54:24-55:3<br>55:15-24<br>57:6-60:6 | 1. The 2014 communication with Lacore (Exh. 141) has no relationship to the reasons for Carter's termination and thus it and the related testimony are irrelevant to the claims against Southwest.<br><br>2. Talburt's reports / complaints about other employees in the 2014 communication are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for Carter's termination. |

| Brian Talburt Deposition Designations and Objections[1] | | |
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| 60:14-61:20 | 60:14-61:20 | 1. The race and sex of the Flight Attendant Talburt references in the cited communication is irrelevant to the issues in this case and is offered for the purpose of prejudicing jury. |
| 62:3-64:9<br>64:12-65:24<br>66:4-6 | 62:3-64:9<br>64:12-65:24<br>66:4-6 | 1. Talburt's reports / complaints about other employees in the 2014 communication are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for Carter's termination.<br><br>2. Talburt's opinion regarding whether his 2014 email is racist (*see* 62:8-10) is vague and ambiguous, irrelevant, and its introduction would unfairly prejudice the jury against Defendants.<br><br>3. Cited portions of the transcript include testimony from counsel, characterization of testimony, and argument that is misleading and/or has no probative value (*see* 63:1-3, 63:25-64:20). |
| 66:25:67:17<br>67:19<br>68:16-20<br>69:7-12<br>69:14-72:4<br>72:11-15 | 66:25:67:17<br>67:19<br>68:16-20<br>69:7-12<br>69:14-72:4<br>72:11-15 | 1. The reason(s) Talburt sent the cited communication to Lacore's non-work email is irrelevant to Carter's claims against Southwest.<br><br>2. Carter omission of clarifying and contextual testimony (*see* 72:7-10) is misleading and improper. |
| 78:25-79:3<br>79:7-25<br>80:5-81:10<br>81:18-83:19<br>84:20-85:4<br>85:10-87:9 | 78:25-79:3<br>79:7-25<br>80:5-81:10<br>81:18-83:19<br>84:20-85:4<br>85:10-87:9 | 1. The referenced exhibit (Exhibit 26) in the cited testimony is irrelevant to the claims against Southwest because it does not related to the reasons for Carter's termination.<br><br>2. Any discussions between Talburt and Southwest management regarding social media is irrelevant to Carter's claims against Southwest because they do not relate the motivation for her termination. |
| 92:16-21<br>93:8-94:11<br>94:24-96:2<br>96:5-97:10<br>97:12<br>97:14-98:8<br>99:10-15<br>99:17-101:10<br>101:16-101:24 | 92:16-21<br>93:8-94:11<br>94:24-96:2<br>96:5-97:10<br>97:12<br>97:14-98:8<br>99:10-15<br>99:17-101:10<br>101:16-101:24 | 1. The referenced exhibit (Exh. 21-E) contains information regarding the social media conduct of other Flight Attendants and should be excluded based on the Court's ruling on the motion in limine.<br><br>2. Testimony and documents regarding Talburt's reports / complaints about other employees are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for Carter's termination |

| Brian Talburt Deposition Designations and Objections[1] |||
| **Designation** | **Objectionable Excerpt** | **Objections** |
| --- | --- | --- |
| | | 3. Counsel's questions include improper testimony, mischaracterization of prior testimony, and/or argument (*see* 93:22-94:3, 94:24-95:6, 95:23-96:2). |
| 102:23-103:3 103:23-107:16 | 102:23-103:3 103:23-107:16 | 1. Talburt did not receive communications referenced in the cited testimony (*see* 102:23-103:5 [Exh. 21-A]; 104:20-22 [Exh. C]) and thus any testimony regarding these documents are irrelevant and speculative.<br><br>2. Carter omits clarifying and contextual testimony (*see* 101:103:4-22) that should be included.<br><br>3. The designated testimony should not omit 103:4-19.<br><br>4. Testimony regarding the subjective intent of Maureen Emlet (105:6-108:11) reflected in Exhibit 21-C is speculative and not based on personal knowledge.<br><br>5. The referenced exhibit is irrelevant Carter's claims against Southwest.<br><br>6. Counsel mischaracterizes testimony (*see* 106:11-15) and proffers his own testimony (*see* 107:8-10). |
| 109:11-19 | 109:11-19 | 1. Talburt's report of other Flight Attendants and complaints regarding Jeanna Jackson are irrelevant Carter's claims against Southwest because they do not relate to the reasons for her termination. |
| 118:11-23 119:4-21 | 118:17-119:15 | 1. Talburt's preferred definition of the term "scab" and personal opinion as to whether individuals satisfy that definition is irrelevant to the issues in this case. |
| 119:23-120:12 120:16-19 | 119:23-120:12 120:16-19 | 1. Talburt's failure to report Nevarez for statements made in an email and his opinion as to whether Nevarez violated Southwest policy is irrelevant to Carter's claims in this case.<br><br>2. The designated testimony should not omit 120:13-15. |
| 121:1-123:11 123:13-125:16 | 121:1-123:11 123:13-125:16 | 1. Testimony regarding Talburt's communications with management are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for her termination. |

5

| Brian Talburt Deposition Designations and Objections[1] |||
|---|---|---|
| **Designation** | **Objectionable Excerpt** | **Objections** |
| | | 2. Testimony regarding efforts by Talburt to target Flight Attendants (*see* 124:10-125:12) is irrelevant to Carter's claims against Southwest (*i.e.*, it does not relate to the reasons for Carter's termination). <br><br>3. Talburt's speculation regarding whether any Southwest manager reported him for violating policy are irrelevant to Carter's claims and should be excluded based on the Court's motion in limine order. |
| 126:13-128:25 | 127:24-128:25 | 1. Testimony regarding Talburt's efforts to target an employee are irrelevant to Carter's claims against Southwest. |
| 130:20-141:4 <br> 141:12-145:2 | 130:20-141:4 <br> 141:12-145:2 | 1. Talburt's reports / complaints about other employees are irrelevant to Carter's claims against Southwest because they do not relate to the reasons for Carter's termination. <br><br>2. The designated testimony should not omit 141:5-11. |
| 146:2-147:19 <br> 151:1-154:4 | 146:2-147:19 <br> 151:1-154:4 | 1. Talburt's disciplinary record and history of disciplinary proceedings (*e.g.*, grievances, Step 2 meetings, etc.), including the results of those proceedings, are irrelevant to Carter's claims against Southwest and should be excluded based on the Court's motion in limine order. |

Dated:  July 5, 2022

Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

US_ACTIVE-167930495.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 5th day of July, 2022.

>   */s/ Paulo B. McKeeby*
>   Paulo B. McKeeby