UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X<br><br>**RESPONSES TO DEPOSITION DESIGNATION OBJECTIONS FOR MELISSA BURDINE AND NOTICE OF NO RESPONSE FOR LINDA RUTHERFORD AND JOHN PARROTT** |

Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby files these responses to deposition designation objections for Melissa Burdine and notice of no response for Linda Rutherford and John Parrott.

As to Ms. Rutherford, after seeing the time remaining after the opening day of jury time, Carter does not expect to call Ms. Rutherford and therefore withdraws its designations.

For Mr. Parrott, Defendant Transport Workers Union of America, Local 556 ("Local 556") and Carter have reached agreement that Local 556 will secure Mr. Parrott's attendance at trial.

Carter also files the below responses to Defendant Southwest Airlines, Inc.'s ("Southwest") objections to Carter's designation of deposition testimony for Melissa Burdine:

1

| Designation | Objectionable Excerpt | Southwest's Objections | Responses |
|---|---|---|---|
| 20:14-15<br><br>20:19-21:1<br><br>21:4-22:17<br><br>22:20-20:24 | 20:14-15<br><br>20:19-21:1<br><br>21:4-22:17<br><br>22:20-20:24 | 1. Burdine's opinion regarding as to whether Carter engaged in unlawful conduct is irrelevant to the issues in this case.<br><br>2. Burdine was not involved in the decision to terminate Carter's employment and thus her opinion regarding the legality of Carter's conduct is irrelevant to this case.<br><br>3. Burdine's opinion regarding whether Carter engaged in unlawful conduct is speculative and an improper topic for lay witness testimony. | 1. Burdine's opinion as to whether Carter engaged in unlawful conduct is not irrelevant to the issues in this case because it demonstrates that Carter's activities did not exceed their protections. RLA activity that is intemperate, abusive, insulting, or hyperbolic is still protected activity under RLA Section 152 Third and Fourth. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 882-83 (9th Cir. 2002). Unless Carter's RLA-protected activity is defamatory or illegal, it does not lose its protection.<br><br>2. Mike Sims testifies as Southwest's corporate representative that Burdine was the labor relations representative involved in Carter's investigation.[1] In that role, Sims met with Burdine to discuss Carter's termination.[2]<br><br>3. Burdine's opinion regarding whether Carter engaged in unlawful conduct is not speculative because it seeks to elicit her answer based on personal knowledge and seeks to determine what standards she applied in making her recommendation to Sims. |

---

[1] Mike Sims 30(b)(6) deposition, 52:14-17.
[2] *Id.,* 181:6-12.

1

| | | | |
|---|---|---|---|
| 31:22-32:25 | 31:22-32:17 | 1. The cited testimony consists counsel's recitation of the terms of the referenced exhibit (Last Chance Agreement), which speaks for itself. | Burdine testifies that she was the author of Carter's Last-Chance Agreement. 29:12-18. Carter continues to object that the Last Chance Agreement is not an unconditional offer of reinstatement, and is therefore irrelevant, and.is a confidential settlement communication and a rejected settlement offer under Federal Rule of Evidence 408. Without waiving Carter's continued objections, the examination of the author of an agreement on the meaning is relevant information from the jury in terms of what Southwest intended and what Burdine was requiring Carter to give up to accept the agreement. |
| 35:12-19 | 35:12-19 | 1. The cited portion of the transcript regarding the Last Chance Agreement is incomplete and improperly omits relevant testimony (see 35:20-36:4).<br><br>2. Testimony regarding whether unspecified employees who engaged in unspecified misconduct during an unspecified time period received back pay in connection with a Last Chance Agreement is inadmissible and irrelevant. Indeed, the Court's motion in limine order properly excludes evidence related to Southwest's treatment of other employees. Dkt. No. 292 at 20-22. | Designation withdrawn |

2

Dated: July 7, 2022					Respectfully submitted,


							/s/ Matthew B. Gilliam
							Mathew B. Gilliam (*admitted pro hac vice*)
							New York Bar No. 5005996
							*mbg@nrtw.org*
							c/o National Right to Work Legal Defense Foundation, Inc.
							8001 Braddock Road, Suite 600
							Springfield, Virginia 22160
							Tel: 703-321-8510
							Fax: 703-321-9319

							Bobby G. Pryor
							State Bar No. 16373720
							bpryor@pryorandbruce.com
							Matthew D. Hill, Of Counsel
							State Bar No. 24032296
							mhill@pryorandbruce.com
							PRYOR & BRUCE
							302 N. San Jacinto
							Rockwall, TX 75087
							Telephone: (972) 771-3933
							Facsimile: (972) 771-8343


							*Attorneys for Plaintiff Charlene Carter*


## Certificate of Service

I hereby certify that on July 7, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


							s/ Matthew B. Gilliam