UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, § § § **Plaintiff,** § § V. § § SOUTHWEST AIRLINES CO., AND § TRANSPORT WORKERS UNION OF § AMERICA, LOCAL 556, § § § **Defendants.** § § § § § | CIVIL CASE NO. 3:17-CV-02278-X |

**DEFENDANT TWU LOCAL 556'S TRIAL BRIEF ON THE RLA**

Pursuant to the Court's July 5, 2022 Order (ECF No. 308), Defendant TWU Local 556 seeks to answer "whether Plaintiff Carter engaged in activity protected by the Railway Labor Act ("RLA"), Section 152 Third and/or Fourth, a matter of law to be decided by the Court for purposes of Carter's Railway Labor Act retaliation claim?" The question of deciding whether the protected status of employee expression resides with the Jury or the Court is unclear under the Railway Labor Act, and the Union believes precedence presents a path for your Honor to decide the matter either way, but we believe the most just path resides in leaving this question with the Jury.

### I.     ARGUMENT AND AUTHORITY

The Court should look to the National Labor Relations Act for guidance on this question. While Employees covered under the Railway Labor Act are not subject to the provision of the

NLRA, courts look to the NLRA and the cases interpreting it for guidance in interpreting the RLA.[1] In the matter of *Reef Indust., Inc. v. NLRB*, the Fifth Circuit found that "Although employees' concerted activities are protected if they are part of an on-going labor dispute, the employees' rights are not absolute; they must be balanced against the employer's long-recognized right to maintain order and respect. The Board has determined that employees' concerted activity is not protected under NLRA § 7 when it is "so flagrant, violent, or extreme as to render [the employees] unfit for service." **The Board makes this determination by looking at all the facts in a particular case.**" (emphasis added).[2]

The Board sits as judge and jury. However, the emphasized portion of *Reef* provides that the Labor Board reviews "all of the facts" in determining protected activity. The Supreme Court has often "recognize[d] the historical preference for juries to make primarily factual determinations and for judges to resolve legal questions."[3] As such, the Board is wearing their "juror hat" when determining protected activity.

In addition, and as the law is scant, we can seek instruction from how the Fifth Circuit interprets retaliation claims under other employment laws such as Title VII of the Civil Rights Act of 1964, which leaves the question of protected activity in the province of the jury. The Fifth Circuit Pattern Jury Instruction for Title VII—Retaliation sets forth in question No. 1:

> "Do you find that Plaintiff [name] would not have been [specify adverse action] but for [his/her] [specify protected activity]; Answer "Yes" or "No."[4]

---

[1] *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 383, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969). ("We see no reason why the rule announced in Linn, 383 U.S. at 61, 86 S.Ct. 657, regarding protected activities, should not apply in the context of the RLA.")
[2] *Reef Indust., Inc. v. NLRB*, 952 F.2d 830, 837 (5th Cir.1991).
[3] *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 731 (1999) (Scalia, J., concurring).
[4] 11.5 Pattern Jury Question, Title VII—Retaliation

Nevertheless, if the Court decides to take province over the question of protection, Local 556 would urge the adoption of an additional fifth question allowing the jury to consider whether this speech, though protected in content, was also sufficiently harassing or threatening that it potentially altered the conditions of Ms. Stone's employment.

Dated: July 9, 2022                                             Respectfully submitted,

/s/ Edward B. Cloutman, III_____                 /s/ Adam S. Greenfield_____
Edward B. Cloutman, III                                     Adam S. Greenfield
State Bar No. 04411000                                      State Bar No. 240 754 94
ECLOUTMAN@LAWOFFICES.EMAIL        AGREENFIELD@CANDGLEGAL.COM

Law Offices of Ed Cloutman, L.L.C.                Cloutman & Greenfield, PLLC
618 Largent Ave.,                                                 6217 Bryan Parkway
Dallas, TX  75214                                                 Dallas, TX  75214
Phone 214.232.9015                                            Phone 214.642.7486

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 9th day of July, 2022.

/s/ Adam S. Greenfield_____
Adam S. Greenfield