UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| | § | |
| | § | |
| CHARLENE CARTER, | § | Civil Case No. 3:17-cv-02278-X |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION OF | § | |
| AMERICA, | § | |
| LOCAL 556, | § | |
| | § | |
| | § | |
| Defendants. | | |

## DEFENDANT SOUTHWEST AIRLINES CO.'S TRIAL BRIEF

Pursuant to the Court's July 5, 2022 Order (dkt. no. 308), Southwest Airlines Co. ("Southwest") submits this trial brief addressing the following question: "Is whether Plaintiff Carter engaged in activity protected by the Railway Labor Act ("RLA"), Section 152 Third and/or Fourth, a matter of law to be decided by the Court for purposes of Carter's Railway Labor Act retaliation claim?". Southwest found little directly on point case law under the RLA.[1] That said,

---

[1] Southwest notes two reasons for the lack of substantial authority on this question. First, cases alleging violation of the RLA in connection with an employee's termination are typically dismissed as post-certification disputes over which the court lacks jurisdiction. Second, the decisions that Carter has cited in this case addressing protected activity involve federal appellate courts applying deferential review of decisions from the National Labor Relations Board, which creates and regularly changes its own legal standards (subject to limited review under *Chevron*), makes factual findings, and applies its legal standards to those factual findings. Thus, there are few occasions under the RLA and none under the NLRA where this Court's protected activity question could arise. *See generally NLRB v. City Disposal Sys., Inc.*, 465 U.S. 822, 829-30, 104 S. Ct. 1505, 1510 (1984) ("[T]he task of defining the scope of § 7 'is for the Board to perform in the first instance as it considers the wide variety of cases that come before it,' … [and] a reasonable construction by the Board is entitled to considerable deference …" The question for decision today is thus narrowed to whether the Board's application of § 7 to Brown's refusal to drive truck No. 244 is reasonable."). Accordingly, decisions under the NLRA, which do not involve jury trials, are largely

1

Southwest submits that the question of whether Carter engaged in *any* protected activity, and the related inquiry of *which* of her slew of communications constituted protected activity, are questions of fact properly resolved by the jury.

The closest on point RLA authority Southwest located is *Beckett v. Atlas Air*, 968 F. Supp. 814 (E.D.N.Y.). In *Beckett*, the plaintiff claimed that the employer terminated him for engaging in protected activity under the RLA. *Id.* at 815. The central question in *Beckett* "revolve[d] around whether Beckett's activities were in fact 'protected.'" *Id.* at 819. The court denied the employer's motion for summary judgment on the plaintiff's RLA claim because there was "***a genuine issue of fact*** as to whether [plaintiff] was exercising his rights to 'join, organize, or assist in organizing [a] labor organization' within the meaning of Section 2, Fourth of the RLA." *Id.* at 823 (emphasis added). Thus, the court could not conclude for purposes of summary judgment, "that [plaintiff] was not engaged in activities protected by the RLA." *Id.* The *Beckett* decision counsels that it is for the jury to decide which, if any, of Carter's communications were protected and whether any of the protected communications were the reason for her termination.

Furthermore, Southwest notes that courts in the Fifth Circuit and nationwide have found that, when a retaliation case proceeds to a trial, the question of protected activity under various

---

unhelpful to this Court's inquiry. More generally, Southwest notes that the NLRA and RLA are substantially different statutes and it is inappropriate to import wholesale interpretations of protected activity under the former into the latter. *See generally Johnson v. Express One Int'l, Inc.*, 944 F.2d 247, 252-53 (5th Cir. 1991) (the RLA "protects employees' right to establish a union" but there is "no indication that the RLA seeks to preserve employees' rights to act in concert for 'mutual aid or protection.'"); *Beckett*, 968 F. Supp. at 820 (the RLA "protects a narrower range of activities … than does section 7 of the NLRA.").

federal statutes (*e.g.*, Title VII[2], 42 U.S.C. § 1981[3], FLSA[4], Sarbanes-Oxley Act[5]) is a factual question for the jury. *See, e.g.*, *Pingle v. Richmond Heights Local Sch. Dist. Bd. Of Educ.*, 2015 U.S. Dist. LEXIS 146218, *59-60 (N.D. Ohio Oct. 27, 2015) ("[T]he Court has concluded that the issue of whether [plaintiff's actions] constitute protected activity survives summary judgment, and it is for a jury to decide whether one or more of the emails at issue constitute protected activity."); *Horne v. Tex. Dep't of Trans.*, 2019 U.S. Dist. LEXIS 185979, at *9 (E.D. Tex. Oc.t 28, 2019) ("Only by considering facts related to the alleged discrimination can a jury determine whether Plaintiffs' complaints were in fact protected under Title VII.").

Indeed, in retaliation cases arising under various federal laws, courts routinely instruct the jury to answer the question of whether a plaintiff engaged in protected activity. *See, e.g.*, *Tureaud v. Grambling State Univ.*, 294 Fed. Appx. 909, 910 (5th Cir. 2008) (affirming judgment and finding there was a legally sufficient evidentiary basis for the jury to conclude plaintiff engaged in protected activity under Title VII); *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 623 (5th Cir. 2008) (discussing how during deliberations the jury could not agree on what constituted protected activity under the FLSA); *Maynor v. Dow Chem. Co.*, 2010 U.S. Dist. LEXIS 143289, *23-24 (S.D. Tex. July 19, 2010) ("On [plaintiff's] retaliation claim, the jury concluded that [plaintiff] had engaged in activity protected by the FLSA . . . ."); *Wantou v. Wal-Mart Stores Tex.*, 2020 U.S. Dist. LEXIS 147595, *37-38 (E.D. Tex. Mar. 12, 2020) (holding there was sufficient evidence to support the jury's finding that plaintiff engaged in protected activity under Title VII);

---

[2] *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) ("To present a *prima facie* case of retaliation under either Title VII or § 1981, a plaintiff must show that: (1) he engaged in activity protected by Title VII . . . .").

[3] *Id.*

[4] *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617 (5th Cir. 2008) ("First, a plaintiff must make a *prima facie* showing of (1) participation in a protected activity under the FLSA . . . .").

[5] *See Allen v. Admin. Review Bd.*, 514 F.3d 468, 476 (5th Cir. 2008) ("To prevail, an employee must prove by a preponderance of the evidence that (1) she engaged in protected activity . . . .").

US_ACTIVE-167986955.3

*see also Marugame v. Johnson*, 2015 U.S. Dist. LEXIS 2004, at *10 (D. HI Jan. 8, 2015) (stating "the jury found that Plaintiff did not prove, by a preponderance of the evidence, that she engaged in a protected activity [under Title VII] . . . .").

Likewise, courts have routinely denied motions for summary judgment in retaliation cases, holding that a reasonable jury could find a plaintiff engaged in protected activity. *See, e.g.*, *David v. Signal Int'l, LLC*, 2015 U.S. Dist. LEXIS 956, *204 (E.D. La. Jan. 5, 2015) ("[T]he Court concludes there is sufficient evidence from which a jury could find that [plaintiff] engaged in protected activity [under § 1981] . . . ."); *Pingle v. Richmond Heights Local Sch. Dist. Bd. Of Educ.*, 2015 U.S. Dist. LEXIS 146218, *59-60 (N.D. Ohio Oct. 27, 2015) ("[I]t is for a jury to decide whether one or more of the emails at issue constitute protected activity [under Title VII]."); *Smith v. Chi. Bridge & Iron Co., N.V.*, 2017 U.S. Dist. LEXIS 92860, *13 (S.D. Tex. June 16, 2017) ("The Court finds that a reasonable jury could find that . . . [plaintiff] engage in protected activity for the purposes of SOX.").

Though there is little RLA authority directly opining on the Court's inquiry, Southwest submits that the above cited cases indicate that it is for the jury to determine whether Carter engaged in activity protected by the RLA § 152, Third and/or Fourth.

Dated:  July 9, 2022                                    Respectfully submitted,

                                                       */s/ Paulo B. McKeeby*
                                                       Paulo B. McKeeby
                                                       State Bar No. 00784571
                                                       Brian K. Morris
                                                       State Bar No. 24108707
                                                       **REED SMITH LLP**
                                                       2850 N. Harwood Street
                                                       Suite 1500
                                                       Dallas, Texas 75201
                                                       Phone: 469-680-4200
                                                       Facsimile: 469-680-4299

pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

filed via the Court's ECF system and all counsel of record have been served on this 9th day of

July, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

5