<u>Jury Questions for Plaintiff's Duty of Fair Representation Claims</u>

<u>Question 1</u>

Has Plaintiff Carter proved that Audrey Stone was acting exclusively/solely in her official capacity as then-President of Local 556 when she reported Plaintiff Carter to Defendant Southwest?

Answer "Yes" or "No"

Answer: _____


The Union seeks to include the words exclusively/solely in to the above question for the following reasons.

The rights of all employees at Southwest Airlines are protected by multiple facets of numerous statutes that prevent various forms of harassment within the workforce. (Title VII, FMLA, ADAAA, ADEA). Southwest Airlines, operating as a <u>private employer</u> in an at-will employment state, can terminate their employees for good reason, bad reason, or no reason at all, as long as it isn't an illegal or discriminatory reason. Congress and the Courts have agreed to give private employers wide latitude, free of interference, to make their own business decisions. These business decisions include setting their own policies and procedures regarding matters such as bullying and harassment in the workplace. These policies and procedures can always be more protective of employee rights than federal employment law, but never less.

If Ms. Stone 's decision to turn in Plaintiff Charlene Carter was in any way made to protect her rights as an employee, she legally had the right to make that report to Southwest Airlines. Otherwise, Ms. Stone's rights as an employee would be subservient to those of the Plaintiff's right to be free from any alleged retaliation by the Union, to which she no longer belonged. Contiguously, if an agent of the Union then exercises a scintilla of their protected rights as an employee, the Union could not possibly be held liable *sans* one situation—the union agent was acting **"exclusively/solely**" in their capacity as a union Agent.

The decision must have been made exclusively/solely in Ms. Stone's capacity as Union President to bind the Union or else it requires all union Agents to potentially relinquish their own federally protected rights. Nevertheless, if the Court decides to exclude this language, Local 556 would urge the adoption of an additional fifth question allowing the jury to consider whether this speech, though protected in content and made in Ms. Stone's official capacity, was also sufficiently harassing or threatening that it potentially altered the conditions of Ms. Stone's employment.

*If you answered "yes" to Question 1, then answer Question 2.  If you answered "no" to Question 1, skip to Question 3.*

<u>Question 2</u>

Has Plaintiff Carter proved that Defendant Local 556 violated the Duty of Fair Representation owed to Plaintiff Carter?

Answer "Yes" or "No"

Answer: _____

The Union seeks a "special" verdict  as requested in their previously proposed jury instructions as opposed to the above "general" verdict. O'Connor's Federal Rules – Civil Trials (2019), cites the following law on the issue:

> "Special verdicts are favored over general verdicts. … ***Petes v. Hayes, 664 F.2d 523, 525 n.2 (5th Cir.1981);***

> "**§2.1 Special verdict.** A special verdict permits the jury to answer specific fact questions without deciding who wins. *See* FRCP 49(a)(1) … The court must include any instructions and explanations necessary to enable the jury to make its findings on each submitted issue. *See* FRCP 49(a)(2) … A special verdict identifies the basis for the jury's verdict and thus helps avoid confusion, appellate uncertainty, and the need for additional proceedings. … [Nevertheless,] [t]he use of special verdicts rests within the court's discretion. … Broadcast Satellite Int'l v. National Digital TV Ctr., Inc. 323 F.3d 339, 342 (5th Cir.2003).

<span style="color:red">The Duty of Fair Representation is violated if a union's conduct was arbitrary, discriminatory, or in bad faith, so that it undermined the fairness or integrity of the grievance process.[1] This requires Plaintiff to prove the union acted with a motive to harm her and that its conduct seriously undermined the integrity of the grievance process contributing to the outcome of the proceedings[2].</span>

As such, the Union requests the following instructions pertaining to Plaintiff's Duty of Fair Representation Claims. Plaintiff must prove the following:

1. Has Plaintiff Carter proved that Audrey Stone was acting exclusively/solely in her official capacity as then-President of Local 556 when she reported Plaintiff Carter to Defendant Southwest? (As discussed above).

---

[1] Landry v. The Cooper/T. Smith Stevedoring Co., 880 F.2d 846, 852 (5th Cir. 1989)
[2] Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 567 (1976).

2. If "No" to No. 1, skip to questions on the RLA. If "Yes" to No. 1, has Plaintiff Carter proved that the Union caused the termination of Charlene Carter?

3. If "No" to No. 2, skip to question No. 5. If "Yes" to No. 2, has Plaintiff Charlene Carter proved that Southwest Airlines' decision to terminate her employment was for illegitimate, discriminatory reasons?

4. If "No" to No. 3, skip to question No. 5, If "Yes" to question No. 3, has the Union proved by a preponderance of the evidence that it made a rational decision to report Plaintiff Carter to Southwest, which was linked to their need to effectively represent it's constituency as a whole?

5. If "Yes" to No. 4, do not answer question No. 5, If "No" to question No. 4, answer the following: If you find that Ms. Stone was acting solely in her official capacity, but that the Union did not cause Southwest Airlines to terminate Plaintiff Carter, has the Plaintiff proved that the Union still breached its Duty of Fair Representation by acting arbitrarily, discriminatorily, or in bad faith in that the reporting of Carter undermined the fairness or integrity of the grievance process such that the Union failed in its representation?

Jury Questions for Plaintiff's RLA Claims:

Question 1

Has Plaintiff Carter proved that Audrey Stone was acting exclusively/solely in her official capacity as then-President of Local 556 when she reported Plaintiff Carter to Defendant Southwest?

Answer "Yes" or "No"

Answer: _____

If you answered "No" to No. 1, skip to questions on Title VII. If "Yes" to No. 1, answer the following:

**Question 2**

**Has Plaintiff Carter proven that she has engaged in Protected activity?**

Answer "Yes" or "No"

Answer: _____

If you answered "No" to No. 2, skip to questions on Title VII. If "Yes" to No. 2, answer the following:

**Question 3**

If you find that Plaintiff Carter was otherwise engaging in protected activity has Defendant Union proven that Plaintiff Carter's Speech was not "protected speech", by proving that Plaintiff Carter's statements were vulgar, offensive, abusive, or harassing[3] OR that the speech (1) constitutes a threat or (2) is a false statement made with knowledge of its falsity or with reckless disregard for the truth.[4]

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question 3, skip to questions on Title VII. If you answered "no" to Question 2, skip to Question 4.*

---

[3] Held v. Am. Airlines, Inc., 2007 WL 433107, *7 (N.D. Ill. Jan. 31, 2007) (citing TWA, 489 U.S. at 440).

[4] *Konop v. Hawaiian Airlines*, 302 F.3d 868, 882–83 (9th Cir. 2002).

Question 4

Has Plaintiff Charlene Carter proved that Southwest Airlines' decision to terminate her employment was for illegitimate, discriminatory reasons?

Answer "Yes" or "No"

Answer: _____

*If you answered "no" to Question 4, skip to questions on Title VII. If you answered "yes" to Question 4, skip to Question 5.*

## **Question 5**

If you find that Plaintiff Carter was otherwise engaging in protected activity has Plaintiff Carter proved that the Union caused the termination of Charlene Carter by Defendant Southwest Airlines?

Answer "Yes" or "No"

Answer: _____

*If you answered "no" to Question 4, skip to questions on Title VII. If you answered "yes" to Question 5, skip to Question 6.*

Question 6

If you find that Plaintiff Carter was otherwise engaging in protected activity has Defendant Local 556 proved that they would have reported Plaintiff Carter to Defendant Southwest even if Plaintiff Carter had not engaged in activity protected by the Railway Labor Act?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question _, then answer Question _. If you answered "no" to Question _, skip to Question _.*

Question 6

Has Plaintiff Carter proved that Defendant Southwest retaliated against Plaintiff Carter for exercising her rights under the Railway Labor Act?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question ___, then answer Question ___.  If you answered "no" to Question ___, skip to Question 5.*

Question 7

Do you find that Defendant Southwest has proved that Southwest would have discharged Plaintiff Carter even if she had not engaged in activity protected by the Railway Labor Act?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question 1, then answer Question 5.  If you answered "no" to Question 1, skip to Question 7.*

~~Question 5~~

~~Has Plaintiff Carter proved that Defendant Local 556 retaliated against Plaintiff Carter for exercising her rights under the Railway Labor Act?~~

~~Answer "Yes" or "No"~~

~~Answer: _____~~

*~~If you answered "yes" to Question 5, then answer Question 6.  If you answered "no" to Question 5, skip to Question 7.~~*

**OR[5]**

_____

~~Question 3~~

_____

[5] The Court will use the instructions in the box above if it does *not* decide as a matter of law whether Plaintiff Carter engaged in activity protected by the Railway Labor Act.  If the Court decides as a matter of law that Plaintiff Carter engaged in activity protected by the Railway Labor Act, it will use the instructions in the box below.

~~Because I have charged you that Plaintiff Carter engaged in activity protected by the Railway Labor Act [element (1)], has Plaintiff Carter proved that Defendant Southwest retaliated against Plaintiff Carter for exercising her rights under the Railway Labor Act?~~

~~Answer "Yes" or "No"~~

~~Answer: _____~~

*~~If you answered "yes" to Question 3, then answer Question 4.  If you answered "no" to Question 3, skip to Question 5.~~*

~~Question 4~~

~~Do you find that Defendant Southwest has proved that Defendant Southwest would have discharged Plaintiff Carter even if she had not engaged in activity protected by the Railway Labor Act?~~

~~Answer "Yes" or "No"~~

~~Answer: _____~~

*~~If you answered "yes" to Question 1, then answer Question 5.  If you answered "no" to Question 1, skip to Question 7.~~*

~~Question 5~~

~~Because I have charged you that Plaintiff Carter engaged in activity protected by the Railway Labor Act [element (1)], has Plaintiff Carter proved that Defendant Local 556 retaliated against Plaintiff Carter for exercising her rights under the Railway Labor Act?~~

~~Answer "Yes" or "No"~~

~~Answer: _____~~

*~~If you answered "yes" to Question 5, then answer Question 6.  If you answered "no" to Question 5, skip to Question 7.~~*

~~Question 6~~

~~Do you find that Defendant Local 556 has proved that Local 556 would have reported Plaintiff Carter to Defendant Southwest even if Plaintiff Carter had not engaged in activity protected by the Railway Labor Act?~~

~~Answer "Yes" or "No"~~

~~Answer: _____~~

<u>Question 7</u>

Has Plaintiff Carter proved that Defendant Southwest unlawfully discriminated against Plaintiff Carter by discharging her and that such discharge was motivated by Plaintiff Carter's sincerely held religious observances, beliefs, or practices?

Answer "Yes" or "No"

Answer: _____

<u>Jury Questions for Plaintiff's Title VII against the Union:</u>

*~~If you answered "yes" to Question 1, then answer Question 8.  If you answered "no" to Question 1, skip to Question ___.~~*

## **Question 1**

Has Plaintiff Carter proved that Audrey Stone was acting exclusively/solely in her official capacity as then-President of Local 556 when she reported Plaintiff Carter to Defendant Southwest?

Answer "Yes" or "No"

Answer: _____

If you answered "No" to No. 1, skip to questions on Reasonable Accommodation. If "Yes" to No. 1, answer the following:

## **<u>Question 2</u>**

Has Plaintiff Charlene Carter proved that Southwest Airlines' decision to terminate her employment was for illegitimate, discriminatory reasons?

Answer "Yes" or "No"

Answer: _____

*If you answered "no" to Question 2, skip to questions on Reasonable Accommodation. If you answered "yes" to Question 2, skip to Question 3.*

## **<u>Question 3</u>**

If you find that Plaintiff Carter was not terminated for legitimate, non-discriminatory reasons, <u>has</u> Plaintiff Carter proved that the Union caused  or attempted to cause the termination of Charlene Carter by Defendant Southwest Airlines?

Answer "Yes" or "No"

Answer: _____

*If you answered "no" to Question 3, skip to questions on Reasonable Accommodation. If you answered "yes" to Question 3, skip to Question4.*

<u>Question 4</u>

10

Has Plaintiff Carter proven that Defendant Union's cause or attempt to cause Plaintiff Carter's termination was motivated by Plaintiff Carter's sincerely held religious observances, beliefs, or practices?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question 1, then answer Question 5.  If you answered "no" to Question 4, skip to Reasonable Accomodation.*

<u>Question 5</u>

Has Plaintiff Carter proved that Defendant Local 556 unlawfully discriminated against Plaintiff Carter by treating her less favorably than other similarly situated, non-christian, employees and that such treatment was motivated by Plaintiff Carter's sincerely held religious observances, beliefs, or practices?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question 1, then answer Question 9.  If you answered "no" to Question 1, skip to Question 10.*

Question 9

Has Plaintiff Carter proved that Defendant Local 556 unlawfully discriminated against Plaintiff Carter by treating her less favorably than other employees and that such treatment was motivated by Plaintiff Carter's sincerely held religious observances, beliefs, or practices?

Answer "Yes" or "No"

Answer: _____

Question 10

Has Plaintiff Carter proved that Defendant Southwest failed to accommodate Plaintiff Carter's sincerely held religious beliefs, practices, or observances?

Answer "Yes" or "No"

Answer: _____

*If you answered "yes" to Question 10, then answer Question 11.  If you answered "no" to Question 10, skip to Question __.*

<u>Question 11</u>

Do you find that Defendant Southwest has proved that each reasonable accommodation claimed in this case would have imposed an undue hardship on Defendant Southwest?[6]

Answer "Yes" or "No"

Answer: _____

---

[6] *See generally EEOC v. Consol Energy, Inc.*, No. 1:13-CV-215 (N.D. W. Va. Jan. 15, 2015) (Doc. No. 125 at 2, Final Jury Verdict Form).

*If you answered "yes" to Question 1, then answer Question 12.  If you answered "no" to Question 1, skip to Question 13.*

<u>Question 12</u>

Has Plaintiff Carter proved that Defendant Local 556 unlawfully failed to accommodate Plaintiff Carter's sincerely held religious beliefs, practices, or observances?

Answer "Yes" or "No"

Answer: _____

<u>Question 13[7]</u>

Do you find that Defendant Local 556 has proved that each reasonable accommodation claimed in this case would have imposed an undue hardship on Defendant Southwest?[8]

Answer "Yes" or "No"

Answer: _____

---

[7] Defendant TWU Local 556 intends to assert this affirmative defense, as doing so causes no prejudice to the Plaintiff.

[8] *See generally EEOC v. Consol Energy, Inc.*, No. 1:13-CV-215 (N.D. W. Va. Jan. 15, 2015) (Doc. No. 125 at 2, Final Jury Verdict Form).

*If you answered "yes" to Question 2, then answer Question 13.  If you answered "yes" to Question 3 **and** "no" to Question 4, then answer Question 13.  If you answered "yes" to Question 5 **and** "no" to Question 6, then answer Question 13.  If you answered "yes" to Question 7, then answer Question 13.  If you answered "yes" to Question 8, then answer Question 13.  If you answered "yes" to Question 9, then answer Question 13.  If you answered "yes" to Question 10 **and** "no" to Question 11, then answer Question 13.  If you answered "yes" to Question 12, then answer Question 13.*

*Otherwise, skip to Question 14.*

Question 13[9][10]

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Carter for lost wages and benefits, if any, Defendants Southwest and/or Local 556 caused Plaintiff Carter?  Answer in dollars and cents for the following items and none other.

1.  Lost wages sustained between March 14, 2017, and the date of the jury's decision.

    Answer: $ _____

2.  Life Insurance

    Answer: $ _____

3.  Health Insurance

    Answer: $ _____

4.  Stock Options

    Answer: $ _____

---

[9] As drafted, the jury will answer Question 13 if it finds liability on at least one of Plaintiff Carter's claims.

[10] Defendant TWU Local 556 seeks either separate questions on damages for the Defendant's and/or questions on apportionment of damages. Please also see additional objections as found in the Unions objections to the proposed Jury Instructions. Finally, we object to the extent damages are duplicative as the same categories of damages are placed under multiple causes action.

5.      401K and Retirement

        Answer: $ _____

6.      Seniority rights and benefits

        Answer: $ _____

7.      Vacation Pay

        Answer: $ _____

8.      Uniform Pay

        Answer: $ _____

9.      Ratification bonuses

        Answer: $ _____

10.     Profit sharing

        Answer: $ _____

11.     Tax relief shared with employees

        Answer: $ _____

*If you answered "yes" to Questions 7, 8, and/or 9, then answer Question 14. If you answered "yes" to Question 10 **and** "no" to Question 11, then answer Question 14. If you answered "yes" to Question 12, then answer Question 14.*

Question 14[11]

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Carter for her emotional distress, pain and suffering inconvenience, mental anguish, and loss of enjoyment of life, and other noneconomic losses if any, Defendant Southwest and/or Defendant Local 556 caused Plaintiff Carter?

Answer in dollars and cents for the following items and none other:

1.   Past pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

$ _____

2.   Future pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

$ _____

---

[11] As drafted, the jury will answer Question 14 only if it finds liability on at least one of Plaintiff Carter's Title VII claims.  *See Lewy v. S. Pac. Transp. Co.*, 799 F.2d 1281, 1290–91 (9th Cir. 1986) (no emotional damages for RLA claims).

<u>Question 15</u>

Do you find that Plaintiff Carter failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of her employment termination by Defendant Southwest?

Answer "Yes" or "No."

Answer: _____

Question 16

How much would Plaintiff Carter have earned had she exercised reasonable diligence under the circumstances to minimize her damages?

Answer in dollars and cents, if any.

$ _____

*If you answered "yes" to Question 7, then answer Question 17.  If you answered "yes" to Question 10 **and** "no" to Question 11, then answer Question 17. Otherwise, skip to Question 19.*

<u>Question 17</u>

Do you find that Plaintiff Carter should be awarded punitive damages against Defendant Southwest for violating Plaintiff Carter's religious rights under Title VII?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 17, then answer Question 18.  If you answered "no" to Question 17, skip to Question 19.*

<u>Question 18</u>

What sum of money should be assessed against Defendant Southwest as punitive damages against Southwest for violating Plaintiff Carter's religious rights under Title VII?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Questions 8, 9, and/or 12, then answer Question 19. If you answered "no" on Questions 8, 9, and 12, skip to Question 21.*

<u>Question 19</u>

Do you find that Plaintiff Carter should be awarded punitive damages against Defendant Local 556 for violating Plaintiff Carter's religious rights under Title VII?

Answer "yes" or "no"

Answer: _____

*If you answered "yes" to Question 19, then answer Question 20. If you answered "no" to Question 19, skip to Question 21.*

<u>Question 20</u>

What sum of money should be assessed against Defendant Local 556 as punitive damages against Local 556 for violating Plaintiff Carter's religious rights under Title VII?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Question 7, then answer Question 21. If you answered "yes" to Question 10 **and** "no" to Question 11, then answer Question 21. Otherwise, skip to Question 23.*

<u>Question 21</u>

Do you find that Plaintiff Carter should be awarded nominal damages against Defendant Southwest for violating Plaintiff Carter's religious rights under Title VII?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 21, then answer Question 22.  If you answered "no" to Question 21, skip to Question 23.*

<u>Question 22</u>

What sum of money should be assessed against Defendant Southwest as nominal damages against Southwest for violating Plaintiff Carter's religious rights under Title VII?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Questions 8, 9, and/or 12, then answer Question 23.*
*If you answered "no" to Questions 8, 9, and 12, skip to Question 25.*

<u>Question 23</u>

Do you find that Plaintiff Carter should be awarded nominal damages against Defendant Local 556 for violating Plaintiff Carter's religious rights under Title VII?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 23, then answer Question 24.  If you answered "no" to Question 23, skip to Question 25.*

<u>Question 24</u>

What sum of money should be assessed against Defendant Local 556 as nominal damages against Local 556 for violating Plaintiff Carter's religious rights under Title VII?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Question 2, then answer Question 25. If you answered "no" to Question 2, skip to Question 27.*

<u>Question 25</u>

Do you find that Plaintiff Carter should be awarded nominal damages against Defendant Local 556 for violating its Duty of Fair Representation owed to Plaintiff Carter?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 25, then answer Question 26.  If you answered "no" to Question 25, skip to Question 27.*

<u>Question 26</u>

What sum of money should be assessed against Defendant Local 556 as nominal damages against Local 556 for violating its Duty of Fair Representation owed to Plaintiff Carter?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Question 5 **and** "no" to Question 6, then answer Question 27.  Otherwise, skip to Question 29.*

<u>Question 27</u>

Do you find that Plaintiff Carter should be awarded nominal damages against Defendant Local 556 for retaliating against Plaintiff Carter for exercising her rights under the Railway Labor Act?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 27, then answer Question 28.  If you answered "no" to Question 27, skip to Question 29.*

Question 28

What sum of money should be assessed against Defendant Local 556 as nominal damages against Local 556 for retaliating against Plaintiff Carter for exercising her rights under the Railway Labor Act?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Question 3 and "no" to Question 4, then answer Question 29.  Otherwise, skip to Question 31.*

<u>Question 29</u>

Do you find that Plaintiff Carter should be awarded nominal damages against Defendant Southwest for retaliating against Plaintiff Carter for exercising her rights under the Railway Labor Act?

Answer "Yes" or "No."

Answer: _____

*If you answered "yes" to Question 29, then answer Question 30. If you answered "no" to Question 29, skip to Question 31.*

Question 30

What sum of money should be assessed against Defendant Southwest as nominal damages against Southwest for retaliating against Plaintiff Carter for exercising her rights under the Railway Labor Act?

Answer in dollars and cents.

$ _____

*If you answered "yes" to Question 2, then answer Question 31.  If you answered "yes" to Question 3 **and** "no" to Question 4, then answer Question 31.  If you answered "yes" to Question 5 **and** "no" to Question 6, then answer Question 31.  If you answered "yes" to Question 7, then answer Question 31.  If you answered "yes" to Question 8, then answer Question 31.  If you answered "yes" to Question 9, then answer Question 31.  If you answered "yes" to Question 10 **and** "no" to Question 11, then answer Question 31.  If you answered "yes" to Question 12, then answer Question 31.*

Question 31

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Carter for future lost wages, if any, Defendants Southwest ~~and/or Local 556~~ caused Plaintiff Carter?[12]

Answer in dollars and cents.

$ _____

---

[12] Defendant Union objects to the apportionment of any front pay damages as they are ultimately not able to control Southwest Airlines decision to re-hire Ms. Carter.