UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Charlene Carter,<br><br>Plaintiff,<br><br>v.<br><br>Southwest Airlines Co., and Transport Workers Union of America, Local 556,<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Case No. 3:17-cv-02278-X |

**AMENDED JOINT RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS RE: DEPOSITION OF BRETT NEVAREZ**

As required by the Court's minute order of July 11, 2022 [ECF 339], Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("Local 556") (collectively "Defendants") hereby submit this amended joint response to Charlene Carter's motion seeking sanctions based on Brett Nevarez's ("Nevarez") failure to appear for a full day deposition on July 4, 2022.

**I.     TIMELINE AND BACKGROUND**

1.     Defendants incorporate their July 5, 2022 original response to Carter's motion for sanctions based on Brett Nevarez's failure to appear for deposition. In addition, below sets forth in more detail the efforts made in attempting to secure Nevarez's attendance at deposition.

2.     On Friday, July 1, 2022, counsel Adam Greenfield ("Greenfield") for Local 556 and counsel Paulo McKeeby ("McKeeby") for Southwest emailed Mr. Nevarez his deposition

1

notice for July 4, 2022, indicating that Local 556 "supports [his] testimony." Counsel Greenfield for Local 556 also followed up with a phone call and voicemail.

3. On Saturday, July 2, 2022, after being advised by counsel for Carter that Nevarez had been served with a subpoena for a July 4, 2022 deposition, Chris Maberry ("Maberry"), Southwest's senior in-house counsel, sent Nevarez an email advising Nevarez to attend his deposition. Declaration of Chris Maberry ("Maberry Decl.") at ¶ 4, attached hereto as Exhibit 1. The email attached the most recent order from the Court and advised Nevarez that a consequence for his failure to appear could be a finding of contempt of court. *Id.*, Ex. A. As discussed below, shortly after this email went out, counsel for Carter advised the parties that Nevarez had been successfully served with a deposition subpoena. Phone calls from Local 556's Counsel to Mr. Nevarez went unanswered.

4. When Nevarez failed to appear for his deposition on July 4, 2022, Maberry, along with lead counsel for Local 556, Greenfield, sent Nevarez a joint email on July 5, 2022. *Id.* at ¶ 5. This email re-urged Nevarez to make himself available for deposition the following night. *Id.*, Ex. B at 1–2. This email specifically identified the possible consequences—monetary fines and imprisonment—associated with a contempt finding. *Id.*

5. On July 6, 2022, Maberry and Greenfield sent another joint email to Nevarez asking that he confirm his intention to appear for deposition that evening as required by the Court. Maberry Decl. at ¶ 6; *Id.*, Ex. 2 at 1.

6. Nevarez did not respond to any of these emails from Southwest and Local 556. *Id.* at ¶ 7. Finally, after Maberry and Greenfield, on July 7, 2022, forwarded Nevarez the Court's show cause order, Nevarez responded—not by contacting Maberry or anyone at Southwest—but by contacting Local 556. *Id.* at ¶ 7; *Id.*, Ex. 2 at 1. On or about 9:00pm on July 7, 2022, Counsels

for Local 556 Greenfield and Edward Cloutman III, implored Mr. Nevarez to appear for the show cause hearing the following morning.

7. On the morning of July 8, 2022, on or about 8:00am, Mr. Navarez again contacted counsel Greenfield for Local 556, informing that he would be able to appear via phone conference. Thereafter, on the next day, July 8, 2022, he appeared for his deposition.

8. Southwest and Local 556 also would reemphasize the argument and position advanced during trial on July 5, 2022. Specifically, after the Court entered orders requiring the depositions of Nevarez and Brian Talburt ("Talburt"), Southwest and Local 556 sent both employees emails attaching the Court's order and asking that they attend their depositions as noticed on July 3 and 4. Declaration of Paulo McKeeby ("McKeeby Decl.") at ¶ 4, attached hereto as Exhibit 2. As the Court is aware, by that point it was clear that both employees were attempting to avoid service of deposition and, previously, trial subpoenas. McKeeby Decl. at ¶ 5.

9. Hours after Southwest's and Local 556's counsel sent the emails to Nevarez and Talburt, counsel for Carter sent an email to counsel for all parties indicating that Nevarez, but not Talburt, had been served. *Id.* at ¶ 6. This timeline suggested that Nevarez was no longer avoiding service and Southwest, through the undersigned outside counsel, directed its attention to securing the attendance at deposition of Talburt, who, based on reports from Carter's counsel, was still attempting to avoid service. *Id.* at ¶ 7. On July 1, Greenfield called and left voicemails for Mr. Talburt. Ultimately, on or about 3:45 pm, counsel for Local 556 spoke with Mr. Talburt on the phone. Mr. Talburt informed counsel that he was unwilling to appear at trial as a witness, unavailable for deposition, and not willing to meet a process server at a specific time/location.

10. On the night of Saturday, July 2, 2022, outside counsel for Southwest was finally able to connect with Talburt by telephone. *Id.* at ¶ 8. After a conversation that lasted about an

3

hour, outside counsel for Southwest was able to convince Talburt to agree to appear voluntarily for deposition the next day as noticed. *Id.* Carter's counsel took that deposition on July 3, 2022. McKeeby Decl. at ¶ 9. Nevarez, despite being served and despite receiving the post-service reminder notice referenced above, failed to attend his deposition the next day. *Id.* at ¶ 10.

11. This timeline is relevant because it, (a) shows the diligence and effort on Southwest's and Local 556's part in securing the attendance at deposition of Talburt, who had continually and successfully avoided service of process up to that point, and (b) explains the relative focus of Southwest's attention on Talburt as opposed to Nevarez, who was successfully served hours after Southwest sent him an email imploring him to cease avoiding service of process.

## II.    ARGUMENT

The Court's minute order requiring this amended response asked that Defendants address why Nevarez was not pulled from his Southwest flight schedule to facilitate his attendance at deposition. Southwest and its counsel frankly were more focused on securing Nevarez's attendance at his deposition than on his schedule. Based on his repeated failures to respond to Southwest's communications, it seemed apparent to Southwest that Nevarez was unwilling to comply with the then issued court orders, regardless of whether he was flying or at home. Importantly, under the collective bargaining agreement, Southwest has limited rights to involuntarily pull a flight attendant from a scheduled trip except in very limited circumstances. Declaration of Meggan Jones ("Jones Decl.") at ¶ 2, attached hereto as Exhibit 3. Mr. Nevarez, however, could have asked that he be pulled from his scheduled flights by contacting his Base Leader, by contacting Southwest's Network Operation Control, or by responding to the emails from Southwest's counsel. *Id.* at ¶ 3. Southwest simply had no reason to believe that advising Nevarez that he would not be permitted to take his scheduled trips as a flight attendant would make it more likely that he would cooperate and sit for a deposition. Moreover, even if he was flying,

he could have sat for a deposition in the evening as was the case with the other flight attendant, Talburt, who sat for a deposition on July 3, 2022 from his hotel after his trips that day. As such, Southwest's focus was on attempting to secure some type of response from Nevarez, and it did not seem material that he may or may not have been working as a flight attendant during part of the days in question.

Finally, Southwest and Local 556 would respectfully re-urge the unfairness of sanctions in this context. Carter and her counsel were aware of Nevarez and the fact that resided out of state from the outset of this litigation. For whatever reason, Carter and her counsel made no effort to take his deposition until the eve of trial. This delay resulted in the necessity of court intervention to ultimately secure his attendance at deposition and the costs apparently incurred by Carter in attempting to serve him, and finally serving him, with deposition notices and orders from the Court. Had Carter requested Nevarez's attendance at deposition in the ordinary course and during the discovery deadline, Carter would not have incurred the costs, or needed the Court's assistance, in connection with his deposition.

For the foregoing reasons, Defendants respectfully request that the Court deny Carter's motion for sanctions and grant Defendants any relief, at law or in equity, to which the Court deems Defendants justly entitled.

Dated: July 26, 2022 	Respectfully submitted,

/s/ *Paulo B. McKeeby*
Paulo B. McKeeby
State bar No. 00784571
Brian K. Morris
State bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

/s/ *Adam S. Greenfield* (with permission)
Adam S. Greenfield
State bar No. 24075494
**CLOUTMAN & GREENFIELD, PLLC**
3301 Elm Street
Dallas, Texas 75226
Phone: 214.642.7486
Facsimile: 214.939.9229
agreenfield@candglegal.com

Edward B. Cloutman, III
State bar No. 04411000
**LAW OFFICES OF EDWARD CLOUTMAN, III**
3301 Elm Street
Dallas, TX 75226
Phone: 214.939.9222
Facsimile: 214.939.9229

**ATTORNEYS FOR DEFENDANT TWU LOCAL 556**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 26th day of July, 2022.

>                               */s/ Paulo B. McKeeby*
>                               Paulo B. McKeeby

US_ACTIVE-168156310.3