UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S REPLY TO DEFENDANTS' AMENDED JOINT RESPONSE TO HER MOTION FOR SANCTIONS REGARDING THEIR NON-COMPLIANCE WITH THE COURT'S JULY 1, 2022 ORDER**

Pursuant to the Federal Rules of Civil Procedure, Rule 37, Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, files her Reply to Southwest Airlines Co. ("Southwest") and Transport Workers Union of America Local 556's ("Local 556") Amended Joint Response to Carter's Motion for Sanctions for non-compliance with the Court's July 1, 2022 Order.[1]

## SUMMARY

The Court should grant Carter's requests for fees and expenses because, despite Southwest and Local 556's arguments in their Amended Response, (A) Southwest and Local 556 controlled Nevarez's schedule but failed to take necessary, affirmative steps to make him available for his July 4, 2022 court-ordered deposition, such as pulling him from his scheduled trips and requiring him to appear; (B) the CBA gives Southwest and Local 556 rights to pull flight attendants from their trips so that they may comply with subpoenas and court orders; and (C) the Court ordered

---

[1] Dkt. No. 350.

1

Southwest and Local 556 to make Nevarez available for a July 4 deposition because he was unavailable for trial, so the Defendants' complaints about taking an earlier deposition are irrelevant. "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery," the court may impose sanctions.[2] Southwest and Local 556 failed to comply with this Court's July 1 order to make Nevarez available for his court-ordered July 4 deposition,[3] and their failure to take appropriate actions pursuant to the Court's order caused Carter to incur additional fees and expenses associated with Nevarez's deposition.

### A. Southwest and Local 556 controlled Nevarez's schedule but failed to take necessary, affirmative steps to make him available for his July 4, 2022 court-ordered deposition, such as pulling him from his scheduled trips and requiring him to appear.

Southwest and Local 556 ducked the Court's July 11, 2022 Order[4] to address Nevarez's deposition testimony[5] and explain why the company refused to pull Nevarez from his scheduled trips and make him available for his July 4, 2022 deposition. Instead, Southwest and Local 556 assert, "[F]rankly, [Southwest and its counsel] were more focused on securing Nevarez's attendance at his deposition than on his schedule."[6] This response is too clever by half. Southwest, as Nevarez's employer, knew and controlled his schedule, could have pulled Nevarez from his flights and required Nevarez to sit for the court-ordered deposition. Of course, Southwest and Local 556 also knew that the company's control over Nevarez's schedule and their ability to pull

---

[2] *See* Fed. R. Civ. P. 37(b)(2)(A).
[3] Dkt. No. 297.
[4] Dkt. No. 339.
[5] Nevarez testified at his deposition: "I was flying, you were aware of it, Southwest was aware of it. If they wanted to make me available, they would have pulled my trip and they would have told me to come to Dallas." Nevarez Deposition Tr. 22:16-21 (Dkt. No. 330-1).
[6] Dkt. No. 350, p.4

him from scheduled trips, were the necessary means of "securing Nevarez's attendance" and complying with the Court's July 1 order to make him available for the July 4 deposition.[7]

Nevarez's testimony confirmed his knowledge that Southwest knew his schedule and that they could have pulled his trip and required him to appear.[8] Despite the Court's July 11 Order,[9] Southwest and Local 556 refused to address Nevarez's testimony and explain why they did not pull him from his trips and take other affirmative steps to comply with the July 1 order to make Nevarez available.

Southwest and Local 556 failed to comply with the Court's July 1 order because they refused to take affirmative steps of pulling Nevarez from his trips and requiring him to appear. Southwest Attorney Mayberry's July 2 email merely "respectfully request[ed]" that Nevarez attend the deposition.[10] For its part, Local 556 joined with Southwest to email Nevarez his deposition notice on July 1, indicating only that the union "supports [his] testimony."[11] When Nevarez failed to appear for his July 4 deposition, Southwest Attorney Mayberry emailed Nevarez on July 5 and wrote only that Southwest "strongly urge[s] you to make yourself available for a deposition tomorrow evening."[12]

Southwest and Local 556's refusal to take appropriate actions to carry out the Court's July 1 order to make Nevarez available for the July 4 deposition required Carter to serve multiple subpoenas and incur additional costs and expenses from July 1 (incremental to those incurred for

---

[7] Dkt. No. 297 ("The Court … ORDERS that the witnesses [including Nevarez] *shall be made available by the defendants* for deposition.") (emphasis added).
[8] Nevarez Deposition Tr. 22:16-21 (Dkt. No. 330-1).
[9] Dkt. No. 339.
[10] Dkt. No. 350-1, Ex. 1(A) at p.5, ¶2.
[11] Dkt. No. 350, p.2, ¶2. Notably, Southwest and Local 556 fail to include their July 1 email to Nevarez as an exhibit.
[12] Dkt. No. 350-1, Ex. 1(B) at p.8, ¶1.

the deposition that was ultimately held on July 8), all associated with taking, arranging, preparing for, and serving subpoenas for Nevarez's deposition.[13] Accordingly, Southwest and Local 556 should pay all of the requested costs and expenses Carter requested in her opening motion and brief.

### B. The CBA gives Southwest and Local 556 rights to pull flight attendants from their trips so that they may comply with subpoenas and court orders.

Contrary to Southwest and Local 556's characterizations,[14] the CBA contemplates that Southwest can pull a subpoenaed flight attendant from his trips: "A Flight Attendant who, at the Company's request or who is subpoenaed, appears in connection with any occurrence arising out of the Flight Attendant's service with the Company will be paid for any such trips missed and such trips will count toward her/his monthly credit."[15] Southwest also grants flight attendants similar leave for jury duty.[16] Furthermore, Southwest could have easily covered Nevarez's trip because it has "reserve" flight attendants who remain on call in case any flight attendant scheduled for a trip must cancel at the last minute,[17] and flight attendants pick up trips that are placed into "open time."[18] The CBA establishes Southwest's broad authority to control employees:

- "Employees covered by [the CBA] shall be governed by all Company rules, regulations, and orders previously or hereafter issued by proper authorities of the Company which are not in conflict with [its] terms and conditions."[19]

---

[13] Dkt. No. 303, pp.3-4.
[14] Despite CBA provisions to the contrary and without citing any provisions supporting their position, Southwest and Local 556 make conclusory assertions that the CBA only gives the company "limited rights to involuntarily pull a flight attendant from a scheduled trip except in very limited circumstances." Dkt. No. 350, p.4; Dkt. No. 350-3, Ex. 3 at p.2, ¶2.
[15] Tr. Ex. 6, Art. 24 ¶ 5 (SWA 177).
[16] Tr. Ex. 6, Art. 15, ¶ 8 (SWA 122-123); *see id.* at ¶ 8(B) (SWA 123) ("The Company may either pull an entire pairing or a portion of a pairing for Jury Duty based on the Jury Duty obligation.").
[17] Tr. Ex. 6, Art. 11 (SWA 73-93).
[18] Tr. Ex. 6, Art. 24 ¶ 5 (SWA 177); Tr. Ex., Art. 9 (SWA 39) (open time).
[19] Tr. Ex. 6, Art. 3 ¶ 2 (SWA 11).

- "The right to manage and direct the working forces, subject to the [CBA's] provisions … is vested in and retained by the Company."[20]

Pursuant to the CBA, Local 556 can also ask Southwest to relieve flight attendants "from flight status for purposes of official Union business."[21] Thus, Local 556 could have also coordinated Nevarez's appearance for the purposes of carrying out official union business (i.e., complying with the Court's July 1 Order).

Southwest knew that it could pull employees from flights to attend court-ordered depositions. During an early-morning July 3, 2022 phone conversation between Carter attorneys Hill and Gilliam and Southwest's McKeeby, Hill even suggested to McKeeby that Southwest pull Talburt from a flight that conflicted with the time of his deposition and, instead, allow a reserve flight attendant to carry out his duties for any scheduled trip.[22] Southwest had the same option to pull Nevarez. Despite Southwest's knowledge and control over Nevarez's work schedule, Southwest *allowed* Nevarez to proceed with working a trip that conflicted with the court-ordered July 4 deposition. Even Nevarez knew that was an option, testifying at deposition, "I was flying, you were aware of it, Southwest was aware of it. If they wanted to make me available, they would have pulled me off my trip and they would have told me to come to Dallas."[23] Southwest and Local 556 failed to comply with the Court's July 1 order because, despite their control over Nevarez's work schedule under the CBA, they knowingly allowed Nevarez to continue working his scheduled trips instead of pulling him for his July 4 deposition.

---

[20] Tr. Ex. 6, Art. 3 ¶ 3 (SWA 11).
[21] Tr. Ex. 6, Art. 27 ¶ 4 (SWA 187).
[22] Ex. 1, Affidavit of Matthew D. Hill, ¶ 4.
[23] Nevarez Deposition Tr. 22:16-21 (Dkt. No. 330-1).

### C. Carter's opportunity to depose Nevarez during discovery is irrelevant to the question of Southwest and Local 556's compliance with the Court's July 1 order.

The Court ordered Southwest and Local 556 to make Nevarez available for a July 4 deposition because he was unavailable for trial, so the Defendants' complaints about taking an earlier deposition are irrelevant. While Southwest and Local 556 argue that Carter and her counsel could have taken Nevarez's deposition sooner,[24] the Court authorized Carter to take Nevarez's deposition because he refused to appear at trial, and he was otherwise unavailable.[25] The prospect of taking Nevarez's deposition arose because Carter sought to call Nevarez as a witness at trial. Moreover, the Federal Rules of Civil Procedure do not require Carter to depose every potential witness that she might call at trial. Even if Carter had not previously deposed certain witnesses, the Federal Rules allow her to call them for trial.

## CONCLUSION

For the foregoing reasons and those argued in her opening motion and brief, the Court should require Southwest and Local 556 to pay Carter's expenses in serving all subpoenas, witness fees, and court reporter and videographer fees and for reasonable attorney fees incurred in securing Nevarez's appearance and preparing for and attending Nevarez's deposition.

Dated: August 9, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Matthew B. Gilliam
　　　　　　　　　　　　　　　　　　　Mathew B. Gilliam (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　New York Bar No. 5005996
　　　　　　　　　　　　　　　　　　　*mbg@nrtw.org*
　　　　　　　　　　　　　　　　　　　c/o National Right to Work Legal Defense
　　　　　　　　　　　　　　　　　　　Foundation, Inc.
　　　　　　　　　　　　　　　　　　　8001 Braddock Road, Suite 600
　　　　　　　　　　　　　　　　　　　Springfield, Virginia 22160
　　　　　　　　　　　　　　　　　　　Tel: 703-321-8510

---

[24] Dkt. No. 350, at p.5.
[25] Pretrial Conf. Tr. 145:22-25, 146:6-12; Dkt. No. 282, pp.9-10; Dkt. No. 294; Dkt. No. 297.

Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Service**

I hereby certify that on August 9, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam