UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>　　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S SUPPLEMENTAL BRIEF EXPLAINING THE CALCULATION AND AMOUNT OF PREJUDGMENT INTEREST TO WHICH SHE IS ENTITLED IN LIGHT OF THE FEDERAL RESERVE'S INTEREST-RATE CHANGES**

　　Pursuant to this Court's November 11, 2022 Order,[1] Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, submits this supplemental brief explaining the calculation and amount of prejudgment interest to which she is entitled in light of the Federal Reserve's interest-rate changes. Carter's brief supplements her July 26, 2022 motion for entry of judgment in accordance with the jury's July 14, 2022 verdict, and for further relief against Southwest Airlines Co. ("Southwest") and Transport Workers Union of America Local 556 ("Local 556").[2]

---

[1] Doc. No. 362.
[2] Doc. No. 351, 352, 358-360; Doc. No. 348.

1

**ARGUMENT AND AUTHORITIES**

The Court should award Carter $22,649.39 in prejudgment interest on the jury's $150,000 back pay award against Southwest and Local 556 based on the Federal Reserve's prime rate increases from 4.75% to 7.0% between July 28, 2022 and November 3, 2022. As Carter previously explained, she calculated prejudgment interest for each monthly back pay payment she would have received between her March 14, 2017 termination and the jury's July 14, 2022 verdict, in accordance with the Fifth Circuit's standard.[3] Under that standard, the applicable prejudgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve on the date of the computation," but no less than five percent and not greater than fifteen percent.[4]

Previously, Carter calculated prejudgment interest using the 5.00%[5] prime rate that applied from her March 14, 2017 termination date, through July 26, 2022, the date she filed her motion for entry of judgment and further relief. However, as the Court's November 11, 2022 Order recognized, the Federal Reserve increased the prime rate three times since Carter filed her motion,

---

[3] Doc. No. 351, pp.15-16 (citing *Thomas v. Texas Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002)); Tr. Ex. 115.

[4] Doc. No. 351, pp.15-16, 16 n.71. The Board of Governors of the Federal Reserve publishes prime rates on its website, and makes available for download the historical prime rate data. https://www.federalreserve.gov/datadownload/Review.aspx?rel=H15, last visited November 14, 2022. Carter's counsel downloaded the Federal Reserve Board of Governor's Prime Rate Historical report from the Federal Reserve's website, and includes it in the appendix to this supplemental brief as Exhibit 2. This data is also available in graph form. https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=9b65aaeba8b6dddd6293e46a7c88543c&lastobs=&from=03/14/2017&to=11/14/2022&filetype=csv&label=include&layout=serieslist&pp=Format, last visited November 14, 2022. *See also* http://www.fedprimerate.com/wall_street_journal_prime_rate_history.htm#current, last visited November 14, 2022.

[5] As Carter previously explained, Carter used this rate because the Fed's prime rate generally stayed at or below 5% during the March 14, 2017, through July 27, 2022 period, except for the period from September 27, 2018 through September 18, 2019, during which time it was 5.25% or 5.50%. *See* Ex. 2 (App.14-20). Carter did not use the different rates for this period, and instead used the less-favorable-to-her 5% rate to calculate such interest.

raising the effective rate from 5.00% to 7.00%.[6] To calculate prejudgment interest (i.e., the interest that accrues through the day before the Court enters judgment) fully, the Court's computation should now account for how the increased prime rates increase interest on lost back pay.[7]

Accordingly, Carter updated the prejudgment interest calculation by determining the interest that accrued for each monthly back pay payment at four different prime rates that the Fed applied:[8] (1) The 5.00% rate that applied based on Fifth Circuit precedent from Carter's March 14, 2017 termination date, through July 27, 2022, the day before the Fed's first interest rate change became effective;[9] (b) The 5.50% rate that applied from July 28, 2022, through September 21, 2022, the day before the Fed's second interest rate change became effective;[10] (c) The 6.25% rate that applied from September 22, 2022, through November 2, 2022, the day before the Fed's third and final interest rate change became effective;[11] and (d) The 7.00% rate that applies from November 3, 2022, through the day before the Court enters judgment.[12] Carter updated the Calculation of Prejudgment Interest spreadsheet she filed with her prior motion, and includes the updated

---

[6] Doc. No. 362; *see also supra* at n.4.
[7] *See* Doc. No. 359, pp.8-9, 9 n.61 (citing *Thomas*, 297 F.3d at 372).
[8] Note that the Federal Reserve announced rate changes on July 27, 2022, September 21, 2022, and November 2, 2022, but, in each case, made those changes effective on the following day. *See* https://www.federalreserve.gov/newsevents/pressreleases/monetary20220727a1.htm, last visited November 14, 2022 (July 27, 2022 announcement making rate increases effective on July 28, 2022); https://www.federalreserve.gov/newsevents/pressreleases/monetary20220921a1.htm, last visited November 14, 2022 (September 21, 2022 announcement making rate increases effective on September 22, 2022);
https://www.federalreserve.gov/newsevents/pressreleases/monetary20221102a1.htm, last visited November 14, 2022 (November 2, 2022 announcement making rate increases effective on November 3, 2022); *see also* Ex. 2 (App.40-42); *supra* n.4
[9] Ex. 2 (App.3-40); *see also supra* n.4.
[10] Ex. 2 (App.40-42); *see also supra* n.4.
[11] Ex. 2 (App.42); *see also supra* n.4.
[12] Ex. 2 (App.42); *see also supra* n.4.

calculation spreadsheet as Exhibit 1 in her appendix filed contemporaneously with this motion.[13] As she did previously, Carter also submits a modifiable Excel file version of the updated prejudgment interest calculation exhibit to "Starr_Orders@txnd.uscourts.gov." Carter's references to "columns," "rows," and "cells" in this brief refer to those found on the modifiable Excel file.

Carter's spreadsheet in Exhibit 1 shows Southwest and Local 556's "back pay owed" for each monthly "payment date" (i.e., $77.00 of back pay per day[14] multiplied by the number of days between each "payment date") from the March 14, 2017 termination date to the jury's July 14, 2022 verdict.[15] For each such monthly payment, Carter calculated the prejudgment interest due by multiplying the monthly "back pay owed" (Column B), the number of days[16] between March 14, 2017 and each date when the Federal Reserve increased the prime rate (Columns C, E, G, and I), and the prejudgment interest rate for the applicable period (Cells B7, B9, B11, and B13).

Exhibit 1's "Interest Through July 27, 2022/September 21, 2022/November 2, 2022/Day Before Judgment" Columns (Columns D, F, H, and J) show the interest that accrued at the four applicable rates between March 14, 2017, and the day before judgment/each date when the Federal Reserve increased the prime rate. At the bottom of each column (in Row 89) Exhibit 1 shows in bold the subtotals for the interest that accrued at each prime rate. Finally, Carter added these subtotals to calculate the updated total of prejudgment interest owed (Cell B91). Accordingly, the Court should award Carter $22,649.39 in prejudgment interest if the Court enters judgment

---

[13] Carter filed her original Calculation of Prejudgment Interest spreadsheet with her July 26, 2022 Motion for Entry of Judgment and further relief. *See* Doc. No. 352-2, App.3.

[14] Carter's $77 "back pay per day" is her $150,000 back pay award divided by 1,948 days between her termination and the verdict.

[15] *See* Ex. 1 ("Back Pay Owed" column/Column B).

[16] Carter calculated "the number of years between the pay period and the date judgment is issued" by annualizing (i.e., dividing by 365) the days until judgment/each prime rate change for each month.

tomorrow. Carter's calculations assume that the Court enters judgment on November 15, 2022. But the Court can update the spreadsheet's "Day Before Judgment Date" (Cell B6) for the actual date it enters judgment by entering the date before the actual date of judgment in Cell B6, which will automatically update relevant data and calculations in the spreadsheet.

## CONCLUSION

For the foregoing reasons and those discussed in her prior briefs, Carter asks the Court to award $22,649.39 in prejudgment interest if the judgment is ordered tomorrow or the appropriate amount calculated using Exhibit 1 if judgment is entered subsequent to tomorrow, and order the clerk to enter judgment on the jury's July 14, 2022 verdict, and award the other relief as requested.

Dated: November 14, 2022                     Respectfully submitted,


/s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

## Certificate of Service

I hereby certify that on November 14, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam