UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § | |
| SOUTHWEST AIRLINES CO. AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § § | |
| Defendants. | § § | |

### SOUTHWEST AIRLINES CO.'S BRIEF REGARDING THE CALCULATION OF PRE-JUDGMENT INTEREST

Pursuant to the Court's November 11, 2022 order (dkt. no. 362), Southwest Airlines Co. ("Southwest") submits this brief addressing the proper rate of prejudgment interest that applies to the jury's $150,000 backpay award to Charlene Carter ("Carter").[1] *See* Dkt. No. 362. More specifically, the Court inquires as to the impact of the Federal Reserve's November 3, 2022 prime rate increase to 7.0 percent on the rate to be applied to any award of prejudgment interest award on the back pay awarded to Carter. Southwest contends that the November 2022 rate increase is largely immaterial to the prejudgment interest rate that should apply in this case.

The jury awarded Carter $150,000 for lost wages and benefits "sustained ***between March 14, 2017, and the date of the jury's decision***." Dkt. No. 348 at 13, 24 (emphasis added). Southwest

---

[1] As the Court noted in its November 11, 2022 order, Southwest objects to any pre-judgment interest award in this case.

submits that it makes no sense to apply *current* interest rates to wages and benefits purportedly lost up to 5.5 years ago in a different rate environment. To conclude otherwise would be inconsistent with the purpose of prejudgment interest, which is to make the plaintiff whole, not to provide a windfall or punish the defendant.

As set forth in detail below, the appropriate calculation of the prejudgment interest in this case is the weighted average of the prime rate applicable from March 14, 2017 until the date of judgment. This results in a pre-judgment interest rate of 4.28 percent computed as simple interest.[2]

I.  **ARGUMENT**

   A.  **The Court Has Broad Discretion In Setting the Rate of Prejudgment Interest**

"No federal statute specifies what rate of prejudgment interest applies when a plaintiff prevails on a claim under Title VII." *Autry v. Ahern Rentals, Inc.*, 2022 U.S. Dist. LEXIS 173694, *4 (W.D. Tex. Sep. 26, 2022). Thus, where the court elects to award pre-judgment interest, "'it is within [its] discretion … to select an equitable rate[.]'" *Scott v. Amarillo Heart Grp., LLP*, 2013 U.S. Dist. LEXIS 51461, *10 (N.D. Tex. Apr. 10, 2013) (*citing Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991)); *EEOC v. Serv. Temps, Inc.*, 2010 U.S. Dist. LEXIS 130191, *16 (N.D. Tex. Dec. 9, 2010) ("Setting the rate of interest on a judgment is within the broad discretion of the district court.").

Carter agrees that "prejudgment interest … is compounded as simple interest." Dkt. No. 351 at 15; *see generally Wright v. Blythe-Nelson*, 2004 U.S. Dist. LEXIS 25567, *33-34 (N.D. Tex. Aug. 26, 2004) (prejudgment interest in Title VII action is simple rather than compound). Also, in calculating prejudgment interest, Carter proportionally allocates the back pay award

---

[2] The historical prime rate is available at https://fred.stlouisfed.org/series/PRIME#0. Attached to this brief are the prime rates that applied from 2017 to the present along with the dates to which each rate applied. This data is used to create the weighted average of the applicable rates.

across the time period for which it was awarded (*i.e.*, March 14, 2017 to the date of judgment). *See* Dkt. Nos. 351 at 16 n.76; dkt. no. 352-2, App. 3. Thus, the only issue for purposes of this submission is the appropriate prejudgment interest rate.

### B. The Weighted Average of the Prime Interest Rate is the Only Rate That is Consistent With the Purpose of Prejudgment Interest

In exercising their discretion, Courts have used various methods to determine the appropriate prejudgment interest rate. Southwest contends that the appropriate and equitable rate in this case is 4.28 percent, which is the "average prime rate between [] termination … and the date of judgment[.]" *Stanton v. Jarvis Christian Coll.*, 2020 U.S. Dist. LEXIS 163453, *2-3 (E.D. Tex. Aug. 27, 2020). Courts have regularly used this methodology for calculating prejudgment interest rate. *See id.*; *Lowe v. Eltan*, 2018 U.S. Dist. LEXIS 221151, *37 (E.D. Tex. Dec. 12, 2018) (prejudgment interest rate "should be … the average monthly prime rate" from the date of the legal violation to the date of judgment); *ClearChoice Holdings, LLC v. Clear Choice Dental, PLLC*, 2016 U.S. Dist. LEXIS 183064, *26 n.37 (S.D. Tex. Dec. 23, 2016) ("Prejudgment interest shall run at the average monthly prime rate from December 15, 2010, to the date judgment is entered."); *McClain v. Lufkin Indus.*, 2009 U.S. Dist. LEXIS 137141, *13 (E.D. Tex. June 19, 2009) (court can calculate prejudgment interest based on "a composite rate over the time period in question.").

Moreover, utilizing the current interest rate would be inconsistent with the purpose of prejudgment interest. "Prejudgment interest serves to compensate for the loss of use of money" and "achiev[e] full compensation for the injury those damages are intended to redress." *West Virginia v. U.S.*, 479 U.S. 305, 311 n.2 (1987); *see also U.S. EEOC v. United Bible Fellowship Ministries, Inc.*, 2015 U.S. Dist. LEXIS 197253, *8-9 (S.D. Tex. May 18, 2015). Importantly, however, prejudgment interest "is not intended to punish the defendant's misbehavior." *Tercero v. Tex. Southmost Coll. Dist.*, 2022 U.S. Dist. LEXIS 17659, *5 (S.D. Tex. Feb. 1, 2022).

The prejudgment interest methodology Southwest proffers reflects the interest rate conditions present at the time Carter would have received the back pay at issue. That is to say, it puts Carter in the position she would have been in had she remained a Southwest employee and incrementally received the $150,000 as wages between March 2017 to the present. In contrast, applying the November 2022 rate would increase Carter's award based on an interest rate environment that did not exist during the relevant time period. Moreover, applying the rate announced just days ago to wages awarded for the last 5.5 years makes prejudgment interest contingent upon happenstance (*e.g.*, whether the Court files the judgment on one day or another, geopolitical conditions, various general and sector-specific economic conditions, etc.) and untethers it from its purpose of a make whole remedy.

Alternatively, Southwest submits that, even if the Court is disinclined to utilize the weighted average methodology described above, it should not utilize the current prime rate. Rather, it should, as other courts have, apply the post-judgment rate set forth 28 U.S.C. § 1961 – *i.e.*, the one year treasury yield for the calendar week preceding judgment. *Dibler v. Metwest, Inc.*, 1997 U.S. Dist. LEXIS 16732, *11-12 (N.D. Tex. Apr. 29, 1997) ("pre-judgment interest is the post-judgment interest rate proscribed in 28 U.S.C. § 1961"); *Wright*, 2004 U.S. Dist. LEXIS 25567, *34 ("28 U.S.C. § 1961 fixes the rate of prejudgment interest when it is a federal question … Under Title VII, [plaintiff] is entitled to … prejudgment interest at the rate of 1.98% per annum."); 28 U.S.C. § 1961 (setting rate at the "weekly average 1-year constant maturity Treasury yield … for the calendar week preceding the date of the judgment"). The one year treasury yield for the week preceding this submission was 4.75 percent.[3] Thus, even if the Court rejects

---

[3] The relevant Treasury yield is available at https://www.federalreserve.gov/releases/h15/.

Southwest's preferred methodology, 4.75 percent (calculated with simple interest) is the highest rate the Court should consider.

## II.    CONCLUSION

As set forth above, if the Court elects to award pre-judgment interest, the rate should not exceed 4.28 percent computed as simple interest.

Dated:  November 14, 2022                    Respectfully submitted,

                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby
                                            State Bar No. 00784571
                                            Brian K. Morris
                                            State Bar No. 24108707
                                            **REED SMITH LLP**
                                            2850 N. Harwood Street
                                            Suite 1500
                                            Dallas, Texas 75201
                                            Phone: 469-680-4200
                                            Facsimile: 469-680-4299
                                            pmckeeby@reedsmith.com
                                            bmorris@reedsmith.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 14th day of November, 2022.

                                            */s/ Paulo B. McKeeby*
                                            Paulo B. McKeeby