UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-2278-X |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA, LOCAL 556, and | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Charlene Carter moves for sanctions against Southwest Airlines Co. ("Southwest") and Transport Workers Union of America ("Local 556"). [Doc. No. 303]. For the reasons below, the Court **GRANTS IN PART** Carter's motion.[1]

### I. Factual Background

In June of 2022, Carter served Defendants with a subpoena for the deposition testimony of a Southwest flight attendant named Brett Nevarez. On June 30, 2022, the Court allowed Carter "to depose . . . Nevarez."[2] And on July 1, 2022, the Court ordered that Nevarez "shall be made available by the defendants for deposition."[3]

In response, Southwest's and Local 556's lawyers emailed Nevarez, explaining that the entities "support[] [his] testimony."[4] When Nevarez expressed reluctance to

---

[1] Carter originally requested myriad forms of pre-trial relief. Doc. No. 303 at 2–4. Because Carter has already won a jury verdict, the Court finds that those requests are **MOOT**.

[2] Doc. No. 287.

[3] Doc. No. 297.

[4] Doc. No. 350 at 2.

1

testify, Southwest's counsel "respectfully request[ed] that [he] attend the deposition."[5] Regardless, Nevarez was a no show at his deposition. When the parties rescheduled the deposition for the following evening, Southwest's counsel e-mailed Nevarez, "strongly urg[ing]" him to attend.[6] Again, Nevarez remained mum.

Eventually Nevarez agreed to testify. In explaining his previous absences, he testified that he "worked on July 3rd, 4th, 5th, and 6th" and was on "Hawaii time," which is "five hours off of Dallas time."[7] Because "Southwest was aware of" his flight schedule, he claimed, it would have "pulled [his] trip and . . . told [him] to come to Dallas" if it had "wanted to make [him] available."[8]

Carter now moves for sanctions, asking that the Court order Defendants to pay her costs and fees related to Nevarez's deposition.

## II. Legal Standards

Under Federal Rule of Civil Procedure 37(b)(2)(A)–(B), "[i]f a party . . . fails to obey an order to provide . . . discovery . . . . the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." The violating party can avoid that outcome only if it can show that "the failure was substantially justified or other circumstances make an award of expenses unjust."[9] The Rules thus "place[] the burden on the disobedient party to avoid expenses."[10]

---

[5] Doc. No. 350-1 at 5.

[6] *Id.* at 8.

[7] Doc. No. 330-1 at 6.

[8] *Id.*

[9] FED. R. CIV. PROC. 37(b)(2)(B).

[10] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1382 (5th Cir. 1994) (cleaned up).

2

### III. Analysis

The Court must first determine whether Defendants violated its discovery order.[11] The Court ordered that Nevarez "be made available by the defendants for deposition."[12] Instead, Defendants tepidly declared that they "support[] [Nevarez's] testimony"[13] and "respectfully request[ed]" his attendance.[14] After Nevarez failed to appear, Defendants kicked things up a notch and "strongly urg[ed]" Nevarez to attend his rescheduled deposition.[15] But the Court didn't order Defendants to sternly exhort Nevarez. It ordered Defendants to "*ma[k]e [him] available* . . . for deposition."[16] Defendants didn't rearrange Nevarez's flight schedule or otherwise take any action to ensure his availability. Thus, the Court concludes that Defendants violated its discovery order to make Nevarez available for his deposition.

Next, the Federal Rules of Civil Procedure require[17] the Court to award expenses unless the Defendants can show that their violation of this Court's order "was substantially justified or other circumstances make an award of expenses unjust."[18] Defendants raise three potential justifications. They all fail.

---

[11] *See id.* (affirming a district court that first "found that the FDIC violated [an] order").

[12] Doc. No. 297.

[13] Doc. No. 350 at 2.

[14] Doc. No. 350-1 at 5.

[15] *Id.* at 8.

[16] Doc. No. 297 (emphasis added).

[17] FED. R. CIV. PROC. 37(b)(2)(B) ("[T]he court *must* order the disobedient party . . . to pay the reasonable expenses . . . .").

[18] *Id.*

First, because Nevarez expressed recalcitrance, Defendants aver that they were "frankly [] more focused on securing Nevarez's attendance at his deposition than on his schedule."[19] But that's nonsensical. Clearing Nevarez's schedule *is* a means of securing his attendance. As Nevarez testified, he "worked on July 3rd, 4th, 5th, and 6th."[20] Because "Southwest was aware of" his flight schedule, they should have "pulled [Nevarez's] trip and . . . told [him] to come to Dallas."[21] In any event, the Court didn't order Defendants to employ their persuasive powers over Nevarez—it ordered them to use their authority *as Nevarez's union and employer* to "ma[k]e [him] available . . . for deposition."[22] Southwest's revisionist interpretation won't fly.

Second, Southwest insinuates that it has "limited rights" under "the collective bargaining agreement . . . to involuntarily pull a flight attendant from a scheduled trip."[23] Tellingly, Southwest doesn't cite the collective bargaining agreement ("CBA"). That's likely because the CBA recognizes that flight attendants may have to "appear[] in" judicial proceedings "at the Company's request" or in response to a "subpoena[]."[24] And the CBA broadly recognizes that "[t]he right to . . . direct the

---

[19] Doc. No. 350 at 4.

[20] Doc. No. 330-1 at 6.

[21] Doc. No. 330-1 at 6.

[22] Doc. No. 297; *see also* Pretrial Conf. Tr. at 140:21–25 (recognizing potential "scheduling issues" with flight-attendant depositions and expressing the view that flight attendants are "under control" of the defendants).

[23] Doc. No. 350 at 4. Southwest also cites a Declaration of Meggan Jones that copies the language of Southwest's brief verbatim. Doc. No. 350-3 at 1 ("Southwest has limited rights to involuntarily pull a flight attendant from a scheduled trip except in very limited circumstances").

[24] Tr. Ex. 6 at 177.

working forces . . . is . . . retained by [Southwest]."[25] Thus, Southwest fails to show that the CBA justifies its violation of this Court's order.

Third, Defendants shift the blame, saying that "Carter . . . made no effort to take [Nevarez's] deposition until the eve of trial."[26] Consequently, the argument goes, Carter incurred extra fees in serving Nevarez "deposition notices and orders" that she "would not have incurred" if she requested his deposition earlier.[27] But that's false. As Defendants agree, "Nevarez . . . would not appear voluntarily,"[28] so there's no reason to think Nevarez was amenable to testifying at an earlier point. But even supposing Carter should have deposed Nevarez earlier, this Court ordered Defendants to make Nevarez available in July of 2022. Defendants' apparent "disagreement with the Court's Order is not a valid basis for [their] failure to comply."[29]

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Carter's motion. Because Carter has not provided the Court with a bill of costs or proof of fees related to her attempts to depose Nevarez, the Court **DIRECTS** Carter to file a bill of costs and proof of fees by November 18, 2022. Defendants must provide their response, if any, within two business days of the date on which Carter files her bill of costs and

---

[25] *Id.* at 11.

[26] Doc. No. 350 at 5.

[27] *Id.*

[28] Doc. No. 309 at 4.

[29] *Haskett v. Percheron, LLC*, No. 3:14-CV-257, 2018 WL 8459318, at *1 (S.D. Tex. Feb. 20, 2018).

proof of fees.  Carter must file her reply, if any, within two business days of the date on which Defendants file their response.

    **IT IS SO ORDERED** this 16th day of November, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE