UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND<br>TRANSPORT WORKERS UNION OF AMERICA,<br>LOCAL 556,<br><br>    Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S BILL OF COSTS AND
PROOF OF ATTORNEYS' FEES AND EXPENSES RELATED TO HER ATTEMPTS
TO DEPOSE BRETT NEVAREZ**

  Pursuant to Federal Rule of Civil Procedure, Rule 37(b)(2)(A)-(C) and the Court's November 16, 2022 Order,[1] Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby files this bill of costs and proof of attorneys' fees and expenses related to her attempts to depose Brett Nevarez. Carter's attorneys' fees, costs, and expenses, including the ones incurred and caused by Defendants' failure to comply with the Court's July 1 Order,[2] are underwritten by the National Right to Work Legal Defense Foundation, Inc. ("Foundation") as part of its legal aid program.[3] Accordingly, Carter requests that the Court should order Southwest Airlines Co. ("Southwest") and Transport Workers Union of America, Local 556 ("Local 556") to pay the

---

[1] Doc. No. 366.
[2] Doc. No. 297.
[3] App.5, Declaration of Matthew Gilliam ("Gilliam Declaration"), ¶11. Pursuant to Carter's Retainer Authorization, the Foundation is entitled to any attorneys' fees, expenses, or costs that opposing parties are ordered to pay. *Id*.

1

Foundation $33,196.22 in reasonable attorneys' fees, costs, and expenses incurred in Carter's attempts to depose Brett Nevarez.

## ATTORNEYS' FEES AND COSTS

Courts must use the lodestar method to determine the appropriate amount of attorneys' fees they should award.[4] Under the lodestar method, the Court must first "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the lodestar.[5] To determine the reasonable number of hours expended, the court should exclude excessive, redundant or otherwise unnecessary hours.[6]

### A. The Reasonable Hourly Rate

The Court should adopt hourly rates of $350 for attorney Matthew Gilliam, $395 for attorney Matthew Hill, and $495 for attorney Bobby Pryor. To determine the reasonable hourly rate, the Court must use the prevailing market rate in Dallas, Texas.[7] The relevant legal community is the Northern District of Texas in Dallas, Texas, "the community in which the district court sits."[8] For Hill and Pryor, those are the hourly rates actually charged and paid on Carter's behalf for work

---

[4] *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Tollett v. City of Kemah*, 285 F.3d 357, 367-68 (5th Cir. 2002).
[5] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). *See also Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam) (describing the lodestar method as "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work").
[6] *See Hensley*, 461 U.S. at 434.
[7] *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) ("Attorneys' fees are to be calculated at the prevailing market rates in the relevant community.") (cleaned up).
[8] *Tollett*, 285 F.3d at 368 (citation omitted). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *R.K.C.J., LLC v. Texas Cap. Bank, N.A.*, No. 3:20-cv-533-K, 2020 WL 5552153, *7 (N.D. Tex. Aug. 24, 2020) (citation omitted).

performed.[9] For Gilliam, the $350 hourly rate sought for work he performed is below the customary rate charged by attorneys of his skill and experience in the Dallas market.[10] Likewise, for attorneys with Pryor and Hill's qualifications and experience, the standard hourly rates in Dallas, Texas are well above the respective hourly rates they charged for the work performed for Carter, and for which the Foundation seeks to recover.[11]

Gilliam is a 2011 Georgetown University Law Center graduate who was first licensed in New York in 2012.[12] Pryor is a 1983 *summa cum laude* graduate of the University of Arkansas who was first licensed in Oklahoma in 1983.[13] Hill is a 2001 graduate of the University of Chicago Law School who was first licensed in 2001.[14] All three have significant experience litigating employment cases such as this one, and Pryor and Hill are experienced trial attorneys, with Pryor having tried over 100 cases and Hill having been lead trial attorney in multiple trials.[15] "It is well-established that the Court may use its own expertise and judgment to independently assess the hourly rates charged for attorney's services."[16] Counsel's hourly rates are reasonable based on this Court's findings in recent cases.[17] For paralegal Cristina Garcia, her hourly rate of $110 is also

---

[9] App.14, Declaration of Bobby G. Pryor ("Pryor Declaration"), ¶7-8.
[10] *Id.,* App.15, ¶10.
[11] *Id.,* App.14, ¶7-8.
[12] App.1, Gilliam Declaration, ¶2.
[13] App.14, Pryor Declaration, ¶7.
[14] *Id.,* ¶8.
[15] *Id.,* ¶7-8; App.1-3, Gilliam Declaration, ¶3-5.
[16] *SortiumUSA, LLC v. Hunger,* No.3:11-CV-1656-M, 2015 WL 179025, at *5 (N.D. Tex. Jan. 14, 2015) (Lynn, J.); *Janvey v. Alguire*, Case No. 3:09-CV-724-N-BQ, 2019 WL 13075953, *2 (N.D. Tex. Feb. 6, 2019); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, *2 (N.D. Tex. Apr. 24, 2014) (noting that the court is an expert on the reasonableness of attorneys' fees).
[17] *See e.g.*, *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (affirming $577.50, $542.50, and $280 in age discrimination case); *Hardy v. SDM Hosp., LLC*, 20-CV-3157-S-BK, 2022 WL 272718, *6 (N.D. Tex. Jan. 10, 2022) (finding $525 reasonable for an employment law attorney and recognizing approval for hourly rates of $400-$500 where all three attorneys had practiced for at least nine years, including in employment litigation) (other citations omitted); *Veach v. State*

reasonable based on her qualifications, and is well within the rates approved for similarly-experienced paralegals in the Dallas legal community.[18]

### B. The Hours Expended, Reductions, and Reasonableness

Carter attaches the declarations of her counsel, Matthew Gilliam (App.1-11) and Bobby G. Pryor (App.12-22), which attest to their qualifications and the respective amounts of hours, expenses, and costs incurred in the efforts related to deposing Brett Nevarez.[19] Notably, Carter has only included those fees and expenses reasonably and necessarily related to securing and taking Mr. Nevarez's deposition and seeking relief related to that deposition, and not those incurred preparing and serving a trial subpoena for Mr. Nevarez before the Court's July 1 order regarding his deposition.[20] Counsel document the hours they expended in exhibits to their declarations.[21] These attachments are accurate and derived from routinely prepared compilations of the daily

---

*Farm Lloyds*, No. 3:19-cv-02312-BT, 2021 WL 5920903, *3 (N.D. Tex. Dec. 15, 2021) (finding that $500 is a reasonable rate for trial attorneys); *Vaughn v. Neb. Furniture Mart, LLC*, Case No. 3:19-CV-1220-C-BK, 2020 WL 1695695, *6 (N.D. Tex. Mar. 12, 2020) (finding $500 reasonable for plaintiff's counsel in Title VII case); *Black v. SettlePou, P.C.*, Civil Action No. 3:10-CV-1418-K, 2012 WL 3638681, *4 (N.D. Tex. Aug. 24, 2012) (finding reasonable $450 for an attorney with 10 years of experience in labor and employment law and $375 for an attorney with 7 years of experience in labor and employment law), rev'd on other grounds, 732 F.3d 492 (5th Cir. 2013); *see also Black*, 3:10-CV-1418-K, Doc. No. 119-1, ¶¶4-5, pp.3-4 (N.D. Tex. Feb. 3, 2012) (showing the attorneys' experience); *In re Taco Bueno Rests., Inc.*, No. 18-33678, Doc. No. 308 (Bankr. N.D. Tex. Feb. 14, 2019) (billing rates for Partners ($945-$1,280), Counsel ($830-$915), and Associates ($450-$945); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding attorney rates of $537 to $862 per hour to be reasonable in the Dallas market) (Rutherford, J.).

[18] App.14-15, Pryor Declaration, ¶9. *See, e.g., Veach*, 2021 WL 5920903, *3 ($150 per hour is a reasonable rate for paralegal time); *First Commonwealth Bank v. Auto Res. of Texas LLC*, Civ. Act. No. 3:22-cv-374-L, 2022 WL 16964754, *3 (N.D. Tex. Nov. 16, 2022) (Lindsay, J.) (finding a $200 hourly rate for a paralegal within the range of usual and customary hourly rates for a paralegal in the Dallas legal community). *See also* App.14-15, Pryor Affidavit, ¶9.

[19] *See supra* 2-4.

[20] App.16, Pryor Declaration, ¶13; App.4-5, Gilliam Declaration, ¶8; *see also infra* at 4 n.21.

[21] App.17-22, Exhibit 1 to Pryor Declaration; App.7-9, Exhibit 1 to Gilliam Declaration.

contemporaneous time sheets that counsel maintains in the normal course of business.[22]

Carter calculated an initial "lodestar amount" of $29,750.00 in attorneys' fees based on the attorneys' total hours incurred in her attempts to depose Brett Nevarez:

| Attorney | Hourly Rate | Total Hours | Fees Expended |
|---|---|---|---|
| Matthew B. Gilliam | $350 | 45.0 | $15,750.00 |
| Matthew Hill | $395 | 31.6 | $12,482.00 |
| Bobby Pryor | $495 | 2.4 | $1,188.00 |
| Cristina Garcia | $110 | 3.0 | $330.00 |
| **TOTALS** | - | 82.0 | $29,750.00 |

Carter completely excluded attorney time expenditures that are arguably duplicative and eliminated time not reasonably necessary to securing Nevarez's testimony.[23] Based on these reductions, Carter's requested attorney's fees are commensurate with the *Johnson* reasonableness factors.[24] The time and labor required in securing Nevarez's testimony during trial proceedings, made even more difficult by Southwest's and Local 556's dilatory actions, further support the fees' reasonableness. Furthermore, the circumstances of trial imposed time limitations that required Carter's counsel to act quickly to secure Nevarez's testimony. Accordingly, Carter requests that

---

[22] App.13, Pryor Declaration, ¶4; App.3-5, Gilliam Declaration, ¶7-8.
[23] App.8-9, Exhibit 1 to Gilliam Declaration; App.18-22, Exhibit 1 to Pryor Declaration.
[24] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 508 n.3 (N.D. Tex. 2001) (citing *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987)) (other citations omitted).

the Court order Southwest and Local 556 to pay the Foundation the total amount of $29,750.00 as reasonable attorneys' fees.[25]

### C. Reasonable Out-of-Pocket Expenses and Costs

The Court should also order Southwest and Local 556 to pay the Foundation a total of $3,446.22 in reasonable out-of-pocket expenses and costs related to the attempts to depose Brett Nevarez, including those incurred for Court reporter fees, videographer fees, other deposition expenses, and fees for expedited service. The relevant out-of-pocket expenditures the Foundation paid on Carter's behalf ($2,600.00) are detailed in the exhibit to Mr. Gilliam's declaration.[26] The relevant out-of-pocket expenditures Pryor & Bruce incurred on Carter's behalf ($846.22) are also detailed in the exhibit to Mr. Pryor's declaration,[27] all of which the Foundation paid to Pryor & Bruce on Carter's behalf.[28] These summaries are accurate and routinely prepared compilations of the daily contemporaneous records of necessary expenditures maintained in the ordinary course of business.[29] While the declarations of Carter's counsel contain all of the out-of-pocket expenses and costs incurred, including those recoverable under 28 U.S.C. § 1920, Carter also includes a Bill of Costs detailing costs of $253.00 in accordance with the Court's order, which she includes in her Appendix in support of this brief.[30]

### CONCLUSION

For the foregoing reasons, the Court should order Southwest and Local 556 to pay a total of $33,196.22, which includes $29,750.00 in attorneys' fees and $3,446.22 in expenses and costs, to

---

[25] All fees charged by Pryor and Bruce have been paid by the Foundation on Carter's behalf. App.15, Pryor Declaration, ¶12; App.5, Gilliam Declaration, ¶10-11.
[26] App.10-11, Exhibit 2 to Gilliam Declaration.
[27] App.22, Exhibit 1 to Pryor Declaration.
[28] App.15, Pryor Declaration, ¶11.
[29] App.13, Pryor Declaration, ¶4; App.5, Gilliam Declaration, ¶9.
[30] App.23-24.

the National Right to Work Legal Defense Foundation, Inc., as requested herein and the documents contemporaneously filed herewith.

Dated: November 18, 2022                     Respectfully submitted,

/s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022 I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to all appearing parties and counsel using the Court's electronic system.

By**: /s/ Matthew B. Gilliam**