# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>　　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

## DECLARATION OF MATTHEW B. GILLIAM
## IN SUPPORT OF PLAINTIFF CHARLENE CARTER'S BILL OF COSTS AND PROOF OF ATTORNEYS' FEES AND EXPENSES

I, Matthew B. Gilliam, pursuant to 28 U.S.C. § 1746, declare as follows:

1.　　　I submit this declaration in support of Plaintiff Charlene Carter's ("Plaintiff") Bill of Costs and Proof of Attorneys' Fees and Expenses. I have served as Plaintiff's counsel since 2017. The facts stated in this Declaration are within my personal knowledge.

2.　　　**Education**: I received my B.A. degree in Political Science and Spanish from Transylvania University in 1999, graduating *magna cum laude*. I graduated from the Georgetown University Law Center in Washington, D.C., with a J.D. in 2011.

3.　　　**Employment History**: Since April 2014, I have been employed full-time as a salaried staff attorney by the National Right to Work Legal Defense Foundation, Inc. ("Foundation"), 8001 Braddock Road, Suite 600, Springfield, Virginia, 22151, which is a nonprofit, charitable public interest organization that provides free legal aid to employees and is

**App.1**

exempt from taxation under 26 U.S.C. § 501(c)(3).[1] In that capacity, I have acquired trial court and appellate experience in the fields of constitutional, civil rights, labor relations, and administrative law. As a Foundation staff attorney, my primary duties are to provide free legal aid to individual employees to protect their statutory and constitutional rights from abuses arising from compulsory unionism arrangements between employers and labor organizations, and to obtain relief for employees who have suffered from such abuses in federal and state courts and administrative tribunals. I provide my legal services exclusively on behalf of or for the benefit of employees.

4.      **Relevant Practice Experience**:  As a Foundation staff attorney, I practice trial and appellate litigation exclusively on behalf of or for the benefit of individual employees in the areas of constitutional, civil rights, and labor law. I have been and/or am currently counsel in the following cases. Most of the cases concerned questions regarding compulsory union fees and protecting the rights of employees who are required to pay such fees. These also include cases where I represented employee plaintiffs claiming discrimination and retaliation for exercising protected rights to oppose unions.

a.      *Martin v. Local 556, Transp. Workers of Am.*, 708 F. App'x 171 (5th Cir. 2017).

b.      *Martin v. Transp. Workers of Am., Local 556*, 206 F. Supp. 3d 1227 (N.D. Tex. Aug. 29, 2016).

c.      *Bahreman v. Allegiant Air, L.L.C. & Transp. Workers Union of Am. Local 577*, 2:20-cv-00437-ART-DJA (D. Nev. filed Mar. 2, 2020).

d.      *Carter v. Southwest Airlines Co., and Transp. Workers Union of Am. Local 556*, No. 3:17-CV-2278-X (N.D. Tex. filed Aug. 25, 2017).

e.      *Cruz v. Unión Independiente Auténtica*, No. 3:17-CV-02261-PAD (D.P.R. filed Oct. 26, 2017).

f.      *Cimalore v. Town of Westerly*, No. 1:15-CV-00313-WES (D.R.I. Feb. 6, 2020).

---

[1] *Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. United States*, 487 F. Supp. 801 (E.D. N.C. 1979).

g.     *Koza v. Town of Westerly*, No. 1:15-CV-00315-WES (D.R.I. Sep. 18, 2020).

h.     *Ferrigno v. Town of Westerly*, No. 1:18-CV-00186-WES (D.R.I. Sep. 18, 2020).

i.     *Sarauer v. Int'l Ass'n of Machinists and Aerospace Workers Dist. No. 10*, 966 F.3d 661 (7th Cir. 2020).

j.     *Sarauer v. Int'l Ass'n of Machinists and Aerospace Workers Dist. No. 10*, No. 2:16-CV-00361-DEJ, 2017 WL 8727854 (E.D. Wis. Mar. 31, 2017).

k.     *Lightsey v. Amalgamated Transit Union, Local 1733*, No. 2:16-CV-01484-PP (E.D. Wis. April 27, 2017).

l.     *West Virginia AFL-CIO v. Justice*, 16-C-959-9569 (W. Va. Cir. Ct. Kanawha Co. Feb. 27, 2019) (*amicus* brief).

m.     *Morrisey v. West Virginia AFL-CIO*, 239 W. Va. 633, 804 S.E.2d 833, No. 17-0187 (W. Va. 2017) (*amicus* brief).

n.     *Justice v. West Virginia AFL-CIO*, 246 W. Va. 205, 866 S.E.2d 613, No. 21-0559 (W. Va. 2021) (*amicus* brief).

5.     As a Foundation staff attorney, I regularly practice on behalf of or for the benefit of individual employees by representing them in unfair labor practice charges filed at the National Labor Relations Board, and assisting them with decertification and deauthorization petitions.

6.     **Bar Admissions**:  I am an active member in good standing of the New York State Bar and the West Virginia State Bar, having been admitted in 2012 and 2013 respectively. I am also admitted to practice before the following federal courts, with the year of admission shown in parentheses:  United States Supreme Court (2018); U.S. Court of Appeals, Fifth Circuit (2016); U.S. Court of Appeals, Seventh Circuit (2019); U.S. District Court for the Eastern District of Wisconsin (2016); U.S. District Court for the Southern District of West Virginia (2013).

7.     Attached hereto and incorporated herein are true and correct copies of the following documents which support Plaintiff's Bill of Costs and Proof of Attorneys' Fees and Expenses: **Exhibit 1** is a chart that catalogs my hours related to attempts to secure and take the deposition of

**App.3**

Brett Nevarez, including fees incurred for time attempting to coordinate and secure Nevarez's attendance at his depositions, attending his two depositions (one of which was a non-appearance), working with co-counsel to determine how to address his non-appearance, and preparing Carter's motion for sanctions and the fee submission requested by the Court; and **Exhibit 2** is a copy of a chart cataloging and verifying the necessary expenses expended by the Foundation related to efforts to secure Nevarez's depositions, including those expenses associated with taking, videotaping, and transcribing his two depositions, and serving subpoenas and paying witness fees. This is in addition to the expenses paid by Pryor & Bruce that were reimbursed by the Foundation, which are contained in Bobby G. Pryor's declaration.

With regard to the chart of the hours which I spent on this matter (**Exhibit 1**), I am required by my employer, and it is and has been my practice, to maintain daily contemporaneous time sheets accounting for my activities on a case by case basis (without regard to whether a fee recovery is possible), and which are entered directly into my employer's database system. The work I perform in each case is recorded in 1/10 of an hour increments. Thus, the chart in **Exhibit 1** is directly and completely derived from my personal time entries.

With regard to the chart of Foundation expenses relevant to this matter (**Exhibit 2**), I am required by my employer, and it is and has been my practice, to maintain daily contemporaneous records of necessary expenditures related to this case, which are entered directly into my employer's database system. Thus, the chart in **Exhibit 2** is derived from my personal expense reports.

8.     As **Exhibit 1** demonstrates, I spent a total of 45.0 hours related to attempts to depose Brett Nevarez, including fees incurred for time attempting to coordinate and secure Nevarez's attendance at his depositions, attending his two depositions, working with co-counsel

to determine how to address his non-appearance, and preparing Carter's motion for sanctions and the fee submission requested by the Court. I have made bold the tasks performed related to securing and taking the deposition of Brett Nevarez and seeking relief related to that deposition. Such time is included in the columns labeled "Actual Hours" and "Actual Minutes." For billing entries containing activities unrelated to this matter, I have apportioned the time to include hours related to the attempts to depose Brett Nevarez. I have also excluded from the calculation of my hours those time entries that I have marked on the attachment as "n/c," for nonchargeable, in the exercise of billing judgment. I hereby state that all time set forth on the attached list for which compensation is claimed was reasonably and necessarily expended on this matter.

9.      As **Exhibit 2** demonstrates, the Foundation has expended on Carter's behalf and seeks compensation for $3,446.22 in expenses related to the attempts to depose Brett Nevarez, including $2,600.00 in expenses set forth in **Exhibit 2** to my declaration, and $846.22 in expenses set forth in **Exhibit 1** to Pryor's declaration. These expenditures for which compensation is sought are derived from the Cash and Credit Expense Reports submitted by me on a monthly basis for months in which expenditures were made for this case. I hereby state that all expenses set forth in **Exhibit 2,** and for which compensation is sought, were reasonably and necessarily expended.

10.     The Foundation reimbursed and/or paid Pryor & Bruce for all of the expenses and fees listed in Exhibit 1 to Pryor's declaration.

11.     The Foundation is providing Carter with free legal aid (i.e., all of the funding for her case). Pursuant to Carter's Retainer Authorization, the Foundation is entitled to any attorneys' fees, expenses, or costs that opposing parties are ordered to pay.

I swear under penalty of perjury that the foregoing is true and correct.

**App.5**

DATED: November 18, 2022

**/S/ MATTHEW B. GILLIAM**
Matthew B. Gilliam

# EXHIBIT 1

| Date | User | Description | Actual Hours | Actual Minutes | n/c? |
|---|---|---|---|---|---|
| 07/01/2022 | Gilliam, Matt B | **Drafting, revising, conferring about and filing status report updating court regarding efforts to secure witnesses (3.5); communicating with opposing counsel re subpoena, deposition, and witness issues (1.0); reviewing court orders and L556 opposition motion re motions in limine, supplemental exhibits, and time limit extensions (1.0); conferences with Attorneys Hill and Pryor re subpoena, witness, and deposition issues (1.0); drafting depo examination notes and identifying relevant exhibits for Nevarez examination (2.1);** obtaining copies of format compatible deposition videos to synch with trial software for witnesses to be presented by deposition (.5); conference with Attorney Pryor and client re trial preparation (4.5); **communicating with client re pretrial planning, filings, and subpoena, deposition, and witness issues (1.0);** drafting, revising, and filing Burdine depo designations, notice of filings, and deposition (1.5) | 8 | 0 | n/c- all entries not in bold and hours unrelated to the Nevarez matter |
| 07/02/2022 | Gilliam, Matt B | **Drafting emails, emailing, and communicating with opposing counsel re Talburt deposition issues and co counsel re deposition issues (2.8);** conferences with Attorneys Hill and Pryor re Talburt deposition and subpoena issues (3.0); researching subpoena service issues (2.0); **drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations (6.5); communicating with client re pretrial planning, filings, and subpoena, deposition, and witness issues (.5)** | 1 | 30 | n/c- all entries not in bold and hours unrelated to the Nevarez matter |
| 07/04/2022 | Gilliam, Matt B | **Communicating with opposing counsel re Nevarez deposition and issues (.5); communicating with Attorney Hill re Nevarez depo examination and exhibits (.5); preparing for and attend Nevarez deposition (.5);** conferences with Attorneys Hill and Pryor re trial opening statement (1.0), witnesses (1.0), **potential sanctions against defendants re failure to make Nevarez available (1.0)** and other trial issues such as witness duration and order (1.0); drafting trial examination notes and outline and identifying relevant exhibits for Stone and Schneider examinations (6.1); communicating with client re trial planning (.5); preparing Talburt deposition designations (2.5); **drafting motion for sanctions to address Nevarez non appearance (2.7)** | 5 | 12 | n/c- all entries not in bold and hours unrelated to the Nevarez matter |
| 07/05/2022 | Gilliam, Matt B | Conducting voir dire and selecting trial jury in court house and meeting with parties and Judge Starr prior to and after jury selection (5.0); preparing for voir dire and jury selection (2.5); finalizing and filing talburt deposition designations, deposition, and notice of depo designations (.6); **revising, finalizing, filing, and conferring about sanctions motion for Nevarez no appearance at depo (3.0);** ordering daily transcript (.2); communicating with parties and courtroom deputy kevin frye re next day exhibits and witnesses (.7); reviewing and preparing plaintiff response to defendants objections to exhibits (1.0); communicating with co counsel re trial objections, strategy, and witness examinations (2.5) | 3 | 0 | n/c- all entries not in bold and hours unrelated to the Nevarez matter |
| 07/08/2022 | Gilliam, Matt B | Preparing for and attending trial proceedings including conference between the parties and Judge Starr (11.0); **preparing for and attending Nevarez deposition (1.0);** communicating with co counsel re trial strategy and examination of witnesses (1.0); preparing trial brief re whether RLA protected activity question is an issue for the court or jury (4.1); preparing trial brief re objections to court draft jury instructions (1.0) | 1 | 0 | n/c- all entries not in bold and hours unrelated to the Nevarez matter |

**App.8**

| | | | | | |
|---|---|---|---|---|---|
| 07/09/2022 | Gilliam, Matt B | Communicating with co counsel re trial strategy, examination of witnesses, directed verdict issues, and SWA request to supplement exhibits (1.5); finalizing, revising, and filing trial brief re whether RLA protected activity question is an issue for the court or jury (4.0); preparing trial brief re objections to court draft jury instructions (8.5); **reviewing and editing Nevarez deposition designations and notice of filing depo designations (1.0)**; reviewing SWA request to file supplemental exhibits (.6) | 0 | 0 | n/c |
| 07/10/2022 | Gilliam, Matt B | Communicating with co counsel re trial strategy, examination of witnesses, and directed verdict issues, and SWA request to supplement exhibits (1.5); revising, researching, finalizing, and filing trial brief re objections to court draft jury instructions (6.0); **finalizing and filing Nevarez deposition designations and notice of filing depo designations (.5)**; reviewing SWA and L556 exhibits and witnesses, preparing objections to SWA and L556 exhibits, and preparing responses to SWA and L556 objections to exhibits (2.2); preparing directed verdict outline (1.0) | 0 | 0 | n/c |
| 07/11/2022 | Gilliam, Matt B | Preparing for and attending trial proceedings, informal charge conference, and directed verdict arguments (10.3); communicating with co counsel re trial strategy, examination of witnesses, and directed verdict issues (1.5); **reviewing and revising response and counter designations to SWA objections to Nevarez depo designations (1.0)**; reviewing SWA and L556 exhibits and witnesses, preparing objections to SWA and L556 exhibits, and preparing responses to SWA and L556 objections to exhibits (3.0) | 0 | 0 | n/c |
| 07/27/2022 | Gilliam, Matt B | **Reviewing SWA and L556 Response to motion for Nevarez sanctions** | 0 | 12 | |
| 08/08/2022 | Gilliam, Matt B | **Drafting reply for sanctions motion (5.7); communicating with Attorney Hill re sanctions motion (.2)** | 5 | 54 | |
| 08/09/2022 | Gilliam, Matt B | **Revising reply for sanctions motion and incorporating local counsel edits, reviewing Attorney Hill affidavit and preparing separate appendix, and filing reply** | 3 | 0 | |
| 11/16/2022 | Gilliam, Matt B | **Reviewing Court order re mot for sanctions against SWA and L556 for failure to obey order to produce Nevarez for deposition (.2); preparing bill of costs template (.8); reviewing MBG and Pryor and Bruce entries for claiming fees and expenses (2.1); drafting MBG affidavit (.3); drafting attorney BP affidavit template (.2)** | 3 | 36 | |
| 11/17/2022 | Gilliam, Matt B | **Drafting sanction proof of fees brief (1.6); emailing and phone calls with counsel MDH re information needed for proof of fees, bill of costs, and affidavit, affidavit requirements, preparation of brief, and case law on hourly rates (1.0); revising MBG hours spreadsheet and excluding irrelevant time and calculating total hours and expenses for hours claimed (2.1); researching 37b2C case law on fees (2.4); preparing exhibits and appendix for proof of fees brief (.3)** | 7 | 24 | |
| 11/18/2022 | Gilliam, Matt B | **Communications with MDH and BGP re bill of costs, affidavit and brief contents, exhibit contents, and the organization of appendix and exhibits (.7); revising brief and affidavits, reviewing and incorporating co counsel edits to brief and affidavits, incorporating citations to affidavit to brief (4.5); reviewing new case law citations in brief (.3); preparing exhibits (.7)** | 6 | 12 | |
| | | | 42 | 180 | |
| | | | **Total Hours** | **45** | |

# EXHIBIT 2

| Date | Amount | Type | Vendor | Description |
|------|--------|------|--------|-------------|
| 07/05/2022 | $600.00 | Videographer Fees | North Texas Legal Video | Deposition of Brett Nevarez of 7/4/22 (non appearance) |
| 07/05/2022 | $115.00 | Subpoena Service and Wtiness Fees | Gilliam, Matt B | Service on Nevarez and witness fee - Southwest Airlines |
| 07/05/2022 | $750.00 | Court Reporter | Gilliam, Matt B | Melody Monk CSR - Court reporter fees for Brett Nevarez deposition (non appearance) |
| 07/10/2022 | $1,135.00 | Transcript of Deposition | Gilliam, Matt B | Melody Monk CSR - court reporter fees for Brett Nevarez deposition and transcript |
| **TOTAL** | **$2,600.00** | | | |

**App.11**