UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>　　　　　　Defendants. | Civil Case No. 3:17-cv-02278-X |

**DECLARATION OF BOBBY G. PRYOR
IN SUPPORT OF PLAINTIFF CHARLENE CARTER'S
PETITION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**

I, Bobby G. Pryor, pursuant to 28 U.S.C. § 1746, declare as follows:

　　1.　　I am a partner with the law firm of Pryor & Bruce, and I have served as counsel to Plaintiff Charlene Carter ("Plaintiff") since May 2022. I have personal knowledge of the matters set forth herein and am competent to give this Declaration.

　　2.　　I submit this Declaration in support of Plaintiff's Bill of Costs and Proof of Attorneys' Fees and Expenses.

　　3.　　Pursuant to Plaintiff's Bill of Costs and Proof of Attorneys' Fees and Expenses and the authorities cited therein, Plaintiff claims a total of $14,846.22[1] in reasonable, non-redundant, and necessary fees, costs, and expenses that Carter incurred through my firm, Pryor & Bruce, in

---

[1] ($14,000.00 in reasonable attorneys' fees + $846.22 in costs and expenses= $14,846.22).

**App.12**

connection with securing and taking the deposition of Brett Nevarez and seeking relief related to that deposition. In support of Plaintiff's bill of costs and proof of attorneys' fees, costs, and expenses, I hereby include **Exhibit 1**, which is a true and correct copy of the invoices cataloging the hours Pryor & Bruce attorneys and paralegals expended in connection with this matter.

4. With regard to the chart of hours in **Exhibit 1**, Pryor & Bruce's invoices include contemporaneous day-by-day, timekeeper-by-timekeeper entries that provide the amount of time spent on a case-by-case basis, the description of the work done during that time, the timekeeper's rate, and the total amount of fees for that day for that timekeeper. The work Pryor & Bruce performed for Plaintiff is recorded on a tenth-of-an-hour basis. I have made bold the tasks performed related to securing and taking the deposition of Brett Nevarez and seeking relief related to that deposition. Such hours are included in the column labeled "Time Sought," and a calculation of the fees for such work at Pryor & Bruce's applicable hourly rates is contained in the column labeled "Fees Sought."

5. In formulating my opinion that Pryor & Bruce's hours are reasonable, non-redundant, and necessary, I have considered the *Johnson* factors,[2] including, that (a) the time and labor expended by Pryor & Bruce was reasonable and commensurate with the novelty and difficulty of the questions involved, as well as the skill requisite to perform the legal services properly; (b) the fees are reasonable in light of those customarily charged in the locality for similar legal services; (c) the fees are reasonable in light of the amount involved as a result of the controversy and the results obtained; (d) the fees are reasonable in light of the nature and length of the professional relationship between my firm and Plaintiff; and (e) the fees are reasonable in

---

[2] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

light of the experience, reputation, and ability of the lawyer performing the services on Plaintiff's behalf.

6. All time set forth in **Exhibit 1** for which compensation is claimed was reasonably and necessarily expended on this matter.

7. My hourly rate that my firm charges clients and charged in this matter at the times relevant to this fee request is $495. I am familiar with the prevailing market rates in the Dallas community, and, from personal knowledge, my $495 hourly rate is well below the reasonable hourly rate in the Dallas market for attorneys of my expertise and experience. I am a 1983 *summa cum laude* graduate of the University of Arkansas and was first licensed in Oklahoma in 1983. I have significant experience litigating employment cases such as this one, and am an experienced trial attorney, having tried over 100 cases.

8. Matthew Hill's hourly rate that my firm charges clients and charged in this matter at the times relevant to this fee request is $395 per hour. Based on my knowledge of the prevailing market rates in the Dallas community, I can attest that Mr. Hill's $395 hourly rate is well below the reasonable hourly rate in the Dallas market for attorneys of his expertise and experience. Mr. Hill is a 2001 graduate of the University of Chicago Law School, and he was first licensed in 2001. He has significant experience litigating employment cases and has been lead trial attorney in multiple trials.

9. The Pryor & Bruce paralegal who worked in connection with Carter's attempts to depose Brett Nevarez and whose time is claimed hereunder is Cristina Garcia. Ms. Garcia has worked as a paralegal for two years. Ms. Garcia assisted with document management, subpoenas and service of Mr. Nevarez, and preparation for the depositions. Based on my knowledge of the

prevailing market rates in the Dallas community, I can attest that Ms. Garcia's $110 hourly rate is well below the reasonable hourly rate in the Dallas market for paralegals of her expertise and experience.

10. In addition to the lawyers from our firm, Matthew Gilliam of the National Right to Work Legal Defense Foundation, Inc. (the "Foundation") performed work for which the Foundation seeks compensation here. Based on his particular experience and expertise regarding the matters before the Court, it is my firm belief that the $350 hourly rate set for Mr. Gilliam in this petition are reasonable based on those that an attorney with similar experience and background could charge in this district, based upon the customary rates in the Dallas community, which are higher than Mr. Gilliam's for attorneys with his expertise and experience. Mr. Gilliam is a skilled attorney with significant experience in prosecuting employment law matters and in dealing with the specific issues in this litigation.

11. In addition, the Foundation paid Pryor & Bruce $846.22 in costs and expenses expended by Pryor & Bruce on Carter's behalf related to the deposition of Mr. Nevarez.

12. All fees charged by Pryor & Bruce that are sought here (except for the time worked in November 2022, which has not yet been invoiced), have been paid by the Foundation on Carter's behalf.

**App.15**

13. I have reviewed the invoices of Pryor & Bruce in detail relating to these fees and costs and have determined that the time expended is reasonable, non-redundant, and necessary, given the nature of this matter, and the prevailing rates in this market.

I swear under penalty of perjury that the foregoing is true and correct.

DATED: November 18, 2022

                                              **/S/ BOBBY G. PRYOR**
                                              Bobby G. Pryor

**App.16**

# EXHIBIT 1

**Pryor & Bruce Fee Calculation**

| DATE | DESCRIPTION | ATTY | TIME | Time Sought | Fees Sought |
|---|---|---|---|---|---|
| 1-Jul | Review pleading re after-acquired evidence defense; emails re the same; prepare for C. Carter trial preparation session; conf. w/M. Gilliam and C. Carter re the same; review Burdine related documents; emails and confs. re press inquiries; review court second amended order on motions in limine; confs. and emails re the same; consider and outline evidence re the same; emails re communication w/Court re efforts to obtain Talburt deposition; **review email from opposing counsel re Parker, Nevarez and Talburt subpoena issues; emails re the same; review draft status report re the same; emails w/opposing counsel re depositions; review latest court order re witness subpoenas and depositions; emails and confs. re the same**; review Court order re late added exhibits; review deposition designations; review exhibits and prepare for examination of witnesses at trial | BGP | 9 | 1.1 | $   544.50 |
| 1-Jul | Review pleadings re after-acquired evidence; email M. Gilliam and B. Pryor re same; email process server re service of Talburt; meet w/ K. Frye at courthouse to test video setup for trial; email exchange w/ R. Jones re synching deposition videos; **review and comment on proposed email to opposing counsel re Parker, Talburt, and Nevarez depositions; review and revise status report on witnesses; review and approve deposition subpoenas of Talburt and Nevarez;** set up synched transcripts in presentation software; set up exhibits re same; **prepare draft email to P. McKeeby re witness status;** prepare email to process server re Talburt; **revise deposition notices to Talburt and Nevarez; prepare additional draft email to P. McKeeby re deposition issues; email process server re Nevarez; email court reporter/videographer re noticed depositions; conf. w/ process server re Nevarez;** prepare draft designations for Burdine | MDH | 8.6 | 1.9 | $   750.50 |

**App.18**

| Date | Description | Timekeeper | Hours | Adj. Hours | Amount |
|---|---|---|---|---|---|
| 1-Jul | **Email process server re status; call process server re same; conf. w/ M. Gilliam re same; update subpoena chart; prepare draft deposition subpoenas for Talburt and Nevarez; email M. Hill re same; prepare deposition notices for Talburt and Nevarez; email M. Hill re same; call process servers re pricing and availability; conf. w/ M. Hill re same;** email process server re Brian Talburt; **email M. Hill re process server for Brett Nevarez;** prepare juror chart; email to M. Hill re same; **revise deposition notices for Talburt and Nevarez;** review pleadings on docket | PL2 | 2.7 | 1.8 | $ 198.00 |
| 2-Jul | **Prepare for examination of B. Nevarez; emails to P. McKeeby re depositions of Talburt and Nevarez;** prepare presentation software for presentation of exhibits and videos; review and comment on juror diagram; revise juror chart; select portions of Conlon deposition to designate; email Burdine questioning clip to B. Pryor for use with Schneider; review documents sent by C. Carter; conf. w/ P. McKeeby re Talburt deposition; follow-up email re same; conferences w/ M. Gilliam and B. Pryor re trial preparation; **email court reporters re deposition scheduling;** work on witness order and strategy; prepare new subpoena for B. Talburt; confs. w/ process server re serving Talburt; prepare draft email to E. Cloutman re deposition of Talburt; follow-up email to court reporters with update; email exchange w/ P. McKeeby re deposition scheduling | MDH | 9.4 | 4.4 | $ 1,738.00 |
| 3-Jul | **Email P. McKeeby re Talburt deposition scheduling; email court reporters updating re same; continue preparing for deposition of B. Nevarez; identify exhibits for same;** analysis of potential additional exhibits; email P. McKeeby re deposition; prepare exhibits for trial; confs. w/ B. Pryor and M. Gilliam re trial strategy; email opposing counsel re Talburt exhibits | MDH | 9.2 | 2.4 | $ 948.00 |

**App.19**

| | | | | | |
|---|---|---|---|---|---|
| 4-Jul | **Additional preparation for Nevarez deposition**; finalize jury charts; email M. Gilliam re same; **attend non-appearance by B. Nevarez at deposition**; comment on proposed opening from B. Pryor; strategy re witness order and trial presentation; prepare for examination of J. Parrott; prepare for examination of M. Sims; email M. Gilliam re potential justifications for sanctions on defendants re depositions; prepare for trial | MDH | 10.8 | 3.2 | $ 1,264.00 |
| 5-Jul | **Review and comment re motion for compliance with court order; conf. w/ M. Gilliam re same**; email exchange w/ M. Gilliam re daily transcripts; **review and comment on proposed order on failure to appear**; email OnCue re issues displaying exhibits; email B. Pryor re objections to make at trial; notes re preparation for voir dire; attend voir dire; prepare proposed exhibit email for court; prepare unredacted exhibits; prepare designations for J. Parker; preparations for potential witness examinations | MDH | 10.6 | 1.2 | $ 474.00 |
| 7-Jul | Revisions to responses to objections to Parrott and Rutherford designations; email S. Silver re Exhibit 21; attend trial; email paralegals re redactions; revise Talburt designations to cut time; edit video re same; **email paralegals re serving Nevarez; email opposing counsel re service of Nevarez; conf. w/ process server re same**; email process server re revisions to declaration; prepare proposed declaration re same; email K. Willis re Talburt designations; email M. Gilliam re status of same | MDH | 11.3 | 3.1 | $ 1,224.50 |
| 7-Jul | **Prepare revised draft deposition subpoena for Brett Nevarez; call New Mexico process server; email M. Hill re same; call Dona Ana Process Servers re service on Brett Nevarez; email M. Hill re same; email Dona Ana process server and M. Hill re Brett Nevarez service**; review exhibit list to check if Exhibit 21-a was added twice; email M. Hill re same | PL2 | 1.5 | 1.0 | $ 110.00 |

**App.20**

| Date | Description | Atty | Hours | Hours | Amount |
|---|---|---|---|---|---|
| 8-Jul | Email exchange w/ M. Gilliam re process server declaration; prepare Zoom link for Nevarez deposition; email court reporters and opposing counsel re same; attend trial; prepare for Nevarez deposition; take Nevarez deposition; confs. w/ B. Pryor and M. Gilliam re same; email videographer re same; email B. Pryor and M. Gilliam re excusing Parrott and Shaffer; email M. Gilliam re notifying court on Nevarez deposition; email court re same | MDH | 11.6 | 4.1 | $ 1,619.50 |
| 27-Jul | Review court's order to determine deadline for potential reply re sanctions; email M. Gilliam re same | MDH | 0.1 | 0.1 | $ 39.50 |
| 8-Aug | Review and comment on reply in support of motion for sanctions; email M. Gilliam re same | MDH | 0.8 | 0.8 | $ 316.00 |
| 9-Aug | Review Hill declaration re sanction; review reply re non-compliance; emails re the same | BGP | NC (.40) | 0.0 | $ - |
| 9-Aug | Conf. w/ M. Gilliam re reply in support of motion for sanctions; additional comments on same; review and comment on Hill Declaration re same; review Southwest's response to motion for entry of judgment; review union's response re same | MDH | 0.8 | 0.5 | $ 197.50 |
| 16-Nov | Review Court's order re award of sanctions | MDH | 0.2 | 0.2 | $ 79.00 |
| 16-Nov | Review Court's order re award of sanctions; prepare emails to M. Hill re matters for inclusion | BGP | 0.4 | 0.4 | $ 198.00 |
| 17-Nov | Review and revise draft submission on Nevarez fees from M. Gilliam; review invoices to identify time to include; research to locate additional cases for inclusion in submission; review and comment on proposed addition from B. Pryor; confs. w/ M. Gilliam re submission | MDH | 5.1 | 5.1 | $ 2,014.50 |
| 17-Nov | Review and comment on draft submission on Nevarez; emails to M. Hill re same | BGP | 0.3 | 0.3 | $ 148.50 |
| 18-Nov | Email M. Hill re additional thoughts on Nevarez fee submission; review and approve declaration of B. Pryor re fees and expenses; additional review and comment re fee submission; confs. w/ M. Hill re same. | BGP | 0.6 | 0.6 | $ 297.00 |

**App.21**

| Date | Description | Attorney | Hours | Hours | Amount |
|---|---|---|---|---|---|
| 18-Nov | Review August invoice for expenses related to Nevarez; email M. Hill re same; conf. w/ M. Hill re same; review expense chart re additional Nevarez charges; email M. Hill re same | PL2 | 0.3 | 0.2 | $ 22.00 |
| 18-Nov | Further revisions to submission re Nevarez; confs. w/ M. Gilliam re same | MDH | 4.6 | 4.6 | $ 1,817.00 |
| | **Total Fees** | | | | **$ 14,000.00** |
| | | | | | |
| | **Expense Calculation** | | | | |
| | Dona Ana Process Servers (NM Service of Nevarez) | | | | $ 146.22 |
| | North Texas Legal Video (Deposition of Nevarez on 7/8/22) | | | | $700 |
| | **Total Expenses** | | | | **$ 846.22** |
| | | | | | |
| | **Total Fees and Expenses** | | | | **$ 14,846.22** |

**App.22**