UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| Plaintiff, | § | Civil Case No. 3:17-cv-02278-X |
| | § | |
| v. | § | |
| | § | |
| SOUTHWEST AIRLINES CO., AND | § | |
| TRANSPORT WORKERS UNION OF | § | |
| AMERICA, | § | |
| LOCAL 556, | § | |
| | § | |
| | § | |
| Defendants. | § | |

DEFENDANT SOUTHWEST AIRLINES CO.'S RESPONSE TO PLAINTIFF'S BILL OF
COSTS AND PROOF OF ATTORNEYS' FEES AND EXPENSES RELATED TO HER
ATTEMPTS TO DEPO BRETT NEVAREZ

As directed by the Court's docket text entry of November 16, 2022, Defendant Southwest Airlines Co. ("Southwest") files this Response to the Bill of Costs and Proof of Attorneys' Fees filed on November 18, 2022 by Plaintiff Charlene Carter ("Carter") in connection with her efforts to secure the deposition of Southwest employee and Union representative Brett Nevarez ("Nevarez").

I.        INTRODUCTION

In Carter's Motion for Sanctions, Carter requested that Defendants pay for her expenses "in serving all subpoenas and payment of witness fees for Nevarez and arranging his deposition, from July 1, 2022." Doc. No. 303 p. 3-4. Adding detail to the request, Carter's motion states, "Carter incurred expenses for serving Nevarez with a subpoena and payment of his witness fees, scheduling a Court Reporter and Videographer for which Nevarez never appeared, and preparing this motion to require Southwest's and Local 556's compliance with the Court's order." *Id.* In the Bill of Costs,

1

however, Carter now seeks recovery of expenses that have nothing to do with securing Nevarez's attendance at a deposition or preparing her Motion.

Accordingly, Southwest objects to the attorneys' fees portion of Carter's filing on the following grounds: 1.) the fees requested are excessive in relation to the subject matter of Carter's underlying motion for sanctions, in part because of the utilization of multiple lawyers; 2.) many of the time entries for which fees are requested relate to the preparation for and the actual taking of Nevarez's deposition, not the efforts to secure his attendance at the deposition; and 3.) some of the time entries for which fees are requested appear to be related to general trial preparation, to witness depositions other than Nevarez's, or to other matters unrelated to securing Nevarez's attendance at his deposition. In support this Response, Southwest would respectfully show as follows: [1]

## II.   CERTAIN OF THE TIME ENTRIES ARE EXCESSIVE AND/OR DUPLICATIVE

First, as a general matter, the request for over $29,000 in attorneys' fees is disproportionate to the basis of Carter's underlying motion – which was to recoup expenses incurred in arranging Nevarez's appearance at a deposition. While the Court's grant of sanctions might support fees for communications and coordination with Carter's process server, communications with counsel for Southwest and the Union, and briefing on her motion, the amount of time spent on those tasks should not equate to $29,000 in fees. Moreover, the amount of fees is partially attributable to the fact that multiple attorneys billed time in connection with Carter's efforts to subpoena Nevarez. Indeed, attorneys Gilliam and Hill seek time for, respectively, 42.45 and 31.6 hours. In addition to the number of hours spent being unreasonable, there is no reason that two attorneys needed to devote as much time to Carter's efforts to secure Nevarez's attendance at his deposition. *See Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 652 (S.D. Tex. 2008) ("[C]aution is warranted when a

---

[1] Southwest reserves its right to appeal the Court's decision to award sanctions and, if the Court does not accept Southwest's present arguments, the amount of fees owed.

US_ACTIVE-170258136.5

court considers awarding attorneys' fees generated by multiple lawyers."); *Wherley v. Schellsmidt*, 2014 U.S. Dist. LEXIS 96763, *9 (N.D. Tex. July 16, 2014) ("[T]he court should exclude all time that is duplicative. [Citation]. 'If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized.'"); *Radioshack Corp. v. Intertan, Inc.*, 2005 U.S. Dist. LEXIS 32096, *4 (N.D. Tex. July 20, 2005) ("time for attorney conferences that d[o] not include opposing counsel" are often excessive).

The chart below provides specific examples of time entries that are excessive and to which Southwest objects:

| Date | Attorney | Time | Fees | Entry & Hours Spent |
|------|----------|------|------|---------------------|
| 07/01/2022 | Gilliam, Matt B. | 3.5 | $1,225 | Drafting, revising, conferring about and filing status report updating court regarding efforts to secure witnesses (3.5) |
| 07/04/2022 | Gilliam, Matt B. | 6.5 | $2,275 | Drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations (6.5) |
| 08/08/2022 | Gilliam, Matt B. | 5.7 | $1,995 | Drafting reply for sanctions motion (5.7) |

Furthermore, multiple attorneys devoted substantial time to preparing for and appearing at Nevarez's deposition (which lasted a total of 42 minutes); preparing and reviewing the same sanctions-related motion; participating in unnecessary internal conferences; and conferring about witness issues not exclusively about Nevarez. For example:

- Gilliam devoted 5.6 hours to preparing for and attending Nevarez's deposition. *See* App. 8-9 (July 1-2, 4, 8 entries). However, Hill – who actually took the 42 minute deposition – seeks fees for approximately 14.1 hours for these very same tasks. *See* App. 19-21 (July 2-4, 8 entries).

- Counsel seeks fees for filing status reports, addressing witness issues, and communicating with their client about matters that, at most, only partially concerned efforts to secure Nevarez's deposition (*e.g.*, many entries relate to the deposition of Brian Talburt, Jessica Parker, etc.). *See* App. 8 (Gilliam July

1-2 entries), App. 18-19 (Hill July 1-2 entries; Pryor July 1 entries; paralegal July 1 entries).

• Counsel seeks substantial fees for unnecessary internal communications and conferences in which opposing counsel was uninvolved. *See* App. 8-9 (Gilliam July 1-2, 4-5, Aug. 8, Nov. 17-18 entries), App. 20-21 (Hill July 5, 8 entries).

• Three attorneys seek fees for 33 hours of work performed in connection with the motion for sanctions. *See* App. 8-9 (Gilliam Aug. 8-9, Nov. 16-18 entries), App. 21-22 (Hill July 27, Aug. 8-9, Nov. 16-18 entries; Pryor Nov. 16, 18 entries).

The fees requested for these tasks are excessive, unnecessary, and/or arise from duplicative work of multiple attorneys.[2]

Carter's counsel also emphasizes that they procured the deposition "during trial proceedings" and "the circumstances of trial imposed time limitations."  Dkt. No. 368 at 5.  Even if, as the Court has determined, the timing of Carter's efforts to depose Nevarez is not directly relevant to Carter's motion for sanctions, it would be inequitable to impose on Defendants any increased fees that might be the product of the timing of the deposition request.  Carter could have requested Nevarez's deposition before the discovery deadline (which the Court previously extended over Southwest's objection) or at least at some time prior to the eve of trial.  Had she done so, Southwest could have coordinated with the Union and had more time and opportunity to secure Nevarez for his deposition.  Any increase in fees attributable to the timing of the deposition should not be borne by Southwest.

---

[2] Southwest notes that the precise amount of time spent on certain tasks is difficult to discern due to counsels' block billing. This undermines the fee request and warrants an across the board reduction in the fee award. *See, e.g.*, *Homer v. Homer*, No. 4:21-CV-02789, 2022 U.S. Dist. LEXIS 167398, *13 (S.D. Tex. Sep. 16, 2022) ("When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task and is hindered in determining whether the hours billed are reasonable. Such entries often fail to satisfy the criteria for supporting an attorneys fee application."); *Hicks v. GTC Auto Sales, Inc.*, 2016 U.S. Dist. LEXIS 195135, *5-6 (N.D. Tex. June 9, 2016) ("Block billing prevents courts from accurately determining the numbers of hours spent on a particular task, thus 'impair[ing] the required reasonableness evaluation.' … A court may reduce number of hours used in a lodestar calculation as a result of block billing.").

## III.   CERTAIN OF THE TIME ENTRIES RELATE TO THE ACTUAL NEVAREZ DEPOSITION, NOT THE EFFORTS TO SECURE HIS ATTENDANCE

Numerous time entries for which Carter seeks recovery are based on time spent preparing for and taking Nevarez's deposition once he ultimately was served and appeared.  Carter would have incurred those fees irrespective of any delay in Nevarez's appearance – *i.e.*, they have no relationship to the conduct (or lack thereof) that resulted in the Court's imposition of sanctions.  Thus, fees associated with preparing for and taking Nevarez's deposition – which Carter would have incurred no matter the circumstance in which his deposition occurred – should not be recoverable in connection with the sanctions motion.  Examples of time entries that fall into this category, and to which Southwest objects, are as follows:

| Date | Attorney | Time | Fees | Entry & Hours Spent |
|---|---|---|---|---|
| 07/01/2022 | Gilliam, Matt B. | 2.1 | $735 | Drafting depo examination notes and identifying relevant exhibits for Nevarez examination (2.1) |
| 07/02/2022 | Gilliam, Matt B. | 6.5 | $2,275 | Drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations (6.5) |
| 07/04/2022 | Gilliam, Matt B. | .5 | $175 | Preparing for and attend Nevarez deposition (.5) |
| 07/08/2022 | Gilliam, Matt B. | 1.0 | $350 | Preparing for and attending Nevarez deposition (1.0) |
| 07/01/2022 | Hill, Matthew D. | 1.9 | $750.50 | Review deposition notices to Talburt and Nevarez |
| 07/02/2022 | Hill, Matthew D. | 4.4 | $1,738 | Prepare for examination of B. Nevarez |
| 07/04/2022 | Hill, Matthew D. | 3.2 | $1,264 | Additional preparation for Nevarez deposition |
| 07/08/2022 | Hill, Matthew D. | 4.1 | $1,619.50 | Take Nevarez deposition; confs. With B. Pryor and M. Gilliam re same |

## IV.   CERTAIN OF THE TIME ENTRIES RELATE TO TRIAL PREPARATION, OTHER DEPOSITIONS, OR MATTERS UNRELATED TO SECURING NEVAREZ'S ATTENDANCE AT HIS DEPOSITION

It is not entirely clear from Carter's counsels' time records what time is being excluded from their calculations.  The last column of Exhibit 1 to the Gilliam Declaration suggests that "hours

US_ACTIVE-170258136.5

unrelated to the Nevarez matter" were not included, but several time entries that have nothing to do with the Nevarez deposition are bolded and thus, presumably, included, or at least partially included in the fee request.  For example, Gilliam's entry on July 2, 2022 has an entry that relates to another deposition, that of Brian Talburt, that is bolded.  Other examples of entries that are bolded, and thus presumably part of the fee application, are set forth below:

| Date | Attorney | Time | Fees | Entry & Hours Spent |
|------|----------|------|------|---------------------|
| 07/01/2022 | Gilliam, Matt B. | 1.0 | $350 | Reviewing court orders and L556 opposition motion re motions in limine, supplemental exhibits, and time limit extensions (1.0) |
| 07/02/2022 | Gilliam, Matt B. | 6.5 | $2,275 | Drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations (6.5) |
| 07/09/2022 | Gilliam, Matt B. | 1.0 | $350 | Reviewing and editing Nevarez deposition designations and notice of filing depo designations (1.0) |
| 07/10/2022 | Gilliam, Matt B. | .5 | $175 | Finalizing and filing Nevarez deposition designations and notice of filing depo designations (.5) |
| 07/11/2022 | Gilliam, Matt B. | 1.0 | $350 | Reviewing and revising response and counter designations to SWA objections to Nevarez depo designations (1.0) |
| 07/01/2022 | Hill, Matthew D. | 1.9 | $750.50 | Review and comment on proposed email to opposing counsel re Parker, Talburt, and Nevarez depositions; review and revise status report on witnesses; review and approve deposition subpoenas of Talburt and Nevarez |
| 07/02/2022 | Hill, Matthew D. | 4.4 | $1,738 | Emails to P. McKeeby re depositions of Talburt and Nevarez |

Again, the Court awarded sanctions based on events surrounding attempts to secure Nevarez's appearance at deposition, not for conduct that occurred during the 42 minute deposition or in the midst of trial generally.  Now, Carter asks the Court to award her attorneys' fees incurred in unrelated tasks that were not caused by Nevarez's failure to initially appear.  The Court should

US_ACTIVE-170258136.5

not require Southwest to pay for fees that are beyond what Carter sought in her Motion and are not related to conduct the Court found sanctionable.

## V.    CONCLUSION

Southwest objects to many of the fees sought by Carter, who asks the Court to award fees that were not sought in her Motion for Sanctions.  The conduct the Court found sanctionable was Defendants' failure to produce Nevarez for a deposition, which caused Carter to incur additional expenses in the form of "serving Nevarez with a subpoena and payment of his witness fees, scheduling a Court Reporter and Videographer for which Nevarez never appeared, and preparing [the Motion for Sanctions]."  Doc. 303 p. 3-4.  The Court should not award Carter's request for fees that were not caused by Nevarez's failure to initially appear for a deposition.  Nor should the Court award fees for work where multiple attorneys performed the same tasks.

Southwest respectfully submits, based on the rates identified in Carter's appendix, that a reasonable amount of fees expended in connection with securing Nevarez's attendance at deposition, briefing the motion for sanctions, and preparing the Bill of Costs and Proof of Attorneys' Fees is $6,500.00.  This figure is arrived at based on Carter's counsels' time records and taking deductions for duplicative or excessive time and time unrelated to Carter's motion for sanctions.[3]

---

[3] The difficulty of arriving at a precise figure, beyond making estimates of time that fall into the categories of excessive and/or duplicative work, is that the time records submitted in support of Carter's fee application are not clear as to exactly what is being sought.  This is partly a product of block billing, but is also due to ambiguities in the charts which set forth the time entries.  For example, on July 1, 2022, Matt Gilliam's time entry reflects that he billed 16.1 hours.  App. 8.  Of those hours, 9.6 are bolded, meaning presumably that they are part of the fee request.  But the "actual hours" column lists 8 hours, suggesting 1.6 of the bolded hours were excluded from Carter's calculation.  Perhaps the reason for the exclusion is that, per the notation in the last column of the chart, these entries were deemed "… unrelated to the Nevarez matter."  But there is no way to tell for sure and, based on the time entries, and giving Carter every benefit of the doubt, at most only 5.5 hours appear to be related to Nevarez's deposition.  These issues run throughout both sets of bills attached to Carter's pleading.  As such, it was not possible to provide a precise amount of the time actually devoted to the subject matter relevant to Carter's motion for sanctions.

US_ACTIVE-170258136.5

Dated:  November 22, 2022                Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State bar No. 00784571
Brian K. Morris
State bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 22nd day of November, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

8