# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 3:17-cv-02278-X |
| | § | |
| SOUTHWEST AIRLINES CO., and | § | |
| TRANSPORT WORKERS UNION OF | § | JURY DEMANDED |
| AMERICA, LOCAL 556 | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TWU LOCAL 556'S RESPONSE TO
## PLAINTIFFS PETITION FOR ATTORNEYS' FEES AND EXPENSES

On November 16, 2022, the Court granted Carter's motion for sanctions, directing Plaintiff Carter ("Carter") to submit a bill of costs and proof of fees by November 18, 2022, and Defendants Southwest Airlines and TWU Local 556 ("SWA" and "Union") response within two business days, November 22, 2022. Defendant Union provides their response and objection as follows.

## I.      INTRODUCTION

Despite the Union's true and extensive efforts to secure the testimony of an absconding witness, Plaintiff's attorneys are now taking this opportunity to seek a windfall that they never previously entertained or requested from the Court. On July 5, 2022, Plaintiff's requested the following via a proposed order (Dkt. 303-2):

> "fees and expenses incurred after the Court's July 1, 2022 order, to pay Carter's expenses in serving all subpoenas, witness fees, and court reporter and videographer fees and for reasonable attorney fees incurred in securing Nevarez's appearance and preparing for and attending Nevarez's deposition."

Despite their original request from the Court, Plaintiff's attorneys now seek recovery of expenses and attorneys' fees that are wholly unrelated to the Court's Order. The Union objects to the excessive attorneys' fee request, including duplicative time entries by three separate attorneys, in relation to the actual time and money spent to secure the deposition of Mr. Naverez. As such, the Union specifically objects to the following[1]:

1. Time entries pertaining to unrelated witnesses, general trial preparation, and matters unrelated to securing Naverez's attendance at deposition, approximately $10,000.00+.

2. All attorney's fees related to deposition preparation and taking of the deposition, all which would have occurred regardless of witness attendance issues, approximately $7,500.00.

3. The overly extensive amount of money requested by Plaintiff's as billed between November 16 and 18, 2022, approximately $10,595.50.

4. Costs associated to the actual deposition which would have occurred regardless of witness attendance issues, approximately $1,835.00.

## II.        ARGUEMNT AND AUTHORITY

The Plaintiff's efforts in requesting approximately $29,750.00 in attorneys' fees is inconsistent with their underlying motion for sanctions and far outside of the scope of their initial request to the Court.[2] The Union does not dispute that certain fees related to coordination, serving of process, and communications with opposing counsel should be recoupable under the Court's Order. However, the fee petition filed by Plaintiff goes far afield by seeking fees for unrelated matters and duplicative billing by opposing counsel.

---

[1] It is impossible to determine a precise amount of time and money spent on any given topic as Plaintiff's attorneys employ the improper technique of "block billing."
[2] See Dkt. 303-2.

**A. Plaintiff's Fee Petition Improperly Uses Block and Duplicative Billing, and Should therefore be Reduced by the Court.**

    **1. Block Billing.**

As a starting point, it is impossible at times to parse out what Plaintiff is petitioning to recover from the Court due to their practices of block billing. When a party takes this approach, "[a] court may reduce number of hours used in a lodestar calculation as a result"[3] as "such entries fail to satisfy the criteria for supporting an attorneys fee application."[4] The Union estimates in excess of $10,000.00 in time entries that appear to actually be dedicated to unrelated witnesses, trial preparation, and matters generally unrelated to securing Mr. Naverez's attendance at deposition.

    **2. Duplicative Billing.**

Plaintiff's improper efforts to secure $29,750.00 in attorneys' fees is in large part due to a request by three different attorneys working on the same task. *Mssrs*. Gilliam, Hill, and Pryor respectively claim they spent 45 hours, 31.6 hours, and 2.4 hours securing the testimony of Mr. Navarez. As a starting point, all duplicative hours should be excluded.[5] In addition, Courts have traditionally and consistently scrutinized and proceeded cautiously when multiple attorneys are involved, due to the "possibility of duplication."[6]

The duplicative billing is overwhelming and too voluminous to provide every instance to the Court, including numerous hours related to internal communications without opposing counsel and hours billed apparently on the same tasks. These hours should be discarded by the Court.

---

[3] Hicks v. GTC Auto Sales, Inc., 2016 U.S. Dist. LEXIS 195135, *5-6 (N.D. Tex. June 9, 2016).
[4] Homer v. Homer, No. 4:21-CV-02789, 2022 U.S. Dist. LEXIS 167398, *13 (S.D. Tex. Sep. 16, 2022).
[5] Wherley v. Schellsmidt, 2014 U.S. Dist. LEXIS 96763, *9 (N.D. Tex. July 16, 2014),.
[6] Id.

**B.  Plaintiff Improperly Seeks Fees related to Taking and Preparing for the Deposition**

The preparation for and taking of Mr. Navarez's deposition has no bearing on the Plaintiff's efforts to secure the deposition in and of itself, and should be discarded. The Plaintiffs have entered the following time entries as such:

| Date | Description | Fee |
| --- | --- | --- |
| July 1 | "drafting depo examination notes and identifying relevant exhibits for Nevarez examination (2.1) (APP.8) | $735.00 |
| July 2 | "Prepare for examination of B. Nevarez; emails to P. McKeeby re depositions of Talburt and Nevarez" (APP.19) | $1,738.00 |
| July 2 | "drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations (6.5) (APP.8) | $525.00[7] |
| July 3 | "continue preparing for deposition of B. Navarez; identify exhibits for same (APP.19) | $948.00 |
| July 4 | "communicating with Attorney Hill re Nevarez depo examination and exhibits (.5); preparing for and attend Nevarez deposition (.5)" (APP.8) | $350.00 |
| July 4 | "Additional preparation for Nevarez deposition" (APP.19) | $1,264.00 |
| July 8 | "prepare for Nevarez deposition; take Nevarez deposition; confs. w/ B. Pryor and M. Gilliam re same; email videographer re same." (APP.19) | $1,619.50 |
| Jul 8 | "preparing for and attending Nevarez deposition (1.0)" (APP.8) | $350.00 |
| | **Total:** | **$7,529.00** |

---

[7] Plaintiff only petitioned the Court for 1.5 of the 6.5 hours billed.

**C. The Bulk of Plaintiff's Requested Fees Come from the Fee Petition in and of itself, and Should be Discarded.**

Over 1/3rd of the money sought by Plaintiff in this fee petition comes as billed between November 16 and 18, 2022, approximately $10,595.50.[8] Without question, Plaintiff spent more time in seeking fees than it did in actually securing the deposition of Mr. Navarez. These fees should be ignored by the Court.

**D. Costs Associated to the Actual Deposition Are NOT Recoverable Under this Motion.**

Similar to the actual taking and preparation for the deposition, costs associated with the deposition should also not be considered, as they were costs that would have arisen regardless of witness attendance issues. Plaintiff improperly seeks the following as part of this motion:

| Item | Cost |
|---|---|
| North Texas Legal Video (APP.22) | $700.00 |
| Transcript of Deposition (APP.11) | $1,135.00 |
| **Total:** | **$1,835.00** |

### III.   CONCLUSION

Unfortunately, Plaintiff's fee petition goes far beyond their original Proposed Order to the Court, improperly seeking to recover expenses and attorneys' fees that are excessive, duplicative, and wholly unrelated to the additional costs and fees associated to securing the deposition of Mr. Navarez.

Due to the factors above, namely the block and duplicative billing, it is nearly impossible to determine a reasonable fee and cost awarded associated with the Court's Order. Based on

---

[8] Doc. 369 - APP. 9 and 21-22.

Plaintiff's appendix and briefing, the Union believes that a reasonable amount of fees and costs associated with securing Mr. Navarez's deposition and the subsequent effects is closer to $4-5,000.00.

DATED: NOVEMBER 22, 2022          RESPECTFULLY SUBMITTED,


CLOUTMAN & GREENFIELD, PLLC
6217 Bryan Parkway
Dallas, Texas 75214
214.642.7486

 /s/ Adam S. Greenfield
Adam S. Greenfield
Email:  agreenfield@candglegal.com
Bar No.: 24075494

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward B. Cloutman, III
State Bar No. 04411000
Email:  ecloutman@lawoffices.email

LAW OFFICES OF EDWARD CLOUTMAN, III
3301 Elm Street
Dallas, Texas  75226-1637
214.939.9222
214.939.9229 Facsimile

**COUNSELS FOR DEFENDANT TWU LOCAL 556**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties on the  22nd day of November, 2022.


 /s/ Adam S. Greenfield
Adam S. Greenfield