UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-2278-X |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA, LOCAL 556, and | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Charlene Carter moved for sanctions against Southwest Airlines Co. ("Southwest") and Transport Workers Union of America ("Local 556"). [Doc. No. 303]. The Court granted that motion and required Carter to submit a bill of costs and proof of fees to determine what costs and fees Defendants owe Carter. [Doc. No. 366]. For the reasons below, the Court **ORDERS** Defendants to pay Carter $24,249.58 in attorneys' fees and $1,465.00 in costs.

## I. Factual Background

On July 1, 2022, the Court ordered that Brett Nevarez "shall be made available by the defendants for deposition."[1] But Defendants didn't rearrange Nevarez's flight schedule or otherwise take any action to make Nevarez available. Accordingly, Carter moved for sanctions, and the Court granted that motion and ordered Defendants to pay Carter's costs and fees related to Nevarez's deposition.

---

[1] Doc. No. 297.

1

Carter has submitted a bill of costs and proof of fees from three attorneys—Matthew B. Gilliam, Matthew Hill, and Bobby Pryor—and one paralegal—Cristina Garcia.  Carter seeks $29,750.00 in attorneys' fees and $3,446.22 in costs.

## II.   Legal Standards

"Once [a] district court concludes that a party is entitled to attorneys' fees, it must utilize the lodestar method to determine the amount to be awarded."[2]   The loadstar method requires the Court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'"[3]  After that multiplication, the Court may adjust that number "upward or downward, depending on the circumstances of the case."[4]

## III.   Analysis

Carter asserts the following hours and rates related to Nevarez's deposition: (1) Matthew B. Gilliam billed 45 hours at an hourly rate of $350; (2) Matthew Hill billed 31.6 hours at an hourly rate of $395; (3) Bobby Pryor billed 2.4 hours at an hourly rate of $495; and (4) Cristina Garcia—a paralegal—billed 3 hours at an hourly rate of $110.  Accordingly, Carter requests $29,750.00 in fees—$15,750 for Gilliam, $12,482.00 for Hill, $1,188.00 for Pryor, and $330.00 for Garcia.  Defendants do not contest the reasonableness of those hourly rates.  But they raise five objections concerning the time entries for which they are on the hook.

---

[2] *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

[3] *Id.* (cleaned up).

[4] *Id.*

First, Defendants object that several of the relevant time entries are block-billed.[5]   Block billing occurs when a lawyer specifies the "total daily time spent working on a case, rather than itemizing the time expended on specific tasks."[6] "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation."[7]   Regardless, "denying all block-billed attorney's fees is not an appropriate remedy."[8]   Instead, courts "reviewing blockbilled time entries have performed a percentage reduction either in the number of hours or in the lodestar figure" usually ranging from "10% to 30%."[9]

Here are the block-billed entries: Hill seeks 20.05 block-billed hours between July 1 and August 9, 2022.[10]   Pryor seeks 1.1 hours on July 1, 2022.[11]   Garcia seeks 2.8 hours on July 1 and July 7, 2022.[12]   Gilliam seeks 1.5 hours on July 2, 2022.[13]   In total, Carter seeks $9,297.25 based on block-billed entries.[14]

---

[5] Doc. No. 371 at 3.

[6] *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-0913-D, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (cleaned up), *aff'd*, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007).

[7] *Id.* at *4.

[8] *Id.* at *5.

[9] *Id.*

[10] *See* Doc. No. 369-2 at 7–10.  Carter actually seeks 20.8 block-billed hours from Hill, but, as noted below, the Court is reducing that entry by .75 for time spent in the July 8, 2022 deposition.

[11] Doc. No. 369-2 at 7.

[12] Doc. No. 369-2 at 8–9.

[13] Doc. No. 369-1 at 8 (requesting 1.5 hours on July 2 for, among other activities, "drafting depo examination notes and identifying relevant exhibits for Talburt and Nevarez depo examinations"). The Court considers that a more granular version of block billing because it cannot determine how much of the time was devoted to Nevarez's deposition.

[14] Here's the calculation that occurs from multiplying each individual's hourly rate by his or her number of block-billed hours: (Gilliam's entries (1.5 x 350 = 525) + Hill's entries (20.05 x 395 = 7,919.75) + Pryor's entry (1.1 x 495 = 544.5) + Garcia's entries (2.8 x 110 = 308)) = $9,297.25.

Because the block-billed entries also contain a significant number of unrelated tasks, the Court determines that a large percentage reduction is appropriate. Accordingly, the Court will reduce the dollar amount of Carter's block-billed fees by 30% for a total of $6,508.08.

Second, Defendants object that some of the entries involve "matters generally unrelated to securing Mr. Naverez's attendance at deposition."[15]  The Court agrees in part.  Specifically, 5.9 of Gilliam's hours on July 1, 2022 do not expressly relate to Nevarez's deposition.[16]  The Court will not award fees for those hours.

Third, Defendants ask the Court to discard "duplicative" or "excessive" billing.[17]  "[T]he court should exclude all time that is duplicative."[18]  But the objecting party must explain how an entry is excessive or duplicative with "detailed information explaining why or how the total number of hours or the rates are unreasonable."[19]

Southwest asserts that the 5.7 hours Gilliam spent "[d]rafting reply for sanctions motion" is excessive.[20]  But Southwest doesn't explain why 5.7 hours is an

---

[15] Doc. No. 371 at 3.

[16] *See* Doc. No. 369-1 at 8 (requesting 5.9 hours on July 1 for activities that don't mention Nevarez, like "communicating with client re pretrial planning, filings, and subpoena, deposition, and witness issues").  The only award from July 1 and 2 that properly identifies work solely on Nevarez's deposition is Gilliam's 2.1 hours billed for "drafting depo examination notes and identifying relevant exhibits for Nevarez examination."  *Id.*  The Court will award fees for those 2.1 hours.

[17] Doc. No. 371 at 3; Doc. No. 370 at 3.

[18] *Wherley v. Schellsmidt*, No. 3:12-cv-0242-D, 2014 WL 3513028, at *3 (N.D. Tex. July 16, 2014) (Fitzwater, C.J.).

[19] *James v. City of Dall.*, No. 3:98-cv-436-R, 2005 WL 954999, at *2 (N.D. Tex. Apr. 25, 2005) (Buchmeyer, J.).

[20] Doc. No. 370 at 3.

4

excessive amount of time to spend drafting a reply, so it fails to persuade the Court that that number of hours is unreasonable.

Southwest also asserts that both Gilliam and Hill spent duplicative time—collectively 19.7 hours—preparing for Nevarez's deposition on July 1, 2, 4, and 8. Southwest doesn't cite the precise entries it objects to, but the Court notes that it has already declined to award Gilliam 5.9 hours on July 1, 2022 and has reduced Hill's block-billed time from July 2–8, 2022 by 30%. Further, as noted below, the Court is not awarding Carter any fees for her counsel's attendance at the July 8, 2022 deposition. So, at the outset, the Court has already reduced the number of potentially duplicative hours. In any event, Southwest doesn't explain why the requested hours are an excessive amount of time to spend preparing for a deposition, so it fails to persuade the Court that that number of hours is unreasonable.

Fourth, Defendants assert that this Court should exclude fees—totaling $10,595.50—that relate to Carter's sanctions motion. That's wrong. Because "a party and its counsel can [] be held responsible for the reasonable expenses . . . caused by their failure to comply with discovery," the Fifth Circuit has allowed awards of fees "incurred for [a] sanctions motion."[21]

Fifth, Defendants object to the hours billed for preparing for and attending Nevarez's deposition. This Court may only award Carter "the reasonable . . . attorney's fees[] caused by the [Defendants'] failure."[22] Because Carter would have

---

[21] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (cleaned up).

[22] FED. R. CIV. PROC. 37(d)(3).

taken Nevarez's deposition even if Defendants had complied with this Court's order, Defendants' noncompliance did not cause her counsel's costs of attending Nevarez's eventual deposition. But, because of Defendants' failure to comply with this Court's order, Carter's counsel had to repeatedly prepare for Nevarez's deposition— preparation that would not have happened but for Defendants' failure to comply.

Accordingly, the Court will not award Gilliam his requested one hour for "preparing for and attending Nevarez deposition" on July 8, 2022.[23] Hill, in one of his block-billed entries, requests 4.1 hours for his time spent on July 8, 2022, some of which was devoted to "tak[ing] Nevarez deposition."[24] Because Nevarez's deposition lasted 42 minutes, the Court will reduce that entry by .75 hours.

Based on all that analysis, the Court will award the following attorneys' fees for the non-block-billed entries: (1) 36.6 hours[25] that Gilliam billed at an hourly rate of $350; (2) 10.8[26] hours that Hill billed at an hourly rate of $395; (3) 1.3 hours[27] that Pryor billed at an hourly rate of $495; and (4) .2 hours[28] that Cristina Garcia—a paralegal—billed at an hourly rate of $110. That amounts to $17,741.50.[29] The block-

---

[23] Doc. No. 369-1 at 8.

[24] Doc. No. 369-2 at 10.

[25] Here's the math: (45 (Gilliam's requested hours) - 1.5 (block-billed hours) - 5.9 unrelated hours - 1 (attendance hour)) = 36.6.

[26] Here's the math: (31.6 (requested hours) - 20.8 (block-billed hours)) = 10.8.

[27] Here's the math: (2.4 (requested hours) - 1.1 (block-billed hours)) = 1.3.

[28] Here's the math: (3 (requested hours) - 2.8 (block-billed hours)) = .2.

[29] Here's the math: (12,810 (for Gilliam) + 4,266 (for Hill) + 643.5 (for Pryor) + 22 (for Garcia)) = $17,741.50.

billed entries amount to $6,508.08.  Accordingly, the Court **ORDERS** Defendants to pay Carter $24,249.58 in attorneys' fees.

As for costs, Carter seeks "$3,446.22 in reasonable out-of-pocket expenses and costs related to the attempts to depose Brett Nevarez."[30]  Those costs break down into three categories.  First, $1,135 of that amount is for the transcript of Nevarez's deposition and $700 is for videographers' fees for Nevarez's deposition on July 8, 2022.  Because Carter would have needed to pay those costs regardless of Defendants' noncompliance, the Court declines to award those sums.  Second, she seeks $146.22 for process servers from an unidentified date.  Because the Court cannot determine whether Carter would have incurred those process-server fees regardless of Defendants' noncompliance—Carter could have incurred those fees, for instance, before Nevarez's first scheduled deposition on July 4, 2022—the Court cannot award those costs.  Third, Carter seeks $1,465 for videographer costs, subpoena costs, and court-reporter costs from July 5, 2022.  Because Carter would not have incurred those costs had Nevarez showed up for his July 4, 2022 deposition, the Court awards Carter those costs.

## IV.  Conclusion

For the foregoing reasons, the Court **ORDERS** that Defendants pay Carter $24,249.58 in attorneys' fees and $1,465.00 in costs.

---

[30] Doc. No. 368 at 6.

7

**IT IS SO ORDERED** this 5th day of December, 2022.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE