UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-2278-X |
| TRANSPORT WORKERS UNION | § | |
| OF AMERICA, LOCAL 556, and | § | |
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| *Defendants*. | § | |

# JUDGMENT

A jury found that Southwest Airlines Co. ("Southwest") and the flight attendants' union, Transport Workers Union Local 556 ("Local 556"), discriminated against Charlene Carter for her protected speech about religion and unions. And through a memorandum opinion and order issued earlier today, the Court made rulings on remaining issues like reinstatement, prejudgment interest, and injunctive relief. The Court now enters judgment on the verdict in the following manner:

1. The Court **ORDERS** that Charlene Carter be reinstated as a Southwest flight attendant with full seniority and benefits.

2. The Court **ORDERS** that Southwest and Local 556 are jointly and severally liable to Carter for $150,000 in back pay.

3. The Court **ORDERS** that Defendants are jointly and severally liable to Carter for $60,180.82 in prejudgment interest.

4. The Court **ORDERS** Local 556 to pay Carter $300,000 in compensatory

1

    and punitive damages and **ORDERS** Southwest to pay Carter $300,000 in compensatory and punitive damages.

5.  The Court **ENJOINS** Defendants from discriminating against Southwest flight attendants for their religious practices and beliefs, including—but not limited to—those expressed on social media and those concerning abortion.

6.  The Court **ENJOINS** Defendants from failing to reasonably accommodate Southwest flight attendants' sincerely held religious beliefs, practices, and observances.

7.  The Court **ENJOINS** Defendants from discriminating against Carter for exercising her rights, under the Railway Labor Act, to resign from membership in Local 556 and to object to the forced payment of political and other nonchargeable union expenses, including—but not limited to—objections to union expenditures that are expressed in social media posts.

8.  The Court **ORDERS** Local 556 to post the jury's verdict and this judgment in conspicuous places at the union hall for a 60-day period and issue them electronically to all union members.

9.  The Court **ORDERS** Southwest to post the jury's verdict and this judgment on company bulletin boards for a 60-day period and to email the jury's verdict and this judgment to all Southwest flight attendants.

10. The Court **ORDERS** Southwest and Local 556 to inform Southwest flight attendants that, under Title VII, the Defendants may not discriminate against Southwest flight attendants for their religious practices and beliefs, including—but not limited to—those expressed on social media and those concerning abortion.

Within 14 days, Carter must file a motion for attorney's fees and a separate bill of costs pursuant to Federal Rule of Civil Procedure 54(d).

**IT IS SO ORDERED** this 5th day of December, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE