UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, § | |
| § | |
| Plaintiff, § | Civil Case No. 3:17-cv-02278-X |
| § | |
| v. § | |
| § | |
| SOUTHWEST AIRLINES CO., AND § | |
| TRANSPORT WORKERS UNION OF § | |
| AMERICA, § | |
| LOCAL 556, § | |
| § | |
| Defendants. § | |

**DEFENDANT SOUTHWEST AIRLINES CO.'S UNOPPOSED MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF SANCTIONS ORDER AND JUDGMENT PENDING APPEAL**

Defendant Southwest Airlines Co. ("Southwest") hereby moves for an order approving supersedeas bond and staying execution of the judgment and sanctions order entered against it pending appeal. Southwest does not request a supersedeas bond, or a stay, in connection with the injunctive relief components of the Court's judgment. In support, Southwest would respectfully show the Court as follows:

1. On December 5, 2022, this Court entered Judgment in this case which ordered that Southwest to pay the following amounts to Plaintiff Charlene Carter ("Carter") in connection with the jury's verdict as follows:

    a. $300,000 for compensatory and punitive damages; and

    b. $150,000, jointly and severally with Local 556 in back pay and $60,180.82 in prejudgment interest. *See* Doc. 375 at 1.

The Judgment also ordered Carter file a motion for attorneys' fees and a separate bill of costs within fourteen (14) days from the date of the Judgment. *See id*. at 3.

1

2. The Judgment also ordered reinstatement of Carter as a Southwest flight attendant and additional injunctive relief, enjoining Southwest from discriminating against its flight attendants for their religious practices and beliefs and failing to reasonably accommodate its flight attendants' religious beliefs, practices, and observances. *See id*. at 2–3. Southwest was also ordered to inform its flight attendants that, under Title VII, it may not discriminate against its flight attendants for their religious practices and beliefs. *See id*. at 3. Southwest, while not waiving its right to appeal these orders, does not seek a stay of the Court's reinstatement order or its orders regarding injunctive relief.

3. On December 5, 2022, the Court ordered that Southwest and Defendant Transport Workers Union Local 556 ("Local 556") pay Carter $24,249.58 in attorneys' fees and $1,465.00 in costs in connection with Brett Nevarez's deposition taken in this matter. *See* Doc. 373.

4. On December 19, 2022, Carter filed her Motion for Attorneys' Fees and Expenses from Southwest Airlines Co. and Transport Workers Union of America, Local 556 (the "Attorneys' Fees Motion"). In the Attorneys' Fees Motion, Carter seeks fees in the amount of $2,212,914.00, with requested a lodestar multiplier of 25%, for a total of $2,766,142.50 and costs and expenses in the amounts of respectively $21,670.10 and $49,523.89. As such, the total amount sought by Carter in the Attorneys' Fees Motion is $2,837,336.49.

5. In conferral between counsel for the Parties, counsel for Carter also indicates that Carter agrees to set the amount of the supersedeas bond to include post-judgment interest at a rate of 4.726% for a period of one year, which yields a total of $157,821.88 in post-judgment interest.

6. As such, the amounts sought to be bonded pending appeal of this matter are as follows:

|   |   |   |
|---|---|---|
| a. | backpay | $150,000.00 |
| b. | compensatory/punitive damages | $300,000.00 |
| c. | sanctions - fees | $24,249.59 |
| d. | sanctions – costs | $1,465.00 |
|    | prejudgment interest | $60,180.82 |
| d. | attorneys' fees and costs | $2,837,336.49 |
|    | **Total:** | $3,373,231.90 |
| e. | post-judgment interest | $159,418.94 |
|    | **Total with Post-Judgment Interest:** | $3,352,650.84 |
|    | ("the Bond Amount") |  |

7.     Southwest intends to file a notice of appeal consistent with applicable deadlines and the Court's ruling on Southwest's Motion under rule 50 of the Federal Rules of Civil Procedure.

8.     Under Federal Rule of Civil Procedure 62(b), a stay of execution pending appeal is available as a matter of right on filing and court approval of a supersedeas bond. *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam).  Although Rule 62 does not precisely define the amount and conditions of a supersedeas bond, the rule has been read to require posting of a bond equal to "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." *Poplar Grove Planting & Ref. Co. Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

9. To suspend execution of the monetary portions of the Sanctions Order and Judgment pending appeal, Southwest seeks the Court's approval of a supersedeas bond in the Bond Amount pursuant to the breakdown set forth above. This amount satisfies the requirements of a supersedeas bond detailed in *Poplar Grove*. *See* 600 F.2d at 1191. Southwest's surety for the purpose of the requested bond, is The Hartford, 3000 Internet Blvd., Suite 600, Frisco, Texas 75034.

10. Carter does not oppose this motion and has approved the form of the supersedeas bond. As such, this Motion is submitted to the Court as "unopposed."

11. Pursuant to Rule 62(b), Southwest respectfully requests that the Court grant this motion, approve the supersedeas bond in the amount of the Bond Amount, and stay the execution and enforcement of the Sanctions Order and Judgment pending final resolution of Southwest's appeal.

Dated: December 29, 2022                                   Respectfully submitted,

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF CONFERENCE

On the 20th day of December, 2022, Paulo B. McKeeby, counsel for Defendant Southwest, conferred with Matt Gilliam, counsel for Plaintiff regarding the substance of this Motion. On the 28th day of December, 2022, Paulo B. McKeeby, counsel for Southwest, conferred with Matt Hill, counsel for Plaintiff Carter regarding the substance of this Motion. Mr. Gilliam and Mr. Hill advised that Plaintiff is not opposed to the relief requested in its Motion.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 29th day of December, 2022.

*/s/ Paulo B. McKeeby*
Paulo B. McKeeby

US_ACTIVE-170660148.2