# EXHIBIT 6



**Paulo B. McKeeby**
Direct Phone:  +1 469 680 4227
Email:  pmckeeby@reedsmith.com

Reed Smith LLP
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
+1 469 680 4200
Fax +1 469 680 4299
reedsmith.com

December 28, 2022

**Via Email (mbg@nrtw.org)**

Matthew B. Gilliam
Staff Attorney
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Ste. 600,
Springfield, VA 22160

**RE:  Response to your letter regarding Southwest's compliance with the Court's Judgment**

Dear Matt:

This will respond to your letter of December 22, 2022 regarding your claims that Southwest failed to comply with Judge Starr's orders as set forth in his December 5, 2022 Judgment.  Southwest strongly disagrees with the suggestion it has not complied with the injunctive relief provided for in the Judge's order.  To the contrary, while Southwest could have sought a stay of that relief pending appeal, after receiving the Judgment, it took immediate steps to comply with each of the affirmative requirements in the Judgment.  These steps consisted of:

   1.  Immediately contacting Ms. Carter to arrange for and coordinate her reinstatement to employment as a flight attendant;

   2.  Posting the Judgment and the jury's verdict form in the break areas at all of its airport bases;

   3.  Sending the Judgment, and the verdict form, by email to every active Southwest flight attendant and advising those flight attendants of Southwest's obligation and commitment to refrain from discrimination based on the religious beliefs of employees, including, as directed by Judge Starr, beliefs related to opposition to abortion, whether expressed on social media or otherwise.

I.  Carter's Reinstatement

Southwest declined to seek a stay of Carter's reinstatement and remains committed to Carter's orderly and immediate return to its workforce.   Indeed, its inflight team has expressed that sentiment through its actions in coordinating with Ms. Carter to arrange for her return as an active Southwest flight attendant.  The requirement that flight attendants who have been inactive for 59 months or more repeat initial training is not specific to Carter or her situation.  Rather, that requirement is a product of recent regulatory guidance from the Federal Aviation Administration, with which Southwest is required to comply.  A copy of a summary of those requirements was provided to Ms. Carter at her request.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-170706508.1-KVMAHONE
US_ACTIVE-170706508.3-KVMAHONE

**App.11**

Case 3:17-cv-02278-X   Document 383-6   Filed 12/30/22   Page 3 of 4   PageID 10899

Matthew B. Gilliam
December 28, 2022
Page 2



Requiring that Carter participate in FAA recommended training is not inconsistent with the requirement that she be reinstated with all previous seniority and benefits. Moreover, apart from Southwest's legal obligations, Ms. Carter has not been an active flight attendant for over five years. Given the importance of her role and Southwest's commitment to customer safety, it is not unreasonable to require Ms. Carter to go through orientation training before she resumes flying as a flight attendant. Finally, I am advised that Ms. Carter and Southwest management have coordinated amicably regarding Ms. Carter's training and that Southwest accommodated Ms. Carter's request to change the date of her training based on her holiday commitments.

II. Southwest's Notice to Flight Attendants

Your letter also takes issue with the language of Southwest's cover email to its flight attendants and specifically, the phrasing of its anti-discrimination and anti-retaliation obligations. We frankly do not believe there was anything confusing about the wording of Southwest's notice, particularly given that it was delivered in conjunction with providing copies of the jury's verdict and the Judgment. We do not see that phrasing its anti-discrimination and anti-retaliation obligations in terms of its commitment to refrain from such conduct in the future is in any way a violation of Judge Starr's order.

The Judgment did not say that Southwest had to exactly follow the language used by Judge Starr, and Southwest did not interpret the order in that manner. That said, Southwest's notice complied with the spirit and wording of the Court's judgment. In its notice, Southwest quoted directly from the Judgment with respect to religious discrimination in the workplace, in particular with regard to beliefs about abortion and expression of those beliefs through social media. That Southwest stated "it does not discriminate" as opposed to your preferred wording that "it is prohibited from discriminating" (which does not quote verbatim Judge Starr's order either) is a distinction without a difference, again particularly given the context of the language in conjunction with advising flight attendants of the outcome at trial and providing copies of the verdict and Judgment. Both versions clearly convey the message that Southwest is not allowed to discriminate or retaliate based on religion, and will not do so in the future.

III. Southwest's Memo to Flight Attendants

Finally, Southwest respectfully disagrees that its inflight email memo to its flight attendants violated the Judgment. Southwest understandably believed that the court mandated notice would generate significant discussion among flight attendants, and Southwest had every right to express its position, its disagreement with the jury's verdict in the case, and its expectations that employees treat each other with respect and dignity. There was nothing in the memo that would constitute discrimination or retaliation prohibited by the court's Judgment. The notion that the message deterred employees from raising concerns about discrimination is pure speculation and not a basis for curtailing Southwest's freedom to express its opinions and views – which not coincidentally is the same freedom you are fighting for on behalf of Ms. Carter. Finally, there was no prohibition whatsoever in the Court's judgment that limited what Southwest could say on the topic; the judgment did not, for example, state that Southwest could not express its own views on the jury verdict and plans to appeal to its flight attendant workforce.

US_ACTIVE-170706508.1
US_ACTIVE-170706508.3-KVMAHONE

**App.12**

Matthew B. Gilliam
December 28, 2022
Page 3



We appreciate your consideration of this letter and respectfully request that you forgo any contempt motion.  Southwest takes the court's Judgment seriously and has complied with the requirements it placed on the company – again, despite the opportunity Southwest could have taken to ask the district court and (if necessary) the Fifth Circuit for a stay pending the appeal.  While we had hoped you and Ms. Carter would appreciate Southwest not challenging the injunctive relief pending appeal, Southwest remains committed to reinstating Ms. Carter and ensuring her orderly return to its flight attendant workforce so that she can resume her career.  We are available for further discussion if necessary.

Very truly yours,

Paulo B. McKeeby

PBM:kvm

cc:   Matt Hill (mhill@pryorandbruce.com)
       Bobby Pryor (bpryor@pryorandbruce.com)
       Bryan K. Morris (BMorris@reedsmith.com)