## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 3:17-cv-02278-X |
| | § | |
| SOUTHWEST AIRLINES CO., and | § | |
| TRANSPORT WORKERS UNION OF | § | JURY DEMANDED |
| AMERICA, LOCAL 556 | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT TWU LOCAL 556'S UNOPPOSED MOTION
### TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION
### OF SANCTIONDS ORDER AND JUDGMENT PENDING APPEAL

On December 1, 2023, this Court issued an Order (Dkt.384) granting Defendant Southwest Airline's ("Southwest and/or "SWA") Motion to Stay (Dkt. 381), upon receipt of a bond amount of $3,352,650.84.

In light of the joint and several nature of numerous damages, fees, and costs levied against both Defendants, Defendant Transport Workers Union of America, Local 556 ("The Union" and/or "Local 556") hereby moves for an order approving a new supersedeas bond and staying execution of the judgment and sanctions order entered against both Defendants pending appeal. This new supersedeas bond will be issued jointly to the Defendants and increased to cover The Union's compensatory and punitive damages as well as the additional post-judgment interest, to total $3,846,828.84. This number represents the outer limits of potential recovery on behalf of the Plaintiff.[1]

---

[1] For purposes of the Bond issuer, the amount of the bond was raised to $4,190,813.75, with a. 1.25x mark-up, to total $4,808,536.05.

Similar to SWA, The Union does not request a supersedeas bond, or a stay, in connection with the injunctive relief components of the Court's judgment.

In support, The Union would respectfully show the Court as follows:

On December 5, 2022, this Court entered Judgment in this case which ordered The Union to pay the following amounts to Plaintiff Charlene Carter ("Carter") in connection with the jury's verdict as follows:[2]

1. $300,000 for compensatory and punitive damages against The Union;

2. $300,000 for compensatory and punitive damages against SWA; and

3. $150,000, jointly and severally with Southwest Airlines in back pay and $60,180.82 in prejudgment interest.

The Judgment also ordered reinstatement, in lieu of a frontpay award, of Plaintiff Carter as a Southwest flight attendant, as well as additional injunctive relief, enjoining The Union from discriminating against SWA flight attendants for their religious practices and beliefs, failing to reasonably accommodate its flight attendants' religious beliefs, practices, and observances, and from. Discriminating against Plaintiff Carter for exercising her rights under the Railway Labor Act.[3] The Union was also ordered to inform its flight attendants that, under Title VII, it may not discriminate against its flight attendants for their religious practices and beliefs.[4] The Union, while not waiving its right to appeal these orders, does not seek a stay of the Court's orders regarding injunctive relief.

The Judgment also ordered Carter file a motion for attorneys' fees and a separate bill of costs within fourteen (14) days from the date of the Judgment.[5] On December 19, 2022, Plaintiff

---

[2] *See* Doc. 375 at 1.
[3] *See id.* at 2–3.
[4] *See id.* at 3.
[5] *See id.* at 3.

Carter filed her Motion for Attorneys' Fees and Expenses from Southwest Airlines Co. and Transport Workers Union of America, Local 556 (the "Attorneys' Fees Motion"). In the Attorneys' Fees Motion, Plaintiff Carter seeks fees in the amount of $2,212,914.00, with requested a lodestar multiplier of 25%, for a total of $2,766,142.50 and costs and expenses in the amounts of respectively $21,670.10 and $49,523.89. As such, the total amount sought by Plaintiff Carter in the Attorneys' Fees Motion is $2,837,336.49.

In addition to the Judgment, On December 5, 2022, the Court ordered that Southwest and Defendant Transport Workers Union Local 556 ("Local 556") pay Carter $24,249.58 in attorneys' fees and $1,465.00 in costs in connection with Brett Nevarez's deposition taken in this matter.[6]

In conferral between counsel for the Parties, counsel for Plaintiff Carter also indicates that the agree to set the amount of the supersedeas bond to include post-judgment interest at a rate of 4.726% for a period of one year, which yields a total of $173,596.94 in post-judgment interest.

As such, the amounts sought to be bonded pending appeal of this matter are as follows:

| **Form of Relief** | **Financial Obligation – "Bond Amount"** |
|---|---:|
| Backpay | $150,000.00 |
| Compensatory and Punitive Damages (Union) | $300,000.00 |
| Compensatory and Punitive Damages (SWA) | $300,000.00 |
| Attorneys' Fees and Costs | $2,837,336.49 |
| Pre-judgment Interest | $60,180.82 |
| Post-judgment Interest | $173,596.94 |
| Sanction Costs | $1,465.00 |
| Sanction Fees | $24,249.59 |

---

[6] *See* Doc. 373.

| | |
|---|---|
| **Total ("Bond Amount")** | $3,846,828.84 |

The Union intends to file a notice of appeal consistent with applicable deadlines and the Court's ruling on The Union's Motion under rule 50 of the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 62(b), a stay of execution pending appeal is available as a matter of right on filing and court approval of a supersedeas bond.[7] Although Rule 62 does not precisely define the amount and conditions of a supersedeas bond, the rule has been read to require posting of a bond equal to "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond."[8]

To suspend execution of the monetary portions of the Sanctions Order and Judgment pending appeal, The Union seeks the Court's approval of a new supersedeas bond in the Bond Amount pursuant to the breakdown set forth above, satisfying the requirements of a supersedeas bond detailed in *Poplar Grove*.[9] The Union and SWA's surety for the purpose of the requested bond, is The Hartford, 3000 Internet Blvd., Suite 600, Frisco, Texas 75034.

Plaintiff Carter does not oppose this motion and has approved the form of the supersedeas bond. As such, this Motion is submitted to the Court as "unopposed." Pursuant to Rule 62(b), The Union respectfully requests that the Court grant this motion, approve the supersedeas bond in the amount of the Bond Amount, and stay the execution and enforcement of the Sanctions Order and Judgment pending final resolution of The Union's appeal.

---

[7] *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam).
[8] *Poplar Grove Planting & Ref. Co. Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).
[9] *See* 600 F.2d at 1191.

| | |
|---|---|
| **DATED: JANUARY 4, 2023** | **RESPECTFULLY SUBMITTED,** |

**CLOUTMAN & GREENFIELD, PLLC**
6217 Bryan Parkway
Dallas, Texas 75214
214.642.7486

 */s/ Adam S. Greenfield*_____
Adam S. Greenfield
Email: agreenfield@candglegal.com
Bar No.: 24075494

*\*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward B. Cloutman, III
State Bar No. 04411000
Email: ecloutman@lawoffices.email

**LAW OFFICES OF EDWARD CLOUTMAN, III**
3301 Elm Street
Dallas, Texas  75226-1637
214.939.9222
214.939.9229 Facsimile

**COUNSELS FOR DEFENDANT TWU LOCAL 556**

## CERTIFICATE OF CONFERENCE

Defendant TWU's Counsels Greenfield and Cloutman were in email conference with Plaintiff's. counsel Mathew Gilliam from December 30, 2022—January 4, 2023 regarding the substance of this Motion. On January 4, 2023, Mr. Gilliam that Plaintiff is not opposed to the relief requested in its Motion.

*/s/ Adam S. Greenfield*_____
Adam S. Greenfield

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties on the  4th  day of January, 2023.

*/s/ Adam S. Greenfield*_____
Adam S. Greenfield