IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| § | | |
| vs. § | | 3:17-cv-02278-X |
| § | | |
| SOUTHWEST AIRLINES CO., and § | | |
| TRANSPORT WORKERS UNION OF § | | JURY DEMANDED |
| AMERICA, LOCAL 556 § | | |
| § | | |
| Defendants. § | | |

## DEFENDANTS TWU LOCAL 556 AND SOUTHWEST AIRLINES' JOINT UNOPPOSED MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF SANCTIONS ORDER AND JUDGMENT PENDING APPEAL

On January 1, 2023, this Court issued an Order (Dkt.384) granting Defendant Southwest Airline's ("Southwest and/or "SWA") Motion to Stay (Dkt. 381), upon receipt of a bond amount of $3,352,650.84.

In light of the joint and several nature of numerous damages, fees, and costs levied against both Defendants, Defendants Transport Workers Union of America, Local 556 ("The Union" and/or "Local 556") and Southwest Airlines Co. ("SWA" and/or "Southwest") hereby jointly move for an order approving a new supersedeas bond and staying execution of the judgment and sanctions order entered against both Defendants pending appeal. Southwest originally moved separately as to a bond pending on appeal based on communications with its surety, but the Defendants are now aligned both as to this joint motion and the amount of the bond. Counsel for each Defendant has separately conferred with counsel for Plaintiff who has indicated that Plaintiff does not oppose this motion or a joint filing by both Defendants as to the posting of a superdedeas. This new supersedeas bond will be issued jointly to the Defendants and increased from the amount

originally proposed in Southwest's original unopposed motion to cover The Union's compensatory and punitive damages as well as the additional post-judgment interest, to total $3,846,828.84. This number represents the outer limits of potential recovery on behalf of the Plaintiff.[1]

Without waiving any appellate rights, neither SWA nor The Union request a supersedeas bond, or a stay, in connection with the injunctive relief components of the Court's judgment.

In support, Defendants would respectfully show the Court as follows:

On December 5, 2022, this Court entered Judgment ordering Defendants to pay the following amounts to Plaintiff Charlene Carter ("Carter") in connection with the jury's verdict as follows:[2]

1. $300,000 for compensatory and punitive damages against The Union;

2. $300,000 for compensatory and punitive damages against SWA; and

3. $150,000, jointly and severally with Southwest Airlines in back pay and $60,180.82 in prejudgment interest.

The Judgment also ordered reinstatement, in lieu of a frontpay award, of Plaintiff Carter as a Southwest flight attendant, as well as additional injunctive relief, enjoining Defendants from discriminating against SWA flight attendants for their religious practices and beliefs, failing to reasonably accommodate its flight attendants' religious beliefs, practices, and observances, and from discriminating against Plaintiff Carter for exercising her rights under the Railway Labor Act.[3] Defendants were also ordered to inform its flight attendants that, under Title VII, they may not discriminate against its flight attendants for their religious practices and beliefs.[4] Defendants, while

---

[1] For purposes of the Bond issuer, the amount of the bond was raised to $4,190,813.75, with a. 1.25x mark-up, to total $4,808,536.05.
[2] *See* Doc. 375 at 1.
[3] *See id*. at 2–3.
[4] *See id*. at 3.

not waiving their right to appeal these orders, do not seek a stay of the Court's orders regarding injunctive relief.

The Judgment also ordered Plaintiff Carter to file a motion for attorneys' fees and a separate bill of costs within fourteen (14) days from the date of the Judgment.[5] On December 19, 2022, Plaintiff Carter filed her Motion for Attorneys' Fees and Expenses from Southwest Airlines Co. and Transport Workers Union of America, Local 556 (the "Attorneys' Fees Motion"). In the Attorneys' Fees Motion, Plaintiff Carter seeks fees in the amount of $2,212,914.00, with a requested lodestar multiplier of 25%, for a total of $2,766,142.50, and costs and expenses in the amounts of $21,670.10 and $49,523.89 respectively. As such, the total amount sought by Plaintiff Carter in the Attorneys' Fees Motion is $2,837,336.49.

In addition to the Judgment, On December 5, 2022, the Court ordered Defendants to pay Carter $24,249.58 in attorneys' fees and $1,465.00 in costs in connection with Brett Nevarez's deposition taken in this matter.[6]

In conferral between counsel for the Parties, counsel for Plaintiff Carter indicates that Plaintiff agrees to set the amount of the supersedeas bond to include post-judgment interest at a rate of 4.726% for a period of one year, yielding a total of $173,596.94 in post-judgment interest.

As such, the amounts sought to be bonded pending appeal of this matter are as follows:

| **Form of Relief** | **Financial Obligation – "Bond Amount"** |
|---|---:|
| Backpay | $150,000.00 |
| Compensatory and Punitive Damages (Union) | $300,000.00 |
| Compensatory and Punitive Damages (SWA) | $300,000.00 |

---

[5] *See id*. at 3.
[6] *See* Doc. 373.

| | |
|---|---:|
| Attorneys' Fees and Costs | $2,837,336.49 |
| Pre-judgment Interest | $60,180.82 |
| Post-judgment Interest | $173,596.94 |
| Sanction Costs | $1,465.00 |
| Sanction Fees | $24,249.59 |
| **Total** | **$3,846,828.84** |

Pursuant to the requirements of Defendants' surety and Texas law, the final bonded amount is 125% of the above total, or $4,808,536.05 (the "Bond Amount")

Defendants intend to file a notice of appeal consistent with applicable deadlines and the Court's ruling on Defendants' Motion under rule 50 of the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 62(b), a stay of execution pending appeal is available as a matter of right on filing and court approval of a supersedeas bond.[7] Although Rule 62 does not precisely define the amount and conditions of a supersedeas bond, the rule has been read to require posting of a bond equal to "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond."[8]

To suspend execution of the monetary portions of the Sanctions Order and Judgment pending appeal, Defendants seek the Court's approval of a supersedeas bond in the Bond Amount pursuant to the breakdown set forth above, satisfying the requirements of a supersedeas bond

---

[7] *See Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam).
[8] *Poplar Grove Planting & Ref. Co. Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

detailed in *Poplar Grove*.[9] The Union and SWA's surety for the purpose of the requested bond is The Hartford, 3000 Internet Blvd., Suite 600, Frisco, Texas 75034.

Plaintiff Carter does not oppose this motion and has approved the form of the supersedeas bond. As such, this Motion is submitted to the Court as "unopposed." Pursuant to Rule 62(b), Defendants respectfully request that the Court grant this motion, approve the supersedeas bond in the amount of the Bond Amount, and stay the execution and enforcement of the Sanctions Order and Judgment pending final resolution of Defendants' appeal.

DATED: JANUARY 6, 2023

RESPECTFULLY SUBMITTED,

CLOUTMAN & GREENFIELD, PLLC
6217 Bryan Parkway
Dallas, Texas 75214
214.642.7486

 /s/ Adam S. Greenfield
Adam S. Greenfield
Email: agreenfield@candglegal.com
Bar No.: 24075494

*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward B. Cloutman, III
State Bar No. 04411000
Email: ecloutman@lawoffices.email

LAW OFFICES OF EDWARD CLOUTMAN, III
3301 Elm Street
Dallas, Texas 75226-1637
214.939.9222
214.939.9229 Facsimile

**COUNSELS FOR DEFENDANT TWU LOCAL 556**

---

[9] *See* 600 F.2d at 1191.

/s/ Paulo B. McKeeby
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State bar No. 24108707

**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201

Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF CONFERENCE

Defendants Counsels' Greenfield, Cloutman, and McKeeby were in numerous email and phone conferences with Plaintiff's counsel Mathew Gilliam from December 30, 2022—January 4, 2023, regarding the substance of this Motion. On January 4, 2023, Mr. Gilliam expressed to both Defense counsel Greenfield and McKeeby that they were not opposed to the joint bond amount as set forth in this Motion.

/s/ Adam S. Greenfield
Adam S. Greenfield

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties on the 6th day of January, 2023.

/s/ Paulo B. McKeeby
Paulo B. McKeeby