IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION NO. |
| § | | |
| vs. § | | 3:17-cv-02278-X |
| § | | |
| SOUTHWEST AIRLINES CO., and § | | |
| TRANSPORT WORKERS UNION OF § | | JURY DEMANDED |
| AMERICA, LOCAL 556 § | | |
| § | | |
| Defendants. § | | |

**DEFENDANT TWU LOCAL 556'S RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

On December 19, 2022, Plaintiff Charlene Carter filed her Brief in Support of Her Motion for Attorneys' Fees and Expenses (Dkt. 377) as well as her Bill of Costs (Dkt. 379). Defendant Union provides their response and objection as follows.

### I.   INTRODUCTION

The Union objects to Plaintiff's excessive attorneys' fee request, seeking a reduction pursuant to fees requested for (1) Dismissed claims; (2) Claims that do not permit fee recovery, i.e. claims under the Railway Labor Act ("RLA"); (3) Failed discovery motions; (4) Failed summary judgment motion; (5) Duplicative attorney work during discovery; and (6) Duplicative trial preparation and attendance at trial by three attorneys.

While billing numerous matters, including the above, Plaintiff improperly engaged in block and duplicative billing. Defendants are entitled to a fees reduction based on Plaintiff's improper billing practices. Finally, Plaintiff also improperly seek recovery of several costs, without basis. As such, the Union specifically objects as detailed below.

## II.     ARGUEMNT AND AUTHORITY

### A. Reasonable Attorneys' Fees are to be Decided by the Trial Court.

In determining reasonable fees, the court must first calculate the lodestar amount, "which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."[1] Excluded from this amount should be all time that is "excessive, duplicative, or inadequately documented."[2] The court may reduce the lodestar amount based on several factors, namely if the hours were not "reasonably expended,"[3] or the prevailing party only experienced a partial "degree of success."[4]

### B. Plaintiff is Not Entitled to Recover Attorneys' Fees on Claims under the Railway Labor Act ("RLA") and the Duty of Fair Representation ("DFR")

The next step for the Court is to determine what claims, if any, provide for the recovery of attorneys' fees. First and foremost, we must acknowledge Plaintiff's concession that attorneys' fees are not recoverable under the Railway Labor Act ("RLA").[5] The award of attorneys' fees under Plaintiff's Duty of Fair Representation ("DFR") claims are slightly more complicated, as they are not codified by statute, and should be guided by "The American rule against recovery of attorney's fees by a prevailing litigant in the absence of statutory or contractual authorization."[6] In addition the Supreme Court has previously held that it could not enforce the order against union to pay employee's attorney's fees if the lower court determined the employer had not violated CBA).[7] As there is no breach of the CBA alleged, attorneys' fees should not be recoverable. Title

---

[1] *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016).
[2] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).
[3] *Hensley*, 461 U.S. at 433–34.
[4] *Combs*, 829 F.3d. at 612.
[5] Plfs Mtn. at 9; See also 45 U.S.C. § 181 (specifically exempting air carriers from the RLA provision allowing the recovery of attorneys' fees); *Am. Airlines, Inc. v. Allied Pilots Ass'n*, No. 4:12-CV-083-Y, 2012 U.S. Dist. LEXIS 198394, at *21 n.6 (N.D. Tex. Nov. 2, 2012) (noting the same).
[6] See *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306 (1796), would normally preclude an employee's claim for attorney's fees incurred in his suit against the union.
[7] *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983).

VII of the Civil Rights Act of 1964, 42 U.S.C. S2000e-5(k) ("Title VII") however, clearly provides that a court may provide the prevailing party "reasonable attorney's fee[s]." The determination of what is "reasonable" is left to the discretion of the trial court.[8]

Plaintiff correctly presents to the Court that attorneys' fees should not be segregated "when the facts and issues are so closely interwoven that the time spent on separate claims [] cannot reasonably be divided."[9] However, The Fifth Circuit has repeatedly reduced fees, by as much as 33%, when there is a difference in the elements and evidence required to prove the underlying claims when certain claims do not provide for recovery of fees.[10] The chart below highlights the difference in elements of Plaintiff's surviving claims and their lack of overlap:

| Cause of Action: | Title VII[11] | RLA[12] | DFR[13] |
|---|---|---|---|
| Elements: | (1) Bona fide religious belief or member of an identifiable religion; | (1) Engaged in RLA protected activity | (1) The union's conduct is arbitrary, discriminatory, or in bad faith, or that the union discharged its duties in a perfunctory manner. |
| | (2) Qualified for the position; | (2) Employer had knowledge of the activities | |
| | (3) Beliefs or religion resulted in adverse employment action; and | (3) Employer harbored anti-union animus; and | |

---

[8] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[9] *Mota v. Univ. of Tex.*, 261 F.3d 512, 518 (5th Cir. 2001) (citing *Abell v. Potomac Ins. Co.*, 946 F.2d 1160, 1169 (5th Cir. 1991)).
[10] See *Kosti v. Tex. A&M University-Commerce,* No. 3:10-cv-2265-M, 2015 U.S. Dist. LEXIS 175827, *15-23 (N.D. Tex. Dec. 28, 2015); *Dardar v. T&C Marine, L.L.C.*, Civ. A. No. 16-13797 H, 2018 U.S. Dist. LEXIS 139837, *8–12 (E.D. La. May 3, 2018).
[11] *See Chumney v. Glasscock County Indep. Sch. Dist.*, Civ. A. No. 6:17- CV-037-C, 2019 U.S. Dist. LEXIS 233633, *15 (N.D. Tex. Mar. 6, 2019).
[12] *See Fields v. Keith*, 174 F. Supp. 2d 464, 480 (N.D. Tex. 2001).
[13] *Grovner v. Georgia-Pacific Corp.*, 625 F.2d 1289, 1290 (5th Cir. 1980).

| | (4) Treated differently from members outside the protected class. | (4) Animus was a substantial or motivating factor in termination. | |

Outside of an adverse employment action/termination, the claims simply do not have the overlap as required to justify Plaintiff's full fee petition. The Union contends that a reduction of attorneys' fees in the amount of 66% is appropriate as only one of the three surviving claims, Title VII, allows for the recovery of reasonable fees.

**C. Plaintiff's Fee Petition should be Further Reduced due to Block Billing, Duplicative Billing, and for Failed Motion Practice.**

As a threshold matter, it is impossible at times to parse out what Plaintiff is petitioning to recover from the Court due to their practices of block billing.[14] When a party takes this approach, "[a] court may reduce number of hours used in a lodestar calculation as a result"[15] as "such entries fail to satisfy the criteria for supporting an attorneys fee application."[16] Plaintiff's counsels' billing records are brimming with repeated block billing, requiring a terse review to find block billing on nearly every page and every entry of their itemized fee application.[17] The Union requests a 30% reduction in fees as typically applied by Federal Court's in the Northern District of Texas for block billing practices.[18]

Furthermore, Plaintiff's improper efforts to secure a large attorneys' fees awards is in part due to a request by, at a minimum, three different attorneys working on the same task at the same time. All duplicative hours should be excluded.[19] In addition, Courts have traditionally and

---

[14] *Barrow v. Greenville Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 34557, at *11–12 (N.D. Tex. Dec. 20, 2005)
[15] Hicks v. GTC Auto Sales, Inc., 2016 U.S. Dist. LEXIS 195135, *5-6 (N.D. Tex. June 9, 2016).
[16] Homer v. Homer, No. 4:21-CV-02789, 2022 U.S. Dist. LEXIS 167398, *13 (S.D. Tex. Sep. 16, 2022).
[17] *See generally* Plaintiff's Appendix pp. 13–100; 114–235; 242–316.
[18] *See Fralick*, 2011 U.S. Dist. LEXIS 13672, at *40–42 (applying 25% reduction for block billing, and citing *Bramlett v. Med. Protective Co.*, 2010 U.S. Dist. LEXIS 85898 (N.D. Tex. Aug. 20, 2010), for the proposition that courts typically apply reductions up to 30% for block billing).
[19] Wherley v. Schellsmidt, 2014 U.S. Dist. LEXIS 96763, *9 (N.D. Tex. July 16, 2014),.

consistently scrutinized and proceeded cautiously when multiple attorneys are involved, due to the "possibility of duplication."[20] The duplicative billing is overwhelming and too voluminous to provide every instance to the Court, including numerous hours related to internal communications without opposing counsel and hours apparently billed on the same tasks. These hours should be disregarded by the Court.

1. **Pre-Suit: Plaintiff Improperly Requests Attorneys' Fees and Costs Prior to Filing Suit while Improperly Using Block and Duplicative Billing Practices.**

Plaintiff Charlene Carter filed suit on August 25, 2017 (Dkt. 1) yet seeks fees dating back more than four months, back to April 18, 2017. Defendant Union objects to all fees prior to the actual filing of this lawsuit, in the amount of **$26,930.00**.[21]

To highlight the excessive and duplicative nature of Plaintiff's pre-suit fees requests, Plaintiff's list the ambiguous task of "Case filing and complaint discussion" on six (6) separate ledger entries, as well as "Communication with client re case issues and litigation strategy" on eight (8) separate ledger entries. Plaintiff's records indicate block billing and the overlapping of two separate attorneys on these matters.[22]

2. **Pre-Suit and Mid-Suit: Plaintiff Improperly Requests Attorneys' Fees and Costs for unrelated Communications and Work with the Equal Employment Opportunity Commission while Improperly Using Block and Duplicative Billing Practices.**

Filing charges of employment discrimination with the Equal Employment Opportunity Commission and receiving a subsequent notice of right to sue from the agency is a pre-requisite to filing an Original Complaint. Plaintiff improperly seeks attorney's fees and costs related to some ambiguous work with the EEOC, after filing suit against Defendants. As such, The Union objects

---

[20] Id.
[21] See Dkt. 378.1 – APP. 9-10 (**15,470.00**) and APP 66-69 (**$11,460.00**).
[22] *Id.*

DEFENDANT TWU LOCAL 556'S RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

to fees' and costs associated with these endeavors, an approximated amount of **$37,071.50**.[23] Plaintiff's records indicate block billing and the overlapping of three separate attorneys on these matters.[24]

### 3. Plaintiff Improperly Seeks Fees for Unreasonable Amounts of Time Spent on Failed Motion Practice and Unnecessary Pleadings.

"[D]istrict courts may deduct time expended on unsuccessful or unnecessary pleadings, motions, discovery requests, or other court filings."[25] As such, the Court should deduct attorneys' fees expended on Plaintiff's repeated efforts to perfect their Original Complaint, unpersuasive and/or failed discovery battles, and denial of their motion for summary judgment.

#### a. Plaintiff Failed to Properly Perfect Their Claims, had Several Dismissed, and was Blatantly Ignoring Court Orders.

First and foremost, Plaintiff improperly informs the Court that "Carter successfully litigated all of her claims against [Defendants]". In reality, numerous claims of Mrs. Carter's were dismissed by the Court.[26] Indeed, Defendants had to make great efforts from the filing of suit on August 25, 2017—April 10, 2019, dismissing extraneous and groundless claims against Defendants. Ultimately, the Court permitted and required Plaintiff to file a Fourth Amended Complaint (Dkt. 79-80). The case did not truly begin until Plaintiff had a proper filing, indicated by Defendants' Answers filed on April 24, 2019 (Dkt. 81-82).

To highlight the excessive and duplicative nature of Plaintiff's fees requests to this point is Dkt. 79, where the Court was forced to Order and Strike Plaintiff's Third Amended Complaint

---

[23] See Dkt. 378.1-.2 APP. 10,14,15 (**$13,271.50**), APP 58-59 (**$1,360.00**), and APP. 69-76 (**$22,440.00**).
[24] *Id.*
[25] *Agredano v. State Farms Lloyds*, Case No. 5:15-cv-1067-RCL, 2021 U.S. Dist. LEXIS 176702, *7 (W.D. Tex. Sept. 16, 2021) (citing *Leroy v. City of Houston*, 906 F.2d 1068, 1085-86 (5th Cir. 1990) (denying fees for hours expended on an unsuccessful motion for postjudgment interest)). *See also Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*, Civ. A. No. 3:05- CV-1745-M, 2008 U.S. Dist. LEXIS 68680, *15–*16 (N.D. Tex. Aug. 19, 2008) (Lynn, B. presiding).
[26] See Dkt. i.e. 45, 69, 70, 79.

as Plaintiff refused to remove causes of action already dismissed by the Court. The docket entry made by the Court makes specific note that "Plaintiff is ordered to file a Fourth Amended Complaint that excludes the causes of action the Court has dismissed with prejudice by no later than 4/24/2019." (Dkt. 79).

Plaintiff is improperly requesting fees from September 13, 2017—April 24, 2019 (See Dkt. 378.1. APP. 11-20) in perfecting their Complaint to be accepted by the Court. As such, The Union objects to fees' and costs requested by Plaintiff in dismissing their groundless claims and ignoring court orders, an approximated amount of **$157,662.50**[27] Plaintiff's records indicate block billing and the overlapping of four separate attorneys on these matters.[28]

### b. Plaintiff Improperly Seeks Attorneys' Fees for their Denied Motion for Summary Judgment.

Beginning January 28, 2021, Plaintiff began researching and drafting their own Motion for Summary Judgment against Defendants. Plaintiff's Motion was denied in its entirety on May 5, 2022. (Dkt. 232). The Union objects to fees' and costs requested by Plaintiff to recover monetarily from their denied motion, an approximated amount of **$232,900.00**.[29] Plaintiff's records indicate block billing and the overlapping of three separate attorneys on these matters.[30]

### c. Plaintiff Improperly Seeks Attorneys' Fees for Denied Motion to Compel Practice and/or for Attorneys' Fees Already Denied by this Court.

On multiple occasions, Plaintiff filed Motions to Compel Discovery against Defendants. In all cases, those Motions were either denied in their entirety, or granted and denied in part, but always denied as to Plaintiff's request for attorneys' fees.[31] Notably, one Order from this Court

---

[27] See Dkt. 378.1-.2 APP. 11-20 (**$116,625.00),** APP. 58-60 (**$5,480.00**), APP. 70-81 (**$24,420.00**), and APP. 110-153 (**$11,137.50**). As noted above, Plaintiff's block billing and double billing practices make it nearly impossible to segregate billable from non-billable time. As such, this number represents an estimation.
[28] *Id.*
[29] See Dkt. 378.1-.2: APP. 37-45 (**$221,515.00**), APP. 62-63 (**9,360.00**), APP. 212-218 (**$2,025.00**).
[30] *Id.*
[31] See Dkt. 99, 131, 146, and 215.

specifically noted that "the parties should bear their own expenses." (Dkt. 99). Plaintiff now seeks an end run at attorneys' fees that have already been denied by this Court. As such, The Union objects to fees and costs requested by Plaintiff to recover monetarily from either denied motions or motions that were granted, in part, but without recovery of attorneys' fees, an approximate amount of **$392,390.00**.[32] Plaintiff's records indicate block billing and the overlapping of three separate attorneys on these matters.[33]

4. **Plaintiff's Fee Petition should be Reduced due to Duplicative and Excessive Billing.**

"In calculating the lodestar, '[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.'"[34] Plaintiff spent excessive time and resources on duplicative as well as menial work, to which The Union objects and requests a reduction in fees.

At various times, Plaintiff's have employed seven (7) different attorneys on this case, specifically three (3) "Senior" attorneys for trial. And while the amount of hours may have been legitimately expended by the individual attorneys, hours spent as a "result from the case being 'overstaffed,' are *not* hours 'reasonably expended.'"[35]

In total, all three attorneys —Gilliam, Hill, and Pryor— expended 1,113 hours of time for trial preparation and trial attendance for a fee total of $443,807.50.[36] Plaintiff's records indicate block billing and almost complete overlapping of the three separate attorneys on these matters. Notably, all of the attorneys billed for attending trial, while attorney Pryor was generally the only attorney presenting for Plaintiff. The Union objects to fees' and costs requested by Plaintiff to

---

[32] See Dkt. 378.1-.2, APP. 22—45, (**$371,890.00**), APP. 61—63 (**$8,080.00**), and APP. 88-94 (**$12,420.00**).
[33] *Id*.
[34] *Combs v. City of Huntington* 829 F.3d 388, 392 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)).
[35] *Leroy v. Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1941 (1983); *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982.
[36] Gilliam – 544.80 hours, $190,680.00; Pryor – 285.7 hours, $141,421.50; Hill – 282.8 hours, $111,706.00. (*See* Summary of Trial Fees, attached as Exhibit C (APP.0043-61)).

recover monetarily from their own overstaffing. The reduction percentage applied by courts has ranged from ten percent to fifty percent.[37]

**D.  Plaintiff is not Entitled to a 25% Increase of the Lodestar.**

After calculating the lodestar figure, a district court may enhance or decrease the amount of attorneys' fees based on the relative weight of the twelve factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). However, there is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."[38]

The *Johnson* factors are as follows, yet Plaintiffs increase request is only based on those in **Bold** and *Italic*:

1. ***The time and labor required;***
2. ***The novelty and difficulty of the issues in the case;***
3. ***The skill requisite to perform the legal services properly;***
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. ***The customary fee charged for those services in the relevant community;***
6. ***Whether the fee is fixed or contingent;***
7. Time limitations imposed by the client or the circumstances;
8. ***The amount involved and the results obtained;***
9. ***The experience, reputation, and ability of the attorneys;***
10. ***The undesirability of the case;***
11. ***The nature and length of the professional relationship with the client;***
12. Awards in similar cases.

---

[37] *See e.g., Saizan*, 448 F.3d at 800 (10% reduction for vagueness, duplicative work, and lack of billing judgment); *Walker v. United States HUD*, 99 F.3d 761, 770 (reducing fee award by 15% for lack of billing judgment); *Hopwood v. State of Texas*, 236 F.3d 256, 279 (5th Cir. 2000) (25% reduction based on inadequate time entries, duplicative work product, and lack of billing judgment); *Carroll v. Sanderson Farms, Inc.*, No. H- 10-3108, 2014 U.S. Dist. LEXIS 16890, 2014 WL 549380, at *23 (S.D. Tex. Feb. 11, 2014) (50% reduction when counsel failed to demonstrate billing judgment, majority of entries were vague and it was unclear whether fees were for clerical or legal work); *Cole v. Orleans Parish Sheriff's Office*, No. 11-2211, 2013 U.S. Dist. LEXIS 145389, 2013 WL 5557416, at *4 (E.D. La. Oct. 8, 2013) (50% reduction for failure to exercise billing judgment).
[38] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).

"[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant."[39] Importantly, "the lodestar amount may not be adjusted due to a *Johnson* factor if the creation of the lodestar amount already took that factor into account."[40] At no point does Plaintiff overcome this "presumption" of the lodestar's reasonableness, merely discussing several of the factors in a conclusory manner.

1. **Time and Labor Required.**

Plaintiff requests to enhance the lodestar amount because she and her counsel spent more than five years litigating this case.[41] First and foremost, this is misleading to the Court, as many of the delays in the case were a product of agreements between the parties where the case was not actively litigated. In addition, this amount was already requested through Plaintiff's fee petition. Providing an enhancement based on this factor would be indicative of the double counting warned of and set forth in *Saizon*.[42]

2. **Novelty and Difficulty of the Questions**

Plaintiff requests to enhance the lodestar amount because her case presented novel issues regarding abortion-related speech.[43] However, the Supreme Court has significantly limited the use of the second factor for enhancement purposes because it is presumptively accounted for in the base lodestar calculation.[44] Providing an enhancement based on this factor would be indicative of the double accounting warned of and set forth in *Saizon*.[45]

3. **Skill Requisite to Perform the Legal Service Properly**

---

[39] *Id.* at 553 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Blum v. Stenson*, 465 U.S. 886, 898 (1984)).
[40] *Saizon v. Delta Concrete Prods. Co.*, 448, F.3d 795, 800 (5th Cir. 2006).
[41] Plffs. Mtn. at 22.
[42] *Saizon*, 488 F.3d at 800.
[43] Plffs. Mtn. at 22.
[44] *See Purdue v. Kenny A.*, 559 U.S. 542, 553 (2010)
[45] *Saizon*, 488 F.3d at 800.

Plaintiff requests to enhance the lodestar amount because the case required Plaintiff to retain attorneys skilled in labor and employment law.[46] However, the Supreme Court has significantly limited the use of the third factor because it is accounted for in the base lodestar amount.[47] Providing an enhancement based on this factor would also be indicative of the double accounting warned of and set forth in *Saizon*.[48]

### 4. Customary Fee

Plaintiff makes a two-faced allegation that it's counsel on one hand charged a reasonable rate whilst simultaneously contending their rate request is "below market" rate and that this warrants an upward adjustment to the lodestar calculation.[49] This basis as a request for lodestar increase she be disregarded as such. In addition, providing an enhancement based on this factor would also be indicative of the double accounting warned of and set forth in *Saizon*.[50]

### 5. Whether Fee is Fixed or Contingency

Plaintiff extensively details the payment structure between client and third party attorneys, but does not offer anything further as to meet their burden that an enhancement is required because of said structure.[51] What Plaintiff describes is most akin to a contingency fee agreement, to which the Supreme Court has held that "the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees."[52]

### 6. Amount Involved and the Results Obtained

---

[46] Plffs. Mtn. at 23.
[47] *See Delaware Valley*, 478 U.S. at 565 (1986).
[48] *Saizon*, 488 F.3d at 800.
[49] Plffs. Mtn. at 23.
[50] *Saizon*, 488 F.3d at 800.
[51] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).
[52] *Walker v. United States HUD*, 99 F.3d 761, 772 citing *Shipes*, 987 F.2d at 320.

DEFENDANT TWU LOCAL 556'S RESPONSE TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiff hangs their hat on this Johnson factor as its basis for increasing the lodestar.[53] Ironically, the caselaw cited by Plaintiff's entail a reduction of attorneys' fees "where the plaintiff achieved only limited success."[54] As noted above, this case was only a partial success, as numerous claims disappeared on motions to dismiss.

Furthermore, an increase based on this factor is only appropriate in "rare cases" when the "fee applicant can demonstrate that it is customary in the area for attorneys to charge an additional fee above their hourly rates for an exceptional result."[55] To this effect, Plaintiff offers no evidence.

### 7. Experience, Reputation, and Ability of the Attorneys

Plaintiff only offers this request to the court in conclusory manner, presenting no argument or basis warranting an enhancement.[56] Plaintiff does not offer anything further as to meet their burden that an enhancement is required and should therefore be denied.[57] In addition, the Supreme Court has significantly limited the use of this factor for enhancement because it is presumptively accounted for in the base lodestar amount and the reasonable rate for the services rendered.[58]

### 8. Undesirability of the Case

In conclusory fashion, Plaintiff claims that the "case might be deemed undesirable given the difficulty of taking on [Defendants], and the controversial nature of the issues involved."[59] On the contrary, this case was desirable and sought out by Plaintiff's counsel, The National Right to Work Foundation, whose "mission" is allegedly to "eliminate coercive union power and

---

[53] Plffs. Mtn. at 23.
[54] *Hensley v. Eckerhart*, 461 U.S. 424 (1983)
[55] *Walker*, 99 F.3d at 771–72 (5th Cir. 1996), quoting *Shipes*, 787 F.2d at 322.
[56] Plffs. Mtn. at 24.
[57] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).
[58] *See Delaware Valley*, 478 U.S. at 565 (1986).
[59] Plffs. Mtn. at 24.

compulsory unionism."[60] Yet again, Plaintiff fails to offer anything further as to meet their burden that an enhancement is required and should therefore be denied.[61]

### 9. Nature and Length of the Professional Relationship with the Client.

Plaintiff requests to enhance the lodestar amount based on a "five-year" relationship, namely the time to pursue the claims.[62] Yet again, Plaintiff fails to offer anything further as to meet their burden that an enhancement is required and should therefore be denied.[63]

### III.   CONCLUSION

The Union objects and seeks reductions as follows:

1. Reduction of attorneys' fees request of $2,262,437.89 by $891,334.75—$1,068,857.50 for the following:

    a. Pre-suit costs - $26,930.00
    b. Unrelated/unnecessary EEOC work - $37,071.50
    c. Dismissed Claims - $157,662.50
    d. Denied Motion for MSJ - $232,900.00
    e. Denied Motions to Compel - $392,390.00
    f. Reduction for duplicative Trial Work by 10-50% - $44,380.75--$221,903.75

2. Reduction of new amount of $1,371,103.14--$1,193,580.39 by 30% for consistent block and duplicative billing.

3. Deny Plaintiff's request for lodestar enhancement.

4. Plaintiff further requests and incorporates any additional fee reductions as requested by SWA.

---

[60] Nrtw.org/about/
[61] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).
[62] Plffs. Mtn. at 24.
[63] *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010).

| | |
|---|---|
| **DATED: JANUARY 9, 2023** | **RESPECTFULLY SUBMITTED,** |

                              **CLOUTMAN & GREENFIELD, PLLC**
                              6217 Bryan Parkway
                              Dallas, Texas 75214
                              214.642.7486

                              */s/ Adam S. Greenfield*_____
                              Adam S. Greenfield
                              Email: agreenfield@candglegal.com
                              Bar No.: 24075494

                              *\*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

                              Edward B. Cloutman, III
                              State Bar No. 04411000
                              Email: ecloutman@lawoffices.email

                              **LAW OFFICES OF EDWARD CLOUTMAN, III**
                              3301 Elm Street
                              Dallas, Texas  75226-1637
                              214.939.9222
                              214.939.9229 Facsimile

                              **COUNSELS FOR DEFENDANT TWU LOCAL 556**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument has been served upon all parties on the  9th  day of January, 2023.

                              */s/ Adam S. Greenfield*_____
                              Adam S. Greenfield