# EXHIBIT 2

| | |
|---|---|
| **From:** | Matthew B. Gilliam |
| **Sent:** | Tuesday, May 2, 2023 5:41 PM |
| **To:** | 'McKeeby, Paulo B.'; Morris, Brian K. |
| **Cc:** | Matt Hill; Bobby Pryor; Stanbery, Rhonda L. |
| **Subject:** | RE: Carter v. Southwest Airlines, et al. |

Paulo and Brian,

I'm sending this list to confirm the items we discussed in our phone call earlier today, and to provide you with a list of the requests we made at the meeting. As discussed, the privilege log produced does not provide sufficient information to evaluate whether the described documents are privileged as claimed. While we cannot confirm that, even with all of the information described below, we would be able to determine the validity of the privilege claims, such information is the minimum that would be necessary to potentially establish that validity. We hope you will agree to provide all of this information so we can narrow the issues that must be presented to the Court.

1) Privilege Log
   - PL #'s 1-20, 25-47: Can you provide more detail to show that the communications "regarding compliance with court order and content of employee communications" involve attorneys giving legal advice or a manager seeking legal advice on a subject such as whether the IIOTG Memo complies with the Court order?
   - PL #'s 38, 48-50, 53, 60: We do not see how "status" of communications with Local 556, status of Court required communications, or the "form" of a communication involve confidential communications regarding legal advice or assistance. As written, "Status" and "Form" are too vague to support any privilege because they don't tell us anything about how these communications involve legal advice. We are seeking more description to understand how these communications involve legal advice.
   - PL #'s 54-59: Our position is that "discussions between southwest management employees and in-house legal team regarding Court-required communications to employees" does not establish that managers (non-attorneys) were making these communications for the purpose of seeking legal advice. While attorneys might have received these emails, that does not automatically make them privileged, and none of these communications include a response from those attorneys. Is there additional information you can disclose that will confirm these documents were privileged?
   - PL # 14, 38: (1) Confirm that these correspond to Show Cause Bates-Labeled Document Nos. 4 and 9; and (2) Why would "Re" line be privileged? We do not see how the subject line constitutes a confidential communication made for purposes of seeking/giving legal advice.
   - PL #2: There is nothing in this communication indicating that Communications Manager Brandy King's "discussion of social media policy changes" or that she

**App.4**

- was seeking legal advice about that topic.
- Provide a subject line ("Re:" line) for all of the email communications in the privilege log.
- For each communication, can you identify whether it relates to the Recent Court Decision Notice or IIOTG Memo?
- Identify the attachments on the privilege log by Bates # and gives us the title, file name, author, most recent editor, and date of attachment (in addition to the "Re:" line).
- For the attachments identified on the privilege log, confirm whether you claim the privilege because they were attached to an email or because they are independently privileged.  If they are independently privileged, please provide a sufficient description of the document to establish that privilege.
- Can you clarify on your privilege log who the primary recipients were (i.e., in the "to" line) and which recipients were "cc'd"?
- Confirm whether you included all of any recipients who were "bcc'd."

2) Produce native drafts of the IIOTG Memo with metadata.
3) Paulo confirmed that there are no internal Reed Smith communications responsive to the order that have not been produced or identified.
4) Paulo confirmed that Southwest produced all responsive communications with Local 556.
5) For all the documents listed on the privilege log, if the Court finds that attorney client privilege applies, we think the crime-fraud exception would apply. We will ask the Court to review all of the documents in camera because we believe that they involve communications about violating the Court order. Are you opposed to such relief?
6) For any issues we cannot reach agreement on, we will file a motion to compel and incorporated brief supporting the motion and in response to Court order. For any issues where we believe there is not sufficient information to determine whether the privilege applies, we will ask the Court to review such documents in camera. We will also request that the response to motion be due at the same time as the Court's 5/12 date when your response to brief would be due. Are you opposed to such relief?

Given our Friday filing deadline, we would request that you let us know Southwest's position on these issues by the close of business tomorrow (May 3).  Should you wish to discuss any of this, please do not hesitate to let me know.

Thanks,
Matt

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are**

**not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

**From:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Sent:** Monday, May 1, 2023 6:42 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>; Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Matt Hill <mhill@pryorandbruce.com>; Bobby Pryor <bpryor@pryorandbruce.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Carter v. Southwest Airlines, et al.

That works.

**Paulo B. McKeeby**
Partner
Labor & Employment

pmckeeby@reedsmith.com
469-680-4227

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299
www.reedsmith.com

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Date:** Monday, May 01, 2023 at 5:38 PM
**To:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>, Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Matt Hill <mhill@pryorandbruce.com>, Bobby Pryor <bpryor@pryorandbruce.com>, Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Carter v. Southwest Airlines, et al.

EXTERNAL E-MAIL - From mbg@nrtw.org

We can make those times work. How is 2:00 p.m. central time?

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are**

not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.

External Signed

**From:** McKeeby, Paulo B. <PMcKeeby@reedsmith.com>
**Sent:** Monday, May 1, 2023 6:10 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>; Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Matt Hill <mhill@pryorandbruce.com>; Bobby Pryor <bpryor@pryorandbruce.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Carter v. Southwest Airlines, et al.

Yes. I am available after 1:30 central time other than from 4:00 to 5:00.

**Paulo B. McKeeby**
Partner
Labor & Employment

pmckeeby@reedsmith.com
469-680-4227

**Reed Smith LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: +1 469 680 4200
F: +1 469 680 4299
www.reedsmith.com

---

**From:** Matthew B. Gilliam <mbg@nrtw.org>
**Date:** Monday, May 01, 2023 at 5:06 PM
**To:** Morris, Brian K. <BMorris@reedsmith.com>
**Cc:** Matt Hill <mhill@pryorandbruce.com>, Bobby Pryor <bpryor@pryorandbruce.com>, McKeeby, Paulo B. <PMcKeeby@reedsmith.com>, Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** RE: Carter v. Southwest Airlines, et al.

EXTERNAL E-MAIL - From mbg@nrtw.org

Good afternoon, Brian and Paulo.

Could we schedule a phone call for tomorrow morning to discuss the privilege log, the documents Southwest produced, and issues related to the show cause order?

Thanks,

**App.7**

Matt

_____
**Matthew B. Gilliam**
Staff Attorney (*admitted and licensed to practice only in New York and West Virginia*)
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Ste. 600, Springfield, VA 22160
O: 703-770-3339  F: 703-321-9319
Email: mbg@nrtw.org  Web: www.nrtw.org

**NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged.  If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it.**

External Signed

**From:** Morris, Brian K. <BMorris@reedsmith.com>
**Sent:** Friday, April 28, 2023 5:24 PM
**To:** Matthew B. Gilliam <mbg@nrtw.org>
**Cc:** Matt Hill <mhill@pryorandbruce.com>; Bobby Pryor <bpryor@pryorandbruce.com>; McKeeby, Paulo B. <PMcKeeby@reedsmith.com>; Stanbery, Rhonda L. <RStanbery@reedsmith.com>
**Subject:** Carter v. Southwest Airlines, et al.

Hello. Please see the attached privilege log and documents bates labelled SWA SHOW CAUSE 001-010. Thank you.

**Brian K. Morris**
469.680.4226
BMorris@reedsmith.com

Reed Smith LLP
2850 N. Harwood St., Suite 1500
Dallas, TX 75201
+1 469 480 4200
Fax +1 469 680 4299

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us

**App.8**

immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

**App.9**