UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | | |
|---|---|---|
| CHARLENE CARTER, | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § | |
| SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, | § § § § § § § | |
| Defendants. | § | |

**SOUTHWEST AIRLINES CO.'S RESPONSE IN OPPOSITION TO CHARLENE CARTER'S (1) MOTION TO COMPEL DISCLOSURE AND REQUEST FOR *IN CAMERA* REVIEW OF DOCUMENTS AND (2) BRIEF RESPONDING TO THE COURT'S ORDER**

1

Charlene Carter ("Carter") insists that communications between and with Southwest Airlines Co.'s ("Southwest") legal counsel regarding the import of and efforts to comply with this Court's order are not privileged. It is unclear what level of specificity (short of waiver) would suffice to satisfy Carter's counsel. Indeed, when asked by Southwest's counsel what additional information would be sufficient for them to evaluate the privilege assertions, Carter's counsel demurred. Nevertheless, in the interest of expeditiously resolving the pending contempt motion, Southwest does not oppose Carter's request to submit the privileged communications in its privilege log for *in camera* inspection by the Court to ascertain the application of the privilege. Southwest would note that there is nothing in the record to support Carter's assertion that the privileged communications at issue were for the purpose of furthering criminal activity, and there is simply no evidence that the crime-fraud exception applies to the communications at issue.

Finally, the Court's show cause order states that Southwest was to produce certain documents and that Carter was entitled to file a brief addressing the import of that production. Nothing in the Court's order suggests there would be live witness testimony at the show cause hearing set for May 23. Yet Carter seeks to go well beyond producing documents and filing a brief, purporting to command the personal appearance of more than 11 individuals (many of whom are attorneys) at the show cause hearing. Southwest submits that this is well beyond what the Court's previous order contemplates and is wholly unnecessary for the Court to assess Carter's request for a contempt finding.

### I. SOUTHWEST AGREES TO PRODUCE THE COMMUNICATIONS IN ITS PRIVILEGE LOG FOR *IN CAMERA* INSPECTION BY THE COURT

Southwest maintains the privilege objections set forth in its privilege log and submits that it contains sufficient information to validate those objections. Nearly all of the communications

2

have counsel at both ends and specifically relate to Southwest's efforts to comply with the Court's order.

Nevertheless, prior to bringing the instant motion, Carter's counsel raised a series of objections to the content and form of Southwest's privilege log and production. Southwest endeavored to address most of Carter's concerns, such as by updating many parts of its privilege log to provide additional detail. However, Carter's motion demonstrates that those efforts were fruitless from the start, as she insists on a level of disclosure that would make nearly all privilege objections impossible to sustain and/or waived.[1]

Notwithstanding Southwest's compliance with its obligations in preparing the privilege log at issue, and without waiving any privilege as to other communications or documents not reflected in the privilege log, Southwest does not object to the Court's *in camera* review of the documents in question. Southwest believes that the materials demonstrate Southwest – as manifested in a deliberative process that involved its in-house and outside legal teams – took seriously its obligation to comply with the Court's order. Thus, in the interest of expeditiously completing the

---

[1] Indeed, as demonstrated by the excerpts below, the privilege log previously prepared by Carter in this case lacks anything close to the degree of specificity to which she would hold Southwest.

| Privilege | Format | Description | Date | From | To |
|---|---|---|---|---|---|
| Attorney/Client Priv.; Work Product | Email/PDF | Arbitration strategy | 4/19/2017 | JDJ | Carter |
| Attorney/Client Priv.; Work Product | Email/PDF/IMG | Termination of Carter's employment | 4/21/2017 | Carter | MBG |
| Attorney/Client Priv.; Work Product | Email | Termination of employment | 4/25/2017 | Carter | MBG |
| Attorney/Client Priv.; Work Product | Email | Termination of Carter's employment | 4/25/2017 | MBG | Carter |
| Attorney/Client Priv.; Work Product | Email | Local 556 email to Carter re Right to Work | 4/26/2017 | Carter | JDJ, MBG |
| Attorney/Client Priv.; Work Product | Email/PDF | Carter Facebook page pics, Work rules, Harassment Policy, Social Media Policy | 4/26/2017 | Carter | MBG |
| Attorney/Client Priv.; Work Product | Email/PDF | Core Group | 4/26/2017 | Carter | MBG |
| Attorney/Client Priv.; Work Product | Email/PDF | Core Group | 4/26/2017 | Carter | MBG |
| Work Product | Email/PDf | Hand Termination | 4/26/2017 | MLC | MBG |
| Attorney/Client Priv.: Work Product | Email | Carter's Facebook page and pictures | 4/26/2017 | Carter | MBG |
| Attorney/Client Priv.: Work Product | Email | President Stone's message to flight attendants re social media violations | 4/26/2017 | Carter | MBG |

US_ACTIVE-172838132.3

district court proceedings, Southwest does not object to producing the materials in its privilege log for the Court's *in camera* review so that it can assess the privileged nature of the communications.

However, as set forth below, Southwest notes that Carter makes no evidentiary showing to support her accusation of criminality or fraud, an assertion with absolutely no support. Thus, Carter does not meet her burden to demonstrate the application of the crime-fraud exception and the Court should not order it to produce documents to Carter on that basis.

**II.     THERE IS NO EVIDENCE TO SUPPORT APPLICATION OF THE CRIME-FRAUD EXCEPTION TO THE ATTORNEY-CLIENT PRIVILEGE**

Carter contends that, even if the materials at issue are privileged, the Court should order their production based on the crime-fraud exception. However, there is no evidentiary basis for the application of this limited exception to the attorney-client privilege.

The crime-fraud exception to the attorney-client privilege recognizes that a client does not have a legitimate interest in the confidentiality of legal advice sought to facilitate criminality. *See In re Int'l Sys. & Controls Corp. Securities Litigation*, 693 F.2d 1235, 1242 (5th Cir. 1982). Thus, the crime-fraud exception applies to communications made "in furtherance of [a] crime or fraud." *Glob. Tubing, LLC v. Tenaris Coiled Tubes, LLC*, 2021 U.S. Dist. LEXIS 58700, *16-17 (S.D. Tex. Mar. 26, 2021) (*citing United States v. Zolin*, 491 U.S. 554, 562-63 (1989); *see also Chandler v. Phx. Servs.*, 2020 U.S. Dist. LEXIS 15702, *5 (N.D. Tex. Jan. 30, 2020).

Mere innuendo and "bare allegations" are insufficient for the crime-fraud exception to apply. *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 2004 U.S. Dist. LEXIS 32856, *10-11 (N.D. Tex. Jan. 21, 2004). Rather, "[t]o invoke the crime-fraud exception, a party must establish a *prima facie* case that a crime has been committed." *Indus. Clearinghouse, Inc. v. Browning Mfg. Div. of Emerson Elec. Co.*, 953 F.2d 1004, 1008 (5th Cir. 1992). Moreover, the plaintiff must show that the "client's purpose is the furtherance of a future fraud or crime." *In re*

*Grand Jury Proceedings*, 43 F.3d 966, 972 (5th Cir. 1994). Finally, the crime-fraud exception only applies to those materials that relate to the alleged criminal or fraudulent conduct. *See In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005); *Fairchild v. Liberty Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 143125, *19 (E.D. Tex. Feb. 11, 2008).

Here, Carter does not identify any criminal or fraudulent conduct by any specific individual, or identify any factual basis to suggest that any of the disputed communications contain evidence of the same. The entire predicate for Carter's assertion that Southwest engaged in criminal or fraudulent is that it: (a) used the term "does" rather than "may" in its notice to employees that included the Court's judgment and jury form; and (b) separately communicated to employees uncontested facts regarding pre-litigation events and generalized statements regarding decency towards one's co-workers. While Carter believes these communications – even though accompanied by the judgment and verdict form – created some form of confusion, there is no basis for her assertion that they were criminal or fraudulent in nature. There is nothing to suggest that the communications were criminal or fraudulent, or that anyone at Southwest communicated with counsel for the *purpose* of committing a crime or fraud .*See In re Grand Jury Proceedings*, 43 F.3d at 972.

Finally, Carter suggests that the crime-fraud exception applies here because the communications themselves constituted a criminal (rather than civil) contempt of court. But even if the Court were to accept Carter's position that its notices to flight attendants somehow ran afoul of the Court's judgment, that would not support the extraordinary nature of a criminal contempt finding in this civil proceeding. *See Ravago Ams. L.L.C. v. Vinmar Int'l*, 832 F. App'x 249, 254-55 (5th Cir. 2020); *United States v. Rizzo*, 539 F.2d 458, 463 (5th Cir. 1976) (civil, rather than criminal, contempt may arise from "refusal to a commanded act."). Indeed, at this juncture,

5

criminal contempt proceedings are entirely improper and would constitute a due process violation. *See generally United States v. Puente*, 558 F. App'x 338, 342 (5th Cir. 2013).

### III. SOUTHWEST OBJECTS TO CARTER'S INTENTION TO ISSUE SUBPOENAS IN CONNECTION WITH THE SHOW-CAUSE HEARING

In her motion to compel, Carter and her counsel raise the prospect of issuing subpoenas and calling Southwest's lawyers and other Southwest employees as witnesses at the May 23, 2023 show cause hearing. In conference with Carter's counsel, he indicated Carter intended to issue subpoenas on all eleven of the individuals identified in Southwest's Show-Cause Notification pleading. Carter's motion to compel indicates that she also intends to issue a subpoena on counsel for Transport Worker's Union of America, Local 556.

Southwest objects to Carter's efforts to require witnesses at the show cause hearing and respectfully requests that Court provide guidance on this issue. First, given that the Court's show cause order required only that Southwest identify individuals who had some involvement in drafting the flight attendant notices, Southwest does not believe that live witnesses were contemplated by the Court's order, and should not be required. Live witness testimony would not advance the purposes typically associated with a civil contempt proceeding, which is merely obtain compliance with the Court's demands and to compensate a party for injury resulting from the claimed contempt. *See Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 400 (5th Cir. 1987). Such is particularly true here, where the Court can determine Southwest's substantial compliance with its judgment based on the text of two flight attendant notices at issue. Moreover, four of the individuals identified in Southwest's Show-Cause Notification pleading are lawyers, and requiring their testimony will necessarily raise complicated issues of attorney-client privilege

as to the scope and substance of responses to Carter's counsel's presumed examination.[2] *See generally Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999) ("Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances.").

Southwest does note that Paulo McKeeby and Chris Maberry, outside and inside counsel for Southwest, both intend to attend the show cause hearing and both were significantly involved in the drafting of the two flight attendant notices at issue. Absent guidance from the Court, Southwest objects to Carter's and her counsel's efforts to subpoena witnesses to attend the show-cause hearing.

Dated: May 9, 2023

Respectfully submitted,

/s/ *Paulo B. McKeeby*
Paulo B. McKeeby
State Bar No. 00784571
Brian K. Morris
State Bar No. 24108707
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, Texas 75201
Phone: 469-680-4200
Facsimile: 469-680-4299
pmckeeby@reedsmith.com
bmorris@reedsmith.com

**ATTORNEYS FOR DEFENDANT SOUTHWEST AIRLINES CO.**

---

[2] The breadth of Carter's request here is further illustrated by her intent to subpoena counsel for the Union and to examine the Union's counsel, and Southwest's, as to their preliminary communications about issuing a joint flight attendant notice. Such a joint notice was never issued. That Carter and her counsel would seek to examine witnesses, compelled to attend the show-cause hearing by subpoena, about a notice that was never sent reveals the extent of the evidence that Carter and her counsel perceive as relevant and the scope of evidence the Court would have to entertain if Carter is permitted to call all of the witnesses she apparently intends to call.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 9th day of May, 2023.

／s/ *Paulo B. McKeeby*
Paulo B. McKeeby