UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S MOTION AND INCORPORATED BRIEF REQUESTING THAT THE COURT ORDER DEFENDANT SOUTHWEST AIRLINES CO. TO PRODUCE EMPLOYEES FOR THE MAY 23, 2023 SHOW CAUSE HEARING, OR, IN THE ALTERNATIVE, TO PROVIDE CARTER WITH A LOCATION, DATE, AND TIME FOR CARTER TO SERVE SUBPOENAS ON THESE WITNESSES**

Pursuant to the Federal Rules of Civil Procedure, Rule 37, Plaintiff Charlene Carter ("Carter"), by and through her undersigned attorneys, hereby files this motion requesting that the Court order Southwest Airlines Co. ("Southwest") to produce the employees identified in its April 28, 2023 Show-Cause Notification Pleading[1] and May 4, 2023 privilege log[2] at the May 23, 2023 Show Cause hearing.[3] Alternatively, Carter requests that the Court order Southwest to provide her with a location, date, and time for Carter to serve each of these witnesses with a subpoena to attend the May 23 hearing, and disclose the home addresses for each witness.

The Court ordered Southwest to "[i]dentify for the Court and Carter's counsel all persons involved in crafting or approving the Recent Court Decision notice or the IIOTG Memorandum,

---

[1] Doc. 410.
[2] Doc. 412-1.
[3] Doc. 408.

1

whether employees, attorneys, or other persons," and produce related communications and drafts.[4] Southwest identified the following individuals[5] as "involved in the crafting or authorization" of the Recent Court Decision notice[6] and Inflight Information On the Go ("IIOTG") Memo[7]:

- Kerrie Forbes, Attorney in Southwest in-house legal department

- Kevin Minchey, Attorney in Southwest in-house legal department

- Chris Maberry, Attorney in Southwest in-house legal department[8]

- Brandy King, Southwest Managing Director of Public Relations

- Mike Sims, Southwest Managing Director of Inflight Crew Support & Services

- Rachel Loudermilk, Southwest Managing Director of Inflight Base Operations & Employee Engagement

- Meggan Jones, Southwest Senior Manager of Labor Administration in in-house legal department

- Cindy Hermosillo, Southwest Communications Advisor

- Melissa Ford, Southwest Director of Operations and Labor Communications

- Sonya Lacore, Southwest Vice President of Inflight[9]

- Brian Morris, Southwest outside counsel[10]

---

[4] Doc. 408, p.2 ¶¶ 1-3.
[5] Although Southwest included Paulo McKeeby, outside counsel for Southwest, Carter excludes him below given his representation that he will be present at the hearing without the need for a subpoena. Ex. 1, May 8-9 2023 Correspondence Regarding Service of Subpoenas (App.2).
[6] Doc. 383-2.
[7] Doc. 383-3.
[8] While Southwest's outside counsel has represented that Chris Maberry is "planning on attending the hearing," that does not adequately secure Mr. Maberry's attendance in these proceedings. Ex. 1 (App.2).
[9] Carter's counsel has Lacore's home address from its past efforts in 2022 to secure witnesses for trial, but Carter's counsel needs Southwest to confirm that it is still her home address. Carter requested this confirmation from Southwest, which they also refused to provide. Ex. 1 (App.1-2).
[10] Southwest includes outside counsel Brian Morris as a recipient of communications at issue on Southwest's privilege log. Doc. 412-1, p.2 (Privilege Log No. 13), p.3 (Privilege Log No. 20-21). Carter's counsel inquired whether Mr. Morris would be present at the May 23, 2023 Show Cause

Southwest cannot pretend it did not know the purpose of the Show Cause hearing was to examine Southwest witnesses involved in creating and approving the Recent Court Decision notice and IIOTG Memo. Carter's contempt motion requested that the Court "hold a show cause evidentiary hearing *at which all persons identified in response to Paragraph 1* [of the Court's April 28 Order] *must be present*, regarding why those Southwest officials and counsel who intentionally caused the company's violations of the Court's order should not be subject to monetary and other sanctions for intentionally violating the Court's order."[11]

Carter needs Southwest employees to appear as witnesses at the hearing to examine them regarding the content of *all* their communications (written and oral) related to Southwest's violation of the Court's orders. Even if Southwest's *documents* do not expressly state counsel's and managers' intent to skirt the Court's orders, Southwest managers and officials may have had relevant unwritten oral communications (e.g., in-person or by telephone) regarding the Notice and Memo. As evidence of that fact, Southwest's counsel McKeeby asked Transport Workers Union Local 556 counsel Cloutman to *call him* to discuss the Court's order to inform employees (instead of requesting an email response).[12] Persons who would commit malfeasance are often careful not to put such intentions and actions in writing.

Southwest's counsel has rejected Carter's requests to coordinate service of subpoenas for these employees to appear at the May 23 Show Cause hearing, as well as her requests for their home addresses, which would allow Carter another means for executing service. Nor did Southwest's

---

hearing or would be willing to accept his subpoena emailed to Mr. McKeeby and him on May 9, 2023, to appear at the hearing, but neither answered those questions. Ex. 1 (App.1-2). Therefore, Carter includes Mr. Morris here.

[11] Doc. 382, p.17 (emphasis added).
[12] Doc. 412-4, pp.6-8 (App.17-19).

counsel agree to accept service for such employees.[13] On May 8, 2023, Carter again asked Southwest's counsel if he would accept service for the Southwest employees, and, if not, to provide each of their addresses where they can be served. Southwest's counsel responded and indicated that he did not have authority to accept service on behalf of the Southwest employees or to provide their home addresses.[14] On May 9, Carter emailed subpoenas to Southwest's counsel for each of the witnesses, and also asked Southwest's counsel about coordinating a location, date, and time to serve each of the Southwest employees, but counsel responded that Southwest had not changed its position.[15]

Southwest exerts control over these witnesses as a party to these proceedings and as their employer. Therefore, Southwest should produce them for the May 23, 2023 Show Cause hearing.[16] Alternatively, Southwest should provide Carter a location, date, and time for Carter to serve each of these witnesses with a subpoena to attend the May 23 hearing. At a minimum, Southwest should provide Carter with home addresses for these employees. Carter also seeks such other and further relief to which the Court deems her entitled under law and equity.

Dated: May 10, 2023                               Respectfully submitted,

/s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510

---

[13] Ex. 1 (App.1-3).
[14] *Id*. (App.2-3).
[15] *Id*. (App.1-2).
[16] Notably, Southwest has previously refused to make employees available as witnesses in case proceedings, and this Court has recognized that Southwest exerts control over its employees and should make those witnesses available. Docs. 297, 303, 310, 320, 353, 366.

Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

    I hereby certify that Plaintiff's counsel, Matthew B. Gilliam and Matthew D. Hill, conferred with Defendant Southwest Airlines Co.'s counsel, Paulo B. McKeeby and Brian K. Morris, by telephone on May 2, 2023, regarding various subjects, including whether McKeeby would agree to accept service of subpoenas on behalf of the Southwest employees identified in its Show Cause Notification Pleading and its April 28, 2023 privilege log, to appear at the May 23 Show Cause Hearing as witnesses.

    On May 8, 2023, I emailed McKeeby again and asked whether he was willing to accept service for the Southwest employees, and, if he was not, to please provide each of their addresses where they can be served. Later that evening, McKeeby responded that, to the extent I needed an answer that day, he did not have authority to accept service on behalf of the Southwest employees or to provide me with their residential addresses. McKeeby stated that Chris Maberry, Southwest in-house counsel, and he were planning on attending the hearing. On May 9, 2023, I emailed McKeeby copies of the subpoenas for all witnesses, and, based on his response that he did not have authority to accept service on the prior day, I asked if the Southwest employees would authorize him to accept service of the subpoenas at all. I also asked if we could coordinate a location, date, and time when the Southwest employees could be served. I informed McKeeby that if Southwest is not willing to agree to produce the witnesses or provide a location, date, and time for each of the witnesses to be served, Carter would seek relief from the Court.

    On May 9, 2023, Mr. McKeeby informed me that Southwest's position had not changed and indicated that Southwest opposes this motion.

                                                                /s/ Matthew B. Gilliam

## Certificate of Service

I hereby certify that on May 10, 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam