# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>                Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>                Defendants. | Civil Case No. 3:17-cv-02278-X<br><br>**PLAINTIFF CHARLENE CARTER'S UNOPPOSED MOTION FOR LEAVE TO FILE A BRIEF IN RESPONSE TO DEFENDANT SOUTHWEST AIRLINES CO.'S MAY 12, 2023 BRIEF** |

Pursuant to Local Rules 7.1 and 56.7, Plaintiff Charlene Carter ("Carter"), by and through her attorneys, hereby files this Motion for Leave to File a Brief in Response to Defendant Southwest Airline Co.'s ("Southwest") May 12, 2023 "Brief Responding to Court Order."[1] Southwest's Brief is *not* the response the Court's April 18 Order allowed.[2] Carter requests the Court's leave to file a response brief because, contrary to what the Court's April 18, 2023 Order permitted,[3] Southwest's May 12 Brief argues for different remedies that fall short of Carter's requested relief, requests *ex parte* proceedings, and makes additional contested arguments and representations regarding the underlying issues in Carter's December 30, 2022 Contempt Motion[4] and her May 5, 2023 Motion to Compel.[5]

---

[1] Doc. 419.
[2] Doc. 408, p.2. Southwest filed the response allowed under the Court's April 18 Order on May 9. Doc. 414, pp.6-7.
[3] Doc. 408, p.2.
[4] Doc. 382.
[5] Doc. 411.

1

The Court's April 18, 2023 Order allowed Southwest to provide a brief in response to Carter's brief on "the impact of any evidence Southwest produces on Carter's motion for contempt."[6] Carter's May 5 Motion to Compel included her brief addressing the impact of what little evidence Southwest produced.[7] On May 9, 2023, Southwest filed its "Response in Opposition to Charlene Carter's (1) Motion to Compel Disclosure and Request for In Camera Review of Documents *and (2) Brief Responding to the Court's Order*,"[8] which responded to Carter's points about Southwest's evidence.[9] Southwest's May 12 Brief attempts to further respond to Carter's Contempt Motion[10] and Motion to Compel[11] despite having already made full-throated defenses of its conduct in its January 6,[12] and May 9, 2023 Responses.[13] Southwest filed its Brief without the Court's leave and, therefore, without affording Carter an opportunity to oppose the same or request an opportunity to file a reply.[14]

Substantively, Southwest's Brief is a request for the Court not to grant Carter's requested relief and instead award different remedies, and to modify the Show Cause proceedings with *ex parte* discussions. Southwest's Brief proposes that, instead of granting Carter's requested relief, the

---

[6] Doc. 408, p.2.
[7] Doc. 411, pp.21-23.
[8] Doc. 414, p.1.
[9] Doc. 414, pp.6-7.
[10] Doc. 382.
[11] Doc. 411.
[12] Doc. 394.
[13] Doc. 414, pp.4-6.
[14] If Southwest wanted to file the Brief it did, it should have first filed a request with the Court for leave to file a supplemental response to Carter's Contempt Motion and Motion to Compel. For instance, in Southwest's response to the Motion for Sanctions, filed January 6, 2023, it asked the Court to deny all requested sanctions. Doc. 394. Southwest's Brief now argues ("with fresh eyes and open minds") that certain sanctions are appropriate just not those requested by Carter. Doc. 419, pp.2, 4, 5. Southwest's change in positions, proposals, and requests might be appropriate in a supplemental response after obtaining leave of Court but not in the May 12 Brief, which Southwest improperly filed. Southwest has ignored the Court's rules of procedure and orders to file a response attempting to lessen the blow of sanctions for ignoring an order of the Court.

Court should award different remedies that fall short of Carter's requested relief.[15] Southwest's Brief, addressing Carter's Motion to Compel, now proposes, that the Court conduct *ex parte* discussions with Southwest's counsel and interview counsel regarding communications submitted for *in camera* review.[16] Southwest's Brief, addressing Carter's Motion for Sanctions, attempts to justify its violations of the Court's December 5, 2022 Order, offering further argument and representations regarding its non-compliance, which Carter contests.[17]

While the Court's April 18 Order gave Southwest an opportunity to respond to Carter's assessment of evidence, Southwest skirted the Court's Order and treated its filing as a further response to two motions which had already been fully briefed, raising new requests and arguments to which Southwest knows Carter cannot respond without leave. Accordingly, Carter requests the Court's leave to respond to and oppose: (1) Southwest's proposed remedies and their failure to resolve all of Carter's objections, (2) Southwest's request for *ex parte* proceedings, and (3) Southwest's characterizations and explanations for its actions, including its representations regarding its non-compliance with the Court's December 5, 2022 Order. The Court should grant Carter's Motion for Leave and allow Carter one day to file a brief in response to Southwest's May 12, 2023 Brief.

Dated: May 15, 2023                                         Respectfully submitted,

/s/ Matthew B. Gilliam
Mathew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense
Foundation, Inc.
8001 Braddock Road, Suite 600

---

[15] Doc. 419, pp.4-5.
[16] *Id*.
[17] *Id*. at pp.2-4.

Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296
mhill@pryorandbruce.com
PRYOR & BRUCE
302 N. San Jacinto
Rockwall, TX 75087
Telephone: (972) 771-3933
Facsimile: (972) 771-8343

*Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that, Plaintiff Charlene Carter's counsel, Matthew B. Gilliam, emailed counsel for Defendant Southwest Airlines Co., Paulo McKeeby and Andrew Ryan, on May 14, 2023, to discuss filing this motion for leave to respond to Southwest's May 12, 2023 Brief. In my email, I explained Carter's position that Southwest did not file its brief in accordance with the Court's April 18, 2023 Order, which allowed Southwest to file a brief responding to Carter's assessment of evidence produced in response to the Court's Order. I further explained the subject matters that Carter would like to address in her response brief. On May 15, 2023, Mr. McKeeby emailed me and responded that Southwest was unopposed to her motion for leave.

/s/ Matthew B. Gilliam

**Certificate of Service**

I hereby certify that on May 15, 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam