UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLENE CARTER, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § Civil Action No. 3:17-CV-2278-X <br> § <br> TRANSPORT WORKERS UNION § <br> OF AMERICA, LOCAL 556, and § <br> SOUTHWEST AIRLINES CO., § <br> § <br> *Defendants.* § | |

**ORDER DIRECTING SOUTHWEST TO SHOW CAUSE AND TO PROVIDE EXPEDITED BRIEFING ON CARTER'S MOTION TO COMPEL**

In addition to Charlene Carter's requested relief, the Court is considering ordering Southwest to send every individual that Southwest represented as being "involved in the crafting or authorization" of the relevant communications—Paulo McKeeby, Chris Maberry, Kerrie Forbes, Kevin Minchey, Brandy King, Mike Sims, Rachel Loudermilk, Meggan Jones, Cindy Hermosillo, Melissa Ford, and Sonya Lacore—to religious-liberty training.[1] Here's why: After the jury found that Southwest discriminated against Carter's federally protected religious speech, the Court ordered Southwest to "inform Southwest flight attendants that, under Title VII, [Southwest] ***may not*** discriminate against Southwest flight attendants for their religious practices and beliefs."[2] Instead, Southwest communicated the opposite of the jury's verdict, telling its flight attendants that the Court had ordered it to tell

---

[1] Doc. 410 at 1.

[2] Doc. 374 at 31 (emphasis added).

1

them that it "***does not*** discriminate" against its flight attendants.[3]  Southwest now "admits it was wrong to issue [that] statement."[4]  But there's more.  The same day, Southwest also sent a memorandum to all flight attendants deriding Carter's "inappropriate, harassing, and offensive communications" that "Southwest perceived [to be] in violation of several Company policies" and "remind[ed]" all employees to "consistently display[] [c]ivility" in a manner "[b]eyond [its] policies."[5]

Southwest's song and dance isn't new.  It has repeatedly pointed to its policies as a pretext for maligning Carter and violating her federally protected speech rights.  For instance, at trial, "Southwest clung to its policies."[6]  And in its post-verdict briefing, Southwest "earnestly recommit[ted] to following the same policies that got it in trouble with the jury."[7]  But, "whether or not Southwest followed its policies, it violated federal law."[8]  And, as the Court has repeatedly noted, "Southwest [continually] misses the point."[9]  Southwest's reversion to its policies to denigrate Carter and its stated belief that it does not discriminate against its flight attendants give the Court reason to believe that, once again, Southwest still hasn't gotten the message: Federal law trumps its policies.  As such, the Court believes that religious-liberty training may be an appropriate sanction to convey that message and to,

---

[3] Doc. 383-2 at 2 (emphasis added).

[4] Doc. 419 at 2.

[5] Doc. 383-3 at 2.

[6] Doc. 374 at 13 n.54.

[7] *Id.*

[8] *Id.*

[9] *Id.*

thereby, coerce compliance with the Court's injunctions in this case.[10]  Accordingly, at the hearing, Southwest is **ORDERED** to show cause why Southwest should not be required to send each person Southwest named as being "involved in the crafting or authorization" of the relevant communications to religious-liberty training.[11]

Further, before the Court is Carter's motion to compel Southwest to produce several individuals at the show-cause hearing.[12] [Doc. 416]. To the extent Southwest believes any of those individuals is not responsible for the relevant communications and should not be required to attend the hearing, Southwest may file a brief by May 18, 2023 at 3:00 PM responding to Carter's motion to compel and explaining why the identified individual is not responsible for the relevant communication and should not be required to attend the hearing. To the extent Southwest believes that it must rely on privileged information in that brief, Southwest may file an *ex parte* addendum explaining—with any relevant evidence—why the identified individual is not responsible for the relevant communication and should not be required to attend the hearing.

---

[10] *Cf.* Doc. 383-6 at 2–3 (requiring that new flight attendants—and apparently Carter—attend four weeks of training to ensure they understand Southwest's policies and practices for flight attendants).  Similarly, Southwest has demonstrated that it's new to the idea that federal law trumps its policies.  Given the novelty of free speech to Southwest, training may be necessary to ensure that Southwest knows how to respect federally protected speech rights.

[11] Doc. 410 at 1.

[12] In addition to the aforementioned individuals that Southwest identified, Carter adds Brian Morris and omits McKeeby.

3

**IT IS SO ORDERED** this 16th day of May, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE