UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Charlene Carter,** | § § § | Civil Case No. 3:17-cv-02278-X |
| Plaintiff, | § § § | |
| v. | § § | |
| **Southwest Airlines Co., and Transport Workers Union of America, Local 556,** | § § § § § § | |
| Defendants. | § § | |

**SOUTHWEST AIRLINES CO.'S PARTIAL OPPOSITION TO CHARLENE CARTER'S MOTION FOR ATTORNEYS' FEES**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT ........................................................................................................... 2

 A. The Court Should Reduce All of Counsels' Block Billed Entries By 30% ............ 3

 B. The Time Plaintiff's Three Attorney Spent Preparing for and Attending the Contempt Hearing Was Excessive and Duplicative ................................................ 5

 C. The Court Should Substantially Reduce the Fee Because Counsel Devoted Excessive Time to Multiple Unnecessary and Minimally Successful Submissions In Connection With the Contempt Proceedings ................................ 6

 D. The Time Plaintiff Spent Preparing the Motion for Attorneys' Fees Was Excessive and Unreasonable .................................................................................. 14

III. CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agredano v. State Farm Lloyds*,
  2021 U.S. Dist. LEXIS 176702 (W.D. Tex. Sep. 16, 2021) ......................................................3

*Barrow v. Greenville Indep. Sch. Dist.*,
  2005 U.S. Dist. LEXIS 34557 (N.D. Tex. Dec. 20, 2005) ........................................................3

*Combs v. City of Huntington*,
  829 F.3d 388 (5th Cir. 2016) ....................................................................................................5

*United States ex rel. Cook-Reska v. Cmty. Health Sys.*,
  641 Fed. Appx. 396 (5th Cir. 2016) ..........................................................................................3

*Dall. Indep. Sch. Dist. v. Woody*,
  2018 U.S. Dist. LEXIS 203682 (N.D. Tex. Nov. 30, 2018) ....................................................11

*Fathergill v. Rouleau*,
  2003 U.S. Dist. LEXIS 18310 (N.D. Tex. Oct. 14, 2003) ........................................................9

*Hagan v. Mrs Assocs.*,
  2001 U.S. Dist. LEXIS 6789 (E.D. La. May 15, 2001) ............................................................9

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..................................................................................................................5

*Hoffman v. L&M Arts*,
  2015 U.S. Dist. LEXIS 85882 (N.D. Tex. July 1, 2015) ..........................................................5

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ....................................................................................................5

*Lamar Fin. Corp. v. Adams*,
  918 F.2d 564 (5th Cir. 1990) ....................................................................................................7

*Leroy v. Houston*,
  906 F.2d 1068 (5th Cir. 1990) ..................................................................................................5

*Lewallen v. City of Beaumont*,
  2009 U.S. Dist. LEXIS 62503 (E.D. Tex. July 20, 2009) ......................................................14

*McClain v. Lufkin Indus.*,
  649 F.3d 374 (5th Cir. 2011) ....................................................................................................2

*Mediq PRN Life Support Servs. v. Univ. Rehab. Hosp.*,
  2003 U.S. Dist. LEXIS 15423 (E.D. La. Aug. 20, 2003) ..........................................................11

*Millennium Rests. Grp., Inc. v. City of Dall.*,
  2002 U.S. Dist. LEXIS 7998 (N.D. Tex. May 1, 2002) ............................................................2

*Portillo v. Cunningham*,
  872 F.3d 728 (5th Cir. 2017) ......................................................................................................2

*Prater v. Commerce Equities Mgmt. Co.*,
  2008 U.S. Dist. LEXIS 98795 (S.D. Tex. Dec. 8, 2008) ..........................................................14

*Riley v. City of Jackson*,
  99 F.3d 757 (5th Cir. 1996) ........................................................................................................2

*Spriggs v. Thomas*,
  2021 U.S. Dist. LEXIS 128864 (N.D. Tex. June 22, 2021) .......................................................7

*Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*,
  2008 U.S. Dist. LEXIS 68680 (N.D. Tex. Aug. 29, 2008) ........................................................9

*United Healthcare Sevices v. Next Health*,
  2021 U.S. Dist. LEXIS 197668 (N.D. Tex. Sep. 15, 2021) .......................................................9

*Valdepena v. Nuestro Sagardo Corazon Primary Home CARE Inc.*,
  2022 U.S. Dist. LEXIS 192863 (S.D. Tex. Sep. 15, 2022) .......................................................3

*Wherley v. Schellsmidt*,
  2014 U.S. Dist. LEXIS 96763 (N.D. Tex. July 16, 2014) .........................................................5

I.      **INTRODUCTION**

While Southwest Airlines Co. ("Southwest") does not dispute the entitlement of Plaintiff Charlene Carter ("Plaintiff" or "Carter") to fees in connection with the contempt proceeding, the amount requested by Carter should be significantly reduced. Southwest previously agreed to pay Plaintiff's reasonable attorney's fees in connection with her contempt motion. Doc. No. 419. However, Southwest respectfully submits that Carter fee request is, in substantial part, excessive rather than reasonable.

Plaintiff initiated contempt proceedings in this action based on the wording of Southwest's December 20, 2022 Email Notice and In Flight On the Go ("IOTG") memorandum (collectively, "Notices"). In connection with these proceedings, the Court held approximately 9 hours of hearing (approximately 3 hours of which occurred *ex parte* without Plaintiff's participation) during which Mr. Pryor examined four members of Southwest's legal team, Mr. Gilliam made a closing argument, and Mr. Hill displayed exhibits. Doc. Nos. 434, 464. On August 7, 2023, this Court ordered Southwest to pay Plaintiff's reasonable attorneys' fees. Now, Plaintiff seeks a fee award for nearly 500 hours of attorney time totaling approximately $180,000. Plaintiff's requested fee award is excessive and unreasonable.

First, a large portion of the time entries for which Plaintiff seeks fees are block billed, rendering it impossible for Southwest or the Court to assess the amount of time spent on particular tasks (on a single day and/or during the totality of the contempt proceedings). This Court previously reduced a fee request from Plaintiff by 30% for this reason and it should do the same here.

Second, Plaintiff filed numerous unnecessary and/or only minimally successful motions and other submissions in of the course of these contempt proceedings. Not only did these filings do little to assist the Court in resolving the question of contempt, but the time counsel spent preparing these submissions was excessive. Indeed, As set forth more detail below, counsel spent unreasonable

amounts of time in connection with nearly every significant aspect of these contempt proceedings and should not be compensated for having done so. Counsels' submissions in the contempt proceedings, even when partially successful, did nothing to advance Plaintiff's interest in this case.

Finally, Carter devoted significant time to arguments and issues that the Court ultimately declined to accept. Among other things, Plaintiff repeatedly advanced the argument that the Court could and should hold Southwest and its attorneys in criminal contempt even absent the due process protections that are attendant to such proceedings. Similarly, Plaintiff repeatedly accused Southwest's attorneys of engaging in some unspecified form of criminality and/or fraud and on that basis argued that it waived the attorney-client privilege. Despite Plaintiff's repeated and laborious efforts to advance these arguments, the Court properly rejected them. Thus, the Court should substantially reduce any fee award based on these and other arguments Carter unsuccessfully advanced.

## II. ARGUMENT

"The first task in calculating attorney's fees is determining the reasonable number of hours expended[.]"[1] *Millennium Rests. Grp., Inc. v. City of Dall.*, 2002 U.S. Dist. LEXIS 7998, *7 (N.D. Tex. May 1, 2002). "The fee applicant bears the burden of proving that the number of hours ... for which compensation is requested is reasonable." *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).

In determining the reasonable number of hours expended, "excessive, duplicative, or inadequately documented work must be excluded." *McClain v. Lufkin Indus.*, 649 F.3d 374, 381 (5th Cir. 2011); *see also Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017). Moreover, courts may adjust a fee awarded based on numerous factors, including the moving party's degree

---

[1] Because this Court previously approved counsels' hourly rates in this action, Southwest does not contest them here.

2

of success, failure to exercise billing judgment; and/or vague or otherwise inadequate documentation of worked performed (*e.g.*, ambiguous time entries, block billing, etc.). *See, e.g.*, *United States ex rel. Cook-Reska v. Cmty. Health Sys.*, 641 Fed. Appx. 396, 399 n.7 (5th Cir. 2016); *Agredano v. State Farm Lloyds*, 2021 U.S. Dist. LEXIS 176702, *7 (W.D. Tex. Sep. 16, 2021). Finally, courts decline to award fees for time spent preparing unsuccessful or unnecessary pleadings, motions, discovery requests, and other court filings. *Agredano*, 2021 U.S. Dist. LEXIS 176702, *7; *Valdepena v. Nuestro Sagardo Corazon Primary Home CARE Inc.*, 2022 U.S. Dist. LEXIS 192863, *14 (S.D. Tex. Sep. 15, 2022) (courts will "deduct time spent on unsuccessful, unfounded, or unnecessary pleadings, motions, discovery requests, and memoranda."). As set forth herein, the Court should only award Plaintiff a substantially reduced fee due to counsels' block billing, duplicative work, excessive time spent on various (and often unnecessary) tasks and advancing of unmeritorious arguments.[2]

### A. The Court Should Reduce All of Counsels' Block Billed Entries By 30%

"Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation." *United States ex rel. Cook-Reska v. Cmty. Health Sys.*, 641 Fed. Appx. 396, 399 n.7 (5th Cir. 2016). When time is block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus hindered in determining whether the hours billed are reasonable. *Barrow v. Greenville Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 34557, *11–12 (N.D. Tex. Dec. 20, 2005).

Mr. Hill and Mr. Pryor request $56,628 in attorneys' fees for 131.7 hours of work. However, a large portion of their time is block billed, making it impossible to assess how much time counsel spent on each specified task, and whether that time was reasonable. *See, e.g.*, App.

---

[2] Southwest includes a summary of the time entries that it asks the Court to reduce or eliminate in the attached spreadsheets along with a suggested reduction in the requested fee. SWA App. Exhs. 1-7.

48-51 (12/20/23, 5/14/23, 5/16/23, 5/18/23, 7/14/23, and 8/7/23 Pryor time entries; 12/20/23, 12/28/23, 12/29/23, 12/30/23, 5/16/23, 5/17/23, 5/18/23, 5/19/23, 5/22/23, and 8/15/23 Hill time entries). For example, Mr. Pryor's and Mr. Hill's records include entries such as:

- Review SW brief re Court order; review file re the same; review authorities re the same; review Court's order to determine propriety of response; emails and confs re SW brief; emails and teleconfs w/M. Gilliam re status, strategy, show cause hearing and responding to SW brief; drafting comments for motion for leave to file response to SW brief re Court order; draft comments for substantive response to SW brief re Court order; review file re the same; teleconfs w/M. Gilliam re the same; additional review and revision of motion for leave; emails re the same. App. 49 (5/14/23 Pryor time entry).

- Review and comment on proposed email to P. McKeeby and A. Ryan re subpoenas for show cause hearing; confs. w/ M. Gilliam re witness issues; email M. Gilliam re witness issues; review and comment on proposed email to union re witness issues; email M. Gilliam re process server timing; review and sign subpoenas; email M. Gilliam update re service of subpoenas; email M. Gilliam re service of B. Morris timing; email M. Gilliam re proposed email to union; conf. w/ B. Pryor and M. Gilliam re court's order re religious liberty training; email process server re cancellation of service. App. 49 (5/16/23 Hill time entry).

- Review communications produced by union; conf. w/ M. Gilliam re same; email B. Pryor re same; email documents to paralegal for inclusion in hearing notebook; review cases re Southwest's argument on ultimate employment actions; conf. w/ M. Gilliam re arguments responding to Southwest's brief; review and comment on brief re religious liberty training; confs. w/ M. Gilliam re brief; prepare presentation of documents to be used at hearing. App. 50 (5/22/23 Hill time entry).

Mr. Pryor and Mr. Hill request at least $29,776.50 for 64.7 hours (42.2 for Pryor, 22.5 for Hill) of attorney time associated with block billed entries. Due to counsels' disfavored billing practice, Southwest cannot determine the time spent on each of the specified task or assess whether that time (in connection with the specific entry or as a whole) is reasonable.

It is these sorts of entries that caused the Court to "reduce the dollar amount of Carter's block billed fees by 30%" in connection with a prior fee motion. Doc. No. 373, p. 4. The Court should do the same here and reduce the number of hours for all block billed entries by at least

4

30%. *See generally Hoffman v. L&M Arts*, 2015 U.S. Dist. LEXIS 85882, *27 (N.D. Tex. July 1, 2015) (reducing hours by 30% to "account for block billing").

### B. The Time Plaintiff's Three Attorney Spent Preparing for and Attending the Contempt Hearing Was Excessive and Duplicative

Plaintiff seeks attorneys' fees for 144.4 hours of attorney time spent preparing for and attending nine hours of contempt hearings. The Court should substantially reduce these hours because three experienced attorneys preparing for and attending the hearing was excessive and duplicative.

In calculating a fee award, the courts exclude work that excessive or duplicative. *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "Hours which, though actually expended, nevertheless ... result from the case being 'overstaffed,' are *not* hours 'reasonably expended.'" *Leroy v. Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized." *Wherley v. Schellsmidt*, 2014 U.S. Dist. LEXIS 96763, *9 (N.D. Tex. July 16, 2014) (*quoting Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)). "This court has disallowed on this basis time expended by multiple attorneys who attended trial unnecessarily." *Id.* (disallowing fees for second attorney who attended 3 ½ day trial because services were duplicative). Awarding fees for multiple attorneys to participate in trial or other proceedings is particularly inappropriate when one of the appearing attorneys has significant experience. *See id.* at *10 (in refusing to award fees for second attorney to participate in trial, emphasizing that counsel had 15 years of experience).

Here, each of Carter's three attorneys who attended the contempt hearing has more than a decade of experience and was fully capable of handling the proceeding independently. Nevertheless, Plaintiff seeks fees for the time all three of her attorneys spent preparing for and

5

attending the hearing even though two of them (Mr. Gilliam and Mr. Hill) played minimal roles in the proceedings. Mr. Pryor handled all of the witness examinations. In contrast, Mr. Hill's role was limited to displaying exhibits from his computer, a task that a non-lawyer could have handled; and Mr. Gilliam's role was to make a brief closing argument at the conclusion of the contempt hearing. Despite Mr. Hill's and Mr. Gilliam's limited roles, they recorded 30.8 hours and 72.2 hours, respectively, preparing for and attending the contempt 9 hour contempt hearing,[3]

Given the limited number of witnesses Plaintiff called (4), the short duration of the hearing, and the minimal roles of Mr. Hill and Mr. Gilliam, the work they performed preparing for and appearing at the hearing was unreasonable and duplicative. Considering this, the Court should reduce Mr. Gilliam's and Mr. Hill's preparation and hearing attendance time by 50%.

      **C.**     **The Court Should Substantially Reduce the Fee Because Counsel Devoted Excessive Time to Multiple Unnecessary and Minimally Successful Submissions In Connection With the Contempt Proceedings**

In the lead up to the contempt hearing, Plaintiff's counsel expended significant time filing a slew of motions, reply briefs, and other submissions. As set forth below, Plaintiff only achieved minimal success in connection with the various pre-hearing filings, and the time counsel devoted to them was excessive

***Motion to Compel Disclosure and Request for In Camera Review*** **(Doc. No. 411)** – On April 10, 2023, the Court ordered Southwest to, among other things, produce to Plaintiff non-privileged communications regarding the Notices and drafts of the Notices. Doc. No. 407 at 2. The Court directed Southwest to include all withheld privileged documents on a privilege log.

Southwest produced documents and a privilege log to Carter on ***April 28, 2023***. Doc. No. 410. Strangely, Mr. Gilliam claims to have spent 5.1 hours researching for and preparing a motion

---

[3] Notably, all three of Carter's attorneys were excused from the courtroom for approximately 1/3 of the hearing during the *ex parte* session.

6

to compel Southwest to produce documents it identified as privileged on ***April 26-27, 2023***, ***two days before Southwest's production***. App. 12 (4/26/23 and 4/27/23 Gilliam time entries). That is not all. Southwest produced documents and its privilege log at 5:24 p.m. EST (Mr. Gilliam works in Washington, D.C.). However, Mr. Gilliam claims that he spent 7.8 hours that day analyzing Southwest's production and privilege log and researching and drafting a motion to compel production. Even assuming Mr. Gilliam began work immediately upon receipt of Southwest's production and worked through midnight, there was not enough time in the day to do 7.8 hours of work. App. 12 (4/28/23 Gilliam time entry). At best, Mr. Gilliam's entries from April 26 – April 28 demonstrate that he decided to move to compel and to contest Southwest's privilege assertions *prior* to even viewing the production and privilege log. Moreover, Mr. Gilliam's pre-production entries call into question the good faith nature of counsels' post-production meet and confer efforts (for they seeks fees). App 13 (5/1/23, 5/2/23, and 5/3/23 Gilliam time entries); App. 48 (5/2/23 Hill time entry). This may explain why despite Southwest's efforts to addresses Plaintiff's concerns regarding the production, Plaintiff filed a motion to compel on May 5, 2023.

      Carter devoted nearly half of her motion to compel to accusing Southwest and its counsel of engaging in unspecified criminality and fraud in support of the contention that the crime fraud exception applied and thus Southwest waived the attorney-client privilege. Doc. No. 411, pp. 7, 14-21. Carter went on to urge that the defective Notices warranted the imposition of criminal contempt sanctions even though none of the procedures up until that point were consistent with the requirements for criminal contempt. *See Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990) (in order to impose criminal contempt, "the contemnor must be given notice that the proceedings are of a criminal nature" and "[t]ypically this notice must be explicit."); *Spriggs v. Thomas*, 2021 U.S. Dist. LEXIS 128864, *10 (N.D. Tex. June 22, 2021) (criminal contempt must

7

be accompanied by "full criminal process, including the right to adequate notice; the right to a public trial; the right to a jury trial in cases where punishment exceeds six months in jail or other 'serious' criminal consequences; the privilege against self-incrimination; the presumption of innocence; and proof of guilt beyond a reasonable doubt.") (internal citations omitted)). Alternatively, Carter requested at the Court compel Southwest to submit documents on its privilege to the Court for *in camera* review to assess the applicability of privilege. Doc. No. 411, pp. 5-7, 14, 17-22.

In response, Southwest agreed to submit the documents identified on its privilege log "for *in camera* inspection by the Court to ascertain the application of the privilege." Doc. No. 414, p. 2. The Court ordered Southwest to produce the documents for inspection the following day. Doc. No. 415.

Southwest submitted 105 pages of communications for the Court's *in camera* review that Plaintiff claimed were not privileged and/or reflected efforts to facilitate criminal conduct. The Court found that only six pages of the 105 Southwest submitted contained some content that was not subject to privilege and ordered them produced. Doc. No. 422. These documents and Plaintiff's laborious efforts to secure their production was ultimately pointless, as Plaintiffs did not utilize any of these materials at the contempt hearing.

Plaintiff's counsel spent approximately 85 hours in connection with the motion compel that resulted in the production of 6 inconsequential emails. Specifically, Mr. Gilliam, Mr. Hill, and Mr. Pryor spent 75.2 hours, 8.5 hours, and 1.8 hours, respectively on the motion to compel; and Gilliam spent another 2.8 hours purporting to engage in good faith meet and confer efforts with Southwest regarding its production and the motion. App. 13 (5/1/23, 5/2/23, and 5/3/23 Gilliam time entries); App. 48 (5/2/23 Hill time entry); SWA App. 002. This expenditure of time was excessive,

8

particularly given the minimal relief obtained, and because Plaintiff devoted nearly half of her submission to arguments that were without merit and that the Court declined to adopt (*i.e.*, availability of criminal sanctions; crime-fraud exception). *See, e.g.*, *United Healthcare Servs. v. Next Health*, 2021 U.S. Dist. LEXIS 197668, *14-15 (N.D. Tex. Sep. 15, 2021) (40% reduction based on excessive time spent on motion); *Hagan v. Mrs Assocs.*, 2001 U.S. Dist. LEXIS 6789, *27-31 (E.D. La. May 15, 2001) (62.75 hours spent on discovery motion was excessive and awarding fees for only 25 hours); *Fathergill v. Rouleau*, 2003 U.S. Dist. LEXIS 18310, *23 (N.D. Tex. Oct. 14, 2003) (66% reduction because time spent in connection with motion was excessive). Even if counsel spent 85 hours in connection with the motion to compel, the minimal relief Plaintiff obtained and the irrelevance of the additional documents produced makes awarding fees for such a large block of time unwarranted. *See Ultimate Living Int'l, Inc. v. Miracle Greens Supplements, Inc.*, 2008 U.S. Dist. LEXIS 68680, *19 (N.D. Tex. Aug. 29, 2008) (Courts consider "whether counsels' expenditure of time was justified ***in light of the relief obtained, and the relationship between the relief sought and the relief obtained***."). (emphasis added)

In light of the above, the Court should deduct 70% from the time Plaintiff's counsel spent on and in connection with the motion to compel.

***Unopposed Motion for Leave to File a Brief in Response to Southwest's May 12, 2023 Brief*** **(Doc. No. 420)** – On May 15, 2023, Carter filed a ***three-page unopposed motion*** to respond to Southwest's May 12, 2023 filing offering to issue a revised notice and pay certain reasonable attorneys' fees. Doc. No. 420. The time entries make clear that counsel spent *at least* 16.5 hours preparing this three-page, unopposed submission. Specifically:

- Gilliam spent 13.4 hours on the unopposed motion. App. 14 (5/14/23 and 5/15/23 Gilliam time entries)

9

- Pryor spent *at least* 2.4 hours on the unopposed motion. App. 49 (5/15/23 Pryor time entry). Pryor's time entries reflect that he devoted some other unspecified amount of time to the unopposed submission. However, due to Pryor's block billing and vague entries, it is not possible to determine the amount of time spent. *See* App. 49 (5/14/23 Pyror 7.2 hour time entry for, among numerous other tasks, "teleconfs w/M. Gilliam re: ... responding to SW [May 12] brief"; "drafting comments for motion for leave to file response to SW brief re: Court order"; "draft comments for substantive response to SW brief re Court order"; "review file re the same"; "additional review and revision of motion for leave"; and "emails re: the same").

- Hill spent .7 hours on the unopposed three-page submission. App. 49 (5/14/23 and 5/15/23 Hill time entries).

Southwest submits that Plaintiff's unopposed submission should have taken no more than 4 total hours and did not necessitate the involvement of three experienced attorneys. Thus, the Court should reduce these entries by approximately 75%.

***Brief in Response to Southwest's May 12, 2023 Brief*** **(Doc. No. 428)** – On May 19, 2023, Carter filed a 9.5 page response to Southwest's May 12, 2023 brief. Plaintiff's counsel devoted approximately 27.7 hours to this brief. Specifically:

- Gilliam devoted 22.7 hours to the preparation of this brief. App. 14-15 (5/15/23, 5/16/23, 5/18/23, and 5/19/23 Gilliam time entries).

- Hill and Pryor devoted 2.1 and 2.8 hours to the brief, respectively. App. 49 (5/15/23 and 5/19/23 Hill time entries; 5/15/23 and 5/19/23 Pryor time entries).

Approximately half of Plaintiff's brief consisted of objecting to *ex parte* questioning regarding privileged matters at the contempt hearing (Doc. No. 428, p. 4); requesting monetary sanctions and the imposition of "civil and punitive" fines on Southwest's counsel to "penalize them for their violations" (*i.e.*, impose criminal contempt sanctions) (Doc. No. 428, p. 6); and arguing for the imposition of criminal contempt sanctions, including a "high six figure" penalty (Doc. No. 428, pp. 7-10). Carter did not prevail on any of these arguments. The Court did not impose monetary penalties or other criminal contempt sanctions, and it took testimony regarding privileged matters *ex parte*.

10

Given that Carter devoted half of her submission to matters on which she did not prevail, the Court should reduce the hours by 50% to account for her limited success. *See Mediq PRN Life Support Servs. v. Univ. Rehab. Hosp.*, 2003 U.S. Dist. LEXIS 15423, *13 (E.D. La. Aug. 20, 2003) (imposing a "50% reduction" to "reflect[] the defendants' degree of success on the Motion to Compel" and further 33% reduction for excessive, redundant, and unproductive hours); *Dall. Indep. Sch. Dist. v. Woody*, 2018 U.S. Dist. LEXIS 203682, *35-36 (N.D. Tex. Nov. 30, 2018) ("impos[ing] a 55 percent reduction (50 percent for degree of success and 5 percent for imperfect billing judgment).").

***Reply In Support of Plaintiff's Motion to Find Southwest in Contempt* (Doc. No. 399)** – On January 11, 2023, Plaintiff filed a 10-page reply brief supporting her motion to find Southwest in contempt. Plaintiff's reply brief recited the many of the arguments in her opening motion (*see* doc. no. 399, pp. 2-5, 9) and otherwise addressed Southwest's First Amendment arguments. Plaintiff's counsel spent 42.8 hours preparing this 10-page reply brief as follows:

- Hill and Pryor devoted .7 and .5 hours to the reply brief, respectively. App. 48 (1/6/23 and 1/9/23 Pryor time entry; 1/11/23 Hill time entry).

- Gilliam devoted 41.2 hours to the 10-page reply brief. App. 9 (1/7/23, 1/8/23, 1/10/23, and 1/11/23 Gilliam time entries).

Spending 42.8 hours on a 10-page reply brief is clearly excessive, particularly given that much of it recited arguments that that Plaintiff made in her opening motion. Notably, Plaintiff's counsel devoted significantly more time to this 10-page reply brief than it did on Carter's opening 23-page motion. *See* App. 7-8 (12/21/23, 12/26/23, 12/27/23, 12/28/23, 12/29/23, and 12/30/23 Gilliam time entries); App. 48 (12/27/23, 12/28/23, 12/29/23, and 12/30/23 Hill and Pryor time entries).

Given the excess time counsel spent preparing the reply brief, Southwest requests that the Court reduce the hours for this reply by 50%.

11

***Preparation and efforts to serve subpoenas; Motion to Compel Production of Witnesses for Show Cause Hearing* (Doc. No. 416)** – Pursuant to this Court's order, Southwest identified 12 individuals involved in preparing the Notices. Doc. No. 410. This included Mr. McKeeby, Mr., Morris, three members of Southwest's in-house legal department, and seven other Southwest employees. *Id.* Thereafter, Plaintiff's counsel insisted that all 12 of these individuals appear at the contempt hearing and began attempting to serve them with subpoenas. Plaintiff pursued these efforts despite the representation that Southwest's counsel would appear at the contempt hearing.

After being unable to effectuate service, Plaintiff filed a 3.5 page motion asking the Court to order Southwest to produce each of 11 individuals[4] at the contempt hearing. Doc. No. 416. According to Plaintiff, it was not enough that she be able to question Southwest's counsel regarding the Notices and its communications regarding the same. Rather, Plaintiff asserted she needed to examine 8 additional witnesses about the Notices and any potential oral communications regarding their issuance. Doc. No. 416, 3. Southwest opposed Plaintiff's motion arguing, among other things, that whether it complied with the Court's order could be assessed based on the materials in the record. Thus, it was entirely unnecessary for Plaintiff to call a dozen witnesses – many of whom had perfunctory involvement in preparing or issuing the Notices – to testify. Moreover, any testimony the witnesses could offer would involve privileged matters about which they could not be questioned in open court. Doc. No. 425. Nevertheless, Southwest agreed that Mr. Morris, Mr. Maberry, Ms. Forbes, and Mr. Minchey would appear at the hearing. Doc. No. 425, p. 6.

On May 18, 2023, the Court ordered Southwest to produce four employees – three members of its in-house legal team who had already agreed to appear, and Brandy King. Doc. No.

---

[4] Plaintiff stated that she did not move to compel Mr. McKeeby's attendance because he had already committed to appear.

427. Thus, by filing the motion to compel, Carter secured the attendance of only one witness (Ms. King) who had not already agreed to appear. The testimony and counsels' conduct at the contempt hearing illustrate the unnecessary nature of Carter's motion.

Ms. King is the only individual who the Court compelled to attend the hearing who did not voluntarily agree to appear before the Court's order. At the hearing, Ms. King testified that she never had any discussions regarding the content of the Court's judgment, nor did she ever independently read it. Contempt Hearing Tr. 109:6-110:10. Moreover, despite insisting that the Court make Mr. Morris appear for live questioning, Plaintiff did nothing to obtain testimony from him even though he was voluntarily present throughout the contempt hearing. Thus, not only did Carter's motion result in minimal relief, counsels' conduct at the hearing suggest an understanding that the testimony she sought to procure was unnecessary all along.

If there was any remaining doubt as to the needlessness of Carter's demand that that the various witnesses appear, the Court's contempt order removed it. In holding Southwest in contempt, the Court based its ruling not on the musings of counsel regarding the internal deliberations with respect to the Notices. Rather, the Court made its contempt order based on the written arguments and the content of the disputed Notices.

All told, Plaintiff devoted approximately 9.8 hours to attempting to serve the subpoenas and 8.7 hours asking the Court to compel witness attendance. App. 13-14 (4/28/23, 5/1/23, 5/8/23, 5/9/23, 5/10/23, and 5/16/23 Gilliam time entries); App. 49 (5/8/23, 5/9/23, 5/10/23, and 5/16/23 Hill time entries; 5/9/23, 5/10/23, and 5/16/23 Pryor time entries). Given that the result of the motion was to secure the attendance of a single person (the others the Court ordered to appear already agreed to do so) who provided minimal relevant testimony, the time spent attempting to obtain the attendance of numerous witnesses was disproportionate the degree success resulting

from those efforts. Thus, Southwest requests that the Court deduct 75% of the time Plaintiff spent preparing and seeking to serve subpoenas, and 75% of the time Plaintiff spent preparing her motion to compel.

### D. The Time Plaintiff Spent Preparing the Motion for Attorneys' Fees Was Excessive and Unreasonable

Plaintiff seeks fees for 38.5 hours on her 10-page motion for attorney's fees as follows:

- 33.3 hours for Mr. Gilliam. App. 19-21 (8/7/23, 8/8/23, 8/9/23, 8/14/23, 8/15/23, 8/16/23, 8/19/23, 8/20/23, and 8/21/23 Gilliam time entries).

- 5.2 hours for Mr. Hill. App. 51 (8/9/23, 8/15/23, 8/17/23, and 8/18/23 Hill time entries).

The time spent on this motion is excessive.

"Fee applications do not typically involve novel or complex legal issues and the fees claimed for preparing them will be reduced if excessive." *Prater v. Commerce Equities Mgmt. Co.*, 2008 U.S. Dist. LEXIS 98795, *20 (S.D. Tex. Dec. 8, 2008). Moreover, this is the *third* fee motion Plaintiff has filed in this action. *See* Doc. Nos. 368-369, 376-377, 475-476. At this juncture, Plaintiff should be well acquainted with the relevant case law and be readily capable of efficiently preparing a fee motion. Moreover, the instant motion only covers worked performed over a relatively short period of time and thus preparing it should have been minimally burdensome.

Given the straightforward nature of the fee motion and counsels' recent experience preparing them in this case, spending nearly 38.5 hours preparing this one is excessive and unreasonable. *See, e.g.*, *Lewallen v. City of Beaumont*, 2009 U.S. Dist. LEXIS 62503, *23-25 (E.D. Tex. July 20, 2009) (even where a fee motion covered "work performed over several years" the court awarded only 20 hours for the fee motion where counsel claimed 81.55 hours). Southwest requests that the Court apply a 50% reduction to time counsel spent preparing the pending fee motion.

14

### III. CONCLUSION

Counsels' time records reflect significant block billing and a failure to exercise billing judgment. Additionally, hours Plaintiff's counsel spent preparing various submissions in connection with the contempt proceedings are demonstrably excessive and unreasonable. Thus, Southwest requests the following hours and fee reductions for unnecessary and minimally successful submissions, block billing, and duplicative work related to hearing preparation and attendance:

| Tasks / Reasons for Which Reduction Is Sought | Requested Hours | Southwest Proposed Hours | Proposed Fee Reduction |
|---|---|---|---|
| Reply In Support of Plaintiff's Motion to Find Southwest in Contempt (Doc. No. 399) | 42.8 | 21.4 | $7,571.00 |
| Motion to Compel Disclosure and Request for In Camera Review (Doc. No. 411) | 85.5 | 25.65 | $20,710.55 |
| Preparation and efforts to serve subpoenas; Motion to Compel Production of Witnesses for Show Cause Hearing (Doc. No. 416) | 26.1 | 6.525 | $7,266.00 |
| Unopposed Motion for Leave to File a Brief in Response to Southwest's May 12, 2023 Brief (Doc. No. 420) | 16.5 | 4.125 | 4,615.88 |
| Brief in Response to Southwest's May 12, 2023 Brief (Doc. No. 428) | 27.7 | 13.85 | $5,100.00 |
| Hearing Preparation and Attendance for 3 Attorneys | 144.4 | 72.2 | $29,304.50 |
| Motion for Attorney's Fees (Doc. No. 475) | 38.5 | 19.25 | $6,854.50 |
| Block Billing | 64.7 | 45.3 | $8,932.95 |
| **Total** | **437.4** | **208.3** | **$90,355.38** |

Based on the above, the reasonable attorneys' fees are no more than $83,007.62 ($173,363 - $90,355.38)

Dated: September 11, 2023	Respectfully submitted,

	*/s/ Paulo B. McKeeby*
	Paulo B. McKeeby
	State Bar No. 00784571
	Brian K. Morris
	State Bar No. 24108707
	**REED SMITH LLP**
	2850 N. Harwood Street
	Suite 1500
	Dallas, Texas 75201
	Phone: 469-680-4200
	Facsimile: 469-680-4299
	pmckeeby@reedsmith.com
	bmorris@reedsmith.com

	**ATTORNEYS FOR DEFENDANT
	SOUTHWEST AIRLINES CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been filed via the Court's ECF system and all counsel of record have been served on this 11th day of September, 2023.

	*/s/ Paulo B. McKeeby*