UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| CHARLENE CARTER,<br><br>           Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., AND TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556,<br><br>           Defendants. | Civil Case No. 3:17-cv-02278-X |

**PLAINTIFF CHARLENE CARTER'S MOTION TO SUPPLEMENT
THE RECORD ON APPEAL AND INCORPORATED BRIEF**

Pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), Plaintiff Charlene Carter ("Carter"), through her counsel of record, moves the Court to certify and forward to the Fifth Circuit Court of Appeals the documents discussed herein for purposes of supplementing the record on appeal in Fifth Circuit Case No. 23-10836, Southwest's appeal (Doc. 470) from this Court's August 7, 2023 Memorandum Opinion and Order Granting Sanctions (Doc. 467) and its *Ex Parte* Addendum to Sanctions Order (Doc. 468).

Under Fed. R. App. P. 10(e)(2)(B), the district court may certify and forward a corrected or supplemental record to the court of appeals before or after the record has been forwarded if anything material is omitted from the record. The electronic record on appeal omits exhibits admitted into evidence at the contempt hearing as well as sealed *ex parte* documents that are relevant to the Fifth Circuit's consideration of the appeal in Fifth Circuit Case No. 23-10836 (Docs. 467, 468).

1

First, Carter requests that this Court certify and forward the following contempt hearing exhibits, all of which Carter admitted into evidence during the May 23, 2023 and July 20, 2023 contempt hearings (Docs. 434, 464):

| Exhibit Name/Number | Exhibit Title |
|---|---|
| Plaintiff's Exhibit 1 | Court April 18, 2023 Amended Order Setting Show-Cause Hearing and Requiring Discovery |
| Plaintiff's Exhibit 2 | Southwest December 2022 Email String (SWA Show Cause Docs. 019-021) |
| Plaintiff's Exhibit 5 | Southwest December 2022 Email String (SWA Show Cause Docs. 011-015) |
| Plaintiff's Exhibit 6 | Southwest December 2022 Email String (SWA Show Cause Docs. 037-039) |
| Plaintiff's Exhibit 7 | Southwest December 20, 2022 Recent Court Decision Notice |
| Plaintiff's Exhibit 8 | Southwest December 2022 Email String (SWA Show Cause Docs. 001-003) |
| Plaintiff's Exhibit 9 | Southwest May 4, 2023 Revised Privilege Log |
| Plaintiff's Exhibit 10 | Southwest December 20, 2022 Inflight Info On The GO ("IIOTG") Memo |
| Plaintiff's Exhibit 11 | Carter Counsel December 20, 2022 Letter to Southwest Counsel |
| Plaintiff's Exhibit 12 | Southwest Counsel December 28, 2022 Response Letter |
| Plaintiff's Exhibit 13 | Southwest December 2022 Email String (Southwest In Camera Docs. 0005-0009) |
| Plaintiff's Exhibit 14 | Southwest's January 6, 2023 Response to Carter's Motion to Find Southwest in Contempt |
| Plaintiff's Exhibit 15 | Southwest's May 12, 2023 Brief Responding to Court Order |
| Plaintiff's Exhibit 17 | Southwest December 2022 Email String (SWA Show Cause Docs. 027-029) |

| Plaintiff's Exhibit 18 | TWU Local 556 Executive Board August 4, 2022 Letter to Southwest |
|---|---|

Carter attaches and files the foregoing documents as exhibits to this motion.

Second, Carter requests that this Court certify and forward the Court's *ex parte* addendums to the sanctions orders (Docs. 468 and 469), Southwest's *ex parte* hearing exhibits (Docs. 479, 479-1 through 479-14), all *ex parte* testimony from the May 23 and July 20 contempt hearings, including the *ex parte* portions of hearing transcripts (Doc. 441) (Tr. 116:3-118:15); (Doc. 465) (Tr. 389:13-519:5), and all other contempt proceedings documents provided to the Court *in camera*.[1] All of these documents were previously filed on the Court's docket under seal or submitted to the Court *ex parte*.

Dated: September 25, 2023

Respectfully submitted,

/s/ Matthew B. Gilliam
Matthew B. Gilliam (*admitted pro hac vice*)
New York Bar No. 5005996
*mbg@nrtw.org*
c/o National Right to Work Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Tel: 703-321-8510
Fax: 703-321-9319

Bobby G. Pryor
State Bar No. 16373720
bpryor@pryorandbruce.com
Matthew D. Hill, Of Counsel
State Bar No. 24032296

---

[1] Notably, the Court has sealed the *ex parte* documents, the transcript of the *ex parte* proceedings and the *Ex Parte* Addendum Orders, such that Carter and her counsel cannot access or review them. Carter reserves the right to seek access to this information if Southwest's arguments contesting the Contempt Order (Doc. 467) involve the contents of these documents, hearings, and findings, such that it becomes necessary for Carter to access that information in order to respond or Carter otherwise determines a need for such information. Southwest's position is that Carter and her counsel do not have a right to access the *ex parte* documents.

3

           mhill@pryorandbruce.com
           PRYOR & BRUCE
           302 N. San Jacinto
           Rockwall, TX 75087
           Telephone: (972) 771-3933
           Facsimile: (972) 771-8343

           *Attorneys for Plaintiff Charlene Carter*

**Certificate of Conference**

I hereby certify that I, Plaintiff Charlene Carter's counsel, Matthew B. Gilliam, emailed counsel for Defendant Southwest Airlines Co., Parker Rider-Longmaid and Shay Dvoretzky, and counsel for Defendant Transport Workers Union of America, Local 556, Adam Greenfield, on September 13, 2023, to discuss filing this motion to supplement the record on appeal. That same day, Mr. Rider-Longmaid responded, and said Southwest would aim to respond by the end of the week or early the next week.

On September 21, after receiving no response from Southwest or Local 556, I emailed the same counsel again. On September 22, 2023, Mr. Rider-Longmaid emailed me and responded that Southwest does not object to the Fifth Circuit record being the same as the district court record, but Southwest is not prepared to agree that the *ex parte* materials are "material" under Federal Rule of Appellate Procedure 10(e)(2)(B). Mr. Rider-Longmaid also communicated that Southwest would oppose any attempt to unseal *ex parte* materials or for Carter or her counsel to have access to *ex parte* materials. Mr. Rider-Longmaid also communicated that Southwest will not oppose Carter's motion if we note that Southwest's position is that Carter and her counsel do not have a right to access the *ex parte* documents.

While Mr. Greenfield did not respond to my emails requesting Local 556's position on this motion, this motion involves documents related only to the Contempt Order against Southwest (Doc. 467), and Southwest's appeal of that order (Doc. 470) in Fifth Circuit Case No. 23-10836.

/s/ Matthew B. Gilliam

## Certificate of Service

I hereby certify that on September 25, 2023, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew B. Gilliam