**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| CHARLENE CARTER, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:17-cv-2278-x |
| TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, and SOUTHWEST AIRLINES CO., | § § § § | |
| Defendants. | § § § | |

**RESPONSE TO THE POST-REMAND CALL FOR BRIEFING**

Southwest Airlines Co. ("Southwest") respectfully submits this brief in response to the Court's Post-Remand Call for Briefing (the "Order"). *See* ECF No. 503. The Order asks: "is Southwest willing to acknowledge its mistake, apologize, and explain concrete steps to ensure such a mistake does not happen again?" *Id*. at 3-4. Southwest breaks this question into two parts and separately answers each question with an unequivocal "yes."

1.       **Southwest acknowledges and apologizes for its failure to comply with the Court's injunction.** Southwest admits that its Email Notice should have stated the airline "may not" discriminate instead of "does not" discriminate. As Southwest has said before, and as its witnesses testified, "Southwest sincerely regrets not quoting verbatim the language used in the Court's judgment." ECF No. 412 at 4; *accord* 7/20/23 Hrg. Tr. at 458:11-13 (Sealed); 7/20/23 Hrg. Tr. at 473:23-474:9 (Sealed); 7/20/23 Hrg. Tr. at 499:19-500:23 (Sealed); 7/20/23 Hrg. Tr. at 515:17-516:20 (Sealed). Southwest also acknowledges that its use of "may not" discriminate did

not comply with the Court's injunction. *See Carter v. Local 556, Transp. Workers Union of Am.*, 156 F.4th 459, 503 (5th Cir. 2025).

Southwest appreciates the Court describing the failure to comply with the injunction as a "mistake." Order at 3-4. But even though it was a mistake, "Southwest admits it was wrong to issue a statement that could be construed to convey—albeit unintentionally—that" the Court ruled "Southwest had not discriminated against an employee because of her religious beliefs." ECF No. 412 at 2. Southwest therefore apologizes to the Court, Ms. Carter, and all involved for its failure to comply fully with the injunction by using the "may not" instead of the required "does not" language.

**2. Southwest has implemented "concrete steps to ensure such a mistake does not happen again." Order at 4.** Southwest has worked to correct its mistake in two ways.

*First*, Southwest has addressed the reason for the injunction—the failure to protect employees who engage in their sincerely held religious practices. Even before its appeal, "Southwest heard the Court's message" about the need for stronger religious protections "loud and clear." ECF No. 429 at 6. Shortly after the jury verdict, Southwest began implementing the lessons learned from Ms. Carter's claims to ensure a case like hers never arose again. *See, e.g.*, 7/20/23 Hrg. Tr. at 393-405 (Sealed). Southwest changed several of its policies to make "crystal clear" that its employees can "express [their] religious beliefs without fear of retaliation by Southwest" because the airline would "accommodate [their] religious beliefs." 5/20/23 Hrg. Tr. at 153:8-160:25. Since Ms. Carter, no employee has claimed that Southwest violated their right to engage in sincerely held religious practices, including those related to social media posts about abortion.

*Second*, Southwest's legal department will implement a new process to ensure faithful and complete compliance with an injunction. This new process addresses each step that led to Southwest's mistake in sending out the incorrect Email Notice.

Step #1: Southwest will ensure that proposed final drafts of all injunction-related materials are complete by no later than three business days before the injunction deadline.[1] Here, the Email Notice was revised on the day before it was sent out. Concerns about completing the Email Notice on time contributed to the failure to revise the document to "may not" instead of "does not." *See, e.g.*, Ex parte Maberry Decl. ¶¶ 24-28 (Sealed).

Step #2: Southwest will mandate that all in-house attorneys assigned to the case and its lead outside counsel meet ***in person*** to compare the injunction to the proposed final drafts to ensure that Southwest's materials fully comply with the injunction.

Because many of the drafts and comments to the proposed injunction were exchanged via email, some Southwest in-house attorneys did not know about its outside counsel's advice concerning the use of "may not" instead of "does not." *See, e.g.*, Southwest Ex parte Exs. 3 & 14 (Sealed). These senior Southwest lawyers weren't aware of outside counsel's advice because they were not copied on emails from him. If the Southwest attorneys had met in-person with their outside counsel, then they could have asked him if he had any changes to the Email Notice, rather than assuming he did not. *See, e.g.*, 7/20/23 Hrg. Tr. at 469:7-471:12 (Sealed); 7/20/23 Hrg. Tr. at 505:19-506:21 (Sealed); 7/20/23 Hrg. Tr. at 509:12-22 (Sealed).

Step #3: Southwest will only issue final versions of materials required by a court injunction if unanimously approved by its in-house attorneys and lead outside counsel. Should any dispute

---

[1] This step assumes the injunction provides more than three business days' notice to Southwest before the compliance deadline. If a shorter deadline is ordered, Southwest will prepare the materials as far in advance as possible.

arise between the attorneys about whether the materials comply with the injunction, Southwest shall retain an independent third party (whether another law firm or a retired judge) to decide the dispute. Southwest will follow the independent third party's direction on how to fully comply with the injunction.

3.        **Conclusion.** Southwest hopes this process is never invoked. As the Court knows, Ms. Carter's case was the first one where a jury found that Southwest had discriminated against one of its employees and the Court therefore ordered injunctive relief. *See, e.g.*, 7/20/23 Hrg. Tr. at 392:20-24 (Sealed). But Southwest takes its error seriously. It appreciates the opportunity to apologize for its mistake and to propose a process that will ensure it does not happen again.

This 24th day of March 2026.                    Respectfully submitted,

/s/ Andrew B. Ryan
Andrew B. Ryan
Texas Bar No. 24054464
**RYAN LAW PARTNERS LLP**
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
T: (214) 347-7377
F: (888) 594-6240
E: andy@ryanlawpartners.com

*Counsel for Defendant*
*Southwest Airlines Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, a true and correct copy of the foregoing document was served on counsel for all parties using the Court's PACER/ECF system.

/s/ Andrew B. Ryan
Andrew B. Ryan