UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLENE CARTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2278-X |
| | § | |
| TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556, and SOUTHWEST AIRLINES CO., | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**AMENDED PERMANENT INJUCTION**

A jury found that Southwest Airlines Co. ("Southwest") and the flight attendants' union, Transport Workers Union Local 556 ("Local 556"), discriminated against Charlene Carter for her protected speech about religion and unions. The Court issued a permanent injunction. The Fifth Circuit vacated the Court's previous injunction because it was overly broad and vague, remanding to this Court for additional proceedings.

The parties to this action do not dispute—and the Fifth Circuit did not upset the Court's conclusion—that an injunction is warranted. Moreover, "in the wake of a Title VII violation," it is well established that "injunctive relief is mandatory . . . absent clear and convincing proof of no reasonable probability of

further noncompliance with the law."[1] And Defendants have not attempted to carry "[t]he burden of negating that probability" of future noncompliance.[2]

Instead, Southwest seeks to limit the language to only prohibit adverse employment actions based on *previous* social media posts and wants to reserve the right to investigate future complaints about Carter. But Carter is entitled to an injunction "to prevent future violations"[3] of her rights, so long as the relief is "tailored to redress the plaintiff's particular injury."[4] Because this suit was about religiously motivated conduct and a fellow employee complaint is what started this dispute, Court's amended language protects Carter no more than necessary to "to vindicate [her] individual rights."[5]

So after considering the proposal of the parties, and hearing arguments on the matter, the Court hereby issues the following amended, narrowed injunction:

1. The Court **ENJOINS** Southwest from proactively searching for, relying on, or using Carter's religious statements, including those concerning abortion, posted on social media or otherwise in disciplining, discharging, or taking any other negative employment action against her.

---

[1] *EEOC v. Boh Bros. Const. Co., LLC*, 731 F.3d 444, 469–70 (5th Cir. 2013) (en banc) (cleaned up).

[2] *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953).

[3] *Id.*

[4] *Gill v. Whitford*, 585 U.S. 48, 73 (2018).

[5] *Id.* at 72.

2. The Court **ENJOINS** Local 556 from causing or attempting to cause Southwest to discipline, discharge, or take any other negative employment action against Carter for posting religious statements, including those concerning abortion, on social media or otherwise.
3. The Court **ENJOINS** Local 556 from causing or attempting to cause Southwest to discipline, discharge, or take any other negative employment action against Carter for posting statements about her resignation from or nonmembership in Local 556 or objecting to the forced payment for political and other nonchargeable union expenses on social media or otherwise.
4. The Court **ENJOINS** Local 556 from causing or attempting to cause Southwest to discipline, discharge, or take any other negative employment action against Carter because she resigned her membership in Local 556, is not a member of Local 556, or otherwise objects to the forced payment of political and other nonchargeable union expenses.

**IT IS SO ORDERED** this 21th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE